Mark Kleiman [SBN 115919]
KLEIMAN RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
Telephone: (310) 392-5455
Facsimile:  (310) 306-8491
mark@krlaw.us

Thomas B. Harvey [SBN 287198]
LAW OFFICES OF THOMAS B. HARVEY
365 E. Avenida de Los Arboles #226
Thousand Oaks, CA 91360
(805) 768-4440
tbhlegal@proton.me

Attorneys for Defendants
KEVIN HERMANSEN, BEHNAM GHARAGOZLI,
LAW OFFICES OF BEN GHARAGOZLI,
LAW OFFICE OF KEVIN P. HERMANSEN, P.C.,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHING LUNG LAU, HOI KAN LAU, SIU FAN TSANG, <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN HERMANSEN, BEHNAM GHARAGOZLI, CHRISTOPHER LOPEZ, CYNTHIA CARTER, LAW OFFICES OF BEN GHARAGOZLI, LAW OFFICE OF KEVIN P. HERMANSEN, P.C., <br><br> Defendants. | Case No.: 2:26-CV-00305-MWF-AGRx <br><br> Judge:  Hon. Michael W. Fitzgerald <br><br> **NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE (ANTI-SLAPP MOTION) AS TO PLAINTIFFS' FIRST AMENDED COMPLAINT** <br> **[Cal. Code of Civ. Proc. § 425.16]** <br><br> **(Filed concurrently with Motion to Dismiss and [Proposed] Order)** <br><br> Date:        June 24, 2026 <br> Time:        10:00 a.m. <br> Location:   Courtroom 5A (5th floor) <br><br> Original Action Filed: January 12, 2026 |

i

*NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE (ANTI-SLAPP MOTION) AS TO PLAINTIFFS' FIRST AMENDED COMPLAINT*

PLEASE TAKE NOTICE that on June 24, 2026 at 10:00 am before the Honorable Michael W. Fitzgerald in Courtroom 5A on the 5th Floor of the above-entitled Court, located at 350 W 1st Street, Suite 4311 Los Angeles, CA 90012-4565, Defendants, KEVIN HERMANSEN, BEHNAM GHARAGOZLI, LAW OFFICES OF BEN GHARAGOZLI, LAW OFFICE OF KEVIN P. HERMANSEN, P.C. ("Defendants") will and do bring a Special Motion to Strike Plaintiffs' state law claims against Defendants (specifically the Fifth Cause of Action for Breach of Contract and Sixth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing) in Plaintiffs' First Amended Complaint ("FAC") pursuant California's anti-SLAPP statute, California Code of Civil Procedure ("CCP") § 425.16.

This motion is made upon the following grounds:

First, Plaintiffs' California claims arise from protected litigation activity. Specifically, per the FAC's own admission, all of the alleged conduct arose from litigation conduct in three separate unlawful detainer actions [The sole exception is the ongoing unlawful detainer action (Los Angeles Superior Court Case Number 26PDUD00798) which has not yet been adjudicated.]. In each of those actions, Plaintiffs were unsuccessful in evicting the tenants (Defendants Cynthia Carter and Christopher Lopez) and were held liable for Court ordered attorneys' fees under California's prevailing party theory (California Civil Code § 1717) as provided by the

ii

parties' lease agreement.

Second, Plaintiffs cannot satisfy their burden of showing a probability of prevailing on any of the California causes of action, CCP § 425.16(b)(1), because their claims are barred by the litigation privilege.

This motion is made following a conference between Defendants' counsel and Plaintiffs pursuant to L.R. 7-3 on May 22, 2026 at 10:30 AM.

This Motion is based upon the Memorandum of Points and Authorities included herein, the existing record in this matter, and any such additional authority and argument as may be requested in Defendants' reply and at the hearing on this Motion.

DATE:  May 26, 2026

**LAW OFFICES OF THOMAS HARVEY**

By:  _____
THOMAS B. HARVEY

**KLEIMAN / RAJARAM**

By:  _____/s/ Mark Kleiman_____

MARK KLEIMAN

Attorneys for Defendants
KEVIN HERMANSEN, BEHNAM
GHARAGOZLI, LAW OFFICES OF
BEN GHARAGOZLI, LAW OFFICE OF
KEVIN P. HERMANSEN, P.C.

iii

# TABLE OF CONTENTS

A.  Statement of Issues to be Decided ……………………………………..    1

B.  Memorandum of Points and Authorities

   I.  Introduction …………………………………………………..    2

  II.  Succinct Statement of Relevant Facts ……………………………..    2

 III.  Argument …………………………………………………………..    2

     A. Defendants Engaged in Protected Activity ……………………    6

     B. Plaintiffs Are Not Likely to Prevail …...………………………    9

       1.  Plaintiffs Fifth and Sixth Causes of Action are Both Barred by the Litigation Privilege …………………………………..    10

       2.  Plaintiffs Fifth and Sixth Causes of Action are Both Barred by the Rooker-Feldman Doctrine and Issue Preclusion…….    12

         a. Plaintiffs are Pro Se Litigants and Cannot Recover Attorney's Fees ……………………………………….    12

