Mark Kleiman [SBN 115919]
KLEIMAN RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
Telephone: (310) 392-5455
Facsimile:  (310) 306-8491
mark@krlaw.us

Thomas B. Harvey [SBN 287198]
LAW OFFICES OF THOMAS B. HARVEY
365 E. Avenida de Los Arboles #226
Thousand Oaks, CA 91360
(805) 768-4440
tbhlegal@proton.me

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHING LUNG LAU, SHING LUNG LAU, HOI KAN LAU, SIU FAN TSANG, | Case No: 2:26-CV-00305-MWF-CTSx |
| | Judge:  Hon. Michael W. Fitzgerald |
| Plaintiffs, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FAC** |
| v. | |
| KEVIN HERMANSEN, BEHNAM GHARAGOZLI, CHRISTOPHER LOPEZ, CYNTHIA CARTER, LAW OFFICES OF BEN GHARAGOZLI, LAW OFFICE OF KEVIN P. HERMANSEN, P.C., | Date:           June 24, 2026 |
| | Time:           10:00 a.m. |
| | Location:     Courtroom 5A (5th floor) |
| Defendants. | Original Action Filed: January 12, 2026 |
| | First Amended Complaint: April 24, 2026 |

1

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FAC

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES..........................................................................................3

I.      INTRODUCTION .............................................................................................6

II.     THE NOERR-PENNINGTON DOCTRINE BARS
        PLAINTIFFS' CLAIMS.................................................................................6

III.    PLAINTIFFS FAIL TO ALLEGE A PATTERN OF
        RACKETEERING ACTIVITY....................................................................7

IV.     PLAINTIFFS FAIL TO STATE A CLAIM FOR WIRE FRAUD ............8

V.      THE MONEY LAUNDERING PREDICATES FAIL ...............................9

VI.     PLAINTIFFS LACK STANDING: NO PROXIMATE CAUSE................10

VII.    RICO CONSPIRACY CLAIM FAILS DERIVATIVELY ........................11

VIII.   § 1985 CLAIMS FAIL AND ARE NOT CURABLE..................................11

IX.     THE BREACH AND IMPLIED COVENANT CLAIMS FAIL...............13

X.      THIS COURT SHOULD DENY LEAVE TO AMEND ...........................13

XI.     CONCLUSION ...............................................................................................14

CERTIFICATE OF COMPLIANCE.......................................................................16

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FAC

## TABLE OF AUTHORITIES

**Page**

Anza v. Ideal Steel Supply Corp., 547 U.S. 451 (2006)....................................10,11

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ............................................................. 6,13

BE & K Constr. Co. v. NLRB, 536 U.S. 516 (2002) .............................................6

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ..........................................6

Carpenters v. Scott, 463 U.S. 825 (1983)......................................................11,12

Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, (2001) ........................8

Conley v. Gibson, 355 U.S. 41 (1957) ..................................................................6

Flatley v. Mauro, 39 Cal. 4th 299 (2006) ............................................................7

Foman v. Davis, 371 U.S. 178 (1962) .................................................................14

Griffin v. Breckenridge, 403 U.S. 88 (1971)......................................................12

H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229 (1989) .............................................8

Holmes v. Sec. Inv'r Prot. Corp., 503 U.S. 258 (1992)...................................10,11

Howard v. America Online Inc., 208 F.3d 741 (9th Cir. 2000) ..........................11

Kim v. Kimm, 884 F.3d 98 (2d Cir. 2018).........................................................9,10

Mendoza v. ADP Screening & Selection Servs.,
    182 Cal.App.4th 1644 (2010) ........................................................................7

Miroth v. County of Trinity, No. 23-15759 (9th Cir. 2025)................................11

Navarro v. Block, 250 F.3d 729 (9th Cir. 2001) .................................................13

Neder v. United States, 527 U.S. 1 (1999) ...........................................................9

Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.,
    508 U.S. 49 (1993)..........................................................................................7

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FAC

Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) ..............................................10,11

Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)..............................................8

Sosa v. DIRECTV, Inc., 437 F.3d 923 (9th Cir. 2006) ..........................................6,7

White v. Lee, 227 F.3d 1214, 1231 (9th Cir. 2000) ................................................6

**RULES**

Federal Rule of Civil Procedure 12(b)(6)................................................................8

Fed. R. Civ. P. 11...................................................................................................14

