Ramsey Judah (CA 342300)
JUDAH LAW GROUP, LC
1026 W Foothill Blvd
Upland, CA 91786
626 899 7667 | ramsey@JudahLawGroup.com

Attorney for Defendants, Cynthia Carter and Christopher Lopez

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHING LUNG LAU, A.L., a minor by and through his guardian ad litem, SHING LUNG LAU, HOI KAN LAU, SIU FAN TSANG, <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN HERMANSEN, BEHNAM GHARAGOZLI, CHRISTOPHER LOPEZ, CYNTHIA CARTER, LAW OFFICES OF BEN GHARAGOZLI, LAW OFFICE OF KEVIN P. HERMANSEN, P.C., <br><br> Defendants. | Case No.: 2:26-CV-00305-MWF-CTSx <br><br> Judge:  Hon. Michael W. Fitzgerald <br><br> **REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT** <br><br> Date:          June 24, 2026 <br> Time:          10:00 a.m. <br> Location:     Courtroom 5A (5th floor) <br><br> Original Action Filed: January 12, 2026 <br> Amended Complaint: April 24, 2026 |

1

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

# I.    INTRODUCTION

Plaintiffs' Opposition confirms rather than cures the fatal defects in their First Amended Complaint ("FAC"). Rather than demonstrating a probability of prevailing on their Fifth and Sixth Causes of Action, Plaintiffs expressly concede those claims are state-law causes of action subject to the anti-SLAPP statute, acknowledge they filed them by mistake, and ask to be excused from the consequences. That concession alone resolves most of this Motion in Defendants' favor. The remainder of the Opposition rests on a misreading of *Flatley v. Mauro* that no California or Federal court has endorsed in these circumstances. The Motion should be granted, the claims stricken with prejudice, and attorney's fees awarded to Defendants.

# II.    PRONG ONE IS SATISFIED: ALL ALLEGED CONDUCT IS PROTECTED LITIGATION ACTIVITY

Defendants' burden at the first prong is not onerous. They need only make a prima facie showing that the challenged causes of action arise from acts in furtherance of their right of petition. *Okorie v. L.A. Unified Sch. Dist.*, 14 Cal. App. 5th 574, 590 (2017). That showing is plainly made here: every allegation in the Fifth and Sixth Causes of Action concerns statements made in court, arguments presented to judges, filings served through the courts' electronic systems, and examination of witnesses in three unlawful detainer proceedings. Such conduct falls squarely within CCP § 425.16(e)(1) and (2).

## A.    The Illegality Exception Does Not Apply.

Plaintiffs' sole response to the first prong is the *Flatley v. Mauro*, 39 Cal. 4th 299 (2006), illegality exception. That exception is narrow and demanding. It applies only where illegality is established "as a matter of law," which requires the defendant to concede the illegality or a conclusive showing on the face of the record without any factual dispute. *Flatley*, 39 Cal. 4th at 316-320. *Flatley* itself involved a demand letter that was undisputed extortion on its face. No comparable showing is made here.

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

The anti-SLAPP statute is construed broadly, and its exemptions are construed narrowly. *Exline v. Gilmore*, 67 Cal.App.5th 129, 138 (2021). The illegality exception is no different. *Klem v. Access Inc. Co.*, 17 Cal.App.5th 595, 609 (2017). Plaintiffs invoke the illegality exception to the anti-SLAPP statute as his sole challenge to the first prong but fails to meet the high burden he carries to establish it.

In evaluating the first prong of whether the moving party has engaged in protected activity, "courts consider whether a defendant has made a ***prima facie showing*** that activity underlying a plaintiff's cause of action is statutorily protected and not whether it has shown its acts are ultimately lawful." *RGC Gaslamp, LLC*, 56 Cal.App.5th at 425-426 (emphasis added) (internal citations omitted). "Any claimed illegitimacy of the defendant's acts is an issue that must be raised and supported by the plaintiff in discharging its burden on prong two." *Id*. at 426 (internal citations omitted). Indeed, "a defendant does not have to establish that its conduct was ultimately lawful or constitutionally protected at prong one." *Id*. (internal citations omitted).

