Accordingly, a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he had no notice of the motion or that the notice was insufficient or defective." Reedy v. Bussell (2007) 148 Cal.App.4th 1272, 1288-1289; See also, Pacific Std. Life Ins. Co. v. Tower Industries, Inc. (1992) 9 Cal.App.4th 1881, 1888 ["Tower has waived its right to complain of insufficient notice of the motion for judgment [because it] did not object to the motion on the ground of lack of notice."].)

In Carlton v. Quint (2000) 77 Cal.App.4th 690, the court concluded that even when the opposing party does expressly object to the inadequate notice in its opposition papers, it may not be sufficient to preserve the issue for appeal. Instead, if the party appears at the appropriate hearing and opposes the motion on the merits—but without making any request for a continuance or demonstrating *prejudice* from the defective notice, the issue is waived: "[D]espite his claim of inadequate service and notice in his opposition to the motion and at the summary judgment hearing, Carlton *did* file an opposition to the motion, appeared and argued at the hearing, never requested a continuance of the hearing and never claimed prejudice by reason of insufficient notice or service. *Under these circumstances, we conclude Carlton waived any claim of inadequate service or notice assuming, without deciding, that claim had any merit.*" Id. at p. 697, italics added.)

### Plaintiffs are Improperly Seeking Reconsideration

As a secondary matter, Plaintiffs already raised these same arguments in their opposition and supplemental reply to the attorney fee motion. Specifically, Plaintiff's opposition filed on November 13, 2023 argued in detail why they believed the service on their attorney of record was improper, their belief that the fee motion was untimely, the argument that there was no prevailing party, the argument against Defendant's Alvarez's standing, and the attorney fees were excessive and unreasonable.

After hearing oral argument, the Court took the matter under submission and later issued its minute order, stating "The plaintiff did not present relevant, admissible evidence in support of any viable legal theory that she does not owe legal fees."

3

MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs' motion to set aside essentially uses the same arguments that it used in its prior opposition. It also fails to provide any new facts or law or provide the requisite declaration. The legislature has codified the procedure for renewing a motion previously denied:

"When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown."

Code Civ. Proc. § 1008(a).

A violation of this section (i.e., simply requesting the same order again) is punishable by contempt and sanctions. Code Civ. Proc. § 1008(d). Code Civ. Proc. § 1008(e) states that the court is without jurisdiction to hear such a motion, because "No application to reconsider any order ... may be considered by any judge or court unless made according to this section." The purpose of the statute is to stop parties from making *seriatim* requests for the same relief. California Corr. Peace Officers Ass'n v. Virga (2010) 181 Cal. App. 4th 30, 45.

Although Plaintiffs have styled this new motion a "Motion to Set Aside Judgment", it still makes the same arguments and thus runs afoul of Code Civ. Proc. § 1008. The Court of Appeal agrees: "Section 1008 governs reconsideration of court orders whether initiated by a party or the court itself. 'It is the exclusive means for modifying, amending or revoking an order. That limitation is expressly jurisdictional." Garcia v. Hejmadi (1997) 58 Cal.App.4th 674, 685–686. In Garcia, the trial court granted Garcia's motion for reconsideration after an adverse ruling. Garcia reasoned that any facts not previously "presented" to a court now qualified as "different" (if not "new") facts or circumstances justifying reconsideration. Id. at 688. The Court of Appeal rejected this argument in favor of strict compliance with Code Civ. Proc. § 1008 and reversed the trial court's grant of the

4

MEMORANDUM OF POINTS AND AUTHORITIES

motion for reconsideration. Id.

Likewise, Plaintiffs cannot argue that they are entitled to relief from the order on attorney fees because of a mistake or error, because they still had to comply with Code Civ. Proc. § 1008. "To hold…that the general relief mechanism provided in section 473 could be used to circumvent the jurisdictional requirements for reconsideration found in section 1008 would undermine the intent of the Legislature as specifically expressed in section 1008, subdivision (e): "No application to reconsider any order ... may be considered by any judge or court unless made according to this section." Id. at 1501. A court may not consider evidence as "new" simply because Plaintiff made an error in failing to present it earlier, because "[h]aving concluded that section 1008 was the exclusive avenue for the relief requested and that respondent did not meet the jurisdictional prerequisites for relief under that statute, we find that the trial court acted in excess of its jurisdiction by granting the motion for reconsideration." Id. at 1502.

Finally, the claim that trial court misinterpreted the law in its initial decision does not establish that the motion to reconsider was based upon new or different facts, circumstances, or law as statutorily required. Gilberd v. AC Transit, 32 Cal. App. 4th 1494, 1500 (1995). A court's ruling that was based on "multiple errors of law and a failure or refusal to consider the evidence presented in opposition to the motion[s]" does not constitute a new fact or circumstance supporting reconsideration. Jones v. P.S. Dev. Co., 166 Cal. App. 4th 707, 724 (2008).

**CONCLUSION.**

In light of the foregoing, the motion to set aside should be denied.

DATED: January 9, 2024                          Law Offices of Ben Gharagozli

By:

Ben Gharagozli
Attorney for Defendants

PROOF OF SERVICE
LASC Case # 23PDUD01863

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 13654 Victory Boulevard, Suite 111, Van Nuys, CA 91401.

On January 9, 2024, I served the foregoing document(s) described as:

**OPPOSITION TO MOTION TO SET ASIDE JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

Siu Fan Tsang
Hoi Kan Lau
6726 Salter Avenue
Arcadia, CA 91007

☒    (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our office's address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒    (BY ELECTRONIC MAIL): I caused such document to be transmitted electronically as follows:

SiuFan Tsang <siufantsang@gmail.com>

Executed on January 9, 2024.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Kevin Hermansen

6
MEMORANDUM OF POINTS AND AUTHORITIES

# Exhibit # 4

**PROOF OF SERVICE**
LASC Case # 23PDUD01863

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 6277 Van Nuys Boulevard, Suite 204, Van Nuys, CA 91401.

On October 16, 2023, I served the foregoing document(s) described as:

**NOTICE AND MOTION OF DEFENDANTS CHRISTOPHER LOPEZ, CYNTHIA CARTER AND MARGARITA ALVAREZ FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS AND EXHIBITS IN SUPPORT THEREOF**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

☒         (BY ELECTRONIC MAIL): I caused such document to be transmitted electronically as follows:

Charles Pok, Esq. (Attorney for Plaintiffs): charlespok@aol.com

Executed on October 16, 2023 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Kevin Hermansen

---

17
MEMORANDUM OF POINTS AND AUTHORITIES

# Exhibit # 5

HOI KAN LAU, SIU FAN TSANG
Plaintiffs In Pro Per

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES, PASADENA COURTHOUSE

HOI KAN LAU, SIU FAN TSANG )  CASE NO. 23PDUD01863
                           )
                           )  NOTICE OF MOTION AND MOTION
         Plaintiff,        )  TO SET ASIDE JUDGMENT;
                           )  MOTION FOR ORDER TO QUASH
                           )  SERVICE;
vs.                        )  MEMORANDUM OF POINTS AND
                           )  AUTHORITIES; DECLARATIONS OF
                           )  SIU FAN TSANG; EXHIBITS
CHRISTOPHER LOPEZ AND CYNTHIA )
                           )
                           )  Date:    1/26/23
                           )  Time:    1:30 PM
         Defendants.       )  Dept:    R

TO THE COURT, EACH PARTY, AND THEIR COUNSELS:

YOU ARE HEREBY NOTIFIED THAT at the above-captioned date and time and department in the courthouse located at Pasadena Courthouse, 300 E Walnut street, Pasadena, CA 91101 that the plaintiff will move the court for an order requesting that the Judgment be set aside, as well as an order quashing the motion for attorney's fee due to lack of jurisdiction due to improper service pursuant to CCP § 418.10(a)(1). This motion is made on the following grounds:

The court may set aside a judgment obtained (in whole or in part) by extrinsic fraud and/or mistake such as a false/invalid Proof of Service (CCP §128(a)(8), CCP §86(b)(3) (in limited civil cases));

249

The court may set aside a judgment that was entered due to the plaintiff's inadvertence, surprise, mistake, or excusable neglect (CCP §473(b));

The plaintiff's right to due process and a fair trial (CA Constitution Article I §7 and the 5th and 14th Amendment of the US Constitution) was violated;

There was lack of jurisdiction over the plaintiff due to improper service (CCP §418.10(a)(1));

All moving and supporting papers must be served to interested parties 16 court days before the hearing (CCP §1005(b) and CRC 3.1300);

Motion to claim attorney's fee must be served within 30 days after dismissal (CRC Rule 3.1702 and CRC Rule 8.822);

Party who claims costs must serve and file a memorandum of costs within 15 days after dismissal (CRC Rule 3.1700);

For all actions, service and proof of such service must made (California Rules of Court Rule 3.510(a));

The unserved party may assert the failure to serve as a basis for appropriate relief (California Rules of Court Rule 3.510(c));

The plaintiff do hereby move to set aside the adverse judgment entered on November 29th, 2023.

This motion will be based upon this notice, the attached memorandum of points and authorities and declarations of Siu Fan Tsang, and the records and files in this action.

DATE: December 26th, 2023          by: _Siu Fan Tsang_

Siu Fan Tsang

Plaintiff Pro Per

## Memorandum of Points and Authorities in Support of Motion to Set Aside Judgment

### I. Background

The plaintiff dismissed the case on October 2nd, 2023 and then told her ex-attorney Charles Pok that he was dismissed after he filed the dismissal that same day. The ex-attorney was instructed to notify the opposing counsel of the change in legal representation. The plaintiff had also made great efforts to notify the opposing party of the change in legal representation. The opposing counsel Ben Gharagozli even verbally confirmed over a phone call that he did in fact received the notice telling him of the change in legal representation.

Unbeknownst to the plaintiff, the opposing counsel Ben Gharagozli filed a motion for attorney's fee on October 16th, 2023. This motion was improperly served to the plaintiff's ex-attorney Charles Pok via email despite the opposing counsel Ben Gharagozli being well aware of the plaintiff's change in legal representation. Charles Pok should have already emailed notification to the opposing counsel on or about October 2nd, 2023 and as previously mentioned, ADDITIONAL proper written notice was given telling the opposing party and counsel of the change in legal representation and the opposing counsel even confirmed verbally over the phone that he received notice. The court was not notified of the change in legal representation only because the case was dismissed and there was no pending action. Even though the opposing attorney was well aware that Charles Pok was no longer the plaintiff's legal representative, the motion for attorney's fee was still served to the plaintiff's ex-attorney Charles Pok via email on October 16th, 2023. The motion for attorney's fee was NEVER served on the plaintiff.

The plaintiff only first gained knowledge of the motion for attorney's fee on November 8th, 2023; just 4 court days before the hearing date of November 15th, 2023. Also, the opposing counsel only sent a copy of the motion for attorney's fee to the plaintiff on November 8th, 2023 via email. Attached to the pdf file of the motion for attorney's fee was still the Proof of Service for the motion served to Charles Pok on October 16th, 2023. The plaintiff was never served the motion. There was NEVER any valid Proof of Service for the Motion for Attorney's Fee. The plaintiff knew from the start that she was not properly nor timely served.

Since the plaintiff only knew about the hearing 4 court days before the hearing, instead of the 16 court days before the hearing mandated by CCP §1005(b). The plaintiff lacked time to defend and

lacked time to do proper research. The plaintiff, after gaining knowledge of the hearing, attempted to find a competent attorney to handle the matter but were not successful. The hearing was soon coming, the plaintiff knew that she was improperly served but being deprived of time to find help, had to write the motion to quash service herself without the aid of persons with knowledge of the law. Many mistakes were made due to lack of time, the "Motion to Quash Service" was incorrectly titled as "Opposition to Defendant's Motion for Attorney's Fee" even though the PURPOSE and INTENT of the document was to raise the issue of improper service and quash service for the opposing counsel's motion for attorney's fee. The document served and filed was in FACT, FORM, PURPOSE and INTENT a motion to quash service. Besides being erroneously titled, there were many other mistakes with the filed motion to quash service filed as well, such as lack of a Memorandum of Points and Authorities, lack of a Declarations, lack of citations, inadvertent inclusion of things that should be in a separate document, etc. In addition, the plaintiff specially appearing in court personally to raise the issue of improper service even though the plaintiff did not need to do so. All these mistakes were due to the plaintiff being deprived of time to defend, deprived of time to search for an attorney, deprived of time to do proper research; in violation of the plaintiff's constitutional right to due process and a fair trial.

Due to the wrongly titled, badly written and mistake filled Motion to Quash Service filed by the plaintiff on November 13th, 2023. As well as the incompetence of the court interpreter when the plaintiff tried to raise the issue of improper service in court. (The court interpreter provided by the court was so incompetent such that communication with the judge was almost impossible. When the plaintiff wanted to tell the judge she only learned of the hearing on November 8th, 2023 and that she was improperly served and did not get a copy of the motion until that same day and that the Proof of Service for the motion was to her ex-attorney was invalid, the interpreter was NOT able to tell the judge the information at all. The judge angrily remarked "That's TODAY, you idiot" and the interpreter clammed up and was silent until the judge moved on and completely overlooked the issue of improper service.)

The court completely disregarded the in fact, form, function, intent and purpose the MOTION TO QUASH SERVICE the plaintiff had filed (the whole document was considered invalid by the court as there were so many mistakes and lack citations and the merits were never considered). The issue of

improper service was not addressed at all. And subsequently the court entered an adverse judgment against the plaintiff.

It is plain to see that the plaintiff was adversely affected by the opposing counsel's improper service and the mistakes the plaintiff had made are excusable. The plaintiff was never properly and timely served with the motion for attorney's fee and only first gained knowledge of the hearing 4 court days before the hearing. This is FACT. This is plainly in violation of the plaintiff's constitutional right to due process and a fair trial.

If the plaintiff's constitutional right was not violated, the plaintiff would have had time to seek competent legal counsel or time to do proper research, the plaintiff would have known that she did not even have to respond nor show up in court to raise the issue of improper service at all. Her efforts to raise the issue of improper service were filled with mistakes due to being deprived of time to defend.

The errors and mistakes the plaintiff committed were entirely excusable under CCP §473(b) and CCP § 128 giving the court the power to reverse or vacate a judgment in the interest of law and justice. In the interest of due process and a fair trial, the motion to set aside judgment and the motion to quash service should be granted. As IN FACT, it is INDISPUTABLE that there was improper service, and in FACT, FORM, PURPOSE and INTENT, the court papers filed and special appearances made by the plaintiff were to raise the issue of improper service and did not constitute general appearances.

The court may set aside a judgment obtained by external fraud and/or mistake (CCP §128(a)(8), CCP §86(b)(3) (in limited civil cases)). Such fraud and/or mistake includes most external circumstances depriving a party of a fair trial, such as the other party filing a false/invalid proof of service. As is the case here.

While case laws have held that general appearances by a party constitute a waiver of the right to raise issue with defective service. Such case laws are NOT applicable to this case. Right from first gaining knowledge of the hearing, the plaintiff had raised the issue of improper service in the papers filed as well as in special appearances in court. See **Exhibit F p2**, where the words "improper service" is

253

circled. This is the document the plaintiff filed on November 13th, 2023 for the purpose of quashing the motion for attorney's fee due to improper service, The plaintiff had always intended to quash the motion for attorney's fee based on improper service, and all court papers filed and all special appearances made by the plaintiff were efforts to raise the issue of improper service and as such, in fact, form, intent, and purpose such efforts constituted a motion to quash service and do not constitute general appearances pursuant to CCP §418.10(d) and CCP §418.10(e).

The court NEVER addressed the issue of improper service due to improper service. In fact, because the papers the plaintiff had filed were so filled with mistakes and lacked a Memorandum, lacked a Declaration, lacked citations, etc. that the papers were completely disregarded. So it can not be deemed that the court had ever denied a motion to quash service. And as previously mentioned, all papers filed and special appearances in court made by the plaintiff were to raise the issue of improper service and did not constitute general appearances that put the plaintiff under the jurisdiction of the court. The plaintiff had never waived the right to raise issue with improper service. Nor was a motion to quash service ever denied.

The moving plaintiff is now asking the court to set aside the adverse judgment entered on November 29th, 2023 under CCP §473(b) and CCP §128(a)(8), CCP §86(b)(3) (in limited civil cases) as well as an order quashing service of the motion for attorney's fee under CCP §418.10(a)(1) based on a new properly titled and written Motion to Quash Service.

The court has wide latitude and power to set aside a judgment based on mistake, inadvertence, surprise, or excusable neglect as well as a judgment obtained by a false proof of service. The plaintiff's motion to set aside the adverse judgment and motion to quash service should be granted in the interest of justice, due process, and fairness.

2546

## II. LEGAL ARGUMENTS

**A. The court may set aside a judgment at anytime using its equitable powers under CCP § 128(a)(8), 86(b)(3) when a judgment is entered based on extrinsic fraud and/or mistake, and, in limited civil cases, inadvertence and/or excusable neglect.**

The Court has inherent equitable powers to set aside a judgment obtained by extrinsic fraud and/or mistake to ensure its orders conform to JUSTICE. See CCP § 128(a)(8). In limited civil cases, the Court may also consider inadvertence and excusable neglect. See CCP § 86(b)(3). Such fraud and/or mistake includes most external circumstances depriving a party of a fair trial, such as the other party filing a false/invalid proof of service. *In re Marriage of Park* (1980) 27 Cal.3d 337, 342; also *Sullivan, supra,* 256 Cal.App.2d 304. Which is what happened here in this case. The opposing counsel's Proof of Service for his motion for attorney's fee was false and invalid and the judgment obtained was based (in whole or in part) on this false and invalid Proof of Service.

**B. Pursuant to California Code of Civil Procedure § 473(b), the court should set aside the adverse judgment entered on November 29th, 2023 based on mistake, inadvertence, surprise, or excusable neglect.**

**Grounds for Relief.** On application, the court may, on any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect (Code Civ. Proc. §473(b)).

**Court Has Wide Discretion in Granting Relief.** A trial court has wide discretion to grant relief under Code of Civil Procedure Section 473 (*Berman v. Klassman* (1971) 17 Cal. App. 3d 900, 909, 95 Cal. Rptr. 417).

**C. The plaintiff's constitutional right to due process and a fair trial was violated due to improper service of notice.**

Sufficient and proper notice must be given to inform interested party of a pending action. In *Jones v. Flowers*, 547 U.S. 220 (2006) and *Mullane v. Central Hanover Bank & Trust* Co., 339 U.S. 306 (1950), the Supreme Court of the United States ruled that sufficient and proper notice must be given to a party under the Fourteenth Amendment to the United States Constitution, otherwise it is a breach of the unserved party's constitutional right to due process and a fair trial.

Due process is also guaranteed by the California Constitution Article I § 7.

The opposing counsel's improper service is in violation of the plaintiff's constitutional right to sufficient notice, due process and a fair trial and the adverse judgment must be vacated. The plaintiff assert that she never gave up her right to raise issue of due process and improper service and has from the beginning asserted that she was improperly served and her right to due process violated.

**D. There was IN FACT improper service. That is not in question. The court should quash service of the motion for attorney's fee due to improper service and lack of jurisdiction.**

**Motion to Quash.** Within such **further time** as the court may for **good cause** allow, a party may serve and file a notice of motion to quash service on the ground the court lacks jurisdiction over him or her (Code Civ. Proc. § 418.10(a)(1)).

Papers filed and special appearances made by the plaintiff were all efforts to raise the issue of improper service and as such are considered efforts to quash and not considered general appearances under Code Civ. Proc. § 418.10(d) and Code Civ. Proc. § 418.10(e).

Service of the motion for attorney's fee remains defective and should be quashed

**E. Compliance With Statutory Provisions Governing Service of Process Is Required.**

Service of notices of actions in conformance with the mode prescribed by statute is deemed jurisdictional, and, absent such service, no jurisdiction is acquired by the court in the particular action (*Renoir v. Redstar Corp.* (2004) 123 Cal. App. 4th 1145, 1150, 20 Cal. Rptr. 3d 603; *Schering Corp. v.*

256⁸

*Superior Court* (1975) 52 Cal. App. 3d 737, 741, 125 Cal. Rptr. 337; *Sternbeck v. Buck* (1957) 148 Cal. App. 2d 829, 832, 307 P.2d 970).

Papers filed and special appearances made by the plaintiff were all efforts to raise the issue of improper service and as such are considered efforts to quash and not considered general appearances under Code Civ. Proc. § 418.10(d) and Code Civ. Proc. § 418.10(e).

**F. All moving and supporting papers must be served to interested parties 16 court days before the hearing.**

Pursuant to California Code of Civil Procedure §1005(b) and California Rules of Court Rule 3.1300, all moving and supporting papers must be served to interested parties 16 court days before the hearing. Not only was the plaintiff never properly served with the motion in violation of due process, the opposing counsel is additionally in violation of CCP §1005(b) and CRC 3.1300

**G. Motion to claim attorney's fee must be served within 30 days after dismissal**

Pursuant to California Rules of Court Rule 3.1702 and Rule 8.822. The opposing counsel must serve the motion to claim attorney's fee within 30 days after case was dismissed. The opposing counsel is in violation of such. Not only was the motion never properly served to the plaintiff, the plaintiff only received a copy of the motion on November 8th, 2023, the 37th day after case was entered on dismissal on October 2nd, 2023, more than 30 days after case was dismissed. The opposing counsel violated CRC Rule 3.1702 and Rule 8.822.

**H. Party who claims costs must serve and file a memorandum of costs within 15 days after case dismissal**

Pursuant to California Rules of Court Rule 3.1700, the supporting document to the motion for attorney's fee, the Memorandum of Costs, must be served to the plaintiff within 15 days after case dismissal. Not only was the memorandum of costs never properly served to the plaintiff, the plaintiff only received a copy of the memorandum of costs on November 13th, 2023, the 41st day after case was entered on dismissal on October 2nd, 2023. The opposing counsel violated CRC Rule 3.1700

257⁹

**I. For all actions, service and proof of such service must be made. The unserved party may assert the failure to serve as a basis for appropriate relief.**

Pursuant to California Rules of Court Rule 3.510(a), proper service and proof of such service must be made for all motions.

Pursuant to California Rules of Court Rule 3.510(c), the unserved party may assert the failure to serve as a basis for appropriate relief.

The plaintiff was NEVER properly served with the motion for attorney's fee. The only Proof of Service for the opposing counsel's motion for attorney's fee was invalid. The opposing counsel NEVER took corrective action for the improper service. This issue was never addressed by the court. The plaintiff must be granted appropriate relief; the adverse judgment must be set aside and the motion for attorney's fee be quashed for improper service.

**THE PLAINTIFF ADDITIONALLY ARGUES:**

**J. The papers previously filed by the plaintiff in response to the opposing counsel's motion for attorney's fee constituted a Motion to Quash Service in fact, form, function, purpose and intent. The plaintiff never waived the right to raise issue with defective service and lack of jurisdiction. The papers filed and special appearance of the plaintiff do not make the defective service retroactively valid as those were efforts to raise the issue of improper service.**

On November 13th, the plaintiff made a grave mistake of filing a motion to quash service with the wrong title of "OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEE" instead of "NOTICE OF MOTION AND MOTION TO QUASH SERVICE". But this was because the plaintiff lacked sufficient time to find an attorney and lacked time to do research. The plaintiff had always argued that there was improper service. This is NOT an issue that was raised only after judgment. This issue was raised right from the beginning. It was clear that the plaintiff had right from first knowledge of the hearing that the plaintiff had intended to raise the issue of improper service and lack of jurisdiction. The mistake the plaintiff made was PROCEDURAL and NOT in FACT. The responses and appearances

made by the plaintiff constituted efforts to quash service and thus were a motion to quash service in fact and in form.

It is clear that the plaintiff NEVER waived the right to raise issue with improper service and lack of jurisdiction. This mistakes made by the plaintiff were entirely the fault of the opposing counsel's improper service depriving the plaintiff of time to defend. Any laws and case laws along the line of an appearance or response constituting an unqualified waiver of previous defects in the service of process do NOT apply in THIS CASE; in all those laws and cases where a party's response or appearance meant that the party waived the issue of defective service, the issue of defective service was NOT raised at the beginning. In this case, however, the plaintiff had right from the start, FILED a motion to quash service, argued that the service was defective and the motion for attorney's fee be quashed based on defective service; despite the wrong title, the papers were in fact a motion to quash service. In the papers filed on November 13th, 2023, "improper service" were the first words after "the following grounds:".

The mistakes the plaintiff had made in filing her motion to quash service are excusable. The responses and special appearances made by the plaintiff constituted a motion to quash service in fact, in purpose and in intent, and do NOT general appearances under Code Civ. Proc. § 418.10(d) and Code Civ. Proc. § 418.10(e).

**All this means that the plaintiff never waived the right to raise issue with defective service and lack of jurisdiction and the appearance of the plaintiff did not make the defective service retroactively valid. In fact, the plaintiff raised the issues with defective service and lack of jurisdiction repeatedly. BUT the issue was NOT previously addressed by the court at all. So laws and case laws about an appearance or response being a waiver of previous defects in the service of process do NOT apply in THIS CASE. In this case, appearances and response by the plaintiff were ALL in fact and in form part of the motion to quash service.**

**In this case, additionally, there was FRAUD committed by the opposing attorney as well, and this FRAUD is a new issue in addition to the improper service issue raised in previously filed papers.**

259¹¹

**K. The plaintiff did not made General appearances when the plaintiff filed papers or shown up in court in response to the motion for attorney's fee. Those were special appearances to raise the issue of improper service.**

Laws, case laws and statutes about general appearance such as CCP §410,50(a) where in it states that "A general appearance by a party is equivalent to personal service of summons on such party" are NOT applicable to this case. The merits were never considered as the papers the plaintiff previously filed had a wrong title, lacked Memorandum of Points and Authorities, lacked Declarations, lacked citations, etc. The plaintiff only raised the issue of improper service in court and that issue was not considered, as such, a motion to quash service was never denied. The efforts by the plaintiff to raise the issue of improper service do not constitute general appearances.

The papers the plaintiff filed and special appearances in court were NOT general appearances because those papers and appearances were to argue that the opposing counsel improper served the notice of hearing. Those papers filed and appearances were all in form, function, purpose and intent a part of a motion to quash service and do not constitute general appearances under Code Civ. Proc. § 418.10(d) and Code Civ. Proc. § 418.10(e)

**J. The court never denied the motion to quash service.** Because the motion to quash service filed by the plaintiff was wrongly titled and contained other mistakes, such as lacked Memorandum of Points and Authorities, lacked Declarations, lacked citations, inadvertent inclusions, etc. , the court never addressed the issue of improper service at all, as such, a motion to quash service was never denied.

### Declarations

I, Siu Fan Tsang, am the plaintiff in this matter, and I declare the following in support of my motion to set aside the judgment in my case:

CONTENTS OF THE PROOF OF SERVICE OF THE MOTION FOR ATTORNEY"S FEE

1. I have reviewed the court file, and there is no **valid** Proof of Service for the opposing party's motion for attorney's fee.

2. The defendant's Proof of Service for the Motion for Attorney's Fee states that the motion was served to Charles Pok Esq. at the email address charlespok@aol.com

3. Service allegedly took place on October 16th, 2023

4. The Proof of Service for the Motion for Attorney's Fee describes the person served as being named Charles Pok, attorney for the plaintiff.

5. The  Proof of Service for the Motion for Attorney's Fee identifies the server as a private individual.

6. This Proof of Service is false and invalid because at the time of service, October 16th, 2023, Charles Pok was no longer the plaintiff's legal representative. Proper written notices were given to the opposing party prior to October 16th, 2023. The opposing counsel even verbally acknowledged receipt of the written notice via email on the phone on October 10th, 2023. The opposing counsel knew full well that Charles Pok was no longer the plaintiff's legal representative when the motion for attorney's fee was filed on October 16th, 2023.

See **Exhibit A** for the invalid Proof of Service for the motion for attorney's fee.

7. The following facts support that the Proof of Service was false and invalid:

The plaintiff had properly notified the opposing counsel with written notices of a change in legal representation via the following actions:

a. On October 2nd, 2023, the plaintiff ordered her ex-attorney Charles Pok to dismiss the case and to notify the opposing counsel that Charles Pok would no longer represent the plaintiff once the dismissal was filed.

261¹³

b. On October 5th, 2023, the plaintiff had her son serve a notice informing the opposing party of the change in legal representation to the defendants at their place of residence.

c. On October 5th, 2023, the defendants were additionally mailed a copy of the notice via certified mail to their place of residence.

d. On October 5th, 2023, an attempt was made to mail a copy of the notice to the opposing counsel at 200 S. Barrington Ave, #491488, Los Angeles, CA 90049, but this attempt was unsuccessful as the address was actually a PO Box and not a physical address where certified mail can be received.

e. On October 9th, 2023, upon obtaining the email address of the opposing counsel, the opposing counsel Ben Gharagozli was emailed a copy of the notice informing the change in legal representation. The delay was due to efforts to find out the opposing counsel's email address. See **Exhibit B** for a copy of the email and notice sent to the opposing counsel on October 9th, 2023.

f. On October 10th, 2023, the opposing counsel Ben Gharagozli was called at the phone number 661-607-4665 and asked if he had received the emails that notified him of the change in legal representation. Ben Gharagozli verbally **CONFIRMED** that he had in fact received the emails and notice telling him of the change in legal representation. See **Exhibit C** for the server's affidavit affirming that the opposing counsel Ben Gharagozli verbally confirmed he received notice that told him Charles Pok was no longer the plaintiff's legal representative.

g. The court was not notified only because the case was dismissed and there was no action pending. Otherwise the court would have been informed as well.

Additionally:

h. The plaintiff only knew about the hearing for the motion for attorney's fee on November 8th, 2023, just 4 court days before the hearing was scheduled to take place.

i. The opposing counsel only emailed the plaintiff a copy of the motion for attorney's fee on November 8th, 2023. In addition to the improper service, this was just 4 court days before the hearing date of November 15th, 2023. Much less than the 16 court days mandated by CCP §1005(b). See **Exhibit D** for the email with the copy of the motion for attorney's fee the opposing counsel sent to the plaintiff on November 8th, 2023. The date of the email is circled.

26214

j. The opposing counsel never properly served the plaintiff when he sent the plaintiff a copy of the motion for attorney's fee on November 8th, 2023. The Proof of Service was still invalid and was still the Proof of Service for serving the motion for attorney's fee to the plaintiff's ex-attorney Charles Pok on October 16th, 2023. See **Exhibit A** for the Invalid Proof of Service.

k. The Motion for Attorney's Fee, as well as the supporting Memorandum of Costs, were NEVER properly served to the plaintiff. There exists no valid Proof of Service for those court documents. See **Exhibit E** for the email where the plaintiff first received the Memorandum of Costs from the opposing counsel. The date is circled.

8. I first learned about needing to go to a hearing for attorney's fee on November 8th, 2023, just 4 court days before the hearing scheduled for November 15th, 2023. The way I first learned about this lawsuit was being called by my friend Elizabeth Lau and being told that I was being sued by the other side and need to go to court. Elizabeth Lau was just told of this by the plaintiff's ex-attorney Charles Pok. And then Elizabeth Lau informed me. Charles Pok did not inform me directly nor provide me with more information.

Neither Elizabeth Lau and Charles Pok provided further details other than the court date of November 15th, 2023. The plaintiff had to contact the opposing counsel via emails, text messages, and phone calls for more details. The opposing counsel did not answer any questions, but did send a copy of the Motion for Attorney's Fee to the plaintiff at the email address siufantsang@gmail.com at November 8th, 2023 4:PM

I only learned of the hearing 4 court days before the court date of November 15th, 2023. This notice was obviously improper and untimely served right from the beginning. There was not enough time for me to find legal help nor to do proper research; which caused me to make a lot of mistakes.

9. I was not evading service, so my lack of actual notice of the motion for attorney's fee was not the result of evasion of service. In fact, I had gone above and beyond to inform the opposing party on how to give me proper notice.

263

10. I contend that my mistakes in filing a wrongly titled Motion to Quash Service riddled with mistakes was the result of inadvertence, surprise, mistake, or excusable neglect or lack of notice because I was deprived of time to defend , and my constitutional rights to due process and a fair trial was violated.

I simply lacked time to find an attorney and lacked time to do proper research on how a Motion to Quash Service should be titled and filed, among other mistakes.

11. But for the above facts, I would have filed a Proper Motion to Quash Service, attached as **Exhibit G**.

12. I additionally wish the court to consider the following when evaluating my request to set aside the judgment:

Proper written notice was sent to the opposing party informing them of the change in legal representation. The opposing counsel himself verbally confirmed that he received the notice of the change in legal representation. Please do not believe the opposing counsel when he says he never received notice telling him Charles Pok was no longer the plaintiff's legal representation after the case was dismissed. The opposing counsel LIES and has no qualms in committing perjury to obtain what he wants.

I filed papers and went to court to raise issue with improper service but the issue was overlooked and not addressed because of of my wrongly titled and error filled Motion to Quash Service that I filed on November 13th, 2023. Those are considered special appearances and not general appearances. The court should set aside the adverse judgment due to my excusable mistakes and because my constitutional right to due process and a fair trial was violated.

13. I have attached the following Exhibits to this declarations in support of my motion to set aside the judgment:

a. Exhibit A: The false/invalid Proof of Service for the Motion for Attorney's Fee the opposing counsel filed on October 16th, 2023

b. Exhibit B: The email and notice telling the opposing counsel that Charles Pok was no longer the plaintiff's legal representative. The date of October 9th, 2023 is circled.

264¹⁶

c. Exhibit C: The server's affidavit and call log affirming that the opposing counsel Ben Gharagozli verbally confirmed over the phone on October 10th, 2023 that the opposing counsel had in fact received the email and notice telling the opposing counsel that Charles Pok was no longer the plaintiff's legal representative.

d. Exhibit D: The email the opposing counsel sent to the plaintiff on November 8th, 2023, wherein the plaintiff first got a copy of the Motion for Attorney's Fee. There was no new valid Proof of Service. There was no attempt to fix defective service. It was still the false/invalid Proof of Service for the Motion for Attorney's Fee the opposing counsel filed on October 16th, 2023

e. Exhibit E: The email the opposing counsel sent to the plaintiff on November 13th, 2023, wherein the plaintiff first got a copy of the supporting document to the Motion for Attorney's Fee, the Memorandum of Costs.

f. Exhibit F: The first few pages of the erroneously titled and mistake filled Motion to Quash Service the plaintiff filed on October 13th, 2023. Just 2 court days after first gaining knowledge of the hearing on October 15th, 2023. These pages clearly show that the plaintiff had meant to QUASH the opposing counsel's motion due to improper service.

g. Exhibit G: The rightly titled Motion to Quash Service the plaintiff would have filed if the plaintiff had enough time to find a competent attorney or time to do proper research and write a properly titled Motion to Quash Service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: December 26th, 2023                    *Siu Fan Tsang*

Siu Fan Tsang, Plaintiff in Pro Per

265⁷

# Exhibit # 6

HOI KAN LAU, SIU FAN TSANG
Plaintiffs In Pro Per

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES, PASADENA COURTHOUSE

| | |
|---|---|
| HOI KAN LAU, SIU FAN TSANG ) | CASE NO. 23PDUD01863 |
| ) | |
| ) | OPPOSITION TO DEFENDANTS' |
| ) | MOTION FOR ATTORNEY FEE |
| Plaintiff, ) | DECLARATIONS OF SIU FAN TSANG |
| ) | |
| vs. ) | |
| ) | |
| CHRISTOPHER LOPEZ AND CYNTHIA ) | Date: 11/15/2023 |
| ) | Time: 01:30 PM |
| ) | Dept: R |
| ) | |
| Defendants. ) | |

TO THE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:

Dear honorable judge, I am Siu Fan Tsang, one of the plaintiffs, I am representing myself on this matter as I simply do not have disposable thousands of dollars to spend to hire an attorney to work overtime on this. Please forgive me for any trouble that this may cause.

I created this document with the help of my son over the weekend, however, he shall not be considered a party to this case.

I apologize in advance for what I know will be my horrible performance at court. I am naturally a very timid person have terrible stage flight and my brain just freezes when many people are watching and listening to me. My mind just blanks out and can't think. I was told that this is called a fight, flight, or freeze response. Once, years ago, I was told to state my name and address in court and I froze and

267

couldn't stammer out my own name and address at all for many minutes; my son and translator had to speak my own name and address for me. Also, I am very bad with English, I know the English alphabets and that's about it. My lack of aptitude with the English language will surely affect my performance in court. Also, I know I will struggle to remember and to explain things. Please forgive me as I am not very bright and has only a very basic level of education. My son always told me that I am stupid and rambles on and on about things. He even says I am senile. Please forgive me, a poor little old lady, for what I am sure will be a horrible performance in court.

Please take note that the Plaintiff, Opposes Defendants' Motion For Attorney's Fees on the following grounds:

1.  Improper Service;

    The plaintiff do declares that she was improperly served.

    On the day of October 2nd, 2023 when I told my ex-attorney Charles Pok to dismiss the case, I told him his services were no longer needed once he filed and served the case dismissal that very same day and he agreed. I also instructed Mr. Pok to inform the opposing counsel of this as well. Since this was very important, to make sure that the opposing party understood this, I had my son help me wrote a letter informing the defendants of this. This letter was left in the mailbox where the defendants reside on October 5th, 2023 and a copy was also certify-mailed to them on October 5th, 2023. The letter can be found in **Exhibit A.**

    Once I had the email address of the opposing counsel, I also told my son to use my email to email the opposing counsel a pdf file of the letter in Exhibit A on October 9th, 2023. The letter in the pdf file, as well as the text in another email, informed the opposing attorney that Mr. Pok no longer represented us and that all notices and communications shalt henceforth be directed to me at siufantsang@gmail.com; with calls and text messages directed to the phone number 718-300-6010. A copy of the emails sent to Ben Gharagozli on October 9th, 2023 can be found in **Exhibit B.**

    On the next day, I had my son call the opposing counsel for confirmation of receipt of the emails. The opposing counsel Ben Gharagozli called my son back on October 10th, 2023 at

268

11:09AM and acknowledged receipt of the emails in Exhibit B, which also contained a pdf file of the notice in Exhibit A. A phone log showing when opposing counsel Ben Gharagozli called my son back and acknowledged receipt of the emails is in **Exhibit C.**

The Plaintiff was not properly served with the moving party's Motion for Attorney's Fee and Memorandum. I only found out about the motion and the coming court date on November 8th, 2023 at around 1:30 pm, when my friend and real estate agent Elizabeth called me and told me that my ex-attorney Charles Pok told her to tell me I was being sued and had to be in court next week on November 15th. My ex-attorney Charles Pok said he was busy and didn't have time for me and would not tell me more.

I was very desperate and short on information and had my son help me text messaged and emailed the opposing attorney Ben Gharagozli for more information. After many text messages being ignored and many hours of waiting, we finally got an email from Ben. Ben said in the email that he would not answer any question at all. Attached to the email was a pdf file of the opposing counsel's Motion for Attorney's Fee and Memorandum. The plaintiff only received a copy of the opposition's motion via email from the opposing attorney on **November 8th, 2023 at 4:27pm**. A copy of the email the plaintiff received from the opposing counsel is in **Exhibit D.**

The last page of the pdf file containing the opposition's Motion for Attorney's Fee is a Proof of Service wherein it claimed the opposition's Motion for Attorney's Fee was served on **October 16th, 2023** via email to my ex-attorney Charles Pok. The opposition's Proof of Service can be found in **Exhibit E.**

Before October 16th, 2023, the date the opposition claim they "served" the plaintiff, I had already had my son repeatedly informed the opposing counsel and the defendants that Charles Pok no longer represented me and that all notices and communications should be directed to siufantsang@gmail.com and 718-300-6010. On the date of October 16th, 2023, as stated on the opposition's Proof of Service, all involved in the opposing side should have been well aware that notices should no longer be sent to Charles Pok but be sent to me. Yet they still "served" their motion and memorandum via email to Charles Pok. This is CLEARLY improper service.

Given all that I have told you, it is unbelievable that the opposing counsel made an honest mistake in failing to serve me with a copy of the motion and memorandum in a timely manner. Given the great effort I had made in informing them that all notices should be directed to me and not Charles Pok, I conjecture that this is deliberate dishonesty. The opposing attorneys Ben Gharagozli and Kevin Hermansen probably knew that my ex-attorney Charles Pok seldom check his emails. They had hoped that I would NOT found out about the motion and the court date on November 15th, 2023 and so would have done NOTHING, not even to show up. And so they would win by default. It is the only logical explanation. Even though I found out about the court date in time, they have succeeded in depriving me of time and have disadvantaged me.

All of the above is true and can be proven by material evidences and witnesses. As such, the plaintiff hereby declares that she was improperly served and ask the court deny the opposition's Motion for Attorney's Fee. If all the evidence provided is still not enough to convince the court that I, the plaintiff, only gained knowledge that the plaintiffs were being sued for attorney's fee, and only got a copy of the Motion and Memorandum on **November 8th, 2023.** The court can call upon the following witnesses: opposing counsel Ben Gharagozli, my exattorney Charles Pok, my friend Elizabeth Lau, and my son.

2. Past 15 days

Under CA law, to claim attorney's fee following a voluntary dismissal, the claimant must serve and file a costs memorandum within 15 days after service of the notice of dismissal. As declared previously, I, the Plaintiff, was not properly served and only got a copy of the Motion for Attorney's Fee and Memorandum on November 8th, 2023

November 8th, 2023 was the **37th** day after October 2nd, 2023 (the date when the case dismissal was electronically filed and then presumably subsequently emailed/served to the opposing attorney by my ex-attorney Charles Pok). A copy of the dismissal with date and time it was filed highlighted can be found in **Exhibit F.**

**37 days is way past the 15 days allowance; more than twice the allowance in fact.** As such, the opposition's Motion for Attorney's Fee should be deemed invalid. Also, given that the opposing

270⁴

party most likely mis-served the Motion and Memorandum on purpose, the opposing party should NOT be given an extension to serve and file another Motion for Attorney's Fee and Costs Memorandum, even if the court's power can grant it. Trickery should not be rewarded.

3. There is No successful party when the case is dismissed at such an early stage and for health concerns.

There is no successful party here. Attorney Fee award is only available to the successful party. In this case, we, the Plaintiff, dismissed the case voluntarily **LONG** before trial. We were told the jury trial would take place almost 2 years from October 2023 and would then take months. As such, it was a LONG way away from trial when the case was dismissed. The case was not decided on merit bases. There is no apparent defect on Plaintiffs' complaint. In fact, the court previously overruled the opposition's demurrer in its entirety, thus making the opposition the loser in the case if there must be one.

The reason why we, as Plaintiffs, dismissed the case was because one of the Plaintiffs, Hoi Kan Lau, is too sick to go through the hardship and stress of testifying in court during a long jury trial. Cross-examination in court would be too much for him and could even kill him because of his weak heart. The Declaration of Hoi Kan Lau can be found at **Exhibit G.**

It is **UNCONSTITUTIONAL** and against the plaintiffs' human rights to FORCE the plaintiffs to go through a long jury trial process and to punish the plaintiffs with "LOSING" the case for withdrawing the case to avoid a long, and sure to be stressful, jury trial procedure. This would be **murder**.

In summary, there is no successful party here. Hoi dismissed the case over valid health concerns. The Defendants are not the successful party. Thus their Motion for Attorney's Fee is invalid.

4. No standing

The Motion for Attorney's Fee the opposing attorney filed listed a Margarita Alvarez as a defendant. I literally have no idea who that is. That person is not on the rental agreement and

271⁵

don't live at 9705 Ardendale ave., Arcadia. A copy of the opposition's Motion can be found in **Exhibit H.**

I have instructed my son to ask the opposing counsel who that is but have been refused answers. This Margarita Alvarez is a complete stranger and NOT a party to this case. The opposition has never filed a motion to add an additional defendant and the court has not approved. As such, this person has no standing to sue for Attorney's Fee and this DEFECT calls into question the validity of their entire motion. This is ANOTHER reason the opposition's Motion for Attorney's Fee should be denied.

5. Lawyer's fee is excessive and unreasonable

The case has not advanced meaningfully at all due to the opposition's delaying tactics. The case was dismissed LONG before trial. My ex-attorney only charged me $4,000. It is unbelievable that the opposing counsel is charging $17,765 for so little work done. The opposing counsel certainly did NOT do 4 times the work. By my estimate, the opposing counsel would be charging $200,000 to $400,000 by the end of the jury trial when the bulk of legal work would happen. Should the court award the opposing counsel attorney's fee, the court should NOT trust their costs memorandum and calculate its own reasonable costs for attorney's fee. I highly doubt other dismissed cases at a similar stage of development awarded other attorneys a fee as high as the opposing counsel's unreasonbly excessive attorney's fee of $17,765

Due to the issues I raised. It would be a grave injustice to award the defendants anything at all. In the interest of justice, the court should do the right thing and deny the defendant's Motion for Attorney's Fee.

DATED: November 12th, 2023                    by: _Siu Fan Tsang_

                                                     Siu Fan Tsang

                                                     Plaintiff Pro Per

# Exhibit # 7

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT R          HON. WILLIAM D. DODSON, COMMISSIONER

HOI KAN LAU,                              )
                                          )
            PLAINTIFF,                    )
        VS.                               )
                                          )  CASE NO.:
CYNTHIA CARTER, ET AL.,                   )
                                          )  24PDUD01782
            DEFENDANT.                    )
_____ )

-o0o-

TRANSCRIPT OF PROCEEDINGS

AUGUST 1, 2024

APPEARANCES:

FOR THE PLAINTIFF:    CALIFORNIA PROPERTY LAW GROUP
                      BY:  KENNY LIM, ESQ.
                      930 SOUTH LA BREA AVENUE
                      SUITE 204
                      LOS ANGELES, CA 90036

FOR THE DEFENDANT:    LAW OFFICE OF KEVIN P. HERMANSEN, P.C.
                      BY:  KEVIN PAUL HERMANSEN, ESQ.
                      13654 VICTORY BOULEVARD
                      SUITE 111
                      VAN NUYS, CA 91401

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.
TRANSCRIPT PRODUCED BY LAURA GRIFFIN, CET-1709



HUNTINGTON COURT REPORTERS AND TRANSCRIPTION, INC.
PASADENA AND NATCHITOCHES, LA

2

M A S T E R   I N D E X

AUGUST 1, 2024

SESSIONS

THURSDAY, AUGUST 1, 2024                                    PAGE
     A.M. SESSION                                            5


               CHRONOLOGICAL INDEX OF WITNESSES

                                                           PAGE
LAU, SHING LUNG, CALLED BY PLAINTIFF
   DIRECT EXAMINATION BY MR. LIM                             12
   CROSS-EXAMINATION BY MR. HERMANSEN                        19
   REDIRECT EXAMINATION BY MR. LIM                           24

LAU, HOI KAN, CALLED BY PLAINTIFF
   DIRECT EXAMINATION BY MR. LIM                             27
   CROSS-EXAMINATION BY MR. HERMANSEN                        28



HUNTINGTON COURT REPORTERS AND TRANSCRIPTION, INC.
PASADENA, CA AND NATCHITOCHES, LA
275

3

M A S T E R   I N D E X

AUGUST 1, 2024


SESSIONS


THURSDAY, AUGUST 1, 2024                                    PAGE
     A.M. SESSION                                            5


ALPHABETICAL INDEX OF WITNESSES

                                                           PAGE
LAU, HOI KAN, CALLED BY PLAINTIFF
   DIRECT EXAMINATION BY MR. LIM                             27
   CROSS-EXAMINATION BY MR. HERMANSEN                        28

LAU, SHING LUNG, CALLED BY PLAINTIFF
   DIRECT EXAMINATION BY MR. LIM                             12
   CROSS-EXAMINATION BY MR. HERMANSEN                        19
   REDIRECT EXAMINATION BY MR. LIM                           24


HUNTINGTON COURT REPORTERS AND TRANSCRIPTION, INC.
PASADENA, CA AND NATCHITOCHES, LA
HCR

4

MASTER INDEX

AUGUST 1, 2024

EXHIBITS

| PLAINTIFF'S EXHIBITS | DESCRIPTION | FOR I.D. | IN EVID. | WITHDRAWN/ REJECTED |
|---|---|---|---|---|
| 1 | LEASE | 13 | 16 | |
| 2 | 5-DAY NOTICE | 15 | 16 | |
| 3 | PROOF OF SERVICE | 16 | 16 | |
| 4 | 3-DAY NOTICE | 17 | 18 | |
| 5 | PROOF OF SERVICE | 17 | 18 | |
| 106 | NOTICE | 25 | 26 | |

| DEFENSE'S EXHIBITS | DESCRIPTION | FOR I.D. | IN EVID. | WITHDRAWN/ REJECTED |
|---|---|---|---|---|

NONE


HUNTINGTON COURT REPORTERS AND TRANSCRIPTION, INC.
PASADENA, CA AND NATCHITOCHES, LA

5

CASE NUMBER:         24PDUD01782

CASE NAME:           HOI KAN LAU VS. CYNTHIA CARTER, ET AL.

PASADENA, CA         THURSDAY, AUGUST 1, 2024

DEPARTMENT R         HON. WILLIAM D. DODSON, COMMISSIONER

TRANSCRIBER:         LAURA GRIFFIN, CET-1709

TIME:                9:26 A.M.

APPEARANCES:  DEFENDANT CYNTHIA CARTER, ET AL., IS PRESENT WITH COUNSEL, KEVIN PAUL HERMANSEN, PRIVATE COUNSEL; KENNY LIM, PRIVATE COUNSEL, REPRESENTING HOI KAN LAU.

THE COURT:  GOOD MORNING.  READY FOR TRIAL?

UNIDENTIFIED SPEAKER:  YES, YOUR HONOR.

THE COURT:  LAU VERSUS CARTER AND LOPEZ.

OKAY.  VERY GOOD.  SO APPEARANCES FOR THE RECORD.

MR. LIM:  GOOD MORNING, YOUR HONOR.  KENNY LIM ON BEHALF OF THE PLAINTIFF.

THE COURT:  GOOD MORNING.

MR. HERMANSEN:  GOOD MORNING, YOUR HONOR.  KEVIN HERMANSEN FOR THE DEFENDANTS.

THE COURT:  GOOD MORNING.

AND WE'RE GOING TO HAVE A CANTONESE INTERPRETER WHEN WE GET THERE.

MR. HERMANSEN:  THAT'S CORRECT, YOUR HONOR.  WE HAVE A CANTONESE INTERPRETER.

THE COURT:  VERY GOOD.

THE INTERPRETER:  GOOD MORNING, YOUR HONOR.  THIS IS THE PLAINTIFF (INDISCERNIBLE) COURT-CERTIFIED CANTONESE



6

LANGUAGE INTERPRETER MING TAO WONG (PHONETIC), AND MY

(INDISCERNIBLE).  BADGE NUMBER IS 301783.  OATH ON FILE.

THE CLERK:  YOUR HONOR, I'M SORRY.  BUT HE'S NOT THE COURT-APPOINTED INTERPRETER.  I WAS NOT SECURED THROUGH THE COORDINATOR'S OFFICE, BUT I WAS, YESTERDAY, RETAINED BY THE PARTY.

(SHEILA CHAU, INTERPRETING FOR THE
PLAINTIFF'S WITNESS FROM ENGLISH INTO
CANTONESE AND CANTONESE INTO ENGLISH.)

THE INTERPRETER:  I'M SET BY THE COURT.  CERTIFIED INTERPRETER SHEILA CHAU.

THE COURT:  OKAY.

THE INTERPRETER:  CERTIFICATION NUMBER 300159.  OATH ON FILE.

THE COURT:  AND YOU'RE A CERTIFIED INTERPRETER?

THE INTERPRETER:  YES.

THE COURT:  OKAY.

THE INTERPRETER:  I USED TO WORK IT FULL TIME.

THE CLERK:  BUT NOT THROUGH THE CLERK?

THE INTERPRETER:  NOT IN THIS CASE I WAS NOT (INDISCERNIBLE).

THE CLERK:  SO, YOUR HONOR, WE HAVE TWO COURT-COORDINATED CANTONESE INTERPRETERS HERE.  THAT'S THIS MADAM INTERPRETER AND THIS MADAM INTERPRETER.

THE COURT:  ALL RIGHT.  THEN I'LL HAVE TO USE THE COURT-APPOINTED.



7

THE CLERK:  AND WE HAVE A PRIVATELY RETAINED INTERPRETER.

MR. HERMANSEN:  YOUR HONOR, WE'VE RETAINED A SEPARATE INTERPRETER.  MY CLIENT FEELS MORE COMFORTABLE WITH THIS INTERPRETER TO INTERPRET FOR HIM IN THIS.  --

THE COURT:  YEAH, BUT THE COURT FEELS MORE COMFORTABLE WITH THE COURT EMPLOYEE; SO, OBVIOUSLY, THERE'S THE POTENTIAL FOR BIAS AND CHANGING THE TESTIMONY.  SO WE'LL USE OUR INTERPRETERS.  WHATEVER OBJECTION THAT WAS, IT'S OVERRULED.

THE INTERPRETER:  JUST ONE POINT, YOUR HONOR.  I WAS HIRED BY THE OPPOSING SIDE FOR THE DEPOSITION AS WELL.  SO JUST ONE POINT.

THE COURT:  AND I'M SURE YOU WOULD TESTIFY (INDISCERNIBLE) PERSONALLY.

THE INTERPRETER:  YEAH.

THE COURT:  I'M JUST TALKING ABOUT IT IN GENERAL.

THE INTERPRETER:  I UNDERSTAND.

THE COURT:  NO, I'M NOT DISCOURAGING YOU OR YOUR WORK OR YOUR TALENT, AND IT'S A VALUABLE TALENT.  I UNDERSTAND, BUT WE'RE SUPPOSED TO USE OUR EMPLOYEES.

DID I GET THE APPEARANCES OF COUNSEL YET?

MR. HERMANSEN:  YES.

THE COURT:  I DID, I DID.

AND I DID NOT GET THE APPEARANCE OF THE SECOND CANTONESE INTERPRETER.


HUNTINGTON COURT REPORTERS AND TRANSCRIPTION, INC.
PASADENA, CA AND NATCHITOCHES, LA

8

(YUAN NING ZHENG, INTERPRETING FOR THE
PLAINTIFF'S WITNESS FROM ENGLISH INTO
CANTONESE AND CANTONESE INTO ENGLISH.)

THE INTERPRETER:  GOOD MORNING, YOUR HONOR.  YUAN
NING ZHENG, COURT-CERTIFIED CANTONESE INTERPRETER,
CERTIFICATION NUMBER 301942.  OATH ON FILE.

THE COURT:  VERY GOOD.  THANK YOU.

SO READY TO PROCEED?

MR. LIM:  YES, YOUR HONOR.

THE COURT:  OKAY.  SO THE WAY I DO EXHIBITS IS I'M
NOT GOING TO USE A BINDER.  YOU ALL MAY USE BINDERS, BUT I
WANT TO SEE THE DOCUMENT THAT'S BEEN BEFORE THE WITNESS
THAT AUTHENTICATES IT OUTSIDE OF A BINDER, AND THEN I'LL
KEEP TRACK OF NUMBERS, LETTERS, WHATEVER WE NEED.

THE COURT:  I CAN'T PUT THE WITNESS ON THE STAND.  HE
HAS TO STAY IN THE CHAIR.

MR. LIM:  YES, YOUR HONOR.  HE'S NOT ABLE TO LEAVE
HIS WHEELCHAIR.

THE COURT:  OKAY.

MR. LIM:  WE DO HAVE WE HAVE THREE WITNESSES THAT WE
MAY END UP CALLING.

THE COURT:  OKAY.  THAT'S FINE.  OTHER WITNESSES
WE'LL HAVE UP IN THE WITNESS BOX, BUT THAT'S FINE FOR THE
PLAINTIFF WITNESS TO TESTIFY FROM THERE.

MR. LIM:  AS A PRE-TRIAL MATTER, THE DEFENDANTS'
COUNSEL AND I HAVE HAD A DISCUSSION.  THE DEFENSE COUNSEL
HAS ALREADY STIPULATED TO THE FACT THAT ALL OF THE NOTICES



9

THAT WERE REQUIRED TO BE SERVED UNDER 1161.2 HAS BEEN PROPERLY SERVED FOR THIS CASE.

MR. HERMANSEN: AS I MENTIONED YESTERDAY, THE PROOFS OF SERVICE ARE ACCURATE, AND WE DO NOT CONTEST THEM AT ALL. THE NOTICE WAS SERVED AS IT SAID THEY DID.

THE COURT: OKAY.

ALL RIGHT. FORGIVE ME, I CAN'T REMEMBER. ARE WE TALKING ABOUT 1 OR 2 NOTICES? HOW MANY NOTICES?

MR. LIM: BOTH NOTICES --

MR. HERMANSEN: TWO NOTICES --

THE COURT: TWO NOTICES. THAT'S WHAT I THOUGHT. OKAY. ALL RIGHT. GREAT.

ANYTHING ELSE BEFORE WE START?

MR. LIM: NO, YOUR HONOR.

THE COURT: SWEAR WITNESSES?

MR. LIM: YOUR HONOR, OUR POTENTIAL WITNESS IS OUTSIDE IN THE HALL. CAN I BRING HER IN TO BE SWORN IN?

THE COURT: PLEASE.

(PAUSE.)

THE COURT: GOOD MORNING.

READY TO BE SWORN?

MR. LIM: WELL, THE THIRD ONE IS ALSO NEEDS TO BE --

THE CLERK: OKAY. CAN WE DO ONE AT A TIME SO --

BECAUSE SOMEBODY HAS TO STAY OUT THERE WITH THE BABY.

THE COURT: OKAY. WE'LL JUST DO IT THIS WAY THEN.

LET'S SWEAR TO THE PEOPLE WE CAN.


HUNTINGTON COURT REPORTERS AND TRANSCRIPTION, INC.
PASADENA AND NATCHITOCHES, LA
282

10

THE CLERK:  ALL RIGHT.

THE COURT:  YOU MAY REMAIN SEATED, OBVIOUSLY, IN THE WHEELCHAIR.

THE CLERK:  OKAY.  IF I COULD -- DOES SHE NEED AN INTERPRETER?

MR. LIM:  YES, SHE ALSO NEEDS AN INTERPRETER.


(PAUSE.)


THE CLERK:  IF I COULD HAVE EVERYONE PLEASE RAISE THEIR RIGHT HANDS TO BE SWORN.

DO YOU AND EACH OF YOU SOLEMNLY STATE THAT THE TESTIMONY YOU MAY GIVE IN THE CAUSE NOW PENDING BEFORE THIS COURT SHALL BE THE TRUTH, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, SO HELP YOU GOD?


(THE WITNESSES ANSWER IN THE
AFFIRMATIVE.)


THE CLERK:  THANK YOU.

STARTING WITH YOU, SIR, IF YOU COULD PLEASE STATE AND SPELL YOUR FIRST AND LAST NAME.

THE WITNESS:  H-O-I, K-A-N, L-A-U.

THE CLERK:  THANK YOU.

AND, MA'AM?

THE WITNESS:  S-I-U, S-A-N; LAST NAME:  T-S-A-N-G.

THE CLERK:  THANK YOU.

AND, MA'AM?



11

THE COURT:  THANK YOU.

THE WITNESS:  CYNTHIA CARTER, C-Y-N-T-H-I-A, C-A-R-T-E-R.

THE CLERK:  THANK YOU.

THE COURT:  THANK YOU.

MR. LIM:  YOUR HONOR, AND IF WE MAY SWEAR IN THE OTHER WITNESS WHO'S STANDING OUTSIDE?  HIS NAME IS SHING LUNG LAU.  HE'S GOING TO BE THE FIRST WITNESS THAT WE DO CALL.

THE COURT:  OKAY.

(PAUSE.)

THE COURT:  YOU MAY PROCEED.

MR. LIM:  MR. LAU, SHING LUNG, HE'S GOING TO BE THE FIRST WITNESS THAT WE'RE GOING TO CALL.  HE'S OUTSIDE AND WE NEED TO SWEAR HIM IN FIRST.

THE COURT:  OH, ALL RIGHT.

NOW WE HAVE ANOTHER WITNESS TO SWEAR IN.

MR. LIM:  HE DOES NOT NEED A TRANSLATOR.

THE CLERK:  OKAY.

AND WOULD YOU LIKE HIM AT THE WITNESS STAND, YOUR HONOR?

THE COURT:  HUH?

THE CLERK:  AT THE WITNESS STAND?

THE COURT:  YEAH, PLEASE.  OVER HERE.

(PAUSE.)



12

THE CLERK:  IF I COULD HAVE YOU PLEASE RAISE YOUR RIGHT HAND.

THE COURT:  FACE THE CLERK IF YOU WILL?

THE WITNESS:  YES.

THE CLERK:  DO YOU SOLEMNLY STATE THAT THE TESTIMONY YOU MAY GIVE IN THE CAUSE NOW PENDING BEFORE THIS COURT SHALL BE THE TRUTH, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, SO HELP YOU GOD?

THE WITNESS:  YES, I DO.

THE CLERK:  THANK YOU.

PLEASE HAVE A SEAT.  AND FOR THE RECORD, SIR, IF YOU COULD PLEASE STATE AND SPELL YOUR FIRST AND LAST NAME.

THE WITNESS:  MY NAME IS SHING LUNG LAU, S-H-I-N-G, L-U-N-G, L-A-U.

THE CLERK:  THANK YOU.

SHING LUNG LAU,
CALLED AS A WITNESS BY THE PLAINTIFF, WAS SWORN AND TESTIFIED AS FOLLOWS:

THE COURT:  YOU MAY INQUIRE?

MR. LIM:  THANK YOU, YOUR HONOR.


DIRECT EXAMINATION

BY MR. LIM:

Q    GOOD MORNING, MR. LAU.  CAN YOU STATE WHAT YOUR RELATION IS TO THE PROPERTY LOCATED AT 9705 ARDENDALE



13

AVENUE, ARCADIA, CALIFORNIA 91007?

        A    I'M THE AUTHORIZED PROPERTY MANAGER.

        Q    AND I'M GOING TO DIRECT YOUR ATTENTION TO
PLAINTIFF'S MARKED EXHIBIT NUMBER 1.  CAN YOU DESCRIBE FOR
THE COURT WHAT THIS IS?


            (MARKED FOR IDENTIFICATION:
            EXHIBIT 1, LEASE.)


        A    THIS IS THE LEASE BETWEEN THE PREVIOUS OWNER OF
THE PROPERTY AND THE CURRENT TENANTS.

        Q    AND IS THE CURRENT TENANTS CYNTHIA CARTER AS
WELL AS CHRISTOPHER LOPEZ?

        A    YES.

        Q    AND WAS THE PROPERTY RENTED TO THEM?

        A    YES.

        Q    AND UNDER THIS LEASE AGREEMENT, WAS THE RENTAL
AMOUNT $2,950?

        A    THAT'S WHAT THE LEASE SAYS, BUT THEY HAVE
ALWAYS ONLY PAID $2,932.20.

        Q    SO THEY OWED AT LEAST FOR EACH MONTH,
$2,932.50.

        A    TWENTY CENTS, YES.

        Q    AND DO YOU KNOW IF THE LEASE AGREEMENTS ALLOW
FOR ATTORNEY'S FEES?

        THE COURT:  SORRY, I HAVE TO INTERRUPT YOU.

            YOU GOTTA PUT THAT AWAY.  PUT THE PAPER AWAY,
PLEASE.  NO NEWSPAPERS.



14

GO AHEAD, COUNSEL, IF YOU'D ASK IT AGAIN.  I'M SORRY.

BY MR. LIM:

Q   DO YOU KNOW IF THE LEASE AGREEMENTS ALLOW FOR ATTORNEYS' FEES TO THE PREVAILING PARTY?

A   I UNDERSTAND THAT THE OWNER SENT A NOTICE IN DECEMBER OF 2023, THAT THERE WILL BE NO ATTORNEY'S FEE.

MR. HERMANSEN:  MOTION TO STRIKE.  LACKS FOUNDATION.

THE COURT:  MAY I HAVE A QUESTION AGAIN?  I MISSED SOMETHING IN THERE.

MR. LIM:  DO YOU KNOW IF THE LEASE AGREEMENTS ALLOWS FOR ATTORNEYS' FEES FOR THE PREVAILING PARTY IN LITIGATION?

THE COURT:  WHY IS IT IMPORTANT THAT HE KNOWS THAT?  IS IT NOT COMING INTO EVIDENCE?

MR. LIM:  THERE MAY BE A MOTION FOR -- OR THERE MAY BE COSTS ASSOCIATED WITH THIS FOR THE PREVAILING PARTY FOR ATTORNEYS' FEES.

THE COURT:  THERE MIGHT BE WHAT?

MR. LIM:  THERE MAY BE ATTORNEYS' FEES THAT ARE ASKED FOR BY EITHER PARTY IN THE EVENT OF EITHER PARTY PREVAILING IN THIS CASE.

THE COURT:  AND THE OBJECTION AGAIN.

MR. HERMANSEN:  THE OBJECTION WAS HE ASKED SOMETHING ABOUT THE FEES, AND HE SAID SOMEBODY ELSE WENT AND SERVED SOME NOTICE.  SO THE MOTION TO STRIKE WAS LACKS FOUNDATION.

THE COURT:  OKAY.  GRANTED.

BY MR. LIM:

Q   DID YOU CAUSE TO BE SERVED A 5-DAY PAY OR QUIT



15

NOTICE?

A    YES.

Q    DIRECTING YOUR ATTENTION TO PLAINTIFF'S MARKED EXHIBIT NUMBER 2.  IS THIS A TRUE AND CORRECT COPY OF THAT NOTICE?

(MARKED FOR IDENTIFICATION:
EXHIBIT 2, 5-DAY NOTICE.)

THE WITNESS:  YES.

BY MR. LIM:

Q    AND CAN YOU TELL FOR THE COURT HOW MUCH THE RENT WAS DEMANDED ON THIS NOTICE?

A    IT'S $11,728.80.

Q    AND DID THE TENANTS COMPLY WITH THIS 5-DAY NOTICE?

A    NO, THEY DID NOT.

Q    DID THEY EVER PAY YOU ANY OF THE RENT THAT WAS DEMANDED?

A    NO.

Q    DO YOU KNOW IF YOUR PARENTS HAD EVER RECEIVED THE MONEY?

A    THEY DID NOT.

Q    AND CAN YOU TELL FOR THE COURT WHAT PERIOD THIS RENT WAS DEMANDED FOR?

A    THE PERIOD IS FOR JANUARY OF THIS YEAR TO APRIL OF THIS YEAR.

Q    AND TURNING YOUR ATTENTION TO PLAINTIFF'S



16

MARKED EXHIBIT NUMBER 3.  CAN YOU DESCRIBE FOR THE COURT WHAT THIS IS?

(MARKED FOR IDENTIFICATION:

EXHIBIT 3, PROOF OF SERVICE.)

THE WITNESS:  THIS IS THE SERVICE OF NOTICE.

BY MR. LIM:

Q    AND THIS WAS SERVED BY A REGISTERED PROCESS SERVER?

A    YES.

MR. LIM:  YOUR HONOR, AT THIS TIME, PLAINTIFF WOULD LIKE TO MOVE INTO EVIDENCE PLAINTIFF'S MARKED EXHIBIT NUMBER 1, NUMBER 2, AND NUMBER 3.

THE COURT:  ONE IS THE LEASE, 2 IS THE 5-DAY NOTICE TO PAY OR QUIT, 3 IS THE PROOF OF SERVICE BY REGISTERED PROCESS SERVER?

MR. LIM:  YES, YOUR HONOR.

MR. HERMANSEN:  NO OBJECTION.

THE COURT:  ALL RIGHT.

ONE, 2, AND 3 IN EVIDENCE.

(RECEIVED IN EVIDENCE:

EXHIBITS 1 - 3)

MR. LIM:  THANK YOU, YOUR HONOR.

BY MR. LIM:

Q    DIRECTING YOUR ATTENTION TO PLAINTIFF'S MARKED



17

EXHIBIT NUMBER 4.  CAN YOU DESCRIBE FOR THE COURT WHAT THIS IS?

(MARKED FOR IDENTIFICATION:

EXHIBIT 4, 3-DAY NOTICE.)

THE WITNESS:  THIS IS A 3-DAY NOTICE TO QUIT.

BY MR. LIM:

Q    AND WAS THIS SERVED ONTO THE TENANT AS WELL?

A    YES.

Q    AND CAN YOU DESCRIBE FOR THE COURT WHAT THIS SAYS ON THIS DOCUMENT RIGHT HERE STARTING FROM "ON APRIL 19TH"?

A    "ON APRIL 19, 2024, THE TENANTS WERE SERVED WITH A 5-DAY NOTICE TO PAY OR QUIT.

"ON APRIL 29, 2024, THE PERIOD OF THAT NOTICE EXPIRED AT THE END OF THE DAY, AND THE TENANTS FAILED TO COMPLY WITH THAT 5 DAYS TO PAY OR QUIT NOTICE.  SO THEIR TENANCY WILL BE TERMINATED AT THE EXPIRATION OF THIS NOTICE."

Q    THANK YOU.

AND DIRECTING YOUR ATTENTION TO PLAINTIFF'S MARKET EXHIBIT NUMBER 5.  CAN YOU DESCRIBE FOR THE COURT WHAT THIS DOCUMENT IS?

(MARKED FOR IDENTIFICATION:

EXHIBIT 5, PROOF OF SERVICE.)

THE WITNESS:  THIS IS A DECLARATION OF SERVICE OF



NOTICE TO THE TENANTS.

BY MR. LIM:

Q    AND THIS IS IN RELATION TO WHICH DOCUMENT?

A    THE 3-DAY NOTICE TO QUIT.

Q    AND WAS THIS ALSO SERVED BY A REGISTERED PROCESS SERVER?

A    YES.

Q    THANK YOU.

MR. LIM:  YOUR HONOR, PLAINTIFF WOULD LIKE TO MOVE INTO EVIDENCE PLAINTIFF'S MARKED EXHIBIT NUMBER 4, AS WELL AS NUMBER 5.

MR. HERMANSEN:  NO OBJECTION.

THE COURT:  ALL RIGHT.  THEY'RE IN.

(RECEIVED IN EVIDENCE:

EXHIBITS 4 - 5.)

THE COURT:  YOU DON'T HAVE TO STAND UP.  RELAX.

MR. LIM:  THANK YOU, YOUR HONOR.

BY MR. LIM:

Q    ARE THE TENANTS STILL IN POSSESSION OF THE UNIT?

A    YES.

Q    AND YOU'VE NEVER RECEIVED ANY OF THE RENT DEMANDED IN THE NOTE; CORRECT?

A    YEAH, WE HAVEN'T.

Q    ARE YOU ALSO REQUESTING POSSESSION OF THE UNIT BACK, AS WELL AS A FORFEITURE OF THE LEASE AGREEMENT?



19

A    YES.

Q    ARE YOU ALSO ASKING FOR HOLDOVER DAMAGES AS PART OF THE JUDGMENT ALONG WITH THE RENT?

A    YES.

Q    DOES THAT RENT AMOUNT COME OUT AS LISTED UNDER PLAINTIFF'S MARKED EXHIBIT NUMBER 3 -- OR I'M SORRY -- NUMBER 2 AS $11,728.80, PLUS HOLDOVER DAMAGES WITH 80 DAYS AT A RATE OF $97.74, TOTALING $2,932.20 IN HOLDOVER.

A    YES.

MR. LIM:  THANK YOU, YOUR HONOR.  NO FURTHER QUESTIONS FOR THIS WITNESS.

THE COURT:  CROSS?

MR. HERMANSEN:  THANK YOU.


(PAUSE.)


THE COURT:  SIR, WHERE ARE YOU GOING?  YOU'RE STILL BEING EXAMINED.

THE WITNESS:  OKAY.  YES.


CROSS-EXAMINATION

BY MR. HERMANSEN:

Q    MR. LAU, AS THE AUTHORIZED PROPERTY MANAGER, WHAT ARE YOUR JOB DUTIES?

A    COMMUNICATE WITH THE TENANTS AND FIX WHATEVER ISSUES THAT THEY MAY HAVE AND OTHER THINGS.

Q    DO YOU DEAL WITH THE RENT AS WELL?

A    YES.



20

Q    AND HAVE YOU EVER HAD OCCASION TO MAKE REPAIRS AT MS. CARTER'S RESIDENCE?

A    YES.  SEVERAL TIMES.

Q    AND YOU YOURSELF DID IT.

A    IT DEPENDS ON WHAT THE REPAIRS.  LIKE FOR EXAMPLE, A GARAGE STORE, THAT, I HIRE SOMEBODY ELSE. SOMETIMES SOME OF THE IF -- LIKE, THE CHECKING THE SMOKE DETECTORS, I DID THAT MYSELF.

Q    THE DAY THAT YOU FIXED THE SMOKE DETECTORS, YOU SENT A TEXT MESSAGE TO MS. CARTER TO LET HER KNOW THAT YOU WERE COMING?

A    I SENT A 24-HOUR NOTICE.

Q    IN ADDITION TO THAT THOUGH, DID YOU ALSO TEXT MESSAGE WITH MS. CARTER?

A    I DON'T REMEMBER.  I MAY HAVE.  I SHOULD HAVE.

Q    HOW DID YOU GET MS. CARTER'S PHONE NUMBER?

A    THE OWNERS GAVE IT TO ME.

Q    THE OWNERS BEING YOUR FATHER.

A    YES.

Q    DID YOU --

A    I THINK, ACTUALLY, MY MOTHER GAVE IT TO ME.  I DON'T REMEMBER.

Q    ASIDE FROM TESTING ABOUT THE SMOKE DETECTORS, HAVE YOU HAD OTHER TEXT MESSAGES WITH MS. CARTER?

A    YES.

Q    AND IS YOUR PHONE NUMBER (718) 300-6010?

A    YES.

Q    IS THAT YOUR CELL PHONE?



21

A    YES.

(PAUSE.)

BY MR. HERMANSEN:

Q    YOUR PARENTS, THEY LIVE AT 221 SOUTH CURTIS AVENUE IN ALHAMBRA?

MR. LIM:  OBJECTION, YOUR HONOR.  RELEVANCE.

THE COURT:  I DIDN'T HEAR THE QUESTION.

MR. HERMANSEN:  I SAID, "YOUR PARENTS LIVE AT 221 SOUTH CURTIS AVENUE IN ALHAMBRA."

THE COURT:  THAT'S GOING TO BE RELEVANT?

MR. HERMANSEN:  YES, I PROMISE.

THE COURT:  ARE YOU GOING TO EXPLAIN IT, OR DO I HAVE TO WAIT?

MR. HERMANSEN:  WAIT.

THE COURT:  ALL RIGHT.  I'LL GIVE YOU SOME LATITUDE THERE.  GO AHEAD.

MR. LIM:  PLAINTIFF WOULD LIKE AN OFFER OF PROOF AS TO WHY THIS IS RELEVANT.

THE COURT:  OVERRULED.

GO AHEAD.

THE WITNESS:  I DON'T KNOW IF I'M AT LIBERTY TO SAY BECAUSE I DON'T LIVE THERE.  I MEAN, AM I AT LIBERTY TO SAY THAT?

THE COURT:  COULD YOU ANSWER THE QUESTION?  YOU'RE HERE TO ANSWER THE QUESTION.

THE WITNESS:  WELL, I DON'T KNOW IF I HAVE THE RIGHT



22

TO SAY IT, TO ANSWER THE QUESTION.

THE COURT:  I'M INSTRUCTING YOU TO ANSWER THE QUESTION.

THE WITNESS:  BUT I DON'T KNOW IF I HAVE THE RIGHT TO DO THAT.

THE COURT:  I'M TELLING YOU WHAT YOUR RIGHTS ARE RIGHT NOW.  YOU'RE IN MY COURTROOM.  ANSWER THE QUESTION OR REFUSE.  IF YOU WANT TO REFUSE, YOU CAN DO THAT TOO.

MR. LIM:  YOUR HONOR, AGAIN, PLAINTIFF WOULD RENEW THEIR OBJECTION.  I BELIEVE THAT THIS IS GOING TOWARDS SOMETHING THAT THE DEFENSE COUNSEL IS SEEKING OUTSIDE OF THIS CAUSE OF ACTION.  AGAIN, PLAINTIFF IS RENEWING THEIR OBJECTION TO ASK FOR AN OFFER OF PROOF BECAUSE THIS IS CLEARLY SEEKING SOMETHING OUTSIDE OF THE BOUNDS OF AN (INDISCERNIBLE) --

THE WITNESS:  THE DEFENDANTS ARE SQUATTERS WHO HAVE REFUSED TO PAY RENT FOR OVER A YEAR.  MY PARENTS ARE VERY SCARED OF THEM, AND MY PARENTS DO NOT -- WELL, THEY'RE SCARED.  YOU KNOW HOW PEOPLE ARE, YOU KNOW.  TENANTS, THEY MURDER THE LANDLORDS, SET FIRES TO THEIR HOUSES.

THE COURT:  OH, HAVE ANY OF THESE TENANTS DONE THAT?

THE WITNESS:  WELL, THEY ARE VERY -- WHAT'S THE WORD -- "NOT RIGHT IN THE HEAD."

THE COURT:  ALL RIGHT.  I'LL SUSTAIN THE OBJECTION.

GO AHEAD.  WE MAY REVISIT THAT.

THE WITNESS:  (INDISCERNIBLE).

THE COURT:  OKAY.  HANG ON.  YOU GOT ANOTHER QUESTION COMING.



23

BY MR. HERMANSEN:

Q    AND YOU YOURSELF, SIR, YOU LIVE AT 6726 SALTER AVENUE IN ARCADIA?

A    YES.

MR. LIM:  OBJECTION, YOUR HONOR.  SAME.

MR. HERMANSEN:  I WILL SHOW THE RELEVANCE IN JUST A MOMENT.

THE COURT:  GO AHEAD.

BY MR. HERMANSEN:

Q    AND YOU LIVE THERE WITH YOUR WIFE AND CHILDREN; CORRECT?

A    YES.

Q    AND IS IT CORRECT THAT YOUR MOTHER HAS A CONFLICT WITH YOUR WIFE AND DOESN'T VISIT YOU MUCH?

MR. LIM:  OBJECTION, YOUR HONOR.  RELEVANCE.

MR. HERMANSEN:  I PROMISE IT'S RELEVANT.

THE COURT:  OVERRULED.

THE WITNESS:  YES.  MY WIFE DOES NOT LIKE MY MOTHER. THEY HAVE ISSUES THAT THEY -- THEY JUST DON'T LIKE EACH OTHER.

BY MR. HERMANSEN:

Q    SO AS A RESULT, YOUR PARENTS DON'T OFTEN GO TO YOUR HOUSE?

A    YES, THEY DON'T.  THEY CAN'T EVEN DRIVE.  HOW (INDISCERNIBLE) ME?

Q    WHEN YOU COMMUNICATE WITH YOUR PARENTS, HOW DO YOU USUALLY DO THAT IF THEY'RE NOT THERE?  DO YOU DO IT BY PHONE?


HUNTINGTON COURT REPORTERS AND TRANSCRIPTION, INC.
PASADENA 296 AND NATCHITOCHES, LA
HCR

24

A     IF THEY'RE NOT THERE, YES, I USE MY PHONE.

Q     AND YOUR PARENTS HAVE THEIR OWN CELL PHONES?

A     YES.

Q     WITH A SEPARATE NUMBER THAN YOURS?

A     YES.

Q     HAVE YOU EVER SERVED ANY DOCUMENTS TO MS. CARTER?

A     YES.

Q     WHAT DOCUMENTS HAVE YOU SERVED TO HER?

A     I HAVE PERSONALLY SERVED SOME NOTICES, LIKE, THE 24-HOUR NOTICE TO ENTER THE PREMISE FOR INSPECTION AND REPAIRS, AND SOME OTHER NOTICE ABOUT BRINGING POTENTIAL BUYERS INTO THE PROPERTY, AND SOME NOTICES ABOUT -- WELL, THEY NEED TO PAY THE RENT.

Q     ANYTHING ELSE THAT YOU CAN REMEMBER?

A     I THINK THAT'S ABOUT IT.  I MAY HAVE SERVED SOME OTHER NOTICES.  I DON'T REMEMBER, BUT THOSE ARE THE MAIN THINGS.

MR. HERMANSEN:  THANK YOU.  I HAVE NO FURTHER QUESTIONS.

THE COURT:  THANK YOU.

REDIRECT?

MR. LIM:  YES, YOUR HONOR.


REDIRECT EXAMINATION

BY MR. LIM:

Q     MR. LAU, I'M GOING TO DIRECT YOUR ATTENTION TO DEFENDANT'S MARKED EXHIBIT NUMBER 106.  ARE YOU FAMILIAR



25

WITH THIS DOCUMENT?

(MARKED FOR IDENTIFICATION:

EXHIBIT 106, NOTICE.)

THE WITNESS:  YES, I AM FAMILIAR WITH IT.

BY MR. LIM:

Q    EARLIER YOU TESTIFIED THAT YOU HAD SERVED
MULTIPLE NOTICES TO THE DEFENDANT; IS THAT CORRECT?

A    YES.

Q    AND ARE THESE ONE OF THOSE NOTICES THAT YOU
ALSO SERVED?

A    I DID NOT PERSONALLY SERVE THIS NOTICE, BUT I
KNOW THAT THIS NOTICE WAS SERVED.

Q    BUT YOU HAD CAUSE TO BE SERVED --

A    YES, YES.

MR. HERMANSEN:  OBJECTION.  MOTION TO STRIKE.
FOUNDATION.

THE COURT:  WHAT'S WRONG WITH THE FOUNDATION?

MR. HERMANSEN:  HE DIDN'T PERSONALLY SERVE IT OR SEE
IT SERVED, BUT HE HAS SOME UNSTATED BELIEF THAT IT WAS
SERVED OUTSIDE OF HIS PRESENCE.

THE COURT:  OH, I'M SORRY.  I MISUNDERSTOOD.

MR. LIM:  YOUR HONOR, THE WITNESS HAS TESTIFIED THAT
HE'S AWARE OF THIS DOCUMENT, THAT HE KNOWS WHAT THIS
DOCUMENT IS.  HE HAD SOMEONE SERVE THE DOCUMENT.
FOUNDATION GOES TOWARDS WHETHER OR NOT THE WITNESS CAN
AUTHENTICATE AND VALIDATE THE ACTUAL DOCUMENT ITSELF.  THE



26

WITNESS HAS TESTIFIED TO THAT.

THE WITNESS HAS ALSO TESTIFIED TO A SEPARATE MATTER AS TO WHETHER OR NOT HE PERSONALLY HAS SERVED THE NOTICE OR HE HAD HIRED SOMEONE TO SERVE THE NOTICE.  HE TESTIFIED THAT HE HAD HIRED SOMEONE TO SERVE THE NOTICE.

THE COURT:  SO WHAT'S THE CURRENT QUESTION?

MR. LIM:  DID YOU CAUSE TO BE SERVED THIS NOTICE ON THE DEFENDANTS?

THE WITNESS:  YES.

THE COURT:  OKAY.  FOR WHATEVER THAT'S WORTH, GO AHEAD.

MR. LIM:  THANK YOU, YOUR HONOR.

PLAINTIFF WOULD LIKE TO MOVE INTO EVIDENCE DEFENDANT'S MARKED EXHIBIT 106 INTO EVIDENCE.

MR. HERMANSEN:  NO OBJECTION.

THE COURT:  ALL RIGHT.

(RECEIVED IN EVIDENCE:

EXHIBIT 106, NOTICE.)

MR. LIM:  NO FURTHER QUESTIONS FOR THIS WITNESS, YOUR HONOR.

THE COURT:  RECROSS?

MR. HERMANSEN:  NO.  THANK YOU.

THE COURT:  ALL RIGHT.  NEXT WITNESS?

YOU MAY STEP DOWN, SIR.

THE WITNESS: OKAY.  YES.  THANK YOU, YOUR HONOR.

THE COURT:  THANK YOU.

 HUNTINGTON COURT REPORTERS AND TRANSCRIPTION, INC.
PASADENA, CA AND NATCHITOCHES, LA

HCR

27

MR. LIM: YES, YOUR HONOR. PLAINTIFF WOULD LIKE TO CALL TO THE STAND MR. HOI KAN LAU. UNFORTUNATELY, HE CAN'T GO TO THE STAND IF IT'S OKAY FOR HIM TO TESTIFY AT --

THE COURT: FROM COUNSEL TABLE, YES.

MR. HERMANSEN: DEFENSE MAKES A MOTION TO EXCLUDE NON-PARTY WITNESSES.

THE COURT: OH, WE REALLY SHOULD HAVE DONE THAT AT THE BEGINNING, BUT OKAY. LET'S EXCLUDE NON-PARTY WITNESSES.

MR. HERMANSEN: IT'S JUST THE ONE NOW BECAUSE THE MOTHER HAD STEPPED OUTSIDE.

THE COURT: OKAY.

MR. LIM: NO OBJECTION, YOUR HONOR.


(PAUSE.)


HOI KAN LAU,

CALLED AS A WITNESS BY THE PLAINTIFF, WAS SWORN AND TESTIFIED THROUGH THE INTERPRETER AS FOLLOWS:

THE COURT: GO AHEAD.

MR. LIM: THANK YOU, YOUR HONOR.


DIRECT EXAMINATION

BY MR. LIM:

Q    GOOD MORNING, MR. LAU.

WHAT IS YOUR RELATIONSHIP TO THE PROPERTY LOCATED AT 9705 ARDENDALE AVENUE, ARCADIA, CALIFORNIA 91007?



28

A    I AM THE PROPERTY OWNER.

MR. LIM:  NO FURTHER QUESTIONS FOR THIS WITNESS, YOUR HONOR.

THE COURT:  NO FURTHER QUESTIONS?

MR. LIM:  YES, YOUR HONOR.

CROSS-EXAMINATION

BY MR. HERMANSEN:

Q    MR. LAU, DO YOU LIVE --

MR. LIM:  YOUR HONOR, OBJECTION.  THIS HAS BEEN ALREADY ASKED BEFORE.

THE COURT:  WHAT?

MR. LIM:  HE'S BEEN PRYING FOR -- TO TRY TO OBTAIN THE ADDRESS OF MR. LAU.  THE COURT HAS SUSTAINED THE PREVIOUS OBJECTION AS TO RELEVANCE FOR THIS CASE.

THE COURT:  IT EXCEEDS DIRECT ALSO.

MR. HERMANSEN:  IT GOES TO THE PAYMENT ON THE 3-DAY NOTICE.

THE COURT:  IT GOES TO?

MR. HERMANSEN:  THE ADDRESS FOR PAYMENT ON THE 3-DAY NOTICE.

THE COURT:  AH, HANG ON.

(PAUSE.)

MR. HERMANSEN:  I'M SORRY, 5-DAY NOTICE.

MR. LIM:  IT'S EXHIBIT 2, YOUR HONOR.

THE COURT:  I DON'T KNOW YOUR EXHIBIT NUMBERS.



HUNTINGTON COURT REPORTERS AND TRANSCRIPTION, INC.
PASADENA, CA AND NATCHITOCHES, LA
304

29

BUT ANYWAY, THE 3-DAY NOTICE, MAY 10, 2024; IS THAT WHAT WE'RE TALKING ABOUT?

MR. HERMANSEN:  NO, YOUR HONOR.  IT'S ACTUALLY THE 5-DAY NOTICE.

THE COURT:  FIVE-DAY NOTICE.  OKAY.  I'M SORRY.

MR. HERMANSEN:  APRIL 17TH.

THE COURT:  FIVE-DAY NOTICE, WHICH IS HERE SOMEWHERE.

AH, YES.  FIVE-DAY NOTICE.

(PAUSE.)

THE COURT:  IT STILL EXCEEDS DIRECT, SO I'LL LET YOU ASK THAT IN YOUR CASE BUT NOT NOW.

MR. HERMANSEN:  OKAY.  THANK YOU.

THE COURT:  YOU CAN CALL A WITNESS.  I WON'T LET HIM GO.

MR. LIM:  PLAINTIFF RESTS, YOUR HONOR.

THE COURT:  OKAY.

WE'VE ALREADY ORDERED THE EXHIBITS INTO EVIDENCE.

SO NOW IT IS YOUR CASE?

MR. HERMANSEN:  THANK YOU.

DEFENSE WOULD LIKE TO MAKE A MOTION FOR NON-SUIT OR MOTION FOR JUDGMENT IN THIS CASE.  THE BASIS FOR THE MOTION IS THAT THE 5-DAY NOTICE TO PAY RENT OR QUIT SAYS "PAYMENT SHALL BE MADE BY MAIL OR DIRECTLY IN THE FOLLOWING MANNER:

PERSON TO PAY, HOI KAN LAU, ADDRESS TO PAY



30

6726 SALTER AVENUE IN ARCADIA, AND PHONE NUMBER (718) 300-6010.

THE TESTIMONY OF MR. LAU'S SON WAS THAT HE ACTUALLY LIVES AT 6726 SALTER AVENUE WITH HIS FAMILY. HIS PARENTS DO NOT LIVE THERE. THEY DON'T VISIT HIM BECAUSE OF THE CONFLICT WITH HIS WIFE. AND THE PHONE NUMBER HERE IS NOT THE PHONE NUMBER OF THE PERSON TO PAY; IT IS THE PHONE NUMBER OF THE SON.

THE CCP 1161.2 SAYS THE NOTICE HAS TO STATE THE NAME, ADDRESS, AND TELEPHONE NUMBER OF THE PERSON TO PAY, AND THIS IS NOT THE ADDRESS AND PHONE NUMBER OF THE PERSON TO PAY.

IF THEY WANTED TO MAKE THE PERSON TO PAY SHING LAU, THEY COULD HAVE DONE THAT, BUT HERE, THE NOTICE SAYS TO PAY -- THE PERSON TO GIVE IT TO IS HOI KAN LAU, AND THAT IS NOT HIS PHONE NUMBER OR HIS ADDRESS, AND HE WASN'T THERE.

MR. LIM: YOUR HONOR, THE STATUTE IS VERY CLEAR THAT YOU HAVE TO LIST OUT WHO IS THE PAYMENT TO BE MADE OUT TO, THE PHONE NUMBER, THE ADDRESS. THAT'S EXACTLY WHAT THE NOTICE DOES. THERE'S BEEN NO TESTIMONY AS FAR AS ANY KIND OF REBUTTAL EVIDENCE OR ANYTHING INDICATING THAT MR. HOI KAN LAU WASN'T PRESENT AT THE PROPERTY.

THE ISSUE IN QUESTION REALLY IS, DID WE, AS THE PLAINTIFF, SATISFY 1161.2? DOES THE NOTICE, ON ITS FACE, FAIL TO STATE AN ADDRESS THAT MR. HOI KAN LAU CAN BE FOUND AT, AND CAN THAT NUMBER REACH MR. HOI KAN LAU? THERE'S BEEN TESTIMONY THAT THEY ARE FAMILY, THERE'S BEEN TESTIMONY



31

THAT HE IS THE AUTHORIZED PROPERTY MANAGER -- MR. SHING LUNG LAU IS THE PROPERTY MANAGER.

ESSENTIALLY, IF THE PHONE CALL WAS TO BE MADE TO THAT INDIVIDUAL, MR. HOI KAN LAU COULD HAVE BEEN REACHED.  THERE'S BEEN NO INDICATION THAT PHONE CALLS HAVE BEEN MADE TO THAT NUMBER, AND THAT MR. HOI KAN LAU WAS UNABLE TO BE REACHED, OR THAT SOMEBODY WENT TO THE PROPERTY AND MR. HOI KAN LAU WASN'T PRESENT AT THE PROPERTY.

ESSENTIALLY, YOUR HONOR, IF WE TAKE THE 5-DAY NOTICE ON ITS FACE, WE ASK THE QUESTION OF DOES IT SATISFY 1161.2?  AND ON ITS FACE, IT CLEARLY DOES.

AND, AGAIN, THERE'S BEEN EVIDENCE GIVEN BY A PERCIPIENT WITNESS WHO HAD TESTIFIED THAT THEY ARE THE AUTHORIZED PROPERTY MANAGER OF THE UNIT ITSELF, AND THAT IS THE NUMBER TO REACH THAT INDIVIDUAL, AND IF THERE HAVE BEEN PHONE CALLS MADE TO THAT NUMBER, MR. HOI KAN LAU COULD HAVE BEEN REACHED.  THE PROPERTY ADDRESS AS WELL, IF THE DEFENDANT WANTED TO PROCEED TO THAT ADDRESS, MR. HOI KAN LAU COULD HAVE BEEN FOUND AT THAT ADDRESS AS WELL.

SO THE NOTICE ITSELF, ON ITS FACE, ABSOLUTELY SATISFIES 1161.2.  ALSO, IF YOU TAKE INTO CONSIDERATION AGAIN, THE WITNESS'S -- MR. LAU'S TESTIMONY, THAT ALSO SUPPLEMENTS THE VALIDITY OF THIS NOTICE.

THE COURT:  YOU KEEP SAYING "ON ITS FACE," WE'RE NOT TAKING IT ON ITS FACE, WE'RE TAKING IT WITH EVIDENCE.  AND THE WITNESS SAYS THAT THIS GENTLEMAN NEVER EVER GOES THERE BECAUSE HE CAN'T DRIVE.  THAT'S THE EVIDENCE.

MR. LIM:  YOUR HONOR, THE EVIDENCE DOES SHOW THAT



32

THERE MAY HAVE BEEN A STRAINED RELATIONSHIP BETWEEN MR. SHING LUNG LAU AND HOI KAN LAU, BUT THERE'S BEEN -- THAT DOESN'T -- ISN'T REQUIRED TO BE SHOWN. WHAT'S REQUIRED TO BE SHOWN UNDER THE STATUE IS WHETHER OR NOT, ON THE NOTICE ITSELF, THERE IS A PERSON TO PAY THAT CAN BE FOUND AT THE ADDRESS LISTED. AND THERE'S BEEN NO EVIDENCE THAT MR. HOI KAN LAU COULDN'T BE FOUND AT THE ADDRESS. IF THE DEFENDANT HAD WENT TO THE PROPERTY ADDRESS, MR. HOI KAN LAU COULD HAVE BEEN FOUND, AS WELL AS CALLING THAT NUMBER, MR. HOI KAN LAU COULD HAVE BEEN REACHED. THE NUMBER ITSELF DICTATES WHETHER OR NOT SOMEBODY CAN REACH THE PERSON TO BE PAID.

YOU CAN KIND OF EQUIVALENT TO PROPERTY MANAGEMENT COMPANIES. IF THERE WAS A PERSON TO BE PAID LISTED ON A NOTICE, AND THE NUMBER WAS DIRECTED TOWARDS THE PROPERTY MANAGEMENT COMPANY'S MAIN PHONE LINE NUMBER, DOES THAT INVALIDATE THE NOTICE? OF COURSE NOT, BECAUSE THE RECEPTIONIST OR SOMEONE ELSE WOULD PICK UP THE PHONE AND THEN SAY, "WHO ARE YOU LOOKING TO SPEAK TO?"

OH, MR. SHIN? MR. LIM? MR. LEE? PERFECT. I'LL GO TO DIRECT YOU TO THAT PERSON."

THAT COULD HAVE OCCURRED HERE, AND THAT'S WHAT WOULD HAVE OCCURRED HERE IF THE DEFENDANT CALLED THAT NUMBER. THERE'S BEEN TESTIMONY THAT MR. LAU'S NUMBER IS THAT NUMBER, THERE'S TESTIMONY THAT HE'S THE AUTHORIZED PROPERTY MANAGEMENT AGENT OF THE UNIT ITSELF. THAT NUMBER WOULD HAVE GOTTEN THE DEFENDANT TO CONNECT TO MR. LAU IF THE DEFENDANT WANTED TO.



33

AND, AGAIN, ALSO, IF THE DEFENDANT WENT TO THE PROPERTY ADDRESS LISTED HERE, WHO WOULD THEY HAVE FOUND? THEY WOULD HAVE FOUND MR. HOI KAN LAU (SIC), AND WHO ELSE COULD THEY HAVE FOUND THERE AS WELL IF THEY HAD ASKED, THEY WOULD HAVE FOUND MR. HOI KAN LAU AS WELL.

SO, YOUR HONOR, AGAIN, THERE'S BEEN NO SHOWING THAT THIS FAILS ON ITS FACE, AS WELL AS WITH THE SUPPLEMENTAL TESTIMONY OF MR. SHING LUNG LAU.

MR. HERMANSEN:  THE STATUTE SAYS "STATING THE AMOUNT THAT IS DUE, THE NAME, TELEPHONE NUMBER, AND ADDRESS OF THE PERSON TO WHOM THE RENT PAYMENT SHALL BE MADE."

THE FOSTER VERSUS WILLIAMS CASE SAYS YOU REALLY HAVE TO INTERPRET THAT EXACTLY AS IT'S SAID.  IT'S NOT AMBIGUOUS.  THESE THINGS HAVE TO MATCH THAT PERSON, AND THEY DON'T MATCH THAT PERSON.  THE PHONE NUMBER BELONGS TO SHING LAU.  HIS PARENTS HAVE A SEPARATE PHONE NUMBER.  THEY DON'T SHARE THE SAME PHONE NUMBER, AND HE LIVES THERE WITH HIS OWN FAMILY.  AND MR. HOI KAN LAU DOESN'T GO THERE, HE WASN'T THERE TO ACCEPT THE PAYMENT.

THE COURT:  THE DEFENSE IS CORRECT.  JUDGMENT FOR DEFENDANT.

WE'LL SEND YOU THAT IN THE MAIL.  THANK YOU.

(PROCEEDINGS CONCLUDED AT 10:01 A.M.)



34

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT R          HON. WILLIAM D. DODSON, COMMISSIONER

HOI KAN LAU,                          )
                                      )
              PLAINTIFF,              )
         VS.                          )
                                      )  CASE NO.:
CYNTHIA CARTER, ET AL.,               )
                                      )  24PDUD01782
              DEFENDANT.              )
_____ )

        I, LAURA GRIFFIN, TRANSCRIPTIONIST, DO HEREBY

CERTIFY THAT THE FOREGOING PAGES, 1 - 34, INCLUSIVE,

CONSTITUTE A FULL, TRUE, AND ACCURATE TRANSCRIPT, FROM

ELECTRONIC RECORDING, TRANSCRIBED BY ME, OF THE PROCEEDINGS

HELD IN THE FOREGOING MATTER, HOI KAN LAU V. CYNTHIA

CARTER, ET AL., CASE NO. 24PDUD01782, ON THE DOCKET OF THE

SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY

OF LOS ANGELES, A COURT OF RECORD, HELD ON AUGUST 1, 2024,

AND ALL PREPARED TO THE BEST OF MY SKILL AND ABILITY.



_____
LAURA GRIFFIN, CET-1709
ELECTRONIC COURT TRANSCRIBER

DATED AND SIGNED THIS 17TH DAY OF MARCH, 2025.



HUNTINGTON COURT REPORTERS AND TRANSCRIPTION, INC.
PASADENA AND NATCHITOCHES, LA

# Exhibit # 8



# Exhibit # 9

310



311

# Exhibit # 10



# Exhibit # 11



# Exhibit # 12



# Exhibit # 13

DocuSign Envelope ID: 27D94481-E05A-468B-9D63-E60234AEBFC9

## RESIDENTIAL LEASE AGREEMENT

The Landlord and Tenant agree to lease the Apartment at the Rent and for the Term stated on these terms:

| Landlord: | Diamond One Property, Inc. | Tenant(s): Cynthia Carter and Christopher Lopez Driver License: D3978072 & D3770458 Address: 9705 Ardendale Ave., Arcadia CA 91007 | | |
|---|---|---|---|---|
| Lease date: 07/28/2021 | Term Beginning: Term Ending: | 09/01/2021 Month to Month | Monthly Rent: Security: Non-refundable Cleaning Fee: | US$2950 US$2950 None |

### 1. Grant of Lease

Landlord hereby lease unto Tenant, and Tenant does hereby rent from Landlord, solely for use as a personal residence, excluding all other uses, the personal residence and only two attached garage spaces located in, Arcadia, California with address of 9705 Ardendale Ave., Arcadia CA 91007.

### 2. Use

The Apartment must be used only as a private Apartment to live in and for no other reason. Only a party signing this Lease and the spouse, children, and one parent of tenant of that party may use the Apartment.

### 3. Failure to give possession

Landlord shall not be liable for failure to give Tenant possession of the Apartment on the beginning date of the Term. Rent shall be payable as of the beginning of the Term unless Landlord is unable to give possession. Rent shall then be payable as of the date possession is available. Landlord will notify Tenant as to the date possession is available. The ending date of the Term will not change.

### 4. Rent, added rent

The rent payment for each month must be paid on the first day of that month at Landlord's address. Landlord need not give notice to pay the rent. Rent must be paid in full and no amount subtracted from it. The first month's rent is to be paid when Tenant signs the Lease. Any dishonored check shall be treated as unpaid rent, and subject to an additional fee of $25. Tenant may be required to pay other charges to Landlord under the terms of this Lease. They are to be called "address rent." This added rent is payable as rent, together with the next monthly rent due. If Tenant fails to pay the added rent on time, Landlord shall have the same rights against Tenant as if Tenant failed to pay rent. Payment of rent in installments is for Tenant's convenience only. If Tenant defaults, Landlord may give notice to Tenant that Tenant may no longer pay rent in installments. The entire rent for the remaining part of the Term will then be due and payable.

### 5. Security

Tenant has given Security to Landlord in the amount stated above. If Tenant fully complies with all of the terms of this Lease, Landlord will return the Security after the Term ends. If Tenant does not fully comply with the terms of this Lease, Landlord may use the Security to pay amounts owed by Tenant, including damages. If Landlord sells or leases the Building, Landlord may give the Security to the buyer or lessee. Tenant will look only to the buyer or lessee for return of the Security.

### 6. Services

Landlord will supply: hot and cold water for bathroom and kitchen sink. Stopping or reducing of service(s) will not be reason for Tenant to stop paying rent, to make a money claim or to claim eviction. Damage to the equipment or appliances supplied by Landlord caused by Tenant's act or neglect, may be repaired by Landlord at Tenant's expense. The repair cost will be added rent.

Tenant must pay for all electric, gas, telephone, and other utility services used in the Apartment and arrange for them with the public utility company.

Landlord may stop service of the plumbing, heating, elevator, air cooling or electrical systems, because of accident, emergency, repairs, or changes until the work is complete. If unable to supply any service because of labor trouble, Government order, lack of fuel supply or other cause not controlled by Landlord, Landlord is excused from supplying that service. Service shall resume when Landlord is able to supply it.

### 7. Repairs

Tenant must take good care of the Apartment and all equipment and fixtures in it. Tenant must, at Tenant's cost, make all repairs and replacements whenever the need results from Tenant's act or neglect. If Tenant fails to make a needed repair or replacement, Landlord may do it. Landlord's expense will be added rent.

### 8. Alterations

Tenant must obtain Landlord's prior written consent to install any paneling, flooring, "built in" decorations, partitions, railings or make alterations or to paint or wallpaper the apartment. Tenant must not change the plumbing, ventilating, air conditioning, electric or heating systems. If consent is given, the alterations and installations shall become the property of Landlord when completed and paid for, and shall remain with and as part of the Apartment at the end of the Term. Landlord has the right to demand that Tenant remove the alterations and installations before the end of the Term. The demand shall be by notice, given at least 15 days before the end of the Term. Landlord is not required to do or pay for any work unless stated in the Lease.

Landlord Representative Initials
Tenant Initials

Residential Lease Agreement. Page 1 of 1

319

DocuSign Envelope ID: 27D94481-E05A-468B-9D63-E60234AEBFC9

### 9. Fire, accident, defects, damage

Tenant must give Landlord prompt notice of fire, accident, damage or dangerous or defective condition. If the Apartment can not be used because of fire or other casualty, Tenant is not required to pay rent for the time the Apartment is unusable. If part of the Apartment can not be used, Tenant must pay rent for the usable part. Landlord shall have the right to decide which part of the Apartment is usable; Landlord need only repair the damaged structural parts of the Apartment. Landlord is not required to repair or replace any equipment, fixtures, furnishings or decorations unless originally installed by Landlord. Landlord is not responsible for delays due to settling insurance claims, obtaining estimates, labor and supply problems or any other cause not fully under Landlord's control.

If the fire or other casualty by an act or neglected of Tenant or guest of Tenant, or at the time of the fire or casualty Tenant is in default in any term of this Lease, then all repairs will be made at Tenant's expense and Tenant must pay the full rent with no adjustment. The cost of the repairs will be added rent.

Landlord has the right to demolish or rebuild the Building if there is substantial damage by fire or other casualty. Even if the Apartment is not damaged, Landlord may cancel this Lease within 30 days after the fire or casualty by giving Tenant notice of Landlord's intention to demolish or rebuild. The Lease will end 30 days after Landlord's cancellation notice to Tenant. Tenant must deliver the Apartment to Landlord on or before the cancellation date in the notice and pay all rent due to the date of the fire or casualty. If the Lease is cancelled Landlord is not required to repair the Apartment or Building.

### 10. Liability

Landlord is not liable for loss, expense, or damage to any person or property, unless due to Landlord's negligence. Tenant must pay for damages suffered and money spent by Landlord relating to any claim arising from any act or neglect of Tenant. Tenant is responsible for all acts of Tenant's family, employees, guests or invitees.

### 11. Landlord may enter

Landlord may at reasonable times, enter the Apartment to examine, to make repairs or alterations, and to show it to possible buyers, lenders or tenants.

### 12. Occupants

Guest(s) staying over 15 days without the written consent of Landlord shall be considered a breach of this agreement. Only the listed tenant, and no others shall occupy the subject residence for more than 15 days unless the expressed consent of Landlord obtained in advance.

### 13. Assignment and sublease

Tenant must not assign this Lease or sublet all or part of the Apartment or permit any other person to use the Apartment. If Tenant does, Landlord has the right to cancel the Lease as stated in the Default section.

### 14. Subordination

This Lease and Tenant's rights, are subject and subordinate to all present and future: (a) leases for the Building or the land on which it stands, (b) mortgages on the leases or the Building or land, (c) agreements securing money paid or to be paid by the lender, and (d) terms, conditions, renewals, changes of any kind and extensions of the mortgages or leases or Lender agreements. Tenant must promptly execute any certificate(s) that Landlord requests to show that this Lease is so subject and subordinate. Tenant authorizes Landlord to sign these certificate(s) for Tenant.

### 15. Tenant Insurance

Landlord shall not be liable to Tenant, Tenant's family or Tenant's invitees, licensees, and/or guests for damages not proximately caused by Landlord or Landlord's agents. Landlord will not compensate Tenant or anyone else for damages proximately caused by any other sources whatsoever, or by Acts of God, and Tenant is therefore strongly encouraged to independently purchase insurance to protect Tenant, Tenant's family, Tenant's invitees, licensees, and/or guests, and all personal property on the leased premises and/or in any common areas from any and all damages.

### 16. Condemnation

If all of the Apartment or Building is taken or condemned by a legal authority, the Term, and Tenant's rights shall end as of the date the authority takes title to the Apartment or Building. If any part of the Apartment or Building is taken, Landlord may cancel this Lease on notice to Tenant. The notice shall set a cancellation date not less than 30 days from the date of the notice. If the Lease is cancelled, Tenant must deliver the Apartment to Landlord on the cancellation date together with all rent due to that date. The entire award for any taking belongs to Landlord. Tenant gives Landlord any interest Tenant may have to any part of the award. Tenant shall make no claim for the value of the remaining part of the Term.

### 17. Tenant's duty to obey laws and regulations

Tenant must, at Tenant's expense, promptly comply with all laws, orders, rules, requests, and directions, of all governmental authorities, Landlord's insurers, Board of Fire Underwriters, or similar groups. Tenant may not do anything which may increase Landlord's insurance premiums. If Tenant does, Tenant must pay the increase as added rent.

### 18. Tenant's defaults and Landlord's remedies

    A.   Landlord may give 5 days written notice to Tenant to correct any of the following defaults:

        1.   Failure to pay rent or added rent on time.

        2.   Improper assignment of the Lease, improper subletting all or part of the Apartment.

        3.   Improper conduct by Tenant or other occupant of the Apartment.

        4.   Failure to fully perform any other term in the Lease.

    B.   If Tenant fails to correct the defaults in section A. within the 5 days, Landlord may cancel the Lease by giving Tenant a written 3 days notice stating the date the Term will end. On that date the Term and Tenant's rights in this Lease automatically end and Tenant must leave the Apartment and give Landlords the keys. Tenant continues to be responsible for rent, expenses, damages and losses.

    C.   If the Lease is cancelled, or rent or added rent is not paid on time, or Tenant vacates the Apartment, Landlord may in addition to other remedies take any of the following steps:

Landlord Representative Initials

Tenant Initials

Residential Lease Agreement Page 2 of

320

DocuSign Envelope ID: 27D94481-E05A-468B-9D63-E60234AEBFC9

1. Enter the Apartment and remove Tenant and any person or property;
2. Use dispossess, eviction or other lawsuit method to take back the Apartment.

D.  If the Lease is ended or Landlord takes back the Apartment, rent and added rent for the unexpired Term becomes due and payable. Landlord may re-rent the Apartment and any thing in it for any Term. Landlord may re-rent for a lower rent and give allowances to the new Tenant. Tenant shall be responsible for Landlord's cost of re-renting. Landlord's cost shall include the cost of repairs, decorations, broker's fees, attorney's fees, advertising and preparation for renting. Tenant shall continue to be responsible for rent, expenses, damages and losses. Any rent received from the re-renting shall be applied to the reduction of money Tenant owes. Tenant waives all rights to return to the Apartment after possession is given to the Landlord by a Court.

**19. Report to credit/tenant Agencies**

Tenant is hereby notified that a nonpayment, late payment or breach of any of the terms of this rental agreement may be submitted/reported to a credit and/or tenant reporting agency, and may create a negative credit record on your credit report.

**20. Jointly, severally, and individually**

The undersigned Tenants are jointly, severally, and individually responsible and liable for all obligations under this agreement.

**21. Waiver of jury, counterclaim, set off**

Landlord and Tenant waive trial by a jury in any matter which comes up between the parties under or because of this Lease (except for a personal injury or property damage claim). In a proceeding to get possession of the Apartment, Tenant shall not have the right to make a counterclaim or set off.

**22. Notices**

Any bill, statement or notice must be in writing. If to Tenant, it must be delivered or mailed to the Tenant at the Apartment. If to Landlord it must be mailed to Landlord's address. It will be considered delivered on the day mailed or if not mailed, when left at the proper address. A notice must be sent by certified mail. Landlord must send a written notice to Tenant if Landlord's address is changed.

**23. No waiver, illegality**

Landlord's acceptance of rent or failure to enforce any term in this Lease is not a waiver of any of Landlord's rights. If a term in this Lease is illegal, the rest of this lease remains in full force.

**24. Bankruptcy, insolvency**

If (1) Tenant assigns property for the benefit of creditors, (2) Tenant files a voluntary petition or an involuntary petition is filed against Tenant under any bankruptcy or insolvency law, or (3) a trustee or receiver of Tenant or Tenant's property is appointed, Landlord may give Tenant 30 days notice of cancellation of the Term of this Lease. If any of the above is not fully dismissed within the 30 days, the Term shall end as of the date stated in the notice. Tenant must continue to pay rent, damages, losses and expenses without offset.

**25. Rules**

Tenant must comply with Landlord's Rules. Notice of Rules will be posted or given to Tenant. Landlord need not enforce Rules against other Tenants. Landlord is not liable to Tenant if another tenant violates the Rules. Tenant receives no rights under the Rules.

**26. Representations**

Tenant has read this Lease. All promises made by the Landlord are in the Lease. There are no others.

**27. Landlord unable to perform** If due to labor trouble, government order, lack of supply, Tenant's act or neglect, or any other cause not fully within Landlord's reasonable control Landlord is delayed or unable to (a) carry out any of the Landlord's promises or agreements, (b) supply any service to be supplied, (c) make any required repair or change in the Apartment or Building, or (d) supply any equipment or applications, this Lease shall not be ended or Tenant's obligations affected.

**28. End of term**

At the end of the Term, Tenant must: leave the Apartment clean and in good condition, subject to ordinary wear and tear; remove all of Tenant's property and all Tenant's property and all Tenant's installations and decorations; repair all damages to the Apartment and Building caused by moving; and restore the Apartment to its condition at the beginning of the Term.

29. Space "as is". Tenant has inspected the Apartment and Building. Tenant states they are in good order and repair and takes the Apartment "as is."

**30. Quiet enjoyment and habitability**

Subject to the terms of this Lease, as long as Tenant is not in default Tenant may peaceably and quietly have, hold, and enjoy the Apartment for the Term. Landlord states that the Apartment and Building are fit for human living and there is no condition dangerous to health, life or safety. Likewise, Tenant shall not interrupt the quiet enjoyment and habitability of other tenants within the building.

**31. Landlord's consent**

If Tenant requires Landlord's consent to any act and such consent is not given, Tenant's only right is to ask the Court to force Landlord to give consent. Tenant agrees not to make any claim against Landlord for money or subtract any sum from the rent because such consent was not given.

**32. Legal Fees**

The successful party in a legal action or proceeding between Landlord and Tenant for non-payment of rent or recovery of possession of the Apartment may recover reasonable legal fees and costs from the other party.

33. Lease binding on

This Lease is binding on Landlord and Tenant and those that lawfully succeed to their rights or take their place.

**34. Landlord**

Landlord means the owner, or the leasee of the Building, or a lender in possession. Landlord's obligations end when Landlord's interest in the Building is transferred. Any acts Landlord may do may be performed by Landlord's agent or employees.

Landlord Representative Initials
Tenant Initials

DocuSign Envelope ID: 27D94481-E05A-488B-9D63-E60234AEBFC9

**35. Paragraph headings**

The Paragraph headings are for convenience only.

**36. Changes**

This Lease may be changed only by an agreement in writing signed by and delivered to each party.

**37. Effective date**

This Lease is effective when Landlord delivers to Tenant a copy signed by all parties.

**38. Additional Terms**

- Landlord will have a copy of the keys to the rental property. If Tenant changes the locks, tenant will be required to provide a copy to Landlord. 2 sets of keys and 2 garage remote control will be passed to tenant and all need to be returned to landlord when moving out.
- Tenant must obtain and maintain an active renter's insurance policy during lease term at his/her own expense + responsible for all utility bills including gardening service fee.
- Tenant can not plant marijuana or support marijuana growing operation within the property boundaries.
- Refrigerator and Air Condition filter replacement will be responsible by tenant.
- One month advance notice to landlord if tenant decide to move out from the above listed property.
- $2950 monthly rental payment will be valid for 12 months till 8/31/2022. New monthly rental payment will be subjected to change after 8/31/2022.

**Signatures**     Landlord Representative and Tenant have signed this Lease.

**Landlord: Diamond One Property, Inc.**

Sign: _____  Print: Miranda Lee   Title: President   Date: 7/25/202

**Tenant**

Sign: _____  Print: Cynthia Carter  7/25/21   Date:

Tenant Sign: _____ Print: _____ Date: Christopher Lopez  7/25/21

Landlord Representative Initials: M.L. CC
Tenant Initials: C.L. CC

Residential Lease Agreement. Page 4 of 4

322

# Exhibit # 14

## LEAD, BLOOD BY AA

| NAME | VALUE |
|------|-------|
| F    LEAD, VENOUS BLOOD BY AA | 6..8 (mcg/dL) **H** |

PERFORMED AT:      QUEST DIAGNOSTICS-WEST HILLS

8401 FALLBROOK AVENUE

WEST HILLS   CA   91304-3226

THOMAS MCDONALD, MD

Verified by repeat analysis.

Reference Range

Birth - 6 years: <3.5 mcg/dL

Blood lead levels in the range of 3.5-9.0 mcg/dL have

been associated with adverse health effects in children

aged 6 years and younger. Patient management varies by

age and CDC Blood Lead Level range. Refer to the CDC

website regarding Lead Publications/Case Management for

recommended interventions.

See Note 1

Note 1

This test was developed and its analytical performance

characteristics have been determined by Quest

Diagnostics. It has not been cleared or approved by the

FDA. This assay has been validated pursuant to the CLIA

regulations and is used for clinical purposes.

LEAD: BIRTH TO 6 YEARS:   <3.5

>6 YEARS:   <3.5

BLOOD LEAD LEVELS IN THE RANGE OF 5-9 MCG/DL HAVE

| NAME | VALUE |
|------|-------|

BEEN ASSOCIATED WITH ADVERSE HEALTH EFFECTS IN

CHILDREN AGED 6 YEARS AND YOUNGER

Result:

Accession ID:                250420492

Notes:          Ke, Jason (MA I) 6/11/2025 03:44:20
PM PDT >order printed to at pat MA Ly.
Mirz (MA II) 08/22/2025 11:17:17 AM
PDT >Called and remind
parent/grandmom to bring their child
for blood test called and remind pt
father to take his child for blood test, ix,
Mary (MA I) 09/11/2025 02:00:38 PM
PDT > Fannoun, John MD 09/26/2025
06:46:48 AM PDT >Noted and will
discuss result with family. Will send
education information on lead exposure

324

# Exhibit # 15

$46,901.97  demand

# LAW OFFICES OF BEN GHARAGOZLI

March 30, 2024

**VIA EMAIL**
Bonnie Yang
Global First Escrow, Inc.
556 Las Tunas Drive, #103
Arcadia, CA 91007
Bonnie@eglobalescrow.com

**Matter: Hoi Kan Lau, Siu Fan Tsang v. Christopher Lopez, Cynthia Carter LASC
Case No. 23PDUD01863
Re: Request for Amended Payoff**

Dear Ms. Yang,

Our office is in receipt of your request for a payoff demand. While a payoff demand statement is something that applies to mortgages (as opposed to judgments), I can provide an offer or settlement to resolve these debts and remove the Abstract of Judgment.

| | |
|---|---|
| $1,007.30 | Memorandum of Costs filed 10/09/23 |
| $7,687.50 | Attorney Fees 11/29/23 |
| $9,441.39 | Memorandum of Costs After Judgment filed 01/22/24 |
| $25,855.54 | Memorandum of Costs After Judgment filed 03/21/24 |
| $2,000.00 | Contempt sanctions ordered 02/07/2024 |
| $560.24 | Interest on costs, fees, and first cost memo after judgment through 03/29/24 |
| $350.00 | Additional attorney fees (.7 hours) incurred from e-mails from Plaintiffs and reviewing legal authorities cited |

**$46,901.97**  Total due as of 03/29/24

We will accept this amount of $46,901.96 as payment in full if payment is made to our office by April 12, 2024.

Once we receive payment, I will provide you with a full Acknowledgment of Satisfaction of Judgment for both Abstracts. This concerns instrument number 20230840286.

200 S. Barrington Avenue, #491488 Los Angeles, CA 90049  **T** (310) 272-9211  **F** (855) 628-5517  **E** lobgattorney@gmail.com

326

# LAW OFFICES OF BEN
# GHARAGOZLI

Payment should be made payable to "BEHNAM GHARAGOZLI DBA BEN GHARAGOZLI ATTORNEY AT LAW" and wired to:

Bank
Name: BEHNAM GHARAGOZLI DBA BEN GHARAGOZLI ATTORNEY AT LAW
Account Number:
Routing Number:

If you need to confirm the wiring instructions, please call Ben Gharagozli at (661)607-4665.

Sincerely,

Ben Gharagozli

cc:    (1) Kevin Hermansen (via email: kevin@kphlegal.com)
       (2) Yvonne Cun (via email: yvonne@eglobalescrow.com)

Page 2

200 S. Barrington Avenue, #491488 Los Angeles, CA 90049 T (310) 272-9211  F (855) 628-5517  E lobgattorney@gmail.com

327

# Exhibit # 16

 **GLOBAL FIRST ESCROW, INC.**

556 Las Tunas Drive #103
Arcadia, CA 91007

Phone: (626) 461-7608
Fax: (626) 461-7581

### BORROWER'S FINAL SETTLEMENT STATEMENT

| PROPERTY: | | DATE: | April 11, 2024 |
|---|---|---|---|

**CLOSING/RECORD**

| | DATE: | April 11, 2024 |
|---|---|---|
| | CLOSE/SIGNING DATE: | April 4, 2024 |
| | DISBURSEMENT DATE: | April 11, 2024 |

| BORROWER: | | ESCROW NO.: | |
|---|---|---|---|

| | DEBITS | CREDITS |
|---|---|---|
| **FINANCIAL CONSIDERATION** | | |
| New 1st Trust Deed | | |
| | | |
| **PAYOFF CHARGES - Law Offices of Ben Gharagozli** | | |
| **[Total Payoff $46,901.97]** | | |
| Memorandum of Costs filed 10/09/2023 | 1,007.30 | |
| Attorney Fee | 7,687.50 | |
| Memorandum cost after Judgment filed1/22 | 9,441.39 | |
| Memorandum cost after Judgment filed3/21 | 25,855.54 | |
| interest of costs, fees | 560.24 | |
| Contempt Sanctions | 2,000.00 | |
| additional attorney Fees ( .7 hours) inc | 350.00 | |
| | | |
| **LOAN INFORMATION** | | |
| **[Charges $2,810.73]** | | |
| Credit Report to CoreLogic Credco | 59.00 | |
| AVM( Automated Valuation) to CoreLogic to Corelogic | 11.00 | |
| Exterior Report Fee to CoreLogic | 58.00 | |
| Tax Service Fee to Lerata, LLC | 88.00 | |
| Processing Fee (L) $300 | 1,080.00 | |
| Flood Certification to CoreLogic Flood Services | 9.00 | |
| Interest at $71.7014/day from 04/10/2024 to 05/01/2024 | 1,505.73 | |
| | | |
| **OTHER DEBITS/CREDITS** | | |
| Yun Huang Cun for Notary Service Fee | 250.00 | |
| | | |
| **TITLE/TAXES/RECORDING CHARGES - Fidelity National Title** | | |
| Title - Lender's Title Insurance | 505.00 | |
| Title -Delayed Satisfaction | 45.00 | |
| Title - Recording Service Fee | 23.00 | |
| Title - Sub Escrow Fee | 90.00 | |
| Title - Endorsement Fee | 25.00 | |
| Recording Grant Deed | 25.00 | |
| Recording Trust Deed | 81.00 | |
| SB2 Recording Fees | 75.00 | |
| Property Taxes ( 6 mo.) 2nd half POC $6,082.07 to Los Angeles County Tax Collector | | |
| | | |
| **ESCROW CHARGES - Global First Escrow** | | |
| Title - Escrow Fee | 500.00 | |
| Title - Processing Demands | 30.00 | |
| Title - Delivery and handling Fee | 50.00 | |

Certified to be a true and
correct copy of the original.
Global First Escrow, Inc.

By: *[signature]* 329

# Exhibit # 17

Total $32,385.54



## EAST WEST BANK

**CASHIER'S CHECK**

NOTICE TO CUSTOMERS: The purchase of an indemnity bond will be required before any cashier's check issued by this bank will be replaced or refunded in the event it is lost, stolen or destroyed for a period of 90 days from issuance date.

**837017721**

Member FDIC
135 N. LOS ROBLES AVE., PASADENA, CA 91101

August 27, 2024                    16-7038/3220

PAY TO THE ORDER OF    *Law Offices Of Ben Gharagozli*

$********4,437.54

FOUR THOUSAND FOUR HUNDRED THIRTY SEVEN DOLLARS AND FIFTY FOUR CENTS

EAST WEST BANK
VOID AFTER 90 DAYS

## CASHIER'S CHECK

NON-NEGOTIABLE

OVER $25,000 REQUIRES TWO SIGNATURES

⑈837017721⑈ ⑈322070381⑈ 459340005⑈

---



## EAST WEST BANK

**CASHIER'S CHECK**

NOTICE TO CUSTOMERS: The purchase of an indemnity bond will be required before any cashier's check issued by this bank will be replaced or refunded in the event it is lost, stolen or destroyed for a period of 90 days from issuance date.

**837017814**

Member FDIC
135 N. LOS ROBLES AVE., PASADENA, CA 91101

October 04, 2024                    16-7038/3220

PAY TO THE ORDER OF    *LAW OFFICES OF BEN GHARAGOZLI*

$*******26,148.00

TWENTY SIX THOUSAND ONE HUNDRED FORTY EIGHT DOLLARS AND ZERO CENTS

EAST WEST BANK
VOID AFTER 90 DAYS

## CASHIER'S CHECK

NON-NEGOTIABLE

OVER $25,000 REQUIRES TWO SIGNATURES

⑈837017814⑈ ⑈322070381⑈ 459340015⑈

---

## EAST WEST BANK

**CASHIER'S CHECK**

NOTICE TO CUSTOMERS: The purchase of an indemnity bond will be required before any cashier's check issued by this bank will be replaced or refunded in the event it is lost, stolen or destroyed for a period of 90 days from issuance date.

**837017864**

Member FDIC
135 N. LOS ROBLES AVE., PASADENA, CA 91101

October 21, 2024                    16-7038/3220

PAY TO THE ORDER OF    *LAW OFFICES OF BEN GHARAGOZLI*

$*******1,800.00

ONE THOUSAND EIGHT HUNDRED DOLLARS AND ZERO CENTS

EAST WEST BANK
VOID AFTER 90 DAYS

## CASHIER'S CHECK

331                    NON-NEGOTIABLE

# Exhibit # 18

 Gmail                                          SiuFan Tsang <siufantsang@gmail.com>

## Re: Your client Mrs. Tsang would like a Zoom call/visit with you on 7/30

**Brendan Molloy** <brendan@lolollp.com>                        Thu, Dec 18, 2025 at 10:39 AM
To: SiuFan Tsang <siufantsang@gmail.com>
Cc: BilinCo- Interpreting and Translation <info@bilinco.net>, "Kelvin J. Lo" <kelvin@lolollp.com>

Hello all,

Defendant's attorney states the full judgment is "$96,548.14 as of today." He has bizarrely requested that payment be made in cash, for which he would like to arrange a meeting to exchange and he will provide a receipt. It is up to you, but I would not recommend making a payment that large in cash.

It is worth noting that we were partially victorious on the motion for attorney fees. You may recall they asked for well over 100,000 based on a multiplier but the judge agreed with our argument they could have brought their notice argument sooner and awarded them less. The $96,548.14 should represent the attorney fees, costs, and interest to date. Thank you.

Best,
Brendan Molloy, Esq.

 LO & LO LLP
Attorneys at Law

506 North Garfield Ave, Suite 280
Alhambra, CA 91801

T: 626.289.8838
F: 626.380.3333
www.lolollp.com

[Quoted text hidden]

# Exhibit # 19

 Gmail                                SiuFan Tsang <siufantsang@gmail.com>

## Re: Your client Mrs. Tsang would like a Zoom call/visit with you on 7/30

**Brendan Molloy** <brendan@lolollp.com>                    Mon, Jan 5, 2026 at 8:14 AM
To: SiuFan Tsang <siufantsang@gmail.com>
Cc: "Kelvin J. Lo" <kelvin@lolollp.com>

Hello everyone,

For reference in our meeting this afternoon please see the full break down of the outstanding judgment from opposing counsel as well as wiring instructions.

Here is the breakdown of what is owed:

$5,624.12 - Costs
$88,550 - Attorney Fees
$4,306.50 - Interest on judgment through 12/23/25
$5,216.42 - Memorandum of Costs After Judgment
$11.42 - Interest on Memorandum of Costs After Judgment through 12/23/25

$103,708.46 total due through 12/23/25

Your client may pay by wire as follows:

Name on Account: BEHNAM GHARAGOZLI DBA BEN GHARAGOZLI ATTORNEY AT LAW
Account Number
Routing Number for Wires:
Bank Address: 420 Montgomery Street San Francisco, CA 94104

Once payment is received, we will file a Satisfaction of Judgment in Full and provide you with a notarized copy.

Best,
Brendan Molloy, Esq.



506 North Garfield Ave, Suite 280
Alhambra, CA 91801

T: 626.289.8838
F: 626.380.3333
www.lolollp.com

[Quoted text hidden]

# Exhibit # 20

Page ID #:2310

# Exhibit # 21

BEN GHARAGOZLI (S.B.N 272302)
**LAW OFFICES OF BEN GHARAGOZLI**
200 S. BARRINGTON AVENUE, #491488
LOS ANGELES, CA 90049
TELEPHONE: (310) 272-9211
FACSIMILE: (855) 628-5517
EMAIL: lobgattorney@gmail.com

Attorney for Defendants, Christopher Lopez, Cynthia Carter

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| HOI KAN LAU<br><br>Plaintiff,<br>v.<br><br>CHRISTOPHER LOPEZ, CYNTHIA CARTER, and DOES 1 to 10;<br><br>Defendants | LASC Case No. 24PDUD01782<br><br>**FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

## ANSWER

### I.    GENERAL DENIAL

Pursuant to Section 431.30 of the Code of Civil Procedure, Defendants, Christopher Lopez, Cynthia Carter (hereinafter collectively "Defendants") deny generally and specifically each allegation in the Complaint (hereinafter, "Complaint") and that Plaintiff has been damaged in the sum or sums alleged, in any sum, or at all, or is entitled to any of the relief requested therein, including without limitation, possession, general, equitable, and other damages.

### II.    JURY DEMAND

The above-captioned Defendant demand a jury trial in the above-captioned action.

1
FIRST AMENDED ANSWER

### III.  SEPARATE AFFIRMATIVE DEFENSES

### BREACH OF THE WARRANTY OF HABITABILITY

The amount of rent or holdover damages demanded by Plaintiff is not in fact due because Plaintiff breached the warranty of habitability.  The dwelling at issue and/or common areas of the Subject Property where Defendant resides suffers from defects that render it untenantable and those defects include, but are not limited to, the following:

☒ Ineffective waterproofing and weather protection of roof, exterior walls, broken windows, or doors;

☒ Plumbing is not in good working order, including a water supply that produces hot and cold running water.

☐ Lack of properly functioning heating unit;

☒ Defective electrical wiring or exposed wiring;

☒ Rodents and/or other vermin (e.g., ants, bedbugs, cockroaches, fleas, spiders, or termites);

☒ Floors, stairways, or railings in disrepair;

☒ Exterior door does not have a functioning lock;

☐ Window(s) reasonably accessible to the public do not have a functioning lock;

☒ Missing or damaged window screens;

☒ Holes in the walls and/or ceilings;

☐ A Substandard Order was issued by a government agency demonstrating health and safety defects;

☒ Missing or broken smoke detector or carbon monoxide detector;

☒ Common areas are unclean;

☒ Inadequate number of receptacles for garbage;

2

FIRST AMENDED ANSWER

339

☐    Other: _____

☒    The property is substandard as defined by Sec. 17920.3 of the Health and Safety Code.

## REPAIR AND DEDUCT

☐    Defendant performed repairs and deducted the cost for repairs which Plaintiff knew were needed and failed to provide within a reasonable time.

☐    Defendant made a payment to a utility and therefore was allowed to deduct such payment from the rent. Public Utilities Code §§10009-10009.1, §§12822-12822.1, §§16481-16481.1; Civil Code §1942.2

## CALIFORNIA TENANT PROTECTION ACT OF 2019 (AB 1482)

The Defendant is a tenant who has continuously and lawfully occupied the premises at issue for 12 months or more, or one or more of the tenants has continuously and lawfully occupied the premises for 24 months of more. As such, premises at issue is subject to the provisions of Civil

☒    The Plaintiff is not proceeding in good faith in recovering possession.

☒    Rental agreement was commenced or renewed on or after July 1, 2020 and did not contain the required language in the rental agreement as per required by the Tenant Protection Act of 2019.

☒    The notice is defective because there is no Just Cause to evict under the Tenant Protection Act of 2019.

☒    Plaintiff has failed to state a cause for the eviction.

☒    Landlord is proceeding to use at-fault eviction without stating a permissible at-fault reason complaint with Code of Civil Procedure § 1946.2(b)(1)(A)-(K).

☒    Plaintiff is proceeding to use no-fault eviction without stating a permissible no-fault reason complaint with Code of Civil Procedure §1946.2(b)(2)(A)-(D).

3

FIRST AMENDED ANSWER

340

☒    Plaintiff failed to give notice and opportunity to cure a curable lease violation.

☒    Plaintiff seeks to evict for breach of an immaterial term of the lease and/or failed to issue a written notice to correct the alleged violation.

☒    Plaintiff is seeking to evict for refusal to execute a new lease which does not have similar provisions and/or includes terms in violation of law.

☒    Plaintiff is seeking to evict based on alleged intent to occupy the property by the owner or their spouse, domestic partner, children, grandchildren, parents, or grandparents without a provision of the lease permitting termination of tenancy on this basis.

☒    Plaintiff is seeking to evict based on alleged intent to "substantially remodel," but the work allegedly being conducted do not meet the definition of "substantially remodel" as provided in the Tenant Protection Act of 2019.

☒    The entire eviction is not enforceable because Plaintiff is proceeding to evict under a no-fault cause of action and has failed to provide relocation assistance by either notifying the tenant in writing that the Plaintiff intends to waive one month rent or informing the tenant the right to relocation within 15 calendar days from service of notice. Code of Civil Procedure §§ 1946.2(d)(2) and 1946.2(d)(4).

☒    The entire eviction is not enforceable because Plaintiff failed to notify Defendant(s) of the right to relocation assistance or rent waiver.

☒    Plaintiff is evicting for alleged nonpayment of rent, rent which was increased in excess of the amount permitted under the Tenant Protection Act of 2019.

☒    Plaintiff is evicting for alleged nonpayment of rent, rent which was increased in excess of the amount permitted under the Tenant Protection Act of 2019 after March 15, 2019, and has not been decreased after January 1, 2020, as required by the Tenant Protection Act of 2019.

**COUNTY'S EVICTION MORATORIUM (LOS ANGELES)**

The property at issue is located in the County of Los Angeles and thus is subject to the

4

FIRST AMENDED ANSWER

protections of the County's Eviction Moratorium.

☒    Plaintiff is attempting to evict the defendant based on nonpayment or rent, late charges, interest, or any other fees accrued due to Financial Impacts Related to COVID-19 in violation of the County's Eviction Moratorium.

☒    Plaintiff is attempting to evict a tenant for denying entry to the landlord in violation of the County's Eviction Moratorium.

☒    Plaintiff is attempting to evict defendant based on non-payment of rent due to financial hardship related to COVID-19 and failure to repay by the end of the applicable repayment period in violation of the County's Eviction Moratorium.

☒    Plaintiff is attempting to evict defendant based on failure to pay back unpaid rent under the terms of a payment plan in violation of the County's Eviction Moratorium.

☒    Plaintiff is attempting to evict defendant based on the tenant's failure to comply with the terms of a payment plan that is void as contrary to public policy.

☒    Plaintiff is attempting to evict defendant based on a "No-Fault Termination of Tenancy" in violation of the County's Eviction Moratorium.

☐    Plaintiff is attempting to evict defendant due to Nuisance or Unauthorized Occupants or Pets in violation of the County's Eviction Moratorium.

☒    Plaintiff filed this action in violation of the County's Eviction Moratorium.

### LOS ANGELES COUNTY RENT STABILIZATION ORDINANCE

The premises at issue is a Covered Rental Unit subject to the L.A. County Rent Stabilization Ordinance, and at the time Plaintiff served the relevant Notice:

☒    The Plaintiff failed to comply with the L.A. County Rent Stabilization Ordinance.

☒    The Plaintiff failed to serve a Notice of Termination on the Tenant, via certified mail, return receipt requested.

5

FIRST AMENDED ANSWER

☒    Plaintiff did not have a permitted cause for eviction.

☒    The Plaintiff did not submit a true and accurate copy of the Notice of Termination and proof of service of that Notice of Termination on the tenant, via certified mail, return receipt requested, to the Department of Consumer and Business Affairs of the County of Los Angeles (DCBA), within 5 days of the service of the Notice of Termination on the tenant.

☒    The Plaintiff failed to maintain proof of service proving compliance with the L.A. County Prohibition on Rent Increases.

☒    The Plaintiff failed to comply with the L.A. County Rent Stabilization Ordinance's posting requirements.

☒    The Plaintiff demanded rent which exceeded the legal amount which could be demanded.

☒    Defendant is entitled to an offset based on previous payments of unlawful late fees that caused tenant's rent to exceed the maximum allowable rent, pursuant to the applicable rent stabilization statute.

☒    Any habitability defects also constitute reductions in housing services and, therefore, illegal rent increases.

☒    The rent demanded exceeded the legal amount which could be demanded because Plaintiff reduced housing services without granting a corresponding decrease in the money charged as rent.

☒    The Notice does not "permit a determination of the date, place, witnesses and circumstances concerning the reason" for the eviction.

☒    Plaintiff failed to give 10 days from the date of the service of the notice to cure violation of material rental agreement term, to cure the alleged violation of a material rental agreement term.

6

FIRST AMENDED ANSWER

☒   Plaintiff seeks to enforce a rental agreement term that is not material as defined under the L.A. County Rent Stabilization Ordinance.

☐   The acts alleged in the notice do not constitute nuisance under the L.A. County Rent Stabilization Ordinance

☒   Plaintiff has not complied with Government Code §§ 7060-7060.7 for removal of the rental unit from the rental market.

☒   Plaintiff is pursuing this action in violation of the prohibition on retaliation and harassment pursuant to Los Angeles County Municipal Code § 8.52.130.

☒   Plaintiff is not seeking to recover possession of the rental unit for use and occupancy as a primary residence by the Plaintiff or Plaintiff's spouse, registered domestic partner, children, grandchildren, parents, or grandparents in good faith.

☒   Plaintiff failed to disclose to the Department the name of the eligible individual who will occupy the unit and their relationship to the landlord 60 days prior to the final date of the tenancy.

☒   The Plaintiffs are not similarly situated as the Defendants and their household as defined by the County RSO.

☒   The Plaintiffs did not comply with the requirements of the Ordinance regarding a relocation specialist.

☒   The Plaintiffs did not submit the required owner move-in documents to the County RSO Department.

### ESTOPPEL, WAIVER, OR BAD FAITH

Plaintiff is estopped from pursuing this eviction or has waived the right to prosecute an unlawful detainer because:

☒   Plaintiff accepted a rent payment from Defendant after service of the Notice to quit

7

FIRST AMENDED ANSWER

thereby renewing the tenancy.

☒    Plaintiff accepted a rent payment from Defendant with full knowledge of the alleged breach of the rental agreement thereby waiving the right to declare a forfeiture by reason of the breach and renewing the tenancy.

☒    Plaintiff retained a check or money order without negotiating it for an unreasonably long time, thereby accepting payment and renewing the tenancy.

☒    Plaintiff refused to accept the tender of rent payment – either prior to service of the Notice to quit or during the notice period.

☒    In bad faith Plaintiff prevented the payment of rent payment – either prior to service of the Notice to quit or during the notice period.

☒    Defendant is permitted to tender late rent payments if paying a late charge or within a grace period, so Defendant was not in default of the payment of rent.

☒    Plaintiff and Defendant made other payment arrangements after service of the Notice to quit, upon which Defendant detrimentally relied.  Therefore  payment was not delinquent.

☒    The deposit may be used to off-set any rent default, tenant has a deposit, so the rent is not delinquent.

## NO BREACH OF COVENANT

☐    Defendant's obligation to pay rent has been extinguished by Defendant's performance in the manner directed by Plaintiff.

☒    Plaintiff has demanded compliance with a term of the lease or rental agreement that is not legally enforceable.

☐    The alleged breach(es) of the rental agreement are trivial.

☒    Defendant denies the allegations stated in the notice.

☐    Plaintiff did not serve a proper notice to enter under Section 1954 of the Civil Code.

8

FIRST AMENDED ANSWER

Therefore, Defendant was under no obligation to permit Plaintiff to enter.

☐ Plaintiff did not serve a proper notice to use pesticides under governing municipal and state law. Therefore, Defendant was under no obligation to permit Plaintiff to enter.

**DEFECTIVE NOTICE**

The notice is defective and/or inapplicable because:

☒ The amount of rent demanded in the Notice is more than the "amount due."

☒ The amount of rent demanded in the Notice is more than the "amount due" because Defendant is entitled to a set off.

☒ Defendant is entitled to an offset in rent because the Notice includes rent fees, a rental surcharge, or liquidated damages in violation of Civil Code § 1671(c)(2) and § 1951.5.

☒ The Notice did not adequately identify a person/address where the rent is to be paid.

☒ The person identified on Notice was not actually available at the time and place stated in the Notice.

☒ Plaintiff did not serve the Notice either (1) in person, or (2) by both posting the Notice on the door and mailing said Notice.

☒ Plaintiff failed to serve the Notice at all.

☒ The Property is covered by the federal CARES ACT and the Plaintiff did not provide 30 days' notice to vacate.

☒ The notice failed to state the fair market rent and/or number of bedrooms.

☒ The Notice was superseded by a later-served notice.

**MISCELLANEOUS**

☒ Plaintiff lacks standing and/or capacity to bring this action.

☒ Defendant is entitled to an offset based on previous payments of unlawful late fees that caused tenant's rent to exceed the maximum allowable rent, pursuant to the applicable rent

9

FIRST AMENDED ANSWER

stabilization statute.

☒    Plaintiff served the Notice to quit, filed the present unlawful detainer, or imposed a rent increase to retaliate against Defendant for invoking their right to complain to a governmental agency, to Plaintiff or to Plaintiff's agent concerning an issue of habitability, a nuisance being perpetrated on the premises, or for Defendant's peaceful and lawful exercise of other rights.

☒    Plaintiff's unlawful detainer action is the product of arbitrarily discrimination against Defendant based on race, national origin, sexual orientation, family composition, disability, sex, age, religion, or the presence of children in the household.

☒    The notice was not served in compliance with the parties' lease agreement.

☒    Plaintiff is neither the owner of the premises at issue nor the management company authorized to act on Plaintiff's behalf by filing a lawsuit.

☒    Plaintiff is a new owner/manager who did not provide Defendant with proper notice of the change in ownership or management required by Civil Code Sections 1111 and 1962(c).

☒    Plaintiff filed the Complaint before the expiration of the Notice.

☒    The notice fails to comply with Civil Code 1946.1.

IV.    **RELIEF REQUESTED**

WHEREFORE, Defendant prays as follows:

1.    That the Complaint be dismissed with prejudice and/or judgment entered in favor of Defendant;

2.    For the costs of suit incurred herein, including reasonable attorneys' fees to the extent permissible by law, contract, or otherwise determined by the Court;

3.    For statutory damages as permitted by law; and

4.    For such other and further relief as the Court deems just and proper, including (if applicable) an order to repair the relevant dwelling and adjust the monthly rent accordingly.

10

FIRST AMENDED ANSWER

DATED: July 11, 2024

**Law Offices of Ben Gharagozli**

By: _____/s/_____

Ben Gharagozli
Attorney for Defendants, Christopher
Lopez, Cynthia Carter

11
FIRST AMENDED ANSWER

348

## VERIFICATION

I am a defendant in this action, and I have either read this Amended Answer or had it read to me. I declare under penalty of perjury pursuant to the laws of the State of California that, based upon information and belief, the foregoing is true and correct.

DATED:     July 11, 2024                    By:_____
                                           Defendant, Christopher Lopez

## VERIFICATION

I am a defendant in this action, and I have either read this Amended Answer or had it read to me. I declare under penalty of perjury pursuant to the laws of the State of California that, based upon information and belief, the foregoing is true and correct.

DATED:     July 11, 2024                    By:_____
                                           Defendant, Cynthia Carter

12
FIRST AMENDED ANSWER

**PROOF OF SERVICE**
LASC Case # 24PDUD01782

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 13654 Victory Blvd. Ste. 111, Van Nuys, CA 91401.

On July 11, 2024, I served the foregoing document(s) described as:

**FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

**[JURY TRIAL DEMANDED]**

as follows:

☒    (BY ELECTRONIC MAIL): I caused such document to be transmitted electronically as follows:

info@capropertylawgroup.com

Executed on July 11, 2024.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Kevin Hermansen

# Exhibit # 22

351



BEN GHARAGOZLI (S.B.N 272302)
**LAW OFFICES OF BEN GHARAGOZLI**
200 S. BARRINGTON AVENUE, #491488
LOS ANGELES, CA 90049
TELEPHONE: (310) 272-9211
FACSIMILE: (855) 628-5517
EMAIL: lobgattorney@gmail.com

Attorney for Defendants, Christopher Lopez, Cynthia Carter

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

SIU FAN TSANG

    Plaintiff,

    v.

CHRISTOPHER LOPEZ, CYNTHIA
CARTER, MARGARITA ALVAREZ, and
DOES 1 to 10;

    Defendants

LASC Case No. 24PDUD04392

**ANSWER TO PLAINTIFF'S COMPLAINT**

**[JURY TRIAL DEMANDED]**

---

**ANSWER**

**I.    GENERAL DENIAL**

    Pursuant to Section 431.30 of the Code of Civil Procedure, Defendants, Christopher Lopez, Cynthia Carter, and Margarita Alvarez (hereinafter collectively "Defendants") deny generally and specifically each allegation in the Complaint (hereinafter, "Complaint") and that Plaintiff has been damaged in the sum or sums alleged, in any sum, or at all, or is entitled to any of the relief requested therein, including without limitation, possession, general, equitable, and other damages.

**II.    JURY DEMAND**

    The above-captioned Defendant demand a jury trial in the above-captioned action.

1
ANSWER

## III.  SEPARATE AFFIRMATIVE DEFENSES

### BREACH OF THE WARRANTY OF HABITABILITY

The amount of rent or holdover damages demanded by Plaintiff is not in fact due because Plaintiff breached the warranty of habitability.  The dwelling at issue and/or common areas of the Subject Property where Defendant resides suffers from defects that render it untenantable and those defects include, but are not limited to, the following:

☒    Ineffective waterproofing and weather protection of roof, exterior walls, broken windows, or doors;

☒    Plumbing is not in good working order, including a water supply that produces hot and cold running water.

☒    Lack of properly functioning heating unit;

☒    Defective electrical wiring or exposed wiring;

☒    Rodents and/or other vermin (e.g., ants, bedbugs, cockroaches, fleas, spiders, or termites);

☒    Floors, stairways, or railings in disrepair;

☒    Exterior door does not have a functioning lock;

☐    Window(s) reasonably accessible to the public do not have a functioning lock;

☒    Missing or damaged window screens;

☒    Holes in the walls and/or ceilings;

☐    A Substandard Order was issued by a government agency demonstrating health and safety defects;

☒    Missing or broken smoke detector or carbon monoxide detector;

☒    Common areas are unclean;

☒    Inadequate number of receptacles for garbage;

2
ANSWER

353

☐ Other: _____

☒ The property is substandard as defined by Sec. 17920.3 of the Health and Safety Code.

## REPAIR AND DEDUCT

☐ Defendant performed repairs and deducted the cost for repairs which Plaintiff knew were needed and failed to provide within a reasonable time.

☐ Defendant made a payment to a utility and therefore was allowed to deduct such payment from the rent. Public Utilities Code §§10009-10009.1, §§12822-12822.1, §§16481-16481.1; Civil Code §1942.2

## CALIFORNIA TENANT PROTECTION ACT OF 2019 (AB 1482)

The Defendant is a tenant who has continuously and lawfully occupied the premises at issue for 12 months or more, or one or more of the tenants has continuously and lawfully occupied the premises for 24 months of more. As such, premises at issue is subject to the provisions of Civil Code §1946.2

☒ The Plaintiff is not proceeding in good faith in recovering possession.

☒ Rental agreement was commenced or renewed on or after July 1, 2020 and did not contain the required language in the rental agreement as per required by the Tenant Protection Act of 2019.

☒ The notice is defective because there is no Just Cause to evict under the Tenant Protection Act of 2019.

☒ Plaintiff has failed to state a cause for the eviction.

☒ Landlord is proceeding to use at-fault eviction without stating a permissible at-fault reason complaint with Code of Civil Procedure § 1946.2(b)(1)(A)-(K).

☒ Plaintiff is proceeding to use no-fault eviction without stating a permissible no-fault reason complaint with Code of Civil Procedure §1946.2(b)(2)(A)-(D).

3

ANSWER

354

☒    Plaintiff failed to give notice and opportunity to cure a curable lease violation.

☒    Plaintiff seeks to evict for breach of an immaterial term of the lease and/or failed to issue a written notice to correct the alleged violation.

☒    Plaintiff is seeking to evict for refusal to execute a new lease which does not have similar provisions and/or includes terms in violation of law.

☒    Plaintiff is seeking to evict based on alleged intent to occupy the property by the owner or their spouse, domestic partner, children, grandchildren, parents, or grandparents without a provision of the lease permitting termination of tenancy on this basis.

☒    Plaintiff is seeking to evict based on alleged intent to "substantially remodel," but the work allegedly being conducted do not meet the definition of "substantially remodel" as provided in the Tenant Protection Act of 2019.

☒    The entire eviction is not enforceable because Plaintiff is proceeding to evict under a no-fault cause of action and has failed to provide relocation assistance by either notifying the tenant in writing that the Plaintiff intends to waive one month rent or informing the tenant the right to relocation within 15 calendar days from service of notice. Code of Civil Procedure §§ 1946.2(d)(2) and 1946.2(d)(4).

☒    The entire eviction is not enforceable because Plaintiff failed to notify Defendant(s) of the right to relocation assistance or rent waiver.

☒    Plaintiff is evicting for alleged nonpayment of rent, rent which was increased in excess of the amount permitted under the Tenant Protection Act of 2019.

☒    Plaintiff is evicting for alleged nonpayment of rent, rent which was increased in excess of the amount permitted under the Tenant Protection Act of 2019 after March 15, 2019, and has not been decreased after January 1, 2020, as required by the Tenant Protection Act of 2019.

**COUNTY'S EVICTION MORATORIUM (LOS ANGELES)**

The property at issue is located in the County of Los Angeles and thus is subject to the

4

ANSWER

355

protections of the County's Eviction Moratorium.

☒ Plaintiff is attempting to evict the defendant based on nonpayment or rent, late charges, interest, or any other fees accrued due to Financial Impacts Related to COVID-19 in violation of the County's Eviction Moratorium.

☒ Plaintiff is attempting to evict a tenant for denying entry to the landlord in violation of the County's Eviction Moratorium.

☒ Plaintiff is attempting to evict defendant based on non-payment of rent due to financial hardship related to COVID-19 and failure to repay by the end of the applicable repayment period in violation of the County's Eviction Moratorium.

☒ Plaintiff is attempting to evict defendant based on failure to pay back unpaid rent under the terms of a payment plan in violation of the County's Eviction Moratorium.

☒ Plaintiff is attempting to evict defendant based on the tenant's failure to comply with the terms of a payment plan that is void as contrary to public policy.

☒ Plaintiff is attempting to evict defendant based on a "No-Fault Termination of Tenancy" in violation of the County's Eviction Moratorium.

☐ Plaintiff is attempting to evict defendant due to Nuisance or Unauthorized Occupants or Pets in violation of the County's Eviction Moratorium.

☒ Plaintiff filed this action in violation of the County's Eviction Moratorium.

**LOS ANGELES COUNTY RENT STABILIZATION ORDINANCE**

The premises at issue is a Covered Rental Unit subject to the L.A. County Rent Stabilization Ordinance, and at the time Plaintiff served the relevant Notice:

☒ The Plaintiff failed to comply with the L.A. County Rent Stabilization Ordinance.

☒ The Plaintiff failed to serve a Notice of Termination on the Tenant, via certified mail, return receipt requested.

5<br>ANSWER

356

☒    Plaintiff did not have a permitted cause for eviction.

☒    The Plaintiff did not submit a true and accurate copy of the Notice of Termination and proof of service of that Notice of Termination on the tenant, via certified mail, return receipt requested, to the Department of Consumer and Business Affairs of the County of Los Angeles (DCBA), within 5 days of the service of the Notice of Termination on the tenant.

☒    The Plaintiff failed to maintain proof of service proving compliance with the L.A. County Prohibition on Rent Increases.

☒    The Plaintiff failed to comply with the L.A. County Rent Stabilization Ordinance's posting requirements.

☒    The Plaintiff demanded rent which exceeded the legal amount which could be demanded.

☒    The Plaintiff did not qualify the termination as at-fault or no-fault.

☒    The notice to cure did not provide sufficient notice pursuant to the L.A. County Rent Stabilization Ordinance.

☒    Defendant is entitled to an offset based on previous payments of unlawful late fees that caused tenant's rent to exceed the maximum allowable rent, pursuant to the applicable rent stabilization statute.

☒    Any habitability defects also constitute reductions in housing services and, therefore, illegal rent increases.

☒    The rent demanded exceeded the legal amount which could be demanded because Plaintiff reduced housing services without granting a corresponding decrease in the money charged as rent.

☒    The Notice does not "permit a determination of the date, place, witnesses and circumstances concerning the reason" for the eviction.

6

ANSWER

357

☒    Plaintiff failed to give 10 days from the date of the service of the notice to cure violation of material rental agreement term, to cure the alleged violation of a material rental agreement term.

☒    Plaintiff seeks to enforce a rental agreement term that is not material as defined under the L.A. County Rent Stabilization Ordinance.

☐    The acts alleged in the notice do not constitute nuisance under the L.A. County Rent Stabilization Ordinance

☒    Plaintiff has not complied with Government Code §§ 7060-7060.7 for removal of the rental unit from the rental market.

☒    Plaintiff is pursuing this action in violation of the prohibition on retaliation and harassment pursuant to Los Angeles County Municipal Code § 8.52.130.

☒    Plaintiff is not seeking to recover possession of the rental unit for use and occupancy as a primary residence by the Plaintiff or Plaintiff's spouse, registered domestic partner, children, grandchildren, parents, or grandparents in good faith.

☒    Plaintiff failed to disclose to the Department the name of the eligible individual who will occupy the unit and their relationship to the landlord 60 days prior to the final date of the tenancy.

☒    The Plaintiffs are not similarly situated as the Defendants and their household as defined by the County RSO.

☒    The Plaintiffs did not comply with the requirements of the Ordinance regarding a relocation specialist.

☒    The Defendant Margarita Alvarez is not on the rental agreement and thus not contractually obligated to pay rent.

**ESTOPPEL, WAIVER, OR BAD FAITH**

7

ANSWER

Plaintiff is estopped from pursuing this eviction or has waived the right to prosecute an unlawful detainer because:

☒    Plaintiff accepted a rent payment from Defendant after service of the Notice to quit thereby renewing the tenancy.

☒    Plaintiff accepted a rent payment from Defendant with full knowledge of the alleged breach of the rental agreement thereby waiving the right to declare a forfeiture by reason of the breach and renewing the tenancy.

☒    Plaintiff retained a check or money order without negotiating it for an unreasonably long time, thereby accepting payment and renewing the tenancy.

☒    Plaintiff refused to accept the tender of rent payment – either prior to service of the Notice to quit or during the notice period.

☒    In bad faith Plaintiff prevented the payment of rent payment – either prior to service of the Notice to quit or during the notice period.

☒    Defendant is permitted to tender late rent payments if paying a late charge or within a grace period, so Defendant was not in default of the payment of rent.

☒    Plaintiff and Defendant made other payment arrangements after service of the Notice to quit, upon which Defendant detrimentally relied.  Therefore  payment was not delinquent.

☒    The deposit may be used to off-set any rent default, tenant has a deposit, so the rent is not delinquent.

### NO BREACH OF COVENANT

☐    Defendant's obligation to pay rent has been extinguished by Defendant's performance in the manner directed by Plaintiff.

☒    Plaintiff has demanded compliance with a term of the lease or rental agreement that is not legally enforceable.

8

ANSWER

☐ The alleged breach(es) of the rental agreement are trivial.

☒ Defendant denies the allegations stated in the notice.

☐ Plaintiff did not serve a proper notice to enter under Section 1954 of the Civil Code. Therefore, Defendant was under no obligation to permit Plaintiff to enter.

☒ Plaintiff did not serve a proper notice to use pesticides under governing municipal and state law. Therefore, Defendant was under no obligation to permit Plaintiff to enter.

### DEFECTIVE NOTICE

The notice is defective and/or inapplicable because:

☒ The amount of rent demanded in the Notice is more than the "amount due."

☒ The amount of rent demanded in the Notice is more than the "amount due" because Defendant is entitled to a set off.

☒ Defendant is entitled to an offset in rent because the Notice includes rent fees, a rental surcharge, or liquidated damages in violation of Civil Code § 1671(c)(2) and § 1951.5.

☒ The Notice did not adequately identify a person/address where the rent is to be paid.

☒ The person identified on Notice was not actually available at the time and place stated in the Notice.

☒ Plaintiff did not serve the Notice either (1) in person, or (2) by both posting the Notice on the door and mailing said Notice.

☒ Plaintiff failed to serve the Notice at all.

☒ The Property is covered by the federal CARES ACT and the Plaintiff did not provide 30 days' notice to vacate.

☒ The notice failed to state the fair market rent and/or number of bedrooms.

☒ The Notice was superseded by a later-served notice.

9
ANSWER

360

## MISCELLANEOUS

☒    Plaintiff lacks standing and/or capacity to bring this action.

☒    Defendant is entitled to an offset based on previous payments of unlawful late fees that caused tenant's rent to exceed the maximum allowable rent, pursuant to the applicable rent stabilization statute.

☒    Plaintiff served the Notice to quit, filed the present unlawful detainer, or imposed a rent increase to retaliate against Defendant for invoking their right to complain to a governmental agency, to Plaintiff or to Plaintiff's agent concerning an issue of habitability, a nuisance being perpetrated on the premises, or for Defendant's peaceful and lawful exercise of other rights.

☒    Plaintiff's notice to pay rent or quit is overstated because it requests payment for months previously litigated in Hoi Kan Lau v. Cynthia Carter, Christopher Lopez, LASC Case No. 24PDUD01782. The issue for those months of rent is now res judicata/collateral estoppel.

☒    Plaintiff's unlawful detainer action is the product of arbitrarily discrimination against Defendant based on race, national origin, sexual orientation, family composition, disability, sex, age, religion, or the presence of children in the household.

☒    The notice was not served in compliance with the parties' lease agreement.

☒    Plaintiff is neither the owner of the premises at issue nor the management company authorized to act on Plaintiff's behalf by filing a lawsuit.

☒    Plaintiff is a new owner/manager who did not provide Defendant with proper notice of the change in ownership or management required by Civil Code Sections 1111 and 1962(c).

☒    Plaintiff filed the Complaint before the expiration of the Notice.

☒    The notice fails to comply with Civil Code 1946.1.

IV.    **RELIEF REQUESTED**

WHEREFORE, Defendant prays as follows:

10
ANSWER

361

1.    That the Complaint be dismissed with prejudice and/or judgment entered in favor of Defendant;

2.    For the costs of suit incurred herein, including reasonable attorneys' fees to the extent permissible by law, contract, or otherwise determined by the Court;

3.    For statutory damages as permitted by law; and

4.    For such other and further relief as the Court deems just and proper, including (if applicable) an order to repair the relevant dwelling and adjust the monthly rent accordingly.

DATED:  February 20, 2025                    **Law Offices of Ben Gharagozli**

By:    _____/s/_____
        Ben Gharagozli
        Attorney for Defendants, Christopher
        Lopez, Cynthia Carter, Margarita Alvarez

**VERIFICATION**

I am a defendant in this action, and I have either read this Answer or had it read to me.  I declare under penalty of perjury pursuant to the laws of the State of California that, based upon information and belief, the foregoing is true and correct.


DATED:        February 20, 2025              By:_____
                                             Defendant, Christopher Lopez

**VERIFICATION**

I am a defendant in this action, and I have either read this Answer or had it read to me.  I declare under penalty of perjury pursuant to the laws of the State of California that, based upon information and belief, the foregoing is true and correct.


DATED:        February 20, 2025              By:_____
                                             Defendant, Cynthia Carter

**VERIFICATION**

I am a defendant in this action, and I have either read this Answer or had it read to me.  I declare under penalty of perjury pursuant to the laws of the State of California that, based upon information and belief, the foregoing is true and correct.


DATED:        February 20, 2025              By:_____
                                             Defendant, Margarita Alvarez

12
ANSWER

363

**PROOF OF SERVICE**
LASC Case # 24PDUD04392

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 13654 Victory Boulevard, Suite 111, Van Nuys, CA 91401.

On February 20, 2025, I served the foregoing document(s) described as:

**ANSWER TO PLAINTIFF'S COMPLAINT**

**[JURY TRIAL DEMANDED]**

as follows:

Kelvin J. Lo
Brendant T. Molloy

kelvin@lolollp.com
brendan@lolollp.com

☐    (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our office's address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐    (BY OVERNIGHT DELIVERY SERVICE)  I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided.

☒    (BY ELECTRONIC SERVICE)  I served the foregoing document electronically at the above mentioned email address.

Executed on February 20, 2025.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Kevin Hermansen

# Exhibit # 23

# Exhibit # 24

# Exhibit # 25

MC-012

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**   STATE BAR NUMBER: 272302 | **FOR COURT USE ONLY** |

NAME: BEN GHARAGOZLI
FIRM NAME: LAW OFFICES OF BEN GHARAGOZLI
STREET ADDRESS: 200 S. BARRINGTON AVENUE, #491488
CITY: LOS ANGELES     STATE: CA     ZIP CODE: 90049
TELEPHONE NO.: (310) 272-9211     FAX NO.:
E-MAIL ADDRESS: lobgattorney@gmail.com
ATTORNEY FOR (name): Christopher Lopez, Cynthia Carter

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 300 East Walnut Street
MAILING ADDRESS: 300 East Walnut Street
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: Pasadena Courthouse

PLAINTIFF: Hoi Kan Lau, Siu Fan Tsang

DEFENDANT: Christopher Lopez, Cynthia Carter

| | |
|---|---|
| **MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST** | CASE NUMBER: 23PDUD01863 |

1. ☒ **Postjudgment costs**
   a. I claim the following costs after judgment incurred within the last two years *(indicate if there are multiple items in any category):*

   | | Dates Incurred | | Amount |
   |---|---|---|---|
   | (1) Preparing and issuing abstract of judgment | 12/04/2023 | $ | 40.00 |
   | (2) Recording and indexing abstract of judgment | 12/04/2023 | $ | 176.39 |
   | (3) Filing notice of judgment lien on personal property | | $ | |
   | (4) Issuing writ of execution, to extent not satisfied by Code Civ. Proc., § 685.050 *(specify county):* | | $ | |
   | (5) Levying officers fees, to extent not satisfied by Code Civ. Proc., § 685.050 or wage garnishment | | $ | |
   | (6) Approved fee on application for order for appearance of judgment debtor, or other approved costs under Code Civ. Proc., § 708.110 et seq. | 12/15/2023 | $ | 60.00 |
   | (7) Attorney fees, if allowed by Code Civ. Proc., § 685.040 | See attacment | $ | 9,100.00 |
   | (8) Other: Service of ORAP _____ *(Statute authorizing cost):* CCP 1033.5(a)(4) | | $ | 65.00 |
   | (9) Total of claimed costs for current memorandum of costs (add items (1)–(8)) | | $ | 9,441.39 |

   b. All previously allowed postjudgment costs     $
   c. **Total** of all postjudgment costs *(add items a and b)*     $ 9,441.39

2. ☐ **Credits to interest and principal**
   a. I acknowledge total payments to date in the amount of: $_____ (including returns on levy process and direct payments). The payments received are applied first to the amount of accrued interest, and then to the judgment principal (including postjudgment costs allowed) as follows: credit to accrued interest: $_____ ; credit to judgment principal $_____ .
   b. **Principal remaining due:** The amount of judgment principal remaining due is $8,694.80_____ . *(See Code Civ. Proc., § 680.300)*

3. ☒ **Accrued interest remaining due:** I declare interest accruing (at the legal rate) from the date of entry or renewal and on balances from the date of any partial satisfactions (or other credits reducing the principal) remaining due in the amount of $140.33_____ .

4. I am the: ☐ judgment creditor     ☐ agent for the judgment creditor     ☒ attorney for the judgment creditor.
   I have knowledge of the facts concerning the costs claimed above. To the best of my knowledge and belief, the costs claimed are correct, reasonable, and necessary, and have not been satisfied.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 01/21/2024

| Kevin Hermansen | ▶ | |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF DECLARANT) |

**NOTICE TO THE JUDGMENT DEBTOR**
If this memorandum of costs is filed at the same time as an application for a writ of execution, any statutory costs, not exceeding $100 in aggregate and not already allowed by the court, may be included in the writ of execution. The fees sought under this memorandum may be disallowed by the court upon a motion to tax filed by the debtor, notwithstanding the fees having been included in the writ of execution. (Code Civ. Proc., § 685.070(e).) A motion to tax costs claimed in this memorandum must be filed within 10 days after service of the memorandum. (Code Civ. Proc., § 685.070(c).)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
MC-012 [Rev. September 1, 2018]

**MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST**

Code of Civil Procedure,
§§ 685.040, 685.070, 695.220
www.courts.ca.gov

368

## DECLARATION OF KEVIN HERMANSEN

I, Kevin Hermansen, declare:

1.     My name is Kevin Hermansen, and my business address is 13654 Victory Boulevard, Suite 111, Van Nuys, CA 91401. I am not a party to this lawsuit. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2.     The first 15 years of my career were almost exclusively devoted to eviction defense trials, appeals, and affirmative habitability cases representing tenants exclusively. I also served as the organization's in-house judgment enforcement operator, where I collected millions in judgments on behalf of tenants. During those years I worked at BASTA, Inc., a nonprofit organization which advances the legal rights of tenants through the courts. I began as an associate attorney in 2009 and ended my tenure at BASTA, Inc. as the Director of Operations in December, 2023.

3.     After leaving BASTA, Inc. I opened my own law office where I continue to represent tenants in affirmative habitability cases, unlawful detainer trials, and appeals.

4.     I am also an independent contractor for the Law Office of Daniel J. Bramzon & Associates, P.C., where I provide legal services to both commercial and residential tenants in upscale properties and handle other unlimited jurisdiction breach of contract cases.

5.     I began working in the area of judgment enforcement during the summer of 2009 while I waited for my bar results. Since that time, I have collected millions in unpaid judgments, both on behalf of BASTA, Inc., the Law Office of Daniel J. Bramzon & Associates, and on behalf of other organizations (including Public Counsel, Eviction Defense Network, Lavi & Ebrahimian, LLP). My judgment enforcement work has also contributed to the published case Crasnick v. Marquez (2016) 248 Cal.App.4th Supp. 1 where I successfully defended an attorney fee award of Public Counsel against an offset.

6.     As a fifteenth-year attorney with specialized experience in the defense of unlawful detainer cases, judgment enforcement, and appeals, as of January 1, 2024 my time is billed at $500 per hour. I have reviewed countless fee declarations from attorneys practicing in the landlord-tenant field of law, and the hourly rate of $500 based on my level of experience is well within the standard

1

MEMORANDUM OF COSTS AFTER JUDGMENT - ATTACHMENT

of the legal community generally and the area of landlord-tenant practice in particular.

7.      My rate has recently increased the last four years of specialized knowledge and training in all of the COVID-19 related eviction moratoriums at the city, county, state, and federal level. Prior to January 1, 2024, I was consistently awarded the rate of $475 an hour by over 6 judges in Los Angeles County.

8.      For the last two years, my billing rate has been $475 an hour. I was awarded this rate by seven different judges since that time: By Judge Mark A. Young on January 6, 2023 in Joseph Englanoff v. Jona Rechnitz, LASC Case No. 22SMCV00435, by Judge Jessica Uzcategui on December 22, 2022 in David Abelyan v. Joseph Pollock, LASC Case No. 22CHUD00582, by Judge Lynn M. Hobbs on April 27, 2023 in Easton Investments II, LP v. Zaira Diazvicarte, LASC Case No. 22CHUD00747, by Judge Michael Amerian in Steven Rauchman v. Benavides, LASC Case No. 22VEUD01262, by Judge Huey P. Cotton in Rauchman v. Appel, LASC Case No. 22VEUD02574, by Commissioner Marcelo D'Asero in Carolyn Vonner v. Maura Soriano, LASC Case No. 23STUD03769 on October 30, 2023, and by Judge Lauren Lofton in Everett Financial, Inc. v. Hasmik Grigoryan, LASC Case No. 23CHUD00722 December 18, 2023.

9.      The hours that I spent on this case during the relevant time period are listed below. During the course of this matter, I made a special effort to maintain contemporaneous time records reflecting the work activity and time spent on this case. The hours I spent on this case were necessary and reasonable to enforce the judgment in this matter:

| DATE | WORK PERFORMED | TIME |
|------|----------------|------|
| 11/29/23 | Review court's ruling on motion for attorney fees; look up contact information for Plaintiff | .2 hours |
| 11/29/23 | Call Plaintiff and leave voicemail to discuss payment | .1 hours |
| 11/30/23 | Draft e-mail to Plaintiff re breakdown of costs, fees, and where and how to pay. Also warn them "Please let us know if you are going to be paying the fees voluntarily. If not, we will be forced to enforce this judgment and will likely incur significant costs." | .2 hours |
| 12/01/23 | Review response e-mail from Plaintiff that they will not be paying the judgment because they will be having it vacated | .1 hours |
| 11/29/23 | Start a collection file to enforce cost and fee award | .1 hours |

2

MEMORANDUM OF COSTS AFTER JUDGMENT - ATTACHMENT

| Date | Description | Hours |
|---|---|---|
| 12/01/23 | Review racist e-mail tirade from Plaintiff which includes "You only won a judgment because the judge was like you people, extremely stupid and racist" and "The judge was just a stupid racist Maybe he was Jewish, Ben was Jewish and you two Jewish men had a great time being racist against an elderly asian together"; telecon with BGR re response | .2 hours |
| 11/30/23 | Review case file for methods to collect judgment; review lease and other client documents re Plaintiff's bank account information | .9 hours |
| 12/04/23 | Research assets of Plaintiff on LexisNexis; review property and mortgage v. equity; search for other liens | .8 hours |
| 12/04/23 | Draft Abstract of Judgment; cross-reference Plaintiff's address and judgment amount | .8 hours |
| 12/04/23 | Review returned Abstract; Submit Abstract for recording with Los Angeles County Recorder | .2 hours |
| 12/06/23 | Draft post-judgment Requests for Production of Documents and Special Interrogatories; mail and e-mail to Plaintiff | 1.2 hours |
| 12/15/23 | Reserve Application and Order for Appearance and Examination ("ORAP") hearing date; draft ORAP | .9 hours |
| 12/22/23 | Review returned ORAP; draft Notice to Produce documents at ORAP; provide to process server with directions for service | 1.4 hours |
| 12/27/23 | Review Motion to Quash and Motion to Vacate from Plaintiff; review citations for accuracy | .4 hours |
| 01/03/23 | Review proof of service from process server; e-file proof | .2 hours |
| 01/05/24 | Research and draft opposition to motion to quash; research motion to quash statute and whether it can be used post-judgment or post-motion (1.1); research and draft section re opposition om the merits cures defective service, review cases (1.6); research re improper motion for reconsideration (1.5) | 4.3 hours |
| 1/08/24 | Research and draft opposition to motion to vacate; research and add section re motion for reconsideration improper if same arguments used even if different procedural vehicle | 1.7 hours |
| 01/09/24 | Finalize oppositions to motion to quash and motion to vacate; e-file and serve | 1.3 hours |
| 01/16/24 | Review Motion to Continue ORAP, reply to motion to quash, reply to motion to set aside | .9 hours |
| 01/21/24 | Review collection documents re real estate and assets and prepare outline for judgment debtor examination | 1.2 hours |
| 01/21/24 | Draft Memo of Costs After Judgment; calculate interest; draft declaration | 1.1 hours |
| **TOTAL HOURS  (at rate of $500 per hour)** | | **18.2 hours** |
| 18.2 x 500 = $9,100 | | |

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.  Executed on January 21, 2024 in Los Angeles, California.

Kevin Hermansen

3

MEMORANDUM OF COSTS AFTER JUDGMENT - ATTACHMENT

**MC-012**

| Short Title: Hoi Kan Lau, Siu Fan Tsang v. Christopher Lopez | CASE NUMBER:<br>23PDUD01863 |
|---|---|

## PROOF OF SERVICE

[x] Mail          [ ] Personal Service

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My residence or business address is:
   13654 Victory Boulevard, Suite 111, Van Nuys, CA 91401

3. [x] I mailed or personally delivered a copy of the *Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest* as follows *(complete either a or b)*:

   a. [x] **Mail.** I am a resident of or employed in the county where the mail occurred.
      (1) I enclosed a copy in an envelope AND
         (a) [ ] **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.
         (b) [x] **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

      (2) The envelope was addressed and mailed as follows:

      Siu Fan Tsang                              and by e-mail to:
      Hoi Kan Lau                                siufantsang@gmail.com
         (a) Name of person served: 6726 Salter Avenue
         (b) Address on envelope: Arcadia, CA 91007
         (c) Date of mailing: 01/21/2024
         (d) Place of mailing *(city and state)*: Los Angeles, CA

   b. [ ] **Personal delivery.** I personally delivered a copy as follows.
      (1) Name of person served:
      (2) Address where delivered:
      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 01/21/2024

| Kevin Hermansen | ▶ *[signature]* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

MC-012 [Rev. September 1, 2018]

**MEMORANDUM OF COSTS AFTER JUDGMENT,**
**ACKNOWLEDGMENT OF CREDIT, AND DECLARATION**
**OF ACCRUED INTEREST**

Page 2 of 2

372

# Exhibit # 26

BEN GHARAGOZLI (S.B.N 272302)
**LAW OFFICES OF BEN GHARAGOZLI**
200 S. BARRINGTON AVENUE, #491488
LOS ANGELES, CA 90049
TELEPHONE: (310) 272-9211
FACSIMILE: (855) 628-5517
EMAIL: lobgattorney@gmail.com

Attorney for Defendants, Christopher Lopez, Cynthia Carter and Margarita Alvarez

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| HOI KAN LAU; SIU FAN TSANG,<br><br>    Plaintiff,<br>v.<br><br>CHRISTOPHER LOPEZ; CYNTHIA CARTER,<br><br>    Defendants. | LASC Case No. 23PDUD01863<br><br>**OPPOSITION TO AMENDED MOTION TO STRIKE DEFENDANTS' MEMORANDUM OF COSTS AFTER JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DATE:**    March 1, 2024<br>**TIME:**    1:30 p.m.<br>**PLACE:**    Department R<br>    300 East Walnut Street<br>    Pasadena, CA 91101 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.    INTRODUCTION

Plaintiffs bring the instant motion to strike the cost memorandum on the basis that Defendants are not entitled to any post-judgment attorney fees as a matter of law. Notably, the motion is *not* a motion to tax any costs; i.e. this is an all-or-nothing type of motion. Plaintiffs' arguments for striking the cost memorandum are not supported by law.

Plaintiffs first argue that the attorney fee award is not a "judgment" and so Defendants are not entitled to attorney fees for enforcing the judgment. This is incorrect because the Enforcement

1
MEMORANDUM OF POINTS AND AUTHORITIES

374

of Judgment Laws define a money judgment as any part of an order requiring the payment of money. When attorney fees are awarded as part of a dismissal, as here (or for example, after the granting of a demurrer without leave or after the granting of an antiSLAPP motion), the fees are incorporated into the dismissal which becomes a money judgment. Code Civ. Proc. § 685.040 provides that a judgment creditor is entitled to the attorney fees incurred to enforce a judgment.

Plaintiffs' second argument is that they served a notice to change the terms of the tenancy to remove the attorney fees clause. However, this alleged service occurred in late December, 2023, when the fees had already been awarded in this case on November 29, 2023. Further, post-judgment attorney fees are permitted by statute (Code Civ. Proc. § 685.040) and not by contract.[1]

Plaintiff's third argument is that the fees claimed are not the costs of enforcing a judgment per se because some of them deal with "defending" the judgment from attack. Enforcing a judgment has been construed broadly to include fees incurred defending a judgment from attack, even when the work is performed in a separate action. As such, Plaintiff cannot file endless motions seeking to vacate the judgment and then expect to not incur attorney fees as a result.

## II.    ARGUMENT

### A. Plaintiffs Do Not Provide a Statutory Basis to Strike the Cost Memorandum

A notice of motion must cite the grounds upon which it is being sought. Code Civ. Proc. § 1010; Rule of Court 3.1110(a)["A notice of motion must state in the opening paragraph the nature of the order being sought and the grounds for issuance of the order."]. "As a general rule, the trial court may consider only the grounds stated in the notice of motion. [Citations.] ... The purpose of these requirements is to cause the moving party to 'sufficiently define the issues for the information and attention of the adverse party and the court.' [Citation.]." Luri v. Greenwald (2003) 107 Cal.App.4th

---

[1] "Section 685.040 provides that when a judgment includes an award of attorney fees pursuant to a contract, then "[a]ttorney's fees incurred in enforcing [the] judgment are included as costs collectible...." An award of such postjudgment attorney fees under section 685.040 is not, however, based on the contract." Globalist Internet Technologies, Inc. v. Reda (2008) 167 Cal.App.4th 1267, 1273–1274.

2

MEMORANDUM OF POINTS AND AUTHORITIES

119, 1125.

Here, the notice of motion only seeks to strike the cost memorandum. A motion to strike a cost memorandum aims to strike the entire filing for some irregularity. A motion to tax, on the other hand, must specify the specific items it seeks to tax. Here, Plaintiffs have only moved to strike the entire memorandum of costs and thus if their arguments fail, the motion should be denied in its entirety.

**B. An Award of Attorney Fees is Subject to Post-Judgment Attorney Fees**

Plaintiff argues that the attorney fee award is not a "judgment" that can be enforced. The Enforcement of Judgments Laws say otherwise.

"Detailed statutory provisions govern the manner and extent to which civil judgments are enforceable. In 1982, following the recommendations of the California Law Revision Commission, the Enforcement of Judgments Law (EJL) was enacted. The EJL appears in sections 680.101 through 724.260 and is a comprehensive scheme governing the enforcement of all civil judgments in California." Gonzalez v. Toews (2003) 111 Cal. App. 4th 977, 980. The EJL states that *it* governs enforcement of a money judgment and there is no exception for equitable doctrines. Goins v. Board of Pension Commissioners (1979) 96 Cal.App.3d 1005, 1009[when a statute contains an exception to a general rule laid down therein, that exception is strictly construed and other exceptions are necessarily excluded].)

Under the EJL, a "Judgment" means a judgment, order, or decree entered in a court of this state. Code Civ. Proc. § 680.230. This would apply to any court order, including sanctions. Newland v. Superior Court (1995) 40 Cal. App. 4th 608, 615; Jones v. Otero (1984) 156 Cal. App. 3d 754, 759 ["An order imposing monetary sanctions may be enforced under the Enforcement of Judgments Law (Code Civ.Proc., § 680.010 et seq.)"] "A 'money judgment' means that part of a judgment that requires the payment of money." (§ 680.270.) Therefore, where costs (including attorney fees) are incorporated into a judgment of dismissal, the judgment becomes to that extent a money judgment." Lucky United Properties Investment, Inc. v. Lee (2010) 185 Cal.App.4th 125, 139, fn. 8.

3
MEMORANDUM OF POINTS AND AUTHORITIES

When the judgment or order includes attorney fees, a judgment creditor is entitled to attorney fees incurred foe collecting that judgment. "Section 685.040 states that a judgment creditor "is entitled to the reasonable and necessary costs of enforcing a judgment," which includes attorney's fees in instances where the fees are provided by contract or "otherwise provided by law." (§ 685.040.)" Briggs v. Elliott (2023) 92 Cal.App.5th 683, 692; York v. Strong (2015) 234 Cal.App.4th 1471, 1478 ["attorney fees incurred in the enforcement of an anti-SLAPP attorney fee award are recoverable costs under section 685.040"]; accord Conservatorship of McQueen (2014) 59 Cal.4th 602, 614 ["when a fee-shifting statute provides the substantive authority for an award of attorney fees, any such fees incurred in enforcement of the judgment are within the scope of section 685.040"].

"The judgment creditor may seek to recover attorney's fees incurred in enforcing a judgment by filing either a 'memorandum of costs' under section 685.070, subdivision (b), or a 'noticed motion' under section 685.080, subdivision (a)."] David S. Karton, A Law Corp. v. Dougherty (2009) 171 Cal.App.4th 133, 145.

"Under section 685.070, the judgment creditor may claim costs listed in section 685.070, together with attorney fees 'if allowed by Section 685.040' by filing and serving a memorandum of costs on the judgment debtor, no later than two years after the costs have been incurred, and before the judgment is fully satisfied." Briggs v. Elliott (2023) 92 Cal.App.5th 683, 692–693.

Therefore, the order granting attorney fees was a "judgment" as defined by the EJL and Defendants properly claimed their fees by filing the Memorandum of Costs After Judgment.

**C. Plaintiff's Claimed Notice of Change of Terms of Tenancy Does Not Affect Post-Judgment Attorney Fees.**

Plaintiff's next argument is that after the attorney fees were awarded in this action, they served the Defendants with a notice that no attorney fees would be permitted under the lease. This had no effect because post-judgment attorney fees are permitted by Code Civ. Proc. § 685.040, not by the underlying contract.

"[T]he award of postjudgment attorney fees is not based on the survival of the contract, but

4

MEMORANDUM OF POINTS AND AUTHORITIES

is instead based on the award of attorney fees and costs in the trial judgment. [Citation.] This is in accord with the extinction by merger analysis providing that postjudgment rights are governed by the rights in the judgment and not by any rights arising from the contract. [W]hen a judgment is rendered on a case involving a contract that includes an attorney fees and costs provision, the 'judgment extinguishes all further contractual rights, including the contractual attorney fees clause.' Accordingly, "we look to the judgment rather than the contract itself when determining a party's entitlement to fees." Nash v. Aprea (2023) 96 Cal.App.5th 21, 28–29 [internal citations omitted]; CPB, LLC v. SCC Acquisitions, Inc. (2015) 233 Cal.App.4th 882, 891 [the attorney fees provision in the contract does not trump the EJL]

### D. The Fees Incurred in Defending the Judgment Are Permitted as Enforcing the Judgment

Plaintiffs' last argument is that defending the judgment from attack is not the same as enforcing it. This distinction is without a difference. Enforcing a judgment has been construed broadly to include fees incurred when (1) litigating whether the judgment can be discharged in bankruptcy (Jaffe v. Pacelli (2008) 165 Cal.App.4th 927, 938); (2) defending against a collateral attack on a judgment that includes an award of attorney's fees (Globalist Internet Technologies, Inc. v. Reda (2008) 167 Cal.App.4th 1267.); and (3) prosecuting a fraudulent conveyance action (Cardinale v. Miller (2014) 222 Cal.App.4th 1020.)

The Globalist court noted that "[h]ad Globalist not defended against the specific performance action, it would have lost substantial rights under the judgment in this case. Accordingly, the attorney fees it incurred in defense of the companion action were incurred in enforcing the judgment." Globalist, supra, 167 Cal.App.4th at 1276.

Here, the time incurred opposing the Plaintiff's motion to vacate the award of attorney fees and quash its service and the other countless motions and ex parte applications that Plaintiffs continue to bring qualify as enforcing the judgment.

Preventing this kind of litigation by attrition is why "the fundamental purpose of section 685.040 … is set forth in the first sentence of the statute — namely, to provide for the recovery of

5

MEMORANDUM OF POINTS AND AUTHORITIES

costs and fees incurred by a judgment creditor in enforcing a judgment." Rosen v. LegacyQuest (2014) 225 Cal.App.4th 375, 384. On the other hand, excluding fees because they were defending the judgment from being vacated would substantially diminish the value of the award made in the trial court and thus frustrate the purpose of Code Civ. Proc. § 685.040 by "giv[ing] a judgment debtor the power to force a creditor to accept a sizable discount on his judgment, or face the prospect of incurring substantial non-recoverable attorney's fees in enforcing the judgment." (Com. to Digest, Assem. Bill No. 2616, 3d reading May 13, 1992 (1991-1992 Reg. Sess.) p. 2 .)

"Giving a judgment debtor the power to force a creditor to accept a sizable discount on his judgment" contradicts established public policy because "[t]he policy of the law favors the enforcement of judgments. There is no policy favoring the concealment of the judgment debtor's assets from the judgment creditor." Yolanda's, Inc. v. Kahl & Goveia Commercial Real Estate (2017) 11 Cal.App.5th 509, 515. There is no reason to craft a different rule depending upon whether the judgment debtor conceals assets behind a simple refusal to answer questions, endless court proceedings to attack the award, or a simple refusal to pay. Instead, the EJL should be interpreted and applied like the "comprehensive scheme governing the enforcement of all civil judgments in California" that it is. Imperial Bank v. Pim Electric, Inc. (1995) 33 Cal.App.4th 540, 546. As such, opposing Plaintiffs' motions to vacate the fee award should not be excluded form the fees incurred to enforce the judgment.

### III.    CONCLUSION.

In light of the foregoing, the motion to strike should be denied.

DATED: February 20, 2024

Law Offices of Ben Gharagozli

By:

Ben Gharagozli
Attorney for Defendants

6

MEMORANDUM OF POINTS AND AUTHORITIES

PROOF OF SERVICE
LASC Case # 23PDUD01863

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 13654 Victory Boulevard, Suite 111, Van Nuys, CA 91401.

On February 20, 2024, I served the foregoing document(s) described as:

**OPPOSITION TO AMENDED MOTION TO STRIKE DEFENDANTS' MEMORANDYM OF COSTS AFTER JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

Siu Fan Tsang
Hoi Kan Lau
6726 Salter Avenue
Arcadia, CA 91007

☒    (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our office's address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒    (BY ELECTRONIC MAIL): I caused such document to be transmitted electronically as follows:

SiuFan Tsang <siufantsang@gmail.com>

Executed on February 20, 2024.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Kevin Hermansen

7
MEMORANDUM OF POINTS AND AUTHORITIES

# Exhibit # 27

BEN GHARAGOZLI (S.B.N 272302)
**LAW OFFICES OF BEN GHARAGOZLI**
200 S. BARRINGTON AVENUE, #491488
LOS ANGELES, CA 90049
TELEPHONE: (310) 272-9211
FACSIMILE: (855) 628-5517
EMAIL: lobgattorney@gmail.com

Attorney for Defendants, Christopher Lopez, Cynthia Carter

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SIN FAN TSANG;<br><br>     Plaintiff,<br><br>     v.<br><br>CHRISTOPHER LOPEZ, CYNTHIA CARTER, and DOES 1 to 10;<br><br>     Defendants | LASC Case No. 24PDUD01782<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

**ANSWER**

I.    **GENERAL DENIAL**

Pursuant to Section 431.30 of the Code of Civil Procedure, Defendants, Christopher Lopez, Cynthia Carter, (hereinafter collectively "Defendants") deny generally and specifically each allegation in the Complaint (hereinafter, "Complaint") and that Plaintiff has been damaged in the sum or sums alleged, in any sum, or at all, or is entitled to any of the relief requested therein, including without limitation, possession, general, equitable, and other damages.

1
ANSWER

## II.  JURY DEMAND

The above-captioned Defendant demand a jury trial in the above-captioned action.

## III.  SEPARATE AFFIRMATIVE DEFENSES

### BREACH OF THE WARRANTY OF HABITABILITY

The amount of rent or holdover damages demanded by Plaintiff is not in fact due because Plaintiff breached the warranty of habitability.  The dwelling at issue and/or common areas of the Subject Property where Defendant resides suffers from defects that render it untenantable and those defects include, but are not limited to, the following:

☒    Ineffective waterproofing and weather protection of roof, exterior walls, broken windows, or doors;

☒    Plumbing is not in good working order, including a water supply that produces hot and cold running water.

☐    Lack of properly functioning heating unit;

☒    Defective electrical wiring or exposed wiring;

☒    Rodents and/or other vermin (e.g., ants, bedbugs, cockroaches, fleas, spiders, or termites);

☒    Floors, stairways, or railings  in disrepair;

☒    Exterior door does not have a functioning lock;

☐    Window(s) reasonably accessible to the public do not have a  functioning lock;

☒    Missing or damaged window screens;

☒    Holes in the walls and/or ceilings;

☐    A Substandard Order was issued by a government agency demonstrating health and safety defects;

☒    Missing or broken smoke detector or carbon monoxide detector;

2
ANSWER

383

☒    Common areas are unclean;

☒    Inadequate number of receptacles for garbage;

☐    Other: _____

☐    The property is substandard as defined by Sec. 17920.3 of the Health and Safety Code.

**CALIFORNIA TENANT PROTECTION ACT OF 2019 (AB 1482)**

The Defendant is a tenant who has continuously and lawfully occupied the premises at issue for 12 months or more, or one or more of the tenants has continuously and lawfully occupied the premises for 24 months of more. As such, premises at issue is subject to the provisions of Civil Code §§ 1946.2 and 1947.12.

☒    The notice is defective because there is no Just Cause to evict under the Tenant Protection Act of 2019.

☒    Plaintiff has failed to state a cause for the eviction.

☒    Landlord is proceeding to use at-fault eviction without stating a permissible at-fault reason complaint with Code of Civil Procedure § 1946.2(b)(1)(A)-(K).

☒    Plaintiff is proceeding to use no-fault eviction without stating a permissible no-fault reason complaint with Code of Civil Procedure §1946.2(b)(2)(A)-(D).

☒    Plaintiff failed to give notice and opportunity to cure a curable lease violation.

☒    Plaintiff seeks to evict for breach of an immaterial term of the lease and/or failed to issue a written notice to correct the alleged violation.

☒    Plaintiff is seeking to evict for refusal to execute a new lease which does not have similar provisions and/or includes terms in violation of law.

☒    Plaintiff is seeking to evict based on alleged intent to occupy the property by the owner or their spouse, domestic partner, children, grandchildren, parents, or grandparents without a provision of the lease permitting termination of tenancy on this basis.

3
ANSWER

384



☒   Plaintiff is seeking to evict based on alleged intent to "substantially remodel," but the work allegedly being conducted do not meet the definition of "substantially remodel" as provided in the Tenant Protection Act of 2019.

☒   Rental agreement was commenced or renewed on or after July 1, 2020 and did not contain the required language in the rental agreement as per §1946.2(e)(B)(3).

☒   The entire eviction is not enforceable because Plaintiff is proceeding to evict under a no-fault cause of action and has failed to provide relocation assistance by either notifying the tenant in writing that the Plaintiff intends to waive one month rent or informing the tenant the right to relocation within 15 calendar days from service of notice. Code of Civil Procedure §§ 1946.2(d)(2) and 1946.2(d)(4).

☒   The entire eviction is not enforceable because Plaintiff failed to notify Defendant(s) of the right to relocation assistance or rent waiver.

☒   Plaintiff is evicting for alleged nonpayment of rent, rent which was increased in excess of the amount permitted under the Tenant Protection Act of 2019.

☒   Plaintiff is evicting for alleged nonpayment of rent, rent which was increased in excess of the amount permitted under the Tenant Protection Act of 2019 after March 15, 2019, and has not been decreased after January 1, 2020, as required by the Tenant Protection Act of 2019.

### LOS ANGELES COUNTY RENT STABILIZATION ORDINANCE

The premises at issue is a Covered Rental Unit subject to the L.A. County Rent Stabilization Ordinance, No. 2018-0045, and at the time Plaintiff served the relevant Notice:

☒   The Plaintiff failed to comply with the L.A. County Rent Stabilization Ordinance.

☒   The Plaintiff failed to serve a Notice of Termination on the Tenant, via certified mail, return receipt requested.

☒   Plaintiff did not have a permitted cause for eviction.

☒   The Plaintiff did not submit a true and accurate copy of the Notice of Termination and

4
ANSWER

385

proof of service of that Notice of Termination on the tenant, via certified mail, return receipt requested, to the Department of Consumer and Business Affairs of the County of Los Angeles (DCBA), within 5 days of the service of the Notice of Termination on the tenant.

☒    The Plaintiff failed to maintain proof of service proving compliance with Subsection A.4. of Section 4 of the L.A. County Prohibition on Rent Increases.

☒    The Plaintiff failed to comply with the L.A. County Rent Stabilization Ordinance's posting requirements (Section 4, Evictions. 4).

☒    The Plaintiff demanded rent which exceeded the legal amount which could be demanded.

☒    Defendant is entitled to an offset based on previous payments of unlawful late fees that caused tenant's rent to exceed the maximum allowable rent, pursuant to the applicable rent stabilization statute.

☒    Any habitability defects also constitute reductions in housing services and, therefore, illegal rent increases.

☒    The rent demanded exceeded the legal amount which could be demanded because Plaintiff reduced housing services without granting a corresponding decrease in the money charged as rent.

☒    The Notice does not "permit a determination of the date, place, witnesses and circumstances concerning the reason" for the eviction.

☒    Plaintiff failed to give 10 days from the date of the service of the notice to cure violation of material rental agreement term, to cure the alleged violation of a material rental agreement term.

☒    Plaintiff seeks to enforce a rental agreement term that is not material as defined under the L.A. County Rent Stabilization Ordinance.

5

ANSWER

☐    The acts alleged in the notice do not constitute nuisance under the L.A. County Rent Stabilization Ordinance

☒    Plaintiff has not complied with Government Code §§ 7060-7060.7 for removal of the rental unit from the rental market.

☒    Plaintiff is pursuing this action in violation of the prohibition on retaliation and harassment pursuant to Los Angeles County Municipal Code § 8.52.130.

☒    Plaintiff is not seeking to recover possession of the rental unit for use and occupancy as a primary residence by the Plaintiff or Plaintiff's spouse, registered domestic partner, children, grandchildren, parents, or grandparents in good faith.

☒    Plaintiff failed to disclose to the Department the name of the eligible individual who will occupy the unit and their relationship to the landlord 60 days prior to the final date of the tenancy.

☒    The Plaintiffs are not similarly situated as the Defendants and their household as defined by the County RSO.

☒    The Plaintiffs did not comply with the requirements of the Ordinance regarding a relocation specialist.

☒    The Plaintiffs did not submit the required owner move-in documents to the County RSO Department.

**ESTOPPEL, WAIVER, OR BAD FAITH**

Plaintiff is estopped from pursuing this eviction or has waived the right to prosecute an unlawful detainer because:

☒    Plaintiff accepted a rent payment from Defendant after service of the Notice to quit thereby renewing the tenancy.

☒    Plaintiff accepted a rent payment from Defendant with full knowledge of the alleged breach of the rental agreement thereby waiving the right to declare a forfeiture by reason of the breach

6

ANSWER

387

and renewing the tenancy.

☒    Plaintiff retained a check or money order without negotiating it for an unreasonably long time, thereby accepting payment and renewing the tenancy.

☒    Plaintiff refused to accept the tender of rent payment – either prior to service of the Notice to quit or during the notice period.

☒    In bad faith Plaintiff prevented the payment of rent payment – either prior to service of the Notice to quit or during the notice period.

☒    Defendant is permitted to tender late rent payments if paying a late charge or within a grace period, so Defendant was not in default of the payment of rent.

☒    Plaintiff and Defendant made other payment arrangements after service of the Notice to quit, upon which Defendant detrimentally relied.  Therefore  payment was not delinquent.

☒    The deposit may be used to off-set any rent default, tenant has a deposit, so the rent is not delinquent.

## NO BREACH OF COVENANT

☒    Defendant's obligation to pay rent has been extinguished by Defendant's performance in the manner directed by Plaintiff.

☒    Plaintiff has demanded compliance with a term of the lease or rental agreement that is not legally enforceable.

☐    The alleged breach(es) of the rental agreement are trivial.

☒    Defendant denies the allegations stated in the notice.

☐    Plaintiff did not serve a proper notice to enter under Section 1954 of the Civil Code. Therefore, Defendant was under no obligation to permit Plaintiff to enter.

☐    Plaintiff did not serve a proper notice to use pesticides under governing municipal and state law.  Therefore, Defendant was under no obligation to permit Plaintiff to enter.

7

ANSWER

388

**DEFECTIVE NOTICE**

The notice is defective and/or inapplicable because:

☒    The amount of rent demanded in the Notice is more than the "amount due."

☒    The amount of rent demanded in the Notice is more than the "amount due" because Defendant is entitled to a set off.

☒    Defendant is entitled to an offset in rent because the Notice includes rent fees, a rental surcharge, or liquidated damages in violation of Civil Code § 1671(c)(2) and § 1951.5.

☒    The Notice did not adequately identify a person/address where the rent is to be paid.

☒    The person identified on Notice was not actually available at the time and place stated in the Notice.

☒    Plaintiff did not serve the Notice either (1) in person, or (2) by both posting the Notice on the door and mailing said Notice.

☒    Plaintiff failed to serve the Notice at all.

☒    The notice was not served in compliance with the parties' lease agreement.

☒    The Property is covered by the federal CARES ACT and the Plaintiff did not provide 30 days' notice to vacate.

☒    The Notice was superseded by a later-served notice.

**MISCELLANEOUS**

☒    Plaintiff lacks standing and/or capacity to bring this action.

☒    Defendant is entitled to an offset based on previous payments of unlawful late fees that caused tenant's rent to exceed the maximum allowable rent, pursuant to the applicable rent stabilization statute.

☒    Plaintiff served the Notice to quit, filed the present unlawful detainer, or imposed a rent increase to retaliate against Defendant for invoking their right to complain to a governmental

8

ANSWER

389

agency, to Plaintiff or to Plaintiff's agent concerning an issue of habitability, a nuisance being perpetrated on the premises, or for Defendant's peaceful and lawful exercise of other rights.

☒ Plaintiff's unlawful detainer action is the product of arbitrarily discrimination against Defendant based on race, national origin, sexual orientation, family composition, disability, sex, age, religion, or the presence of children in the household.

☒ The notice fails to comply with Civil Code 1946.1.

☒ Plaintiff is neither the owner of the premises at issue nor the management company authorized to act on Plaintiff's behalf by filing a lawsuit.

☒ Plaintiff is a new owner/manager who did not provide Defendant with proper notice of the change in ownership or management required by Civil Code Sections 1111 and 1962(c).

☒ Plaintiff filed the Complaint before the expiration of the Notice.

## IV.    RELIEF REQUESTED

WHEREFORE, Defendant prays as follows:

1.    That the Complaint be dismissed with prejudice and/or judgment entered in favor of Defendant;

2.    For the costs of suit incurred herein, including reasonable attorneys' fees to the extent permissible by law, contract, or otherwise determined by the Court;

3.    For statutory damages as permitted by law; and

4.    For such other and further relief as the Court deems just and proper.

DATED: July 8, 2024

**Law Offices of Ben Gharagozli**

By: _____
Ben Gharagozli
Attorney for Defendant, Christopher
Lopez, Cynthia Carter

9
ANSWER

390

**VERIFICATION**

I am a defendant in this action, and I have either read this Answer or had it read to me. I declare under penalty of perjury pursuant to the laws of the State of California that, based upon information and belief, the foregoing is true and correct.

DATED:    July 8, 2024                    By: _____
                                          Defendant, Christopher Lopez

**VERIFICATION**

I am a defendant in this action, and I have either read this Answer or had it read to me. I declare under penalty of perjury pursuant to the laws of the State of California that, based upon information and belief, the foregoing is true and correct.

DATED:    July 8, 2024                    By: _____
                                          Defendant, Cynthia Carter

10
ANSWER

391

**PROOF OF SERVICE**
LASC Case # 24PDUD01782

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 200 S. Barrington Avenue, #491488 Los Angeles, CA 90049.

On July 8, 2024, I served the foregoing document(s) described as:

**ANSWER TO PLAINTIFF'S COMPLAINT**

**[JURY TRIAL DEMANDED]**

as follows:

☒        (BY ELECTRONIC MAIL): I caused such document to be transmitted electronically as follows:

info@capropertylawgroup.com

Executed on July 8, 2024.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____

Ben Gharagozli

# Exhibit # 28

**CALIFORNIA PROPERTY LAW GROUP, APC**

A Professional Law Corporation
930 S. La Brea Ave. Suite 204
Los Angeles, CA 90036
Info@capropertylawgroup.com
(323) 282-7969

# 5 DAY NOTICE TO PAY RENT OR QUIT

## TO: CYNTHIA CARTER and CHRISTOPHER LOPEZ

## AND TO ALL OTHERS IN POSSESSION OF:

## 9705 ARDENDALE AVE., ARCADIA, CA 91007

YOU ARE HEREBY NOTIFIED that pursuant to the lease or rental agreement under which you hold possession of the hereinafter described premises there is now due, unpaid, and delinquent rent in the total sum of **$11,728.80**, for the period of: 01/01/2024 through 04/30/2024.

YOU ARE FURTHER NOTIFIED that within five (5) days after service of this Notice on you, EXCLUDING SATURDAYS, SUNDAYS, AND OTHER JUDICIAL HOLIDAYS, you must pay the amount of said rent in full or quit said premises and deliver up possession of the same to the landlord/agent, as named below, or legal proceedings for unlawful detainer will be filed against you to recover possession of said premises, to declare said lease or rental agreement forfeited and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law, and possible statutory damages in accordance with California Code of Civil Procedure Section 1174(b).

YOU ARE FURTHER NOTIFIED that by this notice the landlord/agent elects to and does declare a forfeiture of said lease or rental agreement if said rent is not paid in full within the five (5) day period, EXCLUDING SATURDAYS, SUNDAYS, AND OTHER JUDICIAL HOLIDAYS. The premises herein referred to is located at the following location:

9705 ARDENDALE AVE., ARCADIA, CA 91007

**Hoi Kan Lau**
LANDLORD/AGENT

Payment may be made by mail or directly in the following manner:

| | |
|---|---|
| Person to Pay: | **Hoi Kan Lau** |
| Address to Pay: | **6726 Salter Ave.** **Arcadia, CA 91007** |
| Hours: | 9:00 A.M. to 5:00 P.M., Monday through Friday |
| Phone Number: | **7183006010** |

At this time, we have not been informed that your unit is in need of any repairs. If you believe that items need to be corrected, please address those issues in writing and we will immediately inspect and make necessary repairs. If we do not receive any written repair requests, we will assume that there are no items that need to be corrected at this time.

**CALIFORNIA PROPERTY LAW GROUP, APC**
A Professional Law Corporation
930 S. La Brea Ave. Suite 204
Los Angeles, CA 90036
Info@capropertylawgroup.com
(323) 282-7969

YOU ARE FURTHER NOTIFIED that California Property Law Group is a debt collector. We are trying to collect a debt that you owe to **Hoi Kan Lau**. We will use any information you give us to help collect the debt.

This debt will be assumed to be valid unless you notify us within 30 days of receipt of this notice that you dispute all or part of the debt. If you notify us in writing within this same 30-day period, we will send you verification of this debt. Upon written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Date: April 17, 2024

# Exhibit # 29

**CALIFORNIA PROPERTY LAW GROUP, APC**
A Professional Law Corporation
930 S. La Brea Ave. Suite 204
Los Angeles, CA 90036
Info@capropertylawgroup.com
(323) 282-7969

# THREE DAY NOTICE TO QUIT PREMISES

**TO: CYNTHIA CARTER; CHRISTOPHER LOPEZ;**

**AND TO ALL OTHERS IN POSSESSION OF:**

**9705 ARDENDALE AVE., ARCADIA, CA 91007**

YOU ARE HEREBY NOTIFIED that pursuant to the lease or rental agreement under which you hold the possession of the hereinafter described premises, your right to possession will be terminated pursuant to your lease agreement at the expiration of this notice.

On April 19, 2024, you were served with a 5 Day Notice to Pay Rent or Quit. On April 29, 2024, the period stated in that notice expired at the end of the day. You failed to comply with the requirements of the 5 Day Notice to Pay Rent or Quit by that date. Pursuant to your lease agreement, your tenancy will be terminated at the expiration of this notice.

YOU ARE HEREBY REQUIRED to quit and deliver up possession of the hereinafter described premises to the Landlord/Agent who is authorized to receive possession of the same on the expiration of the said Three (3) Day Period.

YOU ARE FURTHER NOTIFIED that by this notice the landlord/agent elects to and does declare a forfeiture of said lease or rental agreement at the expiration of this notice, and that if at the expiration of said period you fail to quit said premises and deliver up possession of the same, legal proceedings will be instituted for unlawful detainer against you to recover possession of the premises, declare said tenancy forfeited, and to recover actual and punitive damages for the unlawful detention of said premises.

The premises herein referred to is located at the following location:

9705 ARDENDALE AVE., ARCADIA, CA 91007

**Hoi Kan Lau**
LANDLORD/AGENT
Date: May 10, 2024

"State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out."

# Exhibit # 30

## 5 DAY NOTICE TO PAY RENT OR QUIT

**TO:    CYNTHIA CARTER and CHRISTOPHER LOPEZ**
**AND TO ALL OTHERS IN POSSESSION OF:**
**9705 ARDENDALE AVE., ARCADIA, CA 91007**

YOU ARE HEREBY NOTIFIED that pursuant to the lease or rental agreement under which you hold possession of the hereinafter described premises there is now due, unpaid, and delinquent rent in the total sum of **$2638.98**, for the period of: 27 days from 11/04/2024 through 11/30/2024. Any Money received will be applied to earliest unpaid rent first.

YOU ARE FURTHER NOTIFIED that within five (5) days after service of this Notice on you, EXCLUDING SATURDAYS, SUNDAYS, AND OTHER JUDICIAL HOLIDAYS, you must pay the amount of said rent in full or quit said premises and deliver up possession of the same to the landlord/agent, as named below, or legal proceedings for unlawful detainer will be filed against you to recover possession of said premises, to declare said lease or rental agreement forfeited and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law, and possible statutory damages in accordance with California Code of Civil Procedure Section 1174(b).

YOU ARE FURTHER NOTIFIED that by this notice the landlord/agent elects to and does declare a forfeiture of said lease or rental agreement if said rent is not paid in full within the five (5) day period, EXCLUDING SATURDAYS, SUNDAYS, AND OTHER JUDICIAL HOLIDAYS. The premises herein referred to is located at the following location:

9705 ARDENDALE AVE., ARCADIA, CA 91007 (House with 3 bedrooms)

Siu Fan Tsang
LANDLORD

Due to the high amount, payment must be in the form of cashier's check
Payment may be made by mail or directly in the following manner:

| | |
|---|---|
| Person to Pay: | Siu Fan Tsang |
| Address to Pay in Person: | 221 S Curtis Ave, Apt A, Alhambra, CA 91801 |
| Address to Pay by Mail: | 221 S Curtis Ave, Apt A, Alhambra, CA 91801 |
| Hours: | 9:00 A.M. to 5:00 P.M., Monday through Friday |
| Phone Number of Owner: | 415-794-7635 (Cantonese only) |
| | (For English, please contact property manager at 718-300-6010) |

At this time, we have not been informed that your unit is in need of any repairs. If you believe that items need to be corrected, please address those issues in writing and we will immediately inspect and make necessary repairs. If we do not receive any written repair requests, we will assume that there are no items that need to be corrected at this time.
Written repair requests may be send to the property manager at:
Shing Lau, 6726 Salter Ave, Arcadia, CA 91007

Siu Fan Tsang

Date: November 5th, 2024

399

## Declaration of Service of Notice to Tenant

I, the undersigned, declare that I served the tenant with the:

**5 DAY NOTICE TO PAY RENT OR QUIT**

via

**Constructive Service**

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **11/5/2024 at 4:39 PM**, I completed service by Serving said notice as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Cynthia Carter; Christopher Lopez; All Others In Possession**

On: **11/5/2024 at 4:39 PM**

By posting a copy for said tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at any known place of residence or business of said tenant and mailing a copy to said tenant by certified first class mail (Declaration of mailing attached) addressed to the tenant at the address where served:

**9705 Ardendale Ave., Arcadia, CA 91007**

Person who served papers:
    Name: Shing Lung Lau
    Address: 6726 Salter Ave., Arcadia, CA 91007 (County of Los Angeles)
    Telephone number: 718-300-6010
    I am not a registered process server nor a named party to the action

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Shing Lung Lau    Date: 11/5/2024

400

## Proof of Service by Mail

I am a citizen of the United States and reside in the County of Los Angeles, State of California. I am and was on the dates herein mentioned, over the age of eighteen years and not a named party to the action.

On 11/5/2024 I mailed the following:

**5 DAY NOTICE TO PAY RENT OR QUIT**

On the defendant, in said action by placing a true copy thereof enclosed in a sealed envelope and mailed the envelop via certified first class mail at: **Arcadia**, California, addressed as follows:

**Cynthia Carter, Christopher Lopez
and All Others In Possession
9705 Ardendale Ave
Arcadia, CA 91007**

Person attempting service:
    Name: Shing Lung Lau
    Address: 6726 Salter Ave., Arcadia, CA 91007
    Telephone number: 718-300-6010
    I am not a registered process server nor a named party to the action

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                    *Shing Lung Lau*
                                 Shing Lung Lau    Date: 11/5/2024

401

POS



**LOS ANGELES COUNTY**
# CONSUMER & BUSINESS AFFAIRS
**Housing & Tenant Protections**

## PROOF OF SERVICE

### Complete and return this form to:
COUNTY OF LOS ANGELES
DEPARTMENT OF CONSUMER AND BUSINESS AFFAIRS
**RENT STABILIZATION PROGRAM**
320 WEST TEMPLE STREET ROOM G-10, LOS ANGELES, CA 90012-2706
Email: rent@dcba.lacounty.gov

This form must accompany any application or notices submitted to the Department of Consumer and Business Affairs (DCBA) Rent Stabilization Program. Please complete the form and attach any supporting documents. Service must be completed within the timeframe indicated by Los Angeles County Code Chapters 8.52 and 8.57.

**You may submit this Proof of Service and all supporting documents that demonstrate service was completed to the department in person, via mail, or email.**

### Section 1: Type of Document Served
Document(s) served:   ☐ Application for Rent Adjustment  ☐ Notice of Termination of Tenancy
☐ Buyout Agreement  ☑ Other: _5 Day Notice to Pay Rent or Quit_

### Section 2: Server's Information (Select ONE)

☐ Landlord  ☑ Landlord's Agent

| | |
|---|---|
| **Name:** | Shing Lung Lau |
| **Telephone Number:** | 718-300-6010 |
| **Address:** | 6726 Salter Ave, Arcadia, CA 91007  **Email:** |

### Section 3: Method of Service (Select either by Mail or in Person)

☐ Served by Mail:   ☑ Certified Mail   ☐ First Class Mail

| | |
|---|---|
| **Date mailed:** 11/5/24 | **Tracking number # (if applicable):** USPS 7021095 0000 231476726 |
| **Mailing address:** | 9705 Ardendale Ave, Arcadia, CA 91007 |
| **Person Served:** | Cynthia Carter, Christopher Lopez, All others in possession |
| **Copy of return receipt attached (if applicable):** | ☐ Yes  ☐ No |

☐ Served in Person:  ☐ Personal Service  ☐ Substitute Service  ☑ Post on Door

| | |
|---|---|
| **Person Served:** | Cynthia Carter, Christopher Lopez, All others in possession |
| **Date and Time of Service:** | 11/5/24    4:39 PM |
| **Address (if different from property address:** | |




COVID-19 Tenant Protections Landlord Move-In Packet 04.19.2021    Page 1

402



**POS**

**LOS ANGELES COUNTY**
# CONSUMER & BUSINESS AFFAIRS
**Housing & Tenant Protections**

## Section 4: Affected Parties

List the names of each recipient that is subject to this form and has received a copy of the application and/or notice selected above.

Cynthia Carter

Christopher Lopez

All others in possession

## Section V: Disclosure and Signature

**Landlord:**

I,_____ (Name), declare under penalty of perjury, under the laws of the State of California that a copy of above-mentioned document(s) has/have been provided to all tenants/mobilehome owners who are named on the Proof of Service.

**Landlord's Agent:**

I, Shing Lung Lau _____ (Name), declare under penalty of perjury, under the laws of the State of California that a copy of above-mentioned document(s) has/have been provided to all tenants/mobilehome owners who are named on the Proof of Service.

Shing Lung Lau
**Print Name**

11/5/24
**Date**

Shing Lung Lau
**Signature**





COVID-19 Tenant Protections Landlord Move-In Packet 04.19.2021    Page 2

403

# Exhibit # 31

## THREE DAY NOTICE TO QUIT PREMISES

TO:   **CYNTHIA CARTER; CHRISTOPHER LOPEZ;**
**AND TO ALL OTHERS IN POSSESSION OF:**
**9705 ARDENDALE AVE., ARCADIA, CA 91007**

YOU ARE HEREBY NOTIFIED that pursuant to the lease or rental agreement under which you hold the possession of the hereinafter described premises, your right to possession will be terminated pursuant to your lease agreement at the expiration of this notice.

On November 5, 2024, you were served with a 5 Day Notice to Pay Rent or Quit.
On November 13, 2024, the period stated in that notice expired at the end of the day.
(Please note that despite what some people may say, an additional 5 days due to mailing a 2nd copy of the 5 Day Notice to Pay Rent or Quit is NOT required, see *Losornio v. Motta* (1998) 67 Cal. App. 4th 110, 78 Cal. Rptr. 2d 799)

You failed to comply with the requirements of the 5 Day Notice to Pay Rent or Quit by that date. Pursuant to your lease agreement, your tenancy will be terminated at the expiration of this notice. YOU ARE HEREBY REQUIRED to quit and deliver up possession of the hereinafter described premises to the Landlord/Agent who is authorized to receive possession of the same on the expiration of the said Three (3) Day Period.

YOU ARE FURTHER NOTIFIED that by this notice the landlord/agent elects to and does declare a forfeiture of said lease or rental agreement at the expiration of this notice, and that if at the expiration of said period you fail to quit said premises and deliver up possession of the same, legal proceedings will be instituted for unlawful detainer against you to recover possession of the premises, declare said tenancy forfeited, and to recover actual and punitive damages for the unlawful detention of said premises.
The premises herein referred to is located at the following location:

9705 ARDENDALE AVE., ARCADIA, CA 91007 (3 bedrooms house)

*Siu Fan Tsang*
Siu Fan Tsang
LANDLORD
Date: November 14, 2024

"State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out."

405

## Declaration of Service of Notice to Tenant

I, the undersigned, declare that I served the tenant with the:

**THREE DAY NOTICE TO QUIT PREMISES**

via

**Constructive Service**

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **11/14/2024 at 4:33 PM**, I completed service by Serving said notice as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

**To: Cynthia Carter; Christopher Lopez; All Others In Possession**

On: **11/14/2024 at 4:33 PM**

By posting a copy for said tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at any known place of residence or business of said tenant and mailing a copy to said tenant by certified first class mail (Declaration of mailing attached) addressed to the tenant at the address where served:

**9705 Ardendale Ave., Arcadia, CA 91007**

Person who served papers:
Name: Shing Lung Lau
Address: 6726 Salter Ave., Arcadia, CA 91007 (County of Los Angeles)
Telephone number: 718-300-6010
I am not a registered process server nor a named party to the action

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Shing Lung Lau    Date:11/14/2024

406

## Proof of Service by Mail

I am a citizen of the United States and reside in the County of Los Angeles, State of California. I am and was on the dates herein mentioned, over the age of eighteen years and not a named party to the action.

On **11/14/2024** I mailed the following:

**THREE DAY NOTICE TO QUIT PREMISES**

On the defendant, in said action by placing a true copy thereof enclosed in a sealed envelope and mailed the envelop via certified first class mail at: **Arcadia**, California, addressed as follows:

**Cynthia Carter, Christopher Lopez
and All Others In Possession
9705 Ardendale Ave
Arcadia, CA 91007**

Person attempting service:
  Name: Shing Lung Lau
  Address: 6726 Salter Ave., Arcadia, CA 91007
  Telephone number: 718-300-6010
  I am not a registered process server nor a named party to the action

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Shing Lung Lau    Date: 11/14/2024

407

POS



**LOS ANGELES COUNTY**
**CONSUMER & BUSINESS AFFAIRS**
Housing & Tenant Protections

## PROOF OF SERVICE

### Complete and return this form to:
COUNTY OF LOS ANGELES
DEPARTMENT OF CONSUMER AND BUSINESS AFFAIRS
**RENT STABILIZATION PROGRAM**
320 WEST TEMPLE STREET ROOM G-10, LOS ANGELES, CA 90012-2706
Email: rent@dcba.lacounty.gov

This form must accompany any application or notices submitted to the Department of Consumer and Business Affairs (DCBA) Rent Stabilization Program. Please complete the form and attach any supporting documents. Service must be completed within the timeframe indicated by Los Angeles County Code Chapters 8.52 and 8.57.

**You may submit this Proof of Service and all supporting documents that demonstrate service was completed to the department in person, via mail, or email.**

### Section 1: Type of Document Served
Document(s) served:      ☐ Application for Rent Adjustment  ☑ Notice of Termination of Tenancy
☐ Buyout Agreement  ☐ Other: _____

### Section 2: Server's Information (Select ONE)

☐ Landlord  ☑ Landlord's Agent

| Name: | Shingling Lau |
|---|---|
| Telephone Number: | 718-300-6010 |
| Address: | 6726 Salter Ave, Arcadia, CA 91007 | Email: |

### Section 3: Method of Service (Select either by Mail or in Person)

☐ Served by Mail:  ☑ Certified Mail      ☐ First Class Mail

| Date mailed: | 11/14/24 | Tracking number # (if applicable): | USPS 70210950000231476733 |
|---|---|---|---|
| Mailing address: | 9705 Ardendale Ave, Arcadia, CA 91007 | | |
| Person Served: | Cynthia Carter, Christopher Lopez, All others in possession | | |
| Copy of return receipt attached (if applicable): | ☐ Yes ☑ No | | |

☐ Served in Person:  ☐ Personal Service  ☐ Substitute Service  ☑ Post on Door

| Person Served: | Cynthia Carter, Christopher Lopez, All others in possession |
|---|---|
| Date and Time of Service: | 11/14/24   4:33 PM |
| Address (If different from property address: | |

 

**Rent Stabilization**
County of Los Angeles

COVID-19 Tenant Protections Landlord Move-In Packet 04.19.2021      Page 1

408



**POS**

## LOS ANGELES COUNTY
# CONSUMER & BUSINESS AFFAIRS
**Housing & Tenant Protections**

### Section 4: Affected Parties

List the names of each recipient that is subject to this form and has received a copy of the application and/or notice selected above.

Cynthia Carter

Christopher Lopez

All others in possession

### Section V: Disclosure and Signature

**Landlord:**

I,_____ (Name), declare under penalty of perjury, under the laws of the State of California that a copy of above-mentioned document(s) has/have been provided to all tenants/mobilehome owners who are named on the Proof of Service.

**Landlord's Agent:**

I,____Shine Lung Lau_____ (Name), declare under penalty of perjury, under the laws of the State of California that a copy of above-mentioned document(s) has/have been provided to all tenants/mobilehome owners who are named on the Proof of Service.

____Shine Lung Lau_____          ____11/14/24_____
**Print Name**                                        **Date**

____Shine lung lem_____
**Signature**




COVID-19 Tenant Protections Landlord Move-In Packet 04.19.2021          Page 2

409

# Exhibit # 32

## Other Debit



$ 102,332 .16

## Transfer Details

| | |
|---|---|
| Description | LEGAL ORDER: NOTICE OF LEVY LA SHERIFF'S DEPT |
| Initiated | Feb 17, 2026 |
| Type | Other Debit |

I need help with this transaction >

411

# Exhibit # 33

412

Case 2:26-cv-00305-MWF-CTS   Document 109-1   Filed 06/23/26   Page 172 of 284   Page ID #:2386

| | | |
|---|---|---|
| **Request Date:** | | **Wire Reference #:** |
| 2/27/2026 | | D-8037-022726-00069 |
| | | |
| **Sender:** | | **Wire Transfer Date:** |
| SHING LUNG LAU | | 2/27/2026 |
| HOI KAN LAU | | |
| Arcadia, CA 91007-7858 USA | | |
| **Recipient:** | | **Recipient Acct #:** 1434189864 |
| BEHNAM GHARAGOZLI DBA BEN GHARAGOZLI ATTORNEY AT LAW | | |
| | | |
| 420 MONTGOMERY STREET | | **Contact Phone:** |
| | | |
| SAN FRANCISCO, CA 94104 US | | |
| **Pick-Up Location:** | | **Date Available:** |
| WELLS FARGO BANK, NA | | 2/27/2026 |

| | | |
|---|---|---|
| **Transfer Amount** | 14,073.40 | USD |
| **Transfer Fees      +** | 30.00 | USD |
| **Total** | 14,103.40 | USD |
| | | |
| **Transfer Amount** | 14,073.40 | USD |
| **Total to Recipient** | 14,073.40 | USD |

Recipient may receive less due to fees charged by the recipient's bank and foreign taxes.

You have the right to dispute errors in your transaction. If you think there is an error, contact us within 180 days at **1-888-895-5650**. You can also contact us for a written explanation of your rights.

Note: Please confirm the information you have provided is accurate. If you provide an incorrect account number or recipient bank identifier number (i.e., ABA), you could lose your transfer amount.

# Exhibit # 34

|  | COSTS | $3,542.39 |
| --- | --- | --- |
| **Total Fees and Costs for Legal Services Rendered as of February 3, 2026** | | **$123,182.39** |
| 10/2/2024 Payment received | | ($4,000.00) |
| 10/3/2024 Payment received | | ($3,500.00) |
| 1/15/2025 Payment received | | ($4,000.00) |
| 1/16/2025 Payment received | | ($4,000.00) |
| 1/17/2025 Payment received | | ($2,002.39) |
| 2/28/2025 Payment received | | ($4,000.00) |
| 3/1/2025 Payment recevied | | ($4,000.00) |
| 3/2/2025 Payment received | | ($2,000.00) |
| 4/16/2025 Payment received | | ($4,000.00) |
| 4/17/2025 Payment received | | ($4,000.00) |
| 4/18/2025 Payment received | | ($4,000.00) |
| 4/20/2025 Payment received | | ($4,000.00) |
| 4/21/2025 Payment received | | ($2,204.51) |
| 5/24/2025 Payment received | | ($4,000.00) |
| 5/25/2025 Payment received | | ($4,000.00) |
| 5/26/2025 Payment received | | ($1,545.69) |
| 6/10/2025 Payment received | | ($4,000.00) |
| 6/11/2025 Payment received | | ($4,000.00) |
| 6/12/2025 Payment received | | ($1,903.52) |
| 6/15/2025 Payment received | | ($4,000.00) |
| 6/17/2025 Payment received | | ($4,000.00) |
| 6/18/2025 Payment received | | ($4,000.00) |
| 7/9/2025 Payment received | | ($4,000.00) |

# Exhibit # 35

416

Kevin Hermansen, State Bar No. 266254
*Law Office of Kevin P. Hermansen, P.C.*
13654 Victory Boulevard, Suite 111
Van Nuys, California 91401
Telephone: (818) 971-9992
Email: kevin@kphlegal.com

Attorneys for Defendants CYNTHIA CARTER and CHRISTOPHER LOPEZ

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| SHING LUNG LAU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CYNTHIA CARTER; CHRISTOPHER LOPEZ; ALL OTHERS IN POSSESSION,<br><br>　　　　Defendants.<br><br><br>　　Defendants | Case No. 26PDUD00798<br><br>**NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><br>Hearing Date: April ___, 2026<br>Hearing Time: 1:30 p.m.<br>Dept.: R<br>　　　300 E. Walnut Street<br>　　　Pasadena, CA 91101 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April ___, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Department R of the above-entitled Court, located at 300 E. Walnut Street, Pasadena, CA 91101, Defendants Cynthia Carter and Christopher Lopez ('Defendants') will, and hereby do, demur to Plaintiff Shing Lung Lau's Complaint for Unlawful Detainer on the following grounds:

1. The Complaint fails to state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e).)

-1-

DEMURRER TO PLAINTIFF'S COMPLAINT

417

2. The Complaint is uncertain, ambiguous, and unintelligible. (Code Civ. Proc., § 430.10, subd. (f).)

3. There is a defect or misjoinder of parties. (Code Civ. Proc., § 430.10, subd. (d).)

This demurrer is made on the basis that Plaintiff Shing Lung Lau is not the record owner of the subject property and is the son and "property manager" of the actual title holders — Hoi Kan Lau and Siu Fan Tsang — who have already filed and lost three prior unlawful detainer actions against the same defendants at the same property. The recorded grant deed vests title in Hoi Kan Lau and Siu Fan Tsang as joint tenants. No recorded instrument transfers title to Plaintiff. Plaintiff's sudden appearance as the named plaintiff, just months after the most recent adverse judgment against his parents, is a transparent attempt to circumvent the prior adverse results by substituting a new family member as plaintiff.

The demurrer will be based upon this Notice, the accompanying Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the pleadings and records on file in this action, and on such oral argument as may be presented at the hearing.

DATED: March 27, 2026                    Law Office of Kevin P. Hermansen, P.C.

By: _____
Kevin Hermansen
Attorney for CYNTHIA CARTER and
CHRISTOPHER LOPEZ

-2-

DEMURRER TO PLAINTIFF'S COMPLAINT

418

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This is the fourth unlawful detainer action targeting the same tenants at the same property: 9705 Ardendale Avenue, Arcadia, California 91007 ('the Property'). The first three were filed by Plaintiff's parents — Hoi Kan Lau and Siu Fan Tsang — who are the recorded title holders. All three failed. The first, Case No. 23PDUD01863 (filed June 2, 2023), was voluntarily dismissed. The second, Case No. 24PDUD01782 (filed May 17, 2024), was prosecuted by Hoi Kan Lau alone. The third, Case No. 24PDUD04392, was prosecuted by Siu Fan Tsang and resulted in a defense verdict after the court granted Defendants' motion for judgment, finding the notice defective and the lease never terminated. (RJN, Exs. D, E.) Defendants Cynthia Carter and Christopher Lopez were adjudged the prevailing parties.

Now, after judgment in the third action, a new plaintiff appears: Shing Lung Lau, the son and "property manager" of Hoi Kan Lau and Siu Fan Tsang. He claims to be 'the owner' of the Property. But the only recorded grant deed shows title vested in Hoi Kan Lau and Siu Fan Tsang as joint tenants. (RJN, Ex. F.) No deed, no recorded transfer, and no court order transferring title to Shing Lung Lau exists.

The Complaint relies on the same lease, targets the same tenants, and concerns the same property that has been the subject of three failed eviction attempts. The substitution of Shing Lung Lau as plaintiff is the latest maneuver in the Lau family's serial litigation campaign against these tenants. Having failed three times under their own names, the parents have installed their son and "property manager" as a stand-in plaintiff. The sham pleading doctrine, the requirement of standing, and basic principles of pleading sufficiency all bar this action.

### II.    FACTUAL SUMMARY

The following facts are drawn from the judicially noticeable court records in the prior actions, which are submitted concurrently with the Request for Judicial Notice filed herewith.

#### A. The Property and Its Ownership

-3-

DEMURRER TO PLAINTIFF'S COMPLAINT

419

The Property is located at 9705 Ardendale Avenue, Arcadia, California 91007. On February 28, 2023, A grant deed was recorded transferring title to 'Hoi Kan Lau and Siu Fan Tsang, Husband and Wife as Joint Tenants.' (RJN, Ex. F.) The deed was recorded on March 8, 2023, as Instrument No. 20230146883 in the Official Records of the Los Angeles County Recorder's Office. No subsequent deed transferring title to Shing Lung Lau has been recorded.

### B. The First Unlawful Detainer: Case No. 23PDUD01863

On June 2, 2023, Hoi Kan Lau and Siu Fan Tsang filed a verified unlawful detainer complaint against Christopher Lopez and Cynthia Carter at the Property. (RJN, Ex. A.) The complaint alleged that plaintiffs' interest was 'as owner' and that the written lease was made with 'plaintiff's predecessor in interest.' A request for dismissal was later filed, and the action was dismissed.

### C. The Second Unlawful Detainer: Case No. 24PDUD01782

On May 17, 2024, Hoi Kan Lau filed a verified unlawful detainer complaint against Cynthia Carter and Christopher Lopez at the same Property. (RJN, Ex. B.) The complaint alleged that Hoi Kan Lau's interest was 'as owner' and that the written lease agreement was made with 'plaintiff's agent.' The complaint was verified under penalty of perjury by Hoi Kan Lau on May 16, 2024.

### D. The Third Unlawful Detainer: Case No. 24PDUD04392

Siu Fan Tsang filed an unlawful detainer complaint against Cynthia Carter, Christopher Lopez, , and all unknown occupants at the same Property. The Complaint was filed on December, 2024. (RJN, Ex. C.) Siu Fan Tsang alleged her interest was 'as owner' and identified the lease as having been made with 'plaintiff's predecessor in interest.' The complaint was verified under penalty of perjury. A "5 Day Notice" exhibit attached to the Complaint at the bottom states "Written repair requests may be send to the property manager at: Shing Lau., 6726 Salter Ave, Arcadia, CA 91007". Mr. Lau's name also appears as the person who served the notices on the very next page, the proof of service.

-4-

DEMURRER TO PLAINTIFF'S COMPLAINT

On July 9, 2025, after a non-jury trial, Defendants prevailed. (RJN, Ex. D.) On July 31, 2025, the court entered judgment in favor of Defendants.. (RJN, Ex. E.)

### E. The Current Action: Case No. 26PDUD00798

On March 11, 2026, Shing Lung Lau — the son and "property manager" of Hoi Kan Lau and Siu Fan Tsang — filed the current action in pro per, alleging that he is the 'owner' of the Property. The Complaint relies on the same written lease and targets the same tenants. Plaintiff identifies his interest as 'owner' at Item 4, and at Item 6(b)(3) identifies the lease as having been made with 'plaintiff's predecessor in interest.' No facts are alleged explaining how or when Shing Lung Lau acquired an ownership interest in the Property.

### III.    ARGUMENT

#### A. Standard for a Demurrer

A demurrer tests the legal sufficiency of the factual allegations in a complaint. (Code Civ. Proc., § 430.10, subd. (e).) A demurrer may also be sustained where the pleading is uncertain (id., subd. (f)) or where there is a defect or misjoinder of parties (id., subd. (d)). While a court must ordinarily accept factual allegations as true on demurrer, that rule has important limitations. The court need not accept as true allegations that are contradicted by judicially noticeable facts. *Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1474; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [same].

The plaintiff bears the burden of proving that an amendment can cure the defect. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

'However, an exception exists where a party files an amended complaint and seeks to avoid the defects of a prior complaint either by omitting the facts that rendered the complaint defective or by pleading facts inconsistent with the allegations of prior pleadings. In these circumstances, the policy against sham pleading permits the court to take judicial notice of the prior pleadings and requires that the pleader explain the inconsistency. If he fails to do so the court may disregard the inconsistent allegations and read into the amended complaint the

-5-

allegations of the superseded complaint.' *Owens v. Kings Supermarket* (1988) 198 Cal.App.3d 379, 383–384 [internal citations omitted].

This exception applies not only to an amended pleading filed in the same action, but also to the first pleading filed in a separate action: 'Both trial and appellate courts may properly take judicial notice of a party's earlier pleadings and positions as well as established facts from both the same case and other cases. [Citations.] The complaint should be read as containing the judicially noticeable facts, 'even when the pleading contains an express allegation to the contrary.' [Citation.]' *Larson v. UHS of Rancho Springs, Inc.* (2014) 230 Cal.App.4th 336, 344.

**B. The Complaint Is a Sham Pleading Because the Substitution of Shing Lung Lau as Plaintiff Is Designed to Circumvent the Adverse Results of Three Prior Actions**

The sham pleading doctrine provides that a plaintiff may not avoid the effect of a prior pleading by simply omitting or contradicting its allegations in a subsequent complaint without explanation. *Hendy v. Losse* (1991) 54 Cal.3d 723, 742; *Deveny v. Entropin, Inc.* (2006) 139 Cal.App.4th 408, 425–426. The doctrine is designed to enable courts to prevent an abuse of process" and to prevent a plaintiff from "pleading around" established facts.

The doctrine applies with equal force to allegations made in prior, separate actions. Where a party has taken a verified position in one case, that position constitutes a judicial admission that may be used against the party in subsequent litigation. *Morton v. Loveman,* (1968) 267 Cal.App.2d 712, 717; *Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 877–878; *Avalon Painting Co. v. Alert Lumber Co.,* (1965) 234 Cal.App.2d 178, 184 ["the omission, substitution, or contradiction of an original allegation carries with it the onus of untruthfulness"]

Here, the Lau family's verified positions in three successive actions establish that Hoi Kan Lau and Siu Fan Tsang — not Shing Lung Lau — are the owners of the Property:

**Prior Position (23PDUD01863, filed 6/2/2023)**: Hoi Kan Lau and Siu Fan Tsang filed as co-plaintiffs, claiming ownership 'as owner.' (RJN, Ex. A.)

-6-

DEMURRER TO PLAINTIFF'S COMPLAINT

422

**Prior Position (24PDUD01782, filed 5/17/2024):** Hoi Kan Lau filed as sole plaintiff, again claiming ownership 'as owner.' Verified under penalty of perjury. (RJN, Ex. B.)

**Prior Position (24PDUD04392, filed 12/20/2024):** Siu Fan Tsang filed as sole plaintiff, claiming ownership 'as owner.' Verified under penalty of perjury. (RJN, Ex. C.)

**Current Position (26PDUD00798, filed 3/11/2026):** Shing Lung Lau — the son of Hoi Kan Lau and Siu Fan Tsang — now claims he is the owner. In pro per. Same property, same lease, same tenants.

The transparent purpose of this maneuver is to circumvent the prior adverse results. After losing three unlawful detainer actions, the Lau family has simply swapped in a different family member as plaintiff. Rather than correcting the deficiencies that defeated the prior complaints, they have attempted to start fresh by changing the name on the caption. This is precisely the abuse the sham pleading doctrine is designed to prevent. (*Hendy, supra,* 54 Cal.3d at pp. 742–743; *Owens, supra,* 198 Cal.App.3d at pp. 383–384.)

Further, the doctrine of judicial estoppel prevents a party from taking inconsistent positions in litigation. (*Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 183.) The Lau family's prior verified positions that Hoi Kan Lau and Siu Fan Tsang are the owners constitute judicial admissions that bind not only the parents but their privies — including their son, Shing Lung Lau.

### C. The Complaint Fails to State Facts Sufficient to Constitute a Cause of Action Because Plaintiff Lacks Standing

An unlawful detainer action may be maintained only by the landlord or the landlord's successor in interest. (Code Civ. Proc., § 1161.) Standing requires a plaintiff to demonstrate a beneficial interest in the controversy — here, a legal right to possession based on a landlord-tenant relationship. *Income Estate LLC v. Perez* (2025) 117 Cal.App.5th Supp. 1.

Plaintiff's standing fails because he is not the record owner of the Property. The only recorded grant deed shows title vested in Hoi Kan Lau and Siu Fan Tsang as joint tenants. (RJN, Ex. F.) No subsequent deed transferring title to Shing Lung Lau has been recorded. Under

-7-

California law, real property may be transferred only by operation of law or by a written instrument. (Civ. Code, § 1091.) The Complaint does not allege any deed, assignment, court order, or other instrument transferring title or any interest in the Property to Plaintiff.

A plaintiff who is not the record owner of the property and has pled no facts establishing any chain of title or succession of interest lacks standing to maintain an unlawful detainer action. The Complaint fails to state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e).)

### D. The Complaint Is Uncertain Because It Creates Irreconcilable Ambiguities About Ownership and Standing

A pleading is uncertain when it is 'ambiguous and unintelligible.' (Code Civ. Proc., § 430.10, subd. (f).) The standard is particularly strict in unlawful detainer, where the defendant faces expedited proceedings and severe consequences. (*Liebovich v. Shahrokhkhany* (1997) 56 Cal.App.4th 511, 513.) A complaint must state the essential facts with reasonable precision. (*Agustin v. Golden Empire Transit Dist.* (2025) 116 Cal.App.5th 426, 440.)

The Complaint creates irreconcilable ambiguities. Who is the owner? The Complaint says Shing Lung Lau. The recorded deed says Hoi Kan Lau and Siu Fan Tsang. Three prior verified complaints also identify Hoi Kan Lau and/or Siu Fan Tsang as the owners. How did Shing Lung Lau acquire an ownership interest? The Complaint is silent. What is the relationship between Shing Lung Lau and the prior plaintiffs? The Complaint does not say. These contradictions, visible on the face of the Complaint when read together with the judicially noticeable prior pleadings and public records, make it impossible for Defendants to determine the nature and extent of the claim against them.

### IV.    CONCLUSION

The Complaint is the Lau family's fourth attempt to evict Defendants Cynthia Carter and Christopher Lopez from their home. Having failed three times under their own names, the parents have installed their son as a stand-in plaintiff. Shing Lung Lau is not the record owner of the Property and has pled no facts establishing standing.

-8-

Defendants respectfully request that the Court sustain the demurrer with leave to amend if Plaintiff makes an offer of proof as to how it can be amended.

DATED: March 27, 2026          Law Office of Kevin P. Hermansen, P.C.

By:_____
Kevin Hermansen
Attorney for Defendants CYNTHIA CARTER and
CHRISTOPHER LOPEZ

DEMURRER TO PLAINTIFF'S COMPLAINT

425

**PROOF OF SERVICE**
LASC Case # 26PDUD00798

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 13654 Victory Boulevard, Suite 111, Van Nuys, CA 91401.

On March 27, 2026, I served the foregoing document(s) described as:

**NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties to this action as follows:

Shing Lung Lau

☒     (BY ELECTRONIC MAIL): I caused such document to be transmitted electronically as follows: shing9@gmail.com

Executed on March 27, 2026.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Kevin Hermansen_
Kevin Hermansen

-10-

DEMURRER TO PLAINTIFF'S COMPLAINT

426

# Exhibit # 36

427

This page is part of your document - DO NOT DISCARD



## 20250700433



Pages:
0002

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**10/09/25 AT 01:27PM**

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 99.00 |



**L E A D S H E E T**



202510093310015

00025897820



015570624

**SEQ:
01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

428

RECORDING REQUESTED BY

...NG/ CVS & ASSOCIATES/ SF COUNTY LDA #057
...Y PLACE 3F, SAN FRANCISCO, CA 94108

AND WHEN RECORDED MAIL TO:

Name: HOI KAN LAU
Address: 6726 SALTER AVENUE
City & State: ARCADIA, CA
Zip: 91007

PROPERTY ADDRESS:
9705 ARDENDALE AVE
ARCADIA, CA 91007

10/09/2025



*20250700433*

ASSESSORS PARCEL NO. 5383-003-018

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

The undersigned Grantor(s) declare(s) under penalty of perjury that the following is true and correct:

Documentary transfer tax is $ 0.00          * Gift. R&T Code Sec. 11930.

☐ Computed on full value of property conveyed, or
☐ Computed on full value less value of liens and encumbrances remaining at time of sale.
☒ Unincorporated area: ☐ City of _____, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
HOI KAN LAU AND SIU FAN TSANG, HUSBAND AND WIFE AS JOINT TENANTS

hereby GRANT(S) to     HOI KAN LAU, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, AS TO AN UNDIVIDED 25% INTEREST, AND SIU FAN TSANG, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, AS TO AN UNDIVIDED 25% INTEREST, AND SHING LUNG LAU, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY AS TO AN UNDIVIDED 50% INTEREST

the following described real property in the City of _____, County of LOS ANGELES, State of California:

LOT 17 OF TRACT NO. 16897, IN THE COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 456, PAGES 3 AND 4 OF MAPS,
IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Dated 10/8/25     _Hoi Kan Lau_     _Siu Fan Tsang_

HOI KAN LAU                                      SIU FAN TSANG

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                    )
County of Los Angeles                  )
On October 8, 2025 before me, Henry Tang, Notary Public
(HERE INSERT NAME AND TITLE OF THE OFFICER)

personally appeared HOI KAN LAU AND SIU FAN TSANG

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.
Signature _____

HENRY TANG
COMM. # 2418219
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Commission Expires
September 24, 2026

(SEAL)

Title Order No. _____     Escrow, Loan, or Attorney File No. _____

MAIL TAX STATEMENTS TO:
HOI KAN LAU, 6726 SALTER AVENUE, ARCADIA, CA 91007
NAME                    ADDRESS                    CITY, STATE, ZIP

NONJC-010 Rev. 07/01/2015   CEB | Essential Forms   GRANT DEED

429

# Exhibit # 37



Kevin Hermansen, State Bar No. 266254
*Law Office of Kevin P. Hermansen, P.C.*
13654 Victory Boulevard, Suite 111
Van Nuys, California 91401
Telephone: (818) 971-9992
Email: kevin@kphlegal.com

**Electronically FILED by
Superior Court of California,
County of Los Angeles
5/15/2026 9:44 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Ludwig, Deputy Clerk**

Attorney for Defendants, Christopher Lopez, Cynthia Carter

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

SHING LUNG LAU,

      Plaintiff,

      v.

CHRISTOPHER LOPEZ, CYNTHIA CARTER;

      Defendants

LASC Case No. 26PDUD00798

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**[JURY TRIAL DEMANDED]**

## ANSWER

### I. GENERAL DENIAL

Pursuant to Section 431.30 of the Code of Civil Procedure, Defendants, Christopher Lopez, Cynthia Carter, and Margarita Alvarez (hereinafter collectively "Defendants") deny generally and specifically each allegation in the Complaint (hereinafter, "Complaint") and that Plaintiff has been damaged in the sum or sums alleged, in any sum, or at all, or is entitled to any of the relief requested therein, including without limitation, possession, general, equitable, and other damages.

### II. JURY DEMAND

The above-captioned Defendant demand a jury trial in the above-captioned action.

1
ANSWER

431

III.  **SEPARATE AFFIRMATIVE DEFENSES**

**BREACH OF THE WARRANTY OF HABITABILITY**

The amount of rent or holdover damages demanded by Plaintiff is not in fact due because Plaintiff breached the warranty of habitability.  The dwelling at issue and/or common areas of the Subject Property where Defendant resides suffers from defects that render it untenantable and those defects include, but are not limited to, the following:

☒  Ineffective waterproofing and weather protection of roof, exterior walls, broken windows, or doors;

☒  Plumbing is not in good working order, including a water supply that produces hot and cold running water.

☒  Lack of properly functioning heating unit;

☒  Defective electrical wiring or exposed wiring;

☒  Rodents and/or other vermin (e.g., ants, bedbugs, cockroaches, fleas, spiders, or termites);

☒  Floors, stairways, or railings  in disrepair;

☒  Exterior door does not have a functioning lock;

☐  Window(s) reasonably accessible to the public do not have a  functioning lock;

☒  Missing or damaged window screens;

☒  Holes in the walls and/or ceilings;

☐  A Substandard Order was issued by a government agency demonstrating health and safety defects;

☒  Missing or broken smoke detector or carbon monoxide detector;

☒  Common areas are unclean;

☒  Inadequate number of receptacles for garbage;

2
ANSWER

432

☐ Other: _____

☒ The property is substandard as defined by Sec. 17920.3 of the Health and Safety Code.

**REPAIR AND DEDUCT**

☐ Defendant performed repairs and deducted the cost for repairs which Plaintiff knew were needed and failed to provide within a reasonable time.

☐ Defendant made a payment to a utility and therefore was allowed to deduct such payment from the rent. Public Utilities Code §§10009-10009.1, §§12822-12822.1, §§16481-16481.1; Civil Code §1942.2

**CALIFORNIA TENANT PROTECTION ACT OF 2019 (AB 1482)**

The Defendant is a tenant who has continuously and lawfully occupied the premises at issue for 12 months or more, or one or more of the tenants has continuously and lawfully occupied the premises for 24 months of more. As such, premises at issue is subject to the provisions of Civil Code §1946.2

☒ The Plaintiff is not proceeding in good faith in recovering possession.

☒ Rental agreement was commenced or renewed on or after July 1, 2020 and did not contain the required language in the rental agreement as per required by the Tenant Protection Act of 2019.

☒ The notice is defective because there is no Just Cause to evict under the Tenant Protection Act of 2019.

☒ Plaintiff has failed to state a cause for the eviction.

☒ Landlord is proceeding to use at-fault eviction without stating a permissible at-fault reason complaint with Code of Civil Procedure § 1946.2(b)(1)(A)-(K).

☒ Plaintiff is proceeding to use no-fault eviction without stating a permissible no-fault reason complaint with Code of Civil Procedure §1946.2(b)(2)(A)-(D).

3
ANSWER

☒    Plaintiff failed to give notice and opportunity to cure a curable lease violation.

☒    Plaintiff seeks to evict for breach of an immaterial term of the lease and/or failed to issue a written notice to correct the alleged violation.

☒    Plaintiff is seeking to evict for refusal to execute a new lease which does not have similar provisions and/or includes terms in violation of law.

☒    Plaintiff is seeking to evict based on alleged intent to occupy the property by the owner or their spouse, domestic partner, children, grandchildren, parents, or grandparents without a provision of the lease permitting termination of tenancy on this basis.

☒    Plaintiff is seeking to evict based on alleged intent to "substantially remodel," but the work allegedly being conducted do not meet the definition of "substantially remodel" as provided in the Tenant Protection Act of 2019.

☒    The entire eviction is not enforceable because Plaintiff is proceeding to evict under a no-fault cause of action and has failed to provide relocation assistance by either notifying the tenant in writing that the Plaintiff intends to waive one month rent or informing the tenant the right to relocation within 15 calendar days from service of notice. Code of Civil Procedure §§ 1946.2(d)(2) and 1946.2(d)(4).

☒    The entire eviction is not enforceable because Plaintiff failed to notify Defendant(s) of the right to relocation assistance or rent waiver.

☒    Plaintiff is evicting for alleged nonpayment of rent, rent which was increased in excess of the amount permitted under the Tenant Protection Act of 2019.

☒    Plaintiff is evicting for alleged nonpayment of rent, rent which was increased in excess of the amount permitted under the Tenant Protection Act of 2019 after March 15, 2019, and has not been decreased after January 1, 2020, as required by the Tenant Protection Act of 2019.

**COUNTY'S EVICTION MORATORIUM (LOS ANGELES)**

The property at issue is located in the County of Los Angeles and thus is subject to the

4

ANSWER

434

protections of the County's Eviction Moratorium.

☒    Plaintiff is attempting to evict the defendant based on nonpayment or rent, late charges, interest, or any other fees accrued due to Financial Impacts Related to COVID-19 in violation of the County's Eviction Moratorium.

☒    Plaintiff is attempting to evict a tenant for denying entry to the landlord in violation of the County's Eviction Moratorium.

☒    Plaintiff is attempting to evict defendant based on non-payment of rent due to financial hardship related to COVID-19 and failure to repay by the end of the applicable repayment period in violation of the County's Eviction Moratorium.

☒    Plaintiff is attempting to evict defendant based on failure to pay back unpaid rent under the terms of a payment plan in violation of the County's Eviction Moratorium.

☒    Plaintiff is attempting to evict defendant based on the tenant's failure to comply with the terms of a payment plan that is void as contrary to public policy.

☒    Plaintiff is attempting to evict defendant based on a "No-Fault Termination of Tenancy" in violation of the County's Eviction Moratorium.

☐    Plaintiff is attempting to evict defendant due to Nuisance or Unauthorized Occupants or Pets in violation of the County's Eviction Moratorium.

☒    Plaintiff filed this action in violation of the County's Eviction Moratorium.

### LOS ANGELES COUNTY RENT STABILIZATION ORDINANCE

The premises at issue is a Covered Rental Unit subject to the L.A. County Rent Stabilization Ordinance, and at the time Plaintiff served the relevant Notice:

☒    The Plaintiff failed to comply with the L.A. County Rent Stabilization Ordinance.

☒    The Plaintiff failed to serve a Notice of Termination on the Tenant, via certified mail, return receipt requested.

5
ANSWER

435



☒    Plaintiff did not have a permitted cause for eviction.

☒    The Plaintiff did not submit a true and accurate copy of the Notice of Termination and proof of service of that Notice of Termination on the tenant, via certified mail, return receipt requested, to the Department of Consumer and Business Affairs of the County of Los Angeles (DCBA), within 5 days of the service of the Notice of Termination on the tenant.

☒    The Plaintiff failed to maintain proof of service proving compliance with the L.A. County Prohibition on Rent Increases.

☒    The Plaintiff failed to comply with the L.A. County Rent Stabilization Ordinance's posting requirements.

☒    The Plaintiff demanded rent which exceeded the legal amount which could be demanded.

☒    The Plaintiff did not qualify the termination as at-fault or no-fault.

☒    The notice to cure did not provide sufficient notice pursuant to the L.A. County  Rent Stabilization Ordinance.

☒    Defendant is entitled to an offset based on previous payments of unlawful late fees that caused tenant's rent to exceed the maximum allowable rent, pursuant to the applicable rent stabilization statute.

☒    Any habitability defects also constitute reductions in housing services and, therefore, illegal rent increases.

☒    The rent demanded exceeded the legal amount which could be demanded because Plaintiff reduced housing services without granting a corresponding decrease in the money charged as rent.

☒    The Notice does not "permit a determination of the date, place, witnesses and circumstances concerning the reason" for the eviction.

6

ANSWER

436

☒ Plaintiff failed to give 10 days from the date of the service of the notice to cure violation of material rental agreement term, to cure the alleged violation of a material rental agreement term.

☒ Plaintiff seeks to enforce a rental agreement term that is not material as defined under the L.A. County Rent Stabilization Ordinance.

☐ The acts alleged in the notice do not constitute nuisance under the L.A. County Rent Stabilization Ordinance

☒ Plaintiff has not complied with Government Code §§ 7060-7060.7 for removal of the rental unit from the rental market.

☒ Plaintiff is pursuing this action in violation of the prohibition on retaliation and harassment pursuant to Los Angeles County Municipal Code § 8.52.130.

☒ Plaintiff is not seeking to recover possession of the rental unit for use and occupancy as a primary residence by the Plaintiff or Plaintiff's spouse, registered domestic partner, children, grandchildren, parents, or grandparents in good faith.

☒ Plaintiff failed to disclose to the Department the name of the eligible individual who will occupy the unit and their relationship to the landlord 60 days prior to the final date of the tenancy.

☒ The rent demanded does not exceed the HUD Fair Market Rent threshold for nonpayment.

☒ The Plaintiffs are not similarly situated as the Defendants and their household as defined by the County RSO.

☒ The Plaintiffs is attempting to evict for new terms that were not consented to in writing by the tenant.

☒ The Plaintiffs did not comply with the requirements of the Tenants Right to Counsel

7

ANSWER

437

Ordinance Los Angeles County Municipal Code § 8.60.050.

☒    The Plaintiffs did not comply with the requirements of the Ordinance regarding a relocation specialist.

☒    Plaintiff accepted rent or other consideration in return for the continued use of the rental unit beyond the term of the terminated tenancy in violation of Los Angeles County Municipal Code § 8.52.090(B)(2).

☒    Plaintiff failed to register the rental unit and/or pay the annual rental registration fee required by Los Angeles County Municipal Code §§ 8.52.080 and 8.65.030.

☒    Plaintiff demanded, accepted, or retained a security deposit in excess of the amount permitted under Los Angeles County Municipal Code § 8.52.055.

☒    Plaintiff is endeavoring to recover possession based upon facts Plaintiff has no reasonable cause to believe to be true or upon a legal theory untenable under the facts known to Plaintiff in violation of Los Angeles County Municipal Code § 8.52.130(A)(7).

☒    Plaintiff provided false information regarding tenant protections and/or mischaracterized the nature or effect of a notice to quit or other eviction notice in violation of Los Angeles County Municipal Code § 8.52.130(A)(9).

☒    Plaintiff refused to acknowledge or accept Defendant's lawful rent payment, refused to cash or process a check or other acceptable form of payment for over thirty days after tender, and/or failed to maintain a current address for delivery of rent payments, in violation of Los Angeles County Municipal Code § 8.52.130.

☒    Any provision of the rental agreement purporting to waive the protections of the Los Angeles County Rent Stabilization and Tenant Protections Ordinance is void pursuant to Los Angeles County Municipal Code § 8.52.190.

8
ANSWER

☒    The Plaintiffs did not submit the required owner move-in documents to the County RSO Department.

### ESTOPPEL, WAIVER, OR BAD FAITH

Plaintiff is estopped from pursuing this eviction or has waived the right to prosecute an unlawful detainer because:

☒    Plaintiff accepted a rent payment from Defendant after service of the Notice to quit thereby renewing the tenancy.

☒    Plaintiff accepted a rent payment from Defendant with full knowledge of the alleged breach of the rental agreement thereby waiving the right to declare a forfeiture by reason of the breach and renewing the tenancy.

☒    Plaintiff retained a check or money order without negotiating it for an unreasonably long time, thereby accepting payment and renewing the tenancy.

☒    Plaintiff refused to accept the tender of rent payment – either prior to service of the Notice to quit or during the notice period.

☒    In bad faith Plaintiff prevented the payment of rent payment – either prior to service of the Notice to quit or during the notice period.

☒    Defendant is permitted to tender late rent payments if paying a late charge or within a grace period, so Defendant was not in default of the payment of rent.

☒    Plaintiff and Defendant made other payment arrangements after service of the Notice to quit, upon which Defendant detrimentally relied. Therefore payment was not delinquent.

☒    The deposit may be used to off-set any rent default, tenant has a deposit, so the rent is not delinquent.

### NO BREACH OF COVENANT

☐    Defendant's obligation to pay rent has been extinguished by Defendant's performance

9

ANSWER

439

in the manner directed by Plaintiff.

☒ Plaintiff has demanded compliance with a term of the lease or rental agreement that is not legally enforceable.

☐ The alleged breach(es) of the rental agreement are trivial.

☒ Defendant denies the allegations stated in the notice.

☐ Plaintiff did not serve a proper notice to enter under Section 1954 of the Civil Code. Therefore, Defendant was under no obligation to permit Plaintiff to enter.

☒ Plaintiff did not serve a proper notice to use pesticides under governing municipal and state law. Therefore, Defendant was under no obligation to permit Plaintiff to enter.

### DEFECTIVE NOTICE

The notice is defective and/or inapplicable because:

☒ The amount of rent demanded in the Notice is more than the "amount due."

☒ The amount of rent demanded in the Notice is more than the "amount due" because Defendant is entitled to a set off.

☒ Defendant is entitled to an offset in rent because the Notice includes rent fees, a rental surcharge, or liquidated damages in violation of Civil Code § 1671(c)(2) and § 1951.5.

☒ The Notice did not adequately identify a person/address where the rent is to be paid.

☒ The person identified on Notice was not actually available at the time and place stated in the Notice.

☒ Plaintiff did not serve the Notice either (1) in person, or (2) by both posting the Notice on the door and mailing said Notice.

☒ Plaintiff failed to serve the Notice at all.

☒ The Property is covered by the federal CARES ACT and the Plaintiff did not provide 30 days' notice to vacate.

10
ANSWER

440

☒    The notice failed to state the fair market rent and/or number of bedrooms.

☒    The Notice was superseded by a later-served notice.

### MISCELLANEOUS

☒    Plaintiff lacks standing and/or capacity to bring this action.

☒    Defendant is entitled to an offset based on previous payments of unlawful late fees that caused tenant's rent to exceed the maximum allowable rent, pursuant to the applicable rent stabilization statute.

☒    Plaintiff served the Notice to quit, filed the present unlawful detainer, or imposed a rent increase to retaliate against Defendant for invoking their right to complain to a governmental agency, to Plaintiff or to Plaintiff's agent concerning an issue of habitability, a nuisance being perpetrated on the premises, or for Defendant's peaceful and lawful exercise of other rights.

☒    Plaintiff's notice to pay rent or quit is overstated because it requests payment for months previously litigated in Hoi Kan Lau v. Cynthia Carter, Christopher Lopez, LASC Case No. 24PDUD01782. The issue for those months of rent is now res judicata/collateral estoppel.

☒    Plaintiff's unlawful detainer action is the product of arbitrarily discrimination against Defendant based on race, national origin, sexual orientation, family composition, disability, sex, age, religion, or the presence of children in the household.

☒    The notice was not served in compliance with the parties' lease agreement.

☒    Plaintiff is neither the owner of the premises at issue nor the management company authorized to act on Plaintiff's behalf by filing a lawsuit.

☒    Plaintiff is a new owner/manager who did not provide Defendant with proper notice of the change in ownership or management required by Civil Code Sections 1111 and 1962(c).

☒    Plaintiff filed the Complaint before the expiration of the Notice.

11

ANSWER

441

☒    The notice fails to comply with Civil Code 1946.1.

## IV.    RELIEF REQUESTED

WHEREFORE, Defendant prays as follows:

1.    That the Complaint be dismissed with prejudice and/or judgment entered in favor of Defendant;

2.    For the costs of suit incurred herein, including reasonable attorneys' fees to the extent permissible by law, contract, or otherwise determined by the Court;

3.    For statutory damages as permitted by law; and

4.    For such other and further relief as the Court deems just and proper, including (if applicable) an order to repair the relevant dwelling and adjust the monthly rent accordingly.

DATED: May 15, 2026                Law Office of Kevin P. Hermansen, P.C.

By: _____
Kevin Hermansen
Attorney for Defendants CYNTHIA CARTER and
CHRISTOPHER LOPEZ

12
ANSWER

442

**VERIFICATION**

I am a defendant in this action, and I have either read this Answer or had it read to me. I declare under penalty of perjury pursuant to the laws of the State of California that, based upon information and belief, the foregoing is true and correct.

DATED:     May 15, 2026                         By:_____
                                                Defendant, Christopher Lopez

**VERIFICATION**

I am a defendant in this action, and I have either read this Answer or had it read to me. I declare under penalty of perjury pursuant to the laws of the State of California that, based upon information and belief, the foregoing is true and correct.

DATED:     May 15, 2026                         By:_____
                                                Defendant, Cynthia Carter

13
ANSWER

443

**PROOF OF SERVICE**
LASC Case # 26PDUD00798

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 13654 Victory Boulevard, Suite 111, Van Nuys, CA 91401.

On May 15, 2026, I served the foregoing document(s) described as:

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**[JURY TRIAL DEMANDED]**

as follows:

Shing Lung Lau
6726 Salter Ave.
Arcadia, CA 91007

☒　　(BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our office's address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐　　(BY OVERNIGHT DELIVERY SERVICE)  I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided.

☐　　(BY ELECTRONIC SERVICE) I served the foregoing document electronically at the above mentioned email address.

Executed on May 15, 2026.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Kevin Hermansen

# Exhibit # 38

## 5 DAY NOTICE TO PAY RENT OR QUIT

TO:  **CYNTHIA CARTER and CHRISTOPHER LOPEZ**
**AND TO ALL OTHERS IN POSSESSION OF:**
**9705 ARDENDALE AVE., ARCADIA, CA 91007**

**YOU ARE HEREBY NOTIFIED** that you are to disregard the previous 5 Day Notice to Pay Rent or Quit Demanding 3 months of unpaid rent in the sum of $8,796.60 (that you have failed to pay within the allotted 5 Days) and take notice of this new and updated 5 Day Notice to Pay Rent or Quit demanding 4 months of unpaid rent.

**YOU ARE HEREBY NOTIFIED** that pursuant to the lease or rental agreement under which you hold possession of the hereinafter described premises there is now due, unpaid, and delinquent rent in the total sum of **$11,728.80**, for the period of: from **11/1/2025 through 2/28/2026.**

**YOU ARE FURTHER NOTIFIED** that within five (5) days after service of this Notice on you, EXCLUDING SATURDAYS, SUNDAYS, AND OTHER JUDICIAL HOLIDAYS, you must pay the amount of said rent of **$11,728.80** in full or quit said premises and deliver up possession of the same to the landlord/agent, as named below, or legal proceedings for unlawful detainer will be filed against you to recover possession of said premises, to declare said lease or rental agreement forfeited and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law, and possible statutory damages in accordance with California Code of Civil Procedure Section 1174(b).

**YOU ARE FURTHER NOTIFIED** that by this notice the landlord/agent elects to and does declare a forfeiture of said lease or rental agreement if said rent is not paid in full within the five (5) day period, EXCLUDING SATURDAYS, SUNDAYS, AND OTHER JUDICIAL HOLIDAYS. The premises herein referred to is located at the following location:

9705 ARDENDALE AVE., ARCADIA, CA 91007 (House with 3 bedrooms and 2 bathrooms)

**YOU ARE FURTHER NOTIFIED** that this notice is not to be read together with any previous notice regarding demand for rent.

**YOU ARE FURTHER NOTIFIED** if you are unclear about anything in this or any other notice(s), or if you or your attorney think this notice is invalid for ANY reason at all (including service), you need to contact the owner Shing Lau at 718-300-6010 (cellphone) immediately; otherwise it shall be considered that this notice was properly served upon and that you understood everything on this notice clearly and that you and your attorney consider this notice to be valid.

-Shing Lung Lau, the owner and property manager for the property

Due to the high amount of unpaid rent, payment must be in the form of cashier's check
Payment may be made by mail or directly in the following manner:

Person to Pay:       Shing Lung Lau
Address to Pay:      6726 Salter ave., Arcadia, CA 91007
Hours:       9:00 A.M. to 5:00 P.M., Monday through Friday **Must make appointment**
Phone Number of Owner:    718-300-6010 **Must call or message to make appointment**

Due to your previous treatment of trapping Shing Lau on the roof and barring him from making repairs, repairs cannot be conducted at this time. If you believe that items need to be corrected, please send written list of issues, as well as written permission for Shing Lau to enter and make repairs in writing, and we will immediately inspect and make necessary repairs. If we do not receive any written repair requests and written permission, we will assume that there are no items that need to be corrected at this time. Written repair requests may be send to the property owner and property manager at: Shing Lau, 6726 Salter Ave, Arcadia, CA 91007

Date: February 2nd, 2026                    _Shing Lung Lau_
                                            Shing Lung Lau, Owner of the property

446

# Exhibit # 39

447

SHING LUNG LAU
6726 SALTER AVE   ARCADIA, CA 910077858

## PROOF OF SERVICE

I, the undersigned declare that I served the Notice (s) below as indicated:

5 DAY NOTICE TO PAY RENT OR QUIT

The above described Notice (s) were served on the following named parties in the manner set forth below:

NAME OF OCCUPANT:   CYNTHIA CARTER, CHRISTOPHER LOPEZ AND ALL OTHERS IN POSSESSION

DATE OF Posting:   February 3, 2026
TIME OF Posting:   11:28 AM

DATE OF MAILING:   February 4, 2026

ADDRESS OF PROPERTY:   9705 Ardendale Ave.,
Arcadia, CA 91007
(HOME)

MAILING ADDRESS:   9705 Ardendale Ave.
Arcadia, CA 91007

☐  1. PERSONAL SERVICE       By delivering a copy of the Notice(s) on the above named occupant(s)
☑  2. OTHER MEANS            By service of said Notice(s) as authorized by C.C.P. Section 1162 (2,3) on each of
                             the above named parties in the manner set forth below.

BY POSTING a copy for each of the above-named parties on 2/3/2026 at 11:28 AM on the property.  Being unable to find a person of Suitable Age and Discretion after reasonable diligence of obtaining contact at the address.  Then mailing a copy to each said party by depositing said copies in the United States Postal Mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated on 2/4/2026

Fee for Service: **$ 131.04**
County: **LOS ANGELES**
Registration No.: **2012208220**
**JPL PROCESS SERVICE, LLC**
**14482 BEACH BLVD. STE X**
**WESTMINSTER, CA 92683**
**(866) 754-0520**
**Ref: 1982**

At the time of service, I was at least 18 years of age.  I declare under penalty of perjury that the foregoing is true and correct.
Dated:  February 4, 2026.

Signature: _____
ÈRIC WILKINS

**PROOF OF SERVICE**

448

Order#: 263565D/NTQ

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| SHING LUNG LAU<br>6726 SALTER AVE<br>ARCADIA, CA 910077858<br>TELEPHONE No.: (718) 300-6010 | E-MAIL ADDRESS (Optional): justiceforthepeopleca@gmail.com<br>FAX No. (Optional): | |
| Attorney for: IN PRO PER SHING LUNG LAU | | |

Ref No. or File No.:
1982

Insert name of Court, and Judicial District and Branch Court:
None -

Plaintiff: SHING LUNG LAU

Defendant: CYNTHIA CARTER, CHRISTOPHER LOPEZ AND ALL OTHERS IN POSSESSION

| **PROOF OF SERVICE<br>BY CERTIFIED MAIL** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER: |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2. I served copies of the 5 DAY NOTICE TO PAY RENT OR QUIT

3. By placing a true copy thereof enclosed in a sealed envelope, with Certified Mail postage thereon fully prepaid, in the United States Mail at WESTMINSTER, CA, California, addressed as follows:

   a. Date of Mailing:        February 4, 2026

   b. Place of Mailing:     WESTMINSTER, CA 92683

   c. Addressed as follows:   CYNTHIA CARTER, CHRISTOPHER LOPEZ AND ALL OTHERS IN POSSESSION
                          9705 Ardendale Ave.
                          Arcadia, CA 91007

          **TRACKING# 7022 2410 0002 5301 1196**

4. I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at WESTMINSTER, CA, California in the ordinary course of business.

Fee for Service: $ 131.04
JPL PROCESS SERVICE, LLC
14482 BEACH BLVD. STE X
WESTMINSTER, CA 92683
(866) 754-0520
Ref: 1982



I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 2/4/2026.

Signature: _____

**JEFF LANCASTER**

**PROOF OF SERVICE BY CERTIFIED MAIL**

Order#: 263565D/mailproof

449

# Exhibit # 40

450

## THREE DAY NOTICE TO QUIT PREMISES

TO:   CYNTHIA CARTER; CHRISTOPHER LOPEZ;
      AND TO ALL OTHERS IN POSSESSION OF:
      9705 ARDENDALE AVE., ARCADIA, CA 91007

**YOU ARE HEREBY NOTIFIED** that this notice expires THREE (3) days after service of this notice on you, EXCLUDING SATURDAYS, SUNDAYS, AND OTHER JUDICIAL HOLI-DAYS. And that pursuant to the lease or rental agreement under which you hold the possession of the premises known as **9705 ARDENDALE AVE., ARCADIA, CA 91007**, your right to possession will be terminated pursuant to your lease agreement at the expiration of this notice.

On February 3, 2026, you were served with a 5 Day Notice to Pay Rent or Quit.
On February 10, 2026, the period stated in that notice expired at the end of the day.
(Please note that despite what some people may say, an additional 5 days due to mailing a 2nd copy of the 5 Day Notice to Pay Rent or Quit is NOT required, see *Losornio v. Motta* (1998) 67 Cal. App. 4th 110, 78 Cal. Rptr. 2d 799)
You were actually given SIX business days to pay the requested amount (2/4/26, 2/5/26, 2/6/26, 2/9/26, 2/10/26, 2/11/26). Yet you still failed to pay.

You failed to comply with the requirements of the 5 Day Notice to Pay Rent or Quit by the expiration date. Pursuant to your lease agreement, your tenancy will be terminated at the expiration of this notice. YOU ARE HEREBY REQUIRED to quit and deliver up possession of the hereinafter described premises to the Landlord/Agent who is authorized to receive possession of the same on the expiration of the said Three (3) Day Period.
**YOU ARE FURTHER NOTIFIED** that by this notice the landlord/agent elects to and does declare a forfeiture of said lease or rental agreement at the expiration of this notice, and that if at the expiration of said period you fail to quit said premises and deliver up possession of the same, legal proceedings will be instituted for unlawful detainer against you to recover possession of the premises, declare said tenancy forfeited, and to recover actual and punitive damages for the unlawful detention of said premises.
**YOU ARE FURTHER NOTIFIED** if you are unclear about anything in this or any other notice(s), or if you or your attorney think this notice is invalid for ANY reason at all (including service), you need to contact the owner Shing Lau at 718-300-6010 (cellphone) immediately; otherwise it shall be considered that this notice was properly served upon and that you understood everything on this notice clearly and that you and your attorney consider this notice to be valid.
**The premises herein referred to is located at the following location:**
9705 ARDENDALE AVE., ARCADIA, CA 91007 (3 bedrooms house with 2 bathrooms)

*Shing Lung Lau*
Shing Lung Lau, owner of the property
Date: February 12, 2026

"State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out."

451

# Exhibit # 41

SHING LUNG LAU
6726 SALTER AVE   ARCADIA, CA 910077858

## PROOF OF SERVICE

I, the undersigned declare that I served the Notice (s) below as indicated:

THREE DAY NOTICE TO QUIT PREMISES

The above described Notice (s) were served on the following named parties in the manner set forth below:

NAME OF OCCUPANT:   CYNTHIA CARTER, CHRISTOPHER LOPEZ, AND TO ALL OTHERS IN POSSESSION

DATE OF POSTING:   February 12, 2026
TIME OF POSTING:   4:15 PM

DATE OF MAILING:   February 13, 2026

ADDRESS OF PROPERTY:   9705 Ardendale Avenue,
Arcadia, CA 91007
(HOME)

MAILING ADDRESS:   9705 Ardendale Avenue
Arcadia, CA 91007

☐  1. PERSONAL SERVICE          By delivering a copy of the Notice(s) on the above named occupant(s)

☑  2. OTHER MEANS               By service of said Notice(s) as authorized by C.C.P. Section 1162 (2,3) on each of
the above named parties in the manner set forth below.

BY POSTING a copy for each of the above-named parties on 2/12/2026 at 4:15 PM on the property. Being unable to find a person of Suitable Age and Discretion after reasonable diligence of obtaining contact at the address. Then mailing a copy to each said party by depositing said copies in the United States Postal Mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated on 2/13/2026

Fee for Service: **$ 181.04**
County: **Los Angeles**
Registration No.: **202261004**
**JPL PROCESS SERVICE, LLC**
**14482 BEACH BLVD. STE X**
**WESTMINSTER, CA 92683**
**(866) 754-0520**
**Ref: 1983**

At the time of service, I was at least 18 years of age. I declare under penalty of perjury that the foregoing is true and correct.
Dated: February 12, 2026.

Signature:_____
**MELINDA GONZALEZ**

**PROOF OF SERVICE**

453

Order#: 264302A/NTQ

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| SHING LUNG LAU<br>6726 SALTER AVE<br>ARCADIA, CA 910077858<br>TELEPHONE No.: (718) 300-6010 | E-MAIL ADDRESS (Optional): justiceforthepeopleca@gmail.com<br>FAX No. (Optional): | |

Attorney for: Plaintiff

Ref No. or File No.: **1983**

Insert name of Court, and Judicial District and Branch Court:

None -

Plaintiff: SHING LUNG LAU

Defendant: CYNTHIA CARTER, CHRISTOPHER LOPEZ, AND TO ALL OTHERS IN POSSESSION

| **PROOF OF SERVICE<br>BY CERTIFIED MAIL** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER: |
|---|---|---|---|---|
| | | | | |

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2. I served copies of the THREE DAY NOTICE TO QUIT PREMISES

3. By placing a true copy thereof enclosed in a sealed envelope, with Certified Mail postage thereon fully prepaid, in the United States Mail at WESTMINSTER , CA, California, addressed as follows:

    a. Date of Mailing:               February 13, 2026

    b. Place of Mailing:            WESTMINSTER, CA 92683

    c. Addressed as follows:      CYNTHIA CARTER, CHRISTOPHER LOPEZ, AND TO ALL OTHERS IN POSSESSION
                                 9705 Ardendale Avenue
                                 Arcadia, CA 91007

        **TRACKING NUMBER : 7022 2410 0002 5301 1011**

4. I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at WESTMINSTER , CA, California in the ordinary course of business.

Fee for Service: $ 181.04
    JPL PROCESS SERVICE, LLC
    14482 BEACH BLVD. STE X
    WESTMINSTER, CA 92683
    (866) 754-0520
    Ref: 1983

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 2/12/2026.

Signature: _____
                  **JEFF LANCASTER**

**PROOF OF SERVICE BY CERTIFIED MAIL**

Order#: 264302A/mailproof

454

# Exhibit # 42

Mark Kleiman [SBN 115919]
KLEIMAN RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
Telephone: (310) 392-5455
Facsimile:  (310) 306-8491
mark@krlaw.us

Thomas B. Harvey [SBN 287198]
LAW OFFICES OF THOMAS B. HARVEY
365 E. Avenida de Los Arboles #226
Thousand Oaks, CA 91360
(805) 768-4440
tbhlegal@proton.me

Attorneys for Defendants
KEVIN HERMANSEN, BEHNAM GHARAGOZLI,
LAW OFFICES OF BEN GHARAGOZLI,
LAW OFFICE OF KEVIN P. HERMANSEN, P.C.,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| SHING LUNG LAU, A.L., a minor by and through his guardian ad litem, SHING LUNG LAU, HOI KAN LAU, SIU FAN TSANG,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN HERMANSEN, BEHNAM GHARAGOZLI, CHRISTOPHER LOPEZ, CYNTHIA CARTER, LAW OFFICES OF BEN GHARAGOZLI, LAW OFFICE OF KEVIN P. HERMANSEN, P.C.,<br><br>Defendants. | Case No.: 2:26-CV-00305-MWF-CTSx<br><br>Judge:  Hon. Michael W. Fitzgerald<br><br>**REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT**<br><br>Date:          June 24, 2026<br>Time:          10:00 a.m.<br>Location:     Courtroom 5A (5th floor)<br><br>Original Action Filed: January 12, 2026<br>Amended Complaint: April 24, 2026 |

1

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

## I.    INTRODUCTION

Plaintiffs' Opposition confirms rather than cures the fatal defects in their First Amended Complaint ("FAC"). Rather than demonstrating a probability of prevailing on their Fifth and Sixth Causes of Action, Plaintiffs expressly concede those claims are state-law causes of action subject to the anti-SLAPP statute, acknowledge they filed them by mistake, and ask to be excused from the consequences. That concession alone resolves most of this Motion in Defendants' favor. The remainder of the Opposition rests on a misreading of *Flatley v. Mauro* that no California or Federal court has endorsed in these circumstances. The Motion should be granted, the claims stricken with prejudice, and attorney's fees awarded to Defendants.

## II.    PRONG ONE IS SATISFIED: ALL ALLEGED CONDUCT IS PROTECTED LITIGATION ACTIVITY

Defendants' burden at the first prong is not onerous. They need only make a prima facie showing that the challenged causes of action arise from acts in furtherance of their right of petition. *Okorie v. L.A. Unified Sch. Dist.*, 14 Cal. App. 5th 574, 590 (2017). That showing is plainly made here: every allegation in the Fifth and Sixth Causes of Action concerns statements made in court, arguments presented to judges, filings served through the courts' electronic systems, and examination of witnesses in three unlawful detainer proceedings. Such conduct falls squarely within CCP § 425.16(e)(1) and (2).

### A.    The Illegality Exception Does Not Apply.

Plaintiffs' sole response to the first prong is the *Flatley v. Mauro*, 39 Cal. 4th 299 (2006), illegality exception. That exception is narrow and demanding. It applies only where illegality is established "as a matter of law," which requires the defendant to concede the illegality or a conclusive showing on the face of the record without any factual dispute. *Flatley*, 39 Cal. 4th at 316-320. *Flatley* itself involved a demand letter that was undisputed extortion on its face. No comparable showing is made here.

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. §425.16]; DECLARATIONS IN SUPPORT

457

The anti-SLAPP statute is construed broadly, and its exemptions are construed narrowly. *Exline v. Gilmore*, 67 Cal.App.5th 129, 138 (2021). The illegality exception is no different. *Klem v. Access Inc. Co.*, 17 Cal.App.5th 595, 609 (2017). Plaintiffs invoke the illegality exception to the anti-SLAPP statute as his sole challenge to the first prong but fails to meet the high burden he carries to establish it.

In evaluating the first prong of whether the moving party has engaged in protected activity, "courts consider whether a defendant has made a ***prima facie showing*** that activity underlying a plaintiff's cause of action is statutorily protected and not whether it has shown its acts are ultimately lawful." *RGC Gaslamp, LLC*, 56 Cal.App.5th at 425-426 (emphasis added) (internal citations omitted). "Any claimed illegitimacy of the defendant's acts is an issue that must be raised and supported by the plaintiff in discharging its burden on prong two." *Id*. at 426 (internal citations omitted). Indeed, "a defendant does not have to establish that its conduct was ultimately lawful or constitutionally protected at prong one." *Id*. (internal citations omitted).

To establish the illegality exception to the anti-SLAPP statute, Plaintiffs must provide "conclusive proof" that the activity was "criminal conduct." *RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co.*, 56 Cal.App.5th 413, 424 fn. 9 (2020). Indeed, "statutorily unauthorized" conduct "does not fit the illegality exception" if "it is not criminal." *Id*.

Illegal means criminal and not merely a violation of some statute. "Furthermore, it is not sufficient that plaintiffs can reasonably argue or offer some evidence that defendant's conduct was unlawful. Rather, at this early stage of the proceedings, the illegality exception applies only if the defendant's activity is 'illegal as a matter of law,' meaning either the defendant concedes the point or the evidence conclusively establishes' as much." *Dziubla v. Piazza*, 59 Cal. App. 5th 140, 151-153 (2020).

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. §425.16]; DECLARATIONS IN SUPPORT

458

Case 2:26-cv-00305-MWF-CTS    Document 109-1    Filed 06/23/26    Page 218 of 284
Page ID #:2432
Case 2:26-cv-00305-MWF-CTS    Document 100    Filed 06/10/26    Page 4 of 12    Page ID #:1776

Here, Plaintiffs' three "criminal activity" examples are not only not criminal issues, but also involve sharply contested facts. Whether Defendants were properly notified of the substitution of attorney Charles Pok, whether an attorney's in-court characterization of a witness's travel habits constitutes perjury, and whether boilerplate affirmative defenses are "fraudulent" are not questions regarding criminal conduct. But even if they were, these are not matters that can be resolved "as a matter of law" at the anti-SLAPP stage as they are highly disputed. Courts have consistently refused to apply *Flatley* when the parties dispute the underlying facts. See *Suarez v. Trigg Laboratories*, 3 Cal. App. 5th 118, 124-125 (2016). The foregoing issues constitute a dispute about legality that compels rejection of Plaintiffs' illegality exception argument. *Dziubla v. Piazza* 59 Cal.App.5th 140, 153 (2020) (factual dispute as to legality precluded denial of anti-SLAPP motion).

Moreover, Plaintiffs misread *Flatley* when they contend it "overrode" *Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294 (2001), and *Chavez v. Mendoza*, 94 Cal. App. 4th 1083 (2001). *Flatley* did not hold that defendants must always prove their speech is constitutionally protected. It held only that when a plaintiff conclusively establishes illegality as a matter of law, the defendant cannot satisfy the first prong. That narrow carve-out is not implicated here, where Defendants did nothing more than zealously and successfully defend their clients.

**III.    PRONG TWO IS SATISFIED: PLAINTIFFS CANNOT DEMONSTRATE A PROBABILITY OF PREVAILING**

Even if the first prong were somehow disputed, Plaintiffs cannot carry their second prong burden.

**A.    The Absolute Litigation Privilege Independently Bars Both Claims.**

California Civil Code § 47(b) provides an absolute privilege for any communication made in a judicial proceeding by a litigant or participant authorized by law, to achieve the objects of the litigation, that has some connection to the action. This privilege is absolute. It "applies regardless of malice." *Digerati Holdings, LLC v. Young*

4

*Money Entm't, LLC*, 194 Cal. App. 4th 873, 889 (2011). It extends even to false proofs of service (*Rusheen v. Cohen*, 37 Cal. 4th 1048, 1064 (2006)) and collection of attorney's fees under an invalid judgment. *O'Keefe v. Kompa*, 84 Cal. App. 4th 130, 135 (2000).

Every act Plaintiffs characterize as a "breach" is communicative conduct within a judicial proceeding: making arguments about service, examining witnesses about their addresses, filing answers with affirmative defenses, submitting opposition briefs. The privilege immunizes all of it.

Plaintiffs' Opposition offers a single sentence on this point: that the litigation privilege does not bar breach of contract claims. This is simply meritless. In reliance, Plaintiffs cite to *Navellier v. Sletten*, 29 Cal.4th 82 (2002). However, *Navellier* did not exempt all breach of contract claims from the litigation privilege as Plaintiffs suggest.

In any event, *McNair v. City & Cty. of San Francisco*, 5 Cal. App. 5th 1154, 1169 (2016), holds that the privilege bars breach of contract claims where, as here, the alleged breach turns entirely on communicative conduct in a judicial proceeding. Plaintiffs cannot circumvent an absolute privilege by relabeling protected litigation conduct as a contract violation. This is especially so since the Defendant Attorneys did not even sign the contract.

**B.      The Contract Claims Fail on the Merits for Multiple Independent Reasons.**

The Opposition does not respond to Defendants' three independent merits arguments against the breach of contract claim, and that silence is telling.

First, Defendants Hermansen and Gharagozli are not parties to the lease agreement between the Lau family and Carter/Lopez. A non-party cannot breach a contract to which it is not a signatory. *Tri-Continent Internat. Corp. v. Paris Savings & Loan Assn.*, 12 Cal. App. 4th 1354, 1359 (1993). The Opposition does not address this argument at all.

Second, standard lease provisions requiring tenants to "comply with all laws" refer to tenants' use and occupancy of the premises, not to the litigation strategies employed by opposing counsel in subsequent eviction proceedings. Plaintiffs' contrary interpretation would make every losing legal argument by a tenant's attorney a "breach of contract" by the tenant, an interpretation with no support in California law. Interestingly, even if such an extreme interpretation were to be adopted, Plaintiffs' claim would still fail because the Defendants were successful in the underlying actions.

Third, losing a motion, making an unsuccessful legal argument, or successfully raising a procedural defense is not a "violation of law." It is the nature of adversarial litigation. The Sixth Cause of Action for breach of the implied covenant fails for the identical reasons and additionally because it duplicates the breach of contract claim and seeks to impose duties beyond those contemplated by the lease. *Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 349-350 (2000).

**C.    Issue Preclusion Bars Relitigation of Claims Decided in the Underlying Actions.**

The Opposition addresses Rooker-Feldman through *Miroth v. County of Trinity.* Plaintiffs' invocation of *Miroth v. County of Trinity*, (9th Cir. 2025), does not help them here. *Miroth* addressed claims against police officers for fabricating physical evidence (planted fingerprints) used in a state proceeding. This is conduct entirely separate from courtroom argument. Here, the alleged misconduct consists of cross-examining a witness, making legal arguments, and serving motions by email. That is litigation conduct, not extra-litigation evidence fabrication.

More importantly, Plaintiffs explicitly ask this Court to review a state court order: "The plaintiffs ask that the court order that all defendants as well as all relevant institutions and related persons help VOID all of the transactions that the defendants took from 2023 to 2026 and onward that were and would be the moving around of assets for the sole purpose of avoiding paying money to the plaintiffs. As allowed for under the Uniform Voidable Transactions Act (UVTA)" (FAC, ¶ 310) A state court entered

judgments ordering the same Plaintiffs to pay the same Defendants attorney's fees. Regardless of how it is worded, Plaintiffs seek the appeal of a state court judgment, which the Rooker-Feldman doctrine prohibits.

Even if Rooker-Feldman did not bar Plaintiffs' claims, Plaintiffs never engage with Defendants' issue preclusion argument, which is analytically distinct. Issue preclusion bars relitigation of any issue that was actually litigated and necessarily decided in a prior action between the same parties or their privies. *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015). Final judgments were entered in three unlawful detainer actions in Defendants' favor, each involving the same tenancy, the same property at 9705 Ardendale Avenue, and the same litigation conduct now challenged. Plaintiffs' attempt to recast those outcomes does not escape issue preclusion.

## IV.    LEAVE TO AMEND SHOULD BE DENIED AS FUTILE

Plaintiffs argue that under *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081 (9th Cir. 2004), they must be granted leave to amend before the Court can grant this Motion. *Verizon* expressly provides that leave to amend may be denied where amendment would be futile. *Id.* at 1091-92.

Futility is clear here for two reasons. First, Plaintiffs themselves concede in the Opposition that the Fifth and Sixth Causes of Action are state law claims subject to anti-SLAPP, and that they included them by mistake. (Opposition at p. 16-17). They propose to eliminate those claims in any amendment. If those claims are to be eliminated, there is nothing to amend, as striking them now achieves exactly what Plaintiffs propose to do themselves.

Second, the defects identified above are not drafting problems that more careful pleading can cure. No amendment can make Defendants parties to a lease they never signed. No amendment can transform protected litigation conduct into an actionable breach when the absolute litigation privilege applies regardless of how the claim is labeled. And no amendment can retroactively deprive *Flatley* of its requirement that illegality be established conclusively as a matter of law. The L.R. 7-3 conference

7

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. §425.16]; DECLARATIONS IN SUPPORT

462

confirmed that Plaintiffs had no concrete amended pleading to propose. Under these circumstances, amendment would be futile and leave should be denied.

## V.   CONCLUSION

Plaintiffs are landlords who lost three unlawful detainer proceedings and now seek to punish opposing counsel for prevailing. The anti-SLAPP statute exists precisely for cases like this. The Fifth and Sixth Causes of Action arise entirely from protected litigation activity, are independently barred by the absolute litigation privilege, and fail on the merits for multiple additional reasons. No amendment can cure these defects. Defendants respectfully request that the Court grant this Motion, strike the Fifth and Sixth Causes of Action with prejudice and deny leave to amend, and award Defendants their mandatory attorneys' fees and costs under CCP § 425.16(c).

DATE:  June 10, 2026

KLEIMAN / RAJARAM

By: _____
      MARK KLEIMAN

LAW OFFICES OF THOMAS HARVEY

By: _____
      */s/ Thomas B. Harvey*
      THOMAS B. HARVEY

Attorney for Defendants
KEVIN HERMANSEN, BEHNAM
GHARAGOZLI, LAW OFFICES OF
BEN GHARAGOZLI, LAW OFFICE OF
KEVIN P. HERMANSEN, P.C.

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

## **DECLARATION OF BEHNAM GHARAGOZLI**

I, BEHNAM GHARAGOZLI declare as follows:

1. My name is Behnam Gharagozli and I am named Defendant in the present action.

2. The following facts are within my own personal knowledge, except as to those facts that are based on information and belief. If called upon to testify I could and would do so competently.

3. I make this declaration on behalf of myself individually and on behalf of Law Offices of Ben Gharagozli. I am authorized to speak on behalf of Law Offices of Ben Gharagozli.

4. I did not engage in any unlawful conduct in litigating the unlawful detainer cases that Plaintiffs identify in their lawsuit in this action. I do not concede that I have committed any unlawful act. I do not concede that I have committed any illegal act.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed this 9th day of June 2026.

*/s/ Ben Gharagozli*
_____

Behnam Gharagozli

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

## DECLARATION OF KEVIN HERMANSEN

I, KEVIN HERMANSEN declare as follows:

1. My name is Kevin Hermansen and I am named Defendant in the present action.

2. The following facts are within my own personal knowledge, except as to those facts that are based on information and belief. If called upon to testify I could and would do so competently.

3. I make this declaration on behalf of myself individually and on behalf of Law Office of Kevin P. Hermansen, P.C.. I am authorized to speak on behalf of Law Office of Kevin P. Hermansen, P.C.

4. I did not engage in any unlawful conduct in litigating the unlawful detainer cases that Plaintiffs identify in their lawsuit in this action. I do not concede that I have committed any unlawful act. I do not concede that I have committed any illegal act.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed this 9th day of June 2026.

*/s/ Kevin Hermansen*
_____
Kevin Hermansen

10

465

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, KEVIN HERMANSEN, BEHNAM GHARAGOZLI, LAW OFFICES OF BEN GHARAGOZLI, LAW OFFICE OF KEVIN P. HERMANSEN, P.C., certifies that this brief contains 2,032 words, which complies with the word limit of L.R. 11-6.1.

DATE:  June 10, 2026

**KLEIMAN / RAJARAM**

By: _M ah K leiman_
MARK KLEIMAN

**LAW OFFICES OF THOMAS HARVEY**

By: _/s/ Thomas B. Harvey_
THOMAS B. HARVEY

Attorneys for Defendants
KEVIN HERMANSEN, BEHNAM
GHARAGOZLI, LAW OFFICES OF
BEN GHARAGOZLI, LAW OFFICE OF
KEVIN P. HERMANSEN, P.C.

11
REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

## Local Rule 5-4.3.4 Attestation

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the below e-filing attorney attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATE:  June 10, 2026

**KLEIMAN / RAJARAM**

By: _____
MARK KLEIMAN

**LAW OFFICES OF THOMAS HARVEY**

/s/ Thomas B. Harvey
By: _____
THOMAS B. HARVEY

Attorneys for Defendants
KEVIN HERMANSEN, BEHNAM
GHARAGOZLI, LAW OFFICES OF
BEN GHARAGOZLI, LAW OFFICE OF
KEVIN P. HERMANSEN, P.C.

12
REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

## Responses, Replies and Other Motion Related Documents

2:26-cv-00305-MWF-CTS Shing Lung Lau
et al v. Kevin Hermansen et al

(CTSx),DISCOVERY,MANADR,RELATED-
G

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Kleiman, Mark on 6/10/2026 at 3:59 PM PDT and filed on 6/10/2026

| | |
|---|---|
| **Case Name:** | Shing Lung Lau et al v. Kevin Hermansen et al |
| **Case Number:** | 2:26-cv-00305-MWF-CTS |
| **Filer:** | Behnam Gharagozli |
| | Kevin Hermansen |
| | Law Office of Kevin P. Hermansen, P.C. |
| | Law Offices of Ben Gharagozli |

**Document Number:** 100

**Docket Text:**
**REPLY IN SUPPORT NOTICE OF MOTION AND MOTION to Strike Amended Complaint[86]** *Special Motion to Strike Anti-SLAPP*[90] filed
by Defendants Behnam Gharagozli, Kevin Hermansen, Law Office of Kevin P. Hermansen, P.C., Law Offices of Ben Gharagozli. (Kleiman,
Mark)

**2:26-cv-00305-MWF-CTS Notice has been electronically mailed to:**

Mark A. Kleiman      mark@krlaw.us, jdesantis@bm.net, markkleiman@gmail.com, pamelasavoie@gmail.com

Ramsey Judah      ramsey@JudahLawGroup.com

Thomas Harvey      tbh1910@gmail.com, tbh1910@recap.email

**2:26-cv-00305-MWF-CTS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

A. L.
6726 Salter Ave
Arcadia, CA 91107

Hoi Kan Lau
221 S Curtis Avenue, Apt A
Alhambra, CA 91801

Shing Lung Lau
6726 Salter Avenue
Arcadia, CA 91007

Siu Fan Tsang
221 S Curtis Avenue, Apt A
Alhambra, CA 91801

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\FinalReplyAntislappFACShingLau1.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=6/10/2026] [FileNumber=42825671-0
] [5c32aafd29d8d4858f68448622d1b5be40e8b42a5721ae7b100778ab643d8248c0f
5c5468a8688c0769cde20389d43d595c0e6e4a920fa3f05d7a5ec0677d3b7]]

468

# Exhibit # 43

Ramsey Judah (CA 342300)
JUDAH LAW GROUP, LC
1026 W Foothill Blvd
Upland, CA 91786
626 899 7667 | ramsey@JudahLawGroup.com

Attorney for Defendants, Cynthia Carter and Christopher Lopez

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHING LUNG LAU, A.L., a minor by and through his guardian ad litem, SHING LUNG LAU, HOI KAN LAU, SIU FAN TSANG,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN HERMANSEN, BEHNAM GHARAGOZLI, CHRISTOPHER LOPEZ, CYNTHIA CARTER, LAW OFFICES OF BEN GHARAGOZLI, LAW OFFICE OF KEVIN P. HERMANSEN, P.C.,<br><br>Defendants. | Case No.: 2:26-CV-00305-MWF-CTSx<br><br>Judge: Hon. Michael W. Fitzgerald<br><br>**REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT**<br><br>Date:        June 24, 2026<br>Time:        10:00 a.m.<br>Location:    Courtroom 5A (5th floor)<br><br>Original Action Filed: January 12, 2026<br>Amended Complaint: April 24, 2026 |

1

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

## I.   INTRODUCTION

Plaintiffs' Opposition confirms rather than cures the fatal defects in their First Amended Complaint ("FAC"). Rather than demonstrating a probability of prevailing on their Fifth and Sixth Causes of Action, Plaintiffs expressly concede those claims are state-law causes of action subject to the anti-SLAPP statute, acknowledge they filed them by mistake, and ask to be excused from the consequences. That concession alone resolves most of this Motion in Defendants' favor. The remainder of the Opposition rests on a misreading of *Flatley v. Mauro* that no California or Federal court has endorsed in these circumstances. The Motion should be granted, the claims stricken with prejudice, and attorney's fees awarded to Defendants.

## II.   PRONG ONE IS SATISFIED: ALL ALLEGED CONDUCT IS PROTECTED LITIGATION ACTIVITY

Defendants' burden at the first prong is not onerous. They need only make a prima facie showing that the challenged causes of action arise from acts in furtherance of their right of petition. *Okorie v. L.A. Unified Sch. Dist.*, 14 Cal. App. 5th 574, 590 (2017). That showing is plainly made here: every allegation in the Fifth and Sixth Causes of Action concerns statements made in court, arguments presented to judges, filings served through the courts' electronic systems, and examination of witnesses in three unlawful detainer proceedings. Such conduct falls squarely within CCP § 425.16(e)(1) and (2).

### A.   The Illegality Exception Does Not Apply.

Plaintiffs' sole response to the first prong is the *Flatley v. Mauro*, 39 Cal. 4th 299 (2006), illegality exception. That exception is narrow and demanding. It applies only where illegality is established "as a matter of law," which requires the defendant to concede the illegality or a conclusive showing on the face of the record without any factual dispute. *Flatley*, 39 Cal. 4th at 316-320. *Flatley* itself involved a demand letter that was undisputed extortion on its face. No comparable showing is made here.

Case 2:26-cv-00305-MWF-CTS    Document 109-1    Filed 06/23/26    Page 231 of 284
Page ID #:2445
Case 2:26-cv-00305-MWF-CTS    Document 103    Filed 06/10/26    Page 3 of 13    Page ID
#:1805

The anti-SLAPP statute is construed broadly, and its exemptions are construed narrowly. *Exline v. Gilmore*, 67 Cal.App.5th 129, 138 (2021). The illegality exception is no different. *Klem v. Access Inc. Co.*, 17 Cal.App.5th 595, 609 (2017). Plaintiffs invoke the illegality exception to the anti-SLAPP statute as his sole challenge to the first prong but fails to meet the high burden he carries to establish it.

In evaluating the first prong of whether the moving party has engaged in protected activity, "courts consider whether a defendant has made a ***prima facie showing*** that activity underlying a plaintiff's cause of action is statutorily protected and not whether it has shown its acts are ultimately lawful." *RGC Gaslamp, LLC*, 56 Cal.App.5th at 425-426 (emphasis added) (internal citations omitted). "Any claimed illegitimacy of the defendant's acts is an issue that must be raised and supported by the plaintiff in discharging its burden on prong two." *Id.* at 426 (internal citations omitted). Indeed, "a defendant does not have to establish that its conduct was ultimately lawful or constitutionally protected at prong one." *Id.* (internal citations omitted).

To establish the illegality exception to the anti-SLAPP statute, Plaintiffs must provide "conclusive proof" that the activity was "criminal conduct." *RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co.*, 56 Cal.App.5th 413, 424 fn. 9 (2020). Indeed, "statutorily unauthorized" conduct "does not fit the illegality exception" if "it is not criminal." *Id.*

Illegal means criminal and not merely a violation of some statute. "Furthermore, it is not sufficient that plaintiffs can reasonably argue or offer some evidence that defendant's conduct was unlawful. Rather, at this early stage of the proceedings, the illegality exception applies only if the defendant's activity is 'illegal as a matter of law,' meaning either the defendant concedes the point or the evidence conclusively establishes' as much." *Dziubla v. Piazza*, 59 Cal. App. 5th 140, 151-153 (2020).

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. §472 16]; DECLARATIONS IN SUPPORT

Here, Plaintiffs' three "criminal activity" examples are not only not criminal issues, but also involve sharply contested facts. Whether Defendants were properly notified of the substitution of attorney Charles Pok, whether an attorney's in-court characterization of a witness's travel habits constitutes perjury, and whether boilerplate affirmative defenses are "fraudulent" are not questions regarding criminal conduct. But even if they were, these are not matters that can be resolved "as a matter of law" at the anti-SLAPP stage as they are highly disputed. Courts have consistently refused to apply *Flatley* when the parties dispute the underlying facts. See *Suarez v. Trigg Laboratories*, 3 Cal. App. 5th 118, 124-125 (2016). The foregoing issues constitute a dispute about legality that compels rejection of Plaintiffs' illegality exception argument. *Dziubla v. Piazza* 59 Cal.App.5th 140, 153 (2020) (factual dispute as to legality precluded denial of anti-SLAPP motion).

Moreover, Plaintiffs misread *Flatley* when they contend it "overrode" *Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294 (2001), and *Chavez v. Mendoza*, 94 Cal. App. 4th 1083 (2001). *Flatley* did not hold that defendants must always prove their speech is constitutionally protected. It held only that when a plaintiff conclusively establishes illegality as a matter of law, the defendant cannot satisfy the first prong. That narrow carve-out is not implicated here, where Defendants did nothing more than zealously and successfully defend their clients.

## III.    PRONG TWO IS SATISFIED: PLAINTIFFS CANNOT DEMONSTRATE A PROBABILITY OF PREVAILING

Even if the first prong were somehow disputed, Plaintiffs cannot carry their second prong burden.

### A.    The Absolute Litigation Privilege Independently Bars Both Claims.

California Civil Code § 47(b) provides an absolute privilege for any communication made in a judicial proceeding by a litigant or participant authorized by law, to achieve the objects of the litigation, that has some connection to the action. This privilege is absolute. It "applies regardless of malice." *Digerati Holdings, LLC v. Young*

4

*Money Entm't, LLC*, 194 Cal. App. 4th 873, 889 (2011). It extends even to false proofs of service (*Rusheen v. Cohen*, 37 Cal. 4th 1048, 1064 (2006)) and collection of attorney's fees under an invalid judgment. *O'Keefe v. Kompa*, 84 Cal. App. 4th 130, 135 (2000).

Every act Plaintiffs characterize as a "breach" is communicative conduct within a judicial proceeding: making arguments about service, examining witnesses about their addresses, filing answers with affirmative defenses, submitting opposition briefs. The privilege immunizes all of it.

Plaintiffs' Opposition offers a single sentence on this point: that the litigation privilege does not bar breach of contract claims. This is simply meritless. In reliance, Plaintiffs cite to *Navellier v. Sletten*, 29 Cal.4th 82 (2002). However, *Navellier* did not exempt all breach of contract claims from the litigation privilege as Plaintiffs suggest.

In any event, *McNair v. City & Cty. of San Francisco*, 5 Cal. App. 5th 1154, 1169 (2016), holds that the privilege bars breach of contract claims where, as here, the alleged breach turns entirely on communicative conduct in a judicial proceeding. Plaintiffs cannot circumvent an absolute privilege by relabeling protected litigation conduct as a contract violation. This is especially so since the Defendant Attorneys did not even sign the contract.

**B.    The Contract Claims Fail on the Merits for Multiple Independent Reasons.**

The Opposition does not respond to Defendants' three independent merits arguments against the breach of contract claim, and that silence is telling.

First, Defendants Hermansen and Gharagozli are not parties to the lease agreement between the Lau family and Carter/Lopez. A non-party cannot breach a contract to which it is not a signatory. *Tri-Continent Internat. Corp. v. Paris Savings & Loan Assn.*, 12 Cal. App. 4th 1354, 1359 (1993). The Opposition does not address this argument at all.

Second, standard lease provisions requiring tenants to "comply with all laws" refer to tenants' use and occupancy of the premises, not to the litigation strategies employed by opposing counsel in subsequent eviction proceedings. Plaintiffs' contrary interpretation would make every losing legal argument by a tenant's attorney a "breach of contract" by the tenant, an interpretation with no support in California law. Interestingly, even if such an extreme interpretation were to be adopted, Plaintiffs' claim would still fail because the Defendants were successful in the underlying actions.

Third, losing a motion, making an unsuccessful legal argument, or successfully raising a procedural defense is not a "violation of law." It is the nature of adversarial litigation. The Sixth Cause of Action for breach of the implied covenant fails for the identical reasons and additionally because it duplicates the breach of contract claim and seeks to impose duties beyond those contemplated by the lease. *Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 349-350 (2000).

**C.    Issue Preclusion Bars Relitigation of Claims Decided in the Underlying Actions.**

The Opposition addresses Rooker-Feldman through *Miroth v. County of Trinity*. Plaintiffs' invocation of *Miroth v. County of Trinity*, (9th Cir. 2025), does not help them here. *Miroth* addressed claims against police officers for fabricating physical evidence (planted fingerprints) used in a state proceeding. This is conduct entirely separate from courtroom argument. Here, the alleged misconduct consists of cross-examining a witness, making legal arguments, and serving motions by email. That is litigation conduct, not extra-litigation evidence fabrication.

More importantly, Plaintiffs explicitly ask this Court to review a state court order: "The plaintiffs ask that the court order that all defendants as well as all relevant institutions and related persons help VOID all of the transactions that the defendants took from 2023 to 2026 and onward that were and would be the moving around of assets for the sole purpose of avoiding paying money to the plaintiffs. As allowed for under the Uniform Voidable Transactions Act (UVTA)" (FAC, ¶ 310) A state court entered

judgments ordering the same Plaintiffs to pay the same Defendants attorney's fees. Regardless of how it is worded, Plaintiffs seek the appeal of a state court judgment, which the Rooker-Feldman doctrine prohibits.

Even if Rooker-Feldman did not bar Plaintiffs' claims, Plaintiffs never engage with Defendants' issue preclusion argument, which is analytically distinct. Issue preclusion bars relitigation of any issue that was actually litigated and necessarily decided in a prior action between the same parties or their privies. *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015). Final judgments were entered in three unlawful detainer actions in Defendants' favor, each involving the same tenancy, the same property at 9705 Ardendale Avenue, and the same litigation conduct now challenged. Plaintiffs' attempt to recast those outcomes does not escape issue preclusion.

## IV. LEAVE TO AMEND SHOULD BE DENIED AS FUTILE

Plaintiffs argue that under *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081 (9th Cir. 2004), they must be granted leave to amend before the Court can grant this Motion. *Verizon* expressly provides that leave to amend may be denied where amendment would be futile. *Id.* at 1091-92.

Futility is clear here for two reasons. First, Plaintiffs themselves concede in the Opposition that the Fifth and Sixth Causes of Action are state law claims subject to anti-SLAPP, and that they included them by mistake. (Opposition at p. 16-17). They propose to eliminate those claims in any amendment. If those claims are to be eliminated, there is nothing to amend, as striking them now achieves exactly what Plaintiffs propose to do themselves.

Second, the defects identified above are not drafting problems that more careful pleading can cure. No amendment can make Defendants parties to a lease they never signed. No amendment can transform protected litigation conduct into an actionable breach when the absolute litigation privilege applies regardless of how the claim is labeled. And no amendment can retroactively deprive *Flatley* of its requirement that illegality be established conclusively as a matter of law. The L.R. 7-3 conference

7

confirmed that Plaintiffs had no concrete amended pleading to propose. Under these circumstances, amendment would be futile and leave should be denied.

## V.    CONCLUSION

Plaintiffs are landlords who lost three unlawful detainer proceedings and now seek to punish opposing counsel for prevailing. The anti-SLAPP statute exists precisely for cases like this. The Fifth and Sixth Causes of Action arise entirely from protected litigation activity, are independently barred by the absolute litigation privilege, and fail on the merits for multiple additional reasons. No amendment can cure these defects. Defendants respectfully request that the Court grant this Motion, strike the Fifth and Sixth Causes of Action with prejudice and deny leave to amend, and award Defendants their mandatory attorneys' fees and costs under CCP § 425.16(c).

DATE:  June 10, 2026                     **JUDAH LAW GROUP**

By: _____
                                         Ramsey Judah

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

## DECLARATION OF CYNTHIA CARTER

I, CYNTHIA CARTER, declare as follows:

1. My name is Cynthia Carter and I am named Defendant in the present action.

2. The following facts are within my own personal knowledge, except as to those facts that are based on information and belief. If called upon to testify I could and would do so competently.

3. I make this declaration on behalf of myself individually.

4. I did not engage in any unlawful conduct in litigating the unlawful detainer cases that Plaintiffs identify in their lawsuit in this action. I do not concede that I have committed any unlawful act. I do not concede that I have committed any illegal act.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed this 9th day of June 2026.


/s/ Cynthia Carter
_____

Cynthia Carter

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

## DECLARATION OF CHRISTOPHER LOPEZ

I, CHRISTOPHER LOPEZ, declare as follows:

1. My name is Christopher Lopez and I am named Defendant in the present action.

2. The following facts are within my own personal knowledge, except as to those facts that are based on information and belief.  If called upon to testify I could and would do so competently.

3. I make this declaration on behalf of myself individually.

4. I did not engage in any unlawful conduct in litigating the unlawful detainer cases that Plaintiffs identify in their lawsuit in this action.  I do not concede that I have committed any unlawful act.  I do not concede that I have committed any illegal act.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed this 9th day of June 2026.

/s/ Christopher Lopez
Christopher Lopez

10

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, Cynthia Carter and Christopher Lopez, certifies that this brief contains 2,032 words, which complies with the word limit of L.R. 11-6.1.

DATE:  June 10, 2026                    **JUDAH LAW GROUP**

By: _____
                                            Ramsey Judah

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

## Local Rule 5-4.3.4 Attestation

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the below e-filing attorney attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATE:  June 10, 2026      **JUDAH LAW GROUP**

By: _____
Ramsey Judah

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System. Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System. I also emailed a copy to Plaintiffs at justiceforthepeopleca@gmail.com as requested by Plaintiffs.

Judah Law Group, LC


By:_____
        Ramsey Judah
        Attorney for Defendants

13
REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

# Exhibit # 44

 Gmail

SiuFan Tsang <siufantsang@gmail.com>

## Hoi Kan Lau v. Lopez 23PDUD01863 - Memo of Costs and Payoff

11 messages

**Kevin Hermansen** <kevin@kphlegal.com>                Thu, Mar 21, 2024 at 9:15 PM
To: SiuFan Tsang <siufantsang@gmail.com>, Ben Gharagozli <lobgattorney@gmail.com>

Dear Ms. Tsang and Mr. Lau,

Below is a breakdown of the total fees and costs owed to satisfy the judgment:

| | |
|---|---|
| $1,007.30 | Memorandum of Costs filed 10/09/23 |
| $7,687.50 | Attorney Fees 11/29/23 |
| $9,441.39 | Memorandum of Costs After Judgment filed 01/22/24 |
| $25,855.54 | Memorandum of Costs After Judgment filed 03/21/24 |
| $435.87 | Interest on costs, fees, and first cost memo after judgment |
| $2,000.00 | Contempt sanctions ordered 02/07/2024 |

**$46,427.60**   Total due as of 03/21/24

This should be made payable to "Law Offices of Ben Gharagozli" and mailed to 13654 Victory Boulevard, Suite 111, Van Nuys, CA 91401. Once payment is made in full we will file a Full Satisfaction of Judgment.

I have included all of the above orders/cost memos for your reference.

Kevin Hermansen, Esq.
Law Office of Kevin P. Hermansen, P.C.
13654 Victory Blvd, Ste. 111
Van Nuys, CA 91401
(818) 971-9992

**5 attachments**

📄 **Memorandum of Costs After Judgment NEW FORM signed.pdf**
625K

📄 **Memo of Costs.pdf**
227K

📄 **Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest.pdf**
471K

📄 **Minute order granting fees.pdf**
57K

📄 **Minute order re contempt.pdf**
59K

---

**SiuFan Tsang** <siufantsang@gmail.com>                Fri, Mar 22, 2024 at 2:06 PM
To: Kevin Hermansen <kevin@kphlegal.com>, Ben Gharagozli <lobgattorney@gmail.com>

We paid the property taxes just recently

We can only borrow $40,000 from family to pay you

If you need the full amount, you will need to remove the lien so we can do a refinance to get cash to pay you
This will take time

Please consider giving us a tiny discount so you can get the money as soon as possible
If you accept
We can mail you the cashier check for $40,000 today

Please accept this $40,000 as full payment and you can get the money immediately
Thank you

[Quoted text hidden]

---

**Kevin Hermansen** <kevin@kphlegal.com>                Fri, Mar 22, 2024 at 2:18 PM
To: SiuFan Tsang <siufantsang@gmail.com>
Cc: Ben Gharagozli <lobgattorney@gmail.com>

Sorry, we cannot accept any less than the full amount. If you need to do a refinance or take out an equity loan please initiate the process and the lien will be removed through the escrow process.
[Quoted text hidden]

484

**SiuFan Tsang** <siufantsang@gmail.com>                                              Fri, Mar 22, 2024 at 2:27 PM
To: Kevin Hermansen <kevin@kphlegal.com>

Will you be willing to sign a stip with payment saying to the effect that there will be no more money to be paid to either you or the defendants on this case?

We are worried that because the judgment says to pay the defendants and an attorney have told us we need to pay the defendants and not to you
We tried to pay in back in January already

We need something to the effect that money we paid you settles the judgment so the defendants can't later come back and say they haven't been pay

The attorney who told us that we have to follow the court order exactly and can only pay the defendants and not to you really screwed us

Maybe also something like you accept the payment on behalf of the defendants or something like that

[Quoted text hidden]

---

**SiuFan Tsang** <siufantsang@gmail.com>                                              Fri, Mar 22, 2024 at 3:22 PM
To: Kevin Hermansen <kevin@kphlegal.com>

As you know, we need to evict Christopher Lopez and Cynthia Lopez from 9705 Ardendale ave over unpaid rent

The only reason we had insisted to follow the court order exactly is the possibility that by paying you and not paying the tenants, they can use that as an excuse in the future unlawful detainer as a defense and so we couldn't evict them

Please understand that it was that risk that made us to try to pay the tenants instead of paying you

Can you write something to the effect that you guaranteed that that won't happen?

Thank you

[Quoted text hidden]

---

**Kevin Hermansen** <kevin@kphlegal.com>                                              Fri, Mar 22, 2024 at 6:07 PM
To: SiuFan Tsang <siufantsang@gmail.com>, Ben Gharagozli <lobgattorney@gmail.com>

As a member of the State Bar I am not allowed to mislead you. This e-mail may serve as my promise that when you pay the debt owed in this case to us, there will be no more money owed in this case. Just as we signed the Abstract of Judgment to put the lien on your properties, we will sign the Satisfaction of Judgment which is used to remove the lien and show that no money is owed. That means no more costs, attorney fees, or interest from this case. There will be no more future hearings and the case will be considered fully closed.

Our clients have already rejected your attempts to pay them and it has been documented and confirmed by myself on the record at the last court hearing. If you wish to discuss a resolution of the other issues you have with our clients we are happy to do so once this judgment is paid.

Please do not delay, as I will have to bill you for further explanatory e-mails and interest continues to accumulate at 10%.

Kevin Hermansen, Esq.
Law Office of Kevin P. Hermansen, P.C.
13654 Victory Blvd, Ste. 111
Van Nuys, CA 91401
(818) 971-9992

[Quoted text hidden]

---

**SiuFan Tsang** <siufantsang@gmail.com>                                              Fri, Mar 22, 2024 at 10:18 PM
Draft To: Kevin Hermansen <kevin@kphlegal.com>, Ben Gharagozli <lobgattorney@gmail.com>

It is still very risky for us to NOT follow the court order and pay you instead of the judgment creditors Christopher Lopez and Cynthia Carter

We feel very uncomfortable going against legal advice to pay you instead of the judgement creditors

But nonetheless we will mail you a check made out to you instead of the judgment creditors tomorrow since we have no other choice but to ignore the court order to pay your clients if we want to stop the debtor's examinations and stop accumulating contempt charges

Please remove the lien within 2 business days after you have received payment

...

You mentioned "explanatory emails"
You should know that made me very angry and I couldn't sleep because of this

So forgive me to trying to explain why I'm angry

Because you haven't explained anything at all
We are still very confused by it all
We are still confused why your client refused to accept payment
We were just following the court order like we were advised to do by an attorney

You still haven't explained why we have to pay you directly and we can't just pay your clients per the court order so we don't have to disregard the court order at great risk to us

485

Can't your clients just pay your after we paid them?
So we don't have to go against the court order

Why didn't you attempt to change the court order/judgement so you were the judgment creditors when we attempted to pay you with check made out to your clients on 1/22/24 and we told you we were just following the court order to pay your clients?

You could have told the judge that very same day to change the court order so you became the judgment creditors
We would have paid you (the new judgment creditors) whatever was owed on that very same day and that would be that
Since we told you on 1/22/24 that we were just attempting to follow the court order

Yet that wasn't what you and your clients wanted, was it?
No, you were only interested in the debtor's examination and our financial information and not in getting the money on 1/22/24

Just like your clients have told us in person last year in October that he would "play games with us"
You and your clients were playing games with us, to get our financial information and to pad your attorney's fee by having your clients refuse to accept payment from us after we told you on 1/22/24 that we were advised to follow the court order and to pay your clients Christopher Lopez and Cynthia Carter

You mentioned charging us for further explanations
Don't reply with an explanation as we don't want to have to pay who knows how much for some nonsense

It is some sort of trick that your clients the judgment creditors kept refusing attempts to pay them per the court order but then had you guys keep scheduling debtor's examination on us

In trying to make sense of the it all, at one point, we even thought your clients were no longer your clients anymore
But your emails today have since confirmed that they are still your clients

So it supports our theory that it was all a trick to get our financial information and to pad your attorney's fee

A trick so that you guys can get our financial informations, delay us, and can also say later in another unlawful detainer that we never followed the court order and never paid the judgment to void the unlawful detainer case or something like that

We told you we had been told by an attorney we consulted to make sure that we follow the court order exactly
That per the court order, we have to pay the defendants
We were just trying to follow the court order

Why couldn't you or your clients just take the money per the court order in January?
We practically begged you guys to take payment
If it wasn't enough, should have told us the right amount and we would have wrote another check

We had been trying to pay per the court order since January 2024, even before the motion to set aside was heard
And all the motions filed after the motion to set aside were all meant to stop the debtor's examination while you guys REFUSED to take payment

Seemed to us like you guys did NOT want money and only wanted our financial information (same information you guys were after even before there was any judgment)

We have already told you very early on that an attorney had told us we had to follow the order exactly and that was why we had been attempting to pay the tenants and not you attorneys

You never told us we had to DISREGARD the court order and don't pay your clients and to pay you directly

You really should have told us right from the very beginning to disregard the court order
That the court doesn't actually want us to pay the judgment creditors, but to pay you instead
Or
You could also have changed the court order so you were the judgment creditor and not your clients
Yet you never did those things


This whole thing is very shady, some sort of catch-22 trap you guys have played on us

The judgment creditors refuse to accept payment to settle the judgment, have their attorneys keep scheduling debtor's examination to get our financial informations to use against us later (the same information your clients demanded of us before the case was dismissed, even before there was any judgment), keep charging us with contempt, and meanwhile balloon the fee we had to pay with frivolous contempt support documents and when we try to stop the debtor's examinations
All the while knowing full well we were advised to follow the court order exactly

And to escape the trap, we have to go against the legal advice we had received and have to disregard the court ordered judgment to pay the judgment creditors

at great risk to us and to give you guys a possible mean to defeat us in a future unlawful detainer case

Simply put
You and your clients, in refusing to accept payment from us made out to the judgment creditors, had us under constant threat of being held in contempt of court, get to pad your attorney's fee, caused us to have to file motions in an attempt to stop the debtor's examinations and to remove the lien
And that ended up costing us a lot of money
And there's nothing we can do about it


It can NOT be denied
The fact is, if back in January, even before the motion to set aside was heard,
you or your client had accepted our payment we wanted to made to the judgment creditor per the court order

486

We would not be out a lot of time and money
No, you guys wanted more, wanted our financial informations and more money

You guys tricked us even though we told you we were just trying to follow the court order
We were under constant threat of a debtor's examination all the while you guys refuse payment and all the while you guys get to pad your attorney's fee

To THIS very day, we are still under the threat of the debtor's examination and the constant fee increases
And your client the judgment creditors still refuses to accept payment to end our predicament

Congratulations
Well played, very very clever
Very very impressive
One for the records books
[Quoted text hidden]

---

**SiuFan Tsang** <siufantsang@gmail.com>                                Sun, Mar 24, 2024 at 2:09 PM
To: Kevin Hermansen <kevin@kphlegal.com>, Ben Gharagozli <lobgattorney@gmail.com>

We still don't feel very comfortable paying you instead of the judgment creditors Christopher Lopez and Cynthia Carter

As we have told you before back in January 2024
We were advised to follow the court order exactly
We have been trying to pay the judgment since January
That we were not provided with the right amount to pay and that you guys won't accept payment made out to the judgment creditors Christopher Lopez and Cynthia Carter wasted a lot of time for us

But we don't want to waste any more time

So per you suggestion
We will be doing a refi to get the money to pay the judgment and we will let the escrow company do their job

The escrow company will take care of paying the right amount to the right people for us so we don't have to deal with that problem

We didn't think of this as a solution to the risk of paying the wrong people before you suggested it

For your information

We expect to be using Harvard Escrow on Las Tunas Dr

And the money should be paid out before 4/17/24
So you don't need to hire anyone to prepare for the debtor's examination scheduled on that 4/17/24 or anything like that

You can contact Harvard Escrow in the future in regard to whom and how payment should be made, additional interests until the payment date, etc. Etc.

Ps.

Use of an escrow company to pay the judgment meant that if anything goes wrong, if won't be our problem and responsibility

If you didn't suggested the use of an escrow company
We were thinking of slipping a cashier's check for $46,427.60 under the door at 9705 Ardendale
Payment would not be accepted, there would be another contempt charge because we will refuse the debtor's examination on 4/17/24, more fees, more court dates and more time wasted and it never ends

Thank you for your suggestion to use an Escrow company, we seriously did not think of it all those time we were trying to pay and the judgment creditors won't accept payment
[Quoted text hidden]

---

**Kevin Hermansen** <kevin@kphlegal.com>                                Sun, Mar 24, 2024 at 7:09 PM
To: SiuFan Tsang <siufantsang@gmail.com>
Cc: Ben Gharagozli <lobgattorney@gmail.com>

That's fine. But note that interest accumulates at $270.19 per day and we will continue to enforce the judgment in the meantime as we can't just sit on our hands and hope you do what you say you are going to do. When escrow reaches out to us we will provide them with the updated payoff.

Kevin Hermansen, Esq.
Law Office of Kevin P. Hermansen, P.C.
13654 Victory Blvd, Ste. 111
Van Nuys, CA 91401
(818) 971-9992

[Quoted text hidden]

---

**SiuFan Tsang** <siufantsang@gmail.com>                                Sun, Mar 24, 2024 at 7:30 PM
To: Kevin Hermansen <kevin@kphlegal.com>, Ben Gharagozli <lobgattorney@gmail.com>

Please provide the formula of how the daily interest of $270.19 is calculated
At 10% annual interest rate, the daily interest is nowhere near that amount

Should only be around $12.88 daily interest

[Quoted text hidden]

---

**Kevin Hermansen** <kevin@kphlegal.com>                                    Sun, Mar 24, 2024 at 7:40 PM
To: SiuFan Tsang <siufantsang@gmail.com>
Cc: Ben Gharagozli <lobgattorney@gmail.com>

I'm sorry that was an error. Interest is $12.60 per day. See below:

| Item | Effective date | Today | Days since | Principal | Daily interest | Accumulated interest | Total |
|---|---|---|---|---|---|---|---|
| Costs | 09-Oct-23 | 24-Mar-24 | 167 | $1,007.30 | $0.28 | $46.09 | $1,053.39 |
| Attorney Fee Award | 29-Nov-23 | 24-Mar-24 | 116 | $7,687.50 | $2.11 | $244.32 | $7,931.82 |
| 1st Memo of Costs After Judgment | 22-Jan-24 | 24-Mar-24 | 62 | $9,441.39 | $2.59 | $160.37 | $9,601.76 |
| 2nd Memo of Costs After Judgment | 21-Mar-24 | 24-Mar-24 | 3 | $25,855.54 | $7.08 | $21.25 | $25,876.79 |
| Contempt Sanctions | 07-Feb-24 | 24-Mar-24 | 46 | $2,000.00 | $0.55 | $25.21 | $2,025.21 |
| | | | | | $12.60 | | $46,488.96 |

Kevin Hermansen, Esq.
Law Office of Kevin P. Hermansen, P.C.
13654 Victory Blvd, Ste. 111
Van Nuys, CA 91401
(818) 971-9992

[Quoted text hidden]

488

# Exhibit # 45

MC-012

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 272302 | FOR COURT USE ONLY |
|---|---|---|

NAME: BEN GHARAGOZLI
FIRM NAME: LAW OFFICES OF BEN GHARAGOZLI
STREET ADDRESS: 200 S. BARRINGTON AVENUE, #491488
CITY: LOS ANGELES   STATE: CA   ZIP CODE: 90049
TELEPHONE NO.: (310) 272-9211   FAX NO.:
EMAIL ADDRESS: lobgattorney@gmail.com
ATTORNEY FOR (name): Christopher Lopez, Cynthia Carter

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 300 East Walnut Street
MAILING ADDRESS: 300 East Walnut Street
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: Pasadena Courthouse

PLAINTIFF: Hoi Kan Lau, Siu Fan Tsang

DEFENDANT: Christopher Lopez, Cynthia Carter

| MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST | CASE NUMBER: 23PDUD01863 |
|---|---|

1. [x] **Postjudgment costs**
    a. I claim the following costs after judgment incurred within the last two years *(indicate if there are multiple items in any category)*:

| | Dates Incurred | Amount |
|---|---|---|
| (1) Preparing and issuing abstract of judgment | | $ |
| (2) Recording and indexing abstract of judgment | | $ |
| (3) Filing notice of judgment lien on personal property | | $ |
| (4) Issuing writ of execution, to extent not satisfied by Code Civ. Proc., § 685.050 *(specify county)*: | | $ |
| (5) Levying officers fees, to extent not satisfied by Code Civ. Proc., § 685.050 or wage garnishment | | $ |
| (6) Approved fee on application for order for appearance of judgment debtor, or other approved costs under Code Civ. Proc., § 708.110 et seq. | | $ |
| (7) Attorney fees, if allowed by Code Civ. Proc., § 685.040 | See attacment | $ 22,700.00 |
| (8) Other: Court Reporter & e-filing *(Statute authorizing cost)*: CCP 1033.5(a)(11) and (14) | | $ 3,155.54 |
| (9) Total of claimed costs for current memorandum of costs *(add (1)–(8))* | | $ 25,855.54 |
| b. All previously allowed postjudgment costs | | $ 9,441.39 |
| c. **Total** of all postjudgment costs *(add a and b)* | | $ 35,296.93 |

2. [ ] **Credits to interest and principal**
    a. I acknowledge total payments to date in the amount of: $_____ (including returns on levy process and direct payments). The payments received are applied first to the amount of accrued interest, and then to the judgment principal (including postjudgment costs allowed) as follows: credit to accrued interest: $_____ ; credit to judgment principal $_____ .
    b. **Principal remaining due.** The amount of judgment principal remaining due is $_____. *(See Code Civ. Proc., § 680.300)*

3. [x] **Accrued interest remaining due.** I declare interest accruing at the legal rate of 10 % on the unpaid principal amount of $8,694.80 and 10 % on the unpaid principal amount of $9,441.39 *(see Information Sheet for Calculating Interest and Amount Owed on a Judgment* (form MC-013-INFO)) from the date of entry or renewal and on balances from the date of any partial satisfactions (or other credits reducing the principal), remaining due in the amount of $435.87 .

4. I am the: [ ] judgment creditor   [ ] agent for the judgment creditor   [x] attorney for the judgment creditor. I have knowledge of the facts concerning the costs claimed above. To the best of my knowledge and belief, the costs claimed are correct, reasonable, and necessary, and have not been satisfied.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 03/21/2024

Kevin Hermansen
(TYPE OR PRINT NAME)

► *[signature]*
(SIGNATURE OF DECLARANT)

**NOTICE TO THE JUDGMENT DEBTOR**
If this memorandum of costs is filed at the same time as an application for a writ of execution, any statutory costs, not exceeding $100 in aggregate and not already allowed by the court, may be included in the writ of execution. The fees sought under this memorandum may be disallowed by the court upon a motion to tax filed by the debtor, notwithstanding the fees having been included in the writ of execution. (Code Civ. Proc., § 685.070(e).) A motion to tax costs claimed in this memorandum must be filed within 10 days after service of the memorandum. (Code Civ. Proc., § 685.070(c).)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
MC-012 [Rev. January 1, 2024]

**MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST**

Code of Civil Procedure,
§§ 685.040, 685.070, 695.220
www.courts.ca.gov

490

## DECLARATION OF KEVIN HERMANSEN

I, Kevin Hermansen, declare:

1.    My name is Kevin Hermansen, and my business address is 13654 Victory Boulevard, Suite 111, Van Nuys, CA 91401. I am not a party to this lawsuit. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2.    The first 15 years of my career were almost exclusively devoted to eviction defense trials, appeals, and affirmative habitability cases representing tenants exclusively. I also served as the organization's in-house judgment enforcement operator, where I collected millions in judgments on behalf of tenants. During those years I worked at BASTA, Inc., a nonprofit organization which advances the legal rights of tenants through the courts. I began as an associate attorney in 2009 and ended my tenure at BASTA, Inc. as the Director of Operations in December, 2023.

3.    After leaving BASTA, Inc. I opened my own law office where I continue to represent tenants in affirmative habitability cases, unlawful detainer trials, and appeals.

4.    I am also an independent contractor for the Law Office of Daniel J. Bramzon & Associates, P.C., where I provide legal services to both commercial and residential tenants in upscale properties and handle other unlimited jurisdiction breach of contract cases.

5.    I began working in the area of judgment enforcement during the summer of 2009 while I waited for my bar results. Since that time, I have collected millions in unpaid judgments, both on behalf of BASTA, Inc., the Law Office of Daniel J. Bramzon & Associates, and on behalf of other organizations (including Public Counsel, Eviction Defense Network, Lavi & Ebrahimian, LLP). My judgment enforcement work has also contributed to the published case Crasnick v. Marquez (2016) 248 Cal.App.4th Supp. 1 where I successfully defended an attorney fee award of Public Counsel against an offset.

6.    As a fifteenth-year attorney with specialized experience in the defense of unlawful detainer cases, judgment enforcement, and appeals, as of January 1, 2024 my time is billed at $500 per hour. I have reviewed countless fee declarations from attorneys practicing in the landlord-tenant field of law, and the hourly rate of $500 based on my level of experience is well within the standard

1

MEMORANDUM OF COSTS AFTER JUDGMENT - ATTACHMENT

of the legal community generally and the area of landlord-tenant practice in particular.

7.    My rate has recently increased the last four years of specialized knowledge and training in all of the COVID-19 related eviction moratoriums at the city, county, state, and federal level. Prior to January 1, 2024, I was consistently awarded the rate of $475 an hour by over 6 judges in Los Angeles County.

8.    For the last two years, my billing rate has been $475 an hour. I was awarded this rate by seven different judges since that time: By Judge Mark A. Young on January 6, 2023 in Joseph Englanoff v. Jona Rechnitz, LASC Case No. 22SMCV00435, by Judge Jessica Uzcategui on December 22, 2022 in David Abelyan v. Joseph Pollock, LASC Case No. 22CHUD00582, by Judge Lynn M. Hobbs on April 27, 2023 in Easton Investments II, LP v. Zaira Diazvicarte, LASC Case No. 22CHUD00747, by Judge Michael Amerian in Steven Rauchman v. Benavides, LASC Case No. 22VEUD01262, by Judge Huey P. Cotton in Rauchman v. Appel, LASC Case No. 22VEUD02574, by Commissioner Marcelo D'Asero in Carolyn Vonner v. Maura Soriano, LASC Case No. 23STUD03769 on October 30, 2023, and by Judge Lauren Lofton in Everett Financial, Inc. v. Hasmik Grigoryan, LASC Case No. 23CHUD00722 December 18, 2023.

9.    The hours that I spent on this case during the relevant time period are listed below. During the course of this matter, I made a special effort to maintain contemporaneous time records reflecting the work activity and time spent on this case. The hours I spent on this case were necessary and reasonable to enforce the judgment in this matter:

| DATE | WORK PERFORMED | TIME |
|------|----------------|------|
| 01/22/24 | Court appearance re judgment debtor examination; debtor sworn in, we go outside with court reporter to conduct examination debtor refuses to answer questions and debtor's son interferes with examination telling his mom not to answer; we go back inside and court sets an OSC re contempt and continues ORAP | 2.8 hours |
| 01/24/24 | Review e-mail from court reporter requesting spelling and follow up clarification for transcript; respond and provide the information | .3 hours |
| 01/25/24 | Review e-mail from Plaintiff SiuFan Tsang which says "Sad You idiots are gonna be so fucked" | .1 hours |
| 01/25/24 | Review "Response to Opposition to Motion to Set Aside Judgment" (30 pages) | .5 hours |

2

MEMORANDUM OF COSTS AFTER JUDGMENT - ATTACHMENT

| Date | Description | Time |
|---|---|---|
| 01/25/24 | Review "Response to Opposition to Set Quash Service #2" (26 pages) | .4 hours |
| 01/26/24 | Review Motions to Set and Aside and Quash Service, oppositions, replies, and supplemental briefing by Plaintiff and prepare for oral argument | 1.1 hours |
| 01/26/24 | Court appearance for hearings on Plaintiff's motions to quash and set aside; argue motions | 2.0 hours |
| 01/31/24 | Review Plaintiffs' Motion to Strike Costs | .8 hours |
| 02/05/24 | Research procedures re contempt; research and draft declaration in support of OSC re contempt | 1.9 hours |
| 02/05/24 | Review Motion to Vacate Award Under Code Civ. Proc. § 1286; research re statute and application to fee awards | 1.0 hours |
| 02/06/24 | Review Plaintiff's Code Civ. Proc. § 170.6 challenge | .1 hours |
| 02/06/24 | Call Network and schedule court reporter for next hearing; confirm e-mail from Network re hearing details | .2 hours |
| 02/07/24 | Court appearance re OSC re contempt; argue motion | 2.2 hours |
| 02/07/24 | Review lengthy e-mail from Plaintiff SiuFan Tsang arguing about judgment enforcement and containing insults such as "You guys lucked out and got a very prejudiced judge who chose to believe your lies and frauds" and "Not everyone is like that extremely prejudiced William Dodson You guys are idiots and have no case and still win" and "not gonna look good for you two bastards " | .2 hours |
| 02/07/24 | E-mail correspondence with Plaintiff Tsang re acceptance of documents by e-mail | .2 hours |
| 02/07/24 | Review e-mail correspondence with Plaintiff | .1 hours |
| 02/08/24 | Review amended Motion to Strike | .5 hours |
| 02/08/24 | Review Notice of Intent to Move for New Trial; research timing and procedure | .4 hours |
| 02/08/24 | Review court order on Code Civ. Proc. § 170.6 challenge | .1 hours |
| 02/15/24 | Review e-mail from Plaintiff Tsang re motion removed from calendar; review attachment | .1 hours |
| 02/15/24 | Review Plaintiffs' Ex Parte Application Motion for Sanctions for Attorneys Behnam Gharagozli and Kevin Hermansen | .9 hours |
| 02/15/24 | Review Plaintiff's Ex Parte Motion to Vacate Order Entered on February 27th, 2024 | .5 hours |
| 02/15/24 | Review Ex Parte Application to Recuse Hon. William Dodson | .5 hours |
| 02/16/24 | Review motion to tax; research re judgment enforcement statements and difference between motion to tax and motion to strike; research re definition of judgment in EJL | 2.9 hours |
| 02/19/24 | Begin drafting opposition to motion to strike costs; draft introduction and section re difference between motion to tax and motion to strike; research re how to claim postjudgment fees and costs on order | 1.9 hours |
| 02/20/24 | Research and draft opposition to motion to strike costs | 5.1 hours |
| 02/21/24 | Telecon with Cynthia Carter re landlords attempts to pay reduced amount directly to client; advise re payments | .4 hours |
| 02/22/24 | Review return letter and certified mailing to landlords re return of improper checks made out to clients for old amount | .5 hours |

3

MEMORANDUM OF COSTS AFTER JUDGMENT - ATTACHMENT

| Date | Description | Hours |
|---|---|---|
| 02/22/24 | Review Notice of Amendment and Amended Ex Parte Application for Sanctions | .5 hours |
| 02/22/24 | R Review Notice of Amendment and Amended Motion to Vacate Order Entered February 27th, 2024 | .4 hours |
| 02/27/24 | Review Plaintiff's reply to opposition to amended motion to strike costs | .8 hours |
| 02/29/24 | Review Ex Parte Application Motion for Order for Defendants to Remove Abstract; research re opposition | 1.2 hours |
| 03/04/24 | Review Plaintiffs' offer directly to client to pay money to them to sign a satisfaction of judgment; advise clients re same | 1.0 hours |
| 03/04/24 | Follow-up e-mail correspondence with clients re offer from Plaintiff | .2 hours |
| 03/20/24 | Review the five motions on calendar and oppositions; prepare for oral argument | 1.2 hours |
| 03/20/24 | Court appearance re five motions from Plaintiff; argue motions; court takes recess; argue motions after recess (last on calendar due to length of hearing) | 2.8 hours |
| 03/20/24 | Draft Notice of Ruling on motions; download and attach minute order | .5 hours |
| 03/21/24 | Review e-mail from Plaintiffs re payoff | .1 hours |
| 03/21/24 | Draft Memo of Costs After Judgment; calculate interest; draft declaration | 1.2 hours |
| | **TOTAL HOURS  (at rate of $500 per hour)** | **37.6 hours** |
| | **37.6 x 500 = $18,800** | |

10.   I also incurred the following costs:

Network Deposition Services Court Reporter for ORAP hearing on 02/07/2024 - $1,457

Network Deposition Services Court Reporter for ORAP hearing on 01/22/2024 - $1,492

$206.54 in e-filing fees

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.  Executed on March 21, 2024 in Los Angeles, California.

Kevin Hermansen

4

MEMORANDUM OF COSTS AFTER JUDGMENT - ATTACHMENT

## DECLARATION OF BEN GHARAGOZLI

I, Ben Gharagozli, declare:

1.      My name is Ben Gharagozli, and my business address is 200 S. Barrington Avenue, #491488 Los Angeles, CA 90049.  I am not a party to this lawsuit.  I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2.      I am an attorney duly licensed to practice before the Superior Court in the State of California.

3.      I obtained my undergraduate degree at the University of California, Berkeley, in December 2006.  I graduated *cum laude* from the UC Hastings College of the Law in 2010 where I served as a Development Editor of the Hastings International and Comparative Law Review with a published Note in 33 Hastings Int'l & Comp. L. Rev., at 203.  I have also studied at the International Law Programme of London.  I also earned an M.Phil. at the University of Cambridge in International Relations and Politics where I focused on Middle Eastern Politics.  I served as a judicial extern for Judge Marilyn Patel in the Northern District of California and a legal extern for the United States Attorney's Office in the Central District of California.  In private practice since 2010, I have handled matters involving civil rights, constitutional law, commercial litigation and unlawful detainer matters.  I have successfully argued before the Ninth Circuit Court of Appeals and California Court of Appeal.  My practice frequently involves both trial and law and motion work.

4.      As an attorney with substantial litigation experience practicing law since 2010, my market hourly rate is at least $500 per hour.

5.      On January 3, 2022, the California Court of Appeal Second Appellate District Division Seven certified for publication *In re Marriage of Brubaker & Strum* (2021) 73 Cal.App.5th 525, an appeal I worked on with a prominent Santa Monica based law firm, Fernandez & Karney.

1

MEMORANDUM OF POINTS AND AUTHORITIES

On January 13, 2023, the California Court of Appeal Second Appellate District Division Seven certified for publication *Brubaker v. Strum*, 2023 Cal. App. LEXIS 18, an appeal I worked on with a prominent Santa Monica based law firm, Fernandez & Karney.

6.    In 2022, I was successful in overturning two unlawful detainer judgments on appeal. One of those appeals was certified for publication.

7.    In 2023, I was successful in overturning another unlawful detainer judgment on appeal.

8.    Attached as Exhibit "C" is a true and correct copy of a minute order awarding attorney fees to myself at $450 an hour by Judge Deirdre Hill on July 12, 2022 in Rocco A. Mondello v. Caroline Londergan, LASC Case No. 22TRCV00120.

9.    Attached as Exhibit "D" is a true and correct copy of a minute order awarding attorney fees to myself and Mr. Kevin Hermansen at $450 an hour by Judge Tricia Taylor on September 30, 2022 in Kyo Hwan Oh v Edwin Gramajo, LASC Case No. 22CHUD00185. This was also a commercial unlawful detainer action that proceeded to bench trial.

10. Attached as Exhibit "E" is a true and correct copy of a minute order awarding attorney fees to myself and Mr. Hermansen at $450 an hour by Judge Georgina T. Rizk on November 9, 2022 in T.A Fashion (USA), LLC, a California Limited Liability Company v. Megna T-Shirt Manufacturing Co, Inc., a California Corporation, LASC Case No. 22STCV09201.

11. Attached as Exhibit "F" is a true and correct copy of a minute order awarding attorney fees to me at $475 an hour by Commissioner Marcelo D'Asero on June 28, 2023 in Group XIII Properties, LP v. Michelle Stockman, LASC Case No. 20AVUD00201.

12. I spent 7.8 hours on this case. During the course of this matter, I made a special effort to maintain contemporaneous time records reflecting the work activity and time spent on this case. The hours I spent on this case were necessary and reasonable to prepare a competent defense

2

MEMORANDUM OF POINTS AND AUTHORITIES

496

of this case and are listed below:

| Date | Task | Time Spent |
|---|---|---|
| 12/1/2023 | Review Plaintiff Siu Fan Tsang's lengthy email regarding fee award | 0.2 hours |
| 1/8/2024 | Review and analyze plaintiffs' motion to quash | 1.2 hours |
| 1/8/2024 | Review, analyze and make edits to opposition to plaintiffs' motion to quash | 0.7 hours |
| 1/8/2024 | Review and analyze plaintiffs' motion to set aside judgment | 0.8 hours |
| 1/8/2024 | Review, analyze and make edits to opposition to plaintiffs' motion to set aside judgment | 0.6 hours |
| 1/11/2024 | Review email from Plaintiff Siu Fan Tsang titled "Wrong court date on previously served papers" | 0.1 hours |
| 1/25/2024 | Review email from Plaintiff Siu Fan Tsang titled "You idiots are gonna be so fucked" | 0.1 hours |
| 2/5/2024 | Review, analyze and make edits to declaration of Kevin Hermansen in support of OSC re contempt | 0.1 hours |
| 2/7/2024 | Email to Plaintiff Siu Fan Tsang (cc'ing Kevin Hermansen) regarding accepting service of documents via email and warning re judgment enforcement liability | 0.1 hours |
| 2/7/2024 | Review email from Plaintiff Siu Fan Tsang regarding judgment enforcement, threat of lawsuit and insults such as "you sleazy lying lawyers" and "You guys are idiots and have no case and still win" | 0.1 hours |
| 2/11/2024 | Review email from Plaintiff Siu Fan Tsang regarding motion to set aside and indicating that "Christopher Lopez and Cynthia Carter will be paid as soon as the bank opens…" | 0.1 hours |
| 2/12/2024 | Email exchange with Plaintiff Siu Fan Tsang (with Kevin Hermansen cc'd) regarding payment | 0.2 hours |
| 2/20/2024 | Review, analyze and finalize opposition to motion to strike costs | 0.4 hours |
| 2/27/2024 | Prepare for and attend court hearing for plaintiffs' ex parte application to recuse Commissioner Dodson | 2.2 hours |
| 2/29/2024 | Prepare for and attend court hearing on plaintiffs' ex parte application to vacate order entered on February 27, 2024 and ex parte application for sanctions | 0.3 hours |
| 3/20/2024 | Phone call with Kevin Hermansen regarding today's court hearing | 0.2 hours |
| 3/20/2024 | Review, analyze and sign notice of ruling | 0.1 hours |
| 3/21/2024 | Draft fee declaration | 0.3 hours |
| | **TOTAL HOURS (at a rate of $500 per hour)** | **7.8 hours** |
| | 7.8 x $500=$3,900 | |

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed on March 21, 2024.

_____
Ben Gharagozli

3
MEMORANDUM OF POINTS AND AUTHORITIES

497

**MC-012**

| Short Title:  Hoi Kan Lau, Siu Fan Tsang v. Christopher Lopez | CASE NUMBER:<br>23PDUD01863 |
|---|---|

## PROOF OF SERVICE

☒ **Mail**     ☐ **Personal Service**

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My residence or business address is:
   13654 Victory Boulevard, Suite 111, Van Nuys, CA 91401

3. ☒ I mailed or personally delivered a copy of the *Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest* as follows (complete either a or b):

   a. ☒ **Mail.** I am a resident of or employed in the county where the mail occurred.
      (1) I enclosed a copy in an envelope AND
         (a) ☐ **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.
         (b) ☒ **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

      (2) The envelope was addressed and mailed as follows:

         and by e-mail to:
         siufantsang@gmail.com

         (a) Name of person served: Siu Fan Tsang and Hoi Kan Lau
         (b) Address on envelope:  6726 Salter Avenue, Arcadia, CA 91007
         (c) Date of mailing: 03/21/2024
         (d) Place of mailing (city and state):  Los Angeles, CA

   b. ☐ **Personal delivery.** I personally delivered a copy as follows.
      (1) Name of person served:
      (2) Address where delivered:
      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 03/21/2024

Kevin Hermansen
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF DECLARANT)

MC-012 [Rev. January 1, 2024]     **MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST**     Page 2 of 2

498

# Exhibit # 46

**MC-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 272302 | FOR COURT USE ONLY |
|---|---|---|

NAME: BEN GHARAGOZLI

FIRM NAME: LAW OFFICES OF BEN GHARAGOZLI

STREET ADDRESS: 200 S. BARRINGTON AVENUE, #491488

CITY: LOS ANGELES    STATE: CA    ZIP CODE: 90049

TELEPHONE NO.: (310) 272-9211    FAX NO.:

E-MAIL ADDRESS: lobgattorney@gmail.com

ATTORNEY FOR (name): Cynthia Carter; Christopher Lopez

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles

STREET ADDRESS: 300 East Walnut Street

MAILING ADDRESS: 300 East Walnut Street

CITY AND ZIP CODE: Pasadena, CA 91101

BRANCH NAME: Pasadena Courthouse

PLAINTIFF: Hoi Kan Lau

DEFENDANT: Cynthia Carter; Christopher Lopez

| MEMORANDUM OF COSTS (SUMMARY) | CASE NUMBER:<br>24PDUD01782 |
|---|---|

**The following costs are requested:**

| | | | TOTALS |
|---|---|---|---|
| 1. | Filing and motion fees | $ | 800.00 |
| 2. | Jury fees | $ | 150.00 |
| 3. | Jury food and lodging | $ | |
| 4. | Deposition costs | $ | 3023.10 |
| 5. | Service of process | $ | |
| 6. | Attachment expenses | $ | |
| 7. | Surety bond premiums | $ | |
| 8. | Witness fees | $ | |
| 9. | Court-ordered transcripts | $ | |
| 10. | Attorney fees (enter here if contractual or statutory fees are fixed without necessity of a court determination; otherwise a noticed motion is required) | $ | |
| 11. | Court reporter fees as established by statute | $ | |
| 12. | Models, enlargements, and photocopies of exhibits | $ | 59.67 |
| 13. | Interpreter fees | $ | |
| 14. | Fees for electronic filing or service | $ | 131.77 |
| 15. | Fees for hosting electronic documents | $ | |
| 16. | Other | $ | 546.00 |
| **TOTAL COSTS** | | $ | 4,710.54 |

I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

Date: August 11, 2024

Ben Gharagozli

(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF DECLARANT)

(Proof of service on reverse)    Page 1 of 2

Form Approved for Optional Use
Judicial Council of California MC-010
[Rev. September 1, 2017]

**MEMORANDUM OF COSTS (SUMMARY)**

Code of Civil Procedure,
§§ 1032, 1033.5

500

PLEASE SEE ATTACHED PROOF OF ELECTRONIC SERVICE

**MC-010**

| SHORT TITLE | CASE NUMBER: |
|---|---|
| Hoi Kan Lau v. Cynthia Carter | 24PDUD01782 |

## PROOF OF ☐ MAILING ☐ PERSONAL DELIVERY

1. At the time of mailing or personal delivery, I was at least 18 years of age and **not a party** to this legal action.

2. My residence or business address is *(specify)*:

3. I mailed or personally delivered a copy of the *Memorandum of Costs (Summary)* as follows *(complete either a or b)*:

    a.  ☒ **Mail.** I am a resident of or employed in the county where the mailing occurred.

      (1) I enclosed a copy in an envelope AND

        (a) ☐ **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.

        (b) ☒ **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

      (2) The envelope was addressed and mailed as follows:

        (a) Name of person served:

        (b) Address on envelope:

        (c) Date of mailing: _____

        (d) Place of mailing *(city and state)*: Los Angeles, CA

    b.  ☐ **Personal delivery.** I personally delivered a copy as follows:

      (1) Name of person served:

      (2) Address where delivered:

      (3) Date delivered:

      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF DECLARANT)

Page 2 of 2

MC-010 [Rev.September 1, 2017]

**MEMORANDUM OF COSTS (SUMMARY)**

501

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    Print this form    Save this form      Clear this form

**PROOF OF ELECTRONIC SERVICE**
LASC Case # 24PDUD01782

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 200 S. Barrington Avenue, #491488 Los Angeles, CA 90049.

On August 11, 2024, I served the foregoing document(s) described as:

**MEMORANDUM OF COSTS (SUMMARY)**

as follows:

☒            (BY ELECTRONIC MAIL): I caused such document to be transmitted electronically as follows:

info@capropertylawgroup.com

Executed on August 11, 2024.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Ben Gharagozli

PROOF OF SERVICE

502

# Exhibit # 47

Kevin Hermansen, State Bar No. 266254
*Law Office of Kevin P. Hermansen, P.C.*
13654 Victory Boulevard, Suite 111
Van Nuys, California 91401
Telephone: (818) 971-9992
Email: kevin@kphlegal.com

Attorney for Defendants, Christopher Lopez, Cynthia Carter

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SHING LUNG LAU,<br><br>       Plaintiff,<br>     v.<br><br>CHRISTOPHER LOPEZ, CYNTHIA CARTER;<br><br>       Defendants | LASC Case No. 26PDUD00798<br><br>**RESPONSES TO FORM INTERROGATORIES—GENERAL, SET ONE** |

**DEFENDANT CHRISTOPHER LOPEZ'S RESPONSES TO PLAINTIFF SHING LUNG LAU'S FORM INTERROGATORIES—GENERAL, SET ONE**

PROPOUNDING PARTY:   Plaintiff SHING LUNG LAU

RESPONDING PARTY:    Defendant CHRISTOPHER LOPEZ

SET NO.:             ONE

1

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

504

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

Pursuant to Code of Civil Procedure section 2030.210 et seq., responding party Defendant CHRISTOPHER LOPEZ ("Responding Party") hereby responds and objects to the Form Interrogatories—General, Set One ("FROGs," and each a "FROG") propounded by plaintiff SHING LUNG LAU ("Propounding Party") as follows:

## PRELIMINARY STATEMENT

1. Responding Party has attempted in good faith to respond to the FROGs in accordance with Code of Civil Procedure sections 2030.210 through 2030.310 and other applicable law. These responses are based on information presently available and are provided subject to Responding Party's right to rely upon subsequently discovered facts, or facts the relevance, significance, or applicability of which have not yet been ascertained.

2. Responding Party reserves the right to change, supplement, or amend these responses if different or additional responsive information is later developed. Responding Party objects to each and every FROG to the extent it purports to waive that right.

3. Each response is made subject to all appropriate objections, including objections as to competency, relevance, materiality, propriety, and admissibility, that would require or support the exclusion of any statement contained herein if the FROGs were asked of, or any statement herein were made by, a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial or other hearing.

4. Responding Party's adoption of any term appearing in the FROGs is solely for convenience and does not concede that any such term or definition is accurate, nor may any response be construed as conceding the truth of any factual or legal assertion contained in the FROGs.

## GENERAL OBJECTIONS

1. Responding Party objects to each and every FROG to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine,

2

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

505

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

or any other privilege or protection. Responding Party will provide only non-privileged, otherwise discoverable information, and does not waive any privilege by doing so.

2. Responding Party objects to each and every FROG to the extent it is vague and/or ambiguous. Where possible, Responding Party will make reasonable assumptions as to the intended meaning and respond accordingly while preserving all objections as to vagueness and ambiguity.

3. Responding Party objects to each and every FROG to the extent it is overbroad, unduly burdensome, or harassing, or seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence.

4. Responding Party objects to each and every FROG to the extent it seeks information that is publicly available, already within Propounding Party's possession, custody, or control, or equally available to Propounding Party.

5. Responding Party objects to each and every FROG to the extent it seeks confidential, proprietary, or private information, including information protected by the right to privacy.

6. Responding Party objects to each and every FROG to the extent it seeks the premature disclosure of expert testimony, opinions, or theories that will be the subject of expert disclosure under Code of Civil Procedure sections 2034.210–2034.310.

7. Responding Party objects to each and every FROG to the extent it is a premature contention interrogatory. Discovery and investigation are continuing, and Responding Party has not completed its investigation of the facts or its preparation for trial.

8. Responding Party objects to each and every FROG to the extent it seeks electronically stored information from sources that are not reasonably accessible.

9. Responding Party objects to each and every FROG, and to the putative definitions and instructions, to the extent they exceed or purport to impose obligations beyond those required

3

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

by the Code of Civil Procedure and other governing law.

10.    Responding Party reserves all objections as to relevance and admissibility of any response, or the subject matter thereof, in any subsequent proceeding or at trial.

11.    Each of the foregoing general objections is incorporated by reference into each specific response set forth below, whether or not separately restated.

## RESPONSES TO FORM INTERROGATORIES—GENERAL

## FORM INTERROGATORY NO. 15.1:

Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each: (a) state all facts on which you base the denial or special or affirmative defense; (b) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and (c) identify all DOCUMENTS and other tangible things that support your denial or special or affirmative defense, and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

## RESPONSE TO FORM INTERROGATORY NO. 15.1:

Responding Party incorporates the General Objections set forth above. Responding Party further objects that this interrogatory is overbroad, compound, and burdensome, and that it prematurely seeks contentions and the application of facts to legal theories before discovery and investigation are complete. Subject to and without waiving those objections, and reserving the right to supplement, Responding Party responds as follows.

Responding Party generally and specifically denies each and every material allegation of the Complaint and First Amended Complaint, including that any rent or holdover damages are due, that Propounding Party is entitled to possession, and that Propounding Party has been damaged in any sum. The facts supporting that denial, and each of the affirmative defenses pleaded in Responding Party's verified Answer, are as set forth in the Answer and are summarized below. Responding Party

4

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

identifies the denials and affirmative defenses as pleaded, the facts being those alleged in the Answer:

**GENERAL DENIAL**

(a)    Pursuant to Code of Civil Procedure section 431.30, Responding Party denies generally and specifically each allegation of the Complaint, denies that any rent or holdover damages are due in any sum or at all, and denies that Propounding Party is entitled to possession or to any general, equitable, or other damages or relief requested.

(b)    See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)    See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

**BREACH OF THE WARRANTY OF HABITABILITY**

(a)    The rent and holdover damages demanded are not due because Propounding Party breached the implied warranty of habitability. The dwelling and/or common areas of the subject property suffer from defects that render the premises untenantable, including but not limited to: ineffective waterproofing and weather protection of the roof, exterior walls, broken windows, or doors; plumbing not in good working order, including the supply of hot and cold running water; lack of a properly functioning heating unit; defective or exposed electrical wiring; rodents and/or other vermin; floors, stairways, or railings in disrepair; an exterior door without a functioning lock; missing or damaged window screens; holes in the walls and/or ceilings; a missing or broken smoke detector or carbon monoxide detector; unclean common areas; and an inadequate number of receptacles for garbage. The property is substandard as defined by Health and Safety Code section 17920.3.

(b)    See the persons identified in the omnibus statement of witnesses below, each of

5

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

whom has knowledge of the facts supporting this denial and affirmative defense.

(c) See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

## CALIFORNIA TENANT PROTECTION ACT OF 2019 (AB 1482)

(a) Responding Party is a tenant who has continuously and lawfully occupied the premises for the periods set forth in Civil Code section 1946.2, and the premises is subject to that statute. Propounding Party is not proceeding in good faith to recover possession; the rental agreement commenced or renewed on or after July 1, 2020 did not contain the required statutory language; the notice is defective because there is no just cause to evict; Propounding Party failed to state a cause for eviction; Propounding Party proceeded on an at-fault basis without stating a permissible at-fault reason under Code of Civil Procedure section 1946.2(b)(1)(A)–(K) and/or on a no-fault basis without stating a permissible no-fault reason under section 1946.2(b)(2)(A)–(D); Propounding Party failed to give notice and an opportunity to cure a curable violation; seeks to evict for an immaterial term and/or failed to issue a written notice to correct; seeks to evict for refusal to execute a non-conforming new lease; seeks to evict based on an alleged owner intent to occupy without a lease provision permitting it; seeks to evict for an alleged "substantial remodel" that does not meet the statutory definition; failed to provide required relocation assistance or a rent waiver and failed to notify Responding Party of the right to relocation assistance or rent waiver as required by section 1946.2(d); and is evicting for alleged nonpayment of rent that was increased in excess of the amounts permitted by the Act.

(b) See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

6

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

(c)    See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

## COUNTY'S EVICTION MORATORIUM (LOS ANGELES)

(a)    The property is located in the County of Los Angeles and is subject to the County's eviction moratorium. Propounding Party is attempting to evict based on nonpayment of rent, late charges, interest, or other fees accrued due to financial impacts related to COVID-19; for denying entry to the landlord; based on nonpayment due to COVID-19 financial hardship and alleged failure to repay within the applicable period; based on alleged failure to pay back unpaid rent under a payment plan; based on alleged failure to comply with a payment plan that is void as contrary to public policy; and based on a no-fault termination of tenancy, each in violation of the moratorium. Propounding Party filed this action in violation of the County's eviction moratorium.

(b)    See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)    See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

## LOS ANGELES COUNTY RENT STABILIZATION ORDINANCE

(a)    The premises is a covered rental unit subject to the L.A. County Rent Stabilization Ordinance. Propounding Party failed to comply with the Ordinance; failed to serve a Notice of Termination on the tenant via certified mail, return receipt requested; did not have a permitted cause for eviction; did not submit a true and accurate copy of the Notice of Termination and proof of service to the Department of Consumer and Business Affairs of the County of Los Angeles (DCBA) within five days of service; failed to maintain proof of service of compliance with the prohibition on rent increases;

7

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

failed to comply with the Ordinance's posting requirements; demanded rent exceeding the legal amount; did not qualify the termination as at-fault or no-fault; gave an insufficient notice to cure; reduced housing services—including by the habitability defects—which constitute illegal rent increases entitling Responding Party to an offset, including an offset for prior unlawful late fees; served a notice that does not permit a determination of the date, place, witnesses, and circumstances of the reason for eviction; failed to give ten days to cure a material term; seeks to enforce a non-material term; failed to comply with Government Code sections 7060–7060.7; pursued this action in violation of the prohibition on retaliation and harassment under L.A. County Municipal Code section 8.52.130; is not seeking possession in good faith for occupancy as a primary residence; failed to disclose the eligible individual and relationship to the Department 60 days before the tenancy's final date; demanded rent not exceeding the HUD Fair Market Rent threshold; is not similarly situated as the household under the County RSO; seeks to impose new terms not consented to in writing; failed to comply with the Tenants' Right to Counsel Ordinance (L.A. County Municipal Code section 8.60.050) and the relocation-specialist requirements; accepted rent or consideration beyond the terminated tenancy in violation of section 8.52.090(B)(2); failed to register the unit and/or pay the annual registration fee under sections 8.52.080 and 8.65.030; demanded, accepted, or retained a security deposit in excess of the amount permitted by section 8.52.055; is endeavoring to recover possession upon facts or a legal theory untenable under section 8.52.130(A)(7); provided false information regarding tenant protections in violation of section 8.52.130(A)(9); refused to acknowledge or accept lawful rent payment in violation of section 8.52.130; relies upon waiver provisions void under section 8.52.190; and failed to submit the

8

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

required owner move-in documents to the County RSO Department.

(b)    See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)    See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

## ESTOPPEL, WAIVER, OR BAD FAITH

(a)    Propounding Party is estopped from pursuing this eviction and has waived the right to prosecute an unlawful detainer because Propounding Party accepted a rent payment after service of the notice to quit, thereby renewing the tenancy; accepted a rent payment with full knowledge of the alleged breach, thereby waiving forfeiture and renewing the tenancy; retained a check or money order without negotiating it for an unreasonably long time, thereby accepting payment and renewing the tenancy; refused to accept the tender of rent; in bad faith prevented payment of rent; permitted late payment within a grace period or upon a late charge such that Responding Party was not in default; made other payment arrangements after service of the notice upon which Responding Party detrimentally relied; and holds a security deposit available to off-set any claimed default such that no rent is delinquent.

(b)    See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)    See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

## NO BREACH OF COVENANT

(a)    Propounding Party has demanded compliance with a term of the lease or rental agreement that is not legally enforceable; Responding Party denies the allegations

9

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

stated in the notice; and Propounding Party did not serve a proper notice to use pesticides under governing municipal and state law, so Responding Party was under no obligation to permit entry.

(b)     See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)     See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

**DEFECTIVE NOTICE**

(a)     The notice is defective and/or inapplicable because the amount of rent demanded exceeds the amount due, including because Responding Party is entitled to a set-off and because the notice includes fees, a rental surcharge, or liquidated damages in violation of Civil Code sections 1671(c)(2) and 1951.5; the notice did not adequately identify a person or address where rent was to be paid; the person identified was not actually available at the stated time and place; the notice was not served in person or by both posting and mailing; the notice was not served at all; the property is covered by the federal CARES Act and Propounding Party did not provide 30 days' notice to vacate; the notice failed to state the fair market rent and/or number of bedrooms; and the notice was superseded by a later-served notice.

(b)     See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)     See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

**MISCELLANEOUS**

(a)     Propounding Party lacks standing and/or capacity to bring this action; Responding

10

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

513

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

Party is entitled to an offset based on prior payments of unlawful late fees that caused rent to exceed the maximum allowable rent; Propounding Party served the notice, filed this action, and/or imposed a rent increase to retaliate against Responding Party for invoking the right to complain regarding habitability or the peaceful exercise of other rights; the notice to pay rent or quit is overstated because it requests payment for months previously litigated in Hoi Kan Lau v. Cynthia Carter, Christopher Lopez, LASC Case No. 24PDUD01782, which is now res judicata and/or barred by collateral estoppel; the action is the product of arbitrary discrimination; the notice was not served in compliance with the parties' lease agreement; Propounding Party is neither the owner nor authorized management; Propounding Party is a new owner/manager who failed to provide proper notice of the change in ownership or management required by Civil Code sections 1111 and 1962(c); Propounding Party filed the Complaint before expiration of the notice; and the notice fails to comply with Civil Code section 1946.1.

(b)     See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)     See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

**PERSONS WITH KNOWLEDGE (Subpart (b), applicable to each denial and affirmative defense above):**

The following persons have knowledge of the facts supporting the foregoing denials and affirmative defenses, and discovery and investigation are ongoing: Responding Party Christopher Lopez, c/o Law Office of Kevin P. Hermansen, P.C., 13654 Victory Boulevard, Suite 111, Van Nuys, CA 91401, (818) 971-9992; co-defendant Cynthia Carter, c/o counsel of record at the same address and telephone; Margarita Alvarez, c/o counsel of record at the same address and telephone;

11
RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

Propounding Party Shing Lung Lau, 6726 Salter Avenue, Arcadia, CA 91007, (718) 300-6010, together with his agents, property managers, employees, and attorneys; Hoi Kan Lau and Siu Fan Tsang, c/o their counsel of record; the Los Angeles County Department of Consumer and Business Affairs (DCBA), 500 West Temple Street, Los Angeles, CA 90012, (800) 593-8222, including its personnel responsible for rent registration, eviction filings, and enforcement of the County Rent Stabilization Ordinance and eviction moratorium; any code enforcement, building and safety, public health, or other governmental inspectors with knowledge of the conditions of the premises; all contractors, repair persons, pest-control providers, and inspectors who examined or worked at the premises; and all percipient witnesses, custodians of record, and persons identified in the parties' discovery responses and document productions. Responding Party reserves the right to identify additional persons as discovery proceeds.

**DOCUMENTS AND TANGIBLE THINGS (Subpart (c), applicable to each denial and affirmative defense above):**

The following documents and tangible things support the foregoing denials and affirmative defenses, and are in the possession, custody, or control of the parties and/or the persons or entities identified, and discovery is ongoing: the lease and rental agreement and all addenda, amendments, and renewals; all notices to quit, pay rent or quit, and termination notices, and all proofs of service thereof; all habitability complaints, work orders, and repair and inspection records, together with all photographs, video, and audio depicting the condition of the premises; all communications between or among the parties and their agents; the pleadings, orders, transcripts, and court records in this action (LASC Case No. 26PDUD00798) and in the related and prior actions, including Hoi Kan Lau v. Cynthia Carter, Christopher Lopez, LASC Case No. 24PDUD01782, and Siu Fan Tsang v. Cynthia Carter, et al., LASC Case No. 24PDUD04392; all records, registration filings, rent registry data, and correspondence of and with the Los Angeles County Department of Consumer and Business Affairs

12

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

(DCBA), 500 West Temple Street, Los Angeles, CA 90012; all governmental inspection reports, citations, and substandard-condition records; the grant deed and related ownership documents, and management records concerning the property; and all documents produced or to be produced in discovery in this action. Responding Party reserves the right to identify additional documents as discovery proceeds.

**FORM INTERROGATORY NO. 17.1:**

Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: (a) state the number of the request; (b) state all facts on which you base your response; (c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and (d) identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

**RESPONSE TO FORM INTERROGATORY NO. 17.1:**

Responding Party incorporates the General Objections set forth above. Responding Party further objects that this interrogatory is overbroad and premature, and objects to the extent the Requests for Admission referenced were not served with these interrogatories. Subject to and without waiving those objections, and reserving the right to supplement, Responding Party responds that none of its responses to Plaintiff's Requests for Admission, Set One, is an unqualified admission, and responds as to each as follows:

(a) Request No. 1. (b) This response is an objection and not an admission or denial. The Request employs the term "YOU," which is not defined anywhere in the Requests, rendering it vague, ambiguous, and not stated with the particularity required by Code of Civil Procedure section 2033.060; Responding Party therefore could neither admit nor deny the matter as framed.

(a) Request No. 2. (b) Responding Party denied this Request. Contrary to the matter

13

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

516

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

Propounding Party seeks to have admitted, rodents and other vermin have been present at and about the subject property, as alleged among the habitability defects in Responding Party's verified Answer and as set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 3. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 4. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 5. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 6. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

14

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

517

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

(a) Request No. 7. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 8. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 9. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 10. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 11. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's

15

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 12. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(c) The following persons have knowledge of the facts supporting the foregoing denials and affirmative defenses, and discovery and investigation are ongoing: Responding Party Christopher Lopez, c/o Law Office of Kevin P. Hermansen, P.C., 13654 Victory Boulevard, Suite 111, Van Nuys, CA 91401, (818) 971-9992; co-defendant Cynthia Carter, c/o counsel of record at the same address and telephone; Margarita Alvarez, c/o counsel of record at the same address and telephone; Propounding Party Shing Lung Lau, 6726 Salter Avenue, Arcadia, CA 91007, (718) 300-6010, together with his agents, property managers, employees, and attorneys; Hoi Kan Lau and Siu Fan Tsang, c/o their counsel of record; the Los Angeles County Department of Consumer and Business Affairs (DCBA), 500 West Temple Street, Los Angeles, CA 90012, (800) 593-8222, including its personnel responsible for rent registration, eviction filings, and enforcement of the County Rent Stabilization Ordinance and eviction moratorium; any code enforcement, building and safety, public health, or other governmental inspectors with knowledge of the conditions of the premises; all contractors, repair persons, pest-control providers, and inspectors who examined or worked at the premises; and all percipient witnesses, custodians of record, and persons identified in the parties' discovery responses and document productions. Responding Party reserves the right to identify additional persons as discovery proceeds.

(d) The following documents and tangible things support the foregoing denials and affirmative defenses, and are in the possession, custody, or control of the parties and/or the persons or entities

16

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

519

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

identified, and discovery is ongoing: the lease and rental agreement and all addenda, amendments, and renewals; all notices to quit, pay rent or quit, and termination notices, and all proofs of service thereof; all habitability complaints, work orders, and repair and inspection records, together with all photographs, video, and audio depicting the condition of the premises; all communications between or among the parties and their agents; the pleadings, orders, transcripts, and court records in this action (LASC Case No. 26PDUD00798) and in the related and prior actions, including Hoi Kan Lau v. Cynthia Carter, Christopher Lopez, LASC Case No. 24PDUD01782, and Siu Fan Tsang v. Cynthia Carter, et al., LASC Case No. 24PDUD04392; all records, registration filings, rent registry data, and correspondence of and with the Los Angeles County Department of Consumer and Business Affairs (DCBA), 500 West Temple Street, Los Angeles, CA 90012; all governmental inspection reports, citations, and substandard-condition records; the grant deed and related ownership documents, and management records concerning the property; and all documents produced or to be produced in discovery in this action. Responding Party reserves the right to identify additional documents as discovery proceeds.

Responding Party's investigation and development of the facts and circumstances relating to this action is ongoing. Responding Party expressly reserves the right to supplement, clarify, revise, or correct these responses.

DATED: June 2, 2026     Law Office of Kevin P. Hermansen, P.C.

By:_____
  Kevin Hermansen
  Attorney for Defendant CHRISTOPHER LOPEZ

17

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

## VERIFICATION

I, Christopher Lopez, am the responding party in this action. I have read the foregoing discovery responses, or have had them read to me. I declare under penalty of perjury under the laws of the State of California that, based upon information and belief, the foregoing responses are true and correct.

DATED: June 2, 2026                      By:_____
                                              Christopher Lopez

18
RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

521

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

**PROOF OF SERVICE**

PROOF OF SERVICE

Kevin Hermansen, State Bar No. 266254
*Law Office of Kevin P. Hermansen, P.C.*
13654 Victory Boulevard, Suite 111
Van Nuys, California 91401
Telephone: (818) 971-9992
Email: kevin@kphlegal.com

Attorney for Defendants, Christopher Lopez, Cynthia Carter

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SHING LUNG LAU,<br><br>        Plaintiff,<br>    v.<br><br>CHRISTOPHER LOPEZ, CYNTHIA CARTER;<br><br>        Defendants | LASC Case No. 26PDUD00798<br><br>**RESPONSES TO REQUESTS FOR ADMISSION, SET ONE** |

**DEFENDANT CHRISTOPHER LOPEZ'S RESPONSES TO PLAINTIFF SHING LUNG**

**LAU'S REQUESTS FOR ADMISSION, SET ONE**

PROPOUNDING PARTY:    Plaintiff SHING LUNG LAU

RESPONDING PARTY:    Defendant CHRISTOPHER LOPEZ

SET NO.:    ONE

Pursuant to Code of Civil Procedure section 2033.210 et seq., responding party Defendant CHRISTOPHER LOPEZ ("Responding Party") hereby responds and objects to the Requests for Admission, Set One ("Requests," and each a "Request" or "RFA") propounded by plaintiff SHING LUNG LAU ("Propounding Party") as follows:

1

RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

523

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

## PRELIMINARY STATEMENT

1. Responding Party has attempted in good faith to respond to the Requests in accordance with Code of Civil Procedure sections 2033.210 through 2033.300 and other applicable law. These responses are based on information presently available, and are provided subject to Responding Party's right to rely upon subsequently discovered facts or facts the relevance, significance, or applicability of which have not yet been ascertained.

2. Responding Party reserves the right to change, supplement, or amend these responses if different or additional responsive information is later developed. Responding Party objects to each and every Request to the extent it purports to waive that right.

3. Each response is made subject to all appropriate objections, including objections as to competency, relevance, materiality, propriety, and admissibility, that would require or support the exclusion of any statement contained herein if made by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial or other hearing.

4. Responding Party's adoption of any term appearing in the Requests is solely for convenience and does not concede that any such term or definition is accurate, nor may any response be construed as conceding the truth of any factual or legal assertion contained in the Requests.

## GENERAL OBJECTIONS

1. Responding Party objects to each and every Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection.

2. Responding Party objects to each and every Request to the extent it is vague, ambiguous, unintelligible, compound, or fails to state the matter with the particularity required by Code of Civil Procedure section 2033.060. Where possible, Responding Party will make reasonable

2

RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

524

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

assumptions as to the intended meaning and respond accordingly while preserving all objections.

3.      Responding Party objects to each and every Request to the extent it is overbroad, unduly burdensome, oppressive, or harassing, or seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Responding Party objects to each and every Request to the extent it seeks a legal conclusion, calls for the application of law to fact in a manner that is improper for a request for admission, or asks Responding Party to admit or deny the truth or falsity of a legal contention or affirmative defense.

5.      Responding Party objects to each and every Request to the extent it seeks information equally available to, or already within the possession, custody, or control of, Propounding Party, including the pleadings and court records.

6.      Responding Party objects to the demand that responses be served within five days at Propounding Party's residence to the extent the time, place, and manner specified are unreasonable, oppressive, or not in compliance with the Code of Civil Procedure; Responding Party serves these responses in accordance with governing law.

7.      Responding Party objects to each and every Request to the extent it seeks confidential, proprietary, or private information, including information protected by the right to privacy of Responding Party or third parties.

8.      Responding Party has not completed its investigation and discovery in this matter. These responses are based only upon information presently known, and Responding Party reserves the right to amend or supplement.

9.      Each of the foregoing general objections is incorporated by reference into each specific

3

RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

525

Doc ID: 032b5801145925c0859fc0601489c173d119abf8