response set forth below, whether or not separately restated.

## RESPONSES TO REQUESTS FOR ADMISSION

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Responding Party incorporates the General Objections set forth above. Responding Party objects to this Request on the ground that it employs the term "YOU," which is not defined anywhere in the Requests. As framed, the term "YOU" is vague, ambiguous, and unintelligible, and fails to identify with reasonable particularity the person or entity to which it refers, so that Responding Party cannot determine the matter Propounding Party seeks to have admitted. On that basis, and because the Request does not state the matter with the particularity required by Code of Civil Procedure section 2033.060, Responding Party objects and is unable to admit or deny the Request as written. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

### RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

### RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the

4

RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

526

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Responding Party incorporates by reference the General Objections set forth above as

5

RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

Responding Party's investigation and development of the facts and circumstances relating to this action is ongoing. Responding Party expressly reserves the right to supplement, clarify, revise, or correct these responses.

DATED: June 2, 2026          Law Office of Kevin P. Hermansen, P.C.

RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

By: _____
Kevin Hermansen
Attorney for Defendant CHRISTOPHER LOPEZ

7

RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

529

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

## VERIFICATION

I, Christopher Lopez, am the responding party in this action. I have read the foregoing discovery responses, or have had them read to me. I declare under penalty of perjury under the laws of the State of California that, based upon information and belief, the foregoing responses are true and correct.

DATED: June 2, 2026  By:_____

         Christopher Lopez

8

RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

530

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

**PROOF OF SERVICE**

PROOF OF SERVICE

Kevin Hermansen, State Bar No. 266254
*Law Office of Kevin P. Hermansen, P.C.*
13654 Victory Boulevard, Suite 111
Van Nuys, California 91401
Telephone: (818) 971-9992
Email: kevin@kphlegal.com

Attorney for Defendants, Christopher Lopez, Cynthia Carter

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SHING LUNG LAU,<br><br>    Plaintiff,<br>    v.<br><br>CHRISTOPHER LOPEZ, CYNTHIA CARTER;<br><br>    Defendants | LASC Case No. 26PDUD00798<br><br>**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** |

<u>**DEFENDANT CHRISTOPHER LOPEZ'S RESPONSES TO PLAINTIFF SHING LUNG**</u>

<u>**LAU'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**</u>

PROPOUNDING PARTY:    Plaintiff SHING LUNG LAU

RESPONDING PARTY:    Defendant CHRISTOPHER LOPEZ

SET NO.:    ONE

Pursuant to Code of Civil Procedure section 2031.210 et seq., responding party Defendant CHRISTOPHER LOPEZ ("Responding Party") hereby responds and objects to the First Set of Requests for Inspection and Production of Documents ("Requests," and each a "Request" or "Demand") propounded by plaintiff SHING LUNG LAU ("Propounding Party" or "Demanding

1

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

Party") as follows:

## PRELIMINARY STATEMENT

1. Responding Party has attempted in good faith to respond to the Requests in accordance with Code of Civil Procedure sections 2031.210 through 2031.310 and other applicable law. These responses are based on information and documents presently available, and are provided subject to Responding Party's right to rely upon subsequently discovered facts or documents, the relevance, significance, or applicability of which have not yet been ascertained.

2. Responding Party reserves the right to change, supplement, or amend these responses and any production if different or additional responsive documents are later located or developed. Responding Party objects to each and every Request to the extent it purports to waive that right.

3. Each response and any production is made subject to all appropriate objections, including objections as to competency, relevance, materiality, propriety, and admissibility, that would require or support the exclusion of any document or statement contained herein if offered by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial or other hearing.

4. Responding Party's adoption of any term appearing in the Requests is solely for convenience and does not concede that any such term, definition, or instruction is accurate, complete, or proper, nor may any response or production be construed as conceding the truth of any factual or legal assertion contained in the Requests.

## GENERAL OBJECTIONS

1. Responding Party objects to each and every Request to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection. Responding Party will produce only

2

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

533

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

non-privileged, otherwise discoverable documents, and does not waive any privilege by doing so. Any inadvertent production of a privileged document shall not constitute a waiver of any privilege.

2. Responding Party objects to each and every Request to the extent it is vague, ambiguous, and/or unintelligible. Where possible, Responding Party will make reasonable assumptions as to the intended meaning and respond accordingly while preserving all objections as to vagueness and ambiguity.

3. Responding Party objects to each and every Request to the extent it is overbroad, unduly burdensome, oppressive, or harassing, or seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Responding Party objects to each and every Request to the extent it seeks documents that are publicly available, already within Propounding Party's possession, custody, or control, equally available to Propounding Party, or a matter of public record, including documents originating with or filed by Propounding Party.

5. Responding Party objects to each and every Request to the extent it seeks confidential, proprietary, private, or financial information, including information protected by the constitutional and statutory right to privacy of Responding Party or of third parties.

6. Responding Party objects to each and every Request to the extent it seeks the premature disclosure of expert opinions, documents, or materials that will be the subject of expert disclosure under Code of Civil Procedure sections 2034.210–2034.310.

7. Responding Party objects to each and every Request to the extent it calls for electronically stored information from sources that are not reasonably accessible because of undue burden or expense.

3

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

534

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

8.      Responding Party objects to the putative "DEFINITIONS" and "INSTRUCTIONS" to the extent they purport to impose obligations exceeding those required by the Code of Civil Procedure, including, without limitation, any instruction requiring Responding Party to number defenses, to segregate produced documents into individual folders labeled "Defense ###," to prepare a privilege log in a particular form, or to produce documents in both printed and electronic form. Responding Party will produce responsive documents either as they are kept in the usual course of business or organized and labeled to correspond with the categories of the Requests, as permitted by Code of Civil Procedure section 2031.280.

9.      Responding Party objects to each and every Request, and to the demand that documents be produced within five days at Propounding Party's residence located at 6726 Salter Avenue, Arcadia, California, to the extent the time, place, and manner of production specified are unreasonable, oppressive, or not in compliance with Code of Civil Procedure sections 2031.030 and 2031.280. Responding Party will produce responsive documents by electronic transmission or by mail to Propounding Party concurrently with or within a reasonable time of these responses.

10.     Responding Party objects to each and every Request to the extent it seeks documents already produced in this action or in the related actions, on the ground that such requests are duplicative, cumulative, and burdensome.

11.     Each of the foregoing general objections is incorporated by reference into the specific response set forth below, whether or not separately restated, and Responding Party reserves all objections as to the relevance and admissibility of any document produced.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all DOCUMENTS identified in your response to Form Interrogatory 15.1(c), taking

4

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

535

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

care so that it is clear which document(s) applies to which defense; the defenses should be numbered and the produced documents put into individual folders labeled "Defense ###" for clarity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party incorporates the General Objections set forth above as though fully set forth herein. Responding Party objects that this Request is overbroad and unduly burdensome in that it is coextensive with the entire file of this action and seeks "all DOCUMENTS" supporting each denial and affirmative defense. Responding Party further objects to the instruction that the defenses be numbered and that documents be segregated into individual folders labeled "Defense ###," on the ground that such an instruction exceeds the requirements of Code of Civil Procedure section 2031.280 and is unduly burdensome; documents need only be produced as they are kept in the usual course of business or organized to correspond to the categories in the demand. Responding Party further objects to the extent the Request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine, documents that are equally available to or already in the possession, custody, or control of Propounding Party (including the pleadings, notices, and court records), and documents protected by the right to privacy of Responding Party or third parties.

Subject to and without waiving the foregoing objections, and pursuant to Code of Civil Procedure section 2031.210(a)(1), Responding Party will comply with this Request and will produce all non-privileged DOCUMENTS in his possession, custody, or control that are responsive to this Request and identified in his response to Form Interrogatory No. 15.1(c), as they are kept in the usual course of business or organized to correspond to this Request. Responsive documents are produced concurrently herewith and are Bates-labeled CARTER 000001 through CARTER 000074. To the extent any responsive document is withheld on the basis of privilege or the work-product doctrine, such document will be identified on a privilege log. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this production.

5

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

536

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

**REQUEST FOR PRODUCTION NO. 2:**

Produce any and all bank statements for any account from which the defendants had ever drawn funds from to pay rent, from May 2023 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party incorporates the General Objections set forth above as though fully set forth herein. Responding Party objects to this Request on the ground that it invades the constitutional and statutory right to privacy of Responding Party and of third parties, in that it seeks Responding Party's private financial records and bank account statements. Responding Party further objects that the Request seeks documents that are neither relevant to the subject matter of this unlawful detainer action nor reasonably calculated to lead to the discovery of admissible evidence; the sole issue in this summary proceeding is the right to possession, and the existence, identity, or contents of any bank account from which rent may have been drawn is not placed in issue by the pleadings. Responding Party further objects that the Request is overbroad as to time and scope. On the basis of the foregoing objections, Responding Party will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Produce any and all bank statements for any account from which the defendants had ever drawn funds from to pay rent, from October 2025 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party incorporates the General Objections set forth above as though fully set forth herein. Responding Party objects to this Request on the ground that it invades the constitutional and statutory right to privacy of Responding Party and of third parties, in that it seeks Responding Party's private financial records and bank account statements. Responding Party further objects that the Request seeks documents that are neither relevant to the subject matter of this unlawful detainer action nor reasonably calculated to lead to the discovery of admissible evidence; the sole issue in this

6

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

summary proceeding is the right to possession, and the existence, identity, or contents of any bank account from which rent may have been drawn is not placed in issue by the pleadings. Responding Party further objects that the Request is overbroad as to time and scope. On the basis of the foregoing objections, Responding Party will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Produce any and all bill, statement, or notice sent to the landlord in accordance with Provision # 22 of the lease agreement dated 7/28/2021 (attached to the complaint as Exhibit # 1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party incorporates the General Objections set forth above as though fully set forth herein. Responding Party objects to this Request on the ground that it is not full and complete in and of itself, as required by Code of Civil Procedure section 2031.030(c)(1), because it does not describe the documents sought with reasonable particularity and instead requires Responding Party to refer to and incorporate documents extrinsic to the Request itself — namely, "Provision # 22 of the lease agreement dated 7/28/2021" and "Exhibit # 1" to the complaint — in order to ascertain what is being requested. As framed, the Request is vague, ambiguous, and unintelligible, and improperly incorporates other documents by reference. On the basis of the foregoing objections, Responding Party cannot respond to the Request as written and will not produce documents in response to it.

