SHING LUNG LAU,
SIU FAN TSANG,
HOI KAN LAU
6726 Salter ave, Arcadia, CA 91007
Plaintiffs In Pro Se

FILED
CLERK, U.S. DISTRICT COURT

7/06/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CS_____ DEPUTY

**United States District Court for the Central District of California**

**Western Division**

| | |
|---|---|
| SHING LUNG LAU,<br>HOI KAN LAU,<br>SIU FAN TSANG | CASE NO. :<br>**2:26-CV-00305-MWF-CTSx**<br><br>Judge: Hon. Michael W. Fitzgerald |
| Plaintiffs, | **OPPOSITION TO DEFENDANTS'** |
| v. | **EX PARTE APPLICATION FOR AN**<br>**EMERGENCY ORDER EXTENDING** |
| KEVIN HERMANSEN,<br>individually and as agent of<br>Cynthia Carter and Christopher<br>Lopez; BEHNAM<br>GHARAGOZLI, individually<br>and as agent of Cynthia Carter<br>and Christopher Lopez;<br>CYNTHIA CARTER,<br>individually and as principal<br>of Kevin Hermansen and<br>Behnam Gharagozli;<br>CHRISTOPHER LOPEZ,<br>individually and as principal of<br>Kevin Hermansen and<br>Behnam Gharagozli;<br>LAW OFFICE OF KEVIN P.<br>HERMANSEN, P.C.;<br>LAW OFFICES OF<br>BEN GHARAGOZLI | **DEFENDANTS' DEADLINE TO RESPOND**<br>**TO THE MOTION FOR LEAVE TO FILE A**<br>**SECOND AMENDED COMPLAIN TO JULY**<br>**10, 2026;**<br>**MEMORANDUM OF POINTS AND**<br>**AUTHORITIES;**<br>**DECLARATION;**<br>**EXHIBITS;** |

1

## OPPOSITION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT the plaintiff do hereby opposes the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 based on this opposition, the attached Memorandum of Points and Authorities, declaration and exhibits, the existing record in this matter, and any other such additional authority and argument as may be requested.

The basic arguments are thus :

The defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 should be dismissed because of

### 1. **MERITLESS AND FRIVOLOUS**

The defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 is entirely **without merit** at all and is **entirely frivilous.**

Mark Kleiman did not allege that there was improper service of the plaintiff's notice of motion and motion.

Rather, Mark Kleiman based his entire ex parte application upon the fact that he **did NOT receive notification** from the ECF system that the plaintiff's Notice of Motion and Motion for Leave to File Second Amended Complaint was filed until **June 30, 2026** (even though the plaintiff had already served and filed the paper on **June 23, 2026**) and that this warrants an extension.

2

The fact that the clerk's office could not and did not scan the plaintiff's filed paper into the ECF system on the **very same day** the paper was filed on June 23, 2026 is something that is **ENTIRELY out of the control** of the plaintiff.

As far as the plaintiff knows, **Never in the history** of the US federal court did anyone else other than Mark Kleiman has ever claimed that because the court ECF system did not notify him that a document was filed on the very same day that the document was filed mean that an **extension is warranted**.

From the history of the plaintiff's filing of papers, Mark Kleiman knows very well that the plaintiff's Notice of Motion and Motion for Leave to File Second Amended Complaint was filed within "a reasonable time after service" in accordance with F.R.C.P. 5(d)(1)(A) "Any paper after the complaint that is required to be served—must be filed no later than a reasonable time after service."

There is absolutely no reason for Mark Kleiman to believe that the papers served to Mark Kleiman would not be filed. **Mark Kleiman is LYING that he had any doubt at all that papers served to him would not be filed.**

The court should not even entertain the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 as it is **ridiculous, meritless, and frivilous**.

## 2. FRAUD

Besides being **ridiculous, meritless, and frivilous**, the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 is also **Fraudulent**.

This is expounded upon in the attached Memordanum of Points and Authorities.

3

### 3. NO LEGAL AUTHORITY, NO EXCUSABLE NEGLECT

The defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 has **NOT** met the **requirements** of Federal Rule of Civil Procedure 6(b) (which was stated in the application as the statute that grants authority for their requested extension). As such, the statute is **not applicable** and the defendants have **no legal authority nor basis** for their request for extension to be granted.

Federal Rule of Civil Procedure 6(b)(1)(B) **requires** that Mark Kleiman failed to file opposition before the deadline of July 1, 2026 because of "**excusable neglect**".

