UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 26-00305-MWF(CTSx)**            **Date:  July 6, 2026**

Title:  Shing Lung Lau, et al. v. Kevin Hermansen, et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER GRANTING EX PARTE APPLICATION FOR AN EMERGENCY ORDER EXTENDING DEFENDANTS' DEADLINE TO RESPOND TO THE MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT [110]

Before the Court is the Ex Parte Application for an Emergency Order Extending Defendants' Deadline to Respond to the Motion for Leave to File a Second Amended Complaint (the "Application") filed by Defendants Kevin Hermansen, Behnam Gharagozli, and their respective law offices, on July 2, 2026.  (Docket No. 110).  Plaintiff Shing Lung Lau filed an Opposition on July 6, 2026.  (Docket No. 111).

The Court has considered the papers filed on the Application and deems the matter appropriate for decision without oral argument.

The Application is **GRANTED**.  Defendants Kevin Hermansen, Behnam Gharagozli, and their respective law offices shall have until **July 10, 2026**, to file an Opposition.  Plaintiff shall have until **July 17, 2026**, to file any Reply.  The Court will then take the matter under submission without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

## I.      LEGAL STANDARD

Rule 6(b)(1) allows the Court to modify the time by which briefing papers are due "for good cause."  Fed. R. Civ. P. 6(b)(1).  The extension may be undertaken "with or without motion or notice if the court acts, or if a request is made, before the original

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 26-00305-MWF(CTSx)**          **Date:  July 6, 2026**

Title:  Shing Lung Lau, et al. v. Kevin Hermansen, et al.

time or its extension expires; or . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(A)-(B).  "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts."  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

In determining excusable neglect, courts consider "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  *See In re Veritas Software Corp. Secs. Litig.,* 496 F.3d 962, 973 (9th Cir. 2007).

## II.   **DISCUSSION**

As an initial matter, the Court notes that Defendants Christopher Lopez and Cynthia Carter have not requested any extension.  Accordingly, this Order applies only to the specific Defendants named above.

The Application seeks an extension in filing an Opposition to the Motion for Leave to File Second Amended Complaint (the "Motion"), filed on June 23, 2026, and set for hearing on July 22, 2026.  (*See* Application).  Defendants do not dispute that Plaintiff sent them an unconformed copy of the Motion on the day it was filed, June 23, 2026, but rather assert in a declaration that Defendants' counsel waited until the Motion was docketed a week later, on June 30, 2026, before crediting the fact that it was filed, given Plaintiff's putative history of making empty threats as to various filings in this action.  (*See* Declaration of Mark Kleiman ("Kleiman Decl.") (Docket No. 110) ¶ 3).  Plaintiff opposes on the basis that he has "always filed papers served to Mark Kleiman on the very same day of service of the papers" and insists that Kleiman "is just lying and deceiving the [C]ourt." (Opp. at 8-9).  Moreover, Plaintiff responds that the fact that the Clerk's office did not enter the filing onto the docket until a week after he filed the Motion is entirely out of his control.  (*Id*. at 3).

The Court agrees in part with both parties.  Plaintiff is correct that it was through no fault of his own that the Motion was only entered on the docket a week after the filing date.  (*See* Motion (Docket. No. 109)).  However, the Court shall grant the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 26-00305-MWF(CTSx)**          **Date:  July 6, 2026**

Title:  Shing Lung Lau, et al. v. Kevin Hermansen, et al.

Application given the factors enumerated by the Ninth Circuit for excusable neglect. There is no prejudice to Plaintiff by granting the extension given that the Court simultaneously extends the deadline for any reply; the length of delay is not unreasonable and will not significantly delay proceedings; and despite Plaintiff's protests, Defendants' counsel has declared under penalty of perjury his good faith reason for delay and the Court sees no reason to discount that declaration.  Rather, it was the week-long gap in entering the filing on the docket that appears responsible for this delay, through no fault of either party.

Accordingly, the Application is **GRANTED**.  Defendants Kevin Hermansen, Behnam Gharagozli, and their respective law offices shall have until **July 10, 2026**, to file an Opposition.  Plaintiff shall have until **July 17, 2026**, to file any Reply.  The Court will then take the matter under submission without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

IT IS SO ORDERED.

---

**CIVIL MINUTES—GENERAL**                                                        3