Mark Kleiman [SBN 115919]
KLEIMAN RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
Telephone: (310) 392-5455
Facsimile:  (310) 306-8491
mark@krlaw.us

Thomas B. Harvey [SBN 287198]
LAW OFFICES OF THOMAS B. HARVEY
365 E. Avenida de Los Arboles #226
Thousand Oaks, CA 91360
(805) 768-4440
tbhlegal@proton.me

Attorneys for Defendants
KEVIN HERMANSEN, BEHNAM GHARAGOZLI,
LAW OFFICES OF BEN GHARAGOZLI,
LAW OFFICE OF KEVIN P. HERMANSEN, P.C.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHING LUNG LAU, A.L., a minor by and through his guardian ad litem, SHING LUNG LAU, HOI KAN LAU, SIU FAN TSANG,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN HERMANSEN, BEHNAM GHARAGOZLI, CHRISTOPHER LOPEZ, CYNTHIA CARTER, LAW OFFICES OF BEN GHARAGOZLI, LAW OFFICE OF KEVIN P. HERMANSEN, P.C.,<br><br>Defendants. | Case No.: 2:26-CV-00305-MWF-AGRx<br><br>Judge:  Hon. Michael W. Fitzgerald<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [Fed. R. Civ. P. 15(a)(2)]**<br><br>Date:       July 22, 2026<br>Time:       10:00 a.m.<br>Location:  Courtroom 5A (5th floor)<br><br>Original Action Filed: January 12, 2026<br>Amended Complaint: April 24, 2026 |

1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... 4

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 5

I.   INTRODUCTION ............................................................................................ 5

II.  RELEVANT PROCEDURAL BACKGROUND ............................................. 6

III. LEGAL STANDARD ...................................................................................... 7

IV. ARGUMENT ................................................................................................... 8

   A.  Amendment Is Futile Because the Proposed SAC Does Not and
       Cannot Cure the Categorical Defects Identified in Defendants'
       Pending, Fully-Briefed Motions ................................................................ 8

       1.  The Noerr-Pennington Doctrine Categorically Bars the RICO Claims,
           and No Amendment Can Change the Underlying Conduct ...................... 9

       2.  Section 1985(3) Requires a State Actor; Defendants Are, and Will
           Always Be, Private Parties ..................................................................... 9

       3.  Section 1985(2)'s First Clause Requires Obstruction of a Federal
           Proceeding; All of the Conduct Alleged Occurred in State Court ............. 10

       4.  Both § 1985 Claims Independently Require Class-Based
           Discriminatory Animus ........................................................................... 10

       5.  The Litigation Privilege Bars Claims Resting on Communicative
           Litigation Conduct, and the Underlying Conduct Cannot Be
           Changed by Re-Characterization .............................................................. 11

       6.  Rooker-Feldman and Issue Preclusion Bar Relitigating Three
           Final State-Court Judgments, and No Amendment Can Undo a
           Final Judgment ........................................................................................ 11

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT [Fed. R. Civ. P. 15(a)(2)]

7.  The Attorney Defendants Are Not Parties to the Lease. Removing the Contract Claims Does Not Address the Reason They Fail ................ 12

B.  The Motion Is a Transparent, Admitted Attempt to Evade Imminent Adjudication of Defendants' Pending Motions ................................................. 13

C.  Plaintiff's Own Papers Contain an Irreconcilable Self-Contradiction That Undermines Any Claim of Good-Faith Mistake ................................... 14

D.  The Timing, Scope, and Manner of the Proposed SAC Would Unduly Prejudice Defendants .................................................................................... 15

E.  Repeated Amendment and Undue Delay Independently Weigh Against Leave ...................................................................................... 16

F.  Plaintiff's Own Authorities Do Not Support Granting Leave and Confirm Defendants' Entitlement to Fees ........................................................ 16

V.  CONCLUSION ........................................................................................................ 17

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [Fed. R. Civ. P. 15(a)(2)]

# TABLE OF AUTHORITIES

**Page**

*Action Apartment Assn., Inc. v. City of Santa Monica,*
   41 Cal. 4th 1232 (2007) ..................................................................................11

*Bechtel v. Robinson,*
   886 F.2d 644 (3d Cir. 1989) ......................................................................... 15,16

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,*
   403 U.S. 388 (1971)........................................................................................17

*Boyle v. United States,*
   556 U.S. 938 (2009)........................................................................................12

