FILED

2026 JUL 17 AM 11: 26

DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

SHING LUNG LAU,
SIU FAN TSANG,
HOI KAN LAU
6726 Salter ave, Arcadia, CA 91007
Plaintiffs In Pro Se

## United States District Court for the Central District of California

## Western Division

SHING LUNG LAU,
HOI KAN LAU,
SIU FAN TSANG

      Plaintiffs,

  v.

KEVIN HERMANSEN,
individually and as agent of
Cynthia Carter and Christopher
Lopez; BEHNAM
GHARAGOZLI, individually
and as agent of Cynthia Carter
and Christopher Lopez;
CYNTHIA CARTER,
individually and as principal
of Kevin Hermansen and
Behnam Gharagozli;
CHRISTOPHER LOPEZ,
individually and as principal of
Kevin Hermansen and
Behnam Gharagozli;
LAW OFFICE OF KEVIN P.
HERMANSEN, P.C.;
LAW OFFICES OF
BEN GHARAGOZLI

CASE NO. :
**2:26-CV-00305-MWF-CTSx**

Judge: Hon. Michael W. Fitzgerald

**PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT;
MEMORANDUM OF POINTS AND
AUTHORITIES;
DECLARATION;
EXHIBITS;**

Date:  July 22, 2026
Time:  10:00 A.M.
Location: Courtroom 5A of
    First Street United States Courthouse
    350 West 1st Street,
    Los Angeles, CA 90012-4545

1

**REPLY TO OPPOSITION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT the plaintiff do hereby opposes the defendants' opposition to the plaintiff's motion for leave to file second amended complaint

For the reasons explained here and in the attached Memorandum of Points and Authorities, the defendants' opposition should be disregarded and the plaintiff's Motion for Leave to File Second Amended Complaint Granted.

**CONCLUSION**

All of Mark Kleiman's arguments (Arguments A through F) are either fraudulent, baseless, invalid, moot, and or inapplicable.

**Arguments A through C** is expounded upon and **debunked** in the attached Memorandum of Points and Authorities.

Arguments D through F is expounded upon and debunked in a summarily manner as follows:

**Argument D** is false as an amendment would cause undue prejudice only if allowing the amendment would **unfairly disadvantage the opposing party's defendse** or prevent the opposing party from presenting evidence. There is no undue prejudice because this case is still in the **very early stage** and discovery has not even happened yet. Trial is very far away. And all the claims in the SAC are essentially the SAME as the claims in the FAC. The defendants' **defense is NOT INJURED** in any way.

**Argument E** is false/inapplicable as the motion for leave to file SAC is actually the **FIRST request to the court** for leave to file an amended complaint. It was excusable neglect (the plaintiff did not know that contract law is state law) that the plaintiff failed to remove the contract law claims from the FAC. It was excusable neglect (the plaintiff did not know about the requirement) that the plaintiff failed to include allegations of class-based discrimintory animus in the FAC. In the **interest of justice**, the Court must allow the plaintiff to amend the complaint to fix these issues due to the **plaintiff's**

2

**EXCUSABLE NEGLECTs**. This is **affirmed** by such binding precendents as *Verizon Delaware, Inc. v. Covad Communications Co.* 377 F.3d 1081 (9th Cir. 2004), *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001), *Foman v. Davis*, 371 U.S. 178 (1962). The grave injustice that the plaintiff would suffer if leave to file amended complaint is denied **OUTWEIGH** any small (if any) prejudice the defendants may suffer.

**Argument F** is false as whether this is the plaintiff's First or Second amended complaint does NOT change the fact that *Verizon Delaware, Inc. v. Covad Communications Co.* requires that plaintiffs must be granted leave to amend their complaints under Federal Rule of Civil Procedure 15(a)'s **FAMOUSLY liberal policy** to grant leave to amend **before** a court can grant a defendant's anti-SLAPP motion to strike: "without granting the plaintiff leave to amend would **directly collide** with Fed. R. Civ. P. 15(a)'s policy favoring **liberal amendment**" *Id.*

Also, Mark Kleiman's claim that the plaintiff's amendment is **futile is false**, as is expounded upon in the Memorandum of Points and Authorities. And the fact that prevailing anti-slapp movants in federal court are entitled to their fees and costs are **irrelevent** as *Verizon* **AFFIRMED** that plaintiffs must be allowed to amend the complaint before any anti-SLAPP motion may be granted, even if it is to **remove** the claims subject to the anti-SLAPP statute (which the plaintiff had always planned to do **even before** filing the FAC on April 24, 2026) :

"Moreover, **the purpose of the anti-SLAPP** statute, the early dismissal of meritless claims, **would still be served if plaintiffs eliminated the offending claims**"*Id.*

There exists no undue delay as the plaintiff had tried to amend the complaint in a timely manner once the need to amend the complaint became apparent. There exists no undue prejudice in the granting of the plaintiff's Motion for Leave to File Second Amended Complaint as the defendants' defense is not injured in anyway with the granting of the plaintiff's motion for leave. If there are any small undue prejudice that the

defendants may suffer, those are very minuscule and are outweighed by the need to grant leave to amend in the interest of justice as **not granting leave to file amended complaint would be a huge and grave injustice** (as expounded upon in the Memorandum of Points and Authorities.

The plaintiff's motion for leave to file amended complaint was **not filed** in bad faith, nor is the Second Amended Complaint futile. There is **no justified reason** to deny the plaintiff the leave sought for.

The precedents cited in this reply (*Verizon Delaware, Inc. v. Covad Communications Co.* 377 F.3d 1081 (9th Cir. 2004) and *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ) are binding precedents that affirm that this court should grant the plaintiff leave to file the amended complaint in the interest of justice.

It would be a **grave injustice** to disallow the plaintiff leave to file the amended complaint to fix the mistakes due to the plaintiff's excusable neglects.

It would be a **grave injustice** to dissallow the plaintff leave to file the amended complaint to **ESCAPE** the defendants' newly executed WIRE FRAUD SCHEME in this very case to defraud the plaintiffs with manufactured evidence ( 4 false declarations, Exhibit #4) as well as multitutes of fraudulent misrepresentations and falsehoods (committed by Mark Kleiman) in order to corruptly influence this Court and to defraud the plaintiffs of a large sum of money (amounts disclosed by the defendants in their TWO proposed orders filed along with their anti-slapp motions filed on May 26, 2026).

Due to all of the above and what is expressed in the attached Memordanum of Points and Authorities, the defendants' opposition should be disregarded and the plaintiff's motion for leave to file SAC be granted.

4

May the court make the right decision and let justice prevails..

Amen.

Respectably,

Date: July 17, 2026

_Shing Lung Lau_

Shing Lung Lau, plaintiff in pro se

## TABLE OF CONTENTS

## FOR THE MEMORANDUM OF POINTS AND AUTHORITIES

**Is there any reason the court should grant the plaintiff's Motion for Leave to File Second Amended Complaint?**................................................................................9

**Reason 1**................................................................................9

**Reason 2**................................................................................10

**Reason 3**................................................................................11

**Reason 4**................................................................................13

**Reason 5**................................................................................14

**Is there any reason the court should NOT grant the plaintiff's Motion for Leave to File Second Amended Complaint? No**................................................................................15

There is **NO undue delay**................................................................................16

There is **NO bad faith**................................................................................16

There is **NO repeated failures** to cure deficiencies................................................................................16

There is **NO undue prejudice**................................................................................17

There is **NO futility of amendment**................................................................................19

Is the **Noerr-Pennington Doctrine (US supreme court)** based on the First Amendment right to **petition the government for a redress of grievances**? Yes................................................................................20

Is **defending** against someone else's **petitioning the government for a redress of grievance** itself petitioning the government for a redress of grievances? No................................................................................21

Does the **First Amendment** protect **illegal activities** and fraudulent...? No................................................................................22

Are **illegal activities** and.... protected by the **First Amendment**...? No................................................................................22

Does the Noerr-Pennington Doctrine (based on First Amendment right to petition the government for a redress of grievances) **protect illegal activities**...? No................................................................................22

Are the defendants' illegal activities and fraudulent misrepresentations **protected by the Noerr-Pennington Doctrine**? No................................................................................23

The **sham exception** to the Noerr-Pennington doctrine also **REMOVES** protection for activities that may be deemed a "sham":................................................................................23

# TABLE OF AUTHORITIES

## FOR THE MEMORANDUM OF POINTS AND AUTHORITIES

**Rules and Statutes:**

1st Amendment.................................................................22

5th Amendment.................................................................14

14th Amendment................................................................14

18 U.S.C. § 1343.........................................................36,37,41

18 U.S.C. § 1503......................................................29,36,37,41

18 U.S.C. § 1512......................................................29,36,37,41

18 U.S.C. § 1623 ........................................................36,37,38

18 U.S.C. § 1962 ...........................................................36,38

18 U.S.C. § 1964(c) ..........................................................27

42 U.S.C. § 1985.....................................................14, 15, 25, 26,27

California Civil Code § 47(b)..................................................28

California Code BPC § 6128.................................................24,37

California Penal Code § 118....................................................37

Federal Rules of Civil Procedure Rule 15(a)....................9,10

Federal Rules of Civil Procedure Rule 60(b)....................11

Supremacy Clause (Article VI, Clause 2)..........................28

**Case Laws:**

*Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)................................................17,18

