UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 26-305-MWF(CTSx)**                    **Date:  July 22, 2026**
Title:    Shing Lung Lau, et al. v. Kevin Hermansen, et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                              Court Reporter:
Rita Sanchez                               Not Reported

Attorneys Present for Plaintiff:           Attorneys Present for Defendant:
None Present                               None Present

**Proceedings (In Chambers):**    ORDER TO SHOW CAUSE RE: STANDING AS
TO PLAINTIFF SHING LUNG LAU AND SELF-
REPRESENTATION AS TO PLAINTIFFS HOI
KAN LAU AND SIU FAN TSANG

An account of some very basic background is required for purposes of this Order
to Show Cause.  Although the FAC is difficult to parse, it appears that this action arises
out of state court proceedings involving a dispute between tenants Christopher Lopez
and Cynthia Carter and their landlord, Hoi Kan Lau, wherein Defendants Kevin
Hermansen and Behnam Gharagozli, and their respective law offices, represented
tenants.  (*See, e.g.,* FAC ¶¶ 28-150 (allegations of putative misrepresentations in
underlying state court proceedings), Ex. 21 (First Amended Answer to Plaintiff's
Complaint, LASC Case No. 24PDUD01782)).  Other state court actions between these
parties have also named Hoi Kan Lau and Siu Fan Tsang as plaintiffs, again asserting
claims against Christopher Lopez and Cynthia Carter.  (*See* FAC at Ex. 5 (Motion to
Set Aside Judgment, LASC Case No. 23PDUD01863)).  It appears that Hoi Kan Lau
and Siu Fan Tsang have lost some of these disputes in state court, and that Christopher
Lopez and Cynthia Carter were awarded attorneys' fees in connection with those
disputes in which they were successful.  (*See* FAC at Ex. 3 (Defendants' Opposition to
Motion to Set Aside Judgment, LASC Case No. 23PDUD01863)).

Plaintiffs Hoi Kan Lau, Siu Fan Tsang, and Shing Lung Lau have now filed this
action in this Court alleging various claims against Defendants Kevin Hermansen (and
his law office), Behnam Gharagozli (and his law office), Christopher Lopez, and

_____

**CIVIL MINUTES—GENERAL**                                                      1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.** CV 26-305-MWF(CTSx)                    **Date:** **July 22, 2026**

Title:      Shing Lung Lau, et al. v. Kevin Hermansen, et al.

---

Cynthia Carter, all emanating from the conduct of Defendants in these underlying state court lawsuits.  The Court is now in receipt of several motions submitted by the parties in this action.  The motions include two Motions to Dismiss and two Anti-SLAPP Motions filed by Defendants.  (Docket Nos. 90-92).  There is also a Motion to Amend putatively filed by Plaintiffs Hoi Kan Lau, Siu Fan Tsang, and Shing Lung Lau, although the Court will address whether the motion was truly filed on behalf of these Plaintiffs below.  (Docket No. 109).  All Plaintiffs are proceeding pro se.

When considering the various motions, however, the Court observed that Plaintiffs' oppositions to Defendants' four Motions and Plaintiffs' own Motion to Amend is only signed by Plaintiff Shing Lung Lau, proceeding pro se.  (*See, e.g.,* Opp. to Defendants' Motion to Dismiss (Docket No. 98) at 34; Motion to Amend (Docket No. 109) at 9).  Indeed, upon further investigation, the Court notes that Plaintiffs' First Amended Complaint ("FAC") and the proposed Second Amended Complaint ("SAC"), attached to Plaintiffs' Motion to Amend, are also signed only by pro se Plaintiff Shing Lung Lau, although all adult Plaintiffs signed the original Complaint.  (*Compare* Complaint (Docket No. 1) at 55 *with* FAC at 66; *see* Proposed SAC (Docket No. 109) at 228).  Of course, as Plaintiff is well-aware given this Court's Self-Representation Order, filed in this action on January 27, 2026, "non-attorney litigants may not represent other individual litigants."  (*See* Self-Representation Order (Docket No. 22) at 1).

