UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 26-305**                                          **Date:  August 6, 2026**
Title:     Shing Lung Lau, et al. v. Kevin Hermansen, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER RE: JULY 22, 2026, ORDER TO
SHOW CAUSE [**116**]; GRANTING MOTION
FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT [**109**]; DENYING AS MOOT
PENDING MOTIONS [**90**] [**91**] [**92**] [**93**]

Before the Court is Plaintiff Shing Lung Lau's Motion for Leave to File Second
Amended Complaint (the "Motion"), filed on June 23, 2026.  (Docket No. 109).
Defendants Behnam Gharagozli and Kevin Hermansen, and their respective law
offices, filed an Opposition on July 7, 2026.  (Docket No. 113).  Plaintiff filed a Reply
on July 17, 2026.  (Docket No. 114).

Also before the Court are the responses to the Court's Order to Show Cause (the
"OSC").  (Docket No. 116).  Plaintiff Shing Lung Lau timely filed a Response to the
OSC on July 29, 2026.  (Docket No. 117).  Plaintiffs Hoi Kan Lau and Siu Fan Tsang
filed their Statement indicating an intent to proceed pro se on the same date.  (Docket
No. 118).  Defendants did not file any reply to these responses, as the Court indicated
they were optional.

The Court read and considered the papers on the Motion and the OSC and
deemed the matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P.
78(b); Local Rule 7-15.

The Court is satisfied at this stage that Plaintiff Shing Lung Lau has
demonstrated standing to pursue his claims, and Plaintiffs Hoi Kan Lau and Siu Fan

---

**CIVIL MINUTES—GENERAL**                                                          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 26-305**                                    **Date:  August 6, 2026**
Title:      Shing Lung Lau, et al. v. Kevin Hermansen, et al.

Tsang have satisfactorily responded to the OSC.  Therefore, the Court is able to consider the Motion for Leave to Amend filed by Plaintiff Shing Lung Lau, and **GRANTS** the Motion.  The opposing Defendants have not demonstrated that the *Foman* factors weigh against amendment.  The motions pending at Docket Nos. 90, 91, 92, and 93 are therefore **DENIED** *as moot*.

## I.      **ORDER TO SHOW CAUSE**

The Court will not recount all of the background of this action, but will briefly summarize the circumstances prompting the OSC.

While reviewing the Motion for Leave to File Second Amended Complaint and the other filings in this action, the Court noted that only one Plaintiff, Shing Lung Lau, signed the Motion.  (OSC at 2).  Upon further review of the docket, Plaintiff Shing Lung Lau was the only Plaintiff who signed the operative complaint, the First Amended Complaint ("FAC"), and, indeed, any papers submitted to the Court since the filing of the FAC.  (*Id.*).  The Court further observed upon review of the FAC that it appeared that the putative economic and non-economic harms asserted in the FAC were only asserted as to the other two Plaintiffs in this action, Hoi Kan Lau and Siu Fan Tsang.  (*Id.* at 3).  The claimed damages in the FAC therefore raised doubt as to the Article III standing of Plaintiff Shing Lung Lau to remain a party to this action if he did not own the property that formed the basis for the claimed damages.  (*Id.*).  As a result, the Court *sua sponte* ordered Plaintiff Shing Lung Lau to demonstrate why he had standing to pursue these claims and, because they had not signed the FAC, required Plaintiffs Hoi Kan Lau and Siu Fan Tsang to state whether they intended to pursue this action pro se.

Assuming that Plaintiffs can recover damages on their legal theories, Plaintiff Shing Lung Lau has demonstrated that he owns 50% interest in the subject property, for which Plaintiffs claim lost rent and other associated costs as damages in this action. (*See* Ex. 5 to Response (Grant Deed evidencing Shing Lung Lau's interest in the property)).  Construing Plaintiff's filings liberally, as the Court must, the Court is therefore satisfied that Plaintiff Shing Lung Lau has shown an injury in fact, although

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 26-305**                                    **Date:  August 6, 2026**

Title:      Shing Lung Lau, et al. v. Kevin Hermansen, et al.

---

again the Court makes no ruling on the viability of these damages.  *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (courts must construe pro se filings liberally).

