FILED

SHING LUNG LAU,
SIU FAN TSANG,
HOI KAN LAU
6726 Salter ave, Arcadia, CA 91007
Plaintiffs In Pro Se

2026 AUG 28 AM 9:49

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ______

**United States District Court for the Central District of California**

**Western Division**

SHING LUNG LAU,
HOI KAN LAU,
SIU FAN TSANG

Plaintiffs,

v.

KEVIN HERMANSEN, individually and as agent of Cynthia Carter and Christopher Lopez; BEHNAM GHARAGOZLI, individually and as agent of Cynthia Carter and Christopher Lopez; CYNTHIA CARTER, individually and as principal of Kevin Hermansen and Behnam Gharagozli; CHRISTOPHER LOPEZ, individually and as principal of Kevin Hermansen and Behnam Gharagozli; LAW OFFICE OF KEVIN P. HERMANSEN, P.C.; LAW OFFICES OF BEN GHARAGOZLI

CASE NO. :
**2:26-CV-00305-MWF-CTSx**

Judge: Hon. Michael W. Fitzgerald

**SECOND AMENDED COMPLAINT**

1. COUNT I [Theory A; Concurrent Theory] CIVIL RICO CLAIM FOR ECONOMIC DAMAGES [18 U.S. Code § 1964(c)];

2. COUNT II [Theory B; Concurrent Theory] ECONOMIC AND NON-ECONOMIC DAMAGES CAUSED BY DEFENDANTS' CONSPIRACY TO OBSTRUCT JUSTICE IN VIOLATION OF 42 U.S.C. § 1985(2);

3. COUNT III [Theory C; Concurrent Theory] ECONOMIC AND NON-ECONOMIC DAMAGES CAUSED BY DEFENDANTS' CONSPIRACY TO DEPRIVE PLAINTIFFS OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1985(3);

DEMAND FOR JURY TRIAL;

# TABLE OF CONTENTS


Nature of the Action....................4

Parties....................5

Subject Matter Jurisdiction and Venue....................6

Personal Jurisdiction....................6

Causes of Action....................6

- First Cause of Action....................6
- Second Cause of Action....................10
- Third Cause of Action....................10

Elements of RICO Cause of Action....................11

- Enterprise....................11
- Use of Interstate Communication to Facilitate Commission of Crime....................16
- Scheme or Artifice to Defraud (Wire Fraud Schemes #1-5)....................18
  - Wire Fraud Scheme #1....................19
    - Example Fraudulent Misrepresentations #1 to #3....................20
  - Wire Fraud Scheme #2....................21
    - Example Fraudulent Misrepresentations #4 to #9....................29
    - Example Fraudulent Misrepresentations #10 to #28....................31
  - Wire Fraud Scheme #3....................38
    - Example Fraudulent Misrepresentations #29 to #48....................39
  - Wire Fraud Scheme #4....................46
    - Example Fraudulent Misrepresentations #49 to #61....................47
  - Wire Fraud Scheme #5....................53
    - Example Fraudulent Misrepresentations #62 to #65....................54
- Pattern of Racketeering Activity (RICO Predicate Crimes)....................55
  - RICO PREDICATE CRIMEs #1 to #57....................57

**Intent**......75
**Elements of 42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3) Causes of Action**......76
**Obstruction of Justice, Deprivation of the Equal Protection of the Laws**......76
**Conspiracy**......77
**Class-based Discrimination Animus (ill-will)**......79

**Damages**......84
**Liability, Proximity, Intervening Causes, and Foreseeability**......84
**Economic Harm**......84
**Non-Economic Harms**......88
**Bodily Harm**......88
**Emotional Distress Damages**......89
**Method of Valuating Emotional Distress**......90

**Relief Requested**......91
**Attorney's Fee**......91
**Compensation for Economic Harm**......91
**Compensation for Non-economic Harm (under 42 U.S.C. § 1985)**......92
**Total Compensatory Damages**......92
**Punitive Damages**......92
**Other Relief**......93

**Request for Jury Trial**......96

# COMPLAINT

## NATURE OF THE ACTION

1. This is a civil action brought by plaintiffs Shing Lung Lau, Hoi Kan Lau, and Siu Fan Tsang ("Plaintiffs") pursuant to the provisions of Federal Statute 18 U.S. Code § 1964(c), 42 U.S. Code § 1985(2) and 42 U.S. Code § 1985(3).

2. The defendants have committed numerous crimes in the years from 2023 to present that constitute as a pattern of interferences with civil rights, a pattern of racketeering activities, and other wrongful actions. These criminal misconducts were perpetrated by Defendants Kevin Hermansen, Behnam Gharagozli, their respective law offices, and Cynthia Carter, and Christopher Lopez (collectively, the "Defendants").

3. Since 2023 to present day, these Defendants and their co-conspirators have constituted several associated-in-fact enterprises and have conspired to perpetrate, and have in fact perpetrated, wire fraud schemes to defraud money from and otherwise damage the Plaintiffs through a litany of illegal acts and wrongful misconducts, including violations of

18 U.S.C. § 1343 **Wire Fraud**

18 U.S.C. § 1503 **Obstruction of Justice**

18 U.S.C. § 1512(c) **Obstruction of Justice**

18 U.S.C. § 1512(k) **Conspiracy to Commit Obstruction of Justice**

18 U.S.C. § 1621 **Perjury** in General

18 U.S.C. § 1623 **Perjury** in Court

18 U.S.C. § 1956 Transactions of **Unlawfully Obtained Funds**

18 U.S.C. § 1957 Transactions of **Unlawfully Obtained Funds**

18 U.S.C. § 1962 **Racketeering** Related Crimes

42 U.S.C. § 1985(2) Conspiracy to **Obstruct Justice**

42 U.S.C. § 1985(3) Depriving Persons of Rights

California Business and Professions Code § 6128 **Attorney Deceit**

California Penal Code § 118 **Perjury**

California Penal Code § 127 **Subornation of Perjury**

California Penal Code § 182 **Criminal Conspiracy**

4. These crimes and wrongful conducts are on going.

5. The harm to the plaintiffs are on going.

## II. PARTIES

6. All parties are individuals or enterprises residing in or does business in the State of California.

7. Plaintiffs are informed and believed and thereon allege that each defendant, was and continues to be the principal, agent, partner, alter ego, servant, employee, employer, joint venture, and/or conspirator of the other defendants and that all defendants, and each of them, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that all acts and omissions herein complained of were performed within the course of said conspiracy, agency, service, employment, common scheme, plan, and/or policy, and with the express and/or implied knowledge, direction, approval and/or ratification of each of the other defendants.

8. Defendant BEHNAM GHARAGOZLI ("GHARAGOZLI") and LAW OFFICES OF BEN GHARAGOZLI is, and at all times relevant to this complaint, was an individual who does business in the County of Los Angeles in the State of California.

9. Defendant KEVIN HERMANSEN ("HERMANSEN") and LAW OFFICE OF KEVIN P. HERMANSEN, P.C. is, and at all times relevant to this complaint, was an individual who does business in the County of Los Angeles in the State of California.

10. Defendant CHRISTOPHER LOPEZ ("LOPEZ") is, and at all times relevant to this complaint, was an individual who reside in the County of Los Angeles in the State of California.

11. Defendant CYNTHIA CARTER ("CARTER") is, and at all times **relevant** to this complaint, was an individual who reside in the County of Los Angeles in the State of California.

## III. SUBJECT MATTER JURISDICTION AND VENUE

12. The **United States District Court for the Central District of California** has subject matter jurisdiction over this action because this action calls into question federal laws and constitutional issues.

## IV. PERSONAL JURISDICTION

13. This court has personal jurisdiction over the defendants because they reside and/or do business in California. Each defendant is a person or entity or enterprise having sufficient minimum contacts with the State of California so as to render the exercise of jurisdiction over each defendant by the **United States District Court for the Central District of California** consistent with traditional notions of fair play and substantial justice.

14. Venue is proper in this county/district because the defendants either reside in this county, have their principal places of business in this county/district, and/or the acts or omissions giving rise to the claims occurred in this county/district.

## V. Causes of Action

### FIRST CAUSE OF ACTION

### CIVIL RICO CLAIM FOR ECONOMIC DAMAGES [18 U.S. Code § 1964(c)]

15. **18 U.S. Code § 1964 (c) allows** for "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee..."

16. The first cause of action is the civil RICO claim allowed when there is a violation of **18 U.S. Code § 1962(a) or (b) or (c) or (d)**

17. **18 U.S. Code § 1962(a) violations**

This complaint does not allege violation of 18 U.S. Code § 1962(a)

18. **18 U.S. Code § 1962(b) violations**

18 U.S. Code § 1962(b) states:

"(b)It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

The defendants Kevin Hermansen and Behnam Gharagozli violated 18 U.S. Code § 1962(b) by doing the following:

Through a **pattern of racketeering activity**, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

19. In addition to the predicate crimes Defendants Christopher Lopez and Cynthia Carter directly participated in themselves, they are also vicariously liable as principals for the crimes committed by their attorneys Kevin Hermansen and Behnam Gharagozli

20. **18 U.S. Code § 1962(c) violations**

18 U.S. Code § 1962(c) states:

"(c)It shall be unlawful for any person employed by or **associated with any enterprise** engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or **participate**, directly or indirectly, **in** the conduct of such **enterprise**'s affairs through a **pattern of racketeering activity** or collection of unlawful debt."

21. The defendants violated 18 U.S. Code § 1962(c) by doing the following:

-Association with Enterprises A, B, C, D, E, F

-Participated in the Enterprises through Racketeering Activities, as evidenced by the defendants' participation in **Fraudulent Schemes #1 to #5, RICO Predicate Crimes #1 to #57, Fraudulent Misrepresentations #1 to #63** expounded upon in this complaint.

22. **18 U.S. Code § 1962(d) violations**

18 U.S. Code § 1962(c) states:

(d)It shall be unlawful for any person to **<u>conspire</u>** to violate any of the provisions of subsection (a), (b), or (c) of this section.

23. The defendants violated 18 U.S. Code § 1962(c) by doing the following:

Conspired to commit Racketeering Activities (**RICO Predicate Crimes #1 to #57 and MORE)** in violation of 18 U.S. Code § 1962(c), examples of these crimes are detailed in the **Wire Fraud Schemes #1 to #5**, the numerous counts of **RICO PREDICATE CRIMES #1 to #57** and **Fraudulent Misrepresentations #1 to #65** expounded upon in this complaint.

24. The defendants Kevin Hermansen and Behnam Gharagozli (the duo attorneys who represented the defendants Cynthia Carter and Christopher Lopez in three different UD actions from 2023 to 2025) did **in fact <u>conspired</u>** with each other and with the defendants Cynthia Carter and Christopher Lopez.

25. The fact that the defendants Kevin Hermansen and Behnam Gharagozli were co-counsels in Three Count Cases (LASC case 23PDUD01863, 24PDUD01782, 24PDUD04392) and then they **SHARED** the **money unlawfully obtained from the plaintiffs** is BONA FIDE **evidence** of the existence of a **conspiracy** between them to commit Racketeering (**RICO Predicate Crimes #1 to #57)**

26. The fact that all of the defendants PROFITED or GAINED **something** from the crimes committed against the plaintiffs is also evidence of the existence of the conspiracy to commit Racketeering (**RICO Predicate Crimes #1 to #57)**

27. The perjuries (and associated wire frauds and other crimes) committed in Wire Fraud Schemes and RICO Predicate Crimes required the active participation of the defendants Christopher Lopez and Cynthia Carter with their attorneys. It can be inferred that they participated willingly in the conspiracy to commit racketeering activities.

28. The **FOUR FALSE DECLARATIONS** expounded upon in **Wire Fraud Scheme #5**, **RICO PREDICATE CRIMEs #34 to #57,** are also evidence of the existence of a conspiracy between the defendants as it is evident that all the defendants collaborated and conspired to commit Wire Fraud Scheme #5

29. All four false declarations are practically the same.

30. All of the defendants' crimes expounded upon in this complaint (all the fraudulent misrepresentations and RICO predicate crimes, especially the fraudulent misrepresentations Kevin Hermansen committed in court on 8/1/2024) amount to violations of **RICO.**

31. Any reasonable person would find that the defendants have committed crimes in violation of **RICO** and have defrauded the plaintiffs out of a great deal of money.

**SECOND CAUSE OF ACTION (42 U.S.C. § 1985(2))**

ECONOMIC AND NON-ECONOMIC DAMAGES CAUSED BY DEFENDANTS' CONSPIRACY TO OBSTRUCT JUSTICE IN VIOLATION OF **42 U.S.C. § 1985(2)**;

32. The crimes (all the fraudulent misrepresentations and RICO predicate crimes, especially the fraudulent misrepresentations Kevin Hermansen committed in court on 8/1/2024) the defendants committed amount to violations of **42 U.S.C. § 1985(2)**

33. For example, due to the fraudulent misrepresentations Kevin Hermansen committed in court on 8/1/2024 to cause the plaintiff Hoi Kan Lau to lose competent interpreter service, changed witness testimony, made various fraudulent misrepresentations in court that the plaintiff Hoi Kan Lau was **NOT AWARE of** and could not defend against.

34. Any and all reasonable person would agree that the defendants **DEPRIVED** the elderly plaintiff Hoi Kan Lau of his civil rights to due process, fair trial, and equal treatment.

35. Any and all reasonable person would agree that the defendants violated **42 U.S.C. § 1985(2)**

**THIRD CAUSE OF ACTION (42 U.S.C. § 1985(3))**

ECONOMIC AND NON-ECONOMIC DAMAGES CAUSED BY DEFENDANTS' CONSPIRACY TO DEPRIVE PLAINTIFFS OF CIVIL RIGHTS IN VIOLATION OF **42 U.S.C. § 1985(3)**;

36. The crimes (all the fraudulent misrepresentations and RICO predicate crimes, especially the fraudulent misrepresentations Kevin Hermansen committed in court on 8/1/2024) the defendants committed amount to violations of **42 U.S.C. § 1985(3)**

37. For example, due to the fraudulent misrepresentations Kevin Hermansen committed in court on 8/1/2024 to cause the plaintiff Hoi Kan Lau to lose competent interpreter service, changed witness testimony, made various fraudulent

misrepresentations in court that the plaintiff Hoi Kan Lau was **NOT AWARE of** and could not defend against.

38. The attorney defendant Behnam Gharagozli was co-counsel with Kevin Hermansen and they have been working together for a long time.

39. Any and all reasonable person would agree that the attorney defendants (maybe even the tenant defendants) **CONSPIRED** to **DEPRIVE** the elderly plaintiff Hoi Kan Lau of his civil rights to due process, fair trial, and equal treatment.

40. On many of the crimes expounded upon in this complaint, it is plain to see that a**ll of the defendants conspired together to commit those crimes**. For example, take WIRE FRAUD SCHEME #5 wherein all the defendants conspired to perjure themselves and create false declarations (to defeat the *Flatley* exception) in an attempt to win their anti-SLAPP motions through **corrupt influence over this court** (in violation of 18 U.S.C. § 1503 and 18 U.S.C. § 1512) and thus DEFRAUD the plaintiffs out of a large sum of money.

41. Any and all reasonable person would agree that the defendants violated **42 U.S.C. § 1985(3)**

## VI. ELEMENTS OF RICO

### Enterprise

42. Kevin Hermansen and Behnam Gharagozli are experience attorneys who in effect have worked together for years as **PARTNERS** (an associated-in-fact enterprise), with the goal to increase billable hours and profits by any means necessary, including the commission of attorney deceit in violation of California Code, Business and Professions Code - BPC § 6128, wire fraud in violation of 18 U.S. Code § 1343 and etc. crimes. They

commit their crimes with impunity because they think they are protected by the State of California's litigation privilege.

43. This associated-in-fact enterprise continues to operate until present time. As evidenced by Wire Fraud Scheme #5 in this very action itself.

44. On or about March 2023, the associated-in-fact enterprise of Kevin Hermansen and Behnam Gharagozli learned of the court case 23PDUD01863 from Cynthia Carter and Christopher Lopez and on seeing that there is an uncapped attorney's fee provision in the pertinent contract, agreed to be Cynthia Carter and Christopher Lopez legal representative; most likely on a contingency basis.

45. The (unconfirmed) contingency basis is highly unusual and rare in landlord tenant dispute cases, but the associated-in-fact enterprise of Kevin Hermansen and Behnam Gharagozli saw an opportunity for economic enrichment. This is a CORE REASON for why the attorney defendants Kevin Hermansen and Behnam Gharagozli keep committing wire fraud schemes against the plaintiffs.