       3.   Fifth and Sixth Causes of Action: Breach of Contract and Implied Covenant of Good Faith and Fair Dealing Fail Independently …………………………………………    13

         a. Step One: The Contract Claims Arise from Protected Activity ………………………………………………    13

         b. Step Two: Plaintiffs Cannot Establish a Probability of Prevailing …………………………………………….    14

          i. There is No Actionable Breach of Contract …..…….    14

          ii. The Litigation Privilege Bars Contract Claims Based on Litigation Conduct………………………………..    17

          iii. The Implied Covenant Claim Fails because it Duplicates the Contract Claim …………………….    16

 IV.  Conclusion ………………………………………………………...    16

# TABLE OF AUTHORITIES

**Cases**

*Serra v. Lappin*, 600 F. 3d 1191, 1200 (9th Cir. 2010) ……………….   2

*Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009)…………………   2

*Wilcox v. Superior Court* (1994) 27 Cal.App.4th, 809 …………………   2

*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th ………...   2

*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal. App. 4th ……………………………….........   6

*Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016) …………………..   3,4

*Manufactured Home Communities, Inc. v. County of San Diego*, 655 F.3d 1171 (9th Cir. 2011) …………………………………………………   3

*City of Montebello v. Vasquez*, 1 Cal. 5th 409, 421 (2016) …………….   3

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 970-73 (9th Cir. 1999) …………………………………………...   3

*Dean v. Kaiser Found. Health Plan, Inc.,* 562 F. Supp. 3d 928, 934 (C.D. Cal. 2022) …………………………………………………………..   4

*In re Bah*, 321 B.R. 41 (9th Cir. 2005) …………………………………..   4

*Hilton v. Hallmark Cards*, 599 F.3d 894, 905–07 (9th Cir. 2010) ………   4

*Mogan v. Sacks, Ricketts & Case, LLP*, 2022 U.S. Dist. LEXIS 4592, at *29 (N.D. Cal. Jan. 10, 2022) ……………………………………………   4

*Okorie v. L.A. Unified Sch. Dist.*, 14 Cal. App. 5th 574, 590 (2017) …..   4

*Bonni v. St. Joseph Health Sys.,* 11 Cal.5th 995, 1010-11 (2021) ………   4

*Doe v. Gangland Prods.,* 730 F.3d 946, 954 (9th Cir. 2013) ……………   4

*City of L.A. v. Animal Def. League*, 135 Cal. App. 4th 606, 621 (Cal. 2006) …………………………………………………………………..   5

*Gunn v. Drage*, 65 F.4th 1109, 1118 (9th Cir. 2023) ……………………   5

*Navellier v. Sletten*, 29 Cal. 4th 82, 88-89 (Cal. 2002) …………………..   5

*Med. Marijuana, Inc. v. ProjectCBD.com*, 46 Cal. App. 5th 869, 889 (2020) ………………………………………………………………… 5

*Martin Baker Aircraft Co. v. Teledyne Risi, Inc*, 2020 U.S. Dist. LEXIS 186262 ………………………………………………………………... 5

*Premier Med. Mgmt. Sys. v. Cal. Ins. Guar. Ass'n,* 136 Cal. App. 4th 464, 476 (2006) …………………………………………………. 5

*Simpson Strong-Tie Co. v. Gore*, 49 Cal. 4th 12, 21 (2010) …………… 5

*Hylton v. Frank E. Rogozienski, Inc.* (2009) 177 Cal.App.4th ………….. 6

*Thomas v. Quintero* (2005) 126 Cal.App.4th ……………………………. 9

*City of Cotati v. Cashman*, 29 Cal. 4th 69, 76 (2002) …………………… 6

*Suarez v. Trigg Laboratories*, 3 Cal.App.5th 118, 124-125 (Cal. 2016) ... 7

*Weeden v. Hoffman*, 70 Cal.App.5th 269 (Cal. 2021) ………………….. 7

*Thayer v. Kabateck Brown Kellner LLP*, 207 Cal.App.4th 141, 154 (Cal. 2012) ……………………………………………………………. 8,9

*Rubin v. Green*, 4 Cal.4th 1187, 1194–1195 (Cal. 1993) ……………… 8

*PrediWave Corp v. Simpson, Thacher & Bartlett LLP*, 179 Cal.App.4th 1204 (Cal. 2009) …………………………………………………… 8

*Briggs v. Eden Council for Hope & Opportunity* 19 Cal.4th 1106, 1115 (Cal. 1999) ………………………………………………………. 9,10