**STATUTES  & CODES**

18 U.S.C. § 1343.....................................................................................................9

18 U.S.C. § 1957..................................................................................................9,10

18 U.S.C. § 1956(c)(7)...........................................................................................10

18 U.S.C. § 1962(c) .............................................................................................8,11

18 U.S.C. § 1962(d) ...............................................................................................11

28 U.S.C. § 1927....................................................................................................14

42 U.S.C. 1985(2).............................................................................................11,13

42 U.S.C. 1985(3).............................................................................................12,13

California Business & Professions Code § 6128.................................................9,.10

**OTHER AUTHORITIES**

Noerr-Pennington Doctrine ................................................................................6,7,14

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FAC

Defendants Ben Gharagozli and Kevin Hermansen ("Attorney Defendants") respectfully submit their Reply Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Dated:  June 10, 2026                    **KLEIMAN / RAJARAM**

By: _____
                                       MARK KLEIMAN


LAW OFFICES OF THOMAS B. HARVEY

                                       */s/ Thomas B. Harvey*
By:_____

                                       THOMAS B. HARVEY

Attorneys for Defendants
KEVIN HERMANSEN, BEHNAM GHARAGOZLI, LAW OFFICES OF BEN GHARAGOZLI, LAW OFFICE OF KEVIN P. HERMANSEN, P.C.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FAC

## I.    <u>INTRODUCTION</u>

Plaintiffs' Opposition does not cure, and in many respects confirms, the fundamental deficiencies identified in Defendants' Motion to Dismiss. The First Amended Complaint ("FAC") remains an attempt to repackage the results of three lost state-court unlawful detainer proceedings as a federal racketeering conspiracy. Plaintiffs' Opposition fails to rebut any of the controlling legal arguments Defendants advanced. Instead, Plaintiffs offer conclusory assertions that Defendants' arguments are "fraudulent," misread or misattribute case law, and ask the Court to grant leave to amend to add allegations that they acknowledge are presently absent from the FAC. For the reasons set forth below, the motion should be granted and the FAC dismissed with prejudice.

Plaintiffs invoke *Conley v. Gibson*, 355 U.S. 41 (1957), for a pleading standard the Supreme Court abrogated nearly two decades ago. *Conley'*s "no set of facts" formulation was expressly retired in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007), and replaced with the plausibility standard reaffirmed in *Iqbal.* Plaintiffs' Opposition is built on the wrong test.

## II.    <u>THE NOERR-PENNINGTON DOCTRINE BARS PLAINTIFFS'</u> <u>CLAIMS</u>

Plaintiffs' central argument is that the *Noerr-Pennington* doctrine cannot protect Defendants because they are not petitioners in the underlying state court cases they won against Shing Lau. Plaintiffs' argument misreads the doctrine. *Noerr-Pennington* protects litigation conduct by any party, including defendants. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). This immunity extends to RICO claims. *Id.* at 930.

The First Amendment right to petition includes all litigation conduct, by plaintiffs and defendants alike. *White v. Lee*, 227 F.3d 1214, 1231 (9th Cir. 2000); *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 525-26 (2002). The Ninth Circuit's

opinion in *Sosa* itself extended *Noerr-Pennington* to defense conduct; the doctrine would have been incoherent had it applied only to the side that filed first.

The Ninth Circuit has explicitly held that "litigation activities" cannot form the basis of a RICO claim unless the litigation is a "sham." *Id.* at 938. This protection covers direct communications with the court and conduct incidental to the prosecution of the suit. Here, every "wrongdoing" constitutes protected litigation activity: serving motions, making legal arguments, examining witnesses, and making objections.

The "sham litigation" exception to *Noerr-Pennington* is inapplicable. Plaintiffs should know the litigation was legitimate, as it led to attorney fee awards and a nonsuit---hardly the hallmark of "objectively baseless" litigation. *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60-61 (1993).

Plaintiffs' reliance on *Flatley v. Mauro*, 39 Cal. 4th 299 (2006), is misplaced. *Flatley* is a California anti-SLAPP case applying the state statute's "illegal as a matter of law" exception, which has no *Noerr-Pennington* analog in federal law. Even on its own terms, *Flatley* requires conduct that is illegal as a matter of law on its face, not merely labeled illegal by an opposing party. *Mendoza v. ADP Screening & Selection Servs.*, 182 Cal.App.4th 1644, 1654 (2010).

The FAC alleges nothing of the sort; every act complained of occurred within the four walls of three state court proceedings. Because Plaintiffs' RICO claim seeks to penalize Defendants for exercising their constitutional right to litigate the underlying landlord-tenant dispute, it is barred by *Noerr-Pennington* and must be dismissed.