To establish the illegality exception to the anti-SLAPP statute, Plaintiffs must provide "conclusive proof" that the activity was "criminal conduct." *RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co*., 56 Cal.App.5th 413, 424 fn. 9 (2020). Indeed, "statutorily unauthorized" conduct "does not fit the illegality exception" if "it is not criminal." *Id*.

Illegal means criminal and not merely a violation of some statute. "Furthermore, it is not sufficient that plaintiffs can reasonably argue or offer some evidence that defendant's conduct was unlawful. Rather, at this early stage of the proceedings, the illegality exception applies only if the defendant's activity is 'illegal as a matter of law,' meaning either the defendant concedes the point or the evidence conclusively establishes' as much." *Dziubla v. Piazza*, 59 Cal. App. 5th 140, 151-153 (2020).

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

Here, Plaintiffs' three "criminal activity" examples are not only not criminal issues, but also involve sharply contested facts. Whether Defendants were properly notified of the substitution of attorney Charles Pok, whether an attorney's in-court characterization of a witness's travel habits constitutes perjury, and whether boilerplate affirmative defenses are "fraudulent" are not questions regarding criminal conduct. But even if they were, these are not matters that can be resolved "as a matter of law" at the anti-SLAPP stage as they are highly disputed. Courts have consistently refused to apply *Flatley* when the parties dispute the underlying facts. See *Suarez v. Trigg Laboratories*, 3 Cal. App. 5th 118, 124-125 (2016). The foregoing issues constitute a dispute about legality that compels rejection of Plaintiffs' illegality exception argument. *Dziubla v. Piazza* 59 Cal.App.5th 140, 153 (2020) (factual dispute as to legality precluded denial of anti-SLAPP motion).

Moreover, Plaintiffs misread *Flatley* when they contend it "overrode" *Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294 (2001), and *Chavez v. Mendoza*, 94 Cal. App. 4th 1083 (2001). *Flatley* did not hold that defendants must always prove their speech is constitutionally protected. It held only that when a plaintiff conclusively establishes illegality as a matter of law, the defendant cannot satisfy the first prong. That narrow carve-out is not implicated here, where Defendants did nothing more than zealously and successfully defend their clients.

## III.   PRONG TWO IS SATISFIED: PLAINTIFFS CANNOT DEMONSTRATE A PROBABILITY OF PREVAILING

Even if the first prong were somehow disputed, Plaintiffs cannot carry their second prong burden.

### A.   The Absolute Litigation Privilege Independently Bars Both Claims.

California Civil Code § 47(b) provides an absolute privilege for any communication made in a judicial proceeding by a litigant or participant authorized by law, to achieve the objects of the litigation, that has some connection to the action. This privilege is absolute. It "applies regardless of malice." *Digerati Holdings, LLC v. Young*

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

*Money Entm't, LLC*, 194 Cal. App. 4th 873, 889 (2011). It extends even to false proofs of service (*Rusheen v. Cohen*, 37 Cal. 4th 1048, 1064 (2006)) and collection of attorney's fees under an invalid judgment. *O'Keefe v. Kompa*, 84 Cal. App. 4th 130, 135 (2000).

Every act Plaintiffs characterize as a "breach" is communicative conduct within a judicial proceeding:  making arguments about service, examining witnesses about their addresses, filing answers with affirmative defenses, submitting opposition briefs. The privilege immunizes all of it.

Plaintiffs' Opposition offers a single sentence on this point: that the litigation privilege does not bar breach of contract claims. This is simply meritless.  In reliance, Plaintiffs cite to *Navellier v. Sletten*, 29 Cal.4th 82 (2002).  However, *Navellier* did not exempt all breach of contract claims from the litigation privilege as Plaintiffs suggest.