Responding Party's investigation and development of the facts, circumstances, and documents relating to this action is ongoing. Responding Party expressly reserves the right to supplement, clarify, revise, or correct these responses and any production.

DATED: June 2, 2026         Law Office of Kevin P. Hermansen, P.C.

By:_____
    Kevin Hermansen
    Attorney for Defendant CHRISTOPHER LOPEZ

7

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

## VERIFICATION

I, Christopher Lopez, am the responding party in this action. I have read the foregoing discovery responses, or have had them read to me. I declare under penalty of perjury under the laws of the State of California that, based upon information and belief, the foregoing responses are true and correct.

DATED: June 2, 2026        By:_____
                              Christopher Lopez

8

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

**PROOF OF SERVICE**

PROOF OF SERVICE

# Exhibit # 48

Kevin Hermansen, State Bar No. 266254
*Law Office of Kevin P. Hermansen, P.C.*
13654 Victory Boulevard, Suite 111
Van Nuys, California 91401
Telephone: (818) 971-9992
Email: kevin@kphlegal.com

Attorney for Defendants, Christopher Lopez, Cynthia Carter

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SHING LUNG LAU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER LOPEZ, CYNTHIA CARTER;<br><br>　　　　　Defendants | LASC Case No. 26PDUD00798<br><br>**RESPONSES TO FORM INTERROGATORIES—GENERAL, SET ONE** |

**DEFENDANT CYNTHIA CARTER'S RESPONSES TO PLAINTIFF SHING LUNG LAU'S**

**FORM INTERROGATORIES—GENERAL, SET ONE**

PROPOUNDING PARTY:    Plaintiff SHING LUNG LAU

RESPONDING PARTY:    Defendant CYNTHIA CARTER

SET NO.:    ONE

1

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

542

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

Pursuant to Code of Civil Procedure section 2030.210 et seq., responding party Defendant CYNTHIA CARTER ("Responding Party") hereby responds and objects to the Form Interrogatories—General, Set One ("FROGs," and each a "FROG") propounded by plaintiff SHING LUNG LAU ("Propounding Party") as follows:

## PRELIMINARY STATEMENT

1. Responding Party has attempted in good faith to respond to the FROGs in accordance with Code of Civil Procedure sections 2030.210 through 2030.310 and other applicable law. These responses are based on information presently available and are provided subject to Responding Party's right to rely upon subsequently discovered facts, or facts the relevance, significance, or applicability of which have not yet been ascertained.

2. Responding Party reserves the right to change, supplement, or amend these responses if different or additional responsive information is later developed. Responding Party objects to each and every FROG to the extent it purports to waive that right.

3. Each response is made subject to all appropriate objections, including objections as to competency, relevance, materiality, propriety, and admissibility, that would require or support the exclusion of any statement contained herein if the FROGs were asked of, or any statement herein were made by, a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial or other hearing.

4. Responding Party's adoption of any term appearing in the FROGs is solely for convenience and does not concede that any such term or definition is accurate, nor may any response be construed as conceding the truth of any factual or legal assertion contained in the FROGs.

## GENERAL OBJECTIONS

1. Responding Party objects to each and every FROG to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine,

2

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

543

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

or any other privilege or protection. Responding Party will provide only non-privileged, otherwise discoverable information, and does not waive any privilege by doing so.

2. Responding Party objects to each and every FROG to the extent it is vague and/or ambiguous. Where possible, Responding Party will make reasonable assumptions as to the intended meaning and respond accordingly while preserving all objections as to vagueness and ambiguity.

3. Responding Party objects to each and every FROG to the extent it is overbroad, unduly burdensome, or harassing, or seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence.

4. Responding Party objects to each and every FROG to the extent it seeks information that is publicly available, already within Propounding Party's possession, custody, or control, or equally available to Propounding Party.

5. Responding Party objects to each and every FROG to the extent it seeks confidential, proprietary, or private information, including information protected by the right to privacy.

6. Responding Party objects to each and every FROG to the extent it seeks the premature disclosure of expert testimony, opinions, or theories that will be the subject of expert disclosure under Code of Civil Procedure sections 2034.210–2034.310.

7. Responding Party objects to each and every FROG to the extent it is a premature contention interrogatory. Discovery and investigation are continuing, and Responding Party has not completed its investigation of the facts or its preparation for trial.

8. Responding Party objects to each and every FROG to the extent it seeks electronically stored information from sources that are not reasonably accessible.

9. Responding Party objects to each and every FROG, and to the putative definitions and instructions, to the extent they exceed or purport to impose obligations beyond those required

3

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

by the Code of Civil Procedure and other governing law.

10.     Responding Party reserves all objections as to relevance and admissibility of any response, or the subject matter thereof, in any subsequent proceeding or at trial.

11.     Each of the foregoing general objections is incorporated by reference into each specific response set forth below, whether or not separately restated.

### RESPONSES TO FORM INTERROGATORIES—GENERAL

**FORM INTERROGATORY NO. 15.1:**

Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each: (a) state all facts on which you base the denial or special or affirmative defense; (b) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and (c) identify all DOCUMENTS and other tangible things that support your denial or special or affirmative defense, and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**RESPONSE TO FORM INTERROGATORY NO. 15.1:**

Responding Party incorporates the General Objections set forth above. Responding Party further objects that this interrogatory is overbroad, compound, and burdensome, and that it prematurely seeks contentions and the application of facts to legal theories before discovery and investigation are complete. Subject to and without waiving those objections, and reserving the right to supplement, Responding Party responds as follows.

Responding Party generally and specifically denies each and every material allegation of the Complaint and First Amended Complaint, including that any rent or holdover damages are due, that Propounding Party is entitled to possession, and that Propounding Party has been damaged in any sum. The facts supporting that denial, and each of the affirmative defenses pleaded in Responding Party's verified Answer, are as set forth in the Answer and are summarized below. Responding Party

4

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

identifies the denials and affirmative defenses as pleaded, the facts being those alleged in the Answer:

**GENERAL DENIAL**

(a)    Pursuant to Code of Civil Procedure section 431.30, Responding Party denies generally and specifically each allegation of the Complaint, denies that any rent or holdover damages are due in any sum or at all, and denies that Propounding Party is entitled to possession or to any general, equitable, or other damages or relief requested.

(b)    See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)    See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

**BREACH OF THE WARRANTY OF HABITABILITY**

(a)    The rent and holdover damages demanded are not due because Propounding Party breached the implied warranty of habitability. The dwelling and/or common areas of the subject property suffer from defects that render the premises untenantable, including but not limited to: ineffective waterproofing and weather protection of the roof, exterior walls, broken windows, or doors; plumbing not in good working order, including the supply of hot and cold running water; lack of a properly functioning heating unit; defective or exposed electrical wiring; rodents and/or other vermin; floors, stairways, or railings in disrepair; an exterior door without a functioning lock; missing or damaged window screens; holes in the walls and/or ceilings; a missing or broken smoke detector or carbon monoxide detector; unclean common areas; and an inadequate number of receptacles for garbage. The property is substandard as defined by Health and Safety Code section 17920.3.

(b)    See the persons identified in the omnibus statement of witnesses below, each of

5

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

whom has knowledge of the facts supporting this denial and affirmative defense.

(c) See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

## CALIFORNIA TENANT PROTECTION ACT OF 2019 (AB 1482)

(a) Responding Party is a tenant who has continuously and lawfully occupied the premises for the periods set forth in Civil Code section 1946.2, and the premises is subject to that statute. Propounding Party is not proceeding in good faith to recover possession; the rental agreement commenced or renewed on or after July 1, 2020 did not contain the required statutory language; the notice is defective because there is no just cause to evict; Propounding Party failed to state a cause for eviction; Propounding Party proceeded on an at-fault basis without stating a permissible at-fault reason under Code of Civil Procedure section 1946.2(b)(1)(A)–(K) and/or on a no-fault basis without stating a permissible no-fault reason under section 1946.2(b)(2)(A)–(D); Propounding Party failed to give notice and an opportunity to cure a curable violation; seeks to evict for an immaterial term and/or failed to issue a written notice to correct; seeks to evict for refusal to execute a non-conforming new lease; seeks to evict based on an alleged owner intent to occupy without a lease provision permitting it; seeks to evict for an alleged "substantial remodel" that does not meet the statutory definition; failed to provide required relocation assistance or a rent waiver and failed to notify Responding Party of the right to relocation assistance or rent waiver as required by section 1946.2(d); and is evicting for alleged nonpayment of rent that was increased in excess of the amounts permitted by the Act.

(b) See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

6

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

547

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

(c)    See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

**COUNTY'S EVICTION MORATORIUM (LOS ANGELES)**

(a)    The property is located in the County of Los Angeles and is subject to the County's eviction moratorium. Propounding Party is attempting to evict based on nonpayment of rent, late charges, interest, or other fees accrued due to financial impacts related to COVID-19; for denying entry to the landlord; based on nonpayment due to COVID-19 financial hardship and alleged failure to repay within the applicable period; based on alleged failure to pay back unpaid rent under a payment plan; based on alleged failure to comply with a payment plan that is void as contrary to public policy; and based on a no-fault termination of tenancy, each in violation of the moratorium. Propounding Party filed this action in violation of the County's eviction moratorium.