It is a fact that Mark Kleiman was properly served with the plaintiff's Notice of Motion and Motion for Leave to File Second Amended Complaint on June 24, 2026. And Thomas Harvey was told over the phone by the plaintiff on May 24, 2026 of the plaintiff's intent to file the Second Amended Complaint.

Mark Kleiman has no excusable neglect at all to miss the deadline to file opposition.

and Mark Kleiman has stated no such excusable neglect at all.

There being no excusable neglect, Federal Rule of Civil Procedure 6(b)(1)(B) is **not applicable** and **does not authorize** the extension requested by the defendants

Nowhere in the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 was ANY "excusable neglect" **ever mentioned nor addressed**.

In fact, in the defendants' Memorandum of Points and Authorities, Federal Rule of Civil Procedure 6(b), Federal Rule of Civil Procedure 6(b)(1)(A), and Federal Rule of Civil Procedure 6(b)(1)(B) were **not even mentioned nor shown to be applicable to their application.**

4

As such, the defendants did **NOT** put forward any **applicable statute or legal authority** that would **authorize** the extension requested by the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026.

4. Non-compliance with Judge's Procedural Rules found on https://apps.cacd.uscourts.gov/Jps/honorable-michael-w-fitzgerald

5. Non-compliance with Local Rules **L.R. 7-19.1 (Notice Requirment for Ex Parte Applications)** which https://apps.cacd.uscourts.gov/Jps/honorable-michael-w-fitzgerald states would render the ex parte application not eligible for consideration by the court:

"Applications that fail to conform to Local Rule 7-19 and 7-19.1, including a statement of opposing counsel's position, **will not be considered**"

and

Non-compliance with Local Rules L.R.11-6.2. Certificate of Compliance

Due to the above reasons and **Other** reasons and arguments expounded upon in the attached Memorandum of Points and Authorities

the court should dismiss the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 as a matter of law and in the interest of justice.

Amen.

Date: July 6, 2026

_Shing Lung Lau_

Shing Lung Lau, plaintiff in pro se

5

## TABLE OF CONTENTS

## FOR THE MEMORANDUM OF POINTS AND AUTHORITIES

**Meritless and Frivilous**................................................................**8**

**Fraud**................................................................................................**9**

      **Fraudulent statement # 1**.......................................................**11**

      **Fraudulent statement # 2**.......................................................**13**

**NO LEGAL AUTHORITY, NO EXCUSABLE NEGLECT**.........................**14**

**Non-compliance with Judge's Procedural Rules #1**.......................**16**

**Non-compliance with Judge's Procedural Rules #2**.......................**17**

**Non-compliance with Judge's Procedural Rules #3**.......................**17**

**Non-compliance with Local Rules L.R. 7-19.1**.............................**18**

**Non-compliance with Local Rules L.R. 11-6.2**.............................**19**

# TABLE OF AUTHORITIES

Rules and Statutes:

18 U.S.C. § 1343 wire fraud................................10

18 U.S.C. § 1503 obstruction of justice...............10

18 U.S.C. § 1512 obstruction of justice...............10

Federal Rule of Civil Procedure 5(d)(1)(A)..........3, 9, 13

Federal Rule of Civil Procedure 6(b)....................4, 15

Federal Rule of Civil Procedure 6(b)(1)(A)..........4, 15

Federal Rule of Civil Procedure 6(b)(1)(B)..........4, 15

L.R. 7-9.................................................................14, 17

L.R. 7-19.1 ........................................................5, 17, 18

L.R.11-6.2............................................................5, 19

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. MERITLESS AND FRIVOLOUS

The defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 is entirely **without merit** at all and is **entirely frivilous**.

2.     Mark Kleiman did not allege that there was improper service of the plaintiff's notice of motion and motion.

3.     Rather, Mark Kleiman based his entire ex parte application upon the fact that he **did NOT receive notification** from the **ECF** system that the plaintiff's Notice of Motion and Motion for Leave to File Second Amended Complaint was filed until **June 30, 2026** even though the plaintiff had already served and filed the paper on **June 23, 2026**, and that this warrants an extension.

4.     The fact that the clerk's office could not and did not scan the plaintiff's filed paper into the ECF system on the **very same day** the paper was filed on June 23, 2026 is something that is **ENTIRELY out of the control** of the plaintiff.

5.     The fact that the ECF system did not send out notification to Mark Kleiman on June 23, 2026 but did so only on June 30, 2026 is also irrelevent and **did not** "wrongly shortened" the defendants' time to respond to a pleading as stated by Mark Kleiman in his ex parte aplication (**Exhibit #1, second page 2, line 3**)

6.     As far as the plaintiff knows, **Never in the history** of the US federal court did anyone else other than Mark Kleiman has ever claimed that because the court ECF system did not notify him that a document was filed on the very same day that the document was filed mean that an **extension is warranted**.