*Bray v. Alexandria Women's Health Clinic,*
   506 U.S. 263 (1993)........................................................................................10

*Coltrain v. Shewalter,*
   66 Cal. App. 4th 94 (1998) ..............................................................................13

*De La Torre v. Legal Recovery Law Office,* No. 12cv2579-LAB (WMc),
   2014 U.S. Dist. LEXIS 128220, at *6 (S.D. Cal. Sep. 12, 2014)..........................13

*DKN Holdings LLC v. Faerber,*
   61 Cal. 4th 813 (2015) ....................................................................................11

*Eminence Cap., LLC v. Aspeon, Inc.,*
   316 F.3d 1048 (9th Cir. 2003) ...................................................................... 8,17

*Foman v. Davis,*
   371 U.S. 178 (1962).................................................................................*passim*

*H.J. Inc. v. Nw. Bell Tel. Co.,*
   492 U.S. 229 (1989)........................................................................................12

*Howey v. United States,*
   481 F.2d 1187 (9th Cir. 1973) ..........................................................................16

*Kush v. Rutledge,*
   460 U.S. 719 (1983)........................................................................................10

4

*Liu v. Moore,*
    69 Cal. App. 4th 745 (1999) ................................................................................... 13

*Mandel v. Hafermann,*
    503 F. Supp. 3d 946 (N.D. Cal. 2020) .................................................................. 16

*Mesler v. Bragg Management Co.,*
    39 Cal. 3d 290 (1985) ............................................................................................ 17

*Pasadena Republican Club v. W. Justice Ctr.,*
    985 F.3d 1161 (9th Cir. 2021) ................................................................................. 9

*Pfeiffer Venice Props. v. Bernard,*
    101 Cal.App. 4th 211 ....................................................................................... 16,17

*Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress,*
    890 F.3d 828 (2018) .............................................................................................. 16

*Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.,*
    508 U.S. 49 (1993) .................................................................................................. 9

*Reusser v. Wachovia Bank, N.A.,*
    525 F.3d 855 (9th Cir. 2008) ................................................................................ 11

*Schwartz v. Miller,*
    153 F.4th 918 (9th Cir. 2025) ............................................................................... 17

*Sever v. Alaska Pulp Corp.,*
    978 F.2d 1529 (9th Cir. 1992) .............................................................................. 10

*Silberg v. Anderson,*
    50 Cal. 3d 205, 215 (1990) ................................................................................... 11

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.,*
    708 F.3d 1109 (9th Cir. 2013) ................................................................................ 8

*Sosa v. DIRECTV, Inc.,*
    437 F.3d 923 (9th Cir. 2006) .................................................................................. 9

*Tri-Continent Internat. Corp. v. Paris Sav. & Loan Assn.,*
    12 Cal. App. 4th 1354 (1993) ............................................................................... 12

5

*United Bhd. of Carpenters & Joiners, Local 610 v. Scott,*
   463 U.S. 825 (1983) ............................................................................... 9

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.,*
   190 F.3d 972 ....................................................................................15,17

*Verizon Delaware, Inc. v. Covad Communications Co.,*
   377 F.3d 1081 (9th Cir. 2004) ........................................................16,17

**STATUTES**

18 U.S.C. § 1962(c) ................................................................................6

18 U.S.C. § 1962(d) ...............................................................................6

42 U.S.C. § 1985(2) ...........................................................................6,10

42 U.S.C. § 1985(3) ....................................................................5,6,9,10

California Code of Civil Procedure § 425.16 ..........................................2

California Code of Civil Procedure § 425.16(c) ................................ 13,18

California Code of Civil Procedure § 425.16(g) ................................... 16

Civil Code § 47(b) ..............................................................................11

**RULES**

Local Rule 7-3 ....................................................................................6,7

Federal Rule of Civil Procedure 12(b)(6) ...................................2,8,16,17

Federal Rule of Civil Procedure 15(a)(2) ............................................. 2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT [Fed. R. Civ. P. 15(a)(2)]

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff filed this Motion for Leave to File a Second Amended Complaint ("SAC") on June 23, 2026, after Defendants' fully-briefed Motion to Dismiss and Special Motion to Strike (Anti-SLAPP)—directed at the operative First Amended Complaint ("FAC")—had already been taken off calendar and submitted to this Court for decision on the papers, and just one day before the previously-noticed June 24, 2026 hearing date.