*Berk v. Choy*, 607 U.S. ___ (2026)................................................................................39

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993)..........................26

*Carpenters v. Scott*, 463 U.S. 825 (1983)......................................................................25

*Drummond Company, Inc. et al. v. Collingsworth et al.,*....................................................22

*Flatley v. Mauro* (2006) 39 Cal.4th 299 [39 Cal. 4th 299, 46 Cal. Rptr. 3d 606, 139 P.3d 2]..................................................................................................................12,13,32,33

*Foman v. Davis*, 371 U.S. 178 (1962).........................................................................10,15

*Giboney v. Empire Storage & Ice Co.* 336 U.S. 490 (1949)............................................22

*Miroth v. County of Trinity*, No. 23-15759 (9th Cir. 2025)..................................29, 30, 31

*Navellier v. Sletten* (2002) 29 Cal.4th 82.......................................................................33

**Noerr-Pennington**.......................................................................................20,22,23

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)..............9,10

Rooker-Feldman.............................................................................................................29,30

*Sosa v. DIRECTV, Inc.*, 437 F.3d 923 (9th Cir. 2006).....................................................23

*Verizon Delaware, Inc. v. Covad Communications Co.* 377 F.3d 1081 (9th Cir. 2004)..................................................................................................................9,10,38,39

8

## MEMORANDUM OF POINTS AND AUTHORITIES

1.

**Is there any reason the court should grant the plaintiff's Motion for Leave to File Second Amended Complaint?**

**Yes, there are many reasons**

**Reason 1:    Binding precedents**

The Ninth Circuit requires that the policy favoring amendment be applied with "**extreme liberality**." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

2.

The landmark Ninth Circuit ruling *Verizon Delaware, Inc. v. Covad Communications Co.* 377 F.3d 1081 (9th Cir. 2004) established binding precedent that federal courts **must grant leave to** plaintiffs to amend their complaints **before** a court can grant a defendant's anti-SLAPP motion to strike. This preserves the liberal amendment policy of the Federal Rules of Civil Procedure Rule 15(a):

"granting a defendant's anti-SLAPP motion to strike a plaintiff's [...] complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring **liberal amendment**."

3.

Moreover, the court held that the amendment can even remove claims subject to anti-SLAPP motions:

"Moreover, the purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiffs **eliminated** the offending claims from their [...] complaint" *Id.*

4.

The defendants' opposition's only real objection to the binding precendent of *Verizon* is that the amended complaint is the second instead of the first.

While true, this in no way **invalidate** that leave to file amendment should be **freely given** as stated in FRCP 15(a)(2) and **affirmed** by such cases as *Verizon Delaware, Inc. v. Covad Communications Co.* 377 F.3d 1081 (9th Cir. 2004), *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001), *Foman v. Davis*, 371 U.S. 178 (1962)

It also **does not invalidate the rulings in the above cited cases** as the Motion for Leave to File Second Amended Complaint is **also the 1st petition** the plaintiff has asked of the court, similar to the *Verizon* case. The FAC also added new claims and new issues (with added mistakes) that must be fixed with an amendment.

5.

**Reason 2:   Justice requires that leave to file amended complaint be granted**

FRCP 15(a)(2):

"The court should freely give leave when justice so requires."

"justice" means that courts should liberally allow parties to amend their pleadings to ensure cases are decided on their **actual merits**.

If the court denies the plaintiff leave to file amended complaint, then the case can not be decided on their **actual merits.** This would be an injustice.

6.

"Rule 15(a) declares that leave to amend 'shall be freely given when **justice** so requires'; this **mandate** is to be heeded." *Foman v. Davis*, 371 U.S. 178 (1962)

7.

The defendants have sought to dismiss the plaintiff's complaint on such basis as lack of specificity and lack of allegation of class-based discriminatory animus. The proposed amendment **fixes these issues** and ensures that the case be decided on the merits. As such, **justice** requires that leave to amend be granted.

8.

**Reason 3:**   It would be a **Grave Injustice** if the leave to amend is not granted

The plaintiff had made no secret of the fact that the plaintff had always wanted to remove all causes of action that would be subject to anti-slapp motions even before the FAC was filed on April 23, 2026.

That the contract claims were not removed in the FAC filed on April 23. 2026 was simply because the plaintiff (being a lay-person and the contract itself not mentioning any state law) did not know that CONTRACT LAW is STATE LAW.

This is EXCUSABLE NEGLECT and would be ground for relief from a judgment according to FRCP Rule 60(b)(1) and (6):

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(6) any other reason that justifies relief.

9.

FRCP Rule 60(b)(1) and (6) are merely cited to show that not granting the plaintiff leave to file amended complaint would be an injustice which FRCP Rule 60 would provide relief for.

11

10.

The defendants are acting in **bad faith** and is executing a **WIRE FRAUD SCHEME** to unlawfully gain money from the plaintiffs. Without an amendment, the plaintiffs can not **ESCAPE** from the **FRAUDULENT SCHEM**E and will be **forced** to **fall victim** to the criminal defendants (as well as Mark Kleiman) and lose a large sum of money.

11.

Note that the defendants and their attorneys have manufactured **FOUR FALSE declarations (Exhibits #1)** (attached to their replies re anti-SLAPP motion filed June 10, 2026) (false because the defendants **perjured** that they did not engage in any unlawful conduct when in fact they did) to be used as evidence to **MANUFACTURE CONTROVERSY** so that the "**Uncontroverted** and conclusive evidence" standard established by the California Supreme Court in the landmark case *Flatley* no longer holds true and the defendants can then defeat the *Flatley* exception and win their anti-SLAPP motions and then unlawfully obtain attorney's fees from the plaintiffs.

12.

This court, has already been corruptly influence **to some small degree** by the defendants' **FOUR FALSE declarations (Exhibits #1) to defeat *Flatley* Exception** and the **injustice and corrupt influence has already happened**.

13.

The plaintiff was barred from ever filing any ex parte applications or motions and so could not file an ex parte motion for leave to file sur reply to alert the court of this fraudulent scheme.

14.

In the **interest of justice**, the plaintiffs must be allowed to amend the complaint to remove the contract claims so that the plaintiffs can ESCAPE from the defendants' fraudulent scheme (FOUR **FALSE DECLARATIONS** to manufacture controversy in order to defeat *Flatley* exception)

15.

Justice demands that the plaintiffs be granted leave to file amendment.

16.

There are also numerous other fraudulent misrepresentations in various other court papers filed, including the very OPPOSITION this very reply is in response to.

These misrepresentations are also part of the WIRE FRAUD SCHEME perpetrated by Mark Kleiman et al. to illegally corruptly influence this Court and to defraud the plaintiffs of money via attorneys fees and costs from anti-SLAPP motions.

17.

**Reason 4: Excusable neglect and fairness**

This court has recently just granted the defendants an extended deadline to file opposition to the plaintiff's motion for leave to file amended complaint based on **the defendants' EXCUSABLE NEGLECT**.

The plaintiff had FAILED to remove the contract claims from the FAC ALSO because of **EXCUSABLE NEGLECT** (not knowing that CONTRACT law were STATE law)

18.

That the plaintiff failed to include allegations of class-base discriminatory animus as required of 42 U.S. Code § 1985 claims is also **EXCUSABLE NEGLECT.**

19,

It would be grave injustice if the plaintiff was not allowed to amend the complaint to fix these **EXCUSABLE NEGLECTs**, especially when this Court has repeatedly granted the defendants' motions due to similar **EXCUSABLE NEGLECTs.**

20.

It would be **unfair** for the court to grant only the defendants' motions based on **EXCUSABLE NEGLECT** and to deny the plaintiff's motion when the plaintiff's motion was also necessitated by **EXCUSABLE NEGLECTs.**

21.

The Fourteenth Amendment demands that both sides in a case be **treated the same** through its Equal Protection Clause, which prohibits the government from denying any person equal protection of the laws. The Due Process Clauses of the Fifth and Fourteenth Amendments guarantee **fairness** and **impartiality.**

22.

Fairness necessitates that the court grant the plaintiff leave to amend.

23.

**Reason 5: Mark Kleiman's arguments in his opposition are <u>ALL</u> fraudulent, baseless, false, invalid, irrelevent and or inapplicable.**

There's no valid argument why the plaintiff's motion to file amended complaint should be denied. As expounded upon:

14

24.

**Is there any reason the court should NOT grant the plaintiff's Motion for Leave to File Second Amended Complaint?**

**No, there is NO valid reason**

Under the landmark Supreme Court case *Foman v. Davis* 371 U.S. 178 (1962), **"leave to amend 'shall be freely given** when justice so requires'; **this mandate is to be heeded**... In the absence of any apparent or declared reason -- such as **undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment**, etc. -- the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any **justifying reason** appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

25.

Five reasons are listed for the court to deny a motion for leave to file an amendment:

1. **Undue delay**

2. **Bad faith** or dilatory motive on the part of the movant

3. **Repeated failure** to cure deficiencies by amendments previously allowed

4. **Undue prejudice** to the opposing party by virtue of allowance of the amendment

5. **Futility of amendment**

15

26.