Ordinarily, in this scenario the Court might simply construe Plaintiff Shing Lung Lau's Oppositions to Defendants' various Motions and the Motion to Amend putatively filed by all Plaintiffs as filed only on behalf of Plaintiff Shing Lung Lau, rather than the other two adult named Plaintiffs in this action.  However, after reviewing the FAC, it appears that Plaintiff Shing Lung Lau is the adult son of Plaintiffs Hoi Kan Lau and Siu Fan Tsang, and that Hoi Kan Lau is the party who owns the rental properties at the center of the underlying state court lawsuits.  (*See, e.g.,* FAC ¶¶ 129 (referring to a "leasing office for the plaintiffs Hoi Kan Lau's rental business"), 130, 136).  Indeed, it appears that the only allegations in the FAC pertaining to Plaintiff Shing Lung Lau — at least that the Court can discern — is that

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 26-305-MWF(CTSx)**                    **Date:  July 22, 2026**
Title:      Shing Lung Lau, et al. v. Kevin Hermansen, et al.

he served as a witness in the lawsuits that form the underlying basis for all of
Plaintiffs' claims. (*See id.*).  Rather, it appears plain from the allegations that Plaintiff
Shing Lung Lau's parents were the parties purportedly harmed by the actions of
Defendants here in connection with the state court lawsuits at the heart of this dispute.
A review of the alleged damages in the FAC seems to confirm this state of affairs, as
Plaintiff Shing Lung Lau states in the FAC that he has only himself suffered emotional
distress damages as a result of witnessing his parents' distress.  (*See* FAC ¶ 281).  The
other damages appear to only pertain to harms suffered by Plaintiffs Hoi Kan Lau and
Siu Fan Tsang, including attorneys' fees in litigating the underlying actions, lost rental
income as to the properties owned by Hoi Kan Lau, and emotional distress damages as
a result of the underlying lawsuits.  (*See* FAC ¶¶ 256-292).

Accordingly, the Court has some doubt that Shing Lung Lau has standing to
pursue his claims in this Court, and thus the Court cannot resolve the pending Motions
by construing the Oppositions and the Motion to Amend as filed only on behalf of
Plaintiff Shing Lung Lau.  "Our cases have established that the 'irreducible
constitutional minimum' of standing consists of three elements. . . . The plaintiff must
have suffered (1) an injury in fact, (2) that is fairly traceable to the challenged conduct
of the defendant, and (3) that is likely to be addressed by a favorable judicial
decision." *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016) (quoting *Lujan v.
Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  "To establish injury in fact, a
plaintiff must show that he or she suffered 'an invasion of a legally protected interest'
that is 'concrete and particularized' and 'actual or imminent, not conjectural or
hypothetical.' *Id.* at 339.  The Court has a duty to raise the adequacy of standing sua
sponte even when not raised by the parties, as here.  *See D'Lil v. Best Western Encina
Lodge & Suites,* 538 F.3d 1031, 1035 (9th Cir. 2008).

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 26-305-MWF(CTSx)                    **Date:** July 22, 2026

Title:      Shing Lung Lau, et al. v. Kevin Hermansen, et al.

Plaintiff Shing Lung Lau is therefore **ORDERED to SHOW CAUSE** as to why he has standing to bring claims in this action. Plaintiff shall submit a Response to this Order to Show Cause by **Wednesday, July 29, 2026.** Defendants may submit an optional Reply by **Tuesday, August 4, 2026.** Plaintiff shall address how he meets the three elements of standing, outlined above, in his Response. If Plaintiff cannot demonstrate standing, he will be dismissed from this action with prejudice.

Additionally, given that Plaintiffs Hoi Kan Lau and Siu Fan Tsang have failed to substantively appear in this action since the filing of the Complaint, and that an intervening FAC has been filed since that Complaint, Plaintiffs Hoi Kan Lau and Siu Fan Tsang are **FURTHER ORDERED** to file a statement confirming that they wish to continue prosecuting this case, either *pro se* or through an attorney, by **Wednesday, July 29, 2026.** *Failure to file the statement will result in dismissal of these Plaintiffs for failure to prosecute*.

IT IS SO ORDERED.