Accordingly, the Court turns to the Motion for Leave to File Second Amended Complaint that was filed only by Plaintiff Shing Lung Lau.

## II.    **LEGAL STANDARD**

Rule 15 requires that leave to amend be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The Supreme Court identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Of these, "the consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap.*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend).  Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Eminence Cap.*, 316 F.3d at 1052.

The party opposing the amendment bears the burden of showing why leave should be denied, *Desert Protective Council v. U.S. Dep't of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (internal citation omitted), including the burden of establishing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

//

//

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  CV 26-305**                                      **Date:  August 6, 2026**
Title:      Shing Lung Lau, et al. v. Kevin Hermansen, et al.

---

## III.   **DISCUSSION**

Plaintiff seeks leave to file a Second Amended Complaint ("SAC") in order to remove the breach of contract claim and to add allegations meant to make his claims more specific.  (Motion at 4).

The Court begins by noting that Defendants Cynthia Carter and Christopher Lopez, who are represented by counsel, did not oppose Plaintiff's Motion.  The failure to file an Opposition is deemed a concession to the granting of the Motion.  *See* Local Rule 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.").

The other Defendants — Kevin Hermansen, Behnam Gharagozli, and their respective law offices — do oppose the motion on several grounds:  (1) amendment would be futile; (2) the motion was filed in bad faith; (3) Defendants face undue prejudice if amendment is allowed; and (4) repeated amendment and undue delay weigh against allowing another amendment.  (*See generally* Opp.).

As an initial matter, according to Defendants' own Opposition, Plaintiff first requested leave to amend on May 22, 2026.  (Opp. at 6-7).  Two days later, Defendants' counsel declined to stipulate to amendment.  (*Id.* at 7).  Two days following the denied stipulation, Defendants filed the pending motions to dismiss and anti-SLAPP motions.  (*Id.*).  It is therefore difficult for Defendants to claim, as they do in the Opposition, that Plaintiff brings this Motion in bad faith or that Defendants face extreme prejudice because of the fully briefed motions.  (*Id.* at 13, 15).  Certainly, Plaintiff could have brought this Motion earlier, but the Court cannot read bad faith or improper purpose into Plaintiff's request to amend when Defendants chose not to stipulate to amendment prior to filing their motions.  The Court certainly appreciates the long history between these parties in state court, but the Motion must be adjudicated on the record before this Court.  (*Id.* at 14).  Moreover, as briefly argued by Defendants, it appears that they may still be entitled to bring an anti-SLAPP motion even if Plaintiff withdraws the state law claims, meaning that any prejudice caused by

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 26-305**                                   **Date:  August 6, 2026**
Title:     Shing Lung Lau, et al. v. Kevin Hermansen, et al.

---

amendment would be even more limited.  (*Id.* at 15-16).  But the Court reserves ruling on that question, and Defendants can argue as much in response to the SAC.  For purposes of this Motion, then, Defendants have not shown bad faith, or a risk of undue prejudice, which is the factor the Court accords the greatest weight.  *Eminence Cap.*, 316 F.3d at 1052.

Nor is the Court persuaded by Defendants' claim of "irreconcilable self-contradiction" about the statements made in Plaintiff's Motion.  (Opp. at 14-15).  The Motion is quite clear that Plaintiff intended to remove state law causes of action with his amendment, but mistakenly failed to remove the breach of contract claim because he did not realize contract law is state law.  (Motion at 3, 6).  Plaintiff even specifically notes that he did not realize the breach of contract claim was state law because the breach of contract claim does not rest on violation of any statute, which would have signaled to him that it was a state law as opposed to federal claim.  (*Id.*).  The Court does not see any contradiction between the two statements that should point to bad faith, as Defendants argue, again construing Plaintiff's filings with the requisite liberality.  (Opp. at 14-15).

Finally, the Court declines to deny leave on futility grounds.  "Denial of leave to amend on this ground is rare," because courts ordinarily "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."  *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); *see SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2003) (explaining that "amendment is 'futile' only if it would clearly be subject to dismissal," and that "such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend").  The substantive arguments regarding dismissal raised in the Opposition are thus more appropriate for resolution on any future motion to dismiss.