Unlike almost every other attorneys that work with landlord tenant disputes, the attorney defendants don't get paid if they don't win.

46. From 2023 to 2026, the associated-in-fact enterprise of Kevin Hermansen and Behnam Gharagozli committed numerous fraudulent misrepresentations and other crimes to facilitate multiple Wire Fraud Schemes and ultimately unjustly enriched themselves at the expense of the plaintiffs.

47. These illegal activities include making multiple fraudulent misrepresentations and perjuries in court, committing wire fraud, etc. [Attorney deceit in violation of California Code, Business and Professions Code - BPC § 6128, Conspiracy to Obstructing justice in violation of 42 U.S. Code § 1985(2), Conspiracy to Deprive persons of rights or privileges in violation of 42 U.S. Code § 1985(3), Wire Fraud in violation of 18 U.S. Code § 1343, Engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S. Code § 1957, Racketeering in

violation of 18 U.S. Code § 1962(c), and Conspiracy to violate RICO in violation of 18 U.S. Code § 1962(d)]

48. From 2023 to 2026, Plaintiffs paid least **$195,691** directly to the associated-in-fact enterprise of Kevin Hermansen and Behnam Gharagozli.

49. The plaintiffs' loss of about **$195,691** to the associated-in-fact enterprise of Kevin Hermansen and Behnam Gharagozli was a direct and foreseeable result of the associated-in-fact enterprise of Kevin Hermansen and Behnam Gharagozli's and the other defendants' fraudulent misrepresentations and other crimes.

51. **Enterprise A**

Enterprise A is an associated-in-fact enterprise and is the **PARTNERSHIP** of Kevin Hermansen and Behnam Gharagozli and their law offices

52. These two experience attorneys have worked together for years and do **continue** to work together on legal cases in the future.

53. In the years they have worked together, they have conspired to commit many crimes in violation of state and federal statutes to defraud the plaintiffs (and very likely many other victims) out of money just because they think they are protected by the State of California's litigation privilege.

54. The existence of Enterprise A is evidenced by that fact that Kevin Hermansen and Behnam Gharagozli have worked together in many cases, such as LASC 23PDUD01863, 24PDUD01782, 24PDUD04392, and other cases.

55. Enterprise A, the **partnership**, is a **distinct structure** different from the persons involved and continues to operate in the present.

56. Besides economic enrichment, Enterprise A's other common purposes includes not only committing crimes, as the members of the Enterprise work together even when they do not commit crimes. They likely work together for the purpose of increasing profits, billable hours, increased flexibility, etc.

57. **Enterprise B**

Enterprise B is the **MARRIAGE (PARTNERSHIP)** of persons Cynthia Carter and her husband Christopher Lopez. They shared the common purpose of economic enrichment irregardless of laws and statutes; they won't hesitate to conspire to violate various State and Federal Statutes.

58. Enterprise B's common purpose includes not only committing crimes, as the members of the Enterprise work together even when they do not commit crimes.

59. These two married persons have resorted to conspiring with criminals like Kevin Hermansen and Behnam Gharagozli so that they can remain in a house without paying any rent for over 36 months and they think they can do so indefinitely.

60. The existence of Enterprise B is evidenced by that fact that Cynthia Carter and Christopher Lopez are married and they live together (past, present, and future).

61. Enterprise B, the **marriage**, is a **distinct structure** different from the persons involved and continues to operate in the present.

62. Besides economic enrichment, the other common purpose of Enterprise B is the purpose of all marriages; companionship and legal protection, etc.

63. **Enterprise C**

Enterprise C is the associated-in-fact enterprise is comprised of Enterprise A and B working together to conspire and to perpetrate fraudulent schemes to defraud and to otherwise harm the plaintiffs for economic enrichment and benefits.

64. Enterprise C is the **cooperation** of all of the defendants and is distinct and it continues to operate in the present day (Wire Fraud Scheme #5 which was executed in June of 2026)

65. The existence of Enterprise C is evidenced by that fact that the members have worked together in many cases, such as LASC 23PDUD01863, 24PDUD01782, 24PDUD04392, 2:26-CV-00305-MWF-AGR, and other cases.

66. Enterprise C's common purpose includes **not** only committing crimes, as the members of the Enterprise would work together even when the goal is not to commit crimes. As evidenced by the attorney Ramsey Judah's motions being exactly the same as Mark Kleiman's motions.

67. Besides economic enrichment, their other common purposes are to defend against lawsuits (against any and all past, present and future owners) as well as let the defendants Christopher Lopez and Cynthia Carter live on the premises rent free for forever or as long as possible. They have been succeeding at this for 36 months now. This common purpose is still ongoing as of June 2026 and is still causing the plaintiffs ongoing economic harm.

68. **Enterprise D**

Enterprise D is just Enterprise D without the temporary involvement of Behnam Gharagozli.

69. Behnam Gharagozli was absent from the Wire Fraud Scheme #4 (LASC case 26PDUD00798) purely to hide his connection to the other defendants. He remains in close contact, cooperation, and operation with all the defendants and enterprises alleged. As evidenced by Wire Fraud Scheme #5 that was executed on 6/9/2026 right here in this very case.

70. **Enterprise E**

Enterprise E is just Behnam Gharagozli's law firm, which he uses as a vehicle to commit fraud and to collect unlawfully obtained funds.

71. This law firm is a distinct legal entity.

72. **Enterprise F**

Enterprise F is just Kevin Hermansen's law firm, which he uses as a vehicle to commit fraud and to collect unlawfully obtained funds.

73. This law firm is a distinct legal entity.

Element of RICO:

**Use of Interstate Communication to Facilitate Commission of Crimes**

74. Since INTERSTATE electronic transmission (internet and email) was used for the transmission of the fraudulent misrepresentations and also to facilitate the various Wire Fraud Schemes, this satisfies the interstate nexus requirement for wire fraud (18 U.S.C. § 1343).

75. In the course of the defendants' tricks, frauds, fraudulent misrepresentations and schemes, there were many electronic transmissions that utilized the internet and crossed state lines. Essentially making every single electronic transmission the defendants made another count of wire fraud.

76. Internet and email is considered interstate commerce because it almost always involved the transmission of messages, data, or information **across state lines**. Nearly all electronic communications cross state lines. The internet's infrastructure, which routes emails through various servers often located in different states, inherently involves interstate commerce. Definition: "Interstate commerce" refers to any activity involving the movement of persons, things, or **information** across state lines. Internet's role: Emails, like other internet-based communications, are routed through servers that are frequently located in different states. The act of sending an email can therefore satisfy the requirement of crossing a state border. Legal precedent: Courts have repeatedly affirmed that using the internet or email is sufficient to establish interstate commerce for the purposes of federal jurisdiction in criminal statutes like those concerning fraud. Examples: This includes an office worker using email to communicate with someone in another state, or a business using email to conduct transactions, according to the U.S. Department of Labor.

77. The defendants transmitted documents OUTSIDE the STATE of CALIFORNIA numerous times as part of their scheme to defraud the plaintiffs. Each

transmission through the internet was transmitted through server(s) OUTSIDE of the state of California before reaching the final server.

TraceRoute graphics of transmission of internet data crossing state lines proves that the electronic transmissions the defendants made were **INTERSTATE**.

78. In addition, the defendants had utilized the email service from Google known as GMAIL (lobgattorney@gmail.com). Google stores the GMAIL data utilizing a system known as The Google File System (GFS) where data is chunked (chopped), copied, distributed, and STORED across **MILLIONS** of computers in different global locations, many of which reside OUTSIDE of the STATE OF CALIFORNIA.

79. By virtue of Google storing its data on the Google Cloud across multiple servers all over the country and planet. Any email sent to or from GMAIL MUST have crossed over state lines.

80. To THIS VERY DAY, the documents and communications the defendants transmitted **STILL RESIDE** on multiple Google servers in multiple locations OUTSIDE the STATE of CALIFORNIA. Since the Google Cloud exists as millions of computers around the world, many of which are OUTSIDE the STATE of CALIFORNIA.

81. Since the defendants had transmitted documents OUTSIDE of the STATE OF CALIFORNIA in their commission of fraud against the plaintiffs, and the documents themselves exists in the Google CLOUD network, which mostly physically reside OUTSIDE the STATE OF CALIFORNIA, the defendants violated the Federal **Wire Fraud** Statute **18 U.S. Code § 1343**.

82. Even if one single particular electronic transmission does not contain a fraudulent misrepresentation, when the electronic transmission itself still served to **facilitate** or advance the defendants' schemes to defraud, it is also considered WIRE FRAUD. As such, **every single electronic transmission** made by the defendants in case 23PDUD01863 and case 24PDUD01782 constitutes as one count of WIRE FRAUD.

83. The defendants had committed many multiple counts of wire fraud. Many of which was even after they had been warned by the plaintiff Shing Lung Lau that they were committing wire fraud.

84. Multiple counts of WIRE FRAUD constitute as Racketeering activity and is the main basis for this lawsuit.

85. Each count of wire fraud is a Federal crime punishable by up to 20 years in prison and fines of up to $250,000 for individuals and $500,000 for organizations.

86. Since the plaintiffs lost well over $150,000, federal sentence guidelines GLAPP and the federal sentencing table suggest that prison time of 4 to 10 months is required for **EACH** count of violation of federal laws for the defendants.

Element of RICO:

**Scheme or Artifice to Defraud**

87. **Wire Fraud**. The attorney defendants Kevin Hermansen and Behnam Gharagozli made Electronic **transmissions** to facilitate the transmissions of fraudulent misrepresentations in LASC case # **23PDUD01863**, case #**24PDUD01782**, and other cases in order to deceive the court into ruling against the plaintiffs and to **unlawfully** gain money from the plaintiffs.

These **Electronic transmissions** were made in **violations** of **18 U.S.C. § 1343 (Wire Fraud)** in order to **facilitate** the following crimes and offenses, 18 U.S.C. § 1957 (Transactions of Unlawfully Obtained Funds)**,** 18 U.S.C. § 1962 (Racketeering), 42 U.S.C. § 1985(2) (Conspiracy to Obstruct Justice), 42 U.S.C. § 1985(3) (Depriving Persons of Rights), California Business and Professions Code § 6128 **(Attorney Deceit),** California Penal Code § 182 **(Criminal Conspiracy).**

Defendants Christopher Lopez and Cynthia Carter were part of the conspiracy and voluntarily helped and are also vicariously liable as principals.

88. Congress left the term Scheme or Artifice to Defraud **undefined** to make it as **broad** as possible. Courts do not use a strict or narrow definition for the term Scheme or Artifice to Defraud.

It covers **any plan** that uses false promises, **lies**, or hidden facts.

89. The existence of scheme or artifice to defraud element is provided for in **Wire Fraud Scheme #1 to #5** and is evidenced by all **Fraudulent Misrepresentations #1 to #63** expounded upon in this complaint.

90. **Any reasonable person would agree** that the defendants hatched and executed **fraudulent schemes** to unlawfully obtain money from the plaintiffs.

For what else other than fraud can anybody call the defendants' various crimes and schemes?

**Wire Fraud Scheme #1**

(In California, in LASC case 23PDUD01863 filed by plaintiffs Hoi Kan Lau and Siu Fan Tsang, November 2023 to April 2024)

91. From **November 2023 to April 2024,** the defendants committed a variety of crimes during **LASC case 23PDUD01863**; namely commiting **attorney deceit** in violation of California Code, Business and Professions Code - BPC § 6128 as part of a Wire Fraud Scheme to unlawfully obtain money in the amount of $46,901.97 from the elderly plaintiff Siu Fan Tsang (paid on April 11, 2024).

The defendants' unlawful conducts violated these statutes:

18 U.S.C. § 1343 **(Wire Fraud)**

18 U.S.C. § 1956 Transactions of **Unlawfully Obtained Funds**

18 U.S.C. § 1957 Transactions of **Unlawfully Obtained Funds**

18 U.S.C. § 1962 **Racketeering** Related Crimes

42 U.S.C. § 1985(2) Conspiracy to **Obstruct Justice**
42 U.S.C. § 1985(3) Depriving Persons of Rights
California Business and Professions Code § 6128 **Attorney Deceit**
California Penal Code § 182 **Criminal Conspiracy**

92. Some of the numerous fraudulent misrepresentations the defendants made in **Wire Fraud Scheme #1** include lying about not receiving notice from the plaintiff, lying about the plaintiff's application for relief, etc. Lied that the plaintiff did not provide new fact or law when the plaintiff in fact did, lied that a first time application for relief filed by the plaintiff was a re-consideration in violation of CCP § 1008, etc.

93. On December 27th, 2023, the plaintiff had filed for an application for relief titled "Notice of Motion and Motion to Set Aside Judgment" wherein the plaintiff asked the court for relief under California Code, Code of Civil Procedure - CCP § 473 (b). The attorney defendants then made numerous fraudulent misrepresentations to make it seem like the plaintiff's Motion to Set Aside did **not** raise **new law** and **new argument** and was a Reconsideration instead of a First time application for Relief under California Code, Code of Civil Procedure - CCP § 473 (b) and the defendants subsequently unlawfully gained **$46,901** from the **elderly victim plaintiff Siu Fan Tsang**.

94. **Example Fraudulent Misrepresentation #1 to #3**:

These fraudulent misrepresentations are crimes of **Attorney Deceit, Criminal Conspiracy, Wire Fraud, and Racketeering,** etc. in violation of California Business and Professions Code § 6128 (Attorney Deceit), CA Penal Code § 182 (Criminal Conspiracy), 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1962, etc.; committed by the attorney defendants Kevin Hermansen and Behnam Gharagozli.

**Example Fraudulent Misrepresentation #1**

1/9/2024, in the attorney defendants' court paper titled "OPPOSITION TO MOTION TO SET ASIDE JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES" filed on 1/9/2024, **on page 2 line 9**, the attorney defendants **fraudulent misrepresented** that "Defendants were **never** notified of Plaintiff's alleged discontinuance of Mr. Pok".

95. **Example Fraudulent Misrepresentation #2:**

On same document, **on page 4 line 9**, the attorney defendants **fraudulent misrepresented** that "It [the plaintiff's Motion to Set Aside] also **fails** to provide any **new** facts or **law**"

96. **Example Fraudulent Misrepresentation #3:**

On same document, **on page 4 line 20**, the attorney defendants **fraudulent misrepresented** that "it [the plaintiff's first time application for relief] still makes the **same arguments"**

**Wire Fraud Scheme #2**

(In California, in LASC case #24PDUP01782 filed by plaintiff Hoi Kan Lau, April 2024 to October 2024)

97. On or around April of 2024, the elderly plaintiffs retained the services of CA Property Law Group to file an Unlawful Detainer (LASC 24PDUD01782) to regain possession of the property since the defendants Christopher Lopez and Cynthia Carter had not paid any rent at all since July of 2023.

98. From April 2024 to October 2024, the defendants committed a variety of crimes during **LASC case 24PDUD01782**; namely commiting attorney deceit in violation of California Code, Business and Professions Code - BPC § 6128 as part of a

Wire Fraud Scheme to unlawfully obtain money in the amount of **$32,385.54** from the elderly plaintiff Hoi Kan Lau (payments made to the attorney defendants from August to October 2024). The internet and email were used by the attorney defendants to faciliate this wire fraud scheme, in violation of **18 U.S.C. § 1343.**

The defendants' unlawful conducts violated these statutes:

18 U.S.C. § 1343 **Wire Fraud**

18 U.S.C. § 1956 Transactions of **Unlawfully Obtained Funds**

18 U.S.C. § 1957 Transactions of **Unlawfully Obtained Funds**

18 U.S.C. § 1962 **Racketeering** Related Crimes

42 U.S.C. § 1985(2) Conspiracy to **Obstruct Justice**

42 U.S.C. § 1985(3) Depriving Persons of Rights

California Business and Professions Code § 6128 **Attorney Deceit**

California Penal Code § 118 **Perjury**

California Penal Code § 127 **Subornation of Perjury**

California Penal Code § 182 **Criminal Conspiracy**

99. The gist of Kevin Hermansen's Wire Fraud Scheme is as follows:

Kevin Hermansen et al. conspired to commit attorney deceit in court on **August 1, 2024** to **corruptly influence** Judge William Dodson.