*Digerati Holdings, LLC v. Young Money Entm't, LLC,* 194 Cal. App. 4th 873, 889 (Cal. 2011) ………………………………………………… 10

*Action Apartment Assn., Inc. v. City of Santa Monica,* 41 Cal. 4th 1232, 1241 (Cal. 2007) …………………………………………………… 10

*O'Keefe v. Kompa,* 84 Cal. App. 4th 130 (2000) ………………………. 10

*Brown v. Kennard,* 94 Cal. App. 4th 40 (2001) ………………………… 10

*Rusheen v. Cohen,* 37 Cal. 4th 1048, 1064 (Cal. 2006)…………………. 10

*RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co., Inc.,* 56 Cal.App.5th 413 (Cal. 2020) ……………………………………………………….. 10

*Graham-Sult v. Clainos* 756 F.3d 724 (9th Cir. 2014) ………………….. 11

*Martinez v. Metabolife Int'l, Inc.*, 113 Cal. App. 4th 181, 187 (Cal. 2003)

…………………………………………………………………….. 13

*McNair v. City and County of San Francisco*, 5 Cal. App. 5th 1154, 1169

(2016)………………………………………………………….. 15

*Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th

1171, 1178 (2008) ………………………………………………. 15

*Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 349–350 (Cal. 2000)…… 16

*Carma Developers (Cal.), Inc. v. Marathon Development California,*

*Inc.*, 2 Cal.4th 342, 373 (Cal. 1992)…………………………….. 16

*Racine & Laramie, Ltd. v. Department of Parks & Recreation*, 11 Cal.

App. 4th 1026, 1032 (Cal. 1992) ………………………………... 16

**Statutes and Other Authorities**

California Code of Civil Procedure ("CCP") § 425.16 ………………….. 7

California Civil Code § 1717 ................................................................... 2

CCP § 425.16(b)(1) ................................................................................ 3,4

5,9

CCP § 425.16(a) ..................................................................................... 3

CCP § 425.16(e) ..................................................................................... 4,6,14,17

CCP § 425.16(c) .................................................................................... 2,17

CCP § 425.16(c)(1) .............................................................................. 6

CCP § 425.16(e)(2) .......................................................................... 7,16

Civil Code § 47(b) ................................................................................. 9,15,17

California Civil Code § 47 ……………………………………………… 10

18 U.S. Code § 1343 .…………………………………………………... 14

California State Bar Rule 4.1 .………………………………………….. 14

CACI 303 ……………………………………………………….. 16

CACI 325 ……………………………………………………….. 16

*STATEMENT OF ISSUES TO BE DECIDED*

1.    Whether California causes of action filed by landlords against their tenants' lawyers complaining about litigation activity in three underlying unlawful detainer actions should be stricken pursuant to California's anti-SLAPP statute.

*MEMORANDUM OF POINTS AND AUTHORITIES*

## I)    INTRODUCTION

The original Complaint was a textbook SLAPP suit.  The FAC is no different. Plaintiffs—a group of landlords—filed three separate unlawful detainer actions against their tenants, lost all three, and were ordered to pay the tenants' attorney's fees each time.  Rather than accept those outcomes or pursue appellate relief, Plaintiffs filed this federal lawsuit targeting the tenants' attorneys, demanding $28 million in damages for the unforgivable act of successfully defending their clients.

At its core, the FAC makes one and only one argument: Plaintiffs lost three times to Defendants in California state court.  Plaintiffs label litigation conduct "wire fraud," "misrepresentations," and "Federal Crimes" none of which hides the unavoidable truth that the alleged misconduct is litigation conduct, the alleged perpetrators are litigation counsel, and the alleged injuries are litigation outcomes.

Plaintiffs' lawsuit suffers from an incurable defect: everything they accuse Defendants of doing is protected litigation activity because it is all conduct that occurred during the scope of litigation.  The anti-SLAPP statute exists precisely for cases like this, where disgruntled litigants attempt to weaponize the courts against opposing counsel who did their job.  No amendment can cure the fact that Plaintiffs

1

cannot sue attorneys for winning cases. Defendants respectfully request that this Court grant this motion, strike Plaintiffs' state-law claims with prejudice, and award mandatory attorney's fees under CCP § 425.16(c). See *Serra v. Lappin*, 600 F. 3d 1191, 1200 (9th Cir. 2010); *Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009).

## II)    SUCCINCT STATEMENT OF THE RELEVANT FACTS

Plaintiffs are landlords who filed three separate unlawful detainer actions against Defendants Christopher Lopez and Cynthia Carter, who rented from Plaintiffs. Plaintiffs lost all three actions.  A fourth unlawful detainer action (Los Angeles Superior Court Case No. 26PDUD00798) is currently pending and has not been adjudicated.  On each occasion, the trial court ordered Plaintiffs to pay the tenants' attorney's fees under California Civil Code § 1717's prevailing party provision because the lease itself provided for fee-shifting. Plaintiffs sued their tenants and their counsel claiming that Defendants' conduct in those underlying lawsuits was wrongful.