## III.   PLAINTIFFS FAIL TO ALLEGE A PATTERN OF RACKETEERING ACTIVITY

Plaintiffs argue that there were three distinct disputes because Defendants had to defend against three different evictions unlawfully pursued by the same plaintiffs, in the same property, against the same tenants. RICO requires

a "pattern of racketeering activity," involving at least two acts of racketeering, that are related, and pose a threat of continued criminal activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). "Continuity" requires either a closed period of repeated conduct, or past conduct that by its nature projects into the future with a threat of repetition. *Id.* at 241-42. Defendants' actions were all directed toward the singular, lawful goal of defending the Tenant Defendants and collecting fees.

This does not constitute long-term criminal conduct, let alone "open-ended" continuity required under RICO. *H.J. Inc.*, 492 U.S. at 241. As soon as Plaintiffs pay the judgments the state court issued, all alleged activity will cease, and there can be no threat of repetition.

Plaintiffs also do not meaningfully address the deficiencies regarding the alleged "enterprise," claiming only that the attorneys and their clients are the enterprise. Under § 1962(c), a plaintiff must allege something outside of the attorney-client relationship, i.e., the existence of an "enterprise" that is distinct from the persons alleged to have violated RICO. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). There is no allegation of a structure distinct from the standard professional relationship where lawyers provide legal services to clients.

Plaintiffs' Opposition references a "John Metri" as a purported additional victim. That bare factual assertion appears nowhere in the FAC and cannot be considered on a Rule 12(b)(6) motion, which is limited to the operative pleading. Plaintiffs cannot amend their complaint through opposition briefing. In any event, an unverified reference to one other individual does not establish RICO continuity.

## IV.    PLAINTIFFS FAIL TO STATE A CLAIM FOR WIRE FRAUD

Plaintiffs continue to insist that a lawyer representing a client is wire fraud, wasting Defendants' time and the Court's by going so far as to claim that

electronic filings, something Plaintiffs engage in as a part of their pro se representation in the instant case, are wire fraud.

Wire fraud requires a scheme to defraud, an intent to defraud, and use of interstate wire communications *in furtherance of the scheme*. 18 U.S.C. § 1343. The mere act of filing litigation documents through an electronic court system is not a predicate act of wire fraud.

The Opposition also fails to address Defendants' argument that Plaintiffs admit they did not rely on the alleged misrepresentations at the time they were made. The FAC repeatedly states that Plaintiffs discovered the alleged fraud only in retrospect, sometimes a year or more later. Fraud-based claims, including wire fraud predicates in RICO, require contemporaneous reliance (or, at minimum, that the alleged misrepresentations were material and capable of influencing the victim). *Neder v. United States*, 527 U.S. 1, 25 (1999). Admitting that Plaintiffs did not understand the alleged misrepresentations until long after the fact defeats the reliance element.

Plaintiffs' argument that Defendants committed "attorney deceit" under California Business & Professions Code § 6128 does not save the RICO claims.

## V.    THE MONEY LAUNDERING PREDICATES FAIL

Plaintiffs allege that Defendants' receipt of court-ordered attorney's fees constitutes a transaction in "criminally derived property" under 18 U.S.C. § 1957. This allegation is circular and legally defective. The fees paid to Defendants were awarded by state courts pursuant to valid California fee-shifting statutes and contract provisions. Money received pursuant to a court judgment is not "criminally derived property" within the meaning of § 1957. To accept Plaintiffs' theory would mean that any attorney who prevails in a case that is later challenged as fraudulent has committed money laundering—an absurd result the statute does not support. *Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018).

Plaintiffs attempt to confine *Kim v. Kimm* to "single" lawsuit cases. The argument ignores the broader principle that litigation argument is not actionable as a federal crime, regardless of how many lawsuits are involved. Plaintiffs' contrary authorities—*CSX Transportation* (4th Cir.), *Drummond* (N.D. Ala.), *Sykes* (S.D.N.Y.), and *Eisen* (2d Cir.)—are out-of-circuit and involved fabricated evidence, sham proceedings, or extra-litigation criminal conduct. None applied RICO to legal arguments and email service. None is binding on this Court.

Plaintiffs' alternative theory—that the funds are "criminally derived property" because they were obtained through alleged violations of California Business & Professions Code § 6128 (attorney deceit)—also fails as a matter of law. Section 1957 requires the underlying offense to be "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7). California Business & Professions Code § 6128 is a state misdemeanor and is not on the § 1956(c)(7) list. Only wire fraud could potentially qualify as a § 1957 predicate—and, as set forth above, Plaintiffs have not adequately pleaded wire fraud.