In any event, *McNair v. City & Cty. of San Francisco*, 5 Cal. App. 5th 1154, 1169 (2016), holds that the privilege bars breach of contract claims where, as here, the alleged breach turns entirely on communicative conduct in a judicial proceeding. Plaintiffs cannot circumvent an absolute privilege by relabeling protected litigation conduct as a contract violation.  This is especially so since the Defendant Attorneys did not even sign the contract.

**B.     The Contract Claims Fail on the Merits for Multiple Independent Reasons.**

The Opposition does not respond to Defendants' three independent merits arguments against the breach of contract claim, and that silence is telling.

First, Defendants Hermansen and Gharagozli are not parties to the lease agreement between the Lau family and Carter/Lopez. A non-party cannot breach a contract to which it is not a signatory. *Tri-Continent Internat. Corp. v. Paris Savings & Loan Assn.*, 12 Cal. App. 4th 1354, 1359 (1993). The Opposition does not address this argument at all.

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

Second, standard lease provisions requiring tenants to "comply with all laws" refer to tenants' use and occupancy of the premises, not to the litigation strategies employed by opposing counsel in subsequent eviction proceedings. Plaintiffs' contrary interpretation would make every losing legal argument by a tenant's attorney a "breach of contract" by the tenant, an interpretation with no support in California law. Interestingly, even if such an extreme interpretation were to be adopted, Plaintiffs'claim would still fail because the Defendants were successful in the underlying actions.

Third, losing a motion, making an unsuccessful legal argument, or successfully raising a procedural defense is not a "violation of law." It is the nature of adversarial litigation. The Sixth Cause of Action for breach of the implied covenant fails for the identical reasons and additionally because it duplicates the breach of contract claim and seeks to impose duties beyond those contemplated by the lease. *Guz v. Bechtel National, Inc*., 24 Cal. 4th 317, 349-350 (2000).

**C.     Issue Preclusion Bars Relitigation of Claims Decided in the Underlying Actions.**

The Opposition addresses Rooker-Feldman through *Miroth v. County of Trinity*. Plaintiffs' invocation of *Miroth v. County of Trinity*, (9th Cir. 2025), does not help them here. *Miroth* addressed claims against police officers for fabricating physical evidence (planted fingerprints) used in a state proceeding. This is conduct entirely separate from courtroom argument. Here, the alleged misconduct consists of cross-examining a witness, making legal arguments, and serving motions by email. That is litigation conduct, not extra-litigation evidence fabrication.

More importantly, Plaintiffs explicitly ask this Court to review a state court order: "The plaintiffs ask that the court order that all defendants as well as all relevant institutions and related persons help VOID all of the transactions that the defendants took from 2023 to 2026 and onward that were and would be the moving around of assets for the sole purpose of avoiding paying money to the plaintiffs. As allowed for under the Uniform Voidable Transactions Act (UVTA)" (FAC, ¶ 310) A state court entered

6

judgments ordering the same Plaintiffs to pay the same Defendants attorney's fees. Regardless of how it is worded, Plaintiffs seek the appeal of a state court judgment, which the Rooker-Feldman doctrine prohibits.

Even if Rooker-Feldman did not bar Plaintiffs' claims, Plaintiffs never engage with Defendants' issue preclusion argument, which is analytically distinct.  Issue preclusion bars relitigation of any issue that was actually litigated and necessarily decided in a prior action between the same parties or their privies. *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015). Final judgments were entered in three unlawful detainer actions in Defendants' favor, each involving the same tenancy, the same property at 9705 Ardendale Avenue, and the same litigation conduct now challenged. Plaintiffs' attempt to recast those outcomes does not escape issue preclusion.