(b)    See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)    See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

**LOS ANGELES COUNTY RENT STABILIZATION ORDINANCE**

(a)    The premises is a covered rental unit subject to the L.A. County Rent Stabilization Ordinance. Propounding Party failed to comply with the Ordinance; failed to serve a Notice of Termination on the tenant via certified mail, return receipt requested; did not have a permitted cause for eviction; did not submit a true and accurate copy of the Notice of Termination and proof of service to the Department of Consumer and Business Affairs of the County of Los Angeles (DCBA) within five days of service; failed to maintain proof of service of compliance with the prohibition on rent increases;

7

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

failed to comply with the Ordinance's posting requirements; demanded rent exceeding the legal amount; did not qualify the termination as at-fault or no-fault; gave an insufficient notice to cure; reduced housing services—including by the habitability defects—which constitute illegal rent increases entitling Responding Party to an offset, including an offset for prior unlawful late fees; served a notice that does not permit a determination of the date, place, witnesses, and circumstances of the reason for eviction; failed to give ten days to cure a material term; seeks to enforce a non-material term; failed to comply with Government Code sections 7060–7060.7; pursued this action in violation of the prohibition on retaliation and harassment under L.A. County Municipal Code section 8.52.130; is not seeking possession in good faith for occupancy as a primary residence; failed to disclose the eligible individual and relationship to the Department 60 days before the tenancy's final date; demanded rent not exceeding the HUD Fair Market Rent threshold; is not similarly situated as the household under the County RSO; seeks to impose new terms not consented to in writing; failed to comply with the Tenants' Right to Counsel Ordinance (L.A. County Municipal Code section 8.60.050) and the relocation-specialist requirements; accepted rent or consideration beyond the terminated tenancy in violation of section 8.52.090(B)(2); failed to register the unit and/or pay the annual registration fee under sections 8.52.080 and 8.65.030; demanded, accepted, or retained a security deposit in excess of the amount permitted by section 8.52.055; is endeavoring to recover possession upon facts or a legal theory untenable under section 8.52.130(A)(7); provided false information regarding tenant protections in violation of section 8.52.130(A)(9); refused to acknowledge or accept lawful rent payment in violation of section 8.52.130; relies upon waiver provisions void under section 8.52.190; and failed to submit the

8

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

549

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

required owner move-in documents to the County RSO Department.

(b)     See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)     See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

## ESTOPPEL, WAIVER, OR BAD FAITH

(a)     Propounding Party is estopped from pursuing this eviction and has waived the right to prosecute an unlawful detainer because Propounding Party accepted a rent payment after service of the notice to quit, thereby renewing the tenancy; accepted a rent payment with full knowledge of the alleged breach, thereby waiving forfeiture and renewing the tenancy; retained a check or money order without negotiating it for an unreasonably long time, thereby accepting payment and renewing the tenancy; refused to accept the tender of rent; in bad faith prevented payment of rent; permitted late payment within a grace period or upon a late charge such that Responding Party was not in default; made other payment arrangements after service of the notice upon which Responding Party detrimentally relied; and holds a security deposit available to off-set any claimed default such that no rent is delinquent.

(b)     See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)     See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

## NO BREACH OF COVENANT

(a)     Propounding Party has demanded compliance with a term of the lease or rental agreement that is not legally enforceable; Responding Party denies the allegations

9

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

550

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

stated in the notice; and Propounding Party did not serve a proper notice to use pesticides under governing municipal and state law, so Responding Party was under no obligation to permit entry.

(b)    See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)    See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

**DEFECTIVE NOTICE**

(a)    The notice is defective and/or inapplicable because the amount of rent demanded exceeds the amount due, including because Responding Party is entitled to a set-off and because the notice includes fees, a rental surcharge, or liquidated damages in violation of Civil Code sections 1671(c)(2) and 1951.5; the notice did not adequately identify a person or address where rent was to be paid; the person identified was not actually available at the stated time and place; the notice was not served in person or by both posting and mailing; the notice was not served at all; the property is covered by the federal CARES Act and Propounding Party did not provide 30 days' notice to vacate; the notice failed to state the fair market rent and/or number of bedrooms; and the notice was superseded by a later-served notice.

(b)    See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)    See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

**MISCELLANEOUS**

(a)    Propounding Party lacks standing and/or capacity to bring this action; Responding

10

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

551

Party is entitled to an offset based on prior payments of unlawful late fees that caused rent to exceed the maximum allowable rent; Propounding Party served the notice, filed this action, and/or imposed a rent increase to retaliate against Responding Party for invoking the right to complain regarding habitability or the peaceful exercise of other rights; the notice to pay rent or quit is overstated because it requests payment for months previously litigated in Hoi Kan Lau v. Cynthia Carter, Christopher Lopez, LASC Case No. 24PDUD01782, which is now res judicata and/or barred by collateral estoppel; the action is the product of arbitrary discrimination; the notice was not served in compliance with the parties' lease agreement; Propounding Party is neither the owner nor authorized management; Propounding Party is a new owner/manager who failed to provide proper notice of the change in ownership or management required by Civil Code sections 1111 and 1962(c); Propounding Party filed the Complaint before expiration of the notice; and the notice fails to comply with Civil Code section 1946.1.

(b)     See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)     See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

**PERSONS WITH KNOWLEDGE (Subpart (b), applicable to each denial and affirmative defense above):**

The following persons have knowledge of the facts supporting the foregoing denials and affirmative defenses, and discovery and investigation are ongoing: Responding Party Cynthia Carter, c/o Law Office of Kevin P. Hermansen, P.C., 13654 Victory Boulevard, Suite 111, Van Nuys, CA 91401, (818) 971-9992; co-defendant Christopher Lopez, c/o counsel of record at the same address and telephone; Margarita Alvarez, c/o counsel of record at the same address and telephone;

11

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

Propounding Party Shing Lung Lau, 6726 Salter Avenue, Arcadia, CA 91007, (718) 300-6010, together with his agents, property managers, employees, and attorneys; Hoi Kan Lau and Siu Fan Tsang, c/o their counsel of record; the Los Angeles County Department of Consumer and Business Affairs (DCBA), 500 West Temple Street, Los Angeles, CA 90012, (800) 593-8222, including its personnel responsible for rent registration, eviction filings, and enforcement of the County Rent Stabilization Ordinance and eviction moratorium; any code enforcement, building and safety, public health, or other governmental inspectors with knowledge of the conditions of the premises; all contractors, repair persons, pest-control providers, and inspectors who examined or worked at the premises; and all percipient witnesses, custodians of record, and persons identified in the parties' discovery responses and document productions. Responding Party reserves the right to identify additional persons as discovery proceeds.

**DOCUMENTS AND TANGIBLE THINGS (Subpart (c), applicable to each denial and affirmative defense above):**

The following documents and tangible things support the foregoing denials and affirmative defenses, and are in the possession, custody, or control of the parties and/or the persons or entities identified, and discovery is ongoing: the lease and rental agreement and all addenda, amendments, and renewals; all notices to quit, pay rent or quit, and termination notices, and all proofs of service thereof; all habitability complaints, work orders, and repair and inspection records, together with all photographs, video, and audio depicting the condition of the premises; all communications between or among the parties and their agents; the pleadings, orders, transcripts, and court records in this action (LASC Case No. 26PDUD00798) and in the related and prior actions, including Hoi Kan Lau v. Cynthia Carter, Christopher Lopez, LASC Case No. 24PDUD01782, and Siu Fan Tsang v. Cynthia Carter, et al., LASC Case No. 24PDUD04392; all records, registration filings, rent registry data, and correspondence of and with the Los Angeles County Department of Consumer and Business Affairs

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

(DCBA), 500 West Temple Street, Los Angeles, CA 90012; all governmental inspection reports, citations, and substandard-condition records; the grant deed and related ownership documents, and management records concerning the property; and all documents produced or to be produced in discovery in this action. Responding Party reserves the right to identify additional documents as discovery proceeds.

Responding Party's investigation and development of the facts and circumstances relating to this action is ongoing. Responding Party expressly reserves the right to supplement, clarify, revise, or correct these responses.

DATED: June 2, 2026                     Law Office of Kevin P. Hermansen, P.C.

                                        By:_____
                                           Kevin Hermansen
                                           Attorney for Defendant CYNTHIA CARTER

13

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

554

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

## VERIFICATION

I, Cynthia Carter, am the responding party in this action. I have read the foregoing discovery responses, or have had them read to me. I declare under penalty of perjury under the laws of the State of California that, based upon information and belief, the foregoing responses are true and correct.

DATED: June 2, 2026                                  By:_____

                                                              Cynthia Carter

14

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET ONE

555

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

**PROOF OF SERVICE**

Kevin Hermansen, State Bar No. 266254
*Law Office of Kevin P. Hermansen, P.C.*
13654 Victory Boulevard, Suite 111
Van Nuys, California 91401
Telephone: (818) 971-9992
Email: kevin@kphlegal.com

Attorney for Defendants, Christopher Lopez, Cynthia Carter

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SHING LUNG LAU,<br><br>              Plaintiff,<br><br>       v.<br><br>CHRISTOPHER LOPEZ, CYNTHIA CARTER;<br><br>              Defendants | LASC Case No. 26PDUD00798<br><br>**RESPONSES TO FORM INTERROGATORIES—GENERAL, SET TWO** |

**DEFENDANT CYNTHIA CARTER'S RESPONSES TO PLAINTIFF SHING LUNG LAU'S**

**FORM INTERROGATORIES—GENERAL, SET TWO**

PROPOUNDING PARTY:    Plaintiff SHING LUNG LAU

RESPONDING PARTY:     Defendant CYNTHIA CARTER

SET NO.:              TWO

1

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET TWO

557

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

Pursuant to Code of Civil Procedure section 2030.210 et seq., responding party Defendant CYNTHIA CARTER ("Responding Party") hereby responds and objects to the Form Interrogatories—General, Set Two ("FROGs," and each a "FROG") propounded by plaintiff SHING LUNG LAU ("Propounding Party") as follows:

## PRELIMINARY STATEMENT

1. Responding Party has attempted in good faith to respond to the FROGs in accordance with Code of Civil Procedure sections 2030.210 through 2030.310 and other applicable law. These responses are based on information presently available and are provided subject to Responding Party's right to rely upon subsequently discovered facts, or facts the relevance, significance, or applicability of which have not yet been ascertained.