7. The plainiff has always filed papers served to Mark Kleiman on the very same day of service of the papers.

8. Mark Kleiman is well aware of his fact.

9. It is inconceivable that Mark Kleiman actually believed that the plaintiff did not file any paper served to him.

10. Mark Kleiman is just lying and deceiving the court.

11. From the history of the plaintiff's filing of papers, Mark Kleiman knows very well that the plaintiff's Notice of Motion and Motion for Leave to File Second Amended Complaint was filed within "a reasonable time after service" in accordance with F.R.C.P. 5(d)(1)(A) "Any paper after the complaint that is required to be served— must be filed no later than a reasonable time after service."

12. There is absolutely no reason for Mark Kleiman to believe that the papers served to Mark Kleiman would not be filed. **Mark Kleiman is LYING that he had any doubt at all that papers served to him would not be filed.**

13. The court should not even entertain the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 as it is **ridiculous, meritless, and frivilous**.

14. **FRAUD**

Besides being **ridiculous, meritless, and frivilous**, the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 is also **Fraudulent**

15. The defendants' ex parte application is based on FRAUD, FRAUDULENT STATEMENTS, and DECEIT in order to **corruptly influence** this court (United State District Court, Central District of California) in violations of

9

18 U.S.C. § 1343 wire fraud

18 U.S.C. § 1503 obstruction of justice

18 U.S.C. § 1512 obstruction of justice

16. For example, Mark Kleiman **fraudulently misrepresented** that he **did not know** that the plaintiff's Notice of Motion and Motion for Leave to File Second Amended Complaint was filed until June 30, 2026 when he received notification from the ECF system.

17. This is fraudulent because every paper ever served to Mark Kleiman had always been filed with the court the very same day and Mark Kleiman, as an **very experienced** "attorney dully licensed to practice before all courts in the State of California and a member of the Bar of this Court" (Exhibit #1, page 4, line 3), would **KNOW** that **actual notice** that a paper was filed was the service of that paper and **NOT** notification from the ECF system.

18. Mark Kleiman is **intentionally misleading** the court that "**actual notice**" is the notification from ECF on June 30, 2026 when "actual notice" is the service of the Notion of Motiona and Motion to Mark Kleiman on June 23, 2026.

19. In every case ever filed in the US Federal Court, "actual notice" is when the defendants' attorney was served a paper and NOT when the ECF system sent notification to the defendants' attorney.

20. The plainiff has always filed papers served to Mark Kleiman on the very same day of service of the papers.

21. Mark Kleiman is well aware of his fact.

22. It is inconceivable that Mark Kleiman actually believed that the plaintiff did not file any paper served to him.

23. Mark Kleiman is just lying and deceiving the court.

10

24.    **Fraudulent statement # 1**

On the SECOND page 2 of the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 (See **Exhibit #1**)

On line 3, Mark Kleiman stated that:

"Once again, Defendants find their time to respond to a pleading **wrongly shortened** by the lapse of time between Plaintiffs' threat that it would file a document and actual notice that something had been filed, and once again Defendants must ask this Court to correct this **malfeasance** through a new scheduling order."

25.    The above statement is FRAUDULENT because there was no "once again". The defendants had **NEVER** had "their time to respond to a pleading **wrongly shortened** by the lapse of time between Plaintiffs' threat that it would file a document and actual notice that something had been filed"

26.    When has the defendants' time to respond ever been "wrongly **shortened**"? This never happened. As the court records would show.

27.    The above statement is FRAUDULENT because "**lapse of time** between Plaintiffs' threat that it would file a document and actual notice that something had been filed" is something that happens for every rule-abiding motion and can in no way "wrongly shorten" the defendants' time to respond.

28.    It is unavoidable that there is a lapse of time between the opposing party knowing about the plaintiff's intent to file a motion and the time when the motion is actually filed. This is due to the local rules's Meet and Confer requirment as well as the judges chamber rules that ex parte motions must include whether the opposing party will file an opposition or not.

29.    Such a lapse of time can be in no way considered plaintiff's **malfeasance to wrongly shorten** the defendants' time to respond

11

30.    There is no malfeasance at all from the plaintiff. There is only malfeasance on the part of the defendants and their attorneys Mark Kleiman and Thomas Harvery

31.    That the plaintff, for lack of time and other reasons, had not yet filed motions such as Motion for Sanctions, Motions for Continuance, Motion for Leave to File Sur-reply, etc. after the required Meet and Confer is in no way **malfeasance to wrongly shorten** the defendants' time to respond.