That timing is not a coincidence, and Plaintiff does not pretend otherwise. Plaintiff's own memorandum states that the purpose of the proposed amendment is to remove the two state-law causes of action targeted by the anti-SLAPP motion so that Plaintiff will not, in his own words, be "certain to LOSE the anti-slapp motion hearing scheduled for 6/24/2026 and lose a lot of money to the defendants." (ECF 109 at 9). That is an admission, not a defense. A litigant may not use Rule 15 to slip out from under a fully-briefed dispositive motion on the eve of the hearing, and California courts applying the very anti-SLAPP statute at issue here have squarely held that permitting a plaintiff to amend away from a pending special motion to strike would eviscerate the statute's purpose of resolving meritless, speech-chilling suits quickly and inexpensively.

But even setting aside the anti-SLAPP claims Plaintiff proposes to abandon, the SAC does nothing to cure the far more fundamental defects Defendants have identified in their pending Motion to Dismiss as to the FAC's RICO and civil-rights claims. These defects are categorical and incurable by any amendment. No amount of additional "specificity" converts protected litigation conduct into racketeering under the Noerr-Pennington doctrine. No amount of re-pleading turns private attorneys and private tenants into state actors for purposes of 42 U.S.C. § 1985(3). And no amendment can undo three final state-court judgments that Rooker-Feldman and issue preclusion already foreclose from relitigation in this Court. Plaintiff's motion

addresses none of this. It proposes to fix "lack of specificity" and "lack of allegation of class-based discrimination animus," problems that, even if cured, would leave every one of the categorical defects fatally intact.

Leave to amend should be denied. The Court should deny leave where amendment would be futile, where the request is made in bad faith or for a dilatory or improper purpose, and where granting it would unduly prejudice the opposing party. (*Foman v. Davis* 371 U.S. 178, 182 (1962)). All three reasons are present here, and they are mutually reinforcing: the same conduct that shows bad faith (the eve-of-hearing timing, the admitted purpose of dodging the anti-SLAPP motion, and a documented pattern of shifting positions) is also what makes clear that the amendment is not a good-faith effort to correct newly discovered defects but a tactical maneuver to avoid an adverse ruling that is otherwise ripe for decision.

## II. RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed their original Complaint on January 12, 2026, and filed the FAC as a matter of right on April 4, 2026. (ECF 109 at 3.) The FAC asserts six causes of action against Defendants Kevin Hermansen, Behnam Gharagozli, their law offices, (the "Attorney Defendants") and, as to two of the six causes of action, the Tenant Defendants Christopher Lopez and Cynthia Carter: (1) conspiracy to obstruct justice under 42 U.S.C. § 1985(2); (2) conspiracy to deprive civil rights under 42 U.S.C. § 1985(3); (3) substantive RICO under 18 U.S.C. § 1962(c); (4) RICO conspiracy under 18 U.S.C. § 1962(d); (5) breach of contract; and (6) breach of the implied covenant of good faith and fair dealing. Every factual allegation underlying all six claims arises from Attorney Defendants' conduct as counsel for the Tenant Defendants in three unlawful detainer actions that Plaintiffs filed and lost, plus a fourth unlawful detainer action that remains pending.

On May 22, 2026, Plaintiffs asked Counsel for Attorney Defendants to grant his request to amend their complaint a second time, during a Local Rule 7-3 conference. Plaintiff became aware that his breach-of-contract and implied-covenant claims were

6

California state-law claims subject to the anti-SLAPP statute. (ECF 109 at 3; Decl. re L.R. 7-3 Compliance at 1.) On May 24, 2026, Defendants' counsel Ramsey Judah and Thomas Harvey declined to stipulate to amendment. (ECF 109 at 3.) On May 26, 2026, Defendants timely filed (i) a Special Motion to Strike Plaintiffs' Fifth and Sixth Causes of Action under California Code of Civil Procedure § 425.16 (ECF 90), and (ii) a Motion to Dismiss all six causes of action under Federal Rule of Civil Procedure 12(b)(6) (ECF 91), both noticed for hearing on June 24, 2026. Both motions argue, in substance, that the FAC's defects are not curable by amendment. (ECF. 90 at 17 ["No amendment can cure these defects because at its core, Plaintiffs are suing lawyers for doing their job."]; ECF 91 at 6, 30 ["Because every alleged predicate act is protected litigation activity, no amendment can cure the fundamental defect.... This is not a pleading deficiency that amendment can cure—it is a categorical bar."].)