None of these reasons are **PRESENT** and valid factors here.

27.

There is **NO undue delay.**

It was only on **May 22, 2026** at the Meet and Confer for the defendants' Motion to Dismiss and anti-slapp that the plaintiff learnt that contract claims are STATE LAW claims.

And it was only on **June 10, 2026** after the defendants' Motion to Dismiss and anti-slapp motions were served that the plaintiff learnt that 42 U.S.C. § 1985 claims require allegation of class-based discriminatory animus.

The plaintiff worked diligently to rewrite the whole complaint fix the issues and submitted the Motion for Leave to File Second Amended Complaint by **June 23, 2026**.

**No undue delay was intended nor effectuated.**

28.

There is **NO bad faith.**

The plaintiff's motion for leave was **NOT filed in bad faith** to harass the opposing party nor to delay anything, **there exists a <u>geniune need</u> for the complaint to be amended** (due to the excusable neglect of the lack of allegation of class-based discrimintory animus, etc.)

29.

There is **NO repeated failures** to cure deficiencies.

The plaintiff only learnt of the deficiency of the lack of allegation of class-based discrimintory animus on June 10, 2026 and had **never** before attempted to cure that deficiency before.

As such, there is **no repeated failures** to cure that deficiency.

16

30.

The plaintiff only leant that contract claims were state law recently. The plaintiff had not eliminated the contract claims from the FAC solely because the plaintiff did not know that contract law is state law.

This is the **first time** the plaintiff has sought to remedy the deficiency of errorenously including CONTRACT claims in the complaint.

This is also the **first time that the plaintiff has sought leave to file amended complaint from the court.**

As such, there is **NO repeated failures** to cure deficiencies.

31.

There is **NO undue prejudice.**

Should the court grant the plaintiff leave to file the amended complaint, there would be no undue prejudice to the defendants' ability to defend themselves.

The defendants' claim that there is prejudice to the defendants is false.

The defendants would suffer no UNFAIR ADVANTAGE to their defense at all.

32.

The defendants cited *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) as support that the plaintiff's motion for leave to file amended complaint should be denied, but that case actually works against the defendants' claim that there is undue prejudice.

33.

In *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989):

"This Court has interpreted these factors to emphasize that "prejudice to the nonmoving party is the touchstone for the denial of the amendment." *Cornell Co.*, 573 F.2d at 823. But the non-moving party **must do more than merely claim prejudice**; "it **must** show that it was **unfairly disadvantaged** or **deprived of the opportunity to**

17

**present facts or evidence** which it would have offered had the . . . amendments been timely."

34.

*Bechtel v. Robinson* says that the defendants **MUST do more than merely claim prejudice**, they must show that they would be "unfairly disadvantaged" OR " deprived of the opportunity to present facts or evidence"

35.

The defendants, in their opposition, only ever **MERELY CLAIMED** that there would undue prejudice,

36.

The defendants **DID NOT, and indeed, COULD NOT**, show that they would be "unfairly disadvantaged" in their defense OR "deprived of the opportunity to present facts or evidence" *Id.*

37.

*Bechtel v. Robinson* works against the defendants' claim that the plaintiff's motion for leave to file amended complaint should be denied. As the defendants' claim of undue prejudice **would not have "unfairly disadvanged" the defendants' DEFENSE** nor would the defendants be "deprived of the opportunity to present facts or evidence"

38.

The increased length of the plaintiff's second amended complaint was due to the defendants' claim of lack of specificity in the FAC being addressed.

39.

The defendants **can not, in good faith**, sought to Dismiss the plaintiff's complaint for lack of specificity and when now the lack of specificity is addressed in a through manner, now **claim undue prejudice** due to the increased length of the complaint required to address the issue they raised.

18

This is acting in bad faith.

40.

In conclusion, *Bechtel v. Robinson* states that **mere claims of undue prejudice is not enough**, the non-moving party **must** show that **their DEFENSE would be "unfairly disadvanged"** or that they would be "deprived of the opportunity to present facts or evidence

The defendants DID NOT and **COULD NOT** meet these requirements.

41.

There is **NO futility of amendment.**

The plaintiff's SAC specifically addresses three issues, the lack of specificity, the excusable neglect of the failure to include required allegation of class-based discrimintory animus, and the excusable neglect of the failure of the FAC to remove the contract claims (due to the plaintiff not knowing that contract law is state law).

The plaintiff's second amended complaint **indeed SUCCESSFULLY** fixes all of these issues, as such, there is **no futility** of amendment.

42.

Argument A is baseless and invalid:

Mark Kleiman's argument that the Proposed SAC does not and cannot cure **categorical defects** is false. This is nothing more than fraudulent misrepresentions and false logic, as the Noerr-Pennington Doctrine is not applicable to this case due to the lack of any petitioning that would constitute as "petition[ing] the Government for **a redress of grievances"** that is protected by the First Amendment, as well as the sham exception removing Noerr protection from the defendants' illegal conducts.

19

43.

The defendants have NEVER ever been a plaintiff/petitioner and had not petitioned "the Government for **a redress of grievances**" and as such Noerr is not applicable and the sham exception also makes Noerr inapplicable.

44.

Argument A states that "Amendment Is Futile Because the Proposed SAC Does Not and Cannot Cure the Categorical Defects Identified in Defendants' Pending, Fully-Briefed Motions."

This is false.

As the subarguments 1 to 7 are all **fraudulent, baseless, false, invalid, irrelevent, moot and or inapplicable.**

45.

Mark Kleiman's statement

"1. The **Noerr-Pennington Doctrine** Categorically Bars the RICO Claims, and No Amendment Can Change the Underlying Conduct."

is **false**

because the **Noerr-Pennington Doctrine** is not applicable and does not "Categorically Bars the RICO Claims" as Mark Kleiman falsely claimed.

46.

Is the **Noerr-Pennington Doctrine (US supreme court)** based on the First Amendment right to **petition the government for a redress of grievances**?

Yes

20

47.

Is **defending** against someone else's **petitioning the government for a redress of grievance** itself petitioning the government for a redress of grievances pursuant to the **First Amendment**?

No, defending against someone else's petitioning the government for a redress of grievances itself would **NOT** be a form of petitioning the government for a **redress of grievance.**

For example, most people would **not** call a murder suspect defending against a murder charge (such as Timothy Hudson for rape and murder of his step sister Anna Kepner) a form of petitioning the governmen for a redress of grievances.

48.

Even if defending against someone else's petitioning the government for a redress of grievances is itself a form of petitioning the government for a redress of grievances **(First Amendment),** would merely filing **OPPOSITIONS** or **ANSWERS** (as the defendants had mostly) be a form of petitioning for a redress of grievances?

No, while motions and applications request something,

oppositions and answers **do NOT**

and assuch would NOT be a form of petitioning the government for a redress of grievances at all under the First Amendment.

OPPOSITIONS or ANSWERS would be protected under due process clauses under the 5th, 6th and 14th amendments.

21

49.

Does the **First Amendment** protect **illegal activities** and fraudulent misrepresentations ?

No.

50.

Are **illegal activities** and fraudulent misrepresentations protected by the **First Amendment** as a form of **petitioning** the government for a redress of grievances?

No.

51.

Does the Noerr-Pennington Doctrine (based on First Amendment right to petition the government for a redress of grievances) **protect illegal activities** and fraudulent misrepresentations?

No, the Noerr does NOT protect illegal activities and fraudulent misrepresentations because the  Noerr was based on the First Amendment and the First Amendment does NOT protect illegal activities and fraudulent misrepresentations .

The Supreme Court established this in *Giboney v. Empire Storage & Ice Co.* 336 U.S. 490 (1949), holding that constitutional protections **do not apply to illegal actions** simply because words are used.

52.

This is further affirmed in the case *Drummond Company, Inc. et al. v. Collingsworth et al.*, which affirmed that illegal litigation activities are NOT protected activites and can be used as a basis for RICO. Althought this case was ruled in the U.S. District Court for the Northern District of Alabama, this case can still act as **persuasive authority** for this Court.

Like *Drummond,* this Court should also rule that illegal litigation activities are NOT protected activites and can be used as a basis for RICO.

22

**53.**

Are the defendants' illegal activities and fraudulent misrepresentations **protected by the Noerr-Pennington Doctrine**?

**No**, the defendants' illegal activities and fraudulent misrepresentations are **NOT protected** by the Noerr at all because Noerr was based on the First Amendment and **the First Amendment does NOT protect illegal activities** and fraudulent misrepresentations.

**54.**

Furthermore, the **sham exception** to the Noerr-Pennington doctrine also **REMOVES** protection for activities that may be deemed a "sham":

In *Sosa v. DIRECTV, Inc.*, 437 F.3d 923 (9th Cir. 2006), the 9th circuit states that :

"In *Kottle*, we identified **three circumstances** in which the <u>**sham litigation exception**</u> might apply: [...] **third, if the allegedly unlawful conduct "consists of making intentional misrepresentations to the court, litigation can be deemed a sham"**

**55.**

Here in this case, the defendants' **illegal activities and fraudulent misrepresentations** (in violations CA BPC § 6128 attorney deceit, CA Penal Code § 118, 18 U.S.C. § 1343 wire fraud and other statutes enumerated in SAC) fall **SQUARELY** into the **"unlawful conduct consists of making intentional misrepresentations to the court, litigation can be deemed a sham"**

**56.**

the **sham exception** to Noerr applies and the defendant's unlawful conducts are not protected by Noerr.