In sum, the opposing Defendants have failed to carry their burden to demonstrate that the *Foman* factors should prevent the Court from applying Rule 15 with the "extreme liberality" required by the Ninth Circuit, made all the more stronger by the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  CV 26-305**                              **Date:  August 6, 2026**

Title:      Shing Lung Lau, et al. v. Kevin Hermansen, et al.

---

liberality required when considering pro se filings.  *See Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001) (leave to amend should be applied with extreme liberality); *Erickson,* 551 U.S. at 94.

The Court does, however, agree with Defendants that at some point, the Court must deny leave to amend in order to protect the judicial system and other litigants.  *See U.S. v. Webb,* 655 F.2d 977, 980 (9th Cir. 1981).  The Court also agrees with Defendants that the SAC attached to the Motion, as well as many of Plaintiffs' other filings, is inordinately lengthy and somewhat incoherent.  (*See* Opp. at 15).  Accordingly, the Court **ORDERS** the following with respect to the filing of the SAC:

*First*, while the Court will permit the filing of the Second Amended Complaint, there will be no Third Amended Complaint.  In other words, the SAC represents Plaintiffs' final chance to adequately plead their claims.  Any future successful motion to dismiss will be granted without leave to amend, which may result in dismissal of the action with prejudice.  The Court once again urges Plaintiffs to seek assistance at the pro se clinic, and again appends the information for that clinic below.

*Second*, the SAC shall be limited to *one hundred pages, inclusive of any exhibits*.  As noted by Defendants, the current proposed SAC is over two hundred pages with an additional four hundred pages of exhibits.  Courts may impose page limits on pleadings given Rule 8's requirement that the complaint be a "*short and plain statement* of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  *See Lamon v. Ellis,* 584 Fed. Appx. 514, 515 (9th Cir. 2014) (affirming page limitation on pleading as consistent with Rule 8(a)(2)); *Thomas v. Davey,* CV 16-0925-AWI-BAM (PC), 2017 WL 896318, at *2 (E.D. Cal. Mar. 6, 2017) (setting page limit on pleading consistent with Rule 8 and the court's inherent authority to control its own docket) (citing to *Thompson v. Hous. Auth. of City of Los Angeles,* 782 F.2d 829, 831 (9th Cir. 1986)); *Gjovik v. Apple Inc.,* CV 23-04597-EMC, 2024 WL 5049090, at *1 (N.D. Cal. Nov. 20, 2024) (collecting district and appellate court cases confirming district court's ability to set page limits on pleadings).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 26-305**                                      **Date:  August 6, 2026**

Title:     Shing Lung Lau, et al. v. Kevin Hermansen, et al.

---

***Third,*** the SAC shall be filed and signed by ***all*** Plaintiffs in this action as required by Rule 11.  This requirement is also satisfied, as stated in Rule 11(a), if the SAC is signed by any lawyer subsequently retained to represent any of the Plaintiffs. If any Plaintiff, or their lawyer, fails to sign the SAC, they shall be dismissed from this action for failure to prosecute without further notice from the Court.

## IV.    **CONCLUSION**

The Motion is **GRANTED** and Plaintiff shall file the Second Amended Complaint by **August 28, 2026**.  The SAC shall not be more than one hundred pages in length, inclusive of exhibits, and shall be signed by all Plaintiffs — or, if retained, their lawyers — who wish to proceed in this action.  ***Failure to file the SAC by August 28, 2026, will result in dismissal with prejudice***.  Defendants shall respond to the SAC, if filed, by **September 18, 2026**.

While there will be a Second Amended Complaint, there will be no Third Amended Complaint.  Any future successful motion to dismiss shall be granted without leave to amend.

The motions pending at Docket Nos. 90, 91, 92, and 93 are therefore **DENIED** ***as moot***.

IT IS SO ORDERED.

Parties in court without a lawyer are called "*pro se* litigants."  These parties often face special challenges in federal court.  Public Counsel runs a free Federal Pro Se Clinic where *pro se* litigants can get information and guidance.  The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012.  *Pro se* litigants must call or submit an on-line application to request services as follows:  on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

---