Kevin Hermansen made **many fraudulent misrepresentations** about the plaintiff Hoi Kan Lau in court, the most **material** of which were to the effect that Hoi Kan Lau <u>**NEVER**</u> goes to the address of his rental business (6726 Salter ave., Arcadia, CA 91007, where his son lives):

"They [Hoi Kan Lau and Siu Fan Tsang] **don't** visit him [their son Shing Lung Lau]" (page 30 line 5 of the transcript of the court hearing on August 1, 2024)

"And Mr. Hoi Kan Lau **doesn't** go there [6726 Salter ave. Arcadia]" (page 30 line 18, the transcript of the court hearing on August 1, 2024

Judge William Dodson **believed** Kevin Hermansen's **MATERIAL fraudulent misrepresentations** and ruled that since the plaintiff Hoi Kan Lau **NEVER EVER** goes to 6726 Salter ave., Arcadia, CA 91007, where his son lives and where the place of his rental business is, the notice was defective and as such the defendants won the UD case based on Kevin Hermansen's fraudulent misrepresentations.

This is fraudulent because the plaintiff Hoi Kan Lau's son, plaintiff Shing Lung Lau, had drove Hoi Kan Lau to 6726 Salter ave., Arcadia semi-regularly and on many occasions; through not frequent enough to be deemed "often" (several times a week) hence the plaintiff answered to the effect that Hoi Kan Lau did not visit **often**.

100. In preparation to making his **many fraudulent misrepresentations** in court on August 1, 2024, Kevin Hermansen, being the **brilliant scam artist** that he is, also did these things in dishonesty and **bad faith** to help **faciliate** his making fraudulent misrepresentations in court and not get caught:

101. 1. **Kevin Hermansen Fraudulently Deprived the plaintiff Hoi Kan Lau of competent intepreting service on August 1, 2024**

The plaintiff Hoi Kan Lau was elderly and have decreased mental capacity from years of severely diminished heart capacity. The plaintiff Hoi Kan Lau also could not comprehend spoken English and required the service of a competent interpreter.

Back in the course of Wire Fraud Scheme #1 in LASC case 23PDUD01863, Kevin Hermansen learnt that the plaintiff Siu Fan Tsang complained about the incompetency of the court provided intepreter. In LASC 24PDUD01782, the plaintiff Hoi Kan Lau hired his own court certified intepreter Nathan Huang. Before trial even started, Kevin

Hermansen RECKLESSLY and FRAUDULENTLY MISREPRESENTED to **the Court** to the effect that the competent intepreter Nathan Huang would engage in courtroom deceit and **change witness testimony.**

This was a crime in violation of the attorney deceit statute California Code, Business and Professions Code - BPC § 6128.

Nathan Huang was subsequently kicked out of the courtroom based on Kevin Hermansen's RECKLESS and FRAUDULENT MISREPRESENTATION.

Nathan Huang remarked at the time that in all his years as an intepreter he had never seen something like this.

Hoi Kan Lau, subsequently, was not aware that Kevin Hermansen was making fraudulent misrepresentations against him in court.

This is a deprivation of the civil rights of the plaintiff Hoi Kan Lau due to discriminatory animus (ill-will) towards Hoi Kan Lau's lack of language skills (national origin discrimination) in violation of 42 U.S.C. § 1985(2) and (3)

Kevin Hermansen's motivation to commit this RECKLESS and FRAUDULENT MISREPRESENTATION was to **deprive** Hoi Kan Lau of competent intepreting service from Nathan Huang so that when Kevin Hermansen made his various fraudulent misrepresentations in court, he would not be caught. This is a crime in violation of California Code, Business and Professions Code - BPC § 6128. This is also a Deprivation of the plaintiff Hoi Kan Lau's Civil Rights to make sure that Hoi Kan Lau could not defend himself in court.

Furthermore, the defendant Kevin Hermansen only sought to remove the competent interpreter Nathan Huang on the court date of August 1st, 2024. There after, on numerous other occasions in court in LASC case 24PDUD04392, such on 6/16/25, 6/18/25, 6/25/25, 7/8/25, 7/9/25 in court; the defendants Kevin Hermansen and Behnam Gharagozli never complained about Nathan Huang again and Nathan Huang provided services without problem on those dates. This is because the defendants **ONLY needed**

to deprive the plaintiff Hoi Kan Lau of a competent interpreter to **execute their scheme to defraud** on **August 1st, 2024.**

102. **2. Kevin Hermansen Fraudulently changed witness testimony on August 1, 2024**

Through the use of the word "**OFTEN**" and "**MUCH**". Kevin Hermansen elicited an expected response from the Shing Lung Lau that which Kevin Hermansen would later twist (changed witness testimony) to suit his purpose to **corruptly influence** the court.

From the court transcript of the August 1, 2024 hearing:

(page 23 line 13):

Kevin Hermansen: AND IS IT CORRECT THAT YOUR MOTHER HAS A CONFLICT WITH YOUR WIFE AND DOESN'T VISIT YOU **MUCH**?

Shing Lung Lau: YES. MY WIFE DOES NOT LIKE MY MOTHER. THEY HAVE ISSUES THAT THEY -- THEY JUST DON'T LIKE EACH OTHER.

Kevin Hermansen: SO AS A RESULT, YOUR PARENTS DON'T **OFTEN** GO TO YOUR HOUSE?

Shing Lung Lau: YES, THEY DON'T. THEY CAN'T EVEN DRIVE.

[Here the witness Shing Lung Lau was merely answering the question that had the qualifier **OFTEN**, stating that his parents did NOT visit him **OFTEN, as in several times a week** per the witness's own personal definition;

in reality, although the elderly plaintiffs no longer drove, the witness Shing Lung Lau drove his parents to 6726 Salter ave., Arcadia, CA 91007 at least 2 to 3 times a month since the elderly plaintiffs go to Arcadia for doctors visit, for haircuts, for family meals at 6726 Salter ave., for family meals at restaurants at Arcadia, for picking fruit at 6726 Salter ave., for dealing with business and legal documents, etc.]

Kevin Hermansen then proceeded to change the witness's testimony as follows:

Kevin Hermansen: THE TESTIMONY OF MR. LAU'S SON [Shing Lung Lau] WAS THAT... THEY[Hoi Kan Lau and Siu Fan Tsang] **<u>DON'T VISIT HIM</u>** BECAUSE OF THE CONFLICT WITH HIS WIFE. (8/1/2024 transcript page 30 line 3)

[Notice here that Kevin Hermansen did **NOT** use the word **OFTEN** here,

When Kevin Hermansen questioned the witness, Kevin Hermansen made sure to use the word **OFTEN** to **make sure the witness would reply to the effect that Hoi Kan Lau does not OFTEN visit his son**

Almost everyone would **reply to the effect that their parent does NOT OFTEN visit them.**

WIth the DELIBERATE OMISSION of the word **OFTEN** in paraphasing the witness testimony.

Kevin Hermansen in effect **CHANGED WITNESS testimony**

In effect, changed "**OFTEN**" to "**NEVER**"

the witness Shing Lung Lau only answered to the effect that the elderly plaintiffs did not visit **OFTEN**

this is a crime in violation of the attorney deceit statute California Code, Business and Professions Code - BPC § 6128, as well as a host of other laws as well

]

[Projection. Kevin Hermansen was the one who **CHANGED WITNESS testimony,** not Nathan Huang, whom Kevin Hermansen kicked out of court by accusing Nathan Huang of going to CHANGE witness testimony, this is what is called **projection,** wherein someone falsely accuses another of what the accuser is himself **guilty** of]

Changing witness testimony from in effect "don't visit **often**" to in effect **"never visit**" is a very brilliant fraudulent scheme that nobody caught at the time.

Which Kevin Hermansen made sure of by kicking out both the competent intepreter Nathan Huand and the witness Shing Lung Lau.

The fraud was very subtle and hard to detect. It was only much later when the witness Shing Lung Lau had a chance to review the transcript (8/1/2024) that Kevin Hermansen's brilliant fraudulent scheme was discovered.

Just brilliant.

Kevin Hermansen's FRAUDULENT MISREPRESENTATIONS were **very effective** at **corruptly influencing the court** as Judge William Dodson himself stated: "THE WITNESS SAYS THAT THIS GENTLEMAN NEVER EVER GOES THERE" (8/1/2024 transcript page 31 line 26)

When in reality the witness Shing Lung Lau **never** said to the effect that Hoi Kan Lau **never** ever goes to 6726 Salter ave; only answered that Hoi Kan Lau did not visit **often**.

Kevin Hermansen deceitly used the word **OFTEN** when questiong the witness and then deceitly dropped the word **OFTEN** when he paraphased and repeated the witness's testimony to the Judge to corruptly influence the Judge with CHANGED WITNESS TESTIMONY.

A very SUBTLE (and brillant) fraudulent scheme it was indeed.

Should be taught in law school.

103. 3. **Kevin Hermansen, under <u>false pretenses</u>, Made sure that the Witness Shing Lung Lau was not in court when Kevin Hermansen committed his crimes of attorney deceit and changing witness testimony**

On August 1, 2024, Kevin Hermansen asked the court to excuse the witness Shing Lung Lau from court by telling the court that the witness Shing Lung Lau would intefere with witness testimony.

Shing Lung Lau was kicked out of court and not let in until the case was concluded.

Kevin Hermansen's **REAL PURPOSE** was to make sure that the witness Shing Lung Lau was not available to catch onto Kevin Hermansen's Fraudulent Misrepresentaions and to alert the attorney Kenny Lim to the fraudulent misrepresentations Kevin Hermansen made in court (including the changing of witness testimony).

Afterwards, in LASC case **24PDUD04392**, on numerous occasions, neither Kevin Hermansen nor Behnam Gharagozli had the court kick Shing Lung Lau out of court even when the elderly plaintiffs were on the witness stand.

While the actual criminal fraud mainly happened in court on August 1, 2024 and is mainly perpetrated by the defendant Kevin Hermansen. As co-counsel, Behnam Gharagozli had to have known about Kevin Hermansen's fraudulent scheme and is guilty of conspiracy as well as of the actual fraud itself. The defendants Christopher Lopez and Cynthia Cynthia, as the ones who hired Kevin Hermansen and Behnam Gharagozli, are vicariously liable for the crimes Kevin Hermansen and Behnam Gharagozli committed.

And because Kevin Hermansen and Behnam Gharagozli made use of the internet to faciliate the commission of the crime and to unlawfully demand and collect the criminal proceeds, Kevin Hermansen and Behnam Gharagozli committed WIRE FRAUD; as well as violated RICO.

**Example Fraudulent Misrepresentations Made by Kevin Hermansen in Court on 8/1/2024:**

104. **Example Fraudulent Misrepresentation #4 to #9**

These fraudulent misrepresentations are crimes of **Attorney Deceit**, **Criminal Conspiracy**, etc. in violation of California Business and Professions Code § 6128 (Attorney Deceit), CA Penal Code § 182 (Criminal Conspiracy), etc.; committed by the attorney defendants.

**Example Fraudulent Misrepresentation #4**

On 8/1/2024, at Pasadena Courthouse, Dept. R, Kevin Hermansen **fraudulently deprived** the plaintiff Hoi Kan Lau of a competent interpreter (Nathan Huang) by **RECKLESSLY and FRAUDULENTLY** misrepresenting to the court that Nathan Huang would **change the witness testimony** when in fact the one who would change witness testimony was none other than Kevin Hermansen himself.

105. **Example Fraudulent Misrepresentation #5**

On 8/1/2024, at Pasadena Courthouse, Dept. R, K, Kevin Hermansen **fraudulently misrepresented** in court that "They (Hoi Kan Lau and Siu Fan Tsang) **don't visit** him (Shing Lung Lau)" (page 30 line 5 of the transcript of the court hearing on August 1, 2024)

106. **Example Fraudulent Misrepresentation #6**

On 8/1/2024, at Pasadena Courthouse, Dept. R, K, Kevin Hermansen **fraudulently misrepresented** in court that "**...** the phone number here is **not** the phone number of the person to pay" (page 30 line 6 of the transcript of the court hearing on August 1, 2024) when in fact Hoi Kan Lau has been using that phone number as his business phone number since 2010.

107. **Example Fraudulent Misrepresentation #7**

On 8/1/2024, at Pasadena Courthouse, Dept. R, K, Kevin Hermansen **fraudulently misrepresented** in court that "**...**this is **not** the address and phone number of the person (Hoi Kan Lau) to pay." (page 30 line 11 of the transcript of the court hearing on August 1, 2024) when in fact those were the business address and business phone number of the plaintiff Hoi Kan Lau.

108. **Example Fraudulent Misrepresentation #8**

On 8/1/2024, at Pasadena Courthouse, Dept. R, K, Kevin Hermansen **fraudulently misrepresented** in court that "They [Hoi Kan Lau and Shing Lung Lau] **don't** share the same phone number." (page 33 line 16 of the transcript of the court hearing on August 1, 2024) when in fact they do share the same phone number and Shing Lung Lau had been acting as personal assistant to answer all calls for Hoi Kan Lau since forever.

109. **Example Fraudulent Misrepresentation #9**

On 8/1/2024, at Pasadena Courthouse, Dept. R, K, Kevin Hermansen **fraudulently misrepresented** in court that "And Mr. **Hoi Kan Lau doesn't go there** (6726 Salter ave. Arcadia)" (page 30 line 18 of the transcript of the court hearing on August 1, 2024) when in fact Hoi Kan Lau did go there, albeit not as frequent as several times a week, which the witness Shing Lung Lau has testified to.

This is an example of Kevin Hermansen fraudulently **CHANGING WITNESS TESTIMONY.**

110. **Example Fraudulent Misrepresentation in Answers**

From about 7/8/2024 to 7/11/2025, Defendants Kevin Hermansen and Behnam Gharagozli procured / suborned perjuries from Christopher Lopez and Cynthia Carter. All willingly participated in criminal conspiracy and willingly committed perjury

and subornations of perjury. (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 and FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT filed 7/11/2024 in case LASC 24PDUD01782)

Some examples of these Fraudulent Misrepresentations are as follows:

111. **Example Fraudulent Misrepresentation #10 to #28**

These fraudulent misrepresentation are crimes of **Subornation of Perjury, Criminal Conspiracy, Wire Fraud, Racketeering,** etc. in violation of CA Penal Code § 128 (Subornation of Perjury), CA Penal Code § 182 (Criminal Conspiracy), 18 U.S.C. § 1343, 18 U.S. Code § 1962, etc.; committed by the attorney defendants Kevin Hermansen and Benham Gharagozli.

These fraudulent misrepresentations are crimes of **Perjury, Criminal Conspiracy, Wire Fraud, Racketeering,** etc. in violation of CA Penal Code § 118 (Perjury), CA Penal Code § 182 (Criminal Conspiracy), 18 U.S.C. § 1343, 18 U.S. Code § 1962, etc.; committed by the tenant defendants Christopher Lopez and Cynthia Carter.

**Example Fraudulent Misrepresentation #10**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"The notice is defective because there is <u>no Just Cause</u> to evict under the Tenant Protection Act of 2019."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 3 line 12)

There was just cause as the tenant defendants have not been paying rent since July 2023.