## III)   ARGUMENT

SLAPP suits aim to prevent "citizens from exercising their political rights or punishing those who have done so." *Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, [citing Canan & Pring, Strategic Lawsuits Against Public Participation (1988) 35 Social Problems 506.] [disapproved on other grounds in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53]

California's anti-SLAPP law requires a Court to strike a petition that chills free speech unless there is a probability that the plaintiff will prevail on the claim: "[a] cause of action against a person arising from any act of that person in furtherance of the

2

person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  CCP § 425.16(b)(1).

California's anti-SLAPP statute provides for a "special motion to strike" in any "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue . . . ." CCP. § 425.16(b)(1). The law is designed to "discourage suits that masquerade as ordinary lawsuits but are brought to deter common citizens from exercising their political or legal rights or to punish them for doing so." *Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016) (cleaned up). As the Legislature decreed, the statute must "be construed broadly" to protect public participation from being chilled by lawsuits. CCP § 425.16(a); *Manufactured Home Communities, Inc. v. County of San Diego*, 655 F.3d 1171 (9th Cir. 2011); *City of Montebello v. Vasquez*, 1 Cal. 5th 409, 421 (2016) ("[T]he anti-SLAPP statute is to be 'construed broadly' so as to 'encourage continued participation in matters of public significance…'").

An anti-SLAPP motion may be made in Federal Court to eliminate a plaintiff's state law claims.  *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.,* 190

3

F.3d 963, 970-73 (9th Cir. 1999).[1]  In the Ninth Circuit, the anti-SLAPP statute applies in pendent jurisdiction cases. E.g. *Dean v. Kaiser Found. Health Plan, Inc.*, 562 F. Supp. 3d 928, 934 (C.D. Cal. 2022); *In re Bah*, 321 B.R. 41 (9th Cir. 2005). Courts in the Ninth Circuit must apply the substantive aspects of the anti-SLAPP statute as the California Supreme Court and appellate courts have applied them. *Hilton v. Hallmark Cards*, 599 F.3d 894, 905–07 (9th Cir. 2010).

The anti-SLAPP analysis proceeds in two steps. Under CCP § 425.16(b)(1), a defendant has the initial burden of showing that the challenged causes of action arise from acts in furtherance of their right of petition or free speech in connection with a public issue, as defined in CCP § 425.16(e). The defendant's burden on the first prong is "not an onerous one." *Mogan v. Sacks, Ricketts & Case, LLP,* 2022 U.S. Dist. LEXIS 4592, at *29 (N.D. Cal. Jan. 10, 2022); *Okorie v. L.A. Unified Sch. Dist.*, 14 Cal. App. 5th 574, 590 (2017) (disapproved of on other grounds in *Bonni v. St. Joseph Health Sys.*, 11 Cal.5th 995, 1010-11 (2021)). The defendant "need only make a prima facie showing that plaintiff's claims arise from defendant's constitutionally protected free speech or petition rights," and does not need to "establish [his or] her actions are constitutionally protected under the First Amendment as a matter of law." *Okorie*, 14 Cal. App. 5th at 590; see also *Doe v. Gangland Prods.*, 730 F.3d 946, 954 (9th Cir. 2013). The "court must generally presume the validity of the claimed constitutional

---

[1] Some procedures are, however, different in federal court. For example, defendants may file anti-SLAPP motions more than 60 days after being served. *Sarver v. Chartier,* 813 F. 3d 891, 900 (9th Cir. 2016).

right in the first step of the anti-SLAPP analysis, and then permit the parties to address the issue in the second step of the analysis, if necessary." *Greater L.A. Ag. on Deafness, Inc. v. CNN, Inc.*, 742 F.3d 414, 422 (9th Cir. 2014) (quoting *City of L.A. v. Animal Def. League*, 135 Cal. App. 4th 606, 621 (Cal. 2006)).

The moving party need not establish that the action was *intended* to chill the exercise of constitutional speech. *Equilon Enterprises*, 29 Cal.4th at 57.