## VI.    **PLAINTIFFS LACK STANDING: NO PROXIMATE CAUSE**

Because Plaintiffs' purported economic damages are the result of a state court ordering them to pay attorney fees, a fact they do not dispute, Plaintiffs lack standing. *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992) (defendants' violation must be proximate cause of plaintiffs' injury); *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006) (requiring a direct relation between the injury and the conduct alleged).

Because they are aware of the judgements against them ordered by state court judges, they claim instead the orders are a product of fraud, in direct contradiction of the Rooker-Feldman doctrine prohibiting federal courts from reviewing state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Moreover, Plaintiffs' own allegations confirm they were not deceived by any of the alleged

misrepresentations. Where the alleged victim is fully aware of the supposed fraud and actively opposes it in court, there is no causal connection between the alleged fraud and the resulting injury.

Plaintiffs' Opposition expressly disclaims emotional distress damages under RICO. (Opp. ¶ 170.) That concession narrows the case at minimum, and confirms Plaintiffs cannot revive an emotional distress theory under RICO at any later stage.

Plaintiffs' invocation of *Miroth v. County of Trinity*, No. 23-15759 (9th Cir. 2025), does not change the analysis. *Miroth* addressed claims against police officers for fabricating physical evidence (planted fingerprints) used in a state proceeding—conduct entirely separate from courtroom argument. Here, the alleged misconduct consists of cross-examining a witness, making legal arguments, and serving motions by email. That is litigation conduct, not extra-litigation evidence fabrication. Even if Rooker-Feldman did not bar Plaintiffs' claims, the proximate-cause analysis under *Holmes* and *Anza* independently defeats them: the state-court judgments are independent legal acts that break the causal chain between Defendants' alleged conduct and Plaintiffs' economic injury.

## VII.    RICO CONSPIRACY CLAIM FAILS DERIVATIVELY

Finally, Plaintiffs' RICO conspiracy claim must be dismissed because it is entirely derivative of the failed substantive claim under § 1962(c). A conspiracy claim under § 1962(d) requires an agreement to violate one of RICO's substantive provisions. Because Plaintiffs have failed to state a viable claim under § 1962(c) for all of the reasons set forth above, the conspiracy claim necessarily fails as well. *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) ("Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO.").

## VIII.    § 1985 CLAIMS FAIL AND ARE NOT CURABLE

Regarding Count I (§ 1985(2)), Plaintiffs argue that Defendants' citation to *Carpenters v. Scott*, 463 U.S. 825 (1983), was a "fraud by omission" because

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FAC

Defendants quoted only part of a sentence. The Opposition correctly identifies that the full sentence in *Carpenters* reads: "[A]n alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy *or* the aim of the conspiracy is to influence the activity of the State." The second clause, however, does not help Plaintiffs. Nothing in the FAC alleges that the supposed conspiracy was aimed at influencing any government entity. Defendants' alleged goal was simply to prevail in private civil litigation and collect attorney's fees. This is not "influencing the activity of the State."

Plaintiffs' repeated accusation that Defendants committed "fraud by omission" by quoting only the controlling clause of *Carpenters* is unfounded. Citing the operative portion of a Supreme Court holding without reciting every disjunctive in the same sentence is ordinary appellate practice, not fraud. The omitted phrase— "or the aim of the conspiracy is to influence the activity of the State"—does not help Plaintiffs because that phrase has been read to mean political or governmental influence, not winning private civil litigation. Reading it as Plaintiffs propose would convert every successful litigant into a § 1985(3) violator the moment a court ruled in their favor.

Regarding Count II (§ 1985(3)), Plaintiffs concede that the FAC does not allege class-based invidiously discriminatory animus, which is an element of the claim under *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiffs request leave to amend to add such allegations. However, Plaintiffs have already had one opportunity to amend.

Even with amendment, Plaintiffs cannot plausibly allege the required class-based animus. The FAC is a dispute between landlords and their tenants' attorneys. No racial, religious, or other protected class animus is plausibly alleged or plausibly available. Leave to amend would be futile. Plaintiffs' own allegations defeat the animus theory. The FAC repeatedly characterizes Defendants' motivation as financial self-interest and standard billing practices. Those are admissions that the

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FAC

alleged conduct was driven by economics, not by racial, religious, or other protected-class hostility. *Iqbal*, 556 U.S. at 678, requires non-conclusory facts plausibly showing discriminatory intent. Plaintiffs' own admissions of financial motive foreclose plausibly amending into the required animus.