## IV.   <u>LEAVE TO AMEND SHOULD BE DENIED AS FUTILE</u>

Plaintiffs argue that under *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081 (9th Cir. 2004), they must be granted leave to amend before the Court can grant this Motion. *Verizon* expressly provides that leave to amend may be denied where amendment would be futile. *Id.* at 1091-92.

Futility is clear here for two reasons. First, Plaintiffs themselves concede in the Opposition that the Fifth and Sixth Causes of Action are state law claims subject to anti-SLAPP, and that they included them by mistake. (Opposition at p. 16-17). They propose to eliminate those claims in any amendment. If those claims are to be eliminated, there is nothing to amend, as striking them now achieves exactly what Plaintiffs propose to do themselves.

Second, the defects identified above are not drafting problems that more careful pleading can cure. No amendment can make Defendants parties to a lease they never signed. No amendment can transform protected litigation conduct into an actionable breach when the absolute litigation privilege applies regardless of how the claim is labeled. And no amendment can retroactively deprive *Flatley* of its requirement that illegality be established conclusively as a matter of law. The L.R. 7-3 conference

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

confirmed that Plaintiffs had no concrete amended pleading to propose. Under these circumstances, amendment would be futile and leave should be denied.

## V. CONCLUSION

Plaintiffs are landlords who lost three unlawful detainer proceedings and now seek to punish opposing counsel for prevailing. The anti-SLAPP statute exists precisely for cases like this. The Fifth and Sixth Causes of Action arise entirely from protected litigation activity, are independently barred by the absolute litigation privilege, and fail on the merits for multiple additional reasons. No amendment can cure these defects. Defendants respectfully request that the Court grant this Motion, strike the Fifth and Sixth Causes of Action with prejudice and deny leave to amend, and award Defendants their mandatory attorneys' fees and costs under CCP § 425.16(c).

DATE:  June 10, 2026                              **JUDAH LAW GROUP**

By: _____
                    Ramsey Judah

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

## DECLARATION OF CYNTHIA CARTER

I, CYNTHIA CARTER, declare as follows:

1. My name is Cynthia Carter and I am named Defendant in the present action.

2. The following facts are within my own personal knowledge, except as to those facts that are based on information and belief. If called upon to testify I could and would do so competently.

3. I make this declaration on behalf of myself individually.

4. I did not engage in any unlawful conduct in litigating the unlawful detainer cases that Plaintiffs identify in their lawsuit in this action. I do not concede that I have committed any unlawful act. I do not concede that I have committed any illegal act.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed this 9th day of June 2026.


/s/ Cynthia Carter
Cynthia Carter

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

## <u>DECLARATION OF CHRISTOPHER LOPEZ</u>

I, CHRISTOPHER LOPEZ, declare as follows:

1.  My name is Christopher Lopez and I am named Defendant in the present action.

2.  The following facts are within my own personal knowledge, except as to those facts that are based on information and belief.  If called upon to testify I could and would do so competently.

3.  I make this declaration on behalf of myself individually.

4.  I did not engage in any unlawful conduct in litigating the unlawful detainer cases that Plaintiffs identify in their lawsuit in this action.  I do not concede that I have committed any unlawful act.  I do not concede that I have committed any illegal act.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed this 9th day of June 2026.

/s/ Christopher Lopez

Christopher Lopez

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, Cynthia Carter and Christopher Lopez, certifies that this brief contains 2,032 words, which complies with the word limit of L.R. 11-6.1.

DATE:  June 10, 2026                    **JUDAH LAW GROUP**

By: _____
      Ramsey Judah

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

## Local Rule 5-4.3.4 Attestation

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the below e-filing attorney attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


DATE:  June 10, 2026                    **JUDAH LAW GROUP**

                                        By: _____
                                            Ramsey Judah

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

# CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System. Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System. I also emailed a copy to Plaintiffs at justiceforthepeopleca@gmail.com as requested by Plaintiffs.

Judah Law Group, LC

By:_____
Ramsey Judah
Attorney for Defendants

13