2. Responding Party reserves the right to change, supplement, or amend these responses if different or additional responsive information is later developed. Responding Party objects to each and every FROG to the extent it purports to waive that right.

3. Each response is made subject to all appropriate objections, including objections as to competency, relevance, materiality, propriety, and admissibility, that would require or support the exclusion of any statement contained herein if the FROGs were asked of, or any statement herein were made by, a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial or other hearing.

4. Responding Party's adoption of any term appearing in the FROGs is solely for convenience and does not concede that any such term or definition is accurate, nor may any response be construed as conceding the truth of any factual or legal assertion contained in the FROGs.

## GENERAL OBJECTIONS

1. Responding Party objects to each and every FROG to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine,

2

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET TWO

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

or any other privilege or protection. Responding Party will provide only non-privileged, otherwise discoverable information, and does not waive any privilege by doing so.

2. Responding Party objects to each and every FROG to the extent it is vague and/or ambiguous. Where possible, Responding Party will make reasonable assumptions as to the intended meaning and respond accordingly while preserving all objections as to vagueness and ambiguity.

3. Responding Party objects to each and every FROG to the extent it is overbroad, unduly burdensome, or harassing, or seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence.

4. Responding Party objects to each and every FROG to the extent it seeks information that is publicly available, already within Propounding Party's possession, custody, or control, or equally available to Propounding Party.

5. Responding Party objects to each and every FROG to the extent it seeks confidential, proprietary, or private information, including information protected by the right to privacy.

6. Responding Party objects to each and every FROG to the extent it seeks the premature disclosure of expert testimony, opinions, or theories that will be the subject of expert disclosure under Code of Civil Procedure sections 2034.210–2034.310.

7. Responding Party objects to each and every FROG to the extent it is a premature contention interrogatory. Discovery and investigation are continuing, and Responding Party has not completed its investigation of the facts or its preparation for trial.

8. Responding Party objects to each and every FROG to the extent it seeks electronically stored information from sources that are not reasonably accessible.

9. Responding Party objects to each and every FROG, and to the putative definitions and instructions, to the extent they exceed or purport to impose obligations beyond those required

3

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET TWO

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

by the Code of Civil Procedure and other governing law.

10. Responding Party reserves all objections as to relevance and admissibility of any response, or the subject matter thereof, in any subsequent proceeding or at trial.

11. Each of the foregoing general objections is incorporated by reference into each specific response set forth below, whether or not separately restated.

## RESPONSES TO FORM INTERROGATORIES—GENERAL

**FORM INTERROGATORY NO. 15.1:**

Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each: (a) state all facts on which you base the denial or special or affirmative defense; (b) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and (c) identify all DOCUMENTS and other tangible things that support your denial or special or affirmative defense, and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**RESPONSE TO FORM INTERROGATORY NO. 15.1:**

Responding Party incorporates the General Objections set forth above. Responding Party further objects that this interrogatory is overbroad, compound, and burdensome, and that it prematurely seeks contentions and the application of facts to legal theories before discovery and investigation are complete. Subject to and without waiving those objections, and reserving the right to supplement, Responding Party responds as follows.

Responding Party generally and specifically denies each and every material allegation of the Complaint and First Amended Complaint, including that any rent or holdover damages are due, that Propounding Party is entitled to possession, and that Propounding Party has been damaged in any sum. The facts supporting that denial, and each of the affirmative defenses pleaded in Responding Party's verified Answer, are as set forth in the Answer and are summarized below. Responding Party

4

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

identifies the denials and affirmative defenses as pleaded, the facts being those alleged in the Answer:

**GENERAL DENIAL**

(a)     Pursuant to Code of Civil Procedure section 431.30, Responding Party denies generally and specifically each allegation of the Complaint, denies that any rent or holdover damages are due in any sum or at all, and denies that Propounding Party is entitled to possession or to any general, equitable, or other damages or relief requested.

(b)     See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)     See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

**BREACH OF THE WARRANTY OF HABITABILITY**

(a)     The rent and holdover damages demanded are not due because Propounding Party breached the implied warranty of habitability. The dwelling and/or common areas of the subject property suffer from defects that render the premises untenantable, including but not limited to: ineffective waterproofing and weather protection of the roof, exterior walls, broken windows, or doors; plumbing not in good working order, including the supply of hot and cold running water; lack of a properly functioning heating unit; defective or exposed electrical wiring; rodents and/or other vermin; floors, stairways, or railings in disrepair; an exterior door without a functioning lock; missing or damaged window screens; holes in the walls and/or ceilings; a missing or broken smoke detector or carbon monoxide detector; unclean common areas; and an inadequate number of receptacles for garbage. The property is substandard as defined by Health and Safety Code section 17920.3.

(b)     See the persons identified in the omnibus statement of witnesses below, each of

5

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET TWO

561

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

whom has knowledge of the facts supporting this denial and affirmative defense.

(c)   See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

## CALIFORNIA TENANT PROTECTION ACT OF 2019 (AB 1482)

(a)   Responding Party is a tenant who has continuously and lawfully occupied the premises for the periods set forth in Civil Code section 1946.2, and the premises is subject to that statute. Propounding Party is not proceeding in good faith to recover possession; the rental agreement commenced or renewed on or after July 1, 2020 did not contain the required statutory language; the notice is defective because there is no just cause to evict; Propounding Party failed to state a cause for eviction; Propounding Party proceeded on an at-fault basis without stating a permissible at-fault reason under Code of Civil Procedure section 1946.2(b)(1)(A)–(K) and/or on a no-fault basis without stating a permissible no-fault reason under section 1946.2(b)(2)(A)–(D); Propounding Party failed to give notice and an opportunity to cure a curable violation; seeks to evict for an immaterial term and/or failed to issue a written notice to correct; seeks to evict for refusal to execute a non-conforming new lease; seeks to evict based on an alleged owner intent to occupy without a lease provision permitting it; seeks to evict for an alleged "substantial remodel" that does not meet the statutory definition; failed to provide required relocation assistance or a rent waiver and failed to notify Responding Party of the right to relocation assistance or rent waiver as required by section 1946.2(d); and is evicting for alleged nonpayment of rent that was increased in excess of the amounts permitted by the Act.

(b)   See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

6

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET TWO

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

(c)    See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

## COUNTY'S EVICTION MORATORIUM (LOS ANGELES)

(a)    The property is located in the County of Los Angeles and is subject to the County's eviction moratorium. Propounding Party is attempting to evict based on nonpayment of rent, late charges, interest, or other fees accrued due to financial impacts related to COVID-19; for denying entry to the landlord; based on nonpayment due to COVID-19 financial hardship and alleged failure to repay within the applicable period; based on alleged failure to pay back unpaid rent under a payment plan; based on alleged failure to comply with a payment plan that is void as contrary to public policy; and based on a no-fault termination of tenancy, each in violation of the moratorium. Propounding Party filed this action in violation of the County's eviction moratorium.

(b)    See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)    See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

## LOS ANGELES COUNTY RENT STABILIZATION ORDINANCE

(a)    The premises is a covered rental unit subject to the L.A. County Rent Stabilization Ordinance. Propounding Party failed to comply with the Ordinance; failed to serve a Notice of Termination on the tenant via certified mail, return receipt requested; did not have a permitted cause for eviction; did not submit a true and accurate copy of the Notice of Termination and proof of service to the Department of Consumer and Business Affairs of the County of Los Angeles (DCBA) within five days of service; failed to maintain proof of service of compliance with the prohibition on rent increases;

7

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET TWO

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

failed to comply with the Ordinance's posting requirements; demanded rent exceeding the legal amount; did not qualify the termination as at-fault or no-fault; gave an insufficient notice to cure; reduced housing services—including by the habitability defects—which constitute illegal rent increases entitling Responding Party to an offset, including an offset for prior unlawful late fees; served a notice that does not permit a determination of the date, place, witnesses, and circumstances of the reason for eviction; failed to give ten days to cure a material term; seeks to enforce a non-material term; failed to comply with Government Code sections 7060–7060.7; pursued this action in violation of the prohibition on retaliation and harassment under L.A. County Municipal Code section 8.52.130; is not seeking possession in good faith for occupancy as a primary residence; failed to disclose the eligible individual and relationship to the Department 60 days before the tenancy's final date; demanded rent not exceeding the HUD Fair Market Rent threshold; is not similarly situated as the household under the County RSO; seeks to impose new terms not consented to in writing; failed to comply with the Tenants' Right to Counsel Ordinance (L.A. County Municipal Code section 8.60.050) and the relocation-specialist requirements; accepted rent or consideration beyond the terminated tenancy in violation of section 8.52.090(B)(2); failed to register the unit and/or pay the annual registration fee under sections 8.52.080 and 8.65.030; demanded, accepted, or retained a security deposit in excess of the amount permitted by section 8.52.055; is endeavoring to recover possession upon facts or a legal theory untenable under section 8.52.130(A)(7); provided false information regarding tenant protections in violation of section 8.52.130(A)(9); refused to acknowledge or accept lawful rent payment in violation of section 8.52.130; relies upon waiver provisions void under section 8.52.190; and failed to submit the

8

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

required owner move-in documents to the County RSO Department.

(b)     See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)     See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

## ESTOPPEL, WAIVER, OR BAD FAITH

(a)     Propounding Party is estopped from pursuing this eviction and has waived the right to prosecute an unlawful detainer because Propounding Party accepted a rent payment after service of the notice to quit, thereby renewing the tenancy; accepted a rent payment with full knowledge of the alleged breach, thereby waiving forfeiture and renewing the tenancy; retained a check or money order without negotiating it for an unreasonably long time, thereby accepting payment and renewing the tenancy; refused to accept the tender of rent; in bad faith prevented payment of rent; permitted late payment within a grace period or upon a late charge such that Responding Party was not in default; made other payment arrangements after service of the notice upon which Responding Party detrimentally relied; and holds a security deposit available to off-set any claimed default such that no rent is delinquent.