32.    Firstly, there are no deadlines to motions for sanctions and the plaintiff is allowed to file such motions at any time in the future. That the plaintiff has not yet done so is purely because the plaintiff does not have the time and energy to write down of Mark Kleiman, Thomas Harvery, and Ramsey Judahs' various crimes and fraudulent misrepresentations yet.

33.    Secondly, the plaintiff is allowed to change his mind after a Meet and Confer and can even decide not any motion any all.

34.    Thirdly, the plaintiff only belated realized that there is no applicable FRCP statute for the plaintiff to file a Motion to Strike and thus the plaintiff had not done so. Also, the plaintiff was barred from making any sort of ex-parte applications and that was why the plaintiff did not file any ex parte application for continuance nor any ex parte application for leave to file sur-reply, etc.

35.    All of the plaintiff's actions were either misrepresented by Mark Kleiman or can be explained with valid reasons.

36.    There is no **malfeasance** of any sort to **wrongly shorten** the defendants' time to respond.

37.    Mark Kleiman is committing FRAUD on the COURT to corruptly mislead the court that the plainitiff committed **malfeasance to wrongly shorten** the defendants' time to respond.

12

38. **Fraudulent statement # 2**

On the SECOND page 2 of the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 (See **Exhibit #1**)

On line 3, Mark Kleiman stated that:

"Defendants **did not know** there was actually something requiring a response until June 30, on the cusp of a federal holiday and a three-day weekend."

39. Mark Kleiman and his co-counsel Thomas Harvery was served the plaintiff's Notice of Motion and Motion for Leave to File Second Amended Complaint on June 23, 2026.

40. It is well known that the service of the paper to an attorney serves as ACTUAL NOTICE.

41. On April 26, 2026, when Mark Kleiman committed **WIRE FRAUD** by claiming that to the effect that service is not valid unless a stamped copy of the FAC (served and filed on April 24, 2026) is served upon him (**Exhibit #2**). The plaintiff had replied with a stamped copy of the FAC.

42. Based on the above, Mark Kleiman would know that when the plaintiff serves Mark Kleiman with a document, that the plaintiff would indeed file that document with the court within "a reasonable time after service" (F.R.C.P. 5(d)(1)(A))

43. All papers that were EVER served to Mark Kleiman turned out to have been filed with the court on the same day the papers were served to Mark Kleiman.

44. Mark Kleiman would know this by looking at the docket and getting the notifications from ECF

45. The FACT is that Mark Kleiman **never actually doubted** that papers served to Mark Kleiman would be filed with the court.

46. No reasonable jury would believe that Mark Kleiman had any belief at all that the plaintiff's Notice of Motion and Motion for Leave to File Second Amended

13

Complaint served to Mark Kleiman et al. on June 23, 2026 would not be filed with the court.

47.    Mark Kleiman is just lying and MANUFACTURING an excuse to use June 30, 2026 as "actual notice" instead of June 23, 2023 (the date he was served with the Notice of Motion and Motion) as date of actual notice. He is corruptly influencing the court to grant an unwarranted extension as everybody knows that Mark Kleiman was **given actual notice** when he was served the Notice of Motion and Motion for Leave to File Second Amended Complaint on June 23, 2026.

48.    Local Rules **L.R. 7-9** states that opposition papers must be served and filed no later than 21 days before the date of the hearing. Nowhere does it mention "actual service".

49.    As such, it is irrelevent to what Mark Kleiman believe to be the date of "actual notice". Although evidence strongly suggest that Mark Kleiman himself believed that "actual notice" occurred on June 23, 2026 when he was served the Noitce and Motion and Motion for Leave to File Second Amended Complaint.

50.    **NO LEGAL AUTHORITY, NO EXCUSABLE NEGLECT**

The defendants' **ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026** has **NOT** met the **requirements** of Federal Rule of Civil Procedure 6(b) (which was stated in the application as the statute that grants authority for their requested extension). As such, the statute is **not applicable** and the defendants have **no legal authority nor basis** for their request for extension to be granted.

14

51.    Federal Rule of Civil Procedure 6(b):

(b) Extending Time.

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

52.    Federal Rule of Civil Procedure 6(b)(1)(A) is **not applicable** because the defendants' ex parte motion was filed on 7/2/2026, **after** the original time expired on 7/1/2026. (L.R. 7-9 states that opposing papers must be filed 21 days before the hearing date; for the hearing date of 7/22/2026, the original deadline to file opposing papers would be 7/1/2026)

53.    Federal Rule of Civil Procedure 6(b)(1)(B) **requires** that Mark Kleiman failed to file opposition before the deadline of July 1, 2026 because of "**excusable neglect**".