On June 23, 2026, the day before the scheduled hearing on both motions, Plaintiff filed the instant Motion for Leave to File a Second Amended Complaint. The motion was not visible on the Court's ECF docket until June 30, 2026, seven days later and on the eve of a federal holiday weekend, which required Defendants to seek emergency ex parte relief simply to obtain adequate time to respond. (ECF. 110.) The proposed SAC itself is more than 1200 paragraphs long, running more than two hundred pages, with an additional four hundred pages of exhibits. (ECF 110 at 2.) Plaintiffs admit that the SAC's principal purpose with respect to the Fifth and Sixth Causes of Action is to remove them, not because they lack merit, but because Plaintiff has now recognized that they are "STATE LAW causes of action subject to anti-SLAPP motions and appeal" and wishes to avoid "los[ing] the anti-slapp motion hearing scheduled for 6/24/2026" and the accompanying fee exposure. (ECF 109 at 4, 9.)

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "when justice so requires" leave to amend should freely be given.  But that standard is not automatic.

Denial is appropriate under the following circumstances:

- Amendment is futile;

- Amendment creates undue delay;

- The plaintiff has a bad faith or dilatory motive;

- The plaintiff has already failed to cure deficiencies by prior amendment;

- The proposed amendment unduly prejudices the opposing party

*Foman* 371 U.S. at 182.

Although prejudice to the opposing party ordinarily "carries the greatest weight," *Eminence Cap., LLC v. Aspeon*, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003), the Ninth Circuit has been equally clear that bad faith and futility are independently sufficient grounds for denial, and that courts are not required to give the five factors equal weight in every case. See id.; *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

Futility is measured against the same standard applicable to a motion to dismiss: leave may be denied where the proposed amended pleading would not survive a Rule 12(b)(6) motion. Where the same defects targeted by a pending, fully-briefed dispositive motion are not addressed, let alone cured, by the proposed amendment, futility is not a close question and leave to amend should not be granted.

## IV.  ARGUMENT

**A.  Amendment Is Futile Because the Proposed SAC Does Not and Cannot Cure the Categorical Defects Identified in Defendants' Pending, Fully-Briefed Motions.**

Plaintiff's motion identifies exactly two categories of intended fixes: (1) removing the Fifth and Sixth Causes of Action (breach of contract and breach of the implied covenant), and (2) adding "specificity" and allegations of "class-based discrimination animus." (ECF 109 at 3–7.) Neither fix touches the independent, categorical grounds on which Defendants' pending motions seek dismissal of the

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [Fed. R. Civ. P. 15(a)(2)]

remaining four causes of action, nor does removing the contract claims cure the separate lack of privity defect.

### 1. The Noerr-Pennington Doctrine Categorically Bars the RICO Claims, and No Amendment Can Change the Underlying Conduct.

Every predicate act alleged in the FAC, service of a fee motion, legal argument about a reconsideration statute, cross-examination of a witness, a dispute over an interpreter, and allegedly false declarations filed in the unlawful detainer actions, is litigation conduct occurring within judicial proceedings. Defendants' Motion to Dismiss explains that the Noerr-Pennington doctrine immunizes such petitioning activity from RICO liability absent a showing that the underlying litigation was a "sham," which requires that it be objectively baseless and that Defendants in fact prevailed in each proceeding. (ECF. 91 at 10–12, citing *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929–30, 938, 940 (9th Cir. 2006); *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.,* 508 U.S. 49, 60–61 & n.5 (1993).) Because Defendants won each underlying unlawful detainer action, the sham-litigation exception cannot apply as a matter of law. No re-pleading of the same historical events, however much additional "specificity" is claimed, transforms the character of that conduct from petitioning activity into racketeering. This is precisely the kind of defect Defendants correctly describe as incurable: "[b]ecause every alleged predicate act is protected litigation activity, no amendment can cure the fundamental defect." (ECF. 91 at 30.)