23

57.

Also, the defendants' various attorney deceits, fraudulent misrepresentations, perjuries, frauds, etc. took place mostly in **OPPOSITIONS and ANSWERS** and in **DEFENSE** activities that are **UNEQUIVOCALLY <u>NOT</u> petitioning the government for a redress of grievances**. Noerr does not apply.

58.

For example, see **Fraudulent Misrepresentation #1** in the SAC. In the court paper filed by the defendants on January 9, 2024 titled **OPPOSITION** TO MOTION TO SET ASIDE JUDGMENT (**Exhibit #3**)

The defendants fraudulently stated

"However, Defendants were **never** notified of Plaintiff's alleged discontinuance of Mr. Pok" (**Exhibit #3**, page 2, line 9)

See **Exhibit#1** and **Exhibit#2** for evidence that the statement was fraudulent.

The defendants obviously committed **the CRIME of attorney deceit** (in violation of California Code BPC § 6128). This illegal conduct is **NOT PROTECTED** by the Noerr due to the **illegal conduct** being a sham ("unlawful conduct consists of making intentional misrepresentations to the court, litigation can be deemed a sham" *Sosa* )

and

the conduct having occured in an **OPPOSITION** paper that is **UNEQUIVABLLY NOT petitioning the government for a redress of grievances**

59.

Due to the above, **Mark Kleiman's arugment A-1 is FALSE.**

60.

**Mark Kleiman's argument A-2**

"Section 1985(3) Requires a State Actor; Defendants Are, and Will Always Be, Private Parties."

is **FALSE**

because a state actor was involved, this whole RICO case is about the defendants committing various crimes (attorney deceit, perjuries, wire frauds, etc.) to **corruptly influence** the Superior Court of the State of California in various cases from 2023 to 2026.

61.

The requirement that "Section 1985(3) Requires a State Actor" is found in *Carpenters v. Scott*, 463 U.S. 825 (1983) where the Supreme Court of the United States stated:

"An alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy **or** the **aim of the conspiracy is to influence the activity of the State**."

62.

The "aim of the conspiracy is to influence the activity of the State." is satifisied as the plaintiff's does indeed, in the SAC, alleges that the defendants' violation of Section 1985(3) was to "influence the activity of the State".

63.

**Mark Kleiman's argument A-3**

"Section 1985(2)'s First Clause Requires Obstruction of a Federal Proceeding; All of the Conduct Alleged Occurred in State Court."

is **irrelevant**

25

and does not support that the plaintiff's motion for leave to file amended complaint should be denied.

as the plaintiff does NOT allege that the defendants violated Section 1985(2)'s **First** Clause.

but rather the Second Clause.

64.

**Mark Kleiman's argument A-4**

"Both § 1985 Claims Independently Require Class-Based Discriminatory Animus"

is **MOOT**

as the plaintiff's SAC has allegations of class-based discriminatory animus as required.

65.

Within the paragraphs of Arugment A-4, Mark Kleiman stated

"Even taking that representation at face value, it is **legally insufficient** standing alone. Defendants' Motion to Dismiss explains that class-based animus must target a class subject to historically recognized discrimination, *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993),"

this is false

and inapplicable as the plaintiff's allegation is in fact **legally sufficient**.

66.

In *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993), the Supreme Court ruled that the Civil Rights Act of 1871 (42 U.S.C. $1985(3)) could not be used BECAUSE protests against **ABORTIONS did not** target women as a **class**.

Whereas the allegation of discriminatory animus is specifically **CLASS-based** (race as well as national origin; lack of language skills)

26

67.

Mark Kleiman's statement

"More fundamentally, adding animus allegations does nothing about the state-actor requirement that independently bars the § 1985(3) claim, or the federal-proceeding requirement that independently bars the first clause of the § 1985(2) claim. Plaintiffs cannot amend around one element of a multi-element claim while leaving a separate, dispositive element unaddressed and call the result 'cured.' "

is **FALSE and not applicable**

as the state-actor requirement is satifisfied

and the plaintiff does not claim that the defendants violated the first clause of § 1985(2).

With the addition of the missing allegation of class-based discrimintory animus, the § 1985(2) and § 1985(3) claimss have **no more deficiencies and those claims are not futile at all.**

**68.**

Due to the above, **argument A-4 is false and not applicable.**

**69.**

**Mark Kleiman's argument A-5**

"5. The **Litigation Privilege Bars** Claims Resting on Communicative Litigation Conduct, and the Underlying Conduct Cannot Be Changed by Re-Characterization."

is false, baseless, and not applicable.

All the claims in the SAC are specifically provided for by **federal statutes**

18 U.S. Code § 1964(c) and 42 U.S. Code § 1985(3)

27

70.

**Supremacy Clause** (Article VI, Clause 2) dictates that the U.S. Constitution and federal laws **override conflicting state laws**. The **Rules Enabling Act** (28 U.S.C. §§ 2071-2077) also delegates authority to the U.S. Supreme Court to create uniform procedural rules for federal courts, with the critical mandate that these rules cannot modify substantive rights.

71.

As such, California state laws, such as Civil Code § 47(b) **cannot** limit, **nullify**, nor override **FEDERAL statutes**.

72.

CA Civil Code § 47(b) is simply inapplicable to this case's claims specifically allowed for by 18 U.S. Code § 1964(c) and 42 U.S. Code § 1985(3).

**73.**

**Mark Kleiman's argument A-5 is false and inapplicable.**

**74.**

**Mark Kleiman's statements**

"6. Rooker-Feldman and Issue Preclusion Bar Relitigating Three Final State Court Judgments, and No Amendment Can Undo a Final Judgment."

"Defendants' motions further establish that Plaintiffs' claims ask this Court to sit in **review of final judgments** already entered against them in three state court unlawful detainer actions," **(docket 113, page 11, line 21 to line 23)**

are **false** and not applicable

as

**the plaintiff's complaint has <u>NEVER</u> asked this Court to review any final judgments whatsoever.**

75.

This is a **CRIME** and fraudulent misrepresentation that Mark Kleiman has commiteed to **corruptly influence** this Court (in violations of **18 U.S.C. § 1503 and 18 U.S.C. § 1512** federal obstruction of justice, **18 U.S.C. § 1343** Wire fraud, 18 U.S. Code § 1962 RICO)

76.

All the plaintiff's complaint has done is to point out and list **SPECIFIC CRIMES that the defendants have committed** and asked for compensation pursuant to federal statutes 18 U.S. Code § 1964(c) and 42 U.S. Code § 1985(3).

77.

**The plaintiffs have never ask this Court to review nor modify any final judgment whatsoever.**

78.

The Rooker-Feldman and Issue Preclusion does not apply in this case at all.

**79.**

**As affirmed by** *Miroth v. County of Trinity*, No. 23-15759 (9th Cir. 2025), the **Rooker-Feldman Doctrine has Very Narrow Scope.**

In *Miroth*, the Ninth Circuit Court held that the Rooker-Feldman doctrine does **not bar federal lawsuits seeking money damages for alleged misconduct,** such as fabricating evidence, **even if that misconduct contributed to a prior state court judgment.**

"The Rooker-Feldman applies **only** when the federal plaintiff **both** asserts as her injury **legal error** or errors by the **state court and** seeks as her remedy <u>relief</u> **from the state court judgment**. Here, plaintiffs' claims in their operative second complaint did not

29

seek relief from or reversal of the state court's order" *Miroth v. County of Trinity*, No. 23-15759 (9th Cir. 2025)

"a plaintiff alleging fraud by another party in litigation is not alleging a legal error by the state court. See *Benavidez*, 993 F.3d at 1143; *Kougasian*, 359 F.3d at 1139–41." *Miroth v. County of Trinity*, No. 23-15759 (9th Cir. 2025)

80.

For Rooker-Feldman to apply, the plaintiff must allege that the state court committed errors **AND** seeks relief fomr the state court judgment.

This did not happen in this case at all, as the allegations of fraud by a party other than the court is not alleging a legal error by the state court.

81.

For Rooker-Feldman to apply, the plaintiff must **also** seek relief from the state court judgment.

This did not happen in this Case.

82.

"seek[ing] relief from a state court judgment," *Noel*, 341 F.3d at 1164, which can implicate Rooker-Feldman, is **not the same thing** as seeking relief that would **ameliorate** the effects of an adverse state court judgment. In past cases, plaintiffs sought such **offsetting relief in the wake of an unfavorable state court judgment**—and yet we **held Rooker-Feldman did not apply**. See, e.g., Benavidez, 993 F.3d at 1140–41; Kougasian, 359 F.3d at 1137–38; Noel, 341 F.3d at 1152–53." Id.

83.

The Ninth Circuit Court of Appeals "held Rooker-Feldman did not apply" to lawsuits seeking "offsetting relief in the wake of an unfavorable state court judgment"

30

84.