112. **Example Fraudulent Misrepresentation #11**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

"Plaintiff seeks to evict for breach of an **immaterial term of the lease and/or failed to issue a written notice to correct the alleged violation"** (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 3 line 21)

113. **Example Fraudulent Misrepresentation #12**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff is seeking to evict for refusal to execute a new lease which does not have similar provisions and/or includes terms in violation of law."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 3 line 24)

114. **Example Fraudulent Misrepresentation #13**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff is seeking to evict based on alleged intent to occupy the property by the owner or their spouse, domestic partner, children, grandchildren, parents, or grandparents without a provision of the lease permitting termination of tenancy on this basis."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 3 line 26)

115. **Example Fraudulent Misrepresentation #14**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff is seeking to evict based on alleged intent to 'substantially remodel,' but the work allegedly being conducted do not meet the definition of "substantially remodel" as provided in the Tenant Protection Act of 2019."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 4 line 1)

116. **Example Fraudulent Misrepresentation #15**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

"The entire eviction is not enforceable because Plaintiff is proceeding to evict under a **no fault cause of action and has failed to provide relocation assistance by either notifying the tenant in writing that the Plaintiff intends to waive one month rent or informing the tenant the right to relocation within 15 calendar days from service of notice. Code of Civil Procedure §§ 1946.2(d)(2) and 1946.2(d)(4)."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 4 line 7)

117. **Example Fraudulent Misrepresentation #16**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

"The entire eviction is not enforceable because Plaintiff failed to notify Defendant(s) of the right to relocation assistance or rent waiver." (ANSWER TO

PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 4 line 12)

118. **Example Fraudulent Misrepresentation #17**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

"Plaintiff did not have a permitted cause for eviction." (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 4 line 27)

119. **Example Fraudulent Misrepresentation #18**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

"The Plaintiffs did not comply with the requirements of the Ordinance regarding a relocation specialist." (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 6 line 17)

120. **Example Fraudulent Misrepresentation #19**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

"Plaintiff accepted a rent payment from Defendant after service of the Notice to quit thereby renewing the tenancy." (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 6 line 25)

121. **Example Fraudulent Misrepresentation #20**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

"Plaintiff accepted a rent payment from Defendant with full knowledge of the alleged breach of the rental agreement thereby waiving the right to declare a forfeiture by reason of the breach and renewing the tenancy." (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 6 line 27)

122. **Example Fraudulent Misrepresentation #21**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

"Plaintiff retained a check or money order without negotiating it for an unreasonably long time, thereby accepting payment and renewing the tenancy." (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 7 line 2)

123. **Example Fraudulent Misrepresentation #22**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

"Plaintiff refused to accept the tender of rent payment – either prior to service of the Notice to quit or during the notice period." (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 7 line 5)

124. **Example Fraudulent Misrepresentation #23**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

"In bad faith Plaintiff prevented the payment of rent payment – either prior to service of the Notice to quit or during the notice period." (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 7 line 7)

125. **Example Fraudulent Misrepresentation #24**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

"Plaintiff and Defendant made other payment arrangements after service of the Notice to quit, upon which Defendant detrimentally relied. Therefore payment was not delinquent." (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 7 line 12)

126. **Example Fraudulent Misrepresentation #25**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

"Plaintiff did not serve the Notice either (1) in person, or (2) by both posting the Notice on the door and mailing said Notice." (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 8 line 13)

127. **Example Fraudulent Misrepresentation #26**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

"Plaintiff failed to serve the Notice at all." (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 8 line 15)

128. **Example Fraudulent Misrepresentation #27**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

"The Property is covered by the federal CARES ACT and the Plaintiff did not provide 30 days' notice to vacate." (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 8 line 18)

129. **Example Fraudulent Misrepresentation #28**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

"The Notice was superseded by a later-served notice." (ANSWER TO PLAINTIFF'S COMPLAINT filed 7/8/2024 in case LASC 24PDUD01782 page 8 line 20)

**Wire Fraud Scheme #3**

(In California, in LASC case #24PDUD04392 filed by plaintiff Siu Fan Tsang, ~November 2024 to ~February 2026)

130. From ~November 2024 to ~February 2026, the defendants **conspired** with each other and made fraudulent misrepresentations in LASC case #24PDUD04392 because of their discriminatory hatred and ill-will towards the plaintiffs as well as for possible financial gain.

During the course of the case, the defendants had tried to use false evidences, such as a FAKE video that the defendants say show that the plaintiff Siu Fan Tsang REFUSED to accept rent, such as a picture that the defendants say show that the plaintiff Shing Lung Lau was illegally going through their trash (Shing was just throwing trash away), provide false statement to the effect that the defendants had to call the cops multiple times to remove the plaintiff Shing Lung Lau (when both instances of calling the cops were done by Shing Lung Lau himself for being attacked and harrassed by the defendants), etc. These allegations are also part of this complaint and part of the crimes the defendants have committed against the plaintiffs.

Internet and email were used in the comission of these attorney deceit (in violation of BPC § 6128) and perjuries (in violation of Penal code § 118)

The defendants' unlawful conducts violated these statutes:

18 U.S.C. § 1343 **Wire Fraud**

18 U.S.C. § 1956 Transactions of **Unlawfully Obtained Funds**

18 U.S.C. § 1957 Transactions of **Unlawfully Obtained Funds**

18 U.S.C. § 1962 **Racketeering** Related Crimes

42 U.S.C. § 1985(2) Conspiracy to **Obstruct Justice**

42 U.S.C. § 1985(3) Depriving Persons of Rights

California Business and Professions Code § 6128 **Attorney Deceit**

California Penal Code § 118 **Perjury**

California Penal Code § 127 **Subornation of Perjury**

California Penal Code § 182 **Criminal Conspiracy**

Some of the underlying fraudulent misrepresentations involved in this wire fraud scheme are:

131. **Example Fraudulent Misrepresentation #29 to #48**

These fraudulent misrepresentation are crimes of **Subornation of Perjury, Criminal Conspiracy, Wire Fraud, Racketeering,** etc. in violation of CA Penal Code § 128 (Subornation of Perjury), CA Penal Code § 182 (Criminal Conspiracy), 18 U.S.C. § 1343, 18 U.S. Code § 1962, etc.; committed by the attorney defendants Kevin Hermansen and Behnam Gharagozli.

These fraudulent misrepresentations are crimes of **Perjury, Criminal Conspiracy, Wire Fraud, Racketeering,** etc. in violation of CA Penal Code § 118 (Perjury), CA Penal Code § 182 (Criminal Conspiracy), 18 U.S.C. § 1343, 18 U.S. Code § 1962, etc.; committed by the tenant defendants Christopher Lopez and Cynthia Carter.

**Example Fraudulent Misrepresentation #29**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff failed to give notice and opportunity to cure a curable lease violation."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 4 line 1)

132. **Example Fraudulent Misrepresentation #30**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff seeks to evict for breach of an immaterial term of the lease and/or failed to issue a written notice to correct the alleged violation."**(ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 4 line 2)

133. **Example Fraudulent Misrepresentation #31**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff is seeking to evict for refusal to execute a new lease which does not have similar provisions and/or includes terms in violation of law."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 4 line 4)

134. **Example Fraudulent Misrepresentation #32**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff is seeking to evict based on alleged intent to occupy the property by the owner or their spouse, domestic partner, children, grandchildren, parents, or grandparents without a provision of the lease permitting termination of tenancy on this basis."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 4 line 7)

135. **Example Fraudulent Misrepresentation #33**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff is seeking to evict based on alleged intent to 'substantially remodel', but the work allegedly being conducted do not meet the definition of "substantially remodel" as provided in the Tenant Protection Act of 2019."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 4 line 11)

136. **Example Fraudulent Misrepresentation #34**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"The entire eviction is not enforceable because Plaintiff failed to notify Defendant(s) of the right to relocation assistance or rent waiver."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 4 line 19)

137. **Example Fraudulent Misrepresentation #35**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff is attempting to evict a tenant for denying entry to the landlord in violation of the County's Eviction Moratorium."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 5 line 6)

138. **Example Fraudulent Misrepresentation #36**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff is attempting to evict defendant based on failure to pay back unpaid rent under the terms of a payment plan in violation of the County's Eviction Moratorium"** (ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 5 line 12)

139. **Example Fraudulent Misrepresentation #37**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff is attempting to evict defendant based on the tenant's failure to comply with the terms of a payment plan that is void as contrary to public policy."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 5 line 14)

140. **Example Fraudulent Misrepresentation #38**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff is attempting to evict defendant based on a 'No-Fault Termination of Tenancy; in violation of the County's Eviction Moratorium"** (ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 5 line 17)

141. **Example Fraudulent Misrepresentation #39**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff filed this action in violation of the County's Eviction Moratorium."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 5 line 21)

142. **Example Fraudulent Misrepresentation #40**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"The Plaintiffs did not comply with the requirements of the Ordinance regarding a relocation specialist."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 7 line 24)

143. **Example Fraudulent Misrepresentation #41**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff accepted a rent payment from Defendant after service of the Notice to quit thereby renewing the tenancy."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 8 line 3)

144. **Example Fraudulent Misrepresentation #42**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff accepted a rent payment from Defendant with full knowledge of the alleged breach of the rental agreement thereby waiving the right to declare a forfeiture by reason of the breach and renewing the tenancy."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 8 line 16)

145. **Example Fraudulent Misrepresentation #43**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff and Defendant made other payment arrangements after service of the Notice to quit, upon which Defendant detrimentally relied. Therefore payment was not delinquent."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 8 line 9)

146. **Example Fraudulent Misrepresentation #44**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff failed to serve the Notice at all."**

(ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 9 line 23)

147. **Example Fraudulent Misrepresentation #45**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"The Notice was superseded by a later-served notice."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 9 line 28)

148. **Example Fraudulent Misrepresentation #46**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff lacks standing and/or capacity to bring this action."**

(ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 10 line 2)

149. **Example Fraudulent Misrepresentation #47**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff is neither the owner of the premises at issue nor the management company authorized to act on Plaintiff's behalf by filing a lawsuit."**

(ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 10 line 20)

150. **Example Fraudulent Misrepresentation #48**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendants Behnam Gharagozli and Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff filed the Complaint before the expiration of the Notice."** (ANSWER TO PLAINTIFF'S COMPLAINT filed 2/20/2025 in case LASC 24PDUD04392 page 10 line 25)

**Wire Fraud Scheme #4**

(In California, in LASC case #26PDUD00798 filed by Shing Lung Lau, ~March 2026 to ~August 2026)

151. From ~March 2026 to ~August 2026, the defendants conspired and made fraudulent misrepresentations in LASC case #26PDUD00798 because of their discriminatory hatred and ill-will towards the plaintiffs as well as for possible financial gain.

Internet and email were used in the comission of these attorney deceit (in violation of BPC § 6128) and perjuries (in violation of Penal code § 118)

The defendants' unlawful conducts violated these statutes:

18 U.S.C. § 1343 **Wire Fraud**

18 U.S.C. § 1962 **Racketeering** Related Crimes

42 U.S.C. § 1985(2) Conspiracy to **Obstruct Justice**

42 U.S.C. § 1985(3) Depriving Persons of Rights

California Business and Professions Code § 6128 **Attorney Deceit**

California Penal Code § 182 **Criminal Conspiracy**

152. Kevin Hermansen made fraudulent misrepresentations to the effect that the plaintiff Shing Lung Lau lied to the court that he was ready for trial before dismissing the case and that as such Kevin Hermansen is entitled to attorney's fee (as sanctions) in the amount of.

The plaintiff has never told anybody that he was ready for trial.

Some of the underlying fraudulent misrepresentations involved in this wire fraud scheme are as follows:

153. **Example Fraudulent Misrepresentation #49**

Kevin Hermansen fraudulently misrepresented that:

**"Plaintiff's standing fails because he is not the record owner of the Property. The only recorded grant deed shows title vested in Hoi Kan Lau and Siu Fan Tsang as joint tenants. (RJN, Ex. F.) No subsequent deed transferring title to Shing Lung Lau has been recorded."** (NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES filed 3/27/2026 in case LASC 26PDUD00798 page 7 line 26)

This fraudulent misrepresentation is a crime of **Attorney Deceit, Criminal Conspiracy, Wire Fraud, and Racketeering,** etc. in violation of California Business and Professions Code § 6128 (Attorney Deceit), CA Penal Code § 182 (Criminal Conspiracy), 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1962, etc.; committed by the attorney defendant Kevin Hermansen.

154. **Example Fraudulent Misrepresentation #50 to #59**

These fraudulent misrepresentation are crimes of **Subornation of Perjury, Criminal Conspiracy, Wire Fraud, Racketeering,** etc. in violation of CA Penal Code § 128 (Subornation of Perjury), CA Penal Code § 182 (Criminal Conspiracy), 18 U.S.C. § 1343, 18 U.S. Code § 1962, etc.; committed by the attorney defendant Kevin Hermansen.

These fraudulent misrepresentations are crimes of **Perjury, Criminal Conspiracy, Wire Fraud, Racketeering,** etc. in violation of CA Penal Code § 118 (Perjury), CA Penal Code § 182 (Criminal Conspiracy), 18 U.S.C. § 1343, 18 U.S. Code § 1962, etc.; committed by the tenant defendants Christopher Lopez and Cynthia Carter.

**Example Fraudulent Misrepresentation #50**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendant Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff failed to give notice and opportunity to cure a curable lease violation."** (ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT filed 5/15/2026 in case LASC 26PDUD00798 page 4 line 1)

155. **Example Fraudulent Misrepresentation #51**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendant Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff seeks to evict for breach of an immaterial term of the lease and/or failed to issue a written notice to correct the alleged violation."** (ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT filed 5/15/2026 in case LASC 26PDUD00798 page 4 line 2)

This is a perjury because the case was for the nonpayment of rent, which is a material term of the lease.

156. **Example Fraudulent Misrepresentation #52**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendant Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff is seeking to evict for refusal to execute a new lease which does not have similar provisions and/or includes terms in violation of law."** (ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT filed 5/15/2026 in case LASC 26PDUD00798 page 4 line 5)

157. **Example Fraudulent Misrepresentation #53**

Defendants Cynthia Carter and Christopher Lopez**, conspired** with defendant Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff is seeking to evict based on alleged intent to occupy the property by the owner or their spouse, domestic partner, children, grandchildren, parents, or grandparents without a provision of the lease permitting termination of tenancy on**

**this basis."** (ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT filed 5/15/2026 in case LASC 26PDUD00798 page 4 line 7)

158. **Example Fraudulent Misrepresentation #54**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendant Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff is seeking to evict based on alleged intent to 'substantially remodel,' but the work allegedly being conducted do not meet the definition of "substantially remodel" as provided in the Tenant Protection Act of 2019."** (ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT filed 5/15/2026 in case LASC 26PDUD00798 page 4 line 11)

159. **Example Fraudulent Misrepresentation #55**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendant Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"The entire eviction is not enforceable because Plaintiff failed to notify Defendant(s) of the right to relocation assistance or rent waiver."**(ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT filed 5/15/2026 in case LASC 26PDUD00798 page 4 line 19)

160. **Example Fraudulent Misrepresentation #56**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendant Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff accepted a rent payment from Defendant after service of the Notice to quit thereby renewing the tenancy."** (ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT filed 5/15/2026 in case LASC 26PDUD00798 page 9 line 7)

Tenant defendants have not offered a rent payment since July 2023, no rent payment was offered nor accepted.

161. **Example Fraudulent Misrepresentation #57**

Defendants Cynthia Carter and Christopher Lopez, **conspired** with defendant Kevin Hermansen to fraudulently misrepresent and to **perjure** that:

**"Plaintiff accepted a rent payment from Defendant with full knowledge of the alleged breach of the rental agreement thereby waiving the right to declare a forfeiture by reason of the breach and renewing the tenancy."** (ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT filed 5/15/2026 in case LASC 26PDUD00798 page 9 line 9)

Tenant defendants have not offered a rent payment since July 2023, no rent payment was offered nor accepted.

162. **Example Fraudulent Misrepresentation #58**

Defendant Christopher Lopez **conspired** with defendant Kevin Hermansen to make many fraudulently misrepresentations and **perjuries**. (Christopher Lopez discovery responses emailed to the plaintiff Shing Lung Lau on 6/2/2026 in case LASC 26PDUD00798)

For example:

**"The property is located in the County of Los Angeles and is subject to the County's eviction moratorium. Propounding Party is attempting to evict based on nonpayment of rent, late charges, interest, or other fees accrued due to financial impacts related to COVID-19; for denying entry to the landlord; based on nonpayment due to COVID-19 financial hardship and alleged failure to repay within the applicable period; based on alleged failure to pay back unpaid rent under a payment plan; based on alleged failure to comply with a payment plan that is void as contrary to public policy; and based on a no-fault termination of tenancy, each in violation of the moratorium. Propounding Party filed this action in violation of the County's eviction moratorium"** (Lopez responses 6/2/2026 page 7, line 4)

163. **Example Fraudulent Misrepresentation #59**

Defendant Cynthia Carter **conspired** with defendant Kevin Hermansen to make many fraudulently misrepresentations and **perjuries**. (Cynthia Carter discovery responses emailed to the plaintiff Shing Lung Lau on 6/2/2026 in case LASC 26PDUD00798)

For example:

**"The property is located in the County of Los Angeles and is subject to the County's eviction moratorium. Propounding Party is attempting to evict based on nonpayment of rent, late charges, interest, or other fees accrued due to financial impacts related to COVID-19; for denying entry to the landlord; based on nonpayment due to COVID-19 financial hardship and alleged failure to repay within the applicable period; based on alleged failure to pay back unpaid rent under a payment plan; based on alleged failure to comply with a payment plan that is void as contrary to public policy; and based on a no-fault termination of tenancy, each in violation of the moratorium. Propounding Party filed this action in violation of the County's eviction moratorium"** (Carter responses 6/2/2026 page 7, line 4)

164. **Example Fraudulent Misrepresentation #60**

Kevin Hermansen fraudulently misrepresented that:

**"He distinguishes it on the ground that its plaintiff misrepresented trial readiness at a conference six days before trial, whereas he "NEVER misrepresented to the court nor to the defendants that he was ready for trial." (Opp., ¶ 61.) That is incorrect. Plaintiff filed a Request/Counter-Request to Set Case for Trial on May 22, 2026, representing his readiness, and then admits he knew two days later that he could not proceed."** (DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFF SHING LUNG LAU PURSUANT TO CODE OF CIVIL PROCEDURE § 128.5 filed 7/27/2026 in case LASC 26PDUD00798 page 7 line 21)

This is fraudulent. Filing a Request to set case for trial merely tells the court that the case was "at issue". Telling the court the case is "at issue" is VERY FAR from telling the court the plaintiff himself is ready for trial.