Once a defendant has made their showing, the burden shifts to the plaintiff to establish "that there is a probability that the plaintiff will prevail on the claim." CCP § 425.16(b)(1). This prong is satisfied if the plaintiffs have not shown the complaint to be legally sufficient in every material respect, including those not affirmatively challenged by defendants in an anti-SLAPP motion.[2] *Gunn v. Drage*, 65 F.4th 1109, 1118 (9th Cir. 2023); *Navellier v. Sletten*, 29 Cal. 4th 82, 88-89 (Cal. 2002); *Dean*, 562 F. Supp. 3d at 933 The operative complaint "provides the outer boundaries of the issues that are to be addressed in an anti-SLAPP motion," *Med. Marijuana, Inc. v. ProjectCBD.com*, 46 Cal. App. 5th 869, 889 (2020), and the court "must take the complaint as it is." *Martin Baker Aircraft Co. v. Teledyne Risi, Inc*, 2020 U.S. Dist. LEXIS 186262, at *23 (quoting *Premier Med. Mgmt. Sys. v. Cal. Ins. Guar. Ass'n,* 136 Cal. App. 4th 464, 476 (2006)).

---

[2] This is the appropriate standard to apply to this Motion because it challenges only the legal sufficiency of the Complaint. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018).

If plaintiffs fail to carry their burden, the motion to strike must be granted and the challenged cause(s) of action "shall be stricken." *Simpson Strong-Tie Co. v. Gore*, 49 Cal. 4th 12, 21 (2010). A party prevailing on an anti-SLAPP motion is entitled to attorney's fees and costs. CCP § 425.16(c)(1); *Khai v. Cty. of L.A.*, 730 F. App'x 408, 411 (9th Cir. 2018).

Here, Plaintiff's lawsuit arises from protected activity and has no probability of prevailing.

## A. DEFENDANTS ENGAGED IN PROTECTED ACTIVITY

The anti-SLAPP statute specifically protects four categories of activity that constitute "acts in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" CCP. § 425.16(e). It is well settled that "a matter of public interest should be something of concern to a substantial number of people." *Thomas v. Quintero* (2005) 126 Cal.App.4th 635, 658.

Importantly, to the extent that there is a mix of personal and broader community interests at stake, the first prong is met. *Id.* at 661; see also *Huntingdon Life Sciences, Inc.*, 129 Cal. App. 4th at 1245 ("where a cause of action alleges both protected and unprotected activity, the cause of action will be subject to" anti-SLAPP protections).

Protected activity includes the following:

(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law,

6

(2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law,"). CCP § 425.16(e)(1) & (2)

A defendant can make use of anti-SLAPP protections so long as they demonstrate conduct within any one of the four categories. *City of Cotati v.Cashman*, 29 Cal. 4th 69, 76 (Cal. 2002).

The anti-SLAPP statute's protection for litigation-related speech is quite formidable, applying "even against allegations of fraudulent promises made during the settlement process." *Suarez v. Trigg Laboratories*, 3 Cal.App.5th 118, 124-125 (Cal. 2016) (In negotiations to settle a consultant's claim against a customer for the value of consultant's efforts to prepare customer's business for sale, customer's alleged active concealment and nondisclosure of an anticipated letter of intent to buy customer's business was protected litigation activity per the anti-SLAPP statute because the purpose of the alleged concealment was to prevent the consultant from obtaining a more favorable settlement.) It also extends to conduct relating to such litigation, including statements made in connection with or in preparation of litigation. *Weeden v. Hoffman*, 70 Cal.App.5th 269 (Cal. 2021)

Here, all of Plaintiffs' allegations against Defendants concern conduct during the course of litigation as stated above in more detail.

"Numerous cases have held that the SLAPP statute protects lawyers sued for litigation-related speech and activity." Put otherwise, legal advice and settlement made in connection with litigation are within section 425.16, and may protect defendant

7

attorneys from suits brought by third parties on any legal theory or cause of action 'arising from' those protected activities." *Thayer v. Kabateck Brown Kellner LLP*, 207 Cal.App.4th 141, 154 (Cal. 2012) (internal citations omitted).  The *Thayer* decision also cites to *Rubin v. Green*, 4 Cal.4th 1187, 1194–1195 (Cal. 1993) [pursuing litigation and settling a client's claims are acts in furtherance of protected activity]. *Thayer*, 207 Cal.App.4th at 154.

In determining the applicability of the anti-SLAPP statute, courts use a three-part test drawing a distinction between:

"(1) clients' causes of action against attorneys based upon the attorneys' acts on behalf of those clients, (2) clients' causes of action against attorneys based upon statements or conduct solely on behalf of different clients, and (3) nonclients' causes of action against attorneys. In the first class, the alleged speech and petitioning activity was carried out by attorneys on behalf of the plaintiffs in the lawsuits now being attacked as SLAPP's, although the attorneys may have allegedly acted incompetently or in violation of the Professional Rules of Conduct.  In other words, only the 'first class' of claims—those brought by former clients against their former attorneys based on the attorneys' acts on behalf of those clients—may not be within the ambit of SLAPP.  The other kinds of actions—"(2) clients' causes of action against attorneys based upon statements or conduct solely on behalf of different clients, and (3) nonclients' causes of action against attorneys—are."