## IX.    THE BREACH AND IMPLIED COVENANT CLAIMS FAIL

Plaintiffs indicate in their Opposition that they always intended to remove the contract claims from the FAC, stating they do not wish to expose themselves to anti-SLAPP exposure. Defendants take Plaintiffs at their word: the contract claims should be stricken. That is the point of the anti-SLAPP motion Defendants filed, now that they have been forced to litigate two 200 plus page complaints, filing two anti-SLAPP motions, and two Motions to Dismiss and replies.

In any event, provision 17 of the lease does not create a private right of action running from landlords against their tenants' attorneys for litigation conduct. The attorneys were not parties to the lease.

## X.    THIS COURT SHOULD DENY LEAVE TO AMEND

Leave to amend may be denied where amendment would be futile. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The FAC's deficiencies are not merely pleading failures that additional detail could cure. They are structural: the conduct complained of is immunized litigation activity; the RICO pattern consists of a single finite dispute; the alleged enterprise is indistinct from the defendants themselves; the predicate acts are not federal crimes; the claimed damages flow from valid court judgments rather than from Defendants' conduct directly; there is no state actor directly involved or being influenced to violate Plaintiffs' rights; and Plaintiffs have pled no racial animus. No amendment can overcome these fundamental legal barriers.

Moreover, Plaintiffs' Opposition concedes, expressly or by implication, multiple elements of multiple causes of action: (1) the FAC does not allege class-based discriminatory animus for either § 1985(2) or § 1985(3) (Opp. ¶¶ 55, 57-59);

(2) the FAC does not plead conspiracy with the specificity required by the Ninth Circuit (Opp. ¶¶ 60-61); (3) the FAC does not allege the "agreement" element of conspiracy (Opp. ¶¶ 62-63); (4) Plaintiffs do not pursue emotional distress damages under RICO (Opp. ¶ 170); (5) Plaintiffs concede the contract claims should be dismissed and that they always intended to remove them (Opp. ¶¶ 175-177). Three of those concessions are essential elements of the § 1985 causes of action. After one full round of amendment, Plaintiffs do not understand what the elements of their claims are. *Foman v. Davis*, 371 U.S. 178, 182 (1962) permits denial of leave to amend where amendment would be futile.

## XI.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss all six counts of the FAC with prejudice. Plaintiffs have failed to plead a cognizable RICO claim, and the conduct complained of is protected litigation activity. Because every alleged predicate act is protected litigation activity, no amendment can cure the fundamental defect.

Plaintiffs filed three unlawful detainer actions against their tenants and lost all three. Rather than accept those outcomes or seek appellate review, they have filed this action seeking $4 million in RICO damages from the tenants and their lawyers for having the audacity to defend themselves. Every allegation of "racketeering" in the Complaint describes routine litigation conduct: filing motions, making legal arguments, examining witnesses, and collecting court-ordered fees. This is not a RICO case. It is a retaliatory lawsuit by unsatisfied litigants. Defendants respectfully request that this Court dismiss all six counts of the FAC with prejudice and without leave to amend. The *Noerr-Pennington* doctrine categorically bars RICO liability for the litigation conduct alleged here.

Defendants further reserve the right to seek sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 based on the filing of this frivolous RICO claim.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FAC

DATE:  June 10, 2026

**KLEIMAN / RAJARAM**

By: _Mark Kleiman_____
     MARK KLEIMAN


**LAW OFFICES OF THOMAS B. HARVEY**

By:___*/s/ Thomas B. Harvey*_____

     THOMAS B. HARVEY

     Attorneys for Defendants
     KEVIN HERMANSEN, BEHNAM
     GHARAGOZLI, LAW OFFICES OF BEN
     GHARAGOZLI, LAW OFFICE OF KEVIN
     P. HERMANSEN, P.C.

15

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendants, KEVIN HERMANSEN, BEHNAM GHARAGOZLI, LAW OFFICES OF BEN GHARAGOZLI, LAW OFFICE OF KEVIN P. HERMANSEN, P.C., certifies that this brief contains 2,936 words, which complies with the word limit of L.R. 11-6.1.


DATE:  June 10, 2026             **KLEIMAN / RAJARAM**


By: _____

      MARK KLEIMAN



**LAW OFFICES OF THOMAS B. HARVEY**

By: _____
      */s/ Thomas B. Harvey*

      THOMAS B. HARVEY

      Attorneys for Defendants
      KEVIN HERMANSEN, BEHNAM
      GHARAGOZLI, LAW OFFICES OF BEN
      GHARAGOZLI, LAW OFFICE OF KEVIN
      P. HERMANSEN, P.C.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FAC