(b)     See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)     See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

## NO BREACH OF COVENANT

(a)     Propounding Party has demanded compliance with a term of the lease or rental agreement that is not legally enforceable; Responding Party denies the allegations

9

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET TWO

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

stated in the notice; and Propounding Party did not serve a proper notice to use pesticides under governing municipal and state law, so Responding Party was under no obligation to permit entry.

(b)     See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)     See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

## DEFECTIVE NOTICE

(a)     The notice is defective and/or inapplicable because the amount of rent demanded exceeds the amount due, including because Responding Party is entitled to a set-off and because the notice includes fees, a rental surcharge, or liquidated damages in violation of Civil Code sections 1671(c)(2) and 1951.5; the notice did not adequately identify a person or address where rent was to be paid; the person identified was not actually available at the stated time and place; the notice was not served in person or by both posting and mailing; the notice was not served at all; the property is covered by the federal CARES Act and Propounding Party did not provide 30 days' notice to vacate; the notice failed to state the fair market rent and/or number of bedrooms; and the notice was superseded by a later-served notice.

(b)     See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)     See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

## MISCELLANEOUS

(a)     Propounding Party lacks standing and/or capacity to bring this action; Responding

10

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET TWO

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

Party is entitled to an offset based on prior payments of unlawful late fees that caused rent to exceed the maximum allowable rent; Propounding Party served the notice, filed this action, and/or imposed a rent increase to retaliate against Responding Party for invoking the right to complain regarding habitability or the peaceful exercise of other rights; the notice to pay rent or quit is overstated because it requests payment for months previously litigated in Hoi Kan Lau v. Cynthia Carter, Christopher Lopez, LASC Case No. 24PDUD01782, which is now res judicata and/or barred by collateral estoppel; the action is the product of arbitrary discrimination; the notice was not served in compliance with the parties' lease agreement; Propounding Party is neither the owner nor authorized management; Propounding Party is a new owner/manager who failed to provide proper notice of the change in ownership or management required by Civil Code sections 1111 and 1962(c); Propounding Party filed the Complaint before expiration of the notice; and the notice fails to comply with Civil Code section 1946.1.

(b)    See the persons identified in the omnibus statement of witnesses below, each of whom has knowledge of the facts supporting this denial and affirmative defense.

(c)    See the documents identified in the omnibus statement of documents below, each of which supports this denial and affirmative defense.

**PERSONS WITH KNOWLEDGE (Subpart (b), applicable to each denial and affirmative defense above):**

The following persons have knowledge of the facts supporting the foregoing denials and affirmative defenses, and discovery and investigation are ongoing: Responding Party Cynthia Carter, c/o Law Office of Kevin P. Hermansen, P.C., 13654 Victory Boulevard, Suite 111, Van Nuys, CA 91401, (818) 971-9992; co-defendant Christopher Lopez, c/o counsel of record at the same address and telephone; Margarita Alvarez, c/o counsel of record at the same address and telephone;

11

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET TWO

567

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

Propounding Party Shing Lung Lau, 6726 Salter Avenue, Arcadia, CA 91007, (718) 300-6010, together with his agents, property managers, employees, and attorneys; Hoi Kan Lau and Siu Fan Tsang, c/o their counsel of record; the Los Angeles County Department of Consumer and Business Affairs (DCBA), 500 West Temple Street, Los Angeles, CA 90012, (800) 593-8222, including its personnel responsible for rent registration, eviction filings, and enforcement of the County Rent Stabilization Ordinance and eviction moratorium; any code enforcement, building and safety, public health, or other governmental inspectors with knowledge of the conditions of the premises; all contractors, repair persons, pest-control providers, and inspectors who examined or worked at the premises; and all percipient witnesses, custodians of record, and persons identified in the parties' discovery responses and document productions. Responding Party reserves the right to identify additional persons as discovery proceeds.

**DOCUMENTS AND TANGIBLE THINGS (Subpart (c), applicable to each denial and affirmative defense above):**

The following documents and tangible things support the foregoing denials and affirmative defenses, and are in the possession, custody, or control of the parties and/or the persons or entities identified, and discovery is ongoing: the lease and rental agreement and all addenda, amendments, and renewals; all notices to quit, pay rent or quit, and termination notices, and all proofs of service thereof; all habitability complaints, work orders, and repair and inspection records, together with all photographs, video, and audio depicting the condition of the premises; all communications between or among the parties and their agents; the pleadings, orders, transcripts, and court records in this action (LASC Case No. 26PDUD00798) and in the related and prior actions, including Hoi Kan Lau v. Cynthia Carter, Christopher Lopez, LASC Case No. 24PDUD01782, and Siu Fan Tsang v. Cynthia Carter, et al., LASC Case No. 24PDUD04392; all records, registration filings, rent registry data, and correspondence of and with the Los Angeles County Department of Consumer and Business Affairs

12

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET TWO

568

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

(DCBA), 500 West Temple Street, Los Angeles, CA 90012; all governmental inspection reports, citations, and substandard-condition records; the grant deed and related ownership documents, and management records concerning the property; and all documents produced or to be produced in discovery in this action. Responding Party reserves the right to identify additional documents as discovery proceeds.

**FORM INTERROGATORY NO. 17.1:**

Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: (a) state the number of the request; (b) state all facts on which you base your response; (c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and (d) identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

**RESPONSE TO FORM INTERROGATORY NO. 17.1:**

Responding Party incorporates the General Objections set forth above. Responding Party further objects that this interrogatory is overbroad and premature, and objects to the extent the Requests for Admission referenced were not served with these interrogatories. Subject to and without waiving those objections, and reserving the right to supplement, Responding Party responds that none of its responses to Plaintiff's Requests for Admission, Set One, is an unqualified admission, and responds as to each as follows:

(a) Request No. 1. (b) This response is an objection and not an admission or denial. The Request employs the term "YOU," which is not defined anywhere in the Requests, rendering it vague, ambiguous, and not stated with the particularity required by Code of Civil Procedure section 2033.060; Responding Party therefore could neither admit nor deny the matter as framed.

(a) Request No. 2. (b) Responding Party denied this Request. Contrary to the matter

13

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET TWO

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

Propounding Party seeks to have admitted, rodents and other vermin have been present at and about the subject property, as alleged among the habitability defects in Responding Party's verified Answer and as set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 3. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 4. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 5. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 6. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

14

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET TWO

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

(a) Request No. 7. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 8. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 9. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 10. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 11. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's

15

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET TWO

571

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(a) Request No. 12. (b) Responding Party denied this Request. The statement quoted in the Request is one of the affirmative defenses set forth in Responding Party's verified Answer, which Responding Party contends is true and correct and not false; the facts on which Responding Party bases this response are those alleged in the verified Answer and set forth in Responding Party's response to Form Interrogatory No. 15.1 above, which is incorporated herein by reference.

(c) The following persons have knowledge of the facts supporting the foregoing denials and affirmative defenses, and discovery and investigation are ongoing: Responding Party Cynthia Carter, c/o Law Office of Kevin P. Hermansen, P.C., 13654 Victory Boulevard, Suite 111, Van Nuys, CA 91401, (818) 971-9992; co-defendant Christopher Lopez, c/o counsel of record at the same address and telephone; Margarita Alvarez, c/o counsel of record at the same address and telephone; Propounding Party Shing Lung Lau, 6726 Salter Avenue, Arcadia, CA 91007, (718) 300-6010, together with his agents, property managers, employees, and attorneys; Hoi Kan Lau and Siu Fan Tsang, c/o their counsel of record; the Los Angeles County Department of Consumer and Business Affairs (DCBA), 500 West Temple Street, Los Angeles, CA 90012, (800) 593-8222, including its personnel responsible for rent registration, eviction filings, and enforcement of the County Rent Stabilization Ordinance and eviction moratorium; any code enforcement, building and safety, public health, or other governmental inspectors with knowledge of the conditions of the premises; all contractors, repair persons, pest-control providers, and inspectors who examined or worked at the premises; and all percipient witnesses, custodians of record, and persons identified in the parties' discovery responses and document productions. Responding Party reserves the right to identify additional persons as discovery proceeds.

(d) The following documents and tangible things support the foregoing denials and affirmative defenses, and are in the possession, custody, or control of the parties and/or the persons or entities

16

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET TWO

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

identified, and discovery is ongoing: the lease and rental agreement and all addenda, amendments, and renewals; all notices to quit, pay rent or quit, and termination notices, and all proofs of service thereof; all habitability complaints, work orders, and repair and inspection records, together with all photographs, video, and audio depicting the condition of the premises; all communications between or among the parties and their agents; the pleadings, orders, transcripts, and court records in this action (LASC Case No. 26PDUD00798) and in the related and prior actions, including Hoi Kan Lau v. Cynthia Carter, Christopher Lopez, LASC Case No. 24PDUD01782, and Siu Fan Tsang v. Cynthia Carter, et al., LASC Case No. 24PDUD04392; all records, registration filings, rent registry data, and correspondence of and with the Los Angeles County Department of Consumer and Business Affairs (DCBA), 500 West Temple Street, Los Angeles, CA 90012; all governmental inspection reports, citations, and substandard-condition records; the grant deed and related ownership documents, and management records concerning the property; and all documents produced or to be produced in discovery in this action. Responding Party reserves the right to identify additional documents as discovery proceeds.

Responding Party's investigation and development of the facts and circumstances relating to this action is ongoing. Responding Party expressly reserves the right to supplement, clarify, revise, or correct these responses.

DATED: June 2, 2026                          Law Office of Kevin P. Hermansen, P.C.


By: _____
        Kevin Hermansen
        Attorney for Defendant CYNTHIA CARTER


17
RESPONSES TO FORM INTERROGATORIES, GENERAL, SET TWO

573

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

574

**VERIFICATION**

I, Cynthia Carter, am the responding party in this action. I have read the foregoing discovery responses, or have had them read to me. I declare under penalty of perjury under the laws of the State of California that, based upon information and belief, the foregoing responses are true and correct.