54.    It is a fact that Mark Kleiman was properly served with the plaintiff's Notice of Motion and Motion for Leave to File Second Amended Complaint on June 24, 2026. And Thomas Harvey was told over the phone by the plaintiff on May 24, 2026 of the plaintiff's intent to file the Second Amended Complaint.

55.    Mark Kleiman has no excusable neglect at all to miss the deadline to file opposition to the plaintiff's motion.

56.    Mark Kleiman has stated no such excusable neglect at all.

57.    There being no excusable neglect, Federal Rule of Civil Procedure 6(b)(1)(B) is **not applicable** and **does not authorize** the extension requested by the defendants

15

58.    Nowhere in the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 was ANY "excusable neglect" **ever mentioned nor addressed**.

59.    In fact, in the defendants' Memorandum of Points and Authorities, Federal Rule of Civil Procedure 6(b), Federal Rule of Civil Procedure 6(b)(1)(A), and Federal Rule of Civil Procedure 6(b)(1)(B) were **not even mentioned nor shown to be applicable to their application.**

60.    As such, the defendants did **NOT** put forward any **applicable statute or legal authority** that would **authorize** the extension requested by the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026.

61.    **Non-compliance with Judge's Procedural Rules #1**

In addition to non-compliance with Federal Rule of Civil Procedure 6(b),

the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 is also in **Non-compliance** with Judge's Procedures for Michael W. Fritzgerald (published on https://apps.cacd.uscourts.gov/Jps/honorable-michael-w-fitzgerald) which stated that an ex-parte application "should advise whether opposing counsel will be filing opposition"

62.    No such statement advising whether the plaintiff will be filing an opposition exists because Mark Kleiman **did not notify the plaintiff** about his ex parte application before filing **nor did he ask the plaintiff** if the plaintiff will be filing oppostion.

63.    As such, the defendants' ex parte application should be dened based on Non-compliance with requirements.

16

64.    **Non-compliance with Judge's Procedural Rules  #2**

In addition to non-compliance with Federal Rule of Civil Procedure 6(b), the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 is also in **Non-compliance** with Judge's Procedures for Michael W. Fritzgerald (published on https://apps.cacd.uscourts.gov/Jps/honorable-michael-w-fitzgerald) which stated that an ex-parte application "that fail to conform to Local Rule 7-19 and 7-19.1, including a statement of opposing counsel's position, **will not be considered**"

65.    No such statement is included the defendants' ex-parte application and as such the defendants' ex-parte application should "**not be considered**" as stated on the section regarding ex parte applications published at

https://apps.cacd.uscourts.gov/Jps/honorable-michael-w-fitzgerald

66.    **Non-compliance with Judge's Procedural Rules  #3**

In addition to non-compliance with Federal Rule of Civil Procedure 6(b), the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 is also in **Non-compliance** with Judge's Procedures for Michael W. Fritzgerald (published on https://apps.cacd.uscourts.gov/Jps/honorable-michael-w-fitzgerald) which stated that an ex-parte application that the moving party "shall notify the opposing party that opposition papers must be filed no later than 24 hours (or one court day) following such service"

67.    The plaintiff was NEVER notified of such a deadline.

68.    As such, the defendants' ex parte application should be dened based on Non-compliance with requirements.

17

69.    **Non-compliance with Local Rules L.R. 7-19.1**

In addition to non-compliance with Federal Rule of Civil Procedure 6(b) and the judge's procedural rules,

the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 is also in **Non-compliance** with Local Rules 7-19.1 which stated:

L.R. 7-19.1 **Notice** of Application. It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts **orally** to advise counsel for all other parties, if known, of the **date and substance of the proposed ex parte application** and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

70.    The plaintiff was NEVER **orally notified** (nor notified by other means) of the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 before said ex parte application was served to the plaintiff and presumably filed with the court on **July 2, 2026**. This is **in violation of L.R. 7-19.1**

71.    As such, the defendants' ex parte application should be denied based on Non-compliance with L.R. 7-19.1

72.    Previoulsy, the plaintiff's ex parte applications have all been denied for non-compliance with L.R. 7-19.1 despite asking the court for a waiver of such requirements.

73.    To be fair, the defendants' ex parte application should similiarly be denied based on Non-compliance with L.R. 7-19.1.