### 2. Section 1985(3) Requires a State Actor; Defendants Are, and Will Always Be, Private Parties.

To the extent the FAC's § 1985(3) claim rests on First and Fourteenth Amendment deprivations, it requires state action, and "[t]he Defendants are private attorneys and private tenants." (ECF. 91 at 15, citing *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 830–33 (1983); *Pasadena Republican Club v. W. Justice Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021).) No volume of additional allegations can convert a private attorney-client and landlord-tenant dispute into state

9

action; the identity of the parties is fixed. This is not a pleading deficiency that amendment can cure; it is a categorical bar arising from the nature of the defendants and the rights invoked. (ECF. 91 at 15.) Plaintiff's motion does not propose to add any state actor to the case, nor could it, the SAC still names only the same private attorneys and tenants and fails for the same reason that the FAC failed.

### 3. Section 1985(2)'s First Clause Requires Obstruction of a Federal Proceeding; All of the Conduct Alleged Occurred in State Court.

The first clause of § 1985(2) applies only to obstruction of justice in federal courts; the FAC's allegations concern exclusively three (now four) state-court unlawful detainer actions. (ECF. 91 at 12–13, citing *Kush v. Rutledge*, 460 U.S. 719, 724–25 (1983).) Thhe underlying litigation took place, it occurred in Los Angeles Superior Court and cannot be relocated to federal court by amendment. As to the second clause, which does reach state proceedings, it requires the same class-based discriminatory animus that independently dooms the § 1985(3) claim, discussed next.

### 4. Both § 1985 Claims Independently Require Class-Based Discriminatory Animus

Plaintiff's motion represents that the SAC will add allegations of "class-based discrimination animus." (ECF 109 at 4, 7.) Even taking that representation at face value, it is legally insufficient standing alone. Defendants' Motion to Dismiss explains that class-based animus must target a class subject to historically recognized discrimination, *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993), and that a conspiracy motivated by ordinary financial or commercial self-interest, which is what the FAC alleges regarding the pursuit of attorney's fees, does not qualify. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). More fundamentally, adding animus allegations does nothing about the state-actor requirement that independently bars the § 1985(3) claim, or the federal-proceeding requirement that independently bars the first clause of the § 1985(2) claim. Plaintiffs

cannot amend around one element of a multi-element claim while leaving a separate, dispositive element unaddressed and call the result "cured".

**5.  *The Litigation Privilege Bars Claims Resting on Communicative Litigation Conduct, and the Underlying Conduct Cannot Be Changed by Re-Characterization.***

California's litigation privilege, Civil Code § 47(b), is absolute as to all torts other than malicious prosecution and applies to any communication made in a judicial proceeding, by a participant authorized by law, to achieve the objects of the litigation, with some connection to the action. (ECF. 91 at 28-29), citing *Silberg v. Anderson*, 50 Cal. 3d 205, 215 (1990); *Action Apartment Assn., Inc. v. City of Santa Monica,* 41 Cal. 4th 1232, 1241 (2007).) Defendants' pending motions apply this privilege to bar the Fifth and Sixth Causes of Action outright and, separately, to bar the same underlying conduct to the extent recast as RICO predicates or civil-rights violations. Because the privilege turns on the nature of the conduct, filing motions, serving papers, examining witnesses, arguing procedural law, and not on how the Plaintiffs characterize it, rebranding that same privileged conduct as "wire fraud" or a "wire fraud scheme" rather than breach of contract does not avoid the privilege; if anything, it confirms the privilege's application, since the privilege is not limited to any particular cause of action.

**6.  *Rooker-Feldman and Issue Preclusion Bar Relitigating Three Final State-Court Judgments, and No Amendment Can Undo a Final Judgment.***

Defendants' motions further establish that Plaintiffs' claims ask this Court to sit in review of final judgments already entered against them in three state court unlawful detainer actions, which the Rooker-Feldman doctrine forecloses, and which issue preclusion independently bars because the same issues were actually litigated and necessarily decided against the same parties. (ECF. 90 at 12–13; ECF 91 at 25–26, citing *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008); *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015).) Those judgments exist and

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [Fed. R. Civ. P. 15(a)(2)]

are final; no amendment to this complaint can change that fact or manufacture appellate jurisdiction this Court does not have.

### 7. The Attorney Defendants Are Not Parties to the Lease. Removing the Contract Claims Does Not Address the Reason They Fail.