"As we reasoned in one case, "[a]lthough Plaintiffs sought relief designed to **remedy injuries** suffered from a state court judgment, they did not allege before the court that the state court committed legal error, nor did they seek relief from the state court judgment itself." *Bell*, 709 F.3d at 897. Thus, **Rooker-Feldman did not preclude jurisdiction.**" Id.

85.

It is clear from the **2025** *Miroth* case that Ninth Circuit Court of Appeals would not held that Rooker-Feldman would apply to THIS CASE as THIS CASE did **not** allege that the state court committed an legal error, **nor** did this case seek relief from the state court judgment itself and "seeking relief that would ameliorate the effects of an adverse state court judgment" is **NOT** the same as seeking relief from the state court judgment.

86.     Newer case laws takes precedent over older case laws.

87.     *Miroth v. County of Trinity*, No. 23-15759 (9th Cir. **2025**), being very new, would override all older case laws that **may** say that Rooker-Feldman would apply to THIS CASE.

88.

**Mark Kleiman's statements**

"7. The Attorney Defendants Are Not Parties to the Lease. Removing the Contract Claims Does Not Address the Reason They Fail."

"Defendants' anti SLAPP motion observes that the Attorney Defendants were never parties to the lease agreement and therefore cannot be liable for breach of a contract they did not sign..... That defect is a fact about who signed the lease; it does not disappear because Plaintiff proposes to delete the two claims built on it."

are false, baseless, **moot** and inapplicable

**89.**

First, there is no "defect". The defendants Christopher Lopez and Cynthia Carter **ARE** parties to the lease agreement and the defendants Kevin Hermansen and Behnam Gharagozli were operating as **AGENTS** of Christopher Lopez and Cynthia Carter when the defendants committed all the various crimes alleged in the complaint from 2023 to the present.

Agents as well as principals can both be sued for wrong doings.

90.

Removing the Contract claims from the Second Amended Complaint **moot** Mark Kleiman's argument as the argument only pertains to the contract claims.

91.

The Contract claims **do not FAIL** and there is no defect.

The **contract claims do not Fail** because CA anti-slapp law is based on the First Amendment and since the First Amendment **does NOT** protect illegal activities, the CA anti-slapp statute similarly **does NOT protect illegal activities.**

92.

The Flatley illegality exception of the CA anti-slapp statute means that the illegal conducts committed by the defendants are not protected:

"If a defendant concedes or the **evidence conclusively** establishes the conduct complained of was **illegal, as a matter of law** the defendant **cannot** make a **prima facie** showing the action arises from protected activity within the meaning of section 425.16"];
*1-800 Contracts, Inc. v. Steinberg* (2003) 107 Cal.App.4th 568, 584

As cited in *Flatley v. Mauro*, 39 Cal. 4th 299, 139 P.3d 2, 46 Cal. Rptr. 3d 606 (Cal. 2006)

32

"We agree with Paul [[*Paul*, supra, 85 Cal.App.4th at p. 1365.] that section 425.16 **cannot be invoked** by a defendant whose assertedly protected activity is **illegal as a matter of law** and, for that reason, **not protected** by constitutional guarantees of free speech and petition" Id.

"Applying the statutory procedure thus described to the case before it, the Paul [*Paul*, supra, 85 Cal.App.4th at p. 1365.] court held that "we need not address the second step of section 425.16's two step motion to strike process because we hold, as **a matter of law,** that defendants **cannot meet their burden** on the first step" Id.

"But if it can be verified '**as a matter of law**' that the defendant's speech or conduct is not protected, for example it is **illegal**, then the burden does **not** shift to the plaintiff to make the minimal merits showing." Id.

"We conclude that, consistent with the legislative intent underlying the anti SLAPP statute as revealed by the statutory language, and consistent with our existing anti-SLAPP jurisprudence, a defendant whose assertedly protected speech or petitioning activity was **illegal as a matter of law**, and therefore **unprotected by constitutional guarantees of free speech and petition, cannot** use the anti-SLAPP statute to strike the plaintiff's complaint." Id.

93.

"Consequently, we will assume that the litigation privilege does not bar plaintiffs' breach of contract cause of action." *Navellier v. Sletten* (2002) 29 Cal.4th 82

94.

The Supreme Court of California itself assumed that litigation privilege **does not bar** breach of contract claims.

95.

Under A-7, Mark Kleiman also went on to state

"The proposed SAC also cannot cure two independent RICO defects that no quantum of added 'specificity' can reach." Mark Kleiman (docket 113, page 12, line 15)

and went on to state in effect that the SAC has defective **RICO enterprise** claims and defective RICO "pattern" of rackeetering activity and the defendants' crimes lack "both the closed-ended and open-ended continuity that RICO demands" Mark Kleiman (docket 113, page 12, line 22)

96.

These are just more falsehoods perpetrated by Mark Kleiman

97.

The plaintiff's SAC **adequately** alleges RICO enterprises required of a RICO claim and that these RICO enterprises continue to exist and also adequately allege a pattern of rackeetering activities that the defendants have committed as well as adequately provided BOTH close-ended and open-ended continuity.

98.

Mark Kleiman's statement "These are **defects** in the nature of the claim, not the level of detail, and no amount of additional pleading can supply what the underlying facts cannot. For all of these reasons, **the proposed amendment is futile** within the meaning of Foman. Leave to amend should be denied on this basis alone." (docket 113, page 12, line 24)

is **FALSE**

because **these defects do NOT in fact exist**; as the SAC has adequately alleged the required RICO enterprises and pattern of RICO activities and **the proposed amendment is NOT futile.**

34

99.

Mark Kleiman's statements

"B. The Motion Is a Transparent, Admitted Attempt to Evade Imminent Adjudication of Defendants' Pending Motions"

"Bad faith and improper purpose are independently sufficient grounds to deny leave to amend."

is **false** and irrelevant

because there was NO **bad faith** nor improper purpose at all

100.

The plaintiff has repeatedly stated that it was **no secret** that the plaintiff had attempted to **REMOVE ALL state claims** in the FAC back in April 24, 2026.

It excusable neglect (did NOT know that Contract law is State law) that the plaintiff had FAILED to remove the contract claims from the FAC.

101.

It has ALWAYS been the intention of the plaintiff to remove all state law claim even BEFORE the defendants filed their Motion to Dismiss and anti-slapp motions on June 10, 2026.

This shows that there has been **NO bad faith** on the plaintiff's part as the plaintiff did not file the Motion for Leave to File SAC to delay the case nor to deprive the defendants of opportunity to defend.

The **intent** to remove state law claims was present **way before** the defendants filed their MTDs and anti-slapp motions.

102.

There is no bad faith of any sort.

Any reasonable person can see that.

35

103.

Mark Kleiman improperly misquoted the plaintiff and stripped the context when he stated

"It states that the SAC removes the Fifth and Sixth Claims so that Plaintiff 'will not be forced to FALL VICTIM to the defendants' fraudulent scheme . . . and be certain to LOSE the anti-slapp motion hearing scheduled for 6/24/2026 and lose a lot of money to the defendants.' " Mark Kleiman (docket 113, page 13, line 4)

as evidence of plaintiff's bad faith

104.

This is **another fraudulent** attempt to corruptly influence this Court as the **REMOVED context** is that the plaintiff was talking about the **illegal FRAUDULENT SCHEME** hatched and carried out by **Mark Kleiman, Thomas Harvery, Ramsey Judah as well as all of the defendants** to **CORRUPTLY INFLUENCE** the Court and to **OBSTRUCT JUSTICE in violation of 18 U.S.C. § 1503, 18 U.S.C. § 1512, 18 U.S.C. § 1343 (Wire fraud), 18 U.S.C. § 1962 (RICO), 18 U.S. Code § 1623 (false declarations) in this very case itself**.

105.

The **illegal FRAUDULENT SCHEME** is very simple; the criminals Mark Kleiman, Thomas Harvery, Ramsey Judah as well as all of the defendants attempted to **DEFEAT** the *Flatley* exception raised in the plaintiff's opposition to anti-slapp filed on June 2, 2026 (which **requires "uncontroverted"** and conclusive evidence) by providing this Court with **MANIFACTURED FALSE EVIDENCE (4 PERJURED DECLARATIONS** included within the REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT filed on June 10, 2026) in an attempt to provide **the needed "CONTROVERSY"** to defeat the *Flatley* exception and then to ultimately **FRAUDULENTY and UNLAWFULLY OBTAIN** a large sum of money (the **amount in the proposed orders** filed concurrently with the defendants' TWO anti-slapp motions filed on May 26, 2026) from the plaintiffs.

106.

This constitutes as an **ILLEGAL WIRE FRAUD scheme** that utilized multiple electronic transmissions to faciliate the perpetration of fraudulently and **corruptly INFLUENCING this very court** in order to UNLAWFULLY obtain money (judgment from anti-slapp motions) from the plaintiffs.

107.

The **MANIFACTURED FALSE EVIDENCE (4 PERJURED DECLARATIONS, Exhibit #4)** are false and are perjuries because all the evidences provided for in the SAC **CLEARLY** and **UNEQUIVOCALLY** prove that the defendants had indeed commited crimes such as attorney deceit, perjury, wire fraud and other crimes (in violations of California Code, Business and Professions Code - BPC § 6128, CA Penal Code § 118, 18 U.S.C. § 1343, 18 U.S. Code § 1623, etc.)