This fraudulent misrepresentation is a crime of **Attorney Deceit, Criminal Conspiracy, Wire Fraud, and Racketeering,** etc. in violation of California Business and Professions Code § 6128 (Attorney Deceit), CA Penal Code § 182 (Criminal Conspiracy), 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1962, etc.; committed by the attorney defendant Kevin Hermansen.

165. **Example Fraudulent Misrepresentation 61**

Kevin Hermansen fraudulently misrepresented that:

**"He [plaintiff Shing Lung Lau] admits that he told this Court he was ready for trial, learned two days later that he was not, and said nothing for seventeen days while his opponent prepared a jury trial he had already decided to abandon. Defendant respectfully requests that the Court grant the Motion and award sanctions against Plaintiff Shing Lung Lau in the amount of $28,980.00."** (DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFF SHING LUNG LAU PURSUANT TO CODE OF CIVIL PROCEDURE § 128.5 filed 7/27/2026 in case LASC 26PDUD00798 page 8 line 4)

The plaintiff never told the court that he was ready for trial.

This fraudulent misrepresentation is a crime of **Attorney Deceit, Criminal Conspiracy, Wire Fraud, and Racketeering,** etc. in violation of California Business and Professions Code § 6128 (Attorney Deceit), CA Penal Code § 182 (Criminal Conspiracy), 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1962, etc.; committed by the attorney defendant Kevin Hermansen.

Kevin Hermansen is committing attorney deceit in violation of California Business and Professions Code § 6128 in an attempt to **unlawfully obtain $28,980** from the plaintiff Shing Lung Lau

**Wire Fraud Scheme #5**

(In California, this very case, **2:26-CV-00305-MWF-CTSx** filed by plaintiffs Shing Lung Lau, Hoi Kan Lau, Siu Fan Tsang, January 2026 to August 2026)

166. In this very case filed in federal court, in the defendants' two REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16] filed on 6/10/2026 page 9 and 10, the defendants have conspired with each other and their attorneys to manufacture **four false declarations** to provide the needed "controversy" to defeat the raised *Flatley* exception (which requires that the evidence of crime to be "uncontroverted") the plaintiffs raised in their opposition against the defendant's anti-SLAPP motions.

The defendants committed this crime in order to unlawfully and **corruptly influence** this court (in violation of 18 U.S.C. § 1503 and 18 U.S.C. § 1512, as well as 18 U.S.C. § 1343 Wire Fraud) and to unlawfully obtain an unknown sum of money from the plaintiffs when the plaintiffs lose the anti-slapp motion due to the Flatley exception being defeated by the manufactured "controversy" (**the defendants' four false declarations** stating that their did not engage in any unlawful conduct). This sum should be known to the court as it should be in the defendants' two proposed orders that accompanied their anti-slapp motions filed on 6/10/2026

167. The defendants' unlawful conducts and false declarations are in violation of the following statutes:

18 U.S.C. § 1343 **Wire Fraud**

18 U.S.C. § 1503 **Obstruction of Justice**

18 U.S.C. § 1512(c) **Obstruction of Justice**

18 U.S.C. § 1512(k) **Conspiracy to Commit Obstruction of Justice**

18 U.S.C. § 1621 Perjury in General

18 U.S.C. § 1623 Perjury in Court

18 U.S.C. § 1962 **Racketeering** Related Crimes

42 U.S.C. § 1985(2) Conspiracy to **Obstruct Justice**

42 U.S.C. § 1985(3) Depriving Persons of Rights

California Business and Professions Code § 6128 **Attorney Deceit**

California Penal Code § 118 **Perjury**

California Penal Code § 127 **Subornation of Perjury**

California Penal Code § 182 **Criminal Conspiracy**

168. **Example Fraudulent Misrepresentations #62 to #65**

The FOUR defendants' **FOUR instances** of fraudulent misrepresentations of **"I did not engage in any unlawful conduct"** (page 9 line 11 and page 10 line 11 of the two REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16] filed on 6/10/2026)

These are fraudulent misrepresentations as the attorney defendants for sure knew they committed unlawful conduct in violation of the attorney deceit statute, wire fraud statute, etc. and the tenant defendants also for sure knew they committed perjury and other crimes.

No reasonable person would think that they did not commit any crime at all throughout Wire Fraud Scheme #1 to #5 as expounded upon in this complaint.

These fraudulent misrepresentation are crimes of **Wire Fraud, Obstruction of Justice, Perjury, Racketeering, Criminal Conspiracy,** etc. in violation of 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1503 (Obstruction of Justice), 18 U.S.C. § 1512(c) (Obstruction of Justice), 18 U.S.C. § 1512(k) (Conspiracy to Commit Obstruction of Justice), 18 U.S.C. § 1621 (Perjury in General), 18 U.S.C. § 1623 (Perjury in Court), 18 U.S. Code § 1962, California Penal Code § 118 (Perjury), California Penal Code § 182 (Criminal Conspiracy), etc.; committed by the defendants Kevin Hermansen, Behnam Gharagozli, Christopher Lopez, and Cynthia Carter

Element of RICO:

**Pattern of Racketeering Activity (RICO Predicate Crimes)**

169. 18 U.S. Code § 1961 (5) states that "'pattern of racketeering activity' requires at least two acts of racketeering activity".

From 2023 to present time, Defendants have engaged in **numerous Racketeering Activities** to unlawfully obtain financial windfalls as well as because of their discriminatory animus (ill-will) towards the plaintiffs. These activities include violations of

18 U.S.C. § 1343 **Wire Fraud**

18 U.S.C. § 1503 **Obstruction of Justice**

18 U.S.C. § 1512(c) **Obstruction of Justice**

18 U.S.C. § 1512(k) **Conspiracy to Commit Obstruction of Justice**

18 U.S.C. § 1621 Perjury in General

18 U.S.C. § 1623 Perjury in Court

18 U.S.C. § 1956 Transactions of **Unlawfully Obtained Funds**

18 U.S.C. § 1957 Transactions of **Unlawfully Obtained Funds**

18 U.S.C. § 1962 **Racketeering** Related Crimes

42 U.S.C. § 1985(2) Conspiracy to **Obstruct Justice**

42 U.S.C. § 1985(3) Depriving Persons of Rights

California Business and Professions Code § 6128 **Attorney Deceit**

California Penal Code § 118 **Perjury**

California Penal Code § 127 **Subornation of Perjury**

California Penal Code § 182 **Criminal Conspiracy**

170. **These Racketeering Activities satisfies the requirement of at least two predicate acts (such as mail fraud, wire fraud, or bribery) committed within a 10-year period**

171. The defendants' criminal misconducts (RICO PREDICATE CRIMEs #1 to # 57, WIRE FRAUD SCHEME #1 to #5, and FRAUDULENT MISREPRESENTATIONS #1 to #65) continue to this day and in this very case.

172. These criminal misconducts constitute as **<u>long-term</u> criminal conduct** and **open-ended continuity**; this satisfies the continuity requirement of RICO.

173. Also, the damages to the plaintiff are still **<u>continuing</u>** to this very day as the plaintiff is still without possession of the real property (9705 Ardendale ave., Arcadia) due to the defendants' criminal conducts despite the tenant defendants not paying rent since July 2023.

Indeed, damages to the plaintiff will not end until the defendants give back possession of the property (9705 Ardendale ave) back to the plaintiffs.

As such, the defendants' crime is still **ongoing.**

173. The defendants committed **many RICO predicate crimes** that constitute as **Racketeering Activities**, such as the electronic transmission of many fraudulent misrepresentations or otherwise the use of the internet and email to facilitate the commission of attorney deceit and other crimes to advance Wire Fraud Schemes (These schemes constitute as crimes that violate 18 U.S.C. § 1957 Transactions of **Unlawfully Obtained Funds,** 18 U.S.C. § 1962 **Racketeering** Related Crimes, 42 U.S.C. § 1985(2) Conspiracy to **Obstruct Justice**, 42 U.S.C. § 1985(3) Depriving Persons of Rights, California Business and Professions Code § 6128 **Attorney Deceit**, California Penal Code § 118 **Perjury,** California Penal Code § 127 **Subornation of Perjury**, California Penal Code § 182 Criminal Conspiracy, etc.)

Some Examples of the defendants' **RICO predicate crimes** that constitute as **Racketeering Activities** are as follows:

**Wire Fraud Scheme #1**

174. **RICO PREDICATE CRIME #1 / WIRE FRAUD COUNT #1**

On or about 1/9/2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** fraudulent misrepresentations in the court document titled "OPPOSITION TO MOTION TO SET ASIDE JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES" to the **LASC docket system** to facilitate Wire Fraud Scheme #1 and the unlawful obtainment of **$46,901.97** from the elderly plaintiffs Hoi Kan Lau and Siu Fan Tsang in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

175. **RICO PREDICATE CRIME #2 / WIRE FRAUD COUNT #2**

On or about 1/9/2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** fraudulent misrepresentations in the court document titled "OPPOSITION TO MOTION TO SET ASIDE JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES" to the **plaintiff Siu Fan Tsang** to facilitate Wire Fraud Scheme #1 and the unlawful obtainment of **$46,901.97** from the elderly plaintiffs Hoi Kan Lau and Siu Fan Tsang in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

176. **RICO PREDICATE CRIME #3 / WIRE FRAUD COUNT #3**

On or about 3/30/2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** demand for $46,901.97 to escrow officer Bonnie Yang of Global First Escrow, Inc. at **bonnie@eglobalescrow.com** and to Yvonne Cun of Global Escrow at yvonne@eglobalescrow.com to facilitate the unlawful obtainment of **$46,901.97** from the elderly plaintiffs Hoi Kan Lau and Siu Fan Tsang in Wire Fraud Scheme #1 in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

177. **RICO PREDICATE CRIME #4 / WIRE FRAUD COUNT #4**

On or about 1/21/2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** the court document titled "MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST" to the **LASC docket system** to facilitate Wire Fraud Scheme #1 and the unlawful obtainment of **$46,901.97** from the elderly plaintiffs Hoi Kan Lau and Siu Fan Tsang  in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

178. **RICO PREDICATE CRIME #5 / WIRE FRAUD COUNT #5**

On or about 1/21/2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** the court document titled "MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST" to the **plaintiff Siu Fan Tsang** to facilitate Wire Fraud Scheme #1 and the unlawful obtainment of **$46,901.97** from the elderly plaintiffs Hoi Kan Lau and Siu Fan Tsang in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

179. **RICO PREDICATE CRIME #6 / WIRE FRAUD COUNT #6**

On or about 2/20/2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** the court document titled "OPPOSITION TO AMENDED MOTION TO STRIKE DEFENDANTS' MEMORANDUM OF COSTS AFTER JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES" to the **LASC docket system** to facilitate Wire Fraud Scheme #1 and the unlawful obtainment of **$46,901.97** from the

elderly plaintiffs Hoi Kan Lau and Siu Fan Tsang in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

180. **RICO PREDICATE CRIME #7 / WIRE FRAUD COUNT #7**

On or about 2/20/2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** the court document titled "OPPOSITION TO AMENDED MOTION TO STRIKE DEFENDANTS' MEMORANDUM OF COSTS AFTER JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES" to the **plaintiff Siu Fan Tsang** to facilitate Wire Fraud Scheme #1 and the unlawful obtainment of **$46,901.97** from the elderly plaintiffs Hoi Kan Lau and Siu Fan Tsang in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

181. **RICO PREDICATE CRIMEs #8, #9, #10, #11, #12 / WIRE FRAUD COUNTs #8, #9, #10, #11, #12**

On or about 2/20/2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit FIVE** emails to the **plaintiff Siu Fan Tsang** to facilitate Wire Fraud Scheme #1 and the unlawful obtainment of **$46,901.97** from the elderly plaintiffs Hoi Kan Lau and Siu Fan Tsang in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering,** etc.

182. **RICO PREDICATE CRIME #13 / WIRE FRAUD COUNT #13**

On or about 3/21/2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** the court document titled "MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST" to the **LASC docket system** to facilitate Wire Fraud Scheme #1 and the

unlawful obtainment of **$46,901.97** from the elderly plaintiffs Hoi Kan Lau and Siu Fan Tsang in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

183. **RICO PREDICATE CRIME #14 / WIRE FRAUD COUNT #14**

On or about 3/21/2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** the court document titled "MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST" to the **plaintiff Siu Fan Tsang** to facilitate Wire Fraud Scheme #1 and the unlawful obtainment of **$46,901.97** from the elderly plaintiffs Hoi Kan Lau and Siu Fan Tsang in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

**Wire Fraud Scheme #2**

184. **RICO PREDICATE CRIME #15 / WIRE FRAUD COUNT #15**

On or about 7/8/2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** the court document titled "ANSWER TO PLAINTIFF'S COMPLAINT" to the **LASC docket system** to facilitate **Wire Fraud Scheme #2** and the unlawful obtainment of **$32,385** from the elderly plaintiff Hoi Kan Lau in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

185. **RICO PREDICATE CRIME #16 / WIRE FRAUD COUNT #16**

On or about 7/8/2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** the court document titled "ANSWER TO PLAINTIFF'S COMPLAINT" to **CA Property Law**

**Group (info@capropertylawgroup.com)** to facilitate Wire Fraud Scheme #2 and the unlawful obtainment of **$32,385** from the elderly plaintiff Hoi Kan Lau in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

186. **RICO PREDICATE CRIME #17 / WIRE FRAUD COUNT #17**

On or about 7/11/2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** the court document titled "FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT" to the **LASC docket system** to facilitate Wire Fraud Scheme #2 and the unlawful obtainment of **$32,385** from the elderly plaintiff Hoi Kan Lau in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

The document itself is filled with many fraudulent misrepresentations, see Wire Fraud Scheme #2.

187. **RICO PREDICATE CRIME #18 / WIRE FRAUD COUNT #18**

On or about 7/11/2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** the court document titled "FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT" to **CA Property Law Group** (info@capropertylawgroup.com) to facilitate Wire Fraud Scheme #2 and the unlawful obtainment of **$32,385** from the elderly plaintiff Hoi Kan Lau in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

The document itself is filled with many fraudulent misrepresentations

188. **RICO PREDICATE CRIME #19 / WIRE FRAUD COUNT #19**

On or about 8/23/2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** the court document titled "MEMORANDUM OF COSTS (SUMMARY)" to the **LASC docket**

**system** to facilitate Wire Fraud Scheme #2 and the unlawful obtainment of **$32,385** from the elderly plaintiff Hoi Kan Lau in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

189. **RICO PREDICATE CRIME #20 / WIRE FRAUD COUNT #20**

On or about 8/23/2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** the court document titled "MEMORANDUM OF COSTS (SUMMARY)" to **CA Property Law Group** (info@capropertylawgroup.com) to facilitate Wire Fraud Scheme #2 and the unlawful obtainment of **$32,385** from the elderly plaintiff Hoi Kan Lau in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

190. **RICO PREDICATE CRIME #21 / WIRE FRAUD COUNT #21**

From about May 2024 to October 2024, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** various **other documents** (and emails) to **CA Property Law Group** (info@capropertylawgroup.com) and the LASC docket system to facilitate Wire Fraud Scheme #2 and the unlawful obtainment of **$32,385** from the elderly plaintiff Hoi Kan Lau in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

**Wire Fraud Scheme #3**

191. **RICO PREDICATE CRIME #22 / WIRE FRAUD COUNT #22**

On or about 2/20/2025, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** various fraudulent misrepresentations and perjuries in the court document titled "ANSWER TO PLAINTIFF'S COMPLAINT" to the **LASC docket system** to facilitate Wire Fraud

Scheme #3 in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

192. **RICO PREDICATE CRIME #23 / WIRE FRAUD COUNT #23**

On or about 2/20/2025, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** various fraudulent misrepresentations and perjuries in the court document titled"ANSWER TO PLAINTIFF'S COMPLAINT" to Kelvin J. Lo (kelvin@lolollp.com) and to Brendan T. Molloy (brendan@lolollp.com) to facilitate Wire Fraud Scheme #3 in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

193. **RICO PREDICATE CRIME #24 / WIRE FRAUD COUNT #24**

From about November 2024 to February 2026, in California, Defendants Kevin Hermansen and Behnam Gharagozli caused the internet to be used to to **electronically transmit** as of yet unknown number of emails and or other documents to Kelvin J. Lo (kelvin@lolollp.com), Brendan T. Molloy (brendan@lolollp.com) and the LASC docket system to facilitate Wire Fraud Scheme #3 in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

**Wire Fraud Scheme #4**

194. **RICO PREDICATE CRIME #25 / WIRE FRAUD COUNT #25**

On or about 3/27/2026, in California, Defendant Kevin Hermansen caused the internet to be used to to **electronically transmit** the court document titled "NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES" to the **LASC docket system** to facilitate Wire Fraud Scheme #4 in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

195. **RICO PREDICATE CRIME #26 / WIRE FRAUD COUNT #26**

On or about 3/27/2026, in California, Defendant Kevin Hermansen caused the internet to be used to to **electronically transmit** the court document titled "NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES" to the **plaintiff** Shing Lung Lau to facilitate Wire Fraud Scheme #4 in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

196. **RICO PREDICATE CRIME #27 / WIRE FRAUD COUNT #27**

On or about 5/15/2026, in California, Defendant Kevin Hermansen caused the internet to be used to to **electronically transmit** the court document titled "ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT" to the **LASC docket system** to facilitate Wire Fraud Scheme #4 in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

This document was filled with numerous fraudulent misrepresentations and perjuries.