8

*Id*. at 158 [citing *PrediWave Corp v. Simpson, Thacher & Bartlett LLP*, 179 Cal.App.4th 1204 (Cal. 2009)] (internal quotation marks omitted)

Here, Plaintiffs' California causes of action fall squarely within the third category discussed in the preceding paragraph. Plaintiffs are, by their own admission, a non-client filing a lawsuit against attorneys. Accordingly, Defendants have established the first prong per *Thayer* and *PrediWaive*. Plaintiffs' lawsuit necessarily attacks Defendants' litigation conduct in three underlying unlawful detainer actions. That Plaintiffs disagree with the outcomes, or with Defendants' strategies, does not change the equation. Plaintiffs' characterizations of the litigation conduct as criminal or unlawful lack any factual or legal reasoning.

Therefore, Defendants have established the first element of a successful anti-SLAPP motion.  The burden now shifts to Plaintiffs to demonstrate a probability of prevailing on each challenged cause of action.  As shown below, they cannot carry that burden.

### B. <u>PLAINTIFFS ARE NOT LIKELY TO PREVAIL</u>

If the moving party in an anti-SLAPP motion satisfies the first prong of the anti-SLAPP statute, "the burden shifts to the plaintiff to demonstrate there is a reasonable probability of prevailing on the merits at trial." *Hylton*, 177 Cal.App.4th at 1271; [citing CCP § 425.16(b)(1)].

Plaintiffs are not likely to prevail on any of their causes of action against Defendants. Plaintiffs fail to overcome the litigation privilege of Civil Code § 47(b), which is entitled to the benefits of the anti-SLAPP statute. *Briggs v. Eden Council for*

9

*Hope & Opportunity* 19 Cal.4th 1106, 1115 (Cal. 1999). Importantly, the California Supreme Court in *Briggs* held that the anti-SLAPP statute does not require a moving defendant to establish that its protected statements or writings were made on their own behalf rather than on behalf of its clients or the general public. *Id.* at 1116.

## 1. *PLAINTIFFS' FIFTH AND SIXTH CAUSES OF ACTION ARE BOTH BARRED BY THE LITIGATION PRIVILEGE*

California Civil Code § 47 provides, in relevant part, as follows: "A privileged publication or broadcast is one made . . . (b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure . . . "

As the Second District explained in *Digerati Holdings, LLC v. Young Money Entm't, LLC*, 194 Cal. App. 4th 873, 889 (Cal. 2011), the litigation privilege "is absolute and applies regardless of malice" [citing *Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1241 (Cal. 2007).]

The litigation privilege has also protected an attempt to collect awards of attorney's fees, *O'Keefe v. Kompa*, 84 Cal. App. 4th 130 (Cal. 2000), the levy of exempt property that was based on even an invalid judgment, *Brown v. Kennard*, 94 Cal. App. 4th 40 (Cal. 2001), and even a false proof of service, *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1064 (Cal. 2006).

The litigation privilege is considered in the second prong where the burden has shifted to the plaintiff. *RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co., Inc.*, 56 Cal.App.5th 413 (Cal. 2020) California's litigation privilege is absolute. It immunizes defendants from virtually any tort liability with the sole exception of causes of action for malicious prosecution, applying to any communication: (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve objects of litigation; and (4) that has some connection or logical relation to the action. *Id*. at 435.

The privilege may be raised in an anti-SLAPP motion. *Graham-Sult v. Clainos* 756 F.3d 724 (9th Cir. 2014) (California's litigation privilege defeated a son's tort claims against executor of father's estate where executor's statements were made in judicial proceeding to achieve distribution of estate's assets.)

Plaintiffs have not and cannot sue for malicious prosecution because they did not prevail as a defendant in any of the three underlying unlawful detainer actions. All of the allegations of misconduct that Plaintiffs make in their FAC were communications: (1) made in judicial proceedings (three unlawful detainer actions that they filed and lost); (2) by litigants and their counsel (specifically the tenants and their attorneys); (3) to achieve objects of litigation (to defeat Plaintiffs' three unlawful detainer actions[3]); (4) all had some connection or logical relation to the action. Accordingly, the litigation

---

[3] Indeed, that is what Defendants were hired to do as the tenants' lawyers in the underlying unlawful detainer actions.

privilege applies to bar Plaintiffs' fifth and sixth causes of action per the anti-SLAPP statute.

### 2. PLAINTIFFS' FIFTH AND SIXTH CAUSES OF ACTION ARE BOTH BARRED BY THE ROOKER-FELDMAN DOCTRINE AND ISSUE PRECLUSION.

More problematic for Plaintiffs is that their lawsuit essentially demands that a Federal Court review a California court judgment.  This is expressly not permitted pursuant to the Rooker-Feldman doctrine.  *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008)  Plaintiffs should not be permitted to relitigate in a Federal Court the California causes of action that have already been adjudicated in California Court.