DATED: June 2, 2026                                By:_____

                                                            Cynthia Carter

RESPONSES TO FORM INTERROGATORIES, GENERAL, SET TWO

574

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

**PROOF OF SERVICE**

Kevin Hermansen, State Bar No. 266254
*Law Office of Kevin P. Hermansen, P.C.*
13654 Victory Boulevard, Suite 111
Van Nuys, California 91401
Telephone: (818) 971-9992
Email: kevin@kphlegal.com

Attorney for Defendants, Christopher Lopez, Cynthia Carter

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SHING LUNG LAU, <br><br> Plaintiff, <br> v. <br><br> CHRISTOPHER LOPEZ, CYNTHIA CARTER; <br><br> Defendants | LASC Case No. 26PDUD00798 <br><br> **RESPONSES TO REQUESTS FOR ADMISSION, SET ONE** |

**DEFENDANT CYNTHIA CARTER'S RESPONSES TO PLAINTIFF SHING LUNG LAU'S**

**REQUESTS FOR ADMISSION, SET ONE**

PROPOUNDING PARTY:    Plaintiff SHING LUNG LAU

RESPONDING PARTY:    Defendant CYNTHIA CARTER

SET NO.:    ONE

Pursuant to Code of Civil Procedure section 2033.210 et seq., responding party Defendant CYNTHIA CARTER ("Responding Party") hereby responds and objects to the Requests for Admission, Set One ("Requests," and each a "Request" or "RFA") propounded by plaintiff SHING LUNG LAU ("Propounding Party") as follows:

1

RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

576

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

## PRELIMINARY STATEMENT

1.      Responding Party has attempted in good faith to respond to the Requests in accordance with Code of Civil Procedure sections 2033.210 through 2033.300 and other applicable law. These responses are based on information presently available, and are provided subject to Responding Party's right to rely upon subsequently discovered facts or facts the relevance, significance, or applicability of which have not yet been ascertained.

2.      Responding Party reserves the right to change, supplement, or amend these responses if different or additional responsive information is later developed. Responding Party objects to each and every Request to the extent it purports to waive that right.

3.      Each response is made subject to all appropriate objections, including objections as to competency, relevance, materiality, propriety, and admissibility, that would require or support the exclusion of any statement contained herein if made by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial or other hearing.

4.      Responding Party's adoption of any term appearing in the Requests is solely for convenience and does not concede that any such term or definition is accurate, nor may any response be construed as conceding the truth of any factual or legal assertion contained in the Requests.

## GENERAL OBJECTIONS

1.      Responding Party objects to each and every Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection.

2.      Responding Party objects to each and every Request to the extent it is vague, ambiguous, unintelligible, compound, or fails to state the matter with the particularity required by Code of Civil Procedure section 2033.060. Where possible, Responding Party will make reasonable

2

RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

577

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

assumptions as to the intended meaning and respond accordingly while preserving all objections.

3.    Responding Party objects to each and every Request to the extent it is overbroad, unduly burdensome, oppressive, or harassing, or seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Responding Party objects to each and every Request to the extent it seeks a legal conclusion, calls for the application of law to fact in a manner that is improper for a request for admission, or asks Responding Party to admit or deny the truth or falsity of a legal contention or affirmative defense.

5.    Responding Party objects to each and every Request to the extent it seeks information equally available to, or already within the possession, custody, or control of, Propounding Party, including the pleadings and court records.

6.    Responding Party objects to the demand that responses be served within five days at Propounding Party's residence to the extent the time, place, and manner specified are unreasonable, oppressive, or not in compliance with the Code of Civil Procedure; Responding Party serves these responses in accordance with governing law.

7.    Responding Party objects to each and every Request to the extent it seeks confidential, proprietary, or private information, including information protected by the right to privacy of Responding Party or third parties.

8.    Responding Party has not completed its investigation and discovery in this matter. These responses are based only upon information presently known, and Responding Party reserves the right to amend or supplement.

9.    Each of the foregoing general objections is incorporated by reference into each specific

3

RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

578

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

response set forth below, whether or not separately restated.

## RESPONSES TO REQUESTS FOR ADMISSION

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Responding Party incorporates the General Objections set forth above. Responding Party objects to this Request on the ground that it employs the term "YOU," which is not defined anywhere in the Requests. As framed, the term "YOU" is vague, ambiguous, and unintelligible, and fails to identify with reasonable particularity the person or entity to which it refers, so that Responding Party cannot determine the matter Propounding Party seeks to have admitted. On that basis, and because the Request does not state the matter with the particularity required by Code of Civil Procedure section 2033.060, Responding Party objects and is unable to admit or deny the Request as written. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the

4

RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

579

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Responding Party incorporates by reference the General Objections set forth above as

5

RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Responding Party incorporates by reference the General Objections set forth above as though fully set forth herein. Subject to and without waiving those objections, and based on the information reasonably available to Responding Party after a reasonable inquiry, Responding Party DENIES the matter set forth in this Request.

Responding Party's investigation and development of the facts and circumstances relating to this action is ongoing. Responding Party expressly reserves the right to supplement, clarify, revise, or correct these responses.

DATED: June 2, 2026          Law Office of Kevin P. Hermansen, P.C.

6

RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

582

By:_____
    Kevin Hermansen
    Attorney for Defendant CYNTHIA CARTER

7

RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

## VERIFICATION

I, Cynthia Carter, am the responding party in this action. I have read the foregoing discovery responses, or have had them read to me. I declare under penalty of perjury under the laws of the State of California that, based upon information and belief, the foregoing responses are true and correct.


DATED: June 2, 2026          By:_____

                             Cynthia Carter

8

RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

**PROOF OF SERVICE**

PROOF OF SERVICE

Kevin Hermansen, State Bar No. 266254
*Law Office of Kevin P. Hermansen, P.C.*
13654 Victory Boulevard, Suite 111
Van Nuys, California 91401
Telephone: (818) 971-9992
Email: kevin@kphlegal.com

Attorney for Defendants, Christopher Lopez, Cynthia Carter

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SHING LUNG LAU,<br><br>          Plaintiff,<br><br>     v.<br><br>CHRISTOPHER LOPEZ, CYNTHIA CARTER;<br><br>          Defendants | LASC Case No. 26PDUD00798<br><br>**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** |

**DEFENDANT CYNTHIA CARTER'S RESPONSES TO PLAINTIFF SHING LUNG LAU'S**

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

PROPOUNDING PARTY:    Plaintiff SHING LUNG LAU

RESPONDING PARTY:    Defendant CYNTHIA CARTER

SET NO.:        ONE

Pursuant to Code of Civil Procedure section 2031.210 et seq., responding party Defendant CYNTHIA CARTER ("Responding Party") hereby responds and objects to the First Set of Requests for Inspection and Production of Documents ("Requests," and each a "Request" or "Demand") propounded by plaintiff SHING LUNG LAU ("Propounding Party" or "Demanding Party") as follows:

1

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

585

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

## PRELIMINARY STATEMENT

1. Responding Party has attempted in good faith to respond to the Requests in accordance with Code of Civil Procedure sections 2031.210 through 2031.310 and other applicable law. These responses are based on information and documents presently available, and are provided subject to Responding Party's right to rely upon subsequently discovered facts or documents, the relevance, significance, or applicability of which have not yet been ascertained.

2. Responding Party reserves the right to change, supplement, or amend these responses and any production if different or additional responsive documents are later located or developed. Responding Party objects to each and every Request to the extent it purports to waive that right.

3. Each response and any production is made subject to all appropriate objections, including objections as to competency, relevance, materiality, propriety, and admissibility, that would require or support the exclusion of any document or statement contained herein if offered by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial or other hearing.

4. Responding Party's adoption of any term appearing in the Requests is solely for convenience and does not concede that any such term, definition, or instruction is accurate, complete, or proper, nor may any response or production be construed as conceding the truth of any factual or legal assertion contained in the Requests.

## GENERAL OBJECTIONS

1. Responding Party objects to each and every Request to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection. Responding Party will produce only non-privileged, otherwise discoverable documents, and does not waive any privilege by doing so. Any inadvertent production of a privileged document shall not constitute a waiver of any privilege.

2. Responding Party objects to each and every Request to the extent it is vague, ambiguous,

2

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

586

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

and/or unintelligible. Where possible, Responding Party will make reasonable assumptions as to the intended meaning and respond accordingly while preserving all objections as to vagueness and ambiguity.

3.  Responding Party objects to each and every Request to the extent it is overbroad, unduly burdensome, oppressive, or harassing, or seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.  Responding Party objects to each and every Request to the extent it seeks documents that are publicly available, already within Propounding Party's possession, custody, or control, equally available to Propounding Party, or a matter of public record, including documents originating with or filed by Propounding Party.

5.  Responding Party objects to each and every Request to the extent it seeks confidential, proprietary, private, or financial information, including information protected by the constitutional and statutory right to privacy of Responding Party or of third parties.

6.  Responding Party objects to each and every Request to the extent it seeks the premature disclosure of expert opinions, documents, or materials that will be the subject of expert disclosure under Code of Civil Procedure sections 2034.210–2034.310.

7.  Responding Party objects to each and every Request to the extent it calls for electronically stored information from sources that are not reasonably accessible because of undue burden or expense.

8.  Responding Party objects to the putative "DEFINITIONS" and "INSTRUCTIONS" to the extent they purport to impose obligations exceeding those required by the Code of Civil Procedure, including, without limitation, any instruction requiring Responding Party to number defenses, to segregate produced documents into individual folders labeled "Defense ###," to prepare a privilege log in a particular form, or to produce documents in both printed and electronic form. Responding Party will produce responsive documents either as they are kept in the usual course of business or organized and labeled to correspond with the categories

3

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

587

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

of the Requests, as permitted by Code of Civil Procedure section 2031.280.

9.    Responding Party objects to each and every Request, and to the demand that documents be produced within five days at Propounding Party's residence located at 6726 Salter Avenue, Arcadia, California, to the extent the time, place, and manner of production specified are unreasonable, oppressive, or not in compliance with Code of Civil Procedure sections 2031.030 and 2031.280. Responding Party will produce responsive documents by electronic transmission or by mail to Propounding Party concurrently with or within a reasonable time of these responses.