74.    Especially so since the defendants did not even request that the court waive the requirements found in L.R. 7-19.1 **nor do they have a reason for the notice requrement to be waived at all.**

75.    As such, the defendants' ex parte application should be denied.

18

76.    **Non-compliance with Local Rules L.R. 11-6.2**

77.    The defendants' ex parte application did NOT include a Certificate of Compliance as required by Local Rules L.R. 11-6.2 (See **Exhibit #1, page 3**)

**78.**    This is YET ANOTHER non-compliace by Mark Kleiman, as such, the defendants' ex parte application should be denied.

Due to all of the above, the defendants' ex parte application should be denied.

Dated: July 6, 2026

_Shing Lung Lau_
Shing Lung Lau, plaintiff in pro se

19

## CERTIFICATE OF COMPLIANCE (L.R. 11-6.2)

The undersigned, Shing Lung Lau, plaintiff in pro se, certifies that the above Memorandum of Points and Authorities (not including the opposition itself nor the declaration of Shing Lung Lau, nor the exhibits) contains 3,121 words, which complies with the word limit of 7,000 words as provided for in L.R. 11-6.1

Date: July 6, 2026

_____
Shing Lung Lau, plaintiff in pro se

**Declaration of Shing Lung Lau**

I, Shing Lung Lau, do declare the following:

1. Nobody has ever orally notified me about the defendants' ex parte application for an emergency order extending defendants' deadline to respond to the motion for leave to file a second amended complaint to July 10, 2026 before Mark Kleiman served the paper upon me on July 2, 2026 and then also presumably filed the paper with the court. This is in violation of the notice requirement of Ex Parte Applications as required by L.R. 7-19.1

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 6, 2026 at Arcadia, California

Shing Lung Lau

Shing Lung Lau

Plaintiff in pro se

21

# EXHIBIT #1



Mark Kleiman [SBN 115919]
KLEIMAN RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
Telephone: (310) 392-5455
Facsimile: (310) 306-8491
mark@krlaw.us

Attorneys for Defendants
KEVIN HERMANSEN, BEHNAM GHARAGOZLI,
LAW OFFICES OF BEN GHARAGOZLI,
LAW OFFICE OF KEVIN P. HERMANSEN, P.C.,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHENG LUNG LAU, A.L., a minor by and through his guardian ad litem, SHING LUNG LAU, HOI KAN LAU, SIU FAN TSANG,

Plaintiffs,

v.

KEVIN HERMANSEN, BEHNAM GHARAGOZLI, CHRISTOPEHR LOPEZ, CYNTHIA CARTER, LAW OFFICES OF BEN GHARAGOZLI, LAW OFFICE OF KEVIN P. HERMANSEN, P.C.,

Defendants.

) Case No.: 2:26-CV-00305-MWF-AGRx
)
) Judge:  Hon. Michael W. Fitzgerald
)
) EX PARTE APPLICATION FOR AN
) EMERGENCY ORDER EXTENDING
) DEFENDANTS' DEADLINE TO
) RESPOND TO THE MOTION FOR
) LEAVE TO FILE A SECOND
) AMENDED COMPLAINT TO JULY
) 10, 2026; MEMORANDUM OF
) POINTS AND AUTHORITIES AND
) DECLARATION OF MARK
) KLEIMAN IN SUPPORT THEREOF
)
)
)
)
)

1

EX PARTE APPLICATION FOR AN EMERGENCY ORDER EXTENDING DEFENDANTS' DEADLINE TO RESPOND TO MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT TO JULY 10, 2026; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION MARK KLEIMAN IN SUPPORT THEREOF

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT DEFENDANTS KEVIN HERMANSEN, BEN GHARAGOZLI, LAW OFFICE OF KEVIN P. HERMANSEN, P.C., and LAW OFFICE OF BEN GHARAGOZLI apply ex parte for an order that they have until July 10, 2026 to respond to Motion for Leave to File a Second Amended complaint in this action.  This motion will be based upon Fed. R. Civ.Proc. 6(b), upon Local Rule 7-3, and upon Declarations of Ben Gharagozli and Mark Kleiman.

Per the Declaration of Mark Kleiman, the two plaintiffs with email addresses, Shing Laung Lau and Siu Fan Tsang have been served with this motion, and the declaration via electronic mail, Hoi Kan Lau was served via mail at the address provided in prior pleadings.

DATE:  July 2, 2026                    **KLEIMAN / RAJARAM**

By: _____

MARK KLEIMAN

Attorneys for Defendants
KEVIN HERMANSEN, BEHNAM
GHARAGOZLI, LAW OFFICES OF
BEN GHARAGOZLI, LAW OFFICE OF
KEVIN P. HERMANSEN, P.C.