Independent of the anti-SLAPP and privilege arguments, Defendants' anti-SLAPP motion observes that the Attorney Defendants were never parties to the lease agreement and therefore cannot be liable for breach of a contract they did not sign. (ECF. 90 at 15, citing *Tri-Continent Internat. Corp.* v. *Paris Sav. & Loan Assn.*, 12 Cal. App. 4th 1354, 1359 (1993).) That defect is a fact about who signed the lease; it does not disappear because Plaintiff proposes to delete the two causes of action built on it. It also illustrates the deeper problem infecting the SAC as a whole: Plaintiff's theory throughout conflates litigation conduct by opposing counsel with breach of duties owed under a private contract. Simply removing two labels does not cure that conflation where it recurs, relabeled, as RICO and civil-rights counts.

The proposed SAC also cannot cure two independent RICO defects that no quantum of added "specificity" can reach. A RICO enterprise must be an ongoing organization with a structure and common purpose separate from the alleged predicate acts, and tenants retaining counsel to defend unlawful detainer actions does not create an association-in-fact enterprise engaged in racketeering. See *Boyle v. United States*, 556 U.S. 938, 946 (2009). Nor can Plaintiff plead the requisite "pattern" of racketeering activity: the alleged scheme had a built-in ending point (the conclusion of the unlawful detainer actions Defendants won) and thus lacks both the closed-ended and open-ended continuity that RICO demands. See *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241–42 (1989). These are defects in the nature of the claim, not the level of detail, and no amount of additional pleading can supply what the underlying facts cannot. For all of these reasons, the proposed amendment is futile within the meaning of Foman. Leave to amend should be denied on this basis alone.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [Fed. R. Civ. P. 15(a)(2)]

B.  The Motion Is a Transparent, Admitted Attempt to Evade Imminent Adjudication of Defendants' Pending Motions

Bad faith and improper purpose are independently sufficient grounds to deny leave to amend. Plaintiff's own memorandum supplies the evidence. It states that the SAC removes the Fifth and Sixth Causes of Action so that Plaintiff "will not be forced to FALL VICTIM to the defendants' fraudulent scheme . . . and be certain to LOSE the anti-slapp motion hearing scheduled for 6/24/2026 and lose a lot of money to the defendants." (ECF 109 at 9.) That is a candid admission that the amendment is designed to escape an imminent, adverse ruling on a fully-briefed motion, not to correct a good-faith pleading mistake discovered through diligence. Courts do not permit litigants to use amendment as an escape hatch from motions they expect to lose. "The argument that dismissed defendants lack standing to move for fees under § 425.16(c) is also incorrect. California courts agree that even when a defendant is dismissed while an anti-SLAPP motion is pending, the defendant may move for fees. *See Liu v. Moore*, 69 Cal. App. 4th 745, 753 (1999); *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (1998)." *De La Torre v. Legal Recovery Law Office*, No. 12cv2579-LAB (WMc), 2014 U.S. Dist. LEXIS 128220, at *6 (S.D. Cal. Sep. 12, 2014) (Internal citations cleaned up.)

Although categorical state-court rule operates somewhat differently in federal court, where Rule 15 supplies the governing procedural framework, its underlying policy rationale is directly on point and squarely informs the bad-faith and improper-purpose analysis *Foman* requires. Plaintiffs have done precisely what *Liu* warned against: they waited until Defendants' anti-SLAPP motion stood submitted for decision, then sought to withdraw the targeted claims rather than defend them.  That they left intact, and indeed adding "more details" to (Mot. at 4), the very same conduct, now repackaged as RICO and civil-rights violations only underscores the dilatory and bad faith nature of this conduct.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [Fed. R. Civ. P. 15(a)(2)]

This is also not an isolated incident. Defendants' granted Ex Parte Application documents a sustained pattern of threatened filings that were never made and positions taken with the Court that are difficult to reconcile with representations made to defense counsel, including a prior claim that a filed dismissal of the operative pleading was "erroneous," repeated threats to add defense counsel as parties, to report defense counsel to the State Bar, to seek sanctions and asset freezes, and to bring RICO and criminal charges against defense counsel and a non-party spouse, none of which came to pass. (ECF. 110, Kleiman Decl. ¶¶ 2–4.) Although the Court need not resolve every detail of that history to decide this motion, it is relevant context confirming that the eve-of-hearing timing here is not coincidental but consistent with a broader pattern of using procedural maneuvering, rather than adjudication on the merits, to manipulate this litigation.