108.

The **FOUR** perjured declarations from **ALL of the defendants** conclusively **PROVE** the existence of a valid **RICO ENTERPRISE** that continues to exist as well as a **PATTERN** of continuing RICO activities.

109.

The defendants' crimes are occuring right here in this very Court and the Court itself can **BEAR WITNESS that the defendants are commiting RICO predicate crimes**.

110.

This Court should, **on its own initiative**, sanction Mark Kleiman, Thomas Harvery, Ramsey Judah, Kevin Hermansen, Behnam Gharagozli, Christopher Lopez, and Cynthia Carter for their conspiracy and involvement in this **WIRE FRAUD scheme** by reporting this crime (**CORRUPT INFLUENCE** of the Court and to **OBSTRUCT JUSTICE in violation of 18 U.S.C. § 1503, 18 U.S.C. § 1512, 18 U.S.C. § 1343 Wire**

**fraud, 18 U.S.C. § 1962 RICO, 18 U.S. Code § 1623 false declarations** )to the Department of Justice as well as to the State Bar of California.

111.

In Argument B, Mark Kleiman went on to cite cases to support that the plaintiff **MAY NOT** amend the complaint to remove the contract claims to escape anti-slapp fees:

"**California courts** agree that even when a defendant is dismissed while an anti-SLAPP motion is pending, the defendant may move for fees. See Liu v. Moore, 69 Cal. App. 4th 745, 753 (1999); Coltrain v. Shewalter, 66 Cal. App. 4th 94, 107 (1998)." De La Torre v. Legal Recovery Law Office, No. 12cv2579-LAB (WMc), 2014 U.S. Dist. LEXIS 128220, at *6 (S.D. Cal. Sep. 12, 2014) (Internal citations cleaned up.)"

112.

The cases cited are all CA State Court cases and has no bearing nor binding authority on this case filed in **Federal District Court** under federal statutes.

113.

In the BINDING PRECEDENT case *Verizon Delaware, Inc. v. Covad Communications Co.*, the 9th circuit has affirmed that federal courts **must grant leave to** plaintiffs to amend their complaints **before** a court can grant a defendant's anti-SLAPP motion to strike:

"...granting a defendant's anti-SLAPP motion to strike a plaintiff's [...] complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring **liberal amendment.**" Id.

114.

This leave to amend must be granted even if the purpose is to **eliminate** the claims subject to anti-slapp motions.

"Moreover, the purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiffs **eliminated** the offending claims from their [...] complaint" *Id.*

115.

Due to the Supremacy clause and Rules Enabling Act, FRCP 15's liberal amendment policy (and pertinent case laws) override all the cited California State Court case laws, as affirmed by the Ninth Circuit in *Verizon*

116.

In the January 2026 ruling in case *Berk v. Choy*, 607 U.S. ___ (2026), the **US SUPREME COURT** ruled that state laws (such as **anti-slapp statutes**) requiring plaintiffs to provide early evidence are effectively **DISALLOWED in federal courts** (by the Rules Enabling Act) because those laws conflicted with Federal Rules of Civil Procedure 8 and 12.

117.

As a result of this landmark US Supreme Court case, CA state anti-slapp statutes are now **effectively disallowed** in federal courts, including this very district court itself.

118.

Argument B is baseless and moot and fails.

119.

Landmark cases state that the plaintiff **must be allowed to amend the complaint** before the defendants' anti-slapp motion can be granted (Verizon Delaware, Inc. v. Covad Communications Co., 377 F.3d 1081 (9th Cir. 2004) ) and that CA **state** anti-slapp statute is **dissallowed** in FEDERAL court (*Berk v. Choy*, 607 U.S. ___ (2026) )

39

120.

Mark Kleiman stated:

"C. Plaintiff's Own Papers Contain an Irreconcilable Self-Contradiction That Undermines Any Claim of Good-Faith Mistake."

and

"Plaintiff's motion offers two **mutually exclusive explanations** for why the contract claims were not removed earlier" (docket 113, page 14, line 15)

and went on to claim that the

**TWO statements**:

"It was no secret that the plaintiff had always intended to remove all state claims subject to anti-SLAPP"

and

"[i]t was by the plaintiff's ignorance and mistake that those claims were not removed in the FAC in the first place"

are **self contradictory**

and

cannot both be true at the same time

and

is evidence that the plaintiff's motion for leave to file amended complaint was filed in **BAD FAITH** and should NOT be granted.

121.

In REALITY, these two statements are **NOT contradictory** at all, both are true at the same time and serves together to explain why the contract claims were not removed in the plaintiff's FAC filed on April 24, 2026.

40

No reasonable person would find that the two statements, "It was no secret that the plaintiff had always intended to remove all state claims subject to anti-SLAPP" **and** "[i]t was by the plaintiff's ignorance and mistake that those claims were not removed in the FAC in the first place" are contradictory in any way whatsoever.

122.

This is a **CRIME** commited by Mark Kleiman and Thomas Harvey (in violation of 18 U.S.C. § 1503, 18 U.S.C. § 1512, 18 U.S.C. § 1343, etc.)

Mark Kleiman is **corruptly influencing** the court that the two statements are **contradictory** when in fact they are not.

123.

Mark Kleiman committed this CRIME in order to **corruptly influence** this very Court into **denying** the plaintiff's motion for leave to file SAC in order so that Mark Kleiman himself may prevail in an anti-slapp motion and obtain a large sum of money (in the proposed order filed on May 26, 2026) from the plaintiffs.

This is a **crime** of WIRE FRAUD and Rackeetering as Mark Kleiman et al. have committed more than one instances of electronic transmission to facilicate the scheme.

Respectfully,

Dated: July 17, 2026

_____

Shing Lung Lau, plaintiff in pro se

41

## **CERTIFICATE OF COMPLIANCE (L.R. 11-6.2)**

The undersigned, Shing Lung Lau, plaintiff in pro se, certifies that the above Memorandum of Points and Authorities (not including the reply to opposition itself nor the declaration of Shing Lung Lau, nor the exhibits) contains 6,996 words, which complies with the word limit of 7,000 words as provided for in L.R. 11-6.1

Respectfully,

Date: July 17, 2026

_Shing Lung Lau_

Shing Lung Lau, plaintiff in pro se

**Declaration of Shing Lung Lau**

I, Shing Lung Lau, do declare the following:

1. I declare that it has always been my intention even before filing the FAC on April 24, 2026 to remove all state law claims from the complaint. This can be evidence by comparing the claims in the original complaint filed on January 12, 2026 with the claims in the FAC filed on April 24, 2026.

2.. I declare that it was excusable neglect that I had failed to remove the contract claims in the FAC filed on April 24, 2026 because I did not know that contract law is state law.

3. I declare that it was excusable neglect that I failed to include allegations of class-based discriminatory animus in the FAC filed on April 24, 2026 because I did not know it was required.

4. I declare that I had only recently discovered the above escusable neglects and had worked to fix the mistakes upon discovery of the above escusable neglects and there was no undue delay in the filing of the Motion for Leave to File Second Amended Complaint.

5. I declare that the filing of the Motion for Leave to File Second Amended Complaint was not done in any sort of bad faith whatsoever.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 17, 2026 at Arcadia, California

Respectfully,

_____

Shing Lung Lau

Plaintiff in pro se

43

# EXHIBIT #1

9705

10/5/23

**Notice**

To: Christopher Lopez and Cynthia Carter

Property Address: 9705 Ardendale Ave. Arcadia, CA 91007

Hello, I am the owner of the property at 9705 Ardendale Ave. Arcadia, CA 91007. On Monday October 2nd, 2023, I have already instructed my ex-attorney Charles Pok to dismiss the case. The case was successfully dismissed.

I was made aware today that Charles Pok recently sent a Notice of Rent Demand; that was a result of miscommunication, please **disregard** that notice.

Charles Pok is now no longer my attorney and does not represent me. All communications, notices, etc. should now be send via text message at 718-300-6010, or email at siufantsang@gmail.com

Also, as there is now no court case anymore. Please send me the rent from July 2023 to October 2023 as I do need the money to pay for interests and taxes. As this is rather a large sum, please message me at 718-300-6010 to arrange for pickup in case payment gets lost in the mail. Please do so before the end of the month of October 2023; this is ample time for payment.

I was also recently told that there's rodents on the property, please allow me and someone else to go onto the property and see how that can be remedied. Just message me at 718-300-6010 with the date and time when this is possible. This notice will be dropped in your mailbox and a copy mailed to you via certified mail to you. Please get in touch with me as soon as possible. Thank you

Sincerely, the owner

Siu Fan Tsang,

October 5th, 2023

45

10/5/23

**Notice**

To: Christopher Lopez and Cynthia Carter

Property Address: 9705 Ardendale Ave. Arcadia, CA 91007

Hello, I am the owner of the property at 9705 Ardendale Ave. Arcadia, CA 91007. On Monday October 2nd, 2023, I have already instructed my ex-attorney Charles Pok to dismiss the case. The case was successfully dismissed.

I was made aware today that Charles Pok recently sent a Notice of Rent Demand; that was a result of miscommunication, please **disregard** that notice.