197. **RICO PREDICATE CRIME #28 / WIRE FRAUD COUNT #28**

On or about 5/15/2026, in California, Defendant Kevin Hermansen caused the internet to be used to to **electronically transmit** the court document titled "ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT" to the **plaintiff** Shing Lung Lau to facilitate Wire Fraud Scheme #4 in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

This document was filled with numerous fraudulent misrepresentations and perjuries.

198. **RICO PREDICATE CRIME #29 / WIRE FRAUD COUNT #29**

On or about 6/2/2026, in California, Defendant Kevin Hermansen caused the internet to be used to to **electronically transmit** two discovery responses filled with fraudulent misrepresentations and perjuries to the **plaintiff** Shing Lung Lau to facilitate Wire Fraud Scheme #4 in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

These documents were filled with numerous fraudulent misrepresentations and perjuries.

199. **RICO PREDICATE CRIME #30, 31 / WIRE FRAUD COUNT #30, 31**

On or about **7/13/2026**, in California, Defendant Kevin Hermansen ca caused the internet to be used to to be used to **electronically transmit** the court document titled "NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST PLAINTIFF SHING LUNG LAU PURSUANT TO CODE OF CIVIL PROCEDURE § 128.5" to the LASC docket system as well as to the **plaintiff** Shing Lung Lau to facilitate **Wire Fraud Scheme #4** in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

This document is at the heart of Kevin Hermansen's WIRE FRAUD SCHEME #4 to try to defraud the plaintiff Shing Lung Lau of **$28,980** by fraudulently misrepresenting to the court that Shing Lung Lau acted in bad faith and lied to the LASC court that Shing Lung Lau was personally ready for trial before dismissal of the case on 8/10/2026. The plaintiff Shing Lung Lau never told the LASC court that he was personally ready for trial, merely that the case was "at issue".

The plaintiff Shing Lung Lau had to dismiss the UD case to have time to work on the Motion for Leave to File SAC in this case.

200. **RICO PREDICATE CRIME #32, 33 / WIRE FRAUD COUNT #32, 33**

On or about **7/27/2026**, in California, Defendant Kevin Hermansen ca caused the internet to be used to to be used to **electronically transmit** the court document titled "DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFF SHING LUNG LAU PURSUANT TO CODE OF CIVIL PROCEDURE § 128.5" to the LASC docket system as well as to the **plaintiff** Shing Lung Lau to facilitate **Wire Fraud Scheme #4** in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

This document is at the heart of Kevin Hermansen's WIRE FRAUD SCHEME #4 to try to defraud the plaintiff Shing Lung Lau of **$28,980** by fraudulently misrepresenting to the court that Shing Lung Lau acted in bad faith and lied to the LASC court that Shing Lung Lau was personally ready for trial before dismissal of the case on 8/10/2026. The plaintiff Shing Lung Lau never told the LASC court that he was personally ready for trial, merely that the case was "at issue".

The plaintiff Shing Lung Lau had to dismiss the UD case to have time to work on the Motion for Leave to File SAC in this case.

201. A reasonable person would agree that Kevin Hermansen tried to execute a fraudulent scheme to deprive the plaintiff Shing Lung Lay of **$28,980**

**Wire Fraud Scheme #5**

202. **RICO PREDICATE CRIME #34, 35 / WIRE FRAUD COUNT #34, 35**

On or about 6/10/2026, in California, Defendants **Behnam Gharagozli** and **Kevin Hermansen** (in conspiracy with all the other defendants and with attorneys Mark Kleiman, Thomas Harvey, and Ramsey Judah) participated in the unlawful plan to make fraudulent misrepresentations and false declarations and then to **electronically transmit** them in the court document titled "REPLY IN SUPPORT OF DEFENDANTS' SPECIAL

MOTION TO STRIKE FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT" filed by Mark Kleiman on 6/10/2026

to **The United States District Court for the Central District of California docket system**

and to all of the plaintiffs

to facilitate **Wire Fraud Scheme #5** in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

This document contain perjured statements and false declarations made by the defendants (pages 9, 10) as part of Wire Fraud Scheme #5 to defraud the plaintiffs of a great sum of money as stated in the defendant's proposed orders that accompanied their TWO anti-SLAPP motions titled "NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE (ANTI-SLAPP MOTION) AS TO PLAINTIFFS' FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]" filed on 5/26/26

203. **RICO PREDICATE CRIME #36, 37 / WIRE FRAUD COUNT #36, 37**

On or about 6/10/2026, in California, Defendants **Christopher Lopez** and **Cynthia Carter** (in conspiracy with all the other defendants and with his attorneys Mark Kleiman and Thomas Harvey) participated in the unlawful plan to make fraudulent misrepresentations and false declarations and then to **electronically transmit** them in the court document titled "REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT" filed by Ramsey Judah on 6/10/2026

to **The United States District Court for the Central District of California docket system**

and to all of the plaintiffs

to facilitate **Wire Fraud Scheme #5** in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

This document contain perjured statements and false declarations made by the defendants (pages 9, 10) as part of Wire Fraud Scheme #5 to defraud the plaintiffs of a great sum of money as stated in the defendant's proposed orders that accompanied their TWO anti-SLAPP motions titled "NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE (ANTI-SLAPP MOTION) AS TO PLAINTIFFS' FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]" filed on 5/26/26

204. **RICO PREDICATE CRIME #38 / CRIMINAL OBSTRUCTION OF JUSTICE (in violation of 18 U.S.C. § 1503) COUNT # 1**

On or about 6/10/2026, in California, Defendant **Behnam Gharagozli** (in **conspiracy** with all the other defendants and with attorneys Mark Kleiman, Thomas Harvey, and Ramsey Judah) participated in the unlawful plan to make fraudulent misrepresentation and false declaration and then to **electronically transmit** them in the court document titled "REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT" filed by Mark Kleiman on 6/10/2026

to **The United States District Court for the Central District of California docket system**

and to all of the plaintiffs

to facilitate **Wire Fraud Scheme #5** in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

This document contain perjured statements and false declarations made by the defendants (pages 9, 10) as part of Wire Fraud Scheme #5 to defraud the plaintiffs of a great sum of **money as stated in the defendant's proposed orders** that accompanied their TWO anti-SLAPP motions titled "NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE (ANTI-SLAPP MOTION) AS TO PLAINTIFFS' FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]" filed on 5/26/26

This constitutes as "corruptly" "endeavors to influence" "officer **in or of** any court of the United States" and is in violation of 18 U.S.C. § 1503**.**

205. **RICO PREDICATE CRIME #39 / CRIMINAL OBSTRUCTION OF JUSTICE (in violation of 18 U.S.C. § 1503) COUNT # 2**

On or about 6/10/2026, in California, Defendant **Kevin Hermansen** (in **conspiracy** with all the other defendants and with attorneys Mark Kleiman, Thomas Harvey, and Ramsey Judah) participated in the unlawful plan to make fraudulent misrepresentation and false declaration and then to **electronically transmit** them in the court document titled "REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT" filed by Mark Kleiman on 6/10/2026

to **The United States District Court for the Central District of California docket system**

and to all of the plaintiffs

to facilitate **Wire Fraud Scheme #5** in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

This document contain perjured statements and false declarations made by the defendants (pages 9, 10) as part of Wire Fraud Scheme #5 to defraud the plaintiffs of a great sum of **money as stated in the defendant's proposed orders** that accompanied their TWO anti-SLAPP motions titled "NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE (ANTI-SLAPP MOTION) AS TO PLAINTIFFS' FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]" filed on 5/26/26

This constitutes as "corruptly" "endeavors to influence" "officer in or of any court of the United States" and is in violation of 18 U.S.C. § 1503**.**

206. **RICO PREDICATE CRIME #40 / CRIMINAL OBSTRUCTION OF JUSTICE (in violation of 18 U.S.C. § 1503) COUNT # 3**

On or about 6/10/2026, in California, Defendant **Cynthia Carter** (in **conspiracy** with all the other defendants and with attorneys Mark Kleiman, Thomas Harvey, and Ramsey Judah) participated in the unlawful plan to make fraudulent misrepresentation and false declaration and then to **electronically transmit** them in the court document titled "REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT" filed by Ramsey Judah on 6/10/2026

to **The United States District Court for the Central District of California docket system**

and to all of the plaintiffs

to facilitate **Wire Fraud Scheme #5** in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

This document contain perjured statements and false declarations made by the defendants (pages 9, 10) as part of Wire Fraud Scheme #5 to defraud the plaintiffs of a great sum of **money as stated in the defendant's proposed orders** that accompanied their TWO anti-SLAPP motions titled "NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE (ANTI-SLAPP MOTION) AS TO PLAINTIFFS' FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]" filed on 5/26/26

This constitutes as "corruptly" "endeavors to influence" "officer in or of any court of the United States" and is in violation of 18 U.S.C. § 1503.

207. **RICO PREDICATE CRIME #41 / CRIMINAL OBSTRUCTION OF JUSTICE (in violation of 18 U.S.C. § 1503) COUNT # 4**

On or about 6/10/2026, in California, Defendant **Christopher Lopez** (in **conspiracy** with all the other defendants and with attorneys Mark Kleiman, Thomas Harvey, and Ramsey Judah) participated in the unlawful plan to make fraudulent

misrepresentation and false declaration and then to **electronically transmit** them in the court document titled "REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT" filed by Ramsey Judah on 6/10/2026

to **The United States District Court for the Central District of California docket system**

and to all of the plaintiffs

to facilitate **Wire Fraud Scheme #5** in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

This document contain perjured statements and false declarations made by the defendants (pages 9, 10) as part of Wire Fraud Scheme #5 to defraud the plaintiffs of a great sum of **money as stated in the defendant's proposed orders** that accompanied their TWO anti-SLAPP motions titled "NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE (ANTI-SLAPP MOTION) AS TO PLAINTIFFS' FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]" filed on 5/26/26

This constitutes as "corruptly" "endeavors to influence" "officer in or of any court of the United States" and is in violation of 18 U.S.C. § 1503.

208. **RICO PREDICATE CRIMEs #42 to #45 / CRIMINAL OBSTRUCTION OF JUSTICE (in violation of 18 U.S.C. § 1512(c)(2)) COUNT # 1 to #4**

On or about 6/10/2026, in California, the **FOUR** defendants (in **conspiracy** with all the other defendants and with attorneys Mark Kleiman, Thomas Harvey, and Ramsey Judah) participated in the unlawful plan to make fraudulent misrepresentation and false declaration and then to **electronically transmit** them in the court document titled "REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT" filed by Ramsey Judah on 6/10/2026

to **The United States District Court for the Central District of California docket system**

and to all of the plaintiffs

to facilitate **Wire Fraud Scheme #5** in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

This document contain perjured statements and false declarations made by the defendants (pages 9, 10) as part of Wire Fraud Scheme #5 to defraud the plaintiffs of a great sum of **money as stated in the defendant's proposed orders** that accompanied their TWO anti-SLAPP motions titled "NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE (ANTI-SLAPP MOTION) AS TO PLAINTIFFS' FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]" filed on 5/26/26

This constitutes as "corruptly" "obstructs, influences, or impedes any official proceeding" and are four counts of violations of **18 U.S.C. § 1512(c)(2)**; one count for each of the defendants.

209. **RICO PREDICATE CRIMEs #46 to #49 / CRIMINAL CONSPIRACY TO COMMIT OBSTRUCTION OF JUSTICE (in violation of 18 U.S.C. § 1512(k)) COUNT # 1 to #4**

On or about 6/10/2026, in California, the **FOUR** defendants (in **conspiracy** with all the other defendants and with attorneys Mark Kleiman, Thomas Harvey, and Ramsey Judah) participated in the unlawful plan to make fraudulent misrepresentation and false declaration and then to **electronically transmit** them in the court document titled "REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]; DECLARATIONS IN SUPPORT" filed by Ramsey Judah on 6/10/2026

to **The United States District Court for the Central District of California docket system**

and to all of the plaintiffs

to facilitate **Wire Fraud Scheme #5** in violation of 18 U.S.C. § 1343 **Wire Fraud**, 18 U.S.C. § 1962 **Racketeering**, etc.

This document contain perjured statements and false declarations made by the defendants (pages 9, 10) as part of Wire Fraud Scheme #5 to defraud the plaintiffs of a great sum of **money as stated in the defendant's proposed orders** that accompanied their TWO anti-SLAPP motions titled "NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE (ANTI-SLAPP MOTION) AS TO PLAINTIFFS' FIRST AMENDED COMPLAINT [Cal. Code of Civ. Proc. § 425.16]" filed on 5/26/26

This constitutes as four counts of criminal conspiracy to commit obstruction of justice in violation of 18 U.S. Code § 1512(k); one count for each of the defendants.

Unlawful monetary transactions in Wire Fraud Scheme #1 and #2

210. **RICO PREDICATE CRIMEs #50 to #51 / CRIMINAL TRANSACTIONS OF UNLAWFULLY OBTAINED FUNDS (in violation of 18 U.S.C. § 1957) COUNT #1 to #2**

On or about 4/11/2024, in California, defendants **Kevin Hermansen** and **Behnam Gharagozli** obtained funds of **$46,901** from the elderly plaintiffs by successful execution of Wire Fraud Scheme #1.

**Crimes** (violations of California Business and Professions Code § 6128 Attorney Deceit, California Penal Code § 182 Criminal Conspiracy, etc.) **that included FEDERAL WIRE FRAUD were committed** by the attorney defendants to obtain these funds, making these funds "property derived from specified unlawful activity" and the attorney defendants' receipt and subsequent monetary transactions of these funds of "property derived from specified unlawful activity" multiple counts of violation of 18 U.S. Code § 1957.

There is **AT LEAST** one count of violation of 18 U.S. Code § 1957 for each of the two attorney defendants.

211. **RICO PREDICATE CRIMEs #52 to #53 / CRIMINAL TRANSACTIONS OF UNLAWFULLY OBTAINED FUNDS (in violation of 18 U.S.C. § 1957) COUNT #3 to #4**

From August 2024 to October 2024, in California, defendants **Kevin Hermansen** and **Behnam Gharagozli** obtained funds of **$32,385** from the elderly plaintiff Hoi Kan Lau by successful execution of Wire Fraud Scheme #2.

**Crimes** (violations of California Business and Professions Code § 6128 Attorney Deceit, California Penal Code § 182 Criminal Conspiracy, etc.) **that included FEDERAL WIRE FRAUD were committed** by the attorney defendants to obtain these funds, making these funds "property derived from specified unlawful activity" and the attorney defendants' receipt and subsequent monetary transactions of these funds of "property derived from specified unlawful activity" multiple counts of violation of 18 U.S. Code § 1957.

There is **AT LEAST** one count of violation of 18 U.S. Code § 1957 for each of the two attorney defendants.

212. **RICO PREDICATE CRIMEs #54 to #55 / CRIMINAL TRANSACTIONS OF UNLAWFULLY OBTAINED FUNDS (in violation of 18 U.S.C. § 1956) COUNT #1 to #2**

On or about 4/11/2024, in California, defendants **Kevin Hermansen** and **Behnam Gharagozli** obtained funds of **$46,901** from the elderly plaintiffs by successful execution of Wire Fraud Scheme #1.