"Issue preclusion prohibits the relitigation of issues argued and decided in a previous case." *Brubaker v. Strum*, 73 Cal.App.5th 525, 537 (Cal. 2021). The party asserting issue preclusion has the burden of establishing that the requirements apply. *Howard Jarvis Taxpayers Assn. v. Weber*, 67 Cal.App.5th 488, 499 (Cal. 2021). To establish issue preclusion requires the following: (1) that there was a final adjudication in the previous case of an identical issue that was actually litigated and necessarily decided in the first suit; (2) "and asserted against one who was a party in the first suit or one in privity with that party." *DKN Holdings LLC v. Faerber*, 61 Cal.4th 813, 824 (Cal. 2015) (internal citations omitted). Whether the doctrine applies is a question of law. *Thee Aguila, Inc. v. Century law Group, LLP*,  37 Cal.App.5th 22, 28 (Cal. 2019).

Here, all elements of issue preclusion are satisfied. There was a final adjudication in the prior three unlawful detainer actions against Plaintiffs, Hoi Kan Lau and Siu Fan Tsang (in the first unlawful detainer action-Los Angeles Superior Court Case Number 23PDUD01863) Hoi Kan Lau (in the second unlawful detainer action-Los Angeles Superior Court Case Number 24PDUD01782); and Siu Fan Tsang (in the third unlawful detainer action-Los Angeles Superior Court Case Number 24PDUD04392).  Plaintiff, Shing Lau is currently prosecuting the fourth unlawful detainer action (Los Angeles Superior Court Case Number 26PDUD00798).  All four unlawful detainer actions involve possession of the same premises (9705 Ardendale Avenue, Arcadia, CA 91007, Los Angeles County).  In all three of the actions where there was a final adjudication, the final adjudication was in favor of Defendants.

### 3.     FIFTH AND SIXTH CAUSES OF ACTION: BREACH OF CONTRACT AND IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiffs assert "Breach of Contract" as their Fifth Cause of Action and "Breach of Implied Covenant of Good Faith and Fair Dealing" as their Sixth Cause of Action.  Both claims fail on the merits for multiple independent reasons.

### a.  Step One: The Contract Claims Arise From Protected Activity

A cause of action falls within the anti-SLAPP statute if the injury-producing conduct arises from protected activity. *Martinez v. Metabolife Int'l, Inc.*, 113 Cal. App. 4th 181, 187 (Cal. 2003). Here, Plaintiffs explicitly base their contract claims on the allegation that Defendants "made multiple fraudulent misrepresentations and

13

violated numerous laws, rules and statutes in the course of the plaintiffs trying to enforce the contract." Specifically, the FAC alleges the breach occurred because Defendants violated laws such as 18 U.S. Code § 1343 Wire Fraud and California State Bar Rule 4.1 through their litigation conduct.

Because the alleged "breach" consists entirely of the Defendants' legal arguments, filings, and conduct within the underlying unlawful detainer litigation, these claims arise directly from acts in furtherance of the right of petition. CCP § 425.16(e).

### b. Step Two: Plaintiffs Cannot Establish a Probability of Prevailing

Plaintiffs cannot demonstrate a probability of success on either contract claim for two primary reasons: the litigation privilege bars them, and there is no underlying breach.

### i. There Is No Actionable Breach of Contract.

To state a claim for breach of contract, a plaintiff must plead the existence of a contract, plaintiff's performance, defendant's breach, and damages. *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008).

Plaintiffs rely on "Provision #17" of a contract, which ostensibly requires tenants to "comply with all laws." (FAC, ¶ 250)  Plaintiffs interpret this standard lease provision to mean that any procedural error or aggressive legal argument made by the tenants' attorneys during an eviction defense constitutes a "breach of contract."  This interpretation is legally untenable.

First, the Attorney Defendants (Hermansen and Gharagozli) are not parties to the lease agreement and cannot be liable for its breach; only the Tenant Defendants were parties to the contract. *Tri-Continent Internat. Corp. v. Paris Savings & Loan Assn.*, 12 Cal.App.4th 1354, 1359 (Cal. 1993) ("cannot assert a claim for breach of contract against one who is not a party to the contract.") Second, standard lease provisions regarding compliance with laws refer to the *use of the premises* (e.g., not violating zoning codes), not the litigation tactics employed by counsel in a subsequent eviction suit.  Third, losing a motion or making an unsuccessful legal argument is not a violation of law; it is the nature of litigation.

### ii.    **The Litigation Privilege Bars Contract Claims Based on Litigation Conduct.**

The litigation privilege (Cal. Civ. Code § 47(b)) is absolute and applies to all torts other than malicious prosecution. It also bars breach of contract claims where the alleged breach turns on communicative conduct in a judicial proceeding. *See McNair v. City and County of San Francisco*, 5 Cal. App. 5th 1154, 1169 (2016).