10.    Responding Party objects to each and every Request to the extent it seeks documents already produced in this action or in the related actions, on the ground that such requests are duplicative, cumulative, and burdensome.

11.    Each of the foregoing general objections is incorporated by reference into the specific response set forth below, whether or not separately restated, and Responding Party reserves all objections as to the relevance and admissibility of any document produced.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce all DOCUMENTS identified in your response to Form Interrogatory 15.1(c), taking care so that it is clear which document(s) applies to which defense; the defenses should be numbered and the produced documents put into individual folders labeled "Defense ###" for clarity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party incorporates the General Objections set forth above as though fully set forth herein. Responding Party objects that this Request is overbroad and unduly burdensome in that it is coextensive with the entire file of this action and seeks "all DOCUMENTS" supporting each denial and affirmative defense. Responding Party further objects to the instruction that the defenses be numbered and that documents be segregated into individual folders labeled "Defense ###," on the ground that such an instruction exceeds the requirements of Code of Civil Procedure section 2031.280 and is unduly burdensome; documents need only be produced as they are kept in the usual course of

4

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

business or organized to correspond to the categories in the demand. Responding Party further objects to the extent the Request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine, documents that are equally available to or already in the possession, custody, or control of Propounding Party (including the pleadings, notices, and court records), and documents protected by the right to privacy of Responding Party or third parties.

Subject to and without waiving the foregoing objections, and pursuant to Code of Civil Procedure section 2031.210(a)(1), Responding Party will comply with this Request and will produce all non-privileged DOCUMENTS in her possession, custody, or control that are responsive to this Request and identified in her response to Form Interrogatory No. 15.1(c), as they are kept in the usual course of business or organized to correspond to this Request. Responsive documents are produced concurrently herewith and are Bates-labeled CARTER 000001 through CARTER 000074. To the extent any responsive document is withheld on the basis of privilege or the work-product doctrine, such document will be identified on a privilege log. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this production.

Responding Party's investigation and development of the facts, circumstances, and documents relating to this action is ongoing. Responding Party expressly reserves the right to supplement, clarify, revise, or correct these responses and any production.

DATED: June 2, 2026        Law Office of Kevin P. Hermansen, P.C.

By:_____
                    Kevin Hermansen
                    Attorney for Defendant CYNTHIA CARTER

5

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

589

## VERIFICATION

I, Cynthia Carter, am the responding party in this action. I have read the foregoing discovery responses, or have had them read to me. I declare under penalty of perjury under the laws of the State of California that, based upon information and belief, the foregoing responses are true and correct.

DATED: June 2, 2026          By:_____
                               Cynthia Carter

6

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

590

**PROOF OF SERVICE**

Kevin Hermansen, State Bar No. 266254
*Law Office of Kevin P. Hermansen, P.C.*
13654 Victory Boulevard, Suite 111
Van Nuys, California 91401
Telephone: (818) 971-9992
Email: kevin@kphlegal.com

Attorney for Defendants, Christopher Lopez, Cynthia Carter

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SHING LUNG LAU,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER LOPEZ, CYNTHIA CARTER;<br><br>Defendants | LASC Case No. 26PDUD00798<br><br>**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO** |

**DEFENDANT CYNTHIA CARTER'S RESPONSES TO PLAINTIFF SHING LUNG LAU'S**

**SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

PROPOUNDING PARTY:    Plaintiff SHING LUNG LAU

RESPONDING PARTY:    Defendant CYNTHIA CARTER

SET NO.:    TWO

Pursuant to Code of Civil Procedure section 2031.210 et seq., responding party Defendant CYNTHIA CARTER ("Responding Party") hereby responds and objects to the Second Set of Requests for Inspection and Production of Documents ("Requests," and each a "Request" or "Demand") propounded by plaintiff SHING LUNG LAU ("Propounding Party" or "Demanding

1

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

592

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

Party") as follows:

## PRELIMINARY STATEMENT

1.    Responding Party has attempted in good faith to respond to the Requests in accordance with Code of Civil Procedure sections 2031.210 through 2031.310 and other applicable law. These responses are based on information and documents presently available, and are provided subject to Responding Party's right to rely upon subsequently discovered facts or documents, the relevance, significance, or applicability of which have not yet been ascertained.

2.    Responding Party reserves the right to change, supplement, or amend these responses and any production if different or additional responsive documents are later located or developed. Responding Party objects to each and every Request to the extent it purports to waive that right.

3.    Each response and any production is made subject to all appropriate objections, including objections as to competency, relevance, materiality, propriety, and admissibility, that would require or support the exclusion of any document or statement contained herein if offered by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial or other hearing.

4.    Responding Party's adoption of any term appearing in the Requests is solely for convenience and does not concede that any such term, definition, or instruction is accurate, complete, or proper, nor may any response or production be construed as conceding the truth of any factual or legal assertion contained in the Requests.

## GENERAL OBJECTIONS

1.    Responding Party objects to each and every Request to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection. Responding Party will produce only

2

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

non-privileged, otherwise discoverable documents, and does not waive any privilege by doing so. Any inadvertent production of a privileged document shall not constitute a waiver of any privilege.

2.    Responding Party objects to each and every Request to the extent it is vague, ambiguous, and/or unintelligible. Where possible, Responding Party will make reasonable assumptions as to the intended meaning and respond accordingly while preserving all objections as to vagueness and ambiguity.

3.    Responding Party objects to each and every Request to the extent it is overbroad, unduly burdensome, oppressive, or harassing, or seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Responding Party objects to each and every Request to the extent it seeks documents that are publicly available, already within Propounding Party's possession, custody, or control, equally available to Propounding Party, or a matter of public record, including documents originating with or filed by Propounding Party.

5.    Responding Party objects to each and every Request to the extent it seeks confidential, proprietary, private, or financial information, including information protected by the constitutional and statutory right to privacy of Responding Party or of third parties.

6.    Responding Party objects to each and every Request to the extent it seeks the premature disclosure of expert opinions, documents, or materials that will be the subject of expert disclosure under Code of Civil Procedure sections 2034.210–2034.310.

7.    Responding Party objects to each and every Request to the extent it calls for electronically stored information from sources that are not reasonably accessible because of undue burden or expense.

3

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

8. Responding Party objects to the putative "DEFINITIONS" and "INSTRUCTIONS" to the extent they purport to impose obligations exceeding those required by the Code of Civil Procedure, including, without limitation, any instruction requiring Responding Party to number defenses, to segregate produced documents into individual folders labeled "Defense ###," to prepare a privilege log in a particular form, or to produce documents in both printed and electronic form. Responding Party will produce responsive documents either as they are kept in the usual course of business or organized and labeled to correspond with the categories of the Requests, as permitted by Code of Civil Procedure section 2031.280.

9. Responding Party objects to each and every Request, and to the demand that documents be produced within five days at Propounding Party's residence located at 6726 Salter Avenue, Arcadia, California, to the extent the time, place, and manner of production specified are unreasonable, oppressive, or not in compliance with Code of Civil Procedure sections 2031.030 and 2031.280. Responding Party will produce responsive documents by electronic transmission or by mail to Propounding Party concurrently with or within a reasonable time of these responses.

10. Responding Party objects to each and every Request to the extent it seeks documents already produced in this action or in the related actions, on the ground that such requests are duplicative, cumulative, and burdensome.

11. Each of the foregoing general objections is incorporated by reference into the specific response set forth below, whether or not separately restated, and Responding Party reserves all objections as to the relevance and admissibility of any document produced.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 2:**

Produce any and all bank statements for any account from which the defendants had ever

4

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

595

drawn funds from to pay rent, from May 2023 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party incorporates the General Objections set forth above as though fully set forth herein. Responding Party objects to this Request on the ground that it invades the constitutional and statutory right to privacy of Responding Party and of third parties, in that it seeks Responding Party's private financial records and bank account statements. Responding Party further objects that the Request seeks documents that are neither relevant to the subject matter of this unlawful detainer action nor reasonably calculated to lead to the discovery of admissible evidence; the sole issue in this summary proceeding is the right to possession, and the existence, identity, or contents of any bank account from which rent may have been drawn is not placed in issue by the pleadings. Responding Party further objects that the Request is overbroad as to time and scope. On the basis of the foregoing objections, Responding Party will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Produce any and all bank statements for any account from which the defendants had ever drawn funds from to pay rent, from October 2025 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party incorporates the General Objections set forth above as though fully set forth herein. Responding Party objects to this Request on the ground that it invades the constitutional and statutory right to privacy of Responding Party and of third parties, in that it seeks Responding Party's private financial records and bank account statements. Responding Party further objects that the Request seeks documents that are neither relevant to the subject matter of this unlawful detainer action nor reasonably calculated to lead to the discovery of admissible evidence; the sole issue in this summary proceeding is the right to possession, and the existence, identity, or contents of any bank account from which rent may have been drawn is not placed in issue by the pleadings. Responding

5

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

Party further objects that the Request is overbroad as to time and scope. On the basis of the foregoing objections, Responding Party will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Produce any and all bill, statement, or notice sent to the landlord in accordance with Provision # 22 of the lease agreement dated 7/28/2021 (attached to the complaint as Exhibit # 1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party incorporates the General Objections set forth above as though fully set forth herein. Responding Party objects to this Request on the ground that it is not full and complete in and of itself, as required by Code of Civil Procedure section 2031.030(c)(1), because it does not describe the documents sought with reasonable particularity and instead requires Responding Party to refer to and incorporate documents extrinsic to the Request itself — namely, "Provision # 22 of the lease agreement dated 7/28/2021" and "Exhibit # 1" to the complaint — in order to ascertain what is being requested. As framed, the Request is vague, ambiguous, and unintelligible, and improperly incorporates other documents by reference. On the basis of the foregoing objections, Responding Party cannot respond to the Request as written and will not produce documents in response to it.