2

EX PARTE APPLICATION FOR AN EMERGENCY ORDER EXTENDING DEFENDANTS' DEADLINE TO RESPOND TO MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT TO JULY 10, 2026; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION MARK KLEIMAN IN SUPPORT THEREOF

24

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   RELIEF REQUESTED AND INTRODUCTION**

Once again, Defendants find their time to respond to a pleading wrongly shortened by the lapse of time between Plaintiffs' threat that it would file a document and actual notice that something had been filed, and once again Defendants must ask this Court to correct this malfeasance through a new scheduling order. As this Court is painfully aware of the history, we forego a detailed recitation and merely point out that Plaintiffs have previously threatened to add the defendants' counsel to the complaint (not done), report your declarant and the attorney defendants to the State Bar (not done), and to dismiss the operative pleading, only to claim the dismissal was erroneous.

Plaintiffs apparently filed their motion on June 23, 2026, but it did not appear on the ECF calendar until June 30, seven days later. Because of Plaintiffs' prior allegations about what would be filed, which were at best mistaken and at words disingenuous, Defendants did not know there was actually something requiring a response until June 30, on the cusp of a federal holiday and a three-day weekend. With a hearing set for July 22 a timely response was literally impossible.

Because of the delay, and because of the holiday, Defendants request, *ex parte*, that their time to respond be expanded to July 10, 2026.

**II.   BRIEF STATEMENT OF FACTS AND SUMMARY OF ARGUMENT**

Plaintiffs propose to file a Second Amended Complaint that is 1,208 paragraphs, over two hundred pages long, and attaches over four hundred pages of exhibits. Plaintiffs correctly note that in considering leave to amend this Court must weigh, *inter alia*, prejudice to the defendants, bad faith, undue delay, and futility of amendment.

2

Defendants therefore cannot meaningfully address these factors in the time permitted by the June 30 ECF notification that the Plaintiffs had actually filed their motion. Given the encyclopedic nature of the proposed Second Amended Complaint, even more time to evaluate this and a revised briefing schedule would be reasonable, but Defendants defer to the discretion of the Court regarding timing.

## IV.  CONCLUSION

Attorney Defendants ask the Court to order that at a minimum they be allowed up to July 10, 2026, in which to reply to the Plaintiffs' motion to file a Second Amended Complaint.

DATE:  July 2, 2026                    **KLEIMAN / RAJARAM**

By: _____
MARK KLEIMAN

Attorneys for Defendants
KEVIN HERMANSEN, BEHNAM
GHARAGOZLI, LAW OFFICES OF
BEN GHARAGOZLI, LAW OFFICE OF
KEVIN P. HERMANSEN, P.C.

3

EX PARTE APPLICATION FOR AN EMERGENCY ORDER EXTENDING DEFENDANTS' DEADLINE TO RESPOND TO MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT TO JULY 10, 2026; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION MARK KLEIMAN IN SUPPORT THEREOF

26

# DECLARATION OF MARK KLEIMAN

I, Mark Allen Kleiman, hereby declare as follows:

1.      I am an attorney dully licensed to practice before all courts in the State of California and a member of the Bar of this Court.  I am cocounsel for Defendants Kevin Hermansen, Ben Gharagozli, Law Office of Kevin P. Hermansen, P.C., and the Law Office of Ben Gharagozli.

2.      On June 23, 2026, I received an email from Plaintiff Shing Lau attaching an unconformed motion and proposed Second Amended Complaint.  The email simply stated "you have been served".

3.      After receiving this email I set a Courtlinks alert and diligently looked for an ECF notification in my email. I felt I had to take this precaution because the Plaintiffs had previously threatened to file documents they never filed, had claimed they were dismissing the complaint (Dkt. No. 96) only to proceed with the action.  Mr. Lau has also made other threats about filings which never materialized.  For example, on April 4, 2026 Mr. Lau emailed all defense counsel threatening to move to strike our motions to dismiss and anti-SLAPP motions and seek sanctions.  No such filing was made.  On April 7 Mr. Lau repeated this threat and added the claim that Mr. Judah and myself had furthered a RICO conspiracy and that our assets would be frozen.  Again, no such motions were filed nor were we added to the complaint. A later email of that same date threatened that criminal charges would be initiated.  Yet a third email from April 7 repeated that he would file "motion to dismiss your motions to dismiss", "motion to dismiss your anti-slapp motions"; "various multiple motions for sanctions against Mark Kleiman, Thomas Harvey and their law firms and against Ramsey and his law firm for fraud, wire fraud, failed anti-slapp motions" a motion for summary judgement, and a "Motion to Quash service of your various filed motions".  Another email that day threatened to sue Mr. Hermansen's wife and bring criminal charges against her.