**C. Plaintiff's Own Papers Contain an Irreconcilable Self-Contradiction That Undermines Any Claim of Good-Faith Mistake.**

Plaintiff's motion offers two mutually exclusive explanations for why the contract claims were not removed earlier. In the Introduction, Plaintiff attributes the omission to "ignorance and mistake," asserting that "[i]t was by the plaintiff's ignorance and mistake that those causes of action were not removed in the FAC in the first place" because, as "a lay person," Plaintiff "would not know that contract law is state law." (ECF 109 at 3, 6.) Yet only a few pages later, Plaintiff states the opposite: "It was no secret that the plaintiff had always intended to remove all state causes of action subject to anti-SLAPP even before the plaintiff filed his FAC on 4/24/2026." (ECF at 6 (emphasis added).) Both averments cannot be true. If Plaintiff "always intended" to remove the state-law claims before he ever filed the FAC, then their inclusion in the FAC was not an innocent mistake born of unfamiliarity with the law, it was a conscious choice, later reconsidered once the anti-SLAPP exposure became concrete and imminent.

This internal inconsistency bears directly on the *Foman* analysis. A genuine, good-faith mistake might justify liberal amendment under ordinary circumstances. An admitted, pre-existing awareness of the very problem now cited as the reason for amendment, combined with the eve-of-hearing timing discussed above, instead supports the inference that the timing of this motion tracks the litigation calendar, not the discovery of new facts or law. The Court should not accept at face value an excuse that Plaintiffs' own papers contradict.

**D.  The Timing, Scope, and Manner of the Proposed SAC Would Unduly Prejudice Defendants.**

Prejudice ordinarily carries the greatest weight among the *Foman* factors. The non-moving party must show more than the ordinary burdens of litigation; it must show it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). That showing is readily made here, on facts specific to this motion rather than generalized litigation cost.

First, the proposed SAC is not a modest, targeted revision; it runs 1200 paragraphs and more than two hundred pages, with an additional four hundred pages of exhibits. (ECF. 110 at 3, 5.)

Second, and more fundamentally, Defendants have already fully briefed a Motion to Dismiss and a Special Motion to Strike addressing the FAC, both ripe for decision as of the originally scheduled June 24, 2026 hearing date. Granting leave to amend now, for the admitted purpose of avoiding it, would moot months of completed motion practice and force Defendants to re-brief substantially the same issues against a pleading six times the length of the one they already addressed, without ever obtaining a ruling on the anti-SLAPP motion's request for mandatory statutory fees, to which Defendants may remain entitled regardless of Plaintiff's attempt to withdraw the targeted claims. See *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972–73 (9th Cir. 1999) (California's anti-SLAPP fee-shifting provision

applies in federal court); *Pfeiffer Venice Props. v. Bernard*, 101 Cal. App. 4th 211 (2002) (voluntary withdrawal of claims targeted by an anti-SLAPP motion does not moot the defendant's entitlement to fees). That is precisely the kind of unfair disadvantage *Bechtel* contemplates.[1]

**E. Repeated Amendment and Undue Delay Independently Weigh Against Leave.**

Plaintiff has already amended once as a matter of right. The proposed SAC would be a second amendment and a third operative complaint within roughly six months of filing. This not in response to newly discovered evidence, but, by Plaintiff's own account, in response to the imminent hearing on Defendants' motions. Although undue delay standing alone is often insufficient to justify denying leave, see *Howey v. United States*, 481 F.2d 1187, 1190–92 (9th Cir. 1973), the timing here is not neutral delay; it is delay calculated to coincide with, and forestall, a ruling on fully-briefed dispositive motions. Combined with the bad-faith showing above, this factor weighs against leave rather than merely being neutral.

**F. Plaintiff's Own Authorities Do Not Support Granting Leave and Confirm Defendants' Entitlement to Fees.**

Plaintiff's lead authority, *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081 (9th Cir. 2004), does not help him. *Verizon* holds that striking a plaintiff's initial complaint under the anti-SLAPP statute without leave to amend would "directly collide" with Rule 15(a)'s policy favoring liberal amendment, and that

---

[1] But see *Mandel v. Hafermann*, 503 F. Supp. 3d 946, 971 (N.D. Cal. 2020) observing that under California Code of Civil Procedure § 425.16(g), all discovery proceedings are stayed once an anti-SLAPP motion is filed which conflicts with Federal rules. That conflict is not an issue here as there is no discovery stay implicated at this point, nor will there ever be. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress* teaches that the anti-SLAPP motion must be evaluated under Rule 12(b)(6) standards, and Defendants' motions to dismiss more than meet those requirements. (890 F.3d 828, 834 (2018).