Charles Pok is now no longer my attorney and does not represent me. All communications, notices, etc. should now be send via text message at 718-300-6010, or email at siufantsang@gmail.com

Also, as there is now no court case anymore. Please send me the rent from July 2023 to October 2023 as I do need the money to pay for interests and taxes. As this is rather a large sum, please message ‘‘up in case payment gets lost in the mail. Please do so before the ample time for payment.

dents on the property, please allow me and someone else be remedied. Just message me at 718-300-6010 with the ce will be dropped in your mailbox and a copy mailed to ich with me as soon as possible. Thank you

Sincerely, the owner

Siu Fan Tsang,

October 5th, 2023



46

10/5/23

# Proof Of Service

I, the undersigned, being at least 18 years of age, declare under penalty of perjury that I served the NOTICE, of which a true copy appears on the reverse side of this Proof of Service, by one of the methods indicated below on the following named

Resident(s): _Christopher Lopez , Cynthia Carter_

☐ 1. **BY PERSONALLY DELIVERING** a copy of the Notice to the Resident(s) named above at the following address:

_____

☑ 2. **BY LEAVING** a copy of the Notice for the Resident(s) named above with a person of suitable age and discretion at the residence or usual place of business of the Resident(s), said Resident(s) being absent therefrom.  Said residence or usual place of business being at the following address:

_9705 Ardendale Ave, Arcadia, CA 91007_

**AND MAILING** an individual copy to each Resident by depositing said copies in the United States Mail, in a sealed envelope with first class postage prepaid and addressed to the Resident(s) named above at their usual place of residence which is at the following address: _____

_9705 Ardendale Ave, Arcadia, CA 91007_.

☐ 3. **BY POSTING** a copy of said Notice for each of the Resident(s) named above in a conspicuous place, there being no person of suitable age or discretion to be found at any known place of residence or known usual place of business of the Resident(s).  Said notice was posted at their usual place of residence which is at the following address:

_____

**AND MAILING** an individual copy to each Resident by depositing said copies in the United States Mail, in a sealed envelope with first class postage prepaid and addressed to the Resident(s) named above at their usual place of residence which is at the following address: _____

_____

Subject notice was served on ___10/5/23___ , 20___.
I declare under penalty of perjury that the foregoing is true and correct.

Executed this __5th__ day of __October__ , 20___ in the city of __Arcadia__

County of __Los Angeles__ , State of California.

Signature of Server: _Shing Lungdon_

Print Name of Server: _Shing Lung Lau_

| **Fill out "Proof of Service" On Owner's Copies Only** |

AOA Form No. 103 (Rev 10/22) - Copyright 2008 - Apartment Owners Association of California, Inc. - www.aoausa.com
San Fernando Valley (818) 988-9200 - Los Angeles (323) 997-8811 - Long Beach (562) 597-2422 - Garden Grove (714) 539-6000 - San Diego (619) 280-7007 - Northern California (510) 769-7521

47

 Gmail

## Letter to your client last week
1 message

SiuFan Tsang <siufantsang@gmail.com>                                    Mon, Oct 9, 2023 at 3:31 PM
To: lobgattorney@gmail.com

Re: 9705 Ardendale ave, Arcadia

I forgot to attach this to the last email

This is the letter dropped off to your client's last week

We didn't send you a copy because we didn't know how to reach you or whether you are still representing Cythina Carter and Christopher Lopez

Please acknowledge receipt
Thank you                                    ← Notice to Ben Gharagozli

📎 9705 Oct 5 letter.pdf
    514K

# +1 661-607-4665

10/10/23

Add note ✎

        

## Show your voicemails?

**Show**

### November 8

↗ **1:25 PM**
Outgoing call, 0 mins 41 sec

### October 17

↗ **3:11 PM**
Outgoing call, 0 mins 36 sec

### (October 10)

↗ **11:09 AM**
Outgoing call, 2 mins 8 sec

← When opposing counsel Ben Gharagozli CONFIRMED receipt of emails with notice telling him Charles Pok was no longer the plaintiff's legal representative.

↙ **11:09 AM**
Incoming call

↗ **11:06 AM**
Outgoing call, 0 mins 34 sec

\+    <                ⋮

## Server's Affidavit

I am Shing Lung Lau, I served the notices informing the parties of Cynthia Carter and Christopher Lopez and their counsel Ben Gharagozli of the plaintiff's change in legal representation. I am not a party to the lawsuit and I am a private individual over 18 years old that lives in the State of California.

Cynthia Carter and Christopher Lopez were given the notice at their place of dwelling on October 5th, 2023 by leaving a copy at the premise and a copy was mailed to them via certified mail that same day.

An attempt to mail Ben Gharagozli a paper copy of the notice was unsuccessful as his address is a Post Office Box and certified mail cannot be sent to him. An online search for Ben Gharagozli's office address was also unsuccessful.

Ben Gharagozli was emailed the notice informing him of the plaintiff's change in legal representation on October 9th, 2023

On October 10th, 2023, I called Ben Gharagozli at the phone number 661-607-4665 to confirm if he had received the email with notice. During a phone call on October 10th, 2023 at 11:09 AM, Ben Gharagozli confirmed that he had in fact received the email and notice telling him that Charles Pok was dismissed after the case was dismissed and was no longer Siu Fan Tsang's legal represenative. In addition to confirming that he received the emails, Ben Gharagozli said he was in court and the call ended after 2 minutes and 8 seconds. A print out of the call log is attached.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Date: December 26th, 2023

_Shing Lung Lau_

Shing Lung Lau

# EXHIBIT #2

 Gmail

SiuFan Tsang <siufantsang@gmail.com>

## Letter to your client last week
1 message

**SiuFan Tsang** <siufantsang@gmail.com>                    Mon, Oct 9, 2023 at 3:31 PM
To: lobgattorney@gmail.com

Re: 9705 Ardendale ave, Arcadia

I forgot to attach this to the last email

This is the letter dropped off to your client's last week

We didn't send you a copy because we didn't know how to reach you or whether you are still representing Cythina Carter and Christopher Lopez

Please acknowledge receipt
Thank you

---

📄 **9705 Oct 5 letter.pdf**
514K

# EXHIBIT #3

BEN GHARAGOZLI (S.B.N 272302)
**LAW OFFICES OF BEN GHARAGOZLI**
200 S. BARRINGTON AVENUE, #491488
LOS ANGELES, CA 90049
TELEPHONE: (310) 272-9211
FACSIMILE: (855) 628-5517
EMAIL: lobgattorney@gmail.com

Attorney for Defendants, Christopher Lopez, Cynthia Carter and Margarita Alvarez

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| HOI KAN LAU; SIU FAN TSANG,<br><br>Plaintiff,<br>v.<br><br>CHRISTOPHER LOPEZ; CYNTHIA CARTER,<br><br>Defendants. | LASC Case No. 23PDUD01863<br><br>**OPPOSITION TO MOTION TO SET ASIDE JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DATE:** January 26, 2024<br>**TIME:** 1:30 p.m.<br>**PLACE:** Department R<br>300 East Walnut Street<br>Pasadena, CA 91101 |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff moves to set aside the order granting the Defendants' Motion for Attorney Fees. Defendant's motion was filed on October 16, 2023. It was originally set for hearing on November 15, 2023. On November 13, 2023, Plaintiffs filed their opposition to the motion for attorney fees where they opposed the fee motion on the merits. Specifically, they made arguments about the motion being untimely, lacking standing, and that the lawyer's fees were excessive and unreasonable. The court continued the hearing on the motion for attorney fees to November 29, 2023. Plaintiffs filed additional declarations and points and authorities and Defendants filed a reply. The motion was heard on November 29, 2023 and granted. Plaintiffs appeared both times to argue the motion.

1

MEMORANDUM OF POINTS AND AUTHORITIES

54

Now, Plaintiffs repeat many of the same arguments in their motion to set aside as they did in their opposition to Defendants' fee motion, and Plaintiffs have not complied with Code Civ. Proc. § 1008 in seeking reconsideration. As such, the motion to set aside the order should  be denied.

**Plaintiffs did not Properly Substitute Out Their Attorney Until November 8, Weeks After the Fee Motion was Filed**

Plaintiffs appear to argue service of the fee motion was defective because it was served on their attorney of the record, notwithstanding their unsupported claim that they were no longer using that attorney. However, Defendants were never notified of Plaintiff's alleged discontinuance of Mr. Pok and were anyways statutory obligated to recognize Mr. Pok as the attorney of record. An attorney of record may only be changed by consent of both filed with the clerk or entered in the minutes, or upon order of the court after application and notice. Code Civ. Proc. § 284.

"When an attorney is changed, as provided in the last section, written notice of the change and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the adverse party. Until then he must recognize the former attorney."

Code Civ. Proc. § 285.

"The attorney of record has the exclusive right to appear in court for his client and neither the party himself nor another attorney should be recognized by the court in the conduct or disposition of the case." Epley v. Califro (1958) 49 Cal.2d 849, 85. Here, the fee motion was served on October 16, 2023. Mr. Pok was still the attorney of record until November 8, 2023. Service on Mr. Pok was proper.

**Opposition on the Merits Cures Defective Service**

Although service was proper, Plaintiffs were not prejudiced in any way and in fact filed an opposition that was heard on the merits.