**Crimes** (violations of California Business and Professions Code § 6128 Attorney Deceit, California Penal Code § 182 Criminal Conspiracy, etc.) **that included FEDERAL WIRE FRAUD were committed** by the attorney defendants to obtain these funds, making these funds "property derived from specified unlawful activity" and the attorney defendants' receipt and subsequent monetary transactions of these funds constituted as violations of 18 U.S. Code § 1956

There is **AT LEAST** one count of violation of 18 U.S. Code § 1956 for each of the two attorney defendants. The exact count would be known upon financial investigations of all the transactions of the unlawfully obtained funds.

213. **RICO PREDICATE CRIMEs #56 to #57 / CRIMINAL TRANSACTIONS OF UNLAWFULLY OBTAINED FUNDS (in violation of 18 U.S.C. § 1956) COUNT #3 to #4**

From August 2024 to October 2024, in California, defendants **Kevin Hermansen** and **Behnam Gharagozli** obtained funds of **$32,385** from the elderly plaintiff Hoi Kan Lau by successful execution of Wire Fraud Scheme #2.

**Crimes** (violations of California Business and Professions Code § 6128 Attorney Deceit, California Penal Code § 182 Criminal Conspiracy, etc.) **that included FEDERAL WIRE FRAUD were committed** by the attorney defendants to obtain these funds, making these funds "property derived from specified unlawful activity" and the attorney defendants' receipt and subsequent monetary transactions of these funds constituted as violations of 18 U.S. Code § 1956

There is **AT LEAST** one count of violation of 18 U.S. Code § 1956 for each of the two attorney defendants. The exact count would be known upon financial investigations of all the transactions of the unlawfully obtained funds.

Element of RICO

**Intent**

214. The fact that the defendants Behnam Gharagozli and Kevin Hermansen demanded for and **GOT** the money (~$195,691) from the plaintiffs from their various wire fraud schemes is Bona Fide proof of their Intent.

215. The money that they unlawfully obtained is proof of intent.

**VII. Elements of 42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3)**

**Obstruction of Justice, Deprivation of the Equal Protection of the Laws**

216. The 42 U.S.C. § 1985 statute states that:

"for the purpose of **impeding**, hindering, **obstructing**, or defeating, **in any manner**, the **due course of justice in any State** or Territory, with intent to **deny to any citizen the equal protection of the laws,** or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws" (42 U.S.C. § 1985(2))

"for the purpose of **depriving**, either directly or indirectly, **any person** or class of persons of **the equal protection of the laws,**" (42 U.S.C. § 1985(3))

which means that it is unlawful to:

impede or obstruct or deprive, in any manner, the due cause of justice, with intent to deny to any citizen the equal protection of the laws

217. As evidenced by **Wire Fraud Schemes #1 to #5**, the numerous counts of **RICO PREDICATE CRIMES** (#1 to #57) and **Fraudulent Misrepresentations** (#1 to #65) included in this complaint.

The defendants did **in fact Obstructed Justice** and did in fact **conspired** to and in fact did **deprived** the plaintiffs of **the Equal Protection of the Laws** in violation of **42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3):**

218. Any reasonable person would agree that the crimes the defendants committed (especially the crimes Kevin Hermansen committed on 8/1/24 in court) **deprived** the plaintiffs' civil rights to due process, fair trial, and equal treatment, etc.

219. Take the attorney deceits Kevin Hermansen committed in **Wire Fraud Scheme #2 (fraudulent misrepresentations #4 to #9)** for example. Wherein the defendant Kevin Hermansen, on August 1, 2024, recklessly and fraudulently accused the plaintiff Hoi Kan Lau's interpreter, Nathan Huang of intent to change witness testimony in order to eliminate Nathan Huang to **deprive the plaintiff Hoi Kan Lau of competent interpreting services BEFORE proceeding to materially lie** in court (fraudulent misrepresentations #4 to #9) confident that the elderly plaintiff would not know what was happening due to the elderly plaintiff's **ADVANCED AGE** and **POOR ENGLISH LANGUAGE SKILLS.**

220. **Kevin Hermansen MADE SURE** that the elderly plaintiff Hoi Kan Lau was not even aware of Kevin Hermansen's fraudulent misrepresentations and could not defend himself in court at all. That means there was **no due process** and **fair trial** as a result of the defendant Kevin Hermansen's fraudulent scheme.

221. It is clear that justice was obstructed.

222. Any reasonable person would agree that the elderly plaintiff's **constitutional** rights to **due process, equal protection**, and **fair trial** were **deprived**

223. The defendants accomplished the above primarily by undue influence of the courts (state actor) with fraudulent misrepresentations that violated state and federal laws. As such, there is a state actor.

Element of 42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3)

**Conspiracy**

224. As evidenced by **Wire Fraud Schemes #1 to #5**, the numerous counts of **RICO PREDICATE CRIMES #1 to #57** and **Example Fraudulent Misrepresentations #1 to #65** expounded upon in this complaint.

The defendants Kevin Hermansen and Behnam Gharagozli (the duo attorneys who represented the defendants Cynthia Carter and Christopher Lopez in three different UD actions from 2023 to 2025) did **in fact conspired** with each other and with the defendants Cynthia Carter and Christopher Lopez in violation of **42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3):**

225. The fact that the defendants Kevin Hermansen and Behnam Gharagozli were co-counsels in Three Count Cases (LASC case 23PDUD01863, 24PDUD01782, 24PDUD04392) and then they **SHARED** the **money unlawfully obtained from the plaintiffs** is BONA FIDE **evidence** of the existence of a **conspiracy** between them.

226. The fact that all of the defendants PROFITED or GAINED **something** from the crimes committed against the plaintiffs is also evidence of the existence of the conspiracy.

227. The perjuries (and other crimes, such as the false declaration in this very case) committed required the active participation of the defendants Christopher Lopez and Cynthia Carter. A reasonable jury would find that the defendants had an **agreement** that is **a meeting of the minds** between them to commit crimes in violation of 42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3)

228. The FOUR FRAUDULENT DECLARATIONS expounded upon in Wire Fraud Scheme #5, Fraudulent Misrepresentations #60 to #63, RICO Predicate Crimes #30 to #57 are also evidence of the existence of a conspiracy between the defendants.

229. All four false declarations are practically the same.

230. Due to the above, a reasonable person would find that the defendants had an **agreement** that is **a meeting of the minds** between them to commit crimes in violation of 42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3)

231. A reasonable jury would find, by **clear and convincing evidence (Wire Fraud Schemes #1 to #5, RICO Predicate Crimes #1 to #57** and **Fraudulent Misrepresentations #1 to #65** and associated evidences) that the defendants had **conspired** to **obstruct justice** and deny/deprive the plaintiffs of the **equal protection of**

**the laws** and injured the plaintiffs in violation of **42 U.S.C. § 1985(2)** as well as **42 U.S.C. § 1985(3)**

232. The defendants accomplished the above primarily by unduly influence of the courts (state actor) with fraudulent misrepresentations that violated state and federal laws. As such, there is a state actor.

Element of 42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3)

**Class-based Discrimination Animus (ill-will)**

233. The word animus is very hard to understand as that is a word that is rarely used in everyday language.

234. The definition of **Animus** is **ill-will.**

**Ill-will** is much easier to grasp. As such, ill-will shall be used interchangeably as animus in this complaint.

235. As evidenced by the tenant defendants' refusal to pay any rent at all since July 2023 (**even though they can afford to pay and it would be so much much less trouble for them to just pay the rent and not have to deal with years of lawsuits**) and all the **crimes** (WIRE FRAUD SCHEMES #1 to #5, RICO PREDICATE CRIMES #1 to #57, FRAUDULENT MISREPRESENTATIONS #1 to #65) the defendants have **committed** against the ELDERLY, ASIAN MINORITY plaintiffs Siu Fan Tsang and Hoi Kan Lau (with LIMITED ENGLISH PROFICIENCY).

The defendants bear a lot of **ill-will** (animus) towards the elderly, minority plaintiffs with limited English proficiency.

236. Any reasonable can see that the **defendants went to a lot of trouble** just to inflict suffering upon the plaintiffs.

Any other person in the defendants' place, if without hatred and ill-will, **would not** have committed all those crimes at great risk and trouble to themselves.

237. Any reasonable person can see that the defendants' various criminal conduct over a period of over 3 years is NOT NORMAL and can only be explained by deep seated hatred and **ill-will** towards the plaintiffs. As such, there is evidence of discriminatory animus (ill-will).

238. A reasonable juror would find that the defendants had **a lot of ill-will** towards the elderly, minority plaintiffs with limited English proficiency and ill-will toward all of the plaintiffs because of the plaintiffs' race.

239. Discrimination based on race, age, limited English proficiency (national origin) are all Class-based discriminations.

240. Discrimination based on language skills is National Origin Discrimination and also race-based discrimination because language skills is **DEEPLY** tied to national origin and race and cannot be separated from national origin and race.

241. Discrimination based on race is Class-based discrimination

242. Discrimination based on national origin is Class-based discrimination

243. These discriminations are proven to exist by the actions of the defendants in committing a itinerary of crimes (WIRE FRAUD SCHEMES #1 to #5, RICO PREDICATE CRIMES #1 to #57, FRAUDULENT MISREPRESENTATIONS #1 to #65) against the ELDERLY, ASIAN MINORITY plaintiffs Siu Fan Tsang and Hoi Kan Lau, with LIMITED ENGLISH PROFICIENCY.

244. Take the attorney deceits Kevin Hermansen committed in **Wire Fraud Scheme #2 (fraudulent misrepresentations #4 to #9)** for example. Wherein the defendant Kevin Hermansen, on August 1, 2024, recklessly and fraudulently accused the plaintiff Hoi Kan Lau's interpreter, Nathan Huang of intent to change witness testimony in order to eliminate Nathan Huang to **deprive the plaintiff Hoi Kan Lau of competent interpreting services BEFORE proceeding to materially lie** in court (fraudulent misrepresentations #4 to #9) confident that the elderly plaintiff would not know what was

happening due to the elderly plaintiff's **ADVANCED AGE** and **POOR ENGLISH LANGUAGE SKILLS.**

245. The above example is **CLEARLY** DISCRIMINATION **BASED** on the plaintiff Hoi Kan Lau's **ADVANCED AGE** and **POOR ENGLISH LANGUAGE SKILLS.**

246. Discrimination based on age is Class-based discrimination

247. Discrimination based on language skills is National Origin Discrimination and also race-based discrimination because language skills is **DEEPLY** tied and intertwined to national origin and race and cannot be separated from national origin and race.

248. Federal Courts have ruled many times that discrimination based on language (accent, lack of language proficiency, etc.) is class-based discrimination based on national origin and or race. *Mendez v. Westminster* (1946), *Lau v. Nichols* (1974), etc.

249. Discrimination based on race is Class-based discrimination

250. Discrimination based on national origin is Class-based discrimination

251. Another example is the fake video (titled "20240809 Tried to Pay Rent.mp4" ) Cynthia Carter made that she had intended to use as fraudulent evidence in LASC case # 24PDUD04392 to prove that that she (Cynthia Carter) had attempted to pay rent to the plaintiff Siu Fan Tsang but the elderly plaintiff would not accept rent payment.

252. In the video, Cynthia Carter did NOT offer any payment at all to the plaintiff.

253. It was clear that the defendant Cynthia Carter wanted to use that video as evidence that the elderly plaintiff did NOT accept rent payment **SOLELY** because the elderly plaintiff Siu Fan Tsang did not understand English.

254.. Cynthia Carter clearly knew the elderly minority plaintiff Siu Fan Tsang **lacked English language proficiency** before she hatched that fraudulent scheme to

manufacture fake evidence and **fraudulently accused the elderly plaintiff of refusing to accept offered rent payment.**

255. The plaintiff Siu Fan Tsang's attorney at the time, Brendan Molloy, who handled discovery in LASC case 24PDUD04392, can attest that Cynthia Carter et al. did have such a **fraudulent scheme PLANNED based** on the elderly plaintiff Siu Fan Tsang' lack of English proficiency.

256. It is clear that the defendants **BORE** class-based discrimination ill-will (animus) towards the elderly plaintiffs because they did in fact **ACTED** on their **class-based discriminations** and some of their crimes hinge on the elderly plaintiffs' lack of English language proficiency (national origin discrimination)

257. It is clear that the defendants bears class-based discrimination ill-will (animus) towards the elderly plaintiffs because they **ACTUALLY PROFITED** on their **class-based discriminations**.

258. It is also clear that the defendants (especially Kevin Hermansen) will most likely similarly discriminate against **OTHER** people who also have advanced age and limited English proficiency; and as such practice **FURTHER class-based discrimination** based on age, race, lack of English proficiency, and national origin.

Any reasonable person would agree that Kevin Hermansen would not hesitate to again take advantage of and discriminate against other people based on their lack of English proficiency

For example, **no person** would **trust** Kevin Hermansen not to take advantage of and to discriminate against an elderly Hispanic old man that lacks English proficiency.

259. A reasonable juror would most definitely agree that there has been **Class-based Discrimination Ill-Will (animus) towards** the plaintiffs, either based on race, age, lack of English proficiency, national origin, etc.

260. It is plain to see that the defendants have expanded GREAT EFFORTS and have had to deal with years of lawsuits just to make the plaintiffs suffered.

A reasonable jury would find that the defendants committed all the crimes and damages against the plaintiffs **not** just out of financial gain, but of ill-will and hatred against the plaintiffs (who are of Asian immigrant descent).

For why else would the tenants defendants refuse to pay 1 single cent of rent since July 2023 even when they can afford to do so and then have no legal trouble?

Why else would the defendants risk committing crimes again and again?

What is their endgame?

**A reasonable explanation is that it is the defendants' goal is to make the plaintiffs SUFFER** because the defendants have a deep seated hatred and <u>**ill-will**</u> (animus) towards the plaintiffs' due to the plaintiff's race.

261. **Any reasonable person would agree that there is ill-will and hatred from the defendants towards the plaintiffs.**

No reasonable person would do all the evil things that the defendants have done, if there is no hatred and ill-will (discriminatory animus)

## VIII. Damages

### Liability, Proximity, Intervening Causes, and Foreseeability

262. All of the economic and non-economic damages the plaintiffs suffered were direct and FORESEEABLE results of the defendants wrongful misconducts.

263. The LASC court is not a intervening cause as the attorney defendants committing crimes to win judgments from the state court are NOT unforeseeable events.

264. Whether there were intervening causes or not is IRRELEVANT, all resultant damages to the plaintiffs were FORESEEABLE by the defendants, and as such, the defendants remain liable.

265. Any intervening causes, if they are any, were entirely foreseeable as a result of the defendants' crimes (proximate causes), as such, it **does NOT break the chain of causation** and the defendants remain liable for the **proximate causes (the defendants' crimes)** of the harm to the plaintiffs. As such, **there is proximate causation**.

266. A reasonable jury would find that the harms the plaintiffs suffered were all a DIRECT result of the defendants' malicious and or criminal actions.

### Economic Harm

267. The plaintiffs have suffered a lot of economic harms that would not have occurred were it not for the crimes the defendants have committed.

Any reasonable person would agree that it is right and just that the defendants must compensate the plaintiff for the harm they have caused with their criminal misconducts.

The plaintiffs have suffered the following economic harms:

268. **$46,901.97** plaintiffs paid to the defendants Behnam Gharagozli and Kevin Hermansen on or about April 11, 2024 in the State of California.

269. **$4,437.54** plaintiffs paid to the defendants Behnam Gharagozli and Kevin Hermansen on or about August 27, 2024 in the State of California.

270. **$26,148** plaintiffs paid to the defendants Behnam Gharagozli and Kevin Hermansen on or about October 4, 2024 in the State of California.

271. **$1,800** plaintiffs paid to the defendants Behnam Gharagozli and Kevin Hermansen on or about October 21, 2024 in the State of California. (**Exhibit # 17**)

272. **$102,332.16** plaintiffs paid to the defendants Behnam Gharagozli and Kevin Hermansen on or about February 17, 2026 in the State of California. **(Exhibit # 38)**

273. **$14,073** plaintiffs paid to the defendants Behnam Gharagozli and Kevin Hermansen on or about February 27, 2026 in the State of California.