Here, Plaintiffs allege the contract was breached because Defendants failed to "comply with all laws" while litigating against them. However, the specific "unlawful" acts alleged—filing motions, making arguments about service, and examining witnesses—are communicative acts protected by the privilege. Plaintiffs cannot circumvent the privilege by relabeling these protected litigation tactics as contract breaches.

15

iii.     **The Implied Covenant Claim Fails Because It Duplicates the Contract Claim.**

While the implied covenant is inherent in every contract, it cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement. *Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 349–350 (Cal. 2000); *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal.4th 342, 373 (Cal. 1992).  A claim for breach of the implied covenant of good faith and fair dealing cannot be used to create obligations not contemplated by the instrument. *Racine & Laramie, Ltd. v. Department of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (Cal. 1992).

Plaintiffs allege the Defendants breached the implied covenant through the exact same "fraudulent actions and misrepresentations" alleged in the breach of contract claim. Because this claim relies on the same protected litigation activity and seeks to impose the same liability as the defective contract claim, it fails for the same reasons: it is barred by the litigation privilege and fails to state a claim against non-parties to the contract.

In addition to being barred by the litigation privilege, this cause of action must fail because there is no contract between Plaintiffs and Attorney Defendants.  This is necessarily fatal for the fifth and sixth causes of action. CACI 303 & CACI 325.

**IV)     CONCLUSION**

Plaintiffs' FAC challenges Defendants' litigation conduct in three underlying unlawful detainer actions that Plaintiffs lost (as well as now a fourth

16

unlawful detainer action that has not yet been adjudicated). Therefore, it is necessarily protected activity per CCP § 425.16(e)(1) & (2).  Plaintiffs cannot carry their burden of demonstrating a probability of prevailing because: (1) every claim is barred by the absolute litigation privilege of Civil Code § 47(b); (2) the contract claims fail because no contract exists between Plaintiffs and the Attorney Defendants.  No amendment can cure these defects because at its core,  Plaintiffs are suing lawyers for doing their job.  Indeed, the FAC's new allegations (many of which further support Defendants' defenses) prove that further amendment would be futile as the underlying defects are not curable.

Accordingly, Defendants respectfully request that the Court strike Plaintiffs' California claims with prejudice, deny leave to amend, and award Defendants their mandatory attorneys' fees and costs under CCP § 425.16(c).

DATE:  May 26, 2026

**KLEIMAN / RAJARAM**

By: _____ /s/ Mark Kleiman _____
       MARK KLEIMAN

**LAW OFFICES OF THOMAS HARVEY**

By: _____
       THOMAS B. HARVEY
       Attorneys for Defendants
       KEVIN HERMANSEN, BEHNAM
       GHARAGOZLI, LAW OFFICES OF
       BEN GHARAGOZLI, LAW OFFICE OF
       KEVIN P. HERMANSEN, P.C.

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, KEVIN HERMANSEN, BEHNAM GHARAGOZLI, LAW OFFICES OF BEN GHARAGOZLI, LAW OFFICE OF KEVIN P. HERMANSEN, P.C., certifies that this brief contains 4,130 words, which complies with the word limit of L.R. 11-6.1.

DATE:  May 26, 2026               **KLEIMAN / RAJARAM**

By: _____/s/ Mark Kleiman_____
           MARK KLEIMAN

**LAW OFFICES OF THOMAS HARVEY**

By: _____
           THOMAS B. HARVEY
           Attorneys for Defendants
           KEVIN HERMANSEN, BEHNAM
           GHARAGOZLI, LAW OFFICES OF
           BEN GHARAGOZLI, LAW OFFICE OF
           KEVIN P. HERMANSEN, P.C.

# DECLARATION REGARDING L.R. 7-3 COMPLIANCE

The undersigned, counsel of record for Defendants, KEVIN HERMANSEN, BEHNAM GHARAGOZLI, LAW OFFICES OF BEN GHARAGOZLI, LAW OFFICE OF KEVIN P. HERMANSEN, P.C., pursuant to L.R. 7-3, declares under penalty of perjury that before bringing the present motion, there was a conference that took place with Plaintiff Shing Lau on May 22, 2026.  Plaintiff's position was that he would seek leave from the Court to amend.  Defendants' position was that leave to amend would be futile.

DATE:  May 26, 2026                    **KLEIMAN / RAJARAM**

By: ___/s/ Mark Kleiman_____
       MARK KLEIMAN

**LAW OFFICES OF THOMAS HARVEY**

By: _____
       THOMAS B. HARVEY
       Attorneys for Defendants
       KEVIN HERMANSEN, BEHNAM
       GHARAGOZLI, LAW OFFICES OF
       BEN GHARAGOZLI, LAW OFFICE OF
       KEVIN P. HERMANSEN, P.C.

19