Responding Party's investigation and development of the facts, circumstances, and documents relating to this action is ongoing. Responding Party expressly reserves the right to supplement, clarify, revise, or correct these responses and any production.

DATED: June 2, 2026        Law Office of Kevin P. Hermansen, P.C.

By:_____
Kevin Hermansen
Attorney for Defendant CYNTHIA CARTER

6

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

## VERIFICATION

I, Cynthia Carter, am the responding party in this action. I have read the foregoing discovery responses, or have had them read to me. I declare under penalty of perjury under the laws of the State of California that, based upon information and belief, the foregoing responses are true and correct.

DATED: June 2, 2026          By:_____
                                 Cynthia Carter

7

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

598

Doc ID: 032b5801145925c0859fc0601489c173d119abf8

**PROOF OF SERVICE**

PROOF OF SERVICE

# Exhibit # 49

# URED PROPERTY TAX BILL          2025

_ OTHER TAXING AGENCIES IN LOS ANGELES COUNTY

## FISCAL YEAR JULY 1, 2025 TO JUNE 30, 2026

GINSBERG, TREASURER AND TAX COLLECTOR

OR 1(888) 807-2111, ON THE WEB AT propertytax.lacounty.gov

ASSESSOR'S ID. NO.   YR  SEQ    CK

**DETAIL OF TAXES DUE FOR**   **5383 003 018 24 000 02**

| AGENCY | | RATE | PRIOR AMT | CORRECTED AMT |
|---|---|---|---|---|
| GENERAL TAX LEVY | | | | |
| ALL AGENCIES | | | $ 5,855.98 | $ 10,200.00 |
| VOTED INDEBTEDNESS | | | | |
| UNIFIED SCHOOLS | | .099217 | $ 581.02 | $ 1,012.01 |
| COMMNTY COLLEGE | | .024337 | 142.52 | 248.23 |
| METRO WATER DIST | | .007000 | 41.00 | 71.41 |
| DIRECT ASSESSMENTS | | | | |
| SAFE CLEAN WATER | ** | | $ 88.80 | $ 88.80 |
| LA COUNTY ST LT | ** | | 5.00 | 5.00 |
| FLOOD CONTROL | ** | | 27.67 | 27.67 |
| CONSLDATED SEWER | ** | | 50.50 | 50.50 |
| SOLID WASTE FEE | ** | | 3.51 | 3.51 |
| CNTY SAN DIST 15 | ** | | 175.00 | 175.00 |
| COUNTY LIBRARY | ** | | 34.54 | 34.54 |
| SGV MOSQUITO&VCD | ** | | 20.00 | 20.00 |
| MWD STANDBY #15 | ** | | 9.26 | 9.26 |
| TRAUMA/EMERG SRV | ** | | 68.00 | 68.00 |
| USGV MWD CHG | ** | | 10.00 | 10.00 |
| RPOSD MEASURE A | ** | | 24.61 | 24.61 |
| LA CO FIRE DEPT | ** | | 76.65 | 76.65 |

| | |
|---|---|
| **TOTAL TAXES DUE** | **$12,125.19** |
| **LESS PAYMENTS** | **$7,214.04** |
| **PLUS: PENALTIES PAID OR DUE** | **$.00** |
| **REFUNDS ISSUED** | **$.00** |
| **NET BALANCE DUE** | **$4,911.15** |
| **FIRST INSTALLMENT TAX** | **$.00** |
| **SECOND INSTALLMENT TAX** | **$4,911.15** |

## VALUATION INFORMATION

| | PRIOR ASSESSED VALUE | CURRENT ASSESSED VALUE |
|---|---|---|
| ROLL YEAR 24-25 | | |
| LAND | 292,799 | 816,000 |
| IMPROVEMENTS | 292,799 | 204,000 |
| TOTAL | 585,598 | 1,020,000 |
| LESS EXEMPTION: | | |
| NET TAXABLE VALUE | 585,598 | 1,020,000 |

601

# Exhibit # 50

# URED PROPERTY TAX BILL

**2025**

_ OTHER TAXING AGENCIES IN LOS ANGELES COUNTY

## FISCAL YEAR JULY 1, 2025 TO JUNE 30, 2026

3INSBERG, TREASURER AND TAX COLLECTOR

OR 1(888) 807-2111, ON THE WEB AT propertytax.lacounty.gov

ASSESSOR'S ID. NO.  YR  SEQ    OK

**DETAIL OF TAXES DUE FOR**  **5383 003 018 25 000  01**

| AGENCY | RATE | PRIOR AMT | CORRECTED AMT |
|---|---|---|---|
| GENERAL TAX LEVY | | | |
| ALL AGENCIES | | $ 5,973.08 | $ 10,404.00 |
| VOTED INDEBTEDNESS | | | |
| UNIFIED SCHOOLS | .099978 | $ 597.18 | $ 1,040.18 |
| COMMNTY COLLEGE | .010704 | 63.94 | 111.36 |
| METRO WATER DIST | .007000 | 41.82 | 72.82 |
| DIRECT ASSESSMENTS | | | |
| SAFE CLEAN WATER ** | | $ 93.76 | $ 93.76 |
| SOLID WASTE FEE ** | | 3.51 | 3.51 |
| LA COUNTY ST LT ** | | 5.00 | 5.00 |
| CONSLDATED SEWER ** | | 64.50 | 64.50 |
| FLOOD CONTROL ** | | 27.67 | 27.67 |
| SGV MOSQUITO&VCD ** | | 20.00 | 20.00 |
| COUNTY LIBRARY ** | | 35.23 | 35.23 |
| USGV MWD CHG ** | | 10.00 | 10.00 |
| CNTY SAN DIST 15 ** | | 179.00 | 179.00 |
| MEASURE E-COFIRE ** | | 81.60 | 81.60 |
| MWD STANDBY #15 ** | | 9.26 | 9.26 |
| LA CO FIRE DEPT ** | | 78.18 | 78.18 |
| RPOSD MEASURE A ** | | 25.97 | 25.97 |
| TRAUMA/EMERG SRV ** | | 85.68 | 85.68 |

**TOTAL TAXES DUE**                  $12,347.72
**LESS PAYMENTS**                    $3,697.68
**PLUS: PENALTIES PAID OR DUE**        $.00
**REFUNDS ISSUED**                    $.00
**NET BALANCE DUE**                  $8,650.04
**FIRST INSTALLMENT TAX**              $.00
**SECOND INSTALLMENT TAX**           $8,650.04

## VALUATION INFORMATION

| ROLL YEAR 25-26 | PRIOR ASSESSED VALUE | CURRENT ASSESSED VALUE |
|---|---|---|
| LAND | 298,654 | 832,320 |
| IMPROVEMENTS | 298,654 | 208,080 |
| TOTAL | 597,308 | 1,040,400 |
| LESS EXEMPTION: | | |
| NET TAXABLE VALUE | 597,308 | 1,040,400 |

603

# Exhibit # 51



# Exhibit # 52

606

Authentisign ID: 403FB886-5F68-F111-8FCA-002248359474

## REAL ESTATE PURCHASE AND SALES AGREEMENT

_Siu Fan Tsang & Hoi K Lau & Shing Lung Lau__ (hereinafter **"Seller"**) agrees to sell to _Property Wise Solutions LLC___and or it's Assignee_(hereinafter **"Buyer"**), agrees to buy all that tract or parcel of land, with such improvements as are located thereon, described and known as: __9705 Ardendale Ave___ , situated in_Arcadia_(City), _Los Angeles _ (County), State of __CALIFORNIA___, __91007_ (Zip Code), with parcel APN: 5383003018, together with all fixtures, landscaping, improvements and appurtenances, all being hereinafter collectively by referred to as the **"Property"**. The full legal description of the Property is the same as is recorded with the recorder's office or clerk of the county in which the Property is located and is made a part of this Agreement by reference dated on _6/14/2026___.

**PURCHASE PRICE:** __$850,000.00__ U.S. Dollars (the **"Purchase Price"**).

1. **ERNEST MONEY DEPOSIT**: Buyer to wire __$25,000.00__(Earnest Money Deposit)

to_Culture Escrow_ within 3 business days upon signing the purchase agreement. All deposits

shall be made by wire transfer or check, payable to the escrow company conducting the closing.

2. **CLOSING COSTS AND EXPENSES:** Buyer will pay both sides customary closing costs and

escrow fees, and title policy to ensure clearance of the title of the property.

3. **CLOSING DATE:** This transaction shall be closed on or before _June 30th, 2026_ or sooner

after acceptance of offer at the closing agent selected by the Seller. If the contractual term

expires before the fulfillment of obligations, both parties agree that the contract terms persist. An

extension requires written consent from both parties, and the absence of a written extension by

the expiration date does not release either party from their obligations. Seller reserves the right

to extend the close of escrow without penalty and charge the buyer per diem penalty if buyer

does not close the transaction on time.

4. **POSSESSION / PERSONAL PROPERTY:** Home will be delivered with current non-paying

tenants residing in the house at the close of escrow; Buyer will be buying the house in it's sole

as-is condition, and will take over the non-paying tenants. All personal properties in the house

will be buyer's responsibility to dispose after close of escrow.

Seller Initial(s) _____ _____ Buyer Initial(s) _____ _____

607

**PROOF OF SERVICE**

I am over the age of 18.

I am a resident of or employed in the county where the mailing occurred; my residence address is : 6726 Salter ave., Arcadia, CA 91007

On 6/24/2026, I emailed the foregoing document(s) described as:

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION; EXHIBITS;

Onto the following person(s):
Mark Kleiman, attorney for Kevin Hermansen and his law office and Ben Gharagozli and his law office, mark@krlaw.us
Ramsey Judah,
Thomas Harvey, tbh1910@gmail.com
Kevin Hermansen and his law office,
Ben Gharagozli and his law office,
Cynthia Carter and Christopher Lopez, cynthia.carter.engr@gmail.com

[X] By Electronic Transmission
    I emailed the defendants the documents.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Date: June 23rd, 2026

_____
Signature
Shing Lung Lau