4

EX PARTE APPLICATION FOR AN EMERGENCY ORDER EXTENDING DEFENDANTS' DEADLINE TO RESPOND TO MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT TO JULY 10, 2026; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION MARK KLEIMAN IN SUPPORT

THEREOF

4. I did not receive actual ECF confirmation that Mr. Lau's threatened motion for leave to file a Second Amended Complaint had indeed been filed until June 30, 2026. With a hearing date set for July 22, this did not leave sufficient time to examine the 1,207 paragraph complaint running to over two hundred pages with another four hundred pages of exhibits. Not a one of these things have come to pass.

I declare under penalty of perjury that the foregoing is true and correct.

Executed July 2, 2026 at Los Angeles, California.

_____

Mark Kleiman

5

EX PARTE APPLICATION FOR AN EMERGENCY ORDER EXTENDING DEFENDANTS' DEADLINE TO RESPOND TO MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT TO JULY 10, 2026; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION MARK KLEIMAN IN SUPPORT HEREOF

28

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing EX PARTE APPLICATION FOR AN EMERGENCY ORDER EXTENDING DEFENDANTS' DEADLINE TO RESPOND TO THE MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT TO JULY 10, 2026; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MARK KLEIMAN IN SUPPORT THEREOF was served on the parties via electronic mail or United States mail as described below:

Via electronic mail:

                Shing Lung Lau
                6726 Salter Avenue
                Arcadia, CA 91007
                Shing9@gmail.com

                Siu Fan Tsang
                221 S Curtis Avenue, Apt A
                Alhambra, CA 91801
                415-794-7635
                siufantsang@gmail.com

Via U.S. Mail:

                Hoi Kan Lau
                221 S Curtis Avenue, Apt A
                Alhambra, CA 91801

_Mark Kleiman_
Mark Kleiman

EX PARTE APPLICATION FOR AN EMERGENCY ORDER EXTENDING DEFENDANTS' DEADLINE TO RESPOND TO MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT TO JULY 10, 2026; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION MARK KLEIMAN IN SUPPORT THEREOF

# EXHIBIT #2

 **Gmail**

Shing Lau <justiceforthepeopleca@gmail.com>

## Service of Opposition papers

**Mark Kleiman** <mark@krlaw.us>                                    Sun, Apr 26, 2026 at 8:54 PM
To: Justice <justiceforthepeopleca@gmail.com>
Cc: tbh1910@gmail.com, ramsey@judahlawgroup.com, ben@lobglaw.com, kevin@kphlegal.com, cynthia.carter.engr@gmail.com

I've not much interest in debating with you, but service will not be possible until you have a conformed, file-stamped copy.

Mark Kleiman
[Quoted text hidden]
--



12121 Wilshire Blvd., Ste. 810
Los Angeles, CA  90025
310-392-5455
310-306-8491 (fax)
www.kleimanrajaram.com

Uplink Page for Secure and Confidential File Sharing:
https://spaces.hightail.com/uplink/mkleiman

### WARNING!!

This email is protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.

The information contained in this email is only for use by the individual or entity named above.  If you are not the intended recipient or the employee or agent responsible to deliver to the intended recipient, any dissemination, distribution or copy of this message is strictly prohibited. If you have received this message in error, please immediately call us collect at 310-392-5455 and destroy the original message.

Thank you.

# PROOF OF SERVICE

I am over the age of 18.

I am a resident of or employed in the county where the mailing occurred; my residence address is : 6726 Salter ave., Arcadia, CA 91007

On 7/6/2026, I emailed the foregoing document(s) described as:

OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR AN EMERGENCY ORDER EXTENDING DEFENDANTS' DEADLINE TO RESPOND TO THE MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAIN TO JULY 10, 2026; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION; EXHIBITS

Onto the following person(s):
Mark Kleiman, attorney for Kevin Hermansen and his law office and Ben Gharagozli and his law office, mark@krlaw.us
Ramsey Judah, ramsey@judahlawgroup.com
Thomas Harvey, tbh1910@gmail.com
Kevin Hermansen and his law office, kevin@kphlegal.com
Ben Gharagozli and his law office, lobgattorney@gmail.com
Cynthia Carter and Christopher Lopez, cynthia.carter.engr@gmail.com

[X] By Electronic Transmission
I emailed the defendants the documents.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Date: July 6, 2026

_____
Signature
Shing Lung Lau