the anti-SLAPP purpose of early dismissal "would still be served if plaintiffs eliminated the offending claims from their . . . complaint." *Id*. at 1091. That reasoning does not aid Plaintiff here, for three independent reasons. First, *Verizon* addressed a plaintiff's initial complaint; Plaintiff has already amended once as a matter of right, and nothing in *Verizon* requires a court to grant a second amendment. Second, *Verizon* does not displace the settled rule that leave may be denied where amendment would be futile; the *Foman* and *Eminence Capital* framework remains fully applicable, and, as shown in Section IV.A, the proposed SAC could not survive a Rule 12(b)(6) motion. Third, *Verizon* in fact confirms the point that matters most here: prevailing anti-SLAPP defendants in federal court are entitled to their fees and costs, and the very language Plaintiff quotes confirms that the early-dismissal remedy he seeks to evade is precisely what the anti-SLAPP statute exists to provide. Plaintiff cannot use Rule 15 to strip Defendants of the mandatory fee award they earned by defeating the Fifth and Sixth Causes of Action. See *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 972–73; *Pfeiffer Venice Props. v. Bernard*, 101 Cal.App. 4th 211.

Plaintiff's' remaining authorities do not change the analysis. *Schwartz v. Miller*, 153 F.4th 918 (9th Cir. 2025), is a *Bivens* prisoner-medical-care decision that does not address the standard governing leave to amend in a case of this kind, and it does not disturb the controlling *Foman* and *Eminence Capital* framework, under which futility and bad faith independently justify denial. And *Mesler v. Bragg Management Co.*, 39 Cal. 3d 290, 296 (1985), states a California state-law pleading standard that does not govern a federal Rule 15(a) motion. Even accepting every authority Plaintiffs cite, none requires this Court to permit a futile, bad-faith amendment—and Plaintiffs' own lead case confirms Defendants' entitlement to fees.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's' Motion for Leave to File a Second Amended Complaint. In the alternative, Defendants respectfully request that the Court first hear and decide Defendants'

17

pending Motion to Dismiss and Special Motion to Strike as to the operative First Amended Complaint, including Defendants' entitlement to mandatory attorney's fees and costs under California Code of Civil Procedure § 425.16(c), before considering whether any amendment should be permitted as to whatever claims, if any, survive that ruling.

DATE:  July 7, 2026

**LAW OFFICES OF THOMAS HARVEY**

By:   */s/ Thomas B. Harvey*
_____
THOMAS B. HARVEY

**KLEIMAN RAJARAM**

By:   _____
Mark Kleiman

Attorneys for Defendants
KEVIN HERMANSEN, BEHNAM
GHARAGOZLI, LAW OFFICES OF
BEN GHARAGOZLI, LAW OFFICE OF
KEVIN P. HERMANSEN, P.C.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [Fed. R. Civ. P. 15(a)(2)]

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendants, KEVIN HERMANSEN, BEHNAM GHARAGOZLI, LAW OFFICES OF BEN GHARAGOZLI, LAW OFFICE OF KEVIN P. HERMANSEN, P.C., certifies that this brief contains 4434 words, which complies with the word limit of L.R. 11-6.1.

DATE:  July 7, 2026                    **KLEIMAN RAJARAM**

By:  _____
Mark Kleiman

Attorneys for Defendants
KEVIN HERMANSEN, BEHNAM
GHARAGOZLI, LAW OFFICES OF
BEN GHARAGOZLI, LAW OFFICE OF
KEVIN P. HERMANSEN, P.C.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Fed. R. Civ. P. 15(a)(2)]

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [Fed. R. Civ. P. 15(a)(2)]was served on the parties via electronic mail or United States mail on July 7, 2026; as described below:

Via electronic mail:

        Shing Lung Lau
        6726 Salter Avenue
        Arcadia, CA 91007
        Shing9@gmail.com

        Siu Fan Tsang
        221 S Curtis Avenue, Apt A
        Alhambra, CA 91801
        415-794-7635
        siufantsang@gmail.com

Via U.S. Mail:

        Hoi Kan Lau
        221 S Curtis Avenue, Apt A
        Alhambra, CA 91801

_____
Mark Kleiman

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Fed. R. Civ. P. 15(a)(2)]