"It is well settled that the appearance of a party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of the motion. [Citations.] This rule applies even when no notice was given at all. [Citations.]

2

MEMORANDUM OF POINTS AND AUTHORITIES

Accordingly, a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he had no notice of the motion or that the notice was insufficient or defective." Reedy v. Bussell (2007) 148 Cal.App.4th 1272, 1288-1289; See also, Pacific Std. Life Ins. Co. v. Tower Industries, Inc. (1992) 9 Cal.App.4th 1881, 1888 ["Tower has waived its right to complain of insufficient notice of the motion for judgment [because it] did not object to the motion on the ground of lack of notice."].)

In Carlton v. Quint (2000) 77 Cal.App.4th 690, the court concluded that even when the opposing party does expressly object to the inadequate notice in its opposition papers, it may not be sufficient to preserve the issue for appeal. Instead, if the party appears at the appropriate hearing and opposes the motion on the merits—but without making any request for a continuance or demonstrating *prejudice* from the defective notice, the issue is waived: "[D]espite his claim of inadequate service and notice in his opposition to the motion and at the summary judgment hearing, Carlton *did* file an opposition to the motion, appeared and argued at the hearing, never requested a continuance of the hearing and never claimed prejudice by reason of insufficient notice or service. *Under these circumstances, we conclude Carlton waived any claim of inadequate service or notice assuming, without deciding, that claim had any merit.*" Id. at p. 697, italics added.)

### Plaintiffs are Improperly Seeking Reconsideration

As a secondary matter, Plaintiffs already raised these same arguments in their opposition and supplemental reply to the attorney fee motion. Specifically, Plaintiff's opposition filed on November 13, 2023 argued in detail why they believed the service on their attorney of record was improper, their belief that the fee motion was untimely, the argument that there was no prevailing party, the argument against Defendant's Alvarez's standing, and the attorney fees were excessive and unreasonable.

After hearing oral argument, the Court took the matter under submission and later issued its minute order, stating "The plaintiff did not present relevant, admissible evidence in support of any viable legal theory that she does not owe legal fees."

3

MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs' motion to set aside essentially uses the same arguments that it used in its prior opposition. It also fails to provide any new facts or law or provide the requisite declaration. The legislature has codified the procedure for renewing a motion previously denied:

"When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown."

Code Civ. Proc. § 1008(a).

A violation of this section (i.e., simply requesting the same order again) is punishable by contempt and sanctions. Code Civ. Proc. § 1008(d). Code Civ. Proc. § 1008(e) states that the court is without jurisdiction to hear such a motion, because "No application to reconsider any order ... may be considered by any judge or court unless made according to this section." The purpose of the statute is to stop parties from making *seriatim* requests for the same relief. California Corr. Peace Officers Ass'n v. Virga (2010) 181 Cal. App. 4th 30, 45.

Although Plaintiffs have styled this new motion a "Motion to Set Aside Judgment", it still makes the same arguments and thus runs afoul of Code Civ. Proc. § 1008. The Court of Appeal agrees: "Section 1008 governs reconsideration of court orders whether initiated by a party or the court itself. 'It is the exclusive means for modifying, amending or revoking an order. That limitation is expressly jurisdictional." Garcia v. Hejmadi (1997) 58 Cal.App.4th 674, 685–686. In Garcia, the trial court granted Garcia's motion for reconsideration after an adverse ruling. Garcia reasoned that any facts not previously "presented" to a court now qualified as "different" (if not "new") facts or circumstances justifying reconsideration. Id. at 688. The Court of Appeal rejected this argument in favor of strict compliance with Code Civ. Proc. § 1008 and reversed the trial court's grant of the

4

MEMORANDUM OF POINTS AND AUTHORITIES

motion for reconsideration. Id.

Likewise, Plaintiffs cannot argue that they are entitled to relief from the order on attorney fees because of a mistake or error, because they still had to comply with Code Civ. Proc. § 1008. "To hold...that the general relief mechanism provided in section 473 could be used to circumvent the jurisdictional requirements for reconsideration found in section 1008 would undermine the intent of the Legislature as specifically expressed in section 1008, subdivision (e): "No application to reconsider any order ... may be considered by any judge or court unless made according to this section." Id. at 1501. A court may not consider evidence as "new" simply because Plaintiff made an error in failing to present it earlier, because "[h]aving concluded that section 1008 was the exclusive avenue for the relief requested and that respondent did not meet the jurisdictional prerequisites for relief under that statute, we find that the trial court acted in excess of its jurisdiction by granting the motion for reconsideration." Id. at 1502.

Finally, the claim that trial court misinterpreted the law in its initial decision does not establish that the motion to reconsider was based upon new or different facts, circumstances, or law as statutorily required. Gilberd v. AC Transit, 32 Cal. App. 4th 1494, 1500 (1995). A court's ruling that was based on "multiple errors of law and a failure or refusal to consider the evidence presented in opposition to the motion[s]" does not constitute a new fact or circumstance supporting reconsideration. Jones v. P.S. Dev. Co., 166 Cal. App. 4th 707, 724 (2008).

**CONCLUSION.**

In light of the foregoing, the motion to set aside should be denied.

DATED: January 9, 2024                    Law Offices of Ben Gharagozli

                                    By:

                                          Ben Gharagozli
                                          Attorney for Defendants

# EXHIBIT #4

## DECLARATION OF BEHNAM GHARAGOZLI

I, BEHNAM GHARAGOZLI declare as follows:

1. My name is Behnam Gharagozli and I am named Defendant in the present action.

2. The following facts are within my own personal knowledge, except as to those facts that are based on information and belief. If called upon to testify I could and would do so competently.

3. I make this declaration on behalf of myself individually and on behalf of Law Offices of Ben Gharagozli. I am authorized to speak on behalf of Law Offices of Ben Gharagozli.

4. I did not engage in any unlawful conduct in litigating the unlawful detainer cases that Plaintiffs identify in their lawsuit in this action. I do not concede that I have committed any unlawful act. I do not concede that I have committed any illegal act.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed this 9th day of June 2026.

*/s/ Ben Gharagozli*

Behnam Gharagozli

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

## **DECLARATION OF KEVIN HERMANSEN**

I, KEVIN HERMANSEN declare as follows:

1. My name is Kevin Hermansen and I am named Defendant in the present action.

2. The following facts are within my own personal knowledge, except as to those facts that are based on information and belief. If called upon to testify I could and would do so competently.

3. I make this declaration on behalf of myself individually and on behalf of Law Office of Kevin P. Hermansen, P.C.. I am authorized to speak on behalf of Law Office of Kevin P. Hermansen, P.C.

4. I did not engage in any unlawful conduct in litigating the unlawful detainer cases that Plaintiffs identify in their lawsuit in this action. I do not concede that I have committed any unlawful act. I do not concede that I have committed any illegal act.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed this 9th day of June 2026.

*/s/ Kevin Hermansen*
_____

Kevin Hermansen

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

## DECLARATION OF CYNTHIA CARTER

I, CYNTHIA CARTER, declare as follows:

1. My name is Cynthia Carter and I am named Defendant in the present action.

2. The following facts are within my own personal knowledge, except as to those facts that are based on information and belief. If called upon to testify I could and would do so competently.

3. I make this declaration on behalf of myself individually.

4. I did not engage in any unlawful conduct in litigating the unlawful detainer cases that Plaintiffs identify in their lawsuit in this action. I do not concede that I have committed any unlawful act. I do not concede that I have committed any illegal act.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed this 9th day of June 2026.

/s/ Cynthia Carter
_____
Cynthia Carter

9

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

62

## DECLARATION OF CHRISTOPHER LOPEZ

I, CHRISTOPHER LOPEZ, declare as follows:

1. My name is Christopher Lopez and I am named Defendant in the present action.

2. The following facts are within my own personal knowledge, except as to those facts that are based on information and belief. If called upon to testify I could and would do so competently.

3. I make this declaration on behalf of myself individually.

4. I did not engage in any unlawful conduct in litigating the unlawful detainer cases that Plaintiffs identify in their lawsuit in this action. I do not concede that I have committed any unlawful act. I do not concede that I have committed any illegal act.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed this 9th day of June 2026.

/s/ Christopher Lopez
Christopher Lopez

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT
[Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT

**PROOF OF SERVICE**

I am over the age of 18.

I am a resident of or employed in the county where the mailing occurred; my residence address is : 6726 Salter ave., Arcadia, CA 91007

On 7/17/2026, I emailed the foregoing document(s) described as:

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION; EXHIBITS;

Onto the following person(s):
Mark Kleiman, attorney for Kevin Hermansen and his law office and Ben Gharagozli and his law office, mark@krlaw.us
Ramsey Judah, ramsey@judahlawgroup.com
Thomas Harvey, tbh1910@gmail.com
Kevin Hermansen and his law office, kevin@kphlegal.com
Ben Gharagozli and his law office, lobgattorney@gmail.com
Cynthia Carter and Christopher Lopez, cynthia.carter.engr@gmail.com

[X] By Electronic Transmission
    I emailed the defendants the documents.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Respectfully,

Date: July 17, 2026

_____
Signature
Shing Lung Lau