274. **$123,182.39** legal services provided by Lo & Lo as of 2/3/2026 (need to be updated)

275. **$100,000**; Loss of income from the delay of the building of the 4 bedroom 2 bathroom detached ADU with attached garage at 9705 Ardendale ave., Arcadia, with the delay from August 2024 and onward. If the defendants had not committed their fraudulent actions (Especially those on August 1, 2024), the plaintiff would not have suffered a delay of building of the ADU. Loss of income is estimated to be **$4,000** a month. The delay suffered is currently at **25 months** (from beginning of **August 2024** to August 2026) and the cost of this delay is estimated to be **$100,000**

276. **$100,000**; Loss of income from being able to rent out the property 9705 Ardendale ave. the tenant defendants have been occupying for without paying rent since July 2023 to SOMEONE ELSE other than the tenant defendants. The loss of income for the 25 months (from beginning of **August 2024** to August 2026) is estimated to be 25 months x $4,000 = $100,000

277. **$30,573.40**; loss of Monetary Judgment in case LASC 24PDUD01782 on August 1st, 2024. Were it not for the defendants' fraudulent misrepresentations and

schemes to defraud, the plaintiff would have gotten a monetary judgment for unpaid rent for January 2024 to July 2024 on August 1st, 2024, in the amount of $20,525.40 ($2932.20 x 7 months) as well as for the plaintiff's attorney's fee in the amount of $10,048 paid to Kenny Lim, as well as for other costs.

278. **$2,208.84** Costs paid to Kevin Hermansen on 8/12/2026 in case 26PDUD00798

279. **$1,290** Costs in case 26PDUD00798

280. **$2,621** Process server fees to serve various documents onto the defendants

281. $ as of yet unknown. Future legal fees and costs and losses in attempts to recover possession of 9705 Ardendale ave, from the tenant defendants.

282. $ as of yet unknown. Potential LOSS of money right here in this federal RICO action due to defendants' possible winning of anti-SLAPP motions.

283. $ as of yet unknown other losses

284. **$4911.15** Loss of property tax discount in 2024

285. **$8650.04** Loss of property tax discount in 2025

286. **$297,141** Loss of property tax discount for 60 years = ~$4,952.36 yearly loss x 60 years = $297,141

287. **$380,000** to **$400,000** Loss of market value of property 9705 Ardendale ave. Arcadia. due to Kevin Hermansen's crimes on 8/1/2024.

This loss in value **ALREADY HAPPENED**.

After so much loss, the plaintiffs seem to have no choice but to cut loss and to sell the property 9705 Ardendale ave. Arcadia as the plaintiffs' attorneys have adviced.

Few people would want to buy a house already occupied by tenants **who have not pay any rent at all for 37 months.** It signifies **A LOT OF TROUBLE.**

**That is a FACT.**

If **NOT** for Kevin Hermansen et al.'s **CRIMES**, especially the ones that prevented recovery of 9705 Ardendale on August 1, 2024.

9705 Ardendale ave. Arcadia would **NOT** be now still be occupied by tenants who have **not pay any rent at all for 37 months** (defendants Christopher Lopez and Cynthia Carter)

This FACT **drastically lowered the property value of the plaintiff's property.**

The plaintiff could have sold 9705 Ardendale ave. Arcadia for **at least $1,230,000**.

The property 9656 Ardendale ave., Arcadia (across the street from 9705 Ardendale ave.) was recently sold for **$1,230,000** on May 29, 2026.

9705 Ardendale ave., Arcadia could probably be sold for **more than $1,230,000** as 9705 Ardendale ave. Arcadia has what looks like is a bigger backyard and thus can build a bigger ADU.

As it stands now, because of Kevin Hermansen et al.'s **CRIMES**, the best offer that the plaintiffs could get is only **$850,000**

This means that there is a **loss of $380,000 to $400,000 in value <u>due</u>** to Kevin Hermansen et al.'s **CRIMES** that prevented the plaintiffs from recovering possession of the property.

**Take Note** that this Loss of Value has **<u>ALREADY happened</u>**. Regardless of whether the plaintiffs eventually go through with the sale or not. The plaintiff Shing Lung Lau is especially loath to lose **MORE MONEY ($380,000)** because of the defendants.

The defendants Christopher Lopez and Cynthia Carter has already stayed in possession of the property for 37 months without paying rent. In all likelihood they can stay there indefinitely. This Loss of Value ($380,000 to $400,000) has **ALREADY happened and will <u>only INCREASE</u> the longer** the defendants stay in possession.

Remember that 9705 Ardendale ave. was supposed to be **entirely** the plaintiff Shing Lung Lau's due to the property swap agreement between the elderly plaintiffs and plaintiff Shing Lung Lau

288. **$1,246,270** The total of the above listed economic harm to the plaintiffs as of **August 2026.** This total will increase as the economic harm caused to the plaintiffs by the defendants are ongoing.

**Non-Economic Harms**

289. **42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3) should allow for recovery of non-economic damages**

Specifically allowed for in **42 U.S.C. § 1985(3),** the party injured by the defendants' violation of **42 U.S.C. § 1985(2)** or **42 U.S.C. § 1985(3)** may recover damages in a civil action. Unlike a Civil RICO claim, the type of damages was left unspecified. As such, all economic and non-economic damages the plaintiffs suffered as a result is recoverable in the causes of action based on **42 U.S.C. § 1985(2) and or 42 U.S.C. § 1985(3)**

The plaintiffs have suffered the following Non-economic harms:

290. **Bodily Harm**

Bodily Harm - Cognitive Decline due to emotional distress.

From 2023 to 2026, due to the fraudulent actions of the defendants, the plaintiff Siu Fan Tsang suffered a great deal of emotional distress, so much stress that this has lead to depression and severe cognitive decline for the plaintiff, leading to issues with memory, focus, learning, and decision-making.

The plaintiffs have no way to valuing this bodily harm as of yet.

291. **Emotional Distress Damages**

A reasonable jury would find that the various crimes (**Wire Fraud Schemes #1 to #5**, **RICO Predicate Crimes #1 to #57** and **Fraudulent Misrepresentations #1 to #65**) the defendants have committed against the elderly plaintiffs were especially **malicious, egregious, and oppressive** and that the defendants had inflicted **Egregious emotional distress** upon the two elderly plaintiffs as well as the other plaintiff.

292. Any reasonable person would agree that Lying in court to deprive an elderly man of interpreter (Wire Fraud Scheme # 2) is plainly **malicious, egregious, and oppressive**

293. Any reasonable person would agree that Eliminating a witness from the court and then changing the witness's testimony and then lying about the plaintiff never visiting where his son lives (Wire Fraud Scheme # 2) is plainly **malicious, egregious, and oppressive.**

294. Any reasonable person would agree that All of the defendants' wrongful conducts over a period of **MORE THAN TWO YEARS** are plainly **malicious, egregious, and oppressive.**

295. Because of the defendants' wrong doings, the plaintiffs were deprived of the possession of their own property for more than 2.5 years, as well as loss of a lot of money, the plaintiffs has spend years trying to recover the possession of their own property. The tenant defendants have NOT paid rent since July 2023. This **injustice** caused the plaintiffs severe emotional distress for more than 3 years.

296. The various wrong doings committed by the defendants have caused the plaintiffs much emotional distress for more than 3 years. This emotional distress caused the plaintiffs to suffer hundreds of nights of being unable to sleep and many dozens of instances of suicidal thoughts and nervous breakdown.

297. As of **TODAY**, the defendants are still not paying any rent, the **plaintiffs'** suffering is still on going and will still go on if the plaintiffs do not prevail in this lawsuit seeking **justice**.

298. The economic harm the defendants inflicted upon the plaintiffs (HUGE amounts of money) also contribute to further financial distresses and losses for the plaintiff, which in turn cause even more emotional distresses for the plaintiffs.

299. The plaintiff Siu Fan Tsang suffered numerous **nervous breakdowns**, including once on January 22nd, 2024 when she had to be escorted out of the courthouse for crying and making a scene outside the court room.

300. Witnessing Siu Fan Tsang's many breakdowns throughout 2003 to 2005, the plaintiff Shing Lung Lau, being a close family member and interpreter for Siu Fan Tsang, also suffered emotional distress as a consequences of the defendants' wrong doings.

301. As of August 2026. The plaintiffs have suffered more than **37 months** of immeasurable emotional distress; numerous sleepless nights, suicidal thoughts and actions.

302. For all of the above reasons, it is **PROPER** for the plaintiffs to claim Emotional Distress Damages in this action.

303. **Method of Valuating Emotional Distress**

A common method of valuating emotional distress is to use an emotional distress multiplier on the compensatory damage figure to get a emotional distress damage figure.

An **emotional distress multiplier** is a common method used to calculate non-economic damages (like pain and suffering) by multiplying total compensatory damage by a factor (typically **1.5 to 5** or more) reflecting the severity of the emotional suffering, with higher multipliers for more severe, long-lasting trauma. Commonly a multiplier of 1.5 to 2 for mild distress, a multiplier of 2 to 3 for moderate distress, and a multiple of 4 to 5 for severe distress,

304. The plaintiffs suffered **SEVERE** trauma due to the defendant's fraudulent schemes, the plaintiffs have had severe emotional distress suicidal thoughts over a period of more than 27 months. As such, the pain and suffering the plaintiffs suffered is SEVERE and the emotional distress multiplier should be **the maximum of 5.**

305. **The defendants have inflicted Hitler level of evil upon the plaintiffs.**

306. The economic harm suffered by the plaintiffs from 2023 to August 2026 was previously calculated in the previous subsection titled **Economic Harm** as **$1,246,270**

Using the emotional distress multiplier of **5**, the **emotional distress damage** the defendants inflicted upon the plaintiffs is thus estimated to be **$6.23 million dollars**

307. All of the above meant that the defendants caused **$6.23 million dollars** worth amount of **emotional distress** upon the two elderly plaintiffs (and other plaintiff)

## Relief Requested

308. **Attorney's Fee**

All the causes of action allow the plaintiff to be compensated for any and all attorney's fees that may be expanded by the plaintiffs in this case, past, present, or future.

Even though the plaintiffs cannot afford to hire an attorney for now, the plaintiffs may still need to hire one in the future.

309. **Compensation for Economic Harm**

The plaintiff hereby requests Treble Compensation for Economic Harm pursuant to 18 U.S. Code § 1964(c)

In the amount of **$3.738 million dollars** ($1,236,270 Economic Harm x 3)

310. The plaintiff hereby requests Prejudgment interest for loss of use of money paid to the defendants or otherwise expanded because of the defendants; to be calculated later, is also requested as compensatory relief

311. **Compensation for Non-economic Harm (under 42 U.S.C. § 1985)**

The plaintiffs hereby requests Compensation for **Bodily Harm** in the amount of ... unknown as of yet, to be updated.

312. The plaintiff hereby requests Compensation for **Emotional Distress** in the amount of **$6.23 million dollars**

313. **Total Compensatory Damages**

Total Compensatory Damages requested is **$9.97 million dollars** ($3.738 million dollars economic harm compensation under RICO + $6.23 million dollars non-economic harm compensation under 42 U.S.C. § 1985(2) or 42 U.S.C. § 1985(3) )

or in the alternative **$7.47 million dollars** ($1,246,270 economic harm compensation + $6.23 million dollars non-economic harm compensation under 42 U.S.C. § 1985(2) or 42 U.S.C. § 1985(3)

314. **Punitive Damages**

The plaintiff hereby also requests punitive damages.

The court and jury may award punitive damages if the defendant's conduct was **malicious**, **oppressive** or in reckless disregard of the plaintiff's rights.

Given the facts that the defendants committed various frauds and other crimes and violated the plaintiffs' civil rights and caused severe emotional distress to the plaintiffs over a period of **many years** against the plaintiffs, the defendants were obviously **malicious, oppressive** or in **reckless** disregard of the plaintiff's rights.

As such, the plaintiffs ask that the court and jury award **punitive damages** to the plaintiffs.

315. The U.S. Supreme Court guidance suggests single-digit ratios **usually meet** constitutional standards, which means that up to **9 times** the amount of total compensatory damages is allowed.

316. Any reasonable person would agree that the defendants' conducts are especially **malicious and egregious.** Punitive Damages should be assessed at a relatively **HIGH LEVEL.**

317. The punitive damage multiplier should be at least **SIX to SEVEN** times the compensatory damages of $9.97 million. There is no way the plaintiff can even collect 0.1% of that amount, but it serves as a warning and Deterrence as is intended.

318. The punitive damage should be **SIX** times the Compensatory Damages of **$9.79 million dollars** (compensatory damage), which is **$58.74 million.**

319. As such, the court and jury should assess the defendants of **$58.74 million** in punitive damages **purely as a warning for other would be criminals.**

## Other Relief

320. **Voiding the Contract or in the Alternative**
**Voiding the Attorney's Fee Provision in the Contract**

To prevent further harm to the plaintiffs due the defendants' further abuse of the attorney's fee provision in the lease agreement by committing crimes to win cases and then making the plaintiffs pay attorney's fees to the defendants, the court should VOID the current lease agreement (or at least the attorney's fee provision) the defendants currently holds over the plaintiffs.

As recently as 8/24/26, the tenant defendant tried to maliciously cause trouble for the plaintiffs by demanding that the Air Conditioning system at 9705 Ardendale be tested extensively (Freon levels, CFM speeds, etc.) even though the system was keeping the

interiors at 80 degrees despite the outside temperature being 105 degrees during a record breaking heat wave (this is a 25 degrees difference when most AC systems can only achieve a temperate difference of 15 to 20 degrees) and even though a technician has already checked the AC system TWICE and found that the AC is "ICE COLD" and is one of the BEST Air Conditioning system he has seen.

The tenant defendants have also repeatedly refused to allow the plaintiff Shing Lung Lau to go onto the premises for routine inspection and repairs such as testing of smoke detectors

The tenant defendants constantly do things like this so that they can then **fraudulent testify** that the premises is **UNLIVABLE** and then win any eviction lawsuit against them.

The **only remedy** against these criminal conducts is the **voiding** of the lease agreement (or at least the attorney's fee provision), otherwise the plaintiff will lose more money in any action to evict the tenant defendants who have not paid rent since July 2023 when the defendants commit **MORE attorney deceit and other crimes in future ud actions.**

321. **Voiding of the defendants' transactions defendants took to hide/shield/transfer assets**

From 2023 to 2026, the plaintiff Shing Lung Lau had on various occasions made it clear to the defendants that the defendants were committing crimes such as wire fraud and that they would be sued in a court of law by the plaintiffs.

322. In all likelihood, from 2023 to 2026, most if not all of the defendants have taken steps to shield their assets (such as stocks, cash, bank accounts, real estate, trusts, etc.) from collection. As recently as December of 2025, the attorney defendants asked to be paid in cash instead of receiving a wire. This shows that the defendants absolutely were shielding their assets.

323. The plaintiffs ask that the court order that all defendants as well as all relevant institutions and related persons help **VOID** all of the transactions that the defendants took from 2023 to 2026 and onward that were and would be the moving around and hiding of assets and funds for the purpose of avoiding paying money to the plaintiffs. As allowed for under the **Uniform Voidable Transactions Act (UVTA).**

324. The plaintiffs hereby requests Any and all further relief as the Court and Jury deem just, fair, and proper.

325. These such further relief may include the reporting of the defendants' criminal conducts to the State Bar, the LA County DA office, the DOJ, etc. appropriate agencies.

326. These such further relief include sanctions for the attorneys (Mark Kleiman, Thomas Harvey, Ramsey Judah) involved in Wire Fraud Scheme #5

Most respectfully,

DATE: August 27, 2026

Shing Lung Lau, plaintiff in pro se

DATE: August 27, 2026

Hoi Kan Lau, plaintiff in pro se

DATE: August 27, 2026

Siu Fan Tsang, plaintiff in pro se

**REQUEST FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury.

Most respectfully,

DATE: August 27, 2026

Shing Lung Lau, plaintiff in pro se

DATE: August 27, 2026

Hoi Kan Lau, plaintiff in pro se

DATE: August 27, 2026

Siu Fan Tsang, plaintiff in pro se

**PROOF OF SERVICE**

I am over the age of 18.

I am a resident of or employed in the county where the mailing occurred; my residence address is : 6726 Salter ave., Arcadia, CA 91007

On 8/28/2026, I emailed the foregoing document(s) described as:

SECOND AMENDED COMPLAINT

Onto the following person(s):
Mark Kleiman, attorney for Kevin Hermansen and his law office and Ben Gharagozli and his law office, mark@krlaw.us
Thomas Harvey, tbh1910@gmail.com
Ramsey Judah, attorney for Christopher Lopez and Cynthia Carter, ramsey@judahlawgroup.com

[X] By Electronic Transmission
I emailed the defendants the documents.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Respectfully,

Date: August 28, 2026

Signature
